UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE PAPST LICENSING GMBH & CO.
KG LITIGATION

This Document Relates To:
ALL CASES

Misc. Action No. 07-493 (RMC);
MDL Docket No. 1880

**FIRST PRACTICE & PROCEDURE ORDER**

This order shall, unless superseded by subsequent orders, govern the practice and procedure in all actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its order of November 5, 2007, as well as any related or "tag-along" actions originally filed in this Court or transferred or removed to this Court. As of this date, those actions are:

No. 06-cv-1751, *Casio Inc. v. Papst Licensing GMBH & Co. KG*;

No. 07-cv-1118, *Fujifilm Corp. v. Papst Licensing GMBH & Co. KG*;

No. 07-cv-1222, *Matsushita Elec. Indus. Co., Ltd. v. Papst Licensing GMBH & Co. KG*;

No. 07-cv-2086, *Papst Licensing GMBH & Co. KG v. Olympus Corp.*;

No. 07-cv-2087, *Papst Licensing GMBH & Co. KG v. Fujifilm Corp.*;

No. 07-cv-2088, *Papst Licensing GMBH & Co. KG v. Samsung Techwin Co.*

It is hereby **ORDERED** that

1. All such actions (hereinafter "these actions") -- including actions filed, transferred,

or removed subsequent to the issuance of this Order -- shall be consolidated for pretrial purposes. Any party that objects to such consolidation or to any other provision of this order must raise that objection at the Initial Scheduling Conference (to be set by the Court) or, if the case is consolidated herewith following that conference, such party must raise the objection by a motion for relief from this order within ten (10) days of either counsel's first appearance herein or the entry of a consolidation order in such case, whichever is earlier.

2. The Clerk of the Court shall maintain a Master Docket and electronic case file under the caption "In re Papst Licensing GMBH & Co. KG Litigation" and the case number 07-mc-493 (RMC). All pleadings, motions, or other papers relating to these actions *shall be filed in the Master Docket only*, unless otherwise directed by the Court. Every such pleading, motion, or paper shall bear the following caption:

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE PAPST LICENSING GMBH & CO. KG LITIGATION**<br><br>**This Document Relates To:** | **Misc. Action No. 07-493 (RMC)**<br>**MDL Docket No. 1880** |

When the document being filed pertains to all cases, the phrase "**ALL CASES**" shall appear immediately below the phrase "This Document Relates To." When the document pertains to fewer than all cases, the document shall list each case to which the document relates on a separate line

below the phrase "This Document Relates To"; the cases shall be designated by party name and the civil case number assigned by the Clerk of *this Court* (e.g., "Casio, No. 06-cv-1751"). From this date forward all pleadings shall be filed *only* in the Master Docket, Misc. Case No. 07-493. The parties are advised <u>not</u> to elect to "spread text" when filing on ECF, as this will result in repetitive docketing and emails.

       3. All papers shall be filed by electronic means, via the Case Management/Electronic Case Filing system ("CM/ECF"), as required by (and subject to the exceptions contained in) Local Civil Rule 5.4. Counsel who are not already registered for CM/ECF access shall promptly obtain a CM/ECF password from the Clerk of the Court, per the requirements of Local Civil Rule 5.4(b). As provided by Local Civil Rule 5.4(d), electronic filing of any document operates to effect service of the document on all parties whose counsel have obtained CM/ECF passwords. Counsel who have not yet obtained CM/ECF passwords must serve and be served as otherwise provided in Rule 5(b) of the Federal Rules of Civil Procedure.

       4. ***No more than one attorney for each party*** may enter an appearance on the Master Docket. If more than one attorney for a party currently is designated on the Master Docket as an "attorney to be noticed," that party shall provide the Clerk of the Court with the name of one counsel to be the attorney of record, and the Clerk shall remove all other listed attorneys for that party from the Master Docket.

       5. Any paper filed herein that is substantially identical to any other paper filed herein shall be sufficient if it incorporates by reference the paper to which it is substantially identical. Where counsel for more than one party plan to file substantially identical papers, they shall, if practicable, join in the submission of such papers and shall file only one paper on behalf of all parties

so joined.

6. All motions heretofore filed and docketed in any of the individual actions shall be administratively terminated, without prejudice to refiling, if appropriate, in the Master Docket.

7. Defendants shall file a Notice of Related Case in the Master Docket whenever a case is filed in this Court that defendants believe should be consolidated into this action, unless the action already has been assigned to the undersigned judge.

8. The terms of this order shall not have the effect of making any person, corporation, or entity a party to any action in which he, she, or it has not been named, served, or added as such, in accordance with the Federal Rules of Civil Procedure.

9. The obligation to answer or otherwise respond to the initial complaints filed in these actions shall remain stayed pending the Initial Scheduling Conference and further order of the Court.

10. All discovery proceedings in these actions are stayed until further order of the Court, and the time requirements to perform any acts or file any papers pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure are tolled until such time as a discovery schedule is established by order of the Court. The only member case where discovery had begun is *Casio Inc. v. Papst Licensing GMBH & Co. KG,* No. 06-cv-1751. Thus, pursuant to a November 20, 2007 Order, the parties in that case (No. 06-cv-1751) are required to meet and confer and to file a joint status report no later than December 10, 2007, with respect to the status of discovery and the extent to which the parties still require the Court to consider motions that were stayed by the Court's July 19, 2007 Order.

11. Any order previously entered by any transferor district court shall remain in full

force and effect unless expressly modified by this Court, sua sponte or upon application. The Court hereby vacates all orders referring matters in these cases to a Magistrate Judge.

  12. Counsel shall familiarize themselves with the Local Civil Rules of this Court. Except as provided herein to the contrary, the parties shall comply with all such rules. The parties are directed especially to the requirements of Local Civil Rule 5.1(b), regarding written correspondence with the Court (which shall be by motion, opposition, and reply, rather than letter); Local Civil Rule 7(m), regarding the duty of counsel to confer in advance of filing nondispositive motions (including those for enlargements of time); and Local Civil Rule 7(c), regarding the submission of proposed orders with all motions and oppositions. Inquiries concerning the status of any pending matter shall be directed to the Courtroom Deputy Clerk, Chashawn White (chashawn_white@dcd.uscourts.gov or 202/354-3176) or, if she is unavailable, to the staff person in the Clerk's Office designated as her substitute, and not to chambers. Chambers personnel will not handle questions relating to the status or scheduling of pending matters. In an emergency, however, Chambers can be reached at 202/354-3560.

  13. Hearings shall not be held on any motions, except by order of the Court upon such notice as the Court may direct.

  14. To assist the Court in identifying any problems of recusal or disqualification, counsel will submit to the Court no later than December 14, 2007, a list of all companies affiliated with the parties.

  15. The Court will be guided by the Manual for Complex Litigation 4th, approved by the Judicial Conference of the United States, and counsel are directed to familiarize themselves with that publication.

16. No parties to any of these actions shall be required to obtain local counsel in this district, and the requirements of Local Civil Rule 83.2 are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States District Court.

17. All other matters will be discussed at the Initial Scheduling Conference, which will be set by the Court.

**SO ORDERED.**

Dated: November 30, 2007

/s/<br>
ROSEMARY M. COLLYER<br>
United States District Judge