**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**IN RE PAPST LICENSING GMBH & CO.
KG LITIGATION**

_____

**This Document Relates To:**

**Casio, No. 06-cv-1751**

**Misc. Action No. 07-493 (RMC)
MDL Docket No. 1880**

**JOINT STATUS REPORT**

Papst Licensing GmbH & Co. KG ("Papst"), with Casio Inc. and Casio Computer

Co., Ltd. (collectively "Casio"), hereby provide this joint status report pursuant to the

Order of the Court, dated November 20, 2007.   The parties were unable to agree on what

the Court wanted (and did not want), and so the parties were forced to submit separate

sections, below.

**SUBMISSION BY CASIO**

The Court's November 20 Order asked two inquiries:  (1) the status of discovery

in the *Casio* case; and (2) the extent to which the parties still require the Court to consider

the motions stayed by the July 19, 2007 Order.[1]

---

[1]     Casio sincerely regrets that the parties were unable to agree on anything,
given the very simple requests from the Court.  Papst's submission and exhibits, which
add about 25 pages to this document, are argumentative and directed largely to how Papst
believes the consolidated action should proceed – an issue on which the Court did not yet
request submission and which will require input from all parties to the consolidated
proceeding.

## I.    **THE STATUS OF DISCOVERY**

Casio and Papst have each produced documents to the other, but there are requests for additional documents still at issue in the pending motions.   Both parties have served all their document requests, interrogatories, and requests for admission (the deadline for serving written discovery requests was July 1, 2007 per Judge Kessler's Scheduling Order).   Each party has provided responses and supplemental responses to first sets of interrogatories, but issues surrounding those responses remain in the pending motions. Second sets of discovery requests have been served but the case was stayed before these were answered.  No depositions have been noticed or taken.

## II.    **THE PENDING MOTIONS**

The following motions are pending:

| Date | Title | Document No. |
|---|---|---|
| 06/14/2007 | Papst's Objections to and Motion to Reconsider Portions of Magistrate Judge Robinson's May 31, 2007 Order | 43 |
| 06/21/2007 | Casio's Motion for Rule 37 Sanctions For Papst's Non-Compliance With This Court's Orders | 47 |
| 06/22/2007 | Motion of Casio Inc. and Casio Computer Co., Ltd. to Strike Papst's Discovery Requests And For Sanctions | 48 |
| 06/26/2007 | Motion of Papst For Entry of a Protective Order | 49 |
| 06/27/2007 | Papst's Motion to Compel the Production of Documents | 52 |
| 06/27/2007 | Motion of Casio Inc. and Casio Computer Co. Ltd. for a Separate Trial and a Stay of Discovery as to Damages and Willfulness | 54/55 |
| 07/10/2007 | Papst's Motion to Compel Interrogatory Answers | 63 |

**Motions 49 and 54/55**:  Casio suggests that motions 49 and 54/55 are better resolved with the input of all parties to the consolidated proceedings, and that both motions therefore should be withdrawn without prejudice to resubmission if necessary after the Scheduling Conference.

**Objections 43 and motions 47, 48, 52, and 63**:  Casio suggests that Objections 43 and motions 47 and 48 (all of which have been fully briefed) be set for early resolution, and motions 52 and 63 be addressed at a later time as they may be moot from resolution of motion 48.

Objections 43 are Papst's objections to certain sanctions imposed on Papst by Magistrate Judge Robinson.   These objections are based on facts unique to the *Casio* case, no other parties will have input, and there is nothing about the consolidated proceedings that will impact on these objections in the slightest.   Early resolution will shed light on the scope of discovery due from Papst, and thus better inform the Court and Parties for the Scheduling Conference.

Motions 47 and 48 are also unique to *Casio*, and relate to (a) the failure of Papst to abide by a discovery order of Magistrate Judge Robinson, and (b) the failure of Papst to serve discovery in good faith pursuant to Fed.R.Civ.P. 26(g).  Resolution wholly or partly in Casio's favor will partly or fully resolve motions 52 and 63, and will dictate the scope of the allegations Papst is allowed to make in the *Casio* case.   As with objections 43, resolution will better inform the Court and parties for the Scheduling Conference.

**SUBMISSION BY PAPST**

1.    PAPST'S POSITION ON HOW TO PROCEED WITH THE STAYED

MOTIONS

In order to understand Papst's position, the following explanation of these MDL

proceedings is helpful.  Although the Court issued its November 20 Order in the Casio

lawsuit, that case is one of six cases the MDL certified on November 5, 2007 for

consolidation and transfer to this Court.  Each of these six cases involves Papst's charges

of patent infringement against digital camera companies, from which Papst has sought

licenses to use its patents and which, in the absence of such licenses, Papst claims are

infringing its patents.  That commonality among the six cases served as the basis for the

MDL Panel's order consolidating discovery for each of them, as follows:

> On the basis of the papers filed and hearing session held, we find that
> these five actions involve common questions of fact, and that
> centralization under Section 1407 in the District of District of Columbia
> will serve the convenience of the parties and witnesses and promote the
> just and efficient conduct of the litigation.  The actions involve common
> factual allegations regarding digital cameras made by certain
> manufacturers, which Papst claims infringe two of its patents; the validity
> and enforceability of these patents is at issue in all five actions.
> Centralization under Section 1407 will eliminate duplicative discovery,
> prevent inconsistent pretrial rulings (particularly on claim construction
> issues), and conserve the resources of the parties, their counsel and the
> judiciary.

At the time Papst requested an MDL proceeding, discovery had not begun in five

of the six cases, and other than motions to transfer and stay, there were no motions

pending in five of the six cases; however, other motions were pending in the Casio

lawsuit.

The Casio lawsuit, a declaratory judgment action, was filed by Casio Inc. ("Casio

US") in the United States District Court for the District of Columbia on October 13,

2006.  In this lawsuit, Casio US seeks a declaration that certain patents, which Papst had asserted Casio infringed, were invalid and not infringed.  On January 3, 2007, Papst filed a counterclaim against Casio US and its parent company headquartered in Japan, Casio Computer Co., Ltd. ("Casio Japan"), asserting infringement of the same patents at issue in the complaint.  The Court held an initial scheduling conference in the Casio lawsuit and entered a scheduling order on the same date, May 14, 2007.

