# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

**IN RE PAPST LICENSING GMBH & CO.
KG LITIGATION**

**Misc. Action No. 07-493 (RMC)**
**MDL Docket No. 1880**

**This Document Relates To:**
**ALL CASES**

## PAPST'S SUPPLEMENTAL REPLY BRIEF REGARDING
## PROTECTIVE ORDER AND DISQUALIFICATION ISSUES

Robert F. Muse
Joshua A. Levy
Kerrie C. Dent
STEIN MITCHELL & MEZINES, LLP
1100 Connecticut Ave, NW
Washington, D.C. 20036
(202) 737-7777

James P. White
Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

***Attorneys for Papst Licensing GmbH &
Co. KG***

## I.    SUMMARY

Far from meeting their extraordinarily high burden of demonstrating that Welsh & Katz, Ltd. ("Welsh & Katz") should be disqualified, Casio and the other Non-Papst Parties in this MDL proceeding have failed even to file a motion on the issue. The Non-Papst Parties claim that lawyers from Welsh & Katz should be disqualified pursuant to Rule 3.7(a), the ethics rule that prohibits a lawyer from serving as an advocate at a trial in which he is likely to be a necessary witness. The Non-Papst Parties are wrong. The witness-advocate rule set forth in Rule 3.7(a) prohibits lawyer witnesses from serving as advocates at trial, but it does not bar them from participating in discovery proceedings and other pre-trial matters. Because this MDL proceeding is a consolidation of cases for purposes of discovery, the question whether any Welsh & Katz lawyers should be barred from serving as trial counsel is irrelevant. Accordingly, this court should: (1) refuse to consider the Non-Papst Parties' suggestion that Welsh & Katz should be disqualified; (2) reject the proposal by the Non-Papst Parties that the damage issues should be bifurcated in order to avoid the disqualification issue; and (3) deny the Non-Papst Parties' request to take discovery on the disqualification issue.

The various "proposals" and "suggestions" of the Non-Papst Parties not only are misguided, but only would serve to ensure a burdensome discovery process -- precisely the result that consolidation of these cases was intended to prevent. (MDL Transfer Order) (purpose of this multi-district litigation is to "eliminate duplicative discovery, prevent inconsistent rulings . . . and conserve the resources of the parties, their counsel and the judiciary").

An appropriate protective order will set the stage for a full consideration of the merits; avoid prejudice to any parties; and obviate the needless and onerous efforts of a disqualification motion. Papst respectfully suggests that the focus of the hearing on January 31 should be to address the considerations regarding an appropriate protective order that would fairly address *all* of the parties' access to confidential information and would permit discovery to move forward. Papst's

numerous attempts to work with the Non-Papst Parties to achieve this result have been met with little response. Accordingly, Papst suggests that the Court should order the parties to meet and confer within 14 days to attempt to agree upon an appropriate protective order that addresses all of the issues relevant to this MDL proceeding. In the alternative, the Court should enter the protective order proposed by Papst because the Non-Papst Parties have failed to provide evidence that further restrictions are necessary.

## II.    ARGUMENT

### A. THE WITNESS-ADVOCATE RULE DOES NOT PREVENT LAWYERS FROM PARTICIPATING IN PRE-TRIAL DISCOVERY PROCEEDINGS.

#### 1. The Question of Disqualification is a Red Herring.

The suggestion (again, there is no motion) that Welsh & Katz should be disqualified based on the witness-advocate rule is without merit. Casio mistakenly claims, and the other Non-Papst Parties erroneously agree, that Welsh & Katz should be disqualified "because its lawyers must be witnesses in this case," in violation of Ethics Rule 3.7. (Casio Opposition at p.2) The applicable ethics rule states as follows:

> Rule 3.7 Lawyer as Witness
>
> > (a) A lawyer shall not act *as advocate at a trial* in which the lawyer is likely to be a necessary witness unless:
> > > (1) the testimony relates to an uncontested issue;
> > > (2) the testimony relates to the nature and value of legal services rendered in the case; or
> > > (3) disqualification of the lawyer would work substantial hardship on the client.

Rule 3.7(a), *D.C. Rules of Professional Conduct* (2007) (emphasis added).

This court need not reach the question of whether the Non-Papst Parties have met their extraordinarily high burden of showing that Welsh & Katz should be disqualified. For, even if a lawyer were found to be disqualified as a necessary

witness under Rule 3.7, he would be barred only from acting as an advocate at the trial. Courts in the District of Columbia and elsewhere consistently have held that Rule 3.7(a) does not operate to disqualify an attorney-witness from participation in pre-trial discovery, motions hearings, settlement conferences, and similar activities. *See Merrill Lynch Business Financial Services, Inc. v. Nudell*, 239 F. Supp. 2d 1170 (D.Colo. 2003); *Main Events Productions, LLC v. Lacy*, 220 F. Supp. 2d 353 (D.N.J. 2002); *Pyne v. Procacci Bros. Sales Corp.*, No. 96-7314, 1997 U.S. Dist. LEXIS 15672, at *3-5 (E.D. Pa. Oct. 8, 1997); *see also* D.C. Bar Opinion 228 (May 19, 1992) (Rule 3.7(a) applies only during trial stage, and a lawyer who is likely to be a witness at trial may still represent a client in pre-trial matters, including depositions, discovery, argument of motions, etc.).[1]

Given that this MDL proceeding involves only pre-trial discovery, the question whether any Welsh & Katz lawyers likely will be necessary witnesses at trial is irrelevant. Rule 3.7 does not apply, and the court should reject the Non-Papst Parties' suggestion that Welsh & Katz should be disqualified.[2]

---

[1] The American Bar Association Committee on Ethics and Professional Responsibility has cited several reasons for permitting the lawyer-witness to represent his client during the pre-trial stage: (1) the case may be settled in advance of trial so that the lawyer is not needed to testify; (2) the lawyer's testimony may be replaced with other evidence at trial; (3) the client may choose to forego the lawyer's testimony rather than lose the lawyer's services at trial; (4) there is little likelihood of prejudice to the client or the justice system since the Rules now permit the lawyer's partner to act as trial counsel; and (5) the lawyer-witness may have the most knowledge about the case, and it would be unfair to the client not to permit that lawyer to participate in pre-trial proceedings. See ABA Informal Opinion 89-1529 (10/20/89).

[2] If the court determines that Rule 3.7 is relevant, then Papst respectfully requests that the Non-Papst Parties be required to file a proper motion to disqualify. Papst is confident that the Non-Papst Parties will be unable to meet their extraordinarily high burden of showing that disqualification is warranted. Such motions are disfavored by the courts, especially when a party seeks to disqualify his opponent's lawyer by representing that the lawyer will be a necessary witness at trial. A balancing of the rights in this case tilts in favor of preserving Papst's strong interest in retaining the counsel of its choice, a firm that has served as its patent counsel for more than a decade.

4

2.    **The Requested Bifurcation is Improper**.

The Non-Papst Parties propose that the court bifurcate the issues of liability and damages in order to "avoid" the disqualification issue. (Supplemental Brief at 9-11) Because the question of disqualification need not be addressed at this pre-trial stage, there is no need for the court to consider any proposals for avoiding the issue.

The request for bifurcation should be denied, in any event, because bifurcation is inappropriate where, as here, the issues of liability and damages overlap and are so intertwined that bifurcation would result in duplicative discovery and would unnecessarily waste the time and resources of the parties, their counsel, and the judiciary. *Innovative Office Prods., Inc. v. Spaceco, Inc.*, 2006 WL 1357995 (E.D. Pa. May 15, 2006); *THK Am., Inc. v. NSK Co.*, 151 F.R.D. 625, 630 (N.D.Ill. 1993) ("if proof overlaps substantially, the parties, the witnesses, and the Court would be inconvenienced by the presentation of the same evidence several times."); *Keyes Fibre Co. v. Packaging Corp. of America*, 763 F. Supp. 374, 375-76 (N.D.Ill. 1991) (bifurcation not warranted in patent case where issues of liability and damages overlap). In this case, the evidence relating to liability and the evidence relating to damages significantly overlap. For example:

- *Evidence of the commercial success* of the Non-Papst Parties' infringing products and how much of that success can be attributed to the infringed invention are relevant both to the determination of patent validity (*see, e.g., Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17-18 (1966)) and to the determination of a reasonable royalty (*see, e.g., THK Am., Inc. v. NSK Co.*, 151 F.R.D. at 629; *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y. 1970), *modified and aff'd*, 446 F.2d 295 (2d Cir. 1971)). Because patent validity has been challenged and because damages likely will be based on a determination of a reasonable royalty, the volume of sales and profits for each of the Non-Papst Parties' accused products, and the extent to which the volume sales and profits is attributable to the patented features, are relevant to both the liability issue of "commercial success" and the damages issue of a "reasonable royalty."

- ***Evidence concerning the state of mind*** of the Non-Papst Parties is relevant both to the liability issue of infringement by inducement and to the damages issue of willfulness. One may infringe a patent by actively inducing direct infringement by a third-party. 35 U.S.C. §271(b). This is of particular significance here since many of the Non-Papst Parties are overseas companies which might not be acting directly in the United States. In *DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293 (Fed. Cir. 2006), the court decided that inducing infringement requires that the accused infringer knew or should have known that his actions would cause direct infringement by a third-party. Similarly, enhanced damages based upon willful infringement are determined by examining the state of the mind of the infringer.

Clearly, it would be inefficient to seek and present the same evidence twice. Bifurcation of liability and damages issues in this case would undermine the goals of consolidating these cases in the first place (*e.g.,* to eliminate duplicative discovery and to conserve the resources of the parties, their counsel and the judiciary). The Non-Papst Parties have not and cannot meet their burden of demonstrating that bifurcation would serve judicial economy and avoid inconvenience, *Innovative Office Prods., Inc. v. Spaceco, Inc.*, 2006 WL 1357995 (E.D.Pa. May 15, 2006), and the court should reject their proposal.[3]

### 3.    The Non-Papst Parties' Request for Discovery on the Issue of Disqualification Should Be Denied.

The Non-Papst Parties' request for discovery on the issue of disqualification also should be denied. Any purported need for such discovery is obviated by the lack of relevance of the disqualification issue to this proceeding.

---

[3] The bifurcation proposal also fails as a practical matter. If this Court were to bifurcate liability and damages issues, then at least four of the individual cases would be remanded to their original jurisdictions (D.Del.; D.N.J.; N.D.Ill. and D.D.C) after discovery on liability. Each of those four cases would proceed on separate trial and appeal schedules (which presumably could vary greatly, depending on the case loads of the various federal courts). This MDL proceeding would have to be put on hold until final decisions had been reached in all of the cases. Then, the MDL proceeding would have to reconvene to address damages issues. This burdensome scenario would defeat the purposes of this consolidated proceeding.

The Non-Papst Parties claim that in order to decide whether to file a motion to disqualify, they need to obtain from Papst "information sufficient to show the identities of all Welsh & Katz counsel who were involved in licensing negotiations."[4] (Supplemental Brief at 11)  However, even if the court were to determine that certain Welsh & Katz lawyers involved in licensing negotiations ought to be disqualified because they are likely to be necessary witnesses, those lawyers would nonetheless be permitted to participate in the instant MDL discovery proceedings.  Discovery related to disqualification is therefore unnecessary and irrelevant.

Notably absent from the Non-Papst Parties' submission to the court is any reference to the fact that, like Papst's attorneys, all of the Non-Papst Parties' attorneys participated in the negotiations with Papst.  This is significant because if (as the Non-Papst Parties assert) Papst's lawyers should be disqualified for their roles in the negotiations, then by the same logic, counsel for the other parties who participated in the negotiations also should be disqualified.

### B. THE COURT SHOULD ORDER THE PARTIES TO MEET AND CONFER TO ATTEMPT TO REACH AN AGREEMENT ON AN APPROPRIATE PROTECTIVE ORDER

Papst believes it is important to resolve the protective order issues early so that the lack of a protective order cannot be used as a basis for withholding documents in the discovery process.  Therefore, Papst respectfully requests that this Court order the parties to meet and confer within fourteen days to discuss a protective order.

---

[4] While the Non-Papst Parties argue that they need documents from Papst's negotiations in order to support a possible motion to disqualify, they fail to explain to the Court that as parties to the negotiations with Papst, each of them and their counsel has documents concerning their own negotiations with Papst.  Nonetheless, the Non-Papst Parties have not submitted a single document from these negotiations to support their claim that Papst's counsel should be disqualified.

After these cases were consolidated, Papst suggested to the Non-Papst Parties that -- in light of the MDL having been declared -- all of the parties' interests should be addressed and considered at the same time with respect to the issue of what restrictive provisions should be in the general protective order entered by this Court. The Non-Papst Parties repeatedly have rejected Papst's invitations to meet and confer:

- On December 7, 2007, Welsh & Katz wrote to counsel for the Non-Papst Parties offering to set up a meeting to discuss how best to proceed with consolidated discovery. (Exhibit A) Welsh & Katz received no response.

- On December 20, 2007, Welsh & Katz wrote to all Non-Papst Party counsel and proposed a meeting in Washington, D.C. "to try to reach an amicable resolution" on how discovery should proceed. (Exhibit B) Welsh & Katz received no response.

- On January 14, 2008, Welsh & Katz invited counsel for the Non-Papst Parties to provide input on the agenda for a conference call on January 17. (Exhibit C) Welsh & Katz received no response.

- The January 17 conference call, intended in part to be a discussion of an appropriate protective order to handle confidential information in the consolidated proceedings, was unproductive, underscoring the need for a court ordered meet and confer.

The refusal of the Non-Papst Parties to engage in conversations or meetings relating to discovery in this case is not productive. Many of the issues raised by the parties in their briefs could be worked out at a meet and confer. For example, in their papers, Casio and the other Non-Papst Parties strenuously object to Papst's proposed use of the phrase "direct involvement" in the protective order. Papst would agree to deletion of the word "direct" depending upon the wording of other restrictive provisions covering the Non-Papst Parties in the final protective order entered in these proceedings. The bottom line is that these issues should be addressed by the parties. Papst respectfully requests that the Court order the parties to meet and confer in a good faith effort to come to an agreement on an

appropriate protective order that addresses all of the issues related to this
proceeding.

**C.    IF THE COURT CONCLUDES THAT A MEETING OF THE PARTIES IS
NOT NECESSARY, THEN IT SHOULD ADOPT PAPST'S PROPOSED
ORDER**

**1.    Evidence in this Case Does not Support the Non-Papst
Parties' Position that Papst's Counsel Should Be Barred
From Access to Confidential Information**

The Non-Papst Parties' position on an appropriate prosecution bar is
unreasonable. They argue that Papst's outside counsel should be barred from
seeing the confidential information of the Non-Papst parties because Papst is a
"competitor"[5] of the Non-Papst Parties (even though Papst has never sold a single
digital camera). At the same time, none of the Non-Papst Parties have sought any
restriction on any of their co-defendant competitors beyond an overbroad
prosecution bar. Several of the Non-Papst Parties (Fujifilm Corporation, Fujifilm
U.S.A., Inc., Matsushita Electric Industrial Co., Ltd., Victor Company of Japan,
Ltd., Olympus Corp. and Olympus Imaging America) are fierce direct competitors
by virtue of selling competing digital cameras, yet they have agreed to be
represented by the same law firm, Hogan & Hartson, LLP. As such, all of these
Non-Papst Parties acknowledge that it is proper for a single law firm, with both
patent prosecutors and litigators, to have access to and review the confidential
technical and business information of direct competitors. The Non-Papst Parties
cannot have it both ways. Because the Non-Papst Parties admit that Hogan &
Hartson may have access to the confidential of information of its actual
competitors, it is only fair that Papst's counsel, Welsh & Katz, be afforded the

---

[5] Papst previously submitted its arguments explaining why it is not a "competitor" to any camera
manufacturer. (Docket # 18, 19)

same opportunity to have access to confidential information without any ordered prosecution bar.

The protective order now proposed by the Non-Papst Parties also allows "up to two regular employees of a party" to view any information designated "Confidential." (Casio Response Memo, Ex. A, p. 3, ¶ (e)) As such, two regular employees of each of the Non-Papst Parties would be able to review the confidential information of their most direct competitors. It is illogical and unfair for the Non-Papst Parties to argue on the one hand that the potential for misuse by Papst's attorneys is too high, while on the other hand agreeing that non-attorney employees of their direct competitors may look at their confidential information.[6]

Finally, the Non-Papst Parties' proposed prosecution bar should be rejected because they have failed to carry their burden of proof on this issue. *Fonville v. District of Columbia*, 230 F.R.D. 38 (D.D.C. 2005) (the burden is on the movant to establish that a protective order should be granted); *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 275 (D.D.C. 2001) (When moving for a protective order to limit discovery, the movant must establish good cause "by demonstrating the specific evidence of the harm that would result."); Fed. R. Civ. P. 26(c) (party moving for

---

[6] The Non-Papst Parties submit the declaration of Mr. Jeon of Non-Papst Party Samsung to support its claim that there is a risk associated with disclosing its technical information to Papst's lawyers. Their reliance on this affidavit is misplaced for numerous reasons. Papst had numerous meetings with Mr. Jeon and his patent counsel concerning a potential resolution of the present patent infringement controversy where numerous technical issues were discussed concerning the issue of why Samsung digital cameras infringe Papst's patents involved in these proceedings. Papst also had numerous similar meetings with representatives of all of the other Non-Papst Parties and their counsel concerning Papst's charges of infringement against those five parties. The telling aspect of Mr. Jeon's affidavit is what he does ***not*** say. Mr. Jeon does not describe what was discussed at the meetings; he makes no suggestion that he or anyone else at the meetings ever objected to Papst using any of the information discussed at these meetings during the prosecution of the related patent applications; and he does not provide any indication of what details of Samsung's digital cameras allegedly are not public. The last point is especially revealing given that Samsung disseminates non-confidential technical manuals concerning the operation of its digital cameras, which obviously can be purchased on the open market. The lack of evidence in Mr. Jeon's affidavit (and the absence of any affidavits from any of the other Non-Papst Parties relating to negotiations with Papst) suggests the Non-Papst Parties cannot meet their burden to support the restrictions they propose be placed on Papst in the protective order.

a protective order to demonstrate "good cause" for limiting the discovery sought). The Non-Papst Parties have offered none of the required "specific evidence" to show the harm that would result, nor have they articulated the required "specific facts" to support their request.  For example, the Non-Papst Parties have submitted no evidence nor offered any declaration to explain what is confidential in any single camera, how knowledge of any specific confidential camera feature could be used in prosecution, or how harm could result from the disclosure of any specific camera feature.  Instead, the Non-Papst Parties only rely on legally insufficient, speculative and conclusory statements.  These statements are inadequate to justify imposition of the protective order they seek.  *See, e.g., Alexander v. FBI*, 186 F.R.D. 71, 74 (D.D.C. 1998); *FEC v. GOPAC, Inc.*, 897 F. Supp. 615, 617 (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)).

### 2.    A Prosecution Bar is Not Necessary Because the Federal Circuit Has Condoned the Drafting of Claims that Specifically Cover Competitors' Products

The Federal Circuit has condoned the prosecution of patent applications in light of existing products:

> It should be made clear at the outset of the present discussion that there is nothing improper, illegal or inequitable in filing a patent application for the purpose of obtaining a right to exclude a known competitor's product from the market; nor is it in any manner improper to amend or insert claims intended to cover a competitor's product the applicant's attorney has learned about during the prosecution of a patent application.  Any such amendment or insertion must comply with all statutes and regulations, of course, but, if it does, its genesis in the marketplace is simply irrelevant and cannot itself evidence deceitful intent.

*Kingsdown Medical Consultants v. Hollister, Inc.*, 863 F.2d 867, 874 (Fed.Cir. 1988).

Consistent with this, many courts have held that it is proper for patent infringement cases to proceed without *any* prosecution bar.  *See, e.g., Sibia*

11

*Neurosciences, Inc. v. Cadus Pharm. Corp.*, 1997 U.S.Dist.LEXIS 24130 at 19, 26
(S.D.Cal. July 15, 1997) (refusing to include provision in protective order that
barred party's patent prosecutor and litigator from access to opposing party's
confidential information); *AFP Advanced Food Prods. LLC v. Snyder's of
Hanover Mfg., Inc.*, 2006 U.S.Dist.LEXIS 426, *7 (E.D.Pa. 2006) (refusing to
include provision in protective order "[b]arring [plaintiff's] attorneys from
prosecuting similar patents for two years following suit, without some tangible
reason or good cause other than the general threat of inadvertent misuse of
discovered materials"); *Smartsignal Corp. v. Expert Microsystems, Inc.*, 2006
U.S.Dist.LEXIS 32305, *21-22 (N.D.Ill. 2006) (barring [prosecution attorneys]
from prosecuting similar patents for two years following this suit, without some
tangible reason or good cause other than the general threat of inadvertent misuse
of discovered materials, is the exact type of overly broad and generalized fear
rejected by the Federal Circuit in *U.S. Steel* and *In re Sibia*.").

### 3.    Papst's Proposed Protective Order Is Narrowly Tailored to Serve the Interests of the Parties.

If the Court intends to rule on the issues related to the protective order
rather than ordering the parties to meet and confer, then the Court should adopt
Papst's proposed order. As set forth in more detail in Papst's earlier briefs on this
issue,[7] Papst has narrowly tailored its proposed order to protect the interests of all
the parties. For example, Papst has proposed a "Prosecution Bar Information"
category to address the concerns in this particular case. Papst's language that
specifically defines prosecution bar material eliminates definitional ambiguities
that the Non-Papst Parties may use to improperly designate confidential
documents as prosecution bar documents, preventing them from using the
"Prosecution Bar Information" designation as a litigation weapon (rather than as

---

[7] See Papst's Memorandum in Support of Motion for Entry of a Protective Order, pp. 2-3; Papst's
Reply Memorandum in Support of Its Motion for Entry of a Protective Order, pp. 4-5.

its intended use as a shield). At the same time, the designation of certain documents as "Prosecution Bar Information" permits the Non-Papst Parties to protect their confidential information. The Court should adopt this fair and practical approach to a protective order in this case.

**III.    CONCLUSION**

Papst respectfully requests that the Court deny the Non-Papst Parties' suggestion that Welsh & Katz be disqualified; deny the proposal of the Non-Papst Parties to bifurcate liability and damages in order to avoid the disqualification issue; and deny the Non-Papst Parties' request for discovery on the issue of disqualification. In addition, Papst requests that the Court order the parties to meet and confer within fourteen days to discuss a protective order that addresses all of the issues relevant to this MDL proceeding. If the parties cannot agree on an appropriate order, the Court should adopt the order proposed by Papst.

Date: January 22, 2008                                Respectfully submitted,

                                                       /s/ Robert F. Muse
                                                      Robert F. Muse
                                                      Joshua A. Levy
                                                      Kerrie C. Dent
                                                      STEIN MITCHELL & MEZINES, LLP
                                                      1100 Connecticut Ave, NW
                                                      Washington, D.C. 20036
                                                      (202) 737-7777

                                                      James P. White
                                                      Jerold B. Schnayer
                                                      Joseph E. Cwik
                                                      WELSH & KATZ, LTD.
                                                      120 South Riverside Plaza, 22nd Floor
                                                      Chicago, Illinois 60606
                                                      (312) 655-1500

                                                      ***Attorneys for Papst Licensing GmbH &
                                                      Co. KG***

**CERTIFICATE OF SERVICE**

     I hereby certify that I caused a true and correct copy of the foregoing document to be served upon all counsel of record by the CM/ECF system on January 22, 2008.


                                          /s/ Robert F. Muse
                                    Counsel for Papst Licensing GmbH & Co KG

# Exhibit A

*In Re Papst Licensing GMBH & Co. KG Litigation*

# WELSH & KATZ, LTD.

*Attorneys at Law*

120 SOUTH RIVERSIDE PLAZA -- 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

WWW.WELSHKATZ.COM

A. SIDNEY KATZ*
RICHARD L. WOOD*
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
ROBERT B. BREISBLATT
JAMES P. WHITE
HARTWELL P. MORSE, III
EDWARD P. GAMSON, PH.D.
KATHLEEN A. RHEINTGEN
ELLIOTT C. BANKENDORF
JOHN L. AMBROGI
JULIE A. KATZ
WALTER J. KAWULA, JR.
STEVEN E. FELDMAN
JON P. CHRISTENSEN
LEONARD FRIEDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, PH. D.
JOSEPH E. CWIK
J. ARON CARNAHAN
ERIK FLOM, PH.D.
JAMES B. RADEN
RICHARD J. GURAK
DANIEL M. GURFINKEL
MICHELE S. KATZ*
JOSEPH F. SCHMIDT
JAMES B. CONTE

BRIAN J. SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, PH.D.
SHERRY L. ROLLO
CRAIG M. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY
MYLYNDA J. MOORE
AMY L. HAMMER
GREGORY J. LEIGHTON
DENNIS C. LEE
———
OF COUNSEL
LAURIE A. HAYNIE
PHILIP D. SEGREST, JR.**
WALLACE L. OLIVER, PH.D.
LAURA A. LABEOTS, PH.D.
———
DONALD L. WELSH (1925-1998)

*ALSO ADMITTED IN DISTRICT OF
COLUMBIA
**ALSO ADMITTED IN ALABAMA

December 7, 2007

VIA EMAIL (stimpsonlaw@gmail.com)
Scott D. Stimpson, Esq.
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601

Re:    MDL-1880 -- In Re Papst Licensing Digital Camera Patent Litigation
       Our File No. 0757/101666

Dear Mr. Stimpson:

Thank you for your email dated December 6, 2007. We disagree with your comment that our draft status report is not what the Court requested. We believe that for the Court to understand the motions pending in the Casio lawsuit, it is important to explain the history of the MDL proceedings, and how going forward with these stayed motions would affect going forward with consolidated discovery for all cases in the MDL proceeding. Not to provide the Court with this full explanation, which Casio asserts should be done, likely would mislead the Court.

Therefore, we believe that the information that we included in the status report is necessary, and we are not willing to delete it, as you propose.

To that end I enclose a draft status report. I left Casio's section blank so that you can add Casio's position.

Scott D. Stimpson, Esq.
December 7, 2007
Page 2

We are more than willing to have a telephonic conference and confer about this subject matter.

Please let us know immediately your availability for such a telephone conference later today.

We thank you for your attention to this matter and hope that we can resolve this issue in an amicable

way.

                                        Sincerely,

                                        **WELSH & KATZ, LTD.**

                        By:             Jerold B. Schnayer

JBS:cs
cc:     Papst Licensing GmbH & Co. KG
        Robert F. Muse, Esq.
        All lead trial counsel of record

# Exhibit B

*In Re Papst Licensing GMBH & Co. KG Litigation*

# Welsh & Katz, Ltd.

*Attorneys at Law*

120 South Riverside Plaza -- 22nd Floor
Chicago, Illinois 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

WWW.WELSHKATZ.COM

A. SIDNEY KATZ*
RICHARD L. WOOD*
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
ROBERT B. BREISBLATT
JAMES P. WHITE
HARTWELL P. MORSE, III
EDWARD P. GAMSON, PH.D.
KATHLEEN A. RHEINTGEN
ELLIOTT C. BANKENDORF
JOHN L. AMBROGI
JULIE A. KATZ
WALTER J. KAWULA, JR.
STEVEN E. FELDMAN
JON P. CHRISTENSEN
LEONARD FRIEDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, PH. D.
JOSEPH E. CWIK
J. ARON CARNAHAN
ERIK FLOM, PH.D.
JAMES B. RADEN
RICHARD J. GURAK
DANIEL M. GURFINKEL
MICHELE S. KATZ*
JOSEPH F. SCHMIDT
JAMES B. CONTE

BRIAN J. SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, PH.D.
SHERRY L. ROLLO
CRAIG M. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY
MYLYNDA J. MOORE
AMY L. HAMMER
GREGORY J. LEIGHTON
DENNIS C. LEE
————
OF COUNSEL
LAURIE A. HAYNIE
PHILIP D. SEGREST, JR.**
WALLACE L. OLIVER, PH.D.
LAURA A. LABEOTS, PH.D.
————
DONALD L. WELSH (1925-1998)

*ALSO ADMITTED IN DISTRICT OF
COLUMBIA
**ALSO ADMITTED IN ALABAMA

December 20, 2007

<u>VIA EMAIL</u>
(See attached Lead Counsel List)

Re:    MDL-1880 -- In Re Papst Licensing Digital Camera Patent Litigation
       Our File No. 0757/101666

Gentlemen:

On December 7, 2007, I sent all lead counsel of record a letter which included a copy of a proposed scheduling order for "review and comment." In my letter I also stated that, "I would like to set up a meeting of all counsel to discuss this document and to discuss how to proceed in the MDL proceeding with consolidated discovery." I have not received either orally or in writing any response from any of the non-Papst parties to the matters raised in my letter.

I propose going forward with a meeting at my local counsel's office in Washington, D.C. on January 7 or 8, 2008 with attorneys representing all parties present to discuss the matters raised in my letter, and any other matters any of the parties would like to raise at the meeting. I invite written comments and proposals, if any, from all counsel prior to the meeting. I look forward to going forward with the proposed meeting in a cooperative spirit to try to reach an amicable resolution on how to propose to the Court how to proceed in these consolidated proceedings.

Lead Counsel
December 20, 2007
Page 2

I would appreciate notification as soon as possible about the availability of all counsel to attend the

meeting.

I thank everybody for their consideration of this proposal, and would appreciate each party's prompt

response.

I wish all of you a good holiday season.

Sincerely,

**WELSH & KATZ, LTD.**

By:

Jerold B. Schnayer

JBS:cs
cc:    James P. White, Esq.
       Robert F. Muse, Esq.

IN RE PAPST LICENSING DIGITAL CAMERA PATENT LITIGATION

## **LEAD COUNSEL**

Counsel for Matsushita
Adam K. Levin, Esq.
Hogan & Hartson LLP
555 13th Street, NW
Washington, DC 20004

Facsimile:   202-637-5910
Email:       aklevin@hhlaw.com
Phone:       202-637-6846

Counsel for Casio
Scott D. Stimpson, Esq.
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601

Facsimile:
Email:       stimpsonlaw@gmail.com
Phone:       203-258-8412

Counsel for Samsung
Patrick J. Kelleher
Drinker Biddle Gardner Carton
191 North Wacker Drive, Suite 3700
Chicago, IL 60606

Facsimile:   312-569-3375
Email:       patrick.kelleher@dbr.com
Phone:       312-569-1375

Counsel for Fujifilm
Steven J. Routh, Esq.
Hogan & Hartson, LLP
555 13th Street, NW
Washington, DC 20004

Facsimile:   202-637-5910
Email:       sjrouth@hhlaw.com
Phone:       202-637-5600

Counsel for Olympus
Richard deBodo, Esq.
Hogan & Hartson, LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067

Facsimile:   310-785-4601
Email:       rdebodo@hhlaw.com
Phone:       310-785-4694

# Exhibit C

*In Re Papst Licensing GMBH & Co. KG Litigation*

# WELSH & KATZ, LTD.

*Attorneys at Law*

120 SOUTH RIVERSIDE PLAZA -- 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

WWW.WELSHKATZ.COM

A. SIDNEY KATZ*
RICHARD L. WOOD*
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
ROBERT B. BREISBLATT
JAMES P. WHITE
HARTWELL P. MORSE, III
EDWARD P. GAMSON, PH.D.
KATHLEEN A. RHEINTGEN
ELLIOTT C. BANKENDORF
JOHN L. AMBROGI
JULIE A. KATZ
WALTER J. KAWULA, JR.
STEVEN E. FELDMAN
JON P. CHRISTENSEN
LEONARD FRIEDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, PH. D.
JOSEPH E. CWIK
J. ARON CARNAHAN
ERIK FLOM, PH.D.
JAMES B. RADEN
RICHARD J. GURAK
DANIEL M. GURFINKEL
MICHELE S. KATZ*
JOSEPH F. SCHMIDT
JAMES B. CONTE

BRIAN J. SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, PH.D.
SHERRY L. ROLLO
CRAIG M. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY
MYLYNDA J. MOORE
AMY L. HAMMER
GREGORY J. LEIGHTON
DENNIS C. LEE

————

OF COUNSEL
LAURIE A. HAYNIE
PHILIP D. SEGREST, JR.**
WALLACE L. OLIVER, PH.D.
LAURA A. LABEOTS, PH.D.

————

DONALD L. WELSH (1925-1998)

*ALSO ADMITTED IN DISTRICT OF
COLUMBIA
**ALSO ADMITTED IN ALABAMA

January 14, 2008

VIA EMAIL
(See attached Lead Counsel List)

> Re:    MDL-1880 -- In Re Papst Licensing Digital Camera Patent Litigation
>        Our File No. 0757/101666

Ladies and Gentlemen:

The purpose of this letter is to try to set up a time and agenda for our status meeting on Thursday, January 17, 2008. With regard to the issue of timing of the meeting, I propose that the telephone conference commence at 4:30 p.m. East Coast time and continue on as long as necessary. I kindly ask the Non Papst Parties to confer amongst themselves and let me know if this time is acceptable to you, and who will be present during the telephone conference for each of the parties. From the Papst side, I anticipate that Joseph Cwik, Bob Muse and I will be present during the telephone conference.

With regard to the agenda for the meeting, I propose that we discuss the draft Scheduling Order which I previously sent to each of you. To the extent that any of the Non Papst Parties have any counterproposals to Papst's draft Scheduling Order, it would be helpful if you would send them to me sufficiently prior to the meeting. Your cooperation in this regard would be highly appreciated.

I also propose that we discuss at the meeting the provisions of a protective order concerning the handling of confidential information that needs to be entered in these proceedings. For example, in this

Lead Counsel
January 14, 2008
Page 2

regard we could discuss the matters addressed in my letter to all the Non Papst Parties sent earlier today

concerning this subject. Irrespective of this, I still request that each of the Non Papst Parties send me written

answers by January 16, 2008 to the questions I raised in my letter that I sent earlier today.

If there are any other subjects any other parties would like to discuss during this conference, please let

me know as soon as possible. We look forward to working cooperatively in coming up with a proposed

Scheduling Order so that we can minimize the demands on the Court.

Best regards,

**WELSH & KATZ, LTD.**

By: _Jerold B Schnayer_

Jerold B. Schnayer

JBS:cs
cc:    James P. White, Esq.
       Robert F. Muse, Esq.

IN RE PAPST LICENSING DIGITAL CAMERA PATENT LITIGATION

## **LEAD COUNSEL**

Counsel for Matsushita
Adam K. Levin, Esq.
Hogan & Hartson LLP
555 13th Street, NW
Washington, DC 20004

| | |
|---|---|
| Facsimile: | 202-637-5910 |
| Email: | aklevin@hhlaw.com |
| Phone: | 202-637-6846 |

Counsel for Casio
Scott D. Stimpson, Esq.
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601

| | |
|---|---|
| Facsimile: | |
| Email: | stimpsonlaw@gmail.com |
| Phone: | 203-258-8412 |

With Copies to:
Kevin Fee
Laura Krawczyk

| | |
|---|---|
| Email: | jkfee@morganlewis.com |
| Email: | lkrawczyk@morganlewis.com |

Counsel for Samsung
Patrick J. Kelleher
Drinker Biddle Gardner Carton
191 North Wacker Drive, Suite 3700
Chicago, IL 60606

| | |
|---|---|
| Facsimile: | 312-569-3375 |
| Email: | patrick.kelleher@dbr.com |
| Phone: | 312-569-1375 |

Counsel for Fujifilm
Steven J. Routh, Esq.
Hogan & Hartson, LLP
555 13th Street, NW
Washington, DC 20004

| | |
|---|---|
| Facsimile: | 202-637-5910 |
| Email: | sjrouth@hhlaw.com |
| Phone: | 202-637-5600 |

Counsel for Olympus
Richard deBodo, Esq.
Hogan & Hartson, LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067

| | |
|---|---|
| Facsimile: | 310-785-4601 |
| Email: | rdebodo@hhlaw.com |
| Phone: | 310-785-4694 |

With Copies to:
Rachel M. Capoccia
David Ben-Meir

| | |
|---|---|
| Email: | rmcapoccia@hhlaw.com |
| Email: | dhben-meir@hhlaw.com |