UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
IN RE PAPST LICENSING GMBH        )
& CO. KG LITIGATION               ).
                                  )
                                  )
_____      )   Misc. Action No. 07-493 (RMC)
This Document Relates To:         )   MDL Docket Number 1880
                                  )
                                  )
ALL CASES                         )
_____)

# [PAPST'S PROPOSED] PROTECTIVE ORDER

Whereas the parties hereto are engaged in discovery which will involve the disclosure by these parties, as well as by third-parties, of confidential, trade secret, proprietary, technical, business and financial information, which information is subject to protection under the applicable state trade secret law or otherwise;

Accordingly, it is hereby ordered as follows:

1. As used herein:

    a. "Document" means any written, printed, typed, graphic, electronic or otherwise recorded matter of any kind, however produced or reproduced, including but not limited to:

        i. all originals, nonidentical copies, intermediate drafts and revisions of any written matter; and

        ii. all deposition transcripts, exhibits, affidavits, interrogatories, answers to interrogatories or other litigation materials;

b. "Confidential Information" means trade secret or other sensitive or proprietary non-public information, regardless of whether in a Document, electronically stored or orally communicated, and includes all information extracted from Documents containing such trade secret or other sensitive or proprietary non-public information and includes information or documents that contain or refer to trade secrets or other confidential information and that, if disclosed to a business competitor or other party, would tend to damage the disclosing party's competitive position or violate a non-disclosure agreement.

c. "Camera Manufacturers" are defined as those parties in suit who have contested Papst's allegations of infringement against them and/or have contested the validity or enforceability of the patents-in-suit. Should additional parties be added later to this action who also contest Papst's allegations of infringement against them and/or contest the validity or enforceability of the patents-in-suit, those parties shall be included as "Camera Manufacturers" for the purpose of this Protective Order.

d. "Prosecution Bar Information" as used herein means Confidential Information that (1) contains each of the limitations of the Confidential Information described above, (2) concerns only to the technical aspects of those products of the Camera Manufacturers that have been on sale anywhere in the world for less than two years, (3) is of the type of information relevant to the scope of coverage of the patents-in-suit, (4) is a trade secret, and (5) that may be disclosed only to those persons listed in

paragraph 7 below. "Prosecution Bar Information" shall not apply to information (i) independently developed and rightfully in the possession of a party, (ii) legally obtained from third parties; or (iii) is publicly available.

e. "Person" means an individual, corporation, partnership, association, unincorporated organization, governmental entity, quasi-governmental entity or any other entity, including, without limitation, each party to this action, experts and consultants for any Party;

f. "Party" or "Parties" means the parties to this Protective Order, individually and collectively, and includes their officers, employees, and attorneys and their parents and affiliates and their officers, employees, and attorneys;

g. "Produce" means providing documents or information to a party whether pursuant to settlement discussions or in response to discovery requests;

h. "Disclose" means to furnish, divulge, reveal, describe, summarize, paraphrase, quote, transmit or otherwise communicate documents or information received from any other party or third-party witness to any other person or party, whether voluntarily or involuntarily, whether pursuant to request, interrogatory or process, and whether pursuant to the Federal Rules of Civil Procedure or otherwise;

i. The "Litigation" refers to the above-captioned litigation;

    ji. "Expert" refers to a person retained or specially employed by a Party to assist in preparation for trial or to testify at trial of this Litigation. The term also includes all employees of such person.

    k. "Third Party" refers to any Person who Produces information as part of this Litigation, whether pursuant to Subpoena or otherwise.

  2. Any Document that a Party or Third Party (including Michael Tasler and Labortechnik Tasler GmbH) Produces or information that a Party or Third Party Discloses in the course of the Litigation, whether voluntarily or in response to an order of this Court, which the producing or disclosing counsel for a party believes in good faith contains or reflects Confidential Information or Prosecution Bar Information may be so designated by that party and shall be governed by the provisions of this Protective Order. To be afforded protections pursuant to this Protective Order, all such Confidential Information or Prosecution Bar Information shall be designated as follows: by stamping each page thereof which contains information the party wishes to protect, with the words, as appropriate, "CONFIDENTIAL," "PROSECUTION BAR," or if in non-tangible form, by stating on the record at the deposition or at time of disclosure (or by so designating any transcript made within 30 days of the receipt by the parties) that the statements or testimony contains Confidential Information or Prosecution Bar Information, pursuant to this Protective Order or, if at a hearing before the Court, by requesting the Court to designate that portion of the transcript that contains Confidential Information or Prosecution Bar Information as protected pursuant to this Protective Order. Papst Licensing does not expect that it will be designating information as Prosecution Bar Information at this time, but can apply for a Court Order to designate information as Prosecution Bar Information if the need later arises.

3. Confidential Information or Prosecution Bar Information, including any information contained therein or extracted therefrom, shall be treated as Confidential Information or Prosecution Bar Information and shall be used only for the purposes of the settlement, prosecution or defense of this Litigation, subject to the terms of this Protective Order. Persons to whom any Confidential Information or Prosecution Bar Information is disclosed under the circumstances set forth above shall not disclose any such material to any other person unless permitted by this Protective Order.

4. If a designating party inadvertently omits to designate Confidential Information or Prosecution Bar Information as Confidential, that party shall notify the other parties that such documents or information should be treated as though it were properly marked in accordance with this Protective Order, and the Parties in possession of such documents and information shall treat them or it accordingly. Parties in possession of such documents will also make reasonable efforts to retrieve the newly designated material that had been sent to persons who do not have access to the material under the newly requested designation. Provided these reasonable efforts are made, no Party shall be liable for disclosure of a document or information not marked as Confidential Information or Prosecution Bar Information before receiving notice of its confidentiality. Inadvertent disclosure or misdesignation by a producing party will not be deemed a waiver of confidentiality.

5. All Confidential Information or Prosecution Bar Information and any transcript, chart, brief, affidavit, exhibit, or other document containing any such Confidential Information or Prosecution Bar Information which a party hereto wishes or is required to file in connection with this Litigation, but only such portion of any such filing, shall be filed with Clerk of the Court in a sealed envelope or other sealed container in accordance with Local Rule 5(j). All such

documents shall be maintained by the Clerk separate from the public records in this action and shall not be released or made public except upon further Order of the Court.

6.  Subject to the use restrictions and notification requirements set forth herein, Confidential Information produced or disclosed by a party pursuant to this Protective Order may be disclosed only to the following Persons, and in the manner described below:

   a.  Outside counsel of record representing a Party hereto in this Litigation and their attorneys and support staff, including but not limited to stenographic, paralegal and clerical employees to whom disclosure is deemed necessary by said counsel of record;

   b.  Two in-house counsel, members of an in-house legal department, or members of an in-house intellectual property department designated by each Party hereto in this Litigation to whom disclosure is deemed necessary; provided however that the requirements of Paragraph 21 are complied with first, the designated in-house counsel for Papst Licensing are Tobias Kessler and Daniel Papst; the designated in-house counsel, in-house intellectual property department or in-house legal department members for each of the Camera Manufacturers are_____,

   c.  Any non-party expert who is consulted or retained by a Party or its counsel in order to assist in the conduct of this Litigation including without limitation accountants and economists, but only to the extent that, and for the time during which, such disclosure is necessary for the

        performance of such assistance; provided however that the requirements of Paragraph 21 are first complied with;

d.    This Court (using the procedures specified herein);

e.    Outside contractors and their employees performing one or more litigation support aspects of organizing, filing, coding, converting, storing, copying or retrieving data or otherwise providing computerized litigation support to any Party;

f.    Court reporters transcribing, and videographers recording, a deposition or hearing at which the document or information is disclosed; and

g.    Any deponent in this action (who is not otherwise within one of the above categories) and to whom it is necessary to disclose Confidential Information for the purpose of his or her deposition, provided however *before* such disclosure is made, each of the following conditions must be met: (1) any such person to whom disclosure is to be made has been given a copy of this Protective Order and has signed a copy of the Confidentiality Agreement attached hereto as Exhibit A; (2) notice (either oral or written) has been provided to the other Party(ies) of the specific information to be given a particular deponent; and (3) the producing party consents or such disclosure is ordered by the Court. If notice of the disclosure is made at the deposition immediately before the proposed disclosure is to be made, in addition to the other requirements, all Parties must consent to the disclosure (to prevent surprise).

7. Confidential Information designated as "Prosecution Bar Information" shall be disclosed only to the following persons, and in the manner described below:

    a. Outside counsel of record representing a Party hereto in this Litigation and their attorneys and support staff, including but not limited to stenographic, paralegal and clerical employees to whom disclosure is deemed necessary by said counsel of record, subject to the exceptions of paragraph 7.b. and 7.c. below.

    b. No attorney, paralegal, patent agent or person involved in any manner with the drafting or prosecution of any new or pending patent application relating to the subject matter of the patent in suit shall have access to any Prosecution Bar Information.

    c. No attorney, paralegal, patent agent or person who has been given access to any such Prosecution Bar Information may be involved in any manner with the drafting or prosecution of any new or pending patent application relating to the subject mater such information during the pendency of this litigation and for a period of one year following the termination (including any appeals) of all suits that are part of this MDL. Notwithstanding the foregoing, those attorneys who are provided access to Prosecution Bar Information constituting material prior art that would possibly be required to be disclosed to a Patent Offices in connection with a party's patent applications shall be allowed to disclose that material prior art to those attorneys prosecuting that party's patent applications.

    c.    Any non-party expert who is consulted or retained by a Party or its counsel in order to assist in the conduct of this Litigation including without limitation accountants and economists, but only to the extent that, and for the time during which, such disclosure is necessary for the performance of such assistance; provided however that the requirements of Paragraph 21 are complied with first;

    d.    This Court (using the procedures specified herein);

    e.    Outside contractors and their employees performing one or more litigation support aspects of organizing, filing, coding, converting, storing, copying or retrieving data or otherwise providing computerized litigation support to any Party;

    f.    Court reporters transcribing, and videographers recording, a deposition or hearing at which the document or information is disclosed; and

    g.    Any deponent in this action (who is not otherwise within one of the above categories) and to whom it is necessary to disclose Prosecution Bar Information for the purpose of his or her deposition, provided however *before* such disclosure is made, each of the following conditions must be met: (1) any such person to whom disclosure is to be made has been given a copy of this Agreed Protective Order and has signed a copy of the Confidentiality Agreement attached hereto as Exhibit A; (2) notice (either oral or written) has been provided to the other Party(ies) of the specific information to be given a particular deponent; and (3) the producing party consents or such disclosure is ordered by the Court. If notice of the

disclosure is made at the deposition immediately before the proposed disclosure is to be made, in addition to the other requirements, all Parties must consent to the disclosure (to prevent surprise).

8.  In the case of disclosures to specific persons other than those covered by paragraphs 6 and 7 above, the disclosure of Confidential Information or Prosecution Bar Information may be made only upon seven business days advance notice in writing to the party which designated the material pursuant to this Protective Order, so as to provide the designating party with an opportunity to object to the proposed disclosure.  The notice of intent to disclose shall contain the name, title, and business address of the person to whom the information is proposed to be disclosed, a description of the documents and/or information to be disclosed, and the reason for the disclosure.  Documents and information shall be disclosed to such person(s) only if the designating party consents in writing to the proposed disclosure.  If an objection to disclosure is received or the designating party does not consent to disclosure, the party seeking the disclosure may then apply to the Court for an order permitting disclosure.  Nothing in this paragraph shall prevent the party objecting to the disclosure from filing a motion opposing the disclosure or shall prevent the parties from agreeing that the matter may be brought before a court in any other manner.  Regardless of which party is the moving party, the party requesting permission for disclosure will bear the burden for disclosure.  If the parties are unable to resolve the matter informally, the intended disclosure shall not be made until the matter is resolved by a court.

9.  Nothing in this Protective Order will be construed as preventing a party from opposing a designation of materials made pursuant to this Order.  Acceptance by a party of any

information, document, or thing designated as Confidential Information or Prosecution Bar Information will not constitute a concession that the information, document or thing is confidential or otherwise appropriately designated. Similarly, failure to object to a designation will not constitute an admission that the material was properly designated.

10. A party wishing to object to a designation made pursuant to this Protective Order will serve a written objection, including a statement of the grounds for the objection, on the Parties, and to the extent the designating party was a Third Party, on such party. Following service of the written objection, the designating party has fourteen days from the receipt of the objection to modify or withdraw the designation(s) at issue. If the designation is not modified or withdrawn within that fourteen day period with respect to designated documents, any party may move the Court for an order confirming or disputing the designation of documents at any time after receipt of service of the objection. If the designation is not modified or withdrawn within that fourteen day period with respect to designated deposition testimony, the designating party shall be required to file a Motion for Protective Order within the next 14 days thereafter to justify its designated deposition testimony. Regardless of which party is the moving party, the designating party will bear the burden of proof to justify the disputed designation. If the parties are unable to resolve the matter informally, the intended disclosure shall not be made until the matter is resolved by a court.

11. Upon a motion of a party to this Protective Order, a court of competent jurisdiction may at any time examine and review in camera any document governed by the terms of this Protective Order.

12. In the event that a Person subject to this Protective Order receives any subpoena or other legal process relating to Confidential Information or Prosecution Bar Information

received pursuant to this Protective Order, such Person shall be obligated to provide timely notice to the party who produced such documents or information and shall object to the production of such records or information unless directed otherwise by the producing party. Thereafter, the party receiving the subpoena may only produce any Confidential Information or Prosecution Bar Information requested by subpoena only if specifically so ordered by the court from which the subpoena was issued, after notice has been provided to all counsel of record.  At all times, the party receiving the subpoena shall take reasonable precautions to maintain the confidentiality of the Confidential Information or Prosecution Bar Information.

       13.      The final determination or settlement of the Litigation shall not relieve any person who has received Confidential Information or Prosecution Bar Information from the obligations imposed by this Protective Order.  Within fourteen days following the final determination or settlement, all such Confidential Information or Prosecution Bar Information in the possession of a Party shall be returned to the producing party or, to the extent it contains attorney work product, such information shall be destroyed and counsel shall certify to its destruction, unless a Party is otherwise under a legal obligation to retain such Confidential Information or Prosecution Bar Information.  Each Party and its outside counsel will be responsible for retrieving and destroying all designated materials provided to consultants, experts, and other outside assistants.  By agreement among the Parties, outside counsel for a Party may retain documents or information designated Confidential Information or Prosecution Bar Information to the extent that the designated document or information comprises or is included in: pleadings; court filings; correspondence; demonstratives and exhibits used in court; court transcripts; written discovery responses; expert reports; and attorney notes or drafts.

14. This Protective Order shall in no way affect or impair the right of any party or person to raise or assert any defense or objection, including, but not limited to, defenses or objections to the discovery or production of documents or information and to the use, relevance or admissibility at trial of any evidence, whether or not comprised of documents or information governed by this Protective Order.

15. Nothing in this Protective Order shall limit the right of a Party to use any document or information derived therefrom at a hearing or trial of the merits of the Litigation, nor does this Order limit the right of any party or person to seek from a court Confidential treatment or other limited disclosure of any document or information derived therefrom.

16. If any designated material is inadvertently disclosed to any person other than as authorized by this Protective Order, the Party learning of the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party.  The Party learning of the disclosure will make every reasonable effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part, and will also make every reasonable effort to prevent further use and disclosure on the part of the unauthorized recipient of such information or material.

17. If information, including without limitation any computerized media, subject to a claim of attorney-client privilege, work product or any other privilege or immunity is nevertheless inadvertently produced to a party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of the privilege or immunity.  If a claim of inadvertent production is made with respect to information then in the custody of another party, such other party shall promptly return the original and all copies of the information to the producing party.  The recipient of such inadvertent production shall not use

such information for any purpose other than in connection with a motion to compel, which shall be filed under seal, provided that the fact of inadvertent production may not be argued in support of such a motion. The party claiming the privilege or immunity will bear the burden of establishing the applicability of that privilege or immunity.

18. In the event that a party produces computerized media, including without limitation hard drives, diskettes, CD-ROMs, DVDs, and other media, that contains information subject to a claim of attorney-client privilege, work product or any other ground on which production of such information should not be made, the producing party may produce a copy of such computerized media without the protected information, provided, however, that counsel for the producing party maintains an unaltered electronic copy of such information that will be available for review by an appropriate third-party expert if needed, and provide a written log to the non-producing party containing a list of all such redactions.

19. This Protective Order will not prejudice the rights of any Party to oppose production of any information on grounds other than confidentiality.

20. This Court shall retain jurisdiction after final determination or settlement of this action to enforce or modify the provisions of this Protective Order unless jurisdiction over this Litigation is transferred by order or agreement to another court, in which case this Court shall retain jurisdiction until such other court has assumed jurisdiction over this matter and entered an order identical to this Order or in a form agreeable to all parties. All disputes concerning the designation of documents or other information as protected pursuant to this Order may be brought before this Court or such other court to the extent jurisdiction over this Litigation has been transferred (a) upon proper notice and (b) after a good faith effort to resolve such disputes has been made. Any party may, on notice, move this Court or such other

court to the extent jurisdiction over this Litigation has been transferred for relief from, or modification of, any of the provisions of this Protective Order.

21. Any Party proposing to disclose Confidential Information or Prosecution Bar Information to a non-party expert or consultant retained by a Party or its counsel to assist in the conduct of this Litigation shall, before disclosing the Confidential Information or Prosecution Bar Information, provide such person with a copy of this Protective Order and require him or her to sign a copy of the Confidentiality Agreement attached hereto as Exhibit A, thereby agreeing to be bound by the terms of this Order, and shall submit a statement to counsel for the opposing Parties identifying the expert or consultant, providing a current curriculum vitae and describing all employment of or consulting by the expert or consultant in the last five (5) years. Any Party proposing to disclose Confidential Information or Prosecution Bar Information to an in-house counsel, in-house legal department member, or in-house intellectual property department member shall, before disclosing the Confidential Information or Prosecution Bar Information, provide such person with a copy of this Protective Order and require him or her to sign a copy of the Confidentiality Agreement attached hereto as Exhibit A  Unless an objection is made by the opposing counsel in writing to any person proposed under this paragraph, including the grounds of the objection, within fourteen (14) days after submission of this statement, counsel may disclose Confidential Information or Prosecution Bar Information to that person. If an objection is asserted, disclosure of the Confidential Information or Prosecution Bar Information to the proposed person shall not be made without leave of Court. The party seeking to prevent disclosure shall have the burden of establishing good cause to support its objection and shall file the appropriate motion to prevent disclosure within two weeks of submitting an objection.

Dated:  March __, 2008

_____        U.S. Dist. Court Judge Rosemary M. Collyer

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. KG LITIGATION ) ). ) ) _____ ) This Document Relates To: ) ) ) ALL CASES ) _____) | Misc. Action No. 07-493 (RMC) MDL Docket Number 1880 |

**CONFIDENTIALITY AGREEMENT**

I, _____, have read and understood the Protective Order entered in the above-captioned action and hereby agree to be bound by its terms and provisions. I hereby consent to the personal jurisdiction of the United States District Court, District of Columbia, for any proceedings involving the enforcement of the Protective Order.

_____

Dated: _____

17