Shortly after Papst filed a request for an MDL proceeding, the Court entered an Order staying the Casio lawsuit, pending a ruling by the MDL Panel on Papst's request for an order granting consolidated discovery in all of the related cases.  That order stayed the following pending motions and objections in the Casio lawsuit:

| Date | Title | Document No. |
|---|---|---|
| 06/14/2007 | Papst's Objections to and Motion to Reconsider Portions of Magistrate Judge Robinson's May 31, 2007 Order | 43 |
| 06/21/2007 | Casio's Motion for Rule 37 Sanctions For Papst's Non-Compliance With This Court's Orders | 47 |
| 06/22/2007 | Motion of Casio Inc. and Casio Computer Co., Ltd. to Strike Papst's Discovery Requests And For Sanctions | 48 |
| 06/26/2007 | Motion of Papst For Entry of a Protective Order | 49 |
| 06/27/2007 | Papst's Motion to Compel the Production of Documents | 52 |
| 06/27/2007 | Motion of Casio Inc. and Casio Computer Co. Ltd. for a Separate Trial and a Stay of Discovery as to Damages and Willfulness | 54/55 |
| 07/10/2007 | Papst's Motion to Compel Interrogatory Answers | 63 |

Other than the above-noted single scheduling conference and hearing with Magistrate Judge Robinson that concerned a single limited discovery issue, no further hearings occurred in the Casio lawsuit. In addition:

(1)    No depositions were scheduled;

(2)    The Court had not issued a protective order concerning the handling of confidential information, even though one is necessary in the Casio lawsuit because the parties have requested confidential information from each other in discovery;

(3)    The Court has not issued an order concerning the production of electronic discovery by the parties to each other, even though each party has significant amounts of potentially discoverable electronic data and information; and

(4)    No dispositive motions have been filed.

As to discovery, it is important to note that, in its section on the status of discovery *supra*, Casio mischaracterizes the stage of discovery by implying that document production is complete. In fact, Casio relied on protective order technicalities to produce very few documents and almost no confidential technical documents that would advance the litigation. When Papst filed a request with the Panel on Multidistrict Litigation asking for an order setting up an MDL proceeding during which pretrial discovery for all cases would be handled in a uniform fashion, none of the parties, including Casio, objected to the multidistrict litigation being declared. The parties only contested *where* (not whether) the MDL proceedings, including consolidated discovery, would take place. Since the Panel has now ordered consolidation of pretrial discovery in all cases, Papst asserts that the best way to go forward is for the Court to:

(1)    Move forward with unified consolidated discovery in the MDL proceedings with all of the related lawsuits, as ordered by the MDL Panel, and

(2)    Hold in abeyance the pending motions, objections, and discovery orders in the Casio lawsuit and allow the parties to reinstate the motions if appropriate during the consolidated discovery in the above-captioned MDL.  Papst asserts this position because discovery in the consolidated cases will require common rulings of law and examinations of, in many instances, the same documents, witnesses, and answers to interrogatories, as well as the same inconveniences; therefore, ruling on pending matters in only one of the six consolidated cases would be premature and prejudicial to the parties and the process.  For example, one of the matters pending before the Court in the Casio lawsuit is the consideration of whether Papst should be required to produce documents that are otherwise privileged and irrelevant.  An adverse ruling on such matters would prejudice Papst, especially if made without consideration of the discovery in the other cases, which has yet to begin, because a decision in the Casio lawsuit requiring Papst to produce, for example, otherwise privileged documents in that case would likely have the prejudicial consequence of compelling Papst to produce the same documents in the other five MDL cases.

Moreover, to proceed as Casio suggests will not result in uniform consolidated discovery and in fact will have the opposite effect, placing the Casio lawsuit on a different discovery track from the other five actions in the consolidated MDL proceedings.

In addition, deciding the motions in the manner that Casio wants them considered is prejudicial to Papst.  For example, Casio's suggestion that "Motions 52 and 63 be

addressed at a later time as they may be moot from resolution of Motion 48" would prejudice Papst because consideration of Casio's Motion 48 without simultaneously considering Papst's Motions 52 and 63, which concern the same subject matter and lay out Papst's position regarding the relevancy of its interrogatories and document requests, would deprive the Court of essential context. Therefore, in light of the MDL Panel's November 5 order of transfer, it is a new day, and we recommend that the Court consider these pending motions and matters within the full context of the MDL consolidated actions pending before it.

To that end, Papst recommends that the Court go forward with unified consolidated discovery in all actions as ordered by the MDL Panel, and that the Court order all the parties to these MDL proceedings to meet and confer, and to provide the Court with a proposed scheduling order on how to proceed with all of the actions in the MDL proceeding.

Papst already has started the process of having counsel for all parties meet and confer to prepare a joint proposed scheduling order. On November 29, 2007, after conferring with Casio's counsel, Papst sent a letter to all counsel of record in the above-captioned MDL ("all counsel of record") suggesting that they meet and confer with us about a draft scheduling order for the Court's consideration on how to proceed uniformly with pretrial discovery. (A copy of this letter is attached as Exhibit A.) In this letter, Papst indicated that it would send a proposed draft scheduling order to all counsel of record for their review and comment, and requested that an in-person meet and confer take place among counsel for all parties to the above-captioned MDL to reach agreement

on a draft scheduling order.  (Papst's draft of such a scheduling order is attached at

Exhibit B.)  Counsel circulated this draft to all counsel of record on December 7, 2007.

Dated: December 10, 2007

<div style="margin-left: 40%;">

Respectfully submitted,

 _/s/ Robert F. Muse_____
Robert F. Muse (Bar No. 166868)
Joshua A. Levy (Bar No. 475108)
Stein, Mitchell & Mezines, LLP
1100 Connecticut Ave., NW,
Suite 1100
Washington, D.C.  20036
(202) 737-7777

James P. White
Jerold B. Schnayer
Walter J. Kawula
WELSH & KATZ, LTD.
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606
(312) 655-1500

**Counsel for Papst Licensing GmbH & Co. KG**
 _/s/ J. Kevin Fee_____
J. Kevin Fee, Esq. (D.C. Bar No. 494016)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

Scott D. Stimpson
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, N.Y. 10601
Tel: 203-258-8412

**Attorneys for Plaintiff and Counter-Defendant**
**Casio Inc. and Counter-Defendant Casio Computer Co., Ltd.**

</div>

# EXHIBIT A

## JOINT STATUS REPORT

### *In Re Papst Licensing Digital Camera Patent Litigation*

# WELSH & KATZ, LTD.

*Attorneys at Law*

120 SOUTH RIVERSIDE PLAZA -- 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

WWW.WELSHKATZ.COM

A. SIDNEY KATZ*
RICHARD L. WOOD*
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
JAMES P. WHITE
HARTWELL P. MORSE, III
EDWARD P. GAMSON, PH.D.
KATHLEEN A. RHEINTGEN
ELLIOTT C. BANKENDORF
JOHN L. AMBROGI
JULIE A. KATZ
WALTER J. KAWULA, JR.
STEVEN E. FELDMAN
JON P. CHRISTENSEN
LEONARD FRIEDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, PH.D.
JOSEPH E. CWIK
J. ARON CARNAHAN
ERIK FLOM, PH.D.
JAMES B. RADEN
RICHARD J. GURAK
DANIEL M. GURFINKEL
MICHELE S. KATZ*
JOSEPH F. SCHMIDT
JAMES B. CONTE

BRIAN J. SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, PH.D.
SHERRY L. ROLLO
CRAIG M. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY
MYLYNDA J. MOORE
AMY L. HAMMER
GREGORY J. LEIGHTON
DENNIS C. LEE

OF COUNSEL
LAURIE A. HAYNIE
PHILIP D. SEGREST, JR.**
WALLACE L. OLIVER, PH.D.
LAURA A. LABEOTS, PH.D.

DONALD L. WELSH (1925-1998)

*ALSO ADMITTED IN DISTRICT OF
COLUMBIA
**ALSO ADMITTED IN ALABAMA

November 29, 2007

<u>VIA EMAIL</u>
(See attached Lead Counsel List)

      Re:    MDL-1880 -- In Re Papst Licensing Digital Camera Patent Litigation
              Our File No. 0757/101666

Gentlemen:

      I am writing you this letter on behalf of Papst Licensing in connection with the above-captioned Multidistrict Litigation ("MDL") proceeding which was recently declared by the Judicial Panel for Multidistrict Litigation. Now that an MDL proceeding has been declared, Papst wants to raise with all other parties to this MDL the issue of working out a proposed scheduling order governing how to proceed in the MDL proceedings. The following is a list of some of the issues that we believe need to be addressed with regard to any scheduling order:

      1.    A list of due dates concerning time for the parties to proceed with various events in the proceeding.

      2.    The specific details of a protective order governing the exchange, processing and use of confidential information of the parties.

      3.    A protocol concerning the production of electronic discovery relevant to the issues in the case.

Lead Counsel
November 29, 2007
Page 2

4.    Rules concerning the creation of depositories for documents and things that are produced in connection with the lawsuit.

5.    The handling of Tag Along parties to the MDL proceedings.

6.    Rules applying to privilege logs.

7.    Procedures for the efficient handling of depositions, especially considering the fact that there are multiple parties in the lawsuit.

8.    Rules on the location of depositions for party witnesses.

We are in the process of putting together a proposed report to the Court on these issues. We will send it to you as soon as it has been finalized. Once we have exchanged information and proposals about this subject matter, we should try to arrange for a general meet and confer to address these issues.

If you have any further thoughts or proposals on how to proceed with these issues, please send them to us as soon as possible. Our hope is that we can generate a proposal to be presented to the Court that takes into consideration the needs of all the parties to these proceedings.

I discussed the above-addressed issues with Mr. Stimpson, counsel for Casio, during a telephone conference yesterday, and he generally agreed with the desirability of all of the parties to this MDL getting together to try to draft a proposed scheduling order that concerns all cases in the MDL proceeding.

During my telephone conversation with Mr. Stimpson we also discussed the recent court order requiring counsel for Papst and Casio to file by December 10, 2007 a joint status report in the Casio case concerning currently pending motions in that action. I advised Mr. Stimpson that in our joint status report to the Court we likely will inform the Court of this letter and Papst's effort to facilitate an orderly commencement of consolidated pretrial discovery in all cases that are part of the MDL, as ordered by the Panel on Multidistrict Litigation.

Lead Counsel
November 29, 2007
Page 3

I am enclosing with this correspondence to all lead trial counsel a copy of the letter I have sent to Mr.

Stimpson concerning our telephone conference.

Thank you for your attention to these matters.

Sincerely,

**WELSH & KATZ, LTD.**

By:    Jerold B Schnayer

Jerold B. Schnayer

JBS:cs
Enclosure
cc:    Papst Licensing GmbH & Co. KG
       Robert F. Muse, Esq.

IN RE PAPST LICENSING DIGITAL CAMERA PATENT LITIGATION

## **LEAD COUNSEL**

Counsel for Matsushita
Adam K. Levin, Esq.
Hogan & Hartson LLP
555 13th Street, NW
Washington, DC 20004

| Facsimile: | 202-637-5910 |
| Email: | aklevin@hhlaw.com |
| Phone: | 202-637-6846 |

Counsel for Casio
Scott D. Stimpson, Esq.
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601

| Facsimile: | |
| Email: | stimpsonlaw@gmail.com |
| Phone: | 203-258-8412 |

Counsel for Samsung
Patrick J. Kelleher
Drinker Biddle Gardner Carton
191 North Wacker Drive, Suite 3700
Chicago, IL 60606

| Facsimile: | 312-569-3375 |
| Email: | patrick.kelleher@dbr.com |
| Phone: | 312-569-1375 |

Counsel for Fujifilm
Steven J. Routh, Esq.
Hogan & Hartson, LLP
555 13th Street, NW
Washington, DC 20004

| Facsimile: | 202-637-5910 |
| Email: | sjrouth@hhlaw.com |
| Phone: | 202-637-5600 |

Counsel for Olympus
Richard deBodo, Esq.
Hogan & Hartson, LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067

| Facsimile: | 310-785-4601 |
| Email: | rdebodo@hhlaw.com |
| Phone: | 310-785-4694 |

# EXHIBIT B

## JOINT STATUS REPORT

### *In Re Papst Licensing Digital Camera Patent Litigation*

# WELSH & KATZ, LTD.

*Attorneys at Law*

120 SOUTH RIVERSIDE PLAZA -- 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

WWW.WELSHKATZ.COM

A. SIDNEY KATZ*
RICHARD L. WOOD*
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
ROBERT B. BREISBLATT
JAMES P. WHITE
HARTWELL P. MORSE, III
EDWARD P. GAMSON, PH.D.
KATHLEEN A. RHEINTGEN
ELLIOTT C. BANKENDORF
JOHN L. AMBROGI
JULIE A. KATZ
WALTER J. KAWULA, JR.
STEVEN E. FELDMAN
JON P. CHRISTENSEN
LEONARD FRIEDMAN
JEFFREY W. SALMON
LOUISE T. WALSH ·
PAUL M. VARGO, PH.D.
JOSEPH E. CWIK
J. ARON CARNAHAN
ERIK FLOM, PH.D.
JAMES B. RADEN
RICHARD J. GURAK
DANIEL M. GURFINKEL
MICHELE S. KATZ*
JOSEPH F. SCHMIDT
JAMES B. CONTE

BRIAN J. SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, PH.D.
SHERRY L. ROLLO
CRAIG M. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY
MYLYNDA J. MOORE
AMY L. HAMMER
GREGORY J. LEIGHTON
DENNIS C. LEE
———
OF COUNSEL
LAURIE A. HAYNIE
PHILIP D. SEGREST, JR.**
WALLACE L. OLIVER, PH.D.
LAURA A. LABEOTS, PH.D.

———

DONALD L. WELSH (1925-1998)

*ALSO ADMITTED IN DISTRICT OF
COLUMBIA
**ALSO ADMITTED IN ALABAMA

December 7, 2007

**VIA EMAIL**
(See attached Lead Counsel List)

    Re:    MDL-1880 -- In Re Papst Licensing Digital Camera Patent Litigation
           Our File No. 0757/101666

Gentlemen:

I am sending you herewith a draft of [Proposed] Case management Order No. 1 for your review and comments. I would like to set up a meeting of all counsel to discuss this document and to discuss how to proceed in the MDL proceeding with consolidated discovery.

Thank you for your attention to this matter. We look forward to each of your cooperation in preparing this Order.

                    Sincerely,

                    **WELSH & KATZ, LTD.**

            By:    *Jerold B Schnayer*

                    Jerold B. Schnayer

JBS:cs
Enclosure
cc:    Papst Licensing GmbH & Co. KG
       Robert F. Muse, Esq.
       James P. White, Esq.

IN RE PAPST LICENSING DIGITAL CAMERA PATENT LITIGATION

## **LEAD COUNSEL**

Counsel for Matsushita
Adam K. Levin, Esq.
Hogan & Hartson LLP
555 13th Street, NW
Washington, DC 20004

Facsimile:   202-637-5910
Email:   aklevin@hhlaw.com
Phone:   202-637-6846

Counsel for Casio
Scott D. Stimpson, Esq.
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601

Facsimile:
Email:   stimpsonlaw@gmail.com
Phone:   203-258-8412

Counsel for Samsung
Patrick J. Kelleher
Drinker Biddle Gardner Carton
191 North Wacker Drive, Suite 3700
Chicago, IL 60606

Facsimile:   312-569-3375
Email:   patrick.kelleher@dbr.com
Phone:   312-569-1375

Counsel for Fujifilm
Steven J. Routh, Esq.
Hogan & Hartson, LLP
555 13th Street, NW
Washington, DC 20004

Facsimile:   202-637-5910
Email:   sjrouth@hhlaw.com
Phone:   202-637-5600

Counsel for Olympus
Richard deBodo, Esq.
Hogan & Hartson, LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067

Facsimile:   310-785-4601
Email:   rdebodo@hhlaw.com
Phone:   310-785-4694

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION/WORK PRODUCT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE PAPST LICENSING DIGITAL CAMERA PATENT LITIGATION | ) ) ) ) ) ) ) ) | 1:07-mc-00493-RMC<br><br>MDL Docket Number 1880<br><br>ALL CASES |

## [PROPOSED] CASE MANAGEMENT ORDER NO. 1

The Court, having considered the proposals of counsel, HEREBY ORDERS:

I.    PRE-TRIAL CONSOLIDATION

A.    This order does not constitute a determination that the actions consolidated for pre-trial purposes should be consolidated for trial. Nor does this order have the effect of making any person or entity a party to any action in which that person or entity has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure.

B.    The Clerk will maintain a master docket and case file under the style "In re Papst Licensing Digital Camera Patent Litigation," 1:07-mc-00493-RMC, MDL-1880. All orders, pleadings, motions and other documents will, when filed and docketed in the master case file, be deemed filed and docketed in each individual case to the extent applicable.

C.    All papers filed in these civil actions shall bear the short title "In re Papst Licensing Digital Camera Patent Litigation" and the identifying docket numbers, 1:07-mc-00493-RMC, MDL-1880. When papers relate to all of the actions, the MDL docket number shall be followed by the notation, "ALL CASES." If such paper relates to fewer than all of the actions, the individual docket number(s) assigned to the action(s) to which the paper relates shall

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION/WORK PRODUCT

also be listed.  The Clerk is directed to make all entries on the master docket sheet with a

notation listing the cases to which the document applies, except that a document closing a case

will also be entered on the docket sheet for the individual cases.  All documents shall be filed in

the master case file.

      D.     Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses will not be filed

with the Court except to the extent offered in connection with a motion under Rule 11, 12 or 56

or a motion seeking a ruling by the Court on a discovery dispute.

II.     NEWLY FILED OR TRANSFERRED ACTIONS

      When an action that properly belongs as a part of In re Papst Licensing Digital Camera

Patent Litigation is hereafter filed in the District of Columbia or transferred here from another

court, the Clerk of this Court shall:

1.     File a copy of this Order in the separate file for such action;

2.     Send the following memorandum to the Court and to Liaison Counsel for the
parties:

> [Title of Court and Cause and File Number assigned
> in this District].  The above entitled action was this
> day filed [or transferred from the District Court of
> _____] and has been docketed and filed as a
> part of In re Papst Licensing Digital Camera Patent
> Litigation;

3.     Make an appropriate entry on the master docket sheet;

4.     Mail to the attorneys for the plaintiffs in the newly filed or transferred case a copy
of this Order; and

5.     Upon the first appearance of any new defendant, mail to the attorneys for the
defendant in such newly filed or transferred case a copy of this Order.

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION/WORK PRODUCT

If any newly filed or transferred action is added to this pending MDL action, the parties shall meet and confer within 30 days to discuss how the newly filed or transferred action should be handled to catch up to the procedural stage of the pending MDL action.

III.    APPLICATION OF THIS ORDER TO SUBSEQUENTLY FILED CASES

This Case Management Order No. 1 shall apply to each case subsequently filed in this Court or transferred to this Court and consolidated as part of In re Papst Licensing Digital Camera Patent Litigation. A party to any such action that objects to any provision of this Order shall, within twenty (20) days after the date upon which a copy of this Order is mailed by the Clerk to counsel for such party, file an application for modification of such provision. Pending the Court's ruling on such application, the provisions of this Order shall apply.

IV.    RULES OF PROCEDURE

A.    Except as otherwise provided in this Court's prior orders, in this Order, or by further order of this Court, the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Columbia shall govern all further proceedings herein.

V.    RESPONSIBILITY OF LIAISON COUNSEL FOR PAPST AND
       NON-PAPST PARTIES

A.    THE PAPST PARTY

1.    Liaison Counsel. Ten days after the entry of this order Papst shall identify in writing to the Court and all parties its Liaison Counsel who generally shall be responsible for coordinating the activities of the Papst party during pre-trial proceedings and shall:

(a)    determine, after consultation with other Papst counsel as may be appropriate, and in briefs, oral argument or such other fashion as may be appropriate present

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION/WORK PRODUCT

personally or by a designee to the Court and opposing parties the position of the Papst party on all matters arising during the pre-trial proceedings;

      (b)    coordinate the initiation and conduct of discovery on behalf of the Papst party consistent with the requirements of Fed. R. Civ. P. 26(g), including the preparation of interrogatories and requests for production of documents and the examination of witnesses in depositions;

      (c)    delegate responsibilities for specific tasks to other counsel in a manner to assure that pre-trial preparation for the Papst party is conducted effectively, efficiently and economically;

      (d)    monitor the activities of co-counsel to assure that schedules are met and unnecessary expenditures of time and monetary expenses are avoided; and

      (e)    perform such other duties as may be incidental to proper coordination of the Papst party's pre-trial activities or authorized by further order of the Court.

      (f)    maintain and distribute to co-counsel and to the Non-Papst parties' Liaison Counsel an up-to-date service list; and

      (g)    receive and, as appropriate, distribute to co-counsel orders for the court and documents from opposing parties and counsel.

    B.    THE NON-PAPST PARTIES

    1.    Liaison Counsel.  Ten days after the entry of this order the Non-Papst parties shall identify in writing to the Court and all parties of record the Non-Papst parties' Liaison Counsel who generally shall be responsible for coordinating the activities of the Non-Papst parties during pre-trial proceedings and shall:

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION/WORK PRODUCT

(a)    determine, after consultation with other Non-Papst parties' counsel as may be appropriate, and in briefs, oral argument or such other fashion as may be appropriate present personally or by a designee to the Court and opposing parties the position of the Non-Papst parties on all matters arising during the pre-trial proceedings;

(b)    coordinate the initiation and conduct of discovery on behalf of the Non-Papst parties consistent with the requirements of Fed. R. Civ. P. 26(g), including the preparation of the Non-Papst parties' joint interrogatories, joint requests for production of document, joint examination of witnesses in depositions;

(c)    delegate responsibilities for specific tasks to other counsel in a manner to assure that pre-trial preparation for the Non-Papst parties is conducted effectively, efficiently and economically;

(d)    monitor the activities of co-counsel to assure that schedules are met and unnecessary expenditures of time and monetary expenses are avoided;

(e)    perform such other duties as may be incidental to proper coordination of the Non-Papst parties' pre-trial activities or authorized by further order of the Court;

(f)    maintain and distribute to co-counsel and to the Papst parties' Liaison Counsel an up-to-date service list; and

(g)    receive and, as appropriate, distribute to co-counsel orders for the court and documents from opposing parties and counsel.

Counsel for the Non-Papst parties who disagree with their Liaison Counsel or those acting on behalf of their Liaison Counsel or who have individual or divergent positions may present written and oral arguments, conduct examinations of deponents, and otherwise act separately on behalf of their client(s) as appropriate, provided that in doing so they do not repeat

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION/WORK PRODUCT

arguments, questions, or actions of Liaison Counsel or delay or interfere with any discovery, pre-trial or trial schedule approved or set by the Court.

C.    If agreement cannot be reached between the Non-Papst Parties on a method for periodically reimbursing attorneys for expenses incurred and paying them for services rendered as Liaison Counsel, the matter will be presented to the Court for resolution.  Liaison Counsel who anticipate seeking an award of attorneys' fees from the Court shall keep a daily record of their time spent and expenses incurred in connection with this litigation, indicating with specificity the hours and particular activity (such as "conduct deposition of A.B.").  The failure to maintain such records will be grounds for denying court-awarded attorneys' fees, as will an insufficient description of the activity (such as "research" or "review of correspondence").

D.    By the 15th day of each month, each firm that may seek an award (or approval) of a fee by the Court as Liaison Counsel shall file under seal with the Clerk a report summarizing according to each separate activity the time and expenses spent by its members or associates during the preceding month (and the ordinary billing rates of such attorneys in effect during such month) and the accumulated total of the firm's time, hourly rates and expenses to date.

Designated Counsels' attention is called to the Manual for Complex Litigation, Fourth §
10.222 (2004) and its admonitions to consult with other counsel and to work through consensus.

VI.    AMENDMENTS TO PLEADINGS

A.    The parties shall be free to amend their pleadings at any time upon appropriate motion before the Court.  Leave shall be freely given when justice so requires.

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION/WORK PRODUCT

## VII.  PROTECTIVE ORDERS

A.      On January 15, 2008, the Papst and Non-Papst parties, through their respective Liaison Counsel, shall exchange proposed Protective Orders. The Non-Papst parties shall agree on and submit only one proposed Protective Order to the Papst party.

B.      On January 22, 2008, the Papst and Non-Papst parties, through their respective Liaison Counsel, shall meet and confer to determine if an agreed Protective Order can be submitted to the Court for consideration.

C.      The Papst party shall file, on or before February 5, 2008, a motion for entry of a protective order.

D.      The Non-Papst parties, through their respective Liaison Counsel, shall file, on or before February 19, 2008, their responses to any motions for a protective order.

E.      The Papst party shall file, on or before March 4, 2008, its reply brief in support of any of its motions for protective order.

F.      In the event the Court desires to entertain an oral argument on the Papst party's motions for a protective order, the Court will notify Liaison Counsel.

## VIII.  FILINGS WITH THE COURT

A.      All submissions by N on-Papst parties to the Court, including but not limited to motions, memoranda and correspondence, shall be filed or approved for filing by Liaison Counsel in accordance with the Local Rules.   All submissions filed by the Non-Papst Parties should be filed as a joint submission of the Non-Papst parties unless otherwise permitted by this Order. Non-Papst Parties desiring to file separate submissions shall certify, under Penalty of Rule 11 of the Federal Rules of Civil Procedure, that the submission raises unique arguments that

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION/WORK PRODUCT

have not been addressed in any joint submission and have not already been ruled on by the Court.

## IX.    LOCAL RULE 16.3 AND Fed.R.Civ.P. 26(f) CONFERENCES

A.    On January 22, 2008, the Liaison Counsel for the Non-Papst parties shall have their first telephonic meet and confer conference in accordance with Local Rule 16.3 and Rule 26(f).   The Liaison Counsel shall have the authority to bind the Papst and Non-Papst parties on those issues required to be discussed in accordance with Local Rule 16.3.  Additional attorneys representing the Papst and Non-Papst parties may attend as well.  The Local Rule 16.3 meet and confer conference shall not be concluded until such time as the Liaison Counsel have agreed that all matters set forth in Local Rule 16.3(c) and the parameters for e-discovery identified *infra* in Section XIII of this Order have been adequately discussed.   No written discovery requests will be allowed to be served by any party until such time as the Liaison Counsel have agreed that the Local Rule 16.3 and Rule 26(f) conferences have been completed.

B.    In addition to Liaison Counsel, an e-discovery liaison for each party, as defined in Section XIII below, will be required to attend each meet and confer session conducted in accordance with Local Rule 16.3 and Rule 26(f).

## X.    INITIAL SCHEDULING CONFERNCE

The Initial Rule 16 Scheduling Conference is set for _____ in Judge Collyer's Courtroom.  Pursuant to Local Rule 16.3 and Fed.R.Civ.P. 26(f), counsel shall file their Joint Meet and Confer Statement no later than seven days prior to the Court's Initial Scheduling Conference and no later than 14 days following conference required by Local Rule 16.3 and Section IX of this Order. The Joint Meet and Confer Statement shall include, pursuant to Local Rule 16.3(d):

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION/WORK PRODUCT

1. A scheduling order,

2. A succinct statement of all agreements reached with respect to any of the matters set forth in Rule 16.3(c) and, where there is disagreement on such matters, a description of the positions of each party on those matters of disagreement

3. Disclosures, or arrangements for disclosures, required by Fed. R.Civ. P. 26(a)(1)-(2), and

4. A discovery plan indicating the parties views and proposals.

At or after the Initial Scheduling Conference, the Court, pursuant to Local Rule 16.4, will issue a scheduling order governing future proceedings in accordance with Fed. R.Civ. P. 16(b).

XI.    WRITTEN DISCOVERY REQUESTS AND DOCUMENT PRODUCTION

A.    After such time as the Liaison Counsel have agreed that the Local Rule 16.3 and Rule 26(f) conferences are completed, the Papst and Non-Papst parties may commence written discovery.

B.    No single party to this MDL action may be served with more than a total of ___ interrogatories, ___ document requests or ___ requests to admit.  To avoid any confusion, the Non-Papst Parties will be required to jointly serve their discovery on Papst and shall serve no more than a total of __ interrogatories, ___ document requests and ___ requests to admit on the Papst party.  The Non-Papst Parties should work together to jointly submit their joint written discovery requests to the Papst Party.  Should the Papst or Non-Papst Parties to issue additional discovery requests, leave of Court will first be required upon good cause shown.

C.    Any previous written discovery requests, responses, and motions related those discovery requests and orders issued in *Casio v. Papst Licensing*, 1:06-1751 (Judge Kessler) are

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION/WORK PRODUCT

hereby vacated, without prejudice, so that the Court can manage and supervise future *coordinated* discovery in this MDL action.

      D.    Responses and objections to written discovery requests shall be served 30 days after service of the written requests, and responsive documents shall be served within 60 days after service of the written requests.

      E.    The parties shall produce all responsive paper documents as follows. The parties shall produce all responsive hard copy documents in single-page Tagged Image File Format ("TIFF") with an accompanying Summation or Concordance load file. To the extent available, the load file shall contain for each document the beginning Bates number, the ending Bates number, a description of the source for the document. Each page of a produced document shall have a legible, unique page identifier ("Bates Number") and confidentiality legend (where applicable) on the face of the image at a location that does not obliterate, conceal, or interfere with any information from the source documents. No other legend or stamp will be placed on the document image other than the Bates Number, confidentiality legend (where applicable), and redactions. In addition, hard copies of all documents shall be made available for inspection, and further copying if requested by a party. These hard copies shall be produced as they were kept in the ordinary course of business. This shall include stapling of documents, segregating individual file folder and ordering groups of file folders and documents as they were kept in the ordinary course of business. The parties shall also provide for each group of documents to the extent known (1) the name of the person(s) and/or group(s) whose file each group of documents came from, and (2) an identification of the custodian(s) of each group of documents, all as the documents were kept in the ordinary course of business.

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION/WORK PRODUCT

F.     The parties shall produce all responsive electronic documents in single-page Tagged Image File Format ("TIFF") with an accompanying Summation or Concordance load file. To the extent available, the load file shall contain for each document the beginning Bates number, the ending Bates number, a description of the source from which the document came, a description of the computer from which the document came, the associated file name, and the associated directory path for the document. Documents that present imaging or formatting problems shall be promptly identified and the Parties shall meet and confer to attempt to resolve the problems. Each page of a produced document shall have a legible, unique page identifier ("Bates Number") and confidentiality legend (where applicable) on the face of the image at a location that does not obliterate, conceal, or interfere with any information from the source documents. No other legend or stamp will be placed on the document image other than the Bates Number, confidentiality legend (where applicable), and redactions. Each party will bear the burden and cost of any OCR post-processing. The parties agree that during the first round of exchanging documents the parties need not exchange metadata, except as referenced above. If any party should later desire to obtain additional metadata, the parties will attempt to work it out amicably. An extracted text file of electronic documents shall be made part of the load file associated with each electronic document.

G.     Each party must maintain a depository of all documents and things produced in this litigation. The depository shall be located in the United States and shall be reasonably accessible to all parties upon reasonable notice.

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION/WORK PRODUCT

XII.    DEPOSITIONS

A.    Unless agreed to by the parties or ordered by the Court, no individual shall be deposed in this pending MDL action more than one time.   Only one attorney appointed by Liaison Counsel may conduct any single deposition.

B.    Unless agreed to by the parties or ordered by the Court , all depositions of domestic and foreign party witnesses shall take place in Washington D.C.

C.    All depositions taken in this MDL action may later be used in any individual action to which the MDL action applies.

XIII.    E-DISCOVERY

This Court adopts the default standard for discovery of electronically stored information as promulgated by the United States District Court, District of Delaware, as follows:

A.    Introduction. I t is expected that parties to this case will cooperatively reach agreement on how to conduct e-discovery. In the event that such agreement has not been reached by the Fed. R. Civ. P. 16 scheduling conference, however, the following default standards **shall apply**.

B.    Discovery conference. Parties shall discuss the parameters of their anticipated e-discovery at the Fed. R. Civ. P. 26(f) conference, as well as at the Fed. R. Civ. P. 16 scheduling conference with the court, consistent with the concerns outlined below.  More specifically, prior to the Rule 26(f) conference, the parties shall exchange the following information:

- A list of the most likely custodians of relevant electronic materials, including a brief description of each person's title and responsibilities.

- A list of each relevant electronic system that has been in place at all relevant times and a general description of each system, including the nature, scope, character, organization,

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION/WORK PRODUCT

and formats employed in each system. The parties shall include other pertinent information about their electronic documents and whether those electronic documents are of limited accessibility. Electronic documents of limited accessibility may include those created or used by electronic media no longer in use, maintained in redundant electronic storage media, or for which retrieval involves substantial cost.

- The name of the individual responsible for that party's electronic document retention policies ("the retention coordinator"), as well as a general description of the party's electronic document retention policies for the systems identified above.

- The name of the individual who shall serve as that party's "e-discovery liaison."

- Provide notice of any problems reasonably anticipated to arise in connection with e-discovery.

C.    E-discovery liaison. In order to promote communication and cooperation between the parties, each party to a case shall designate a single individual through which all e-discovery requests and responses are made ("the e-discovery liaison"). Regardless of whether the e-discovery liaison is an attorney (in-house or outside counsel), a third party consultant, or an employee of the party, he or she must be:

- Familiar with the party's electronic systems and capabilities in order to explain these systems and answer relevant questions.

- Knowledgeable about the technical aspects of e-discovery, including electronic document storage, organization, and format issues.

- Prepared to participate in e-discovery dispute resolutions.

The court notes that, at all times, the attorneys of record shall be responsible for compliance with e-discovery requests. However, the e-discovery liaisons shall be responsible for

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION/WORK PRODUCT

organizing each party's e-discovery efforts to insure consistency and thoroughness and, generally, to facilitate the e-discovery process.

    D.    Timing of e-discovery. Discovery of electronic documents shall proceed in a sequenced fashion.

    - After receiving requests for document production, the parties shall search their documents, other than those identified as limited accessibility electronic documents, and produce responsive electronic documents in accordance with Fed. R. Civ. P. 26(b)(2).

    - Electronic searches of documents identified as of limited accessibility shall not be conducted until the initial electronic document search has been completed. Requests for information expected to be found in limited accessibility documents must be narrowly focused with some basis in fact supporting the request.

    - On-site inspections of electronic media under Fed. R. Civ. P. 34(b) shall not be permitted absent exceptional circumstances, where good cause and specific need have been demonstrated.

    E.    Search methodology. If the parties intend to employ an electronic search to locate relevant electronic documents, the parties shall disclose any restrictions as to scope and method which might affect their ability to conduct a complete electronic search of the electronic documents. The parties shall reach agreement as to the method of searching, and the words, terms, and phrases to be searched with the assistance of the respective e-discovery liaisons, who are charged with familiarity with the parties' respective systems. The parties also shall reach agreement as to the timing and conditions of any additional searches which may become necessary in the normal course of discovery. To minimize the expense, the parties may consider limiting the scope of the electronic search (e.g., time frames, fields, document types).

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION/WORK PRODUCT

F.    Retention.  Within the first thirty (30) days of discovery, the parties shall work towards an agreement (akin to the standard protective order) that outlines the steps each party shall take to segregate and preserve the integrity of all relevant electronic documents. In order to avoid later accusations of spoliation, a Fed. R. Civ. P. 30(b)(6) deposition of each party's retention coordinator may be appropriate.

The retention coordinators shall:

- Take steps to ensure that e-mail of identified custodians shall not be permanently deleted in the ordinary course of business, and that electronic documents maintained by the individual custodians shall not be altered.

- Provide notice as to the criteria used for spam and/or virus filtering of e-mail and attachments; e-mails and attachments filtered out by such systems shall be deemed non-responsive so long as the criteria underlying the filtering are reasonable.

Within seven (7) days of identifying the relevant document custodians, the retention coordinators shall implement the above procedures and each party's counsel shall file a statement of compliance as such with the court.

G.    Privilege.  Electronic documents that constitute or contain attorney work product or that are protected from discovery by the attorney-client privilege or any other privilege, shall be immediately returned if the documents appear on their face to have been inadvertently produced or if the producing party provides written notice of the inadvertent production.

H.    Costs.  Each party shall bear the costs of its own discovery.

XIV.  PRIVILEGE LOGS

A.    Any privileged materials created by counsel after its client was first made a party to one of the individual actions in this MDL proceeding are to be excluded from that party's

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION/WORK PRODUCT

production and need not be placed on any privilege logs produced in response to any discovery requests. Notwithstanding the foregoing, documents related to opinions of counsel that will be addressed in the Parties Joint Meet and Confer Statement shall be not be excluded from the production and shall, if appropriate, be placed on any privilege logs produced in response to any discovery requests.

B.      Privilege logs shall be provided to Liaison Counsel ___ days after the first production of documents by the producing party.

C.      Privilege challenges shall generally be conducted in accordance with the procedures set forth in *United States v. Philip Morris, Inc.*, 2001 U.S. Dist. LEXIS 12603 (D.D.C. 2001) as follows:

(1) The Papst Party, on one hand, and the joint Non-Papst Parties, on the other hand, may each seek to challenge the assertion of privilege of up to five hundred (500) documents per thirty (30) day period; provided, however, that no one party shall be required to respond to more than 250 challenges to asserted privileges within a thirty (30) day period. The Court may, in its discretion, modify the number of challenges a party can make each month, as circumstances dictate.

(2) For purposes of facilitating resolution of privilege disputes, the parties, after meeting and conferring, shall present to the Court no later than 90 days after initial privilege logs are exchanged, proposals for establishing categories into which allegedly privileged documents may be grouped for review and determination of the validity of privilege claims or exceptions thereto. Nothing in this provision shall limit any party from subsequently submitting to the Court additional suggestions for proper categorization of privilege challenges, based upon timely review of submitted privilege logs.

16

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION/WORK PRODUCT

(3) Prior to filing a motion for relief with the Court with respect to challenging an assertion of privilege, the parties shall meet and confer in good faith, in accordance with LCvR 7.1(m), with respect to the assertion of privilege.

(4) If, after the meet and confer, unresolved privilege disputes remain, the challenging parties may file a motion for relief.

D.      Challenges to Assertions of Privilege and Exceptions to Assertions of Privilege

(1) The party challenging the privilege assertion shall indicate in its memorandum to the Court the document identification number of the challenged documents, the identity of the party asserting the privilege, and the legal and factual bases on which the party believes that the document is not privileged. The party alternatively shall argue, in the event that the Court finds that the document(s) are privileged, the factual and legal bases for any exceptions to privilege that the party in good faith believes apply. The party shall include any submissions or other evidentiary showing necessary to support its arguments. If the party does not argue exceptions to privilege at this time, the party shall be deemed to have waived the arguments, unless it can show good cause for not raising the issue in the motion.

(2) The party asserting the privilege shall, in its response and accompanying memorandum, indicate the factual and legal bases that justify the assertion of the privilege. The party shall also set forth the factual and legal bases on which it argues that the exceptions claimed by the moving party are inapplicable to the assertion of privilege. The party shall include any submissions or other evidentiary material necessary to support its arguments.

E.      In Camera and Ex Parte Filings. The Court shall allow motions, oppositions, replies, supporting memoranda, affidavits and other submissions to be submitted *ex parte* and *in*

17

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION/WORK PRODUCT

*camera*, as necessary, to maintain the confidentiality of any claims of privilege. At any hearing required or authorized by the Order, the party asserting the privilege shall be provided an opportunity to present submissions and argument *ex parte* and *in camera* as necessary to protect its claims of privilege. Any *ex parte* hearings regarding privilege shall be transcribed, and the transcript shall be sealed and made available only to the Court and the party presenting such argument and submissions. Any *ex parte*, *in camera* filings and copies of transcripts of *ex parte* hearings made available to the Court shall be indexed and held under seal by the Clerk of Court. Any filing pursuant to this provision may be done without the necessity of obtaining a Court Order. Pursuant to a subsequent Order of the Court, the Court shall have access to such materials during normal business hours.

XV.    SERVICE

A.    Discovery motions and memoranda shall be served in PDF format except for any discovery documents requiring a response (*e.g.*, discovery requests) which will be served in both PDF and word format. Any large appendices will be sent by overnight delivery for next day delivery. Service will not be considered achieved until the date the complete document, including all appendices and exhibits, is actually received by Liaison Counsel for the opposing party.

XVI.    MOTIONS FOR SUMMARY JUDGMENT

A.    No motions for summary judgment shall be filed until after the completion of all expert discovery in this MDL action.

IT IS SO ORDERED this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE
ROSEMARY M. COLLYER

18