## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE PAPST LICENSING GMBH & CO. KG LITIGATION**<br>_____<br><br>**This Document Relates To:**<br>**ALL CASES** | **Misc. Action No. 07-493 (RMC)**<br>**MDL Docket No. 1880** |

## CAMERA MANUFACTURERS' CASE MANAGEMENT AND SCHEDULING REPORT

Pursuant to this Court's Order of January 31, 2008, the Camera Manufacturers jointly submit this Case Management and Scheduling Report. The Camera Manufacturers have agreed on all points in this Report, but there are many issues on which the Camera Manufacturers have been unable to agree with Papst.

I.    **CASE SCHEDULE**

A.    **Camera Manufacturers' Proposal**

The Camera Manufacturers propose the following schedule, which is believed to be consistent with the Court's request for an early _Markman_ hearing and to allow the parties "enough, but not too much" time for discovery.

| Event | Deadline |
|---|---|
| Rule 26(a)(1) disclosures | April 3, 2008 |
| Fact Discovery Begins | April 4, 2008 |
| Disclosure of Asserted Claims and Infringement Contentions | May 2, 2008 |
| Disclosure of Invalidity Contentions | May 23, 2008 |
| Deadline to Join Additional Parties and Amend Pleadings | May 30, 2008 |

| Event | Deadline |
|---|---|
| Simultaneous Opening *Markman* Briefs | June 13, 2008 |
| Simultaneous Responsive *Markman* Briefs | July 1, 2008 |
| Exchange privilege logs | July 2, 2008 |
| *Markman* Hearing | Mid to Late July |
| Amended Infringement Contentions | 14 Days after Markman Ruling |
| Disclosure of Reliance on Opinion of Counsel & related document production | November 21, 2008 |
| Amended Invalidity Contentions | 28 Days after Markman Ruling |
| End of Fact Discovery | December 19, 2008 |
| Principal Expert Reports Due | January 30, 2009 |
| Rebuttal Expert Reports Due | February 27, 2009 |
| Expert Discovery Deadline | March 20, 2009 |
| Last Date for Dispositive Motions | April 17, 2009 |

B.      **Response to Papst's Proposed Schedule**

Papst's Proposed Scheduling and Case Management Order manages to simultaneously guarantee a needlessly protracted pre-trial period, while imposing numerous unreasonable and inexplicably onerous time constraints and other burdens on the Camera Manufacturers. Papst's proposal is designed to prolong the pre-trial period and maximize litigation costs to the Camera Manufacturers, while foreclosing any opportunity for an early disposition of Papst's claims through claim construction and summary adjudication, which the Court suggested it sought and the Camera Manufacturers advocate.

Specifically, Papst's proposed schedule imposes a two-year pre-trial period (at a minimum), and sets the Markman hearing for no earlier than June 22, 2009, fifteen months into

fact-discovery.  Papst also proposes that the parties not be permitted to file summary judgment motions until the close of discovery, on April 19, 2010 (at the earliest).  While prolonging the pretrial period, Papst also proposes a needlessly shortened document production period.  Finally, Papst seeks to impose an inappropriately early election by the Camera Manufacturers regarding reliance on opinions of counsel and the attending privilege waiver.

There is no legitimate basis for any of these proposals.  This Court has previously expressed its desire to have an early Markman hearing in this matter, and courts (as well as the Manual on Complex Litigation) generally agree that only limited discovery is necessary prior to claim construction, and that early claim construction can promote swift disposition and settlement, as well as the streamlining of discovery.  The Court should adopt this strategy by rejecting Papst's proposed minimum two-year pre-trial period, its late Markman hearing, and prohibition of summary judgment motions, and adopt the more reasonably paced schedule proposed by the Camera Manufacturers.

Papst proposes several additional provisions that add unnecessary complexity to various aspects of discovery, including extensive specialized District of Delaware e-discovery procedures that are apparently only occasionally employed by that Court, as well as detailed protocols for challenging privilege designations.  None of these provisions are needed here. Papst remains free to seek additional procedures in the event disputes arise.  At this time the parties should be required to adhere only to the scope, limits, and procedures for discovery set

forth in the Federal Rules of Civil Procedure and the Local Rules of this District Court.[1]

For each of these reasons, the Camera Manufacturers respectfully request that Papst's Proposed Scheduling and Case Management Order be rejected in its entirety.

## 1.    PAPST'S PROPOSED SCHEDULE SHOULD BE REJECTED

### a.    Papst's Proposed Schedule Defies This Court's Request For Early Claim Construction

At the January 31, 2008 hearing, the Court said that it "would like to do a Markman hearing as early as possible" (Transcript at 12:24-25), and that the Court's "approach is to try to save … clients money." (Transcript at 15:7) The Camera Manufacturers agree and believe that this dispute can be disposed of easily after a Markman ruling. As Papst's proposed scheduling order demonstrates, Papst has very different objectives. Papst's proposed scheduling order is a transparent attempt to maximize the duration and cost of this litigation as much as possible. Under Papst's proposed schedule, the *earliest* that a Markman hearing could take place is June 22, 2009 (280 days after Papst's proposed September 15, 2008 "status hearing."), more than fifteen months from now. (Papst Proposed Order at 2, 4).

There is no legitimate basis for such a delay. Claim construction is determined by the court as a matter of law (*Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979-81 (Fed. Cir.

---

[1]    The Camera Manufacturers also oppose the proposal in Papst's Proposed Scheduling and Case Management Order that, on April 3, 2008, the "Parties shall file Answers and Counterclaims in response to all pending Complaints, including Papst's Complaint pending against Fujifilm Corporation and Fujifilm U.S.A., Inc." To the extent responsive pleadings are called for under the Federal Rules, those pleadings already have been filed. In particular, with respect to the Complaint Papst filed against the Fujifilm defendants in the Northern District of Illinois, Fujifilm has moved to dismiss the Complaint because: (1) there is no basis for personal jurisdiction over Fujifilm in Illinois (and Papst has identified no disputed jurisdictional facts); and (2) Papst's Complaint fails to state a claim upon which relief may be granted (it does *not* allege that Fujifilm products infringe the patents-in-suit, but rather only that Papst hopes that discovery "is likely to provide evidentiary support" for a claim). Under those circumstances, Fujifilm should not be made to assert counterclaims or to answer the Complaint in the Northern District of Illinois action unless and until its pending Motion to Dismiss is resolved, as provided for in Fed. R. Civ. P. 12(a)(4).

1995) (en banc), *aff'd*, 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996)), and is confined to an analysis of "the words of the claims themselves, the remainder of the specification, the prosecution history, and extrinsic evidence concerning relevant scientific principles, the meaning of technical terms, and the state of the art." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005). Thus, the vast majority of information that is discoverable in this litigation is completely irrelevant to claim construction, including most (if not all) information relating to the accused products. *Exigent Tech., Inc. v. Atrana Solutions, Inc*., 442 F.3d 1301, 1309 n. 10 (Fed. Cir. 2006) ("'[a] claim is construed in light of the claim language . . . *not* in light of the accused device.'") (quoting *SRI Int'l v. Matsushita Elec. Corp. of Am.,* 775 F.2d 1107, 1118 (Fed.Cir.1985)).

Papst suggests that "most courts" conclude that Markman hearings should take place after the close of discovery (Papst Proposed Order at 2),[2] but that is not the case. *See, e.g., Tyco Healthcare Retail Services AG v. Kimberly-Clark Corp.*, No. 06-3762, 2007 WL 2155571, \*1-\*3 (E.D. Pa. July 24, 2007) (concluding that early claim construction with only very limited discovery was proper, and discussing several other courts that reached similar conclusions (*citing Vivid Technologies v. American Science & Engineering, Inc.,* 200 F.3d 795 (Fed.Cir.1999); *Exigent Technology, Inc. v. Atrana Solutions, Inc.,* 442 F.3d 1301 (Fed.Cir.2006); and *Imaging, Inc. v. Abacus Software,* 462 F.3d 1344 (Fed.Cir.2006))). In fact, district courts with the largest patent dockets have adopted rules under which patent claims are construed early in discovery.[3] The following chart illustrates the significant discrepancy between the Markman schedule

---

[2] Papst states in the Proposed Scheduling Order that it submitted to the Camera Manufacturers that it will be filing with the court a "Position Paper" setting forth its authorities on this point. (Papst Proposed Scheduling Order at 2). As of the date this brief is to be filed, the Camera Manufacturers have not seen this paper, and have not had an opportunity to review these authorities.

[3] *See e.g.*, Northern District of California, Patent Local Rule No. 3-1, 4-1 and 4-2; Eastern District of Texas, Patent Local Rule No. 3-1, 4-1 and 4-2.

adopted by the District Court for the Northern District of California under its local rules and the Camera Manufacturers' proposal on the one hand, and that which is proposed by Papst on the other:

| Event | # Days Following Initial Case Management Conf. | | |
|---|---|---|---|
| | N.D. Cal. Pat. L.R. | Papst's Proposal[4] | The Camera Manufacturers' Proposal |
| Infringement Contentions | 10[5] | 189 | 43 |
| Invalidity Contentions | 55[6] | 205 | 64 |
| Filing of Contested Terms | 115[7] | 220 | |
| Opening Markman Brief | 160[8] | 365 | 85 |
| Markman Hearing | 195[9] | 455 | ~115 |

Indeed, the Manual for Complex Litigation (which this Court has referenced as a guiding authority for this litigation, and which Papst insists at Section III.E. should "govern this case,") proposes the use of early Markman hearings after "the parties [are] initially [permitted] to conduct limited discovery," and that "[o]nce the claims have been construed, general discovery can proceed on the remaining issues, including questions related to validity, infringement, and other matters." Manual for Complex Litigation (4th Ed.), § 33.223. An early Markman hearing would facilitate early summary adjudication, improve the likelihood of early settlement, and at the very least focus further discovery. Papst's delayed Markman schedule should be rejected.

---

[4]    These figures treat the upcoming March 20, 2008 Status Conference as the initial case management conference.
[5]    N.D. Cal. Pat. L.R. 3-1.
[6]    N.D. Cal. Pat. L.R. 3-3.
[7]    N.D. Cal. Pat. L.R. 4-3.
[8]    N.D. Cal. Pat. L.R. 4-5.
[9]    N.D. Cal. Pat. L.R. 4-6.

2.      **Papst's Schedule Calls For Unnecessarily Protracted Discovery, And Delays Trial Until At Least June 2010**

As is discussed above, Papst proposes that claim construction take place no earlier than June 22, 2009, fifteen months into fact discovery.  It then proposes at least an additional four months of fact discovery following the Markman hearing, and an additional five months of expert discovery thereafter.  (Papst's Proposed Scheduling Order at 4-5.)  This means that discovery will not close until April 19, 2010, at the earliest (assuming the Court requires only 30 days to issue a Markman ruling.)  Under Papst's schedule, once the pre-trial submissions and conference are taken into account, pre-trial proceedings would not likely conclude until after June of 2010, well more than two years from now.  There is no need for a possibly two-and-a-half-year pre-trial period.

3.      **Papst's Proposed Deadline For The Election Of The Advice Of Counsel Defense Defies Common Sense And General Practice**

Papst's schedule also requires the Camera Manufacturers to disclose their intent to rely on opinions of counsel by May 26, 2008 (and presumably to produce reliance opinions by that date).  *Id*. at 2.  It is completely unreasonable to require the Camera Manufacturers to make these disclosures (and the accompanying privilege waiver)[10] during the second month of a twenty-four month or more discovery period, and there is no precedent for doing so.  Requiring precipitous election of the advice-of-counsel defense and the accompanying privilege waiver is not in keeping with the *en banc* Federal Circuit's recent caselaw weighing in favor of protection of the privilege.  *In re Seagate*, 497 F.3d at 1373-74 (limiting scope of waiver when party does elect to rely upon advice-of-counsel); *Knorr-Bremse Sys. v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004) (*en banc*) (overruling caselaw creating an adverse inference when a party elected not to

---

[10]     *See, e.g., In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (*en banc*) (recognizing the difficult and risky decision of whether to disclose opinions of counsel to rebut charges of willfulness, and advising *in camera* review and bifurcation under certain circumstances).

waive privilege).  Giving the Camera Manufacturers the benefit of knowing the content of the *Markman* ruling, similarly gives due respect to the privilege by not requiring them to give up their privilege in a way that is not fully *knowing* and voluntary.  Indeed, courts that have adopted Patent Local Rules have decided that the proper balance between allowing discovery and giving due weight to the importance of the privilege requires permitting infringement defendants to wait until several weeks after the issuance of claim construction rulings to decide whether to assert the advice-of-counsel defense.  *See* N.D.Cal. Patent LR 3-7 (50 days after); S.D.Cal. Patent LR 3.8 (30 days after).[11]  Particularly in light of the anticipated motion to bifurcate the issue of willfulness raised during the January 31, 2008 hearing, deadlines relating to opinions of counsel should be set much later, as set forth in the Camera Manufacturer's proposed schedule.

Papst's legal argument supporting its proposed earlier deadline is misleading and incorrect in several respects.  According to Papst, opinions-of-counsel that the Camera Manufacturers have received may be relevant because state-of-mind is an element of two of Papst's claims:  (1) willful infringement, and (2) inducement of infringement.  (Papst's Proposed Scheduling Order at 29-30).  As to willfulness, Papst asserts that "where a potential infringer has actual notice of another's patent rights, he has an affirmative duty of due care to respect those rights."  Papst cites a 1988 Federal Circuit decision.  But, as Papst's counsel surely knows or should know, last year the *en banc* Federal Circuit overruled all earlier caselaw holding there was such a duty.  *In re Seagate Tech. LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*) ("we abandon the affirmative duty of due care").  *Seagate* established an entirely new test for willfulness:

---

[11]     The Eastern District of Texas Patent Local Rules do not set a particular date for election of a reliance on advice-of-counsel defense.  *See* E.D.Tex. Patent LR 3-7.  In practice, however, that court sets the election date a few weeks after the *Markman* ruling.

> Accordingly, to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an <u>objectively high likelihood that its actions constituted infringement of a valid patent</u>. The <u>state of mind</u> of the accused infringer <u>is not relevant</u> to this objective inquiry. If this threshold objective standard is satisfied, the patentee <u>must also demonstrate that this objectively-defined risk</u> (determined by the record developed in the infringement proceeding) <u>was either known or so obvious that it should have been known</u> to the accused infringer.

*Id.* Under the new test, the Camera Manufacturers' opinions-of-counsel are not even relevant until the second prong of the test. In this case, there are several claim construction issues that are dispositive of infringement. In other words, if the Court were to adopt one or more of the Camera Manufacturers' proposed constructions, there would be no possible argument for infringement — let alone an "objectively high likelihood" of infringement — and the Camera Manufacturers would never have to consider intrusion into their privileged communications.

As to inducement of infringement, Papst cites *DSU Medical Corp. v. JSM Co.*, 471 F.3d 1293 (Fed. Cir. 2006) (*en banc*), in which the Federal Circuit held that "inducement requires that the alleged infringer knowingly induced infringement <u>and possessed specific intent</u> to encourage another's infringement." *Id.* at 1306. The court then affirmed a jury verdict that one of the two defendants had not induced infringement because, for among other reasons, it had received advice-of-counsel that the product did not infringe. Perhaps based on this, Papst argues that "opinions of counsel will provide direct evidence of the Camera Manufacturers' statement [*sic*] of mind and their understanding of their inducement actions, discovery on those opinions should proceed now" and calls the opinions "this discoverable information." Papst is incorrect. The opinions are privileged, and are not discoverable merely because they may be relevant. Fed.R.Civ.P. 26(b)(1) ("parties may obtain discovery regarding any <u>non-privileged</u> matter that is relevant . . . ."). Exactly as in the willfulness context, advice-of-counsel is a *defense* a Camera Manufacturer may elect, or not elect, to assert. *DSU* did not suddenly make advice-of-counsel

relevant to inducement for the first time. *See, e.g., Micro Chem. Inc. v. Great Plains Chem. Co.*, 194 F.3d 1250, 1261 (Fed. Cir. 1999) (affirming verdict of no liability for inducement based on defendant's reasonable reliance on advice-of-counsel of noninfringement).

Without any real legal basis for its early deadline, Papst clearly seeks the benefit of the Camera Manufacturers' opinions-of-counsel in order to facilitate its litigation strategy. Papst, however, should devise that strategy based on its own — not with the benefit of the analysis of the Camera Manufacturers' opinion counsel. *Hickman v. Taylor*, 329 U.S. 495, 516 (1947) ("Discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary."). Papst's early deadline for the election of the advice-of-counsel defense should be rejected.

**3.    Despite Its Excessive Length, Papst's Proposed Schedule Provides Only 6 Weeks For The Camera Manufacturers To Produce Documents**

Although Papst has accorded itself years to harass the Camera Manufacturers with discovery obligations, and the exorbitant expenses and disruption to business that go with them, Papst's schedule manages to provide the Defendants with merely six weeks to produce *all* documents responsive to Papst's first set of document requests. Without first reviewing Papst's discovery requests, it is simply not possible to set at the outset a time for production, particularly not an overly aggressive schedule. If Papst continues with overly broad demands similar to those propounded in the Casio litigation, then production on such a short schedule will be a difficult or impossible task, particularly given that all of the Camera Manufacturers maintain most of their documents in foreign countries and foreign languages.

II.    **RULE 16.3 ISSUES**

Pursuant to the Court's local rule LCvR 16.3, the parties discussed the following items and reached the following agreements and disagreements:

1.    **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

The Camera Manufacturers believe this case will be disposed of by dispositive motion at an early stage. Many foreseeable case-dispositive issues relate to fundamental, straightforward and non-technical differences that the Camera Manufacturers have already identified between their digital cameras and Papst's asserted patents. The Court can prevent a great deal of needless expense by having an early Markman hearing and then promptly addressing summary judgment issues.

2.    **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

A.    **Camera Manufacturers' Proposal**

The Camera Manufacturers propose that the parties shall be free to join parties and amend their pleadings until May 30, 2008 upon appropriate motion before the Court showing good cause. The deadline for amending the pleadings may be extended due to later discovered facts. The parties agree that the legal and factual issues cannot be narrowed at this time.

B.    **Response to Papst's Proposal**

Papst states that "it is likely that it may file lawsuits against additional infringers of the same two patents that Papst is asserting against the Camera Manufacturers," and that "if any newly filed or transferred action is added to this pending MDL action, the parties shall meet and

confer within 30 days to discuss how the newly filed or transferred action should be handled to catch up to the procedural stage of the pending MDL action."   Papst's Proposed Scheduling Order at 6, 14.  The Camera Manufacturers agree that additional defendants that have been sued by Papst in a timely manner may properly be transferred to these proceedings.  However, the Camera Manufacturers do not agree that the case schedule, once set in place by the Court, shall be disrupted for any already present party due to the addition of new parties.  Papst is uniquely able in this case simply to sue additional companies at will, thereby potentially disrupting the case schedule at any stage through its own unilateral action.

Papst has also set forth several provisions in its proposed schedule regarding the time periods for Papst and certain of the Camera Manufacturers to file answers to the pending complaints.  Matsushita Electric Industrial ("MEI") and Victor Company of Japan ("JVC") raised certain issues regarding the proposals with Papst during a meet and confer discussion on March 11, 2008, and await a further response from Papst's counsel before they can respond appropriately.

### 3. Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The Camera Manufacturers propose that this case should not be assigned to a magistrate judge for all purposes.  The Camera Manufacturers suggest that the case might benefit from the assistance of Magistrate Judge Robinson on discovery issues, as there may be significant discovery disputes, and Magistrate Judge Robinson already has some familiarity with the *Casio v. Papst* matter and some of the pending motions.

**4.      Whether there is a realistic possibility of settling the case.**

The Camera Manufacturers believe that the parties are far apart with regard to settlement, and the Camera Manufacturers believe the patents cannot possibly cover the accused cameras and thus suggest that summary disposition is appropriate.

**5.      Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

All parties agree that the case is not amenable to arbitration.  The Camera Manufacturers believe that the case is more easily resolved by dispositive motion, as mediation is unlikely to provide any benefit at this time given how far apart the parties are on settlement.  If the case is not resolved by dispositive motion, then mediation may make more sense at that time.

**6.      Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The Camera Manufacturers propose that this case can be resolved by summary judgment of non-infringement and/or patent invalidity.  Dates for the Markman hearing and briefing on the anticipated summary judgment motions are provided in Section I, above.

The Camera Manufacturers specifically do not agree with Papst's proposal that summary judgment motions should be prohibited until after the close of discovery, which would be for two years or more under Papst's proposed schedule.  *Id*. at 29.  Papst's proposal is without justification.  As discussed above, the Camera Manufacturers believe that this litigation may be resolved shortly following claim construction through early motions for summary judgment. Therefore, summary judgment motions should be permitted at any time, and governed by the relevant procedures of the Federal Rules of Civil Procedure and this Court's Local Rules.

7.    **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties agree that initial disclosures are necessary. Papst and Casio have already exchanged initial disclosures, and Papst and the other Camera Manufacturers have agreed to exchange them on April 3, 2008. The parties do not propose any changes to the scope, form or timing of the initial disclosures.

8.    **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

A.    **Camera Manufacturers' Proposal**

<u>Scheduling</u>: The Camera Manufacturers' scheduling proposal is addressed in Section I.

<u>Protective order</u>: The parties are each concurrently submitting their proposed protective orders. The Camera Manufacturers prepared an initial draft protective order and circulated it to Papst's counsel on March 3, 2008. Rather than responding to the Camera Manufacturers' proposed protective order, Papst prepared its own protective order and provided it without comment to the Camera Manufacturers on March 7, 2008. There are significant substantive differences in the protective orders, including their prosecution bar provisions.

<u>Scope of Discovery</u>: The parties agree that discovery is needed on all the separate causes of actions in this case (*e.g.*, invalidity and non-infringement), but disagree on whether damages and willfulness issues should be bifurcated (addressed below).

<u>Limits on Discovery</u>:

The Camera Manufacturers propose the following limits on discovery:

Interrogatories, Requests for Production, Requests for Admission: Each party shall be permitted to serve the number of requests against an opposing party provided by the Federal Rules of Civil Procedure. The Camera Manufacturers will serve joint requests upon Papst to the extent it is appropriate to do so, and each of those joint requests shall count against each of the Camera Manufacturers' limits. Papst shall also serve joint requests upon the Camera Manufacturers to the extent it is appropriate to do so, and each of those joint requests will count against Papst's request limit for each individual Camera Manufacturer.[12]

Depositions: Papst shall be permitted to take five (5) depositions of each of the Camera Manufacturers or their officers, directors, and employees. The Camera Manufacturers shall be permitted to take a total of ten (10) depositions of Papst, or its officers, directors, and employees.

**The completed Casio discovery**: Papst suggests that all of the written discovery and motions conducted in the Casio suit should be vacated. Id. at 20. Casio vigorously objects to Papst's proposal that Casio redo everything that has already been done in its case. The purpose of Section 1407 is to promote the just and efficient conduct of the litigations, and the MDL Panel granted consolidation in part to "eliminate duplicative discovery" as well as to "conserve the resources of the parties, their counsel, and the judiciary." November 5, 2007 Order, page 1. Casio was forced to bear substantial expense and burden dealing with Papst's discovery conduct before Papst decided to sue other companies, and consistent with Judge Kessler's order (Docket #34), all written discovery requests have been served between Papst and Casio. Papst's conduct during the Casio discovery phase was completely inexcusable. Papst was sanctioned once, and

---

[12] Casio and Papst have already served all written discovery, and accordingly no further written discovery should be allowed, per Judge Kessler's Scheduling Order (docket #34).

there are two more serious sanctions motions pending against it.  While it is little wonder why Papst is asking this Court to excuse its past conduct and let Papst start afresh, such a ruling would be extremely prejudicial to Casio, as it was forced to incur substantial and needless expense dealing with these issues during discovery in that case, and Casio should be not be required to endure this a second time.  Casio and the other Camera Manufacturers respectfully request that the Court address and resolve the pending discovery and sanctions motions from the Casio case as soon as reasonably possible.  Casio has no objection to staying on the same schedule as the other cases, but it should not be required to redo everything it has done to date, nor should Papst's conduct from the Casio litigation be allowed with impunity.  The other Camera Manufacturers fully agree with Casio on all of these points as there is no benefit to be gained by wasting Casio's prior discovery efforts from the Casio litigation.

> **9.**     **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties' agree that there should be no changes to the requirements of Rule 26(a)(2), and their respective proposals for timing are addressed in Section I.  The Camera Manufacturers propose that no draft expert reports will be discoverable and that otherwise, expert discovery should proceed per the Federal Rules.  The Camera Manufacturers do not agree with the other provisions Papst proposes regarding expert discovery.

> **10**.     **Class Actions: N/A**

> **11**.     **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Pursuant to Fed. R. Civ. P. 42(b) and the strong recommendations provided for in the *Manual for Complex Litigation*, the Camera Manufacturers urge the Court to bifurcate the

damages and willfulness issues from those of liability.  As recommended in the *Manual for Complex Litigation (Fourth) §33.23 (2004):*

> Consider whether to bifurcate, or even trifurcate, issues for purposes of discovery and for trial.  Federal Rule of Civil Procedure 42(b) states "[t]he Court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial . . . of any issue. . . ."  Bifurcation is appropriate where determination of one issue could wholly eliminate the need to try another complicated or time-consuming issue, where used to negate prejudice to a party, and where the need to examine the same witnesses in both phases of the separate trial would be minimal.  The most common type of bifurcation in patent cases involves separating issues of liability from damages.  In many patent cases, severing damages from other issues will simplify the fact-finder's task.  Bifurcation of the damages issues may be particularly appropriate where multiple patents are involved.

The Camera Manufacturers believe that liability issues in this case can be resolved through summary judgment after claim construction and completion of some liability related discovery.  Bifurcating damages and liability issues for discovery and trial therefore may avoid altogether the need for the parties to engage in costly damages related discovery, including the need for damages experts, as well as the need for time-consuming damages testimony before the jury.  In addition, litigating willfulness will require that the Camera Manufacturers consider whether to rely upon opinions of counsel and therefore potentially to be subject to a limited waiver of privilege that may attend such reliance.   This too can be avoided in its entirety if the matter is resolved on summary judgment or at trial during the liability phase.  Consequently, the Camera Manufacturers believe that bifurcation is warranted in this case.

**12**.    **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

Not applicable.

13. **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order**.

In Section III below the Camera Manufacturers address the additional matters raised by Papst in its proposed order. The Camera Manufacturers do not, however, believe that many of the matters discussed are appropriate for inclusion in a scheduling order.

## III.    ADDITIONAL MATTERS

The Camera Manufacturers address below, and in the same sequence as Papst, the additional proposals set forth in Section III of Papst's Proposed Scheduling and Case Management Order. By responding to Papst's proposals, the Camera Manufacturers do not concede that the issues raised by Papst are appropriately addressed in a scheduling order.

1.    **Discovery of Privileged Information Created After Litigation Begun.**

The Camera Manufacturers agree with Papst that attorney-work product and attorney-client privileged materials created after the Complaints were filed in the district court actions are to be excluded from production and need not be placed on any privilege logs produced in response to any discovery requests. However, contrary to Papst's "interpretation" of this agreement, it is directed to each specific case and filed complaint. For example, Papst filed the complaint against Olympus on June 28, 2007, and so Papst and Olympus will not need to produce or log such materials after that specific date relating to their dispute.

2.    **The Parties' Agreement On Service.**

The parties appear to agree on e-mail service of documents, excluding large appendices. The parties agree that documents will be served in searchable PDF format except for any discovery documents requiring a response (for example, but not limited to, discovery requests) which will be served in both PDF and word format. Any large appendices will be sent by

overnight delivery for next day delivery. Computation of time will be governed by Federal Rules of Civil Procedure 5 and 6.

     **3.**    **<u>Addition Of Newly Filed or Transferred Actions</u>.**

See Section II.2 above.

     **4.**    **<u>Application Of The Court's Scheduling Order To Subsequently Filed Cases</u>.**

The Camera Manufacturers agree with Papst's provision regarding the application of the Court's scheduling order to subsequently filed cases that are consolidated with this action, subject to the already stated concern that the case schedule for already present parties not be disrupted due to the additional of new parties.

     **5.**    **<u>There Is No Need For Appointment of Lead Counsel for Papst or The Camera Manufacturers</u>.**

       **A.**    **Camera Manufacturers' Proposal**

As the Camera Manufacturers set forth in its recent motion for clarification, the Camera Manufacturers do not believe that there is any need to appoint Lead or Liaison Counsel for the Camera Manufacturers.

       **B.**    **Response to Papst's Proposal**

Papst has proposed several provisions relating to the appointment of Lead Counsel on behalf of the Camera Manufacturers, none of which are necessary. Papst's Proposed Scheduling Order at 14-19. The Camera Manufacturers have sought, through their recently filed Motion for Clarification, relief from the Court relating to a similar requirement. There are only six Camera Manufacturers in this action at this time, and there has been so far no demonstrable need for a Lead Counsel. The Camera Manufacturers have cooperated as needed to prepare and file joint submissions when appropriate, including all of the submissions made to the Court in connection

with the hearing on January 31, 2008, and all submissions made in connection with the Initial Case Management Conference.  When the necessity has arisen to schedule joint telephone conferences or meetings, the Camera Manufacturers have cooperated to propose appropriate times when all could be available.  In instances where is it more efficient for one party to represent the interests of the Camera Manufacturers as a whole, the Camera Manufacturers have and will continue to designate someone to speak on behalf of the group.  In short, there is no reason at this time to require the cumbersome, harassing, and needlessly expensive procedures proposed by Papst.

In addition, Papst has throughout its proposal attempted to require the Camera Manufacturers to prepare joint discovery and joint submissions at every instance.  The Camera Manufacturers will cooperate to prepare joint submissions when appropriate, as is already required by the Court's First Practice and Procedure Order.  The Camera Manufacturers will also cooperate to prepare and serve joint discovery requests where appropriate.

**6.     The Camera Manufacturers Do Not Agree to Papst's Provisions Regarding Filings With The Court**.

The Camera Manufacturers disagree with the Papst's provisions relating to filings with the Court, which are premised on Papst's proposal requiring the Camera Manufacturers to select Lead Counsel. The Camera Manufacturers, as discussed above in Section III.5, disagree with Papst that selection of Lead Counsel is appropriate in this case.

**7.     Certain Of Papst's Proposals Regarding Written Discovery Should Be Rejected**.

See Section II.8 above regarding discovery limitations and the completed Casio discovery.

**Production Formats**:  Papst also proposes several requirements relating to the format for production of both hard copy and electronic documents, including a requirement that all such documents be produced in "TIFF" format with an accompanying Summation or Concordance load file.  (Id. at 20-21).  However, the conversion of documents into this format involves a substantial cost.   Furthermore, each of the Camera Manufacturers stores documents and information in different ways, and it is unreasonable to impose uniform rules on all of them.  The Camera Manufacturers oppose the adoption of Papst's blanket proposal regarding electronic document production.  The manufacturers agree to produce electronically stored information as they are kept in the usual course of business, or as otherwise agreed between the parties.  To the extent Papst wishes to bear the financial burdens associated with the production in a particular format, the Camera Manufacturers are amenable to cooperating with Papst in doing so.

The Camera Manufacturers do not believe that any special additional procedures are necessary for electronic documents.  The additional requirements Papst proposes for electronic documents are burdensome and costly, and exceed the requirements of the Federal Rules of Civil Procedure and this Court's Local Rules.  Therefore, the Camera Manufacturers do not agree that these provisions should be required.

The Camera Manufacturers do not agree to the need for maintaining a document depository (Id. at 21).  Most of the Camera Manufacturers are foreign corporations and if a document depository is deemed necessary, they should be permitted to maintain those documents in their home locations**.**

**8.**      **Certain Of Papst's Proposals Relating To Depositions Should Be Rejected**.

The Camera Manufacturers agree with Papst's proposal that unless agreed to by the parties or ordered by the Court, no individual *or entity* shall be deposed in this pending MDL

action more than one time (*Id*. at 22).  The Camera Manufacturers do not agree that only one attorney may conduct any single deposition.  If more than one party is represented at a deposition, then counsel for each party present should be permitted to participate in the deposition so long as their questioning of the deponent is not duplicative.

Papst insists that all depositions be conducted in Washington D.C. because it will be overly burdensome if it is required to conduct depositions in Japan or Germany.  (*Id*. at 22.) However, it will be equally burdensome for the Camera Manufacturers if they are required to travel for depositions to the U.S.  The Camera Manufacturers propose that, unless agreed to by the parties or ordered by the Court, the location of depositions of witnesses, foreign or domestic, shall be governed by the Federal Rules of Civil Procedure and this Court's Local Rules.

The Camera Manufacturers agree to Papst's proposal that all depositions taken in this MDL action may later be used in any individual action to which the MDL action applies.

See Section II.8 above for proposed limits on depositions.

9.    **Papst's Proposal Of Specialized E-Discovery Rules Promulgated By the U.S. District Court, District Of Delaware Should Be Rejected**.

The Camera Manufacturers do not agree that the specialized e-discovery rules of the United States District Court, District of Delaware should be applied to this action.  The procedures required under those rules are cumbersome and costly, and appear to be only occasionally followed in the Delaware District Court where they were developed.  In that Court, these procedures are offered as a guideline, but only appear to be used by one of the District Court Judges.  That Judge mandates use of the e-discovery rules only if the parties are unable to agree on discovery procedures "consistent with Fed. R. Civ. P. 34."  The Federal Rules of Civil Procedure, which were modified to address e-discovery issues after the Delaware e-discovery

rules were developed, set forth procedures for handling electronically stored information, and those procedures adequately protect such information. If additional procedures are needed or employed, then the parties can meet and confer at a later date to establish appropriate procedures. If at that time the parties are unable to agree to the particulars, then the parties shall address the issue to the Court at that time.

**10.      Papst's Proposal Regarding Challenging Privilege Designations Is Needlessly Complex And Should be Rejected.**

Papst proposes a multi-page set of rules and procedures relating to the exchange of privilege logs and the challenge of privilege designations, including the maximum number of challenges that may be made, presentations to the Court of "categories into which allegedly privileged documents may be grouped for review," and the format of motions challenging privilege designations. (*Id*. at 28.) These rules and procedures are completely unnecessary.[13]

The Camera Manufacturers instead propose that the parties exchange initial privilege logs on July 2, 2008. If any party's production continues after that date, then a supplemental log shall be produced within 14 days of any additional production. The information placed on those logs, and the procedures for challenging assertions of privilege by opposing parties shall be as set forth in the Federal Rules of Civil Procedure and this Court's Local Rules. The Camera Manufacturers believe there is no need for the needlessly complex procedures proposed by Papst.

---

[13]      In its proposed scheduling order, Papst draws from *United States v. Philip Morris, Inc.*, 2001 U.S. Dist. LEXIS 12603 (D.D.C. 2001), to propose detailed procedures for resolving privilege log issues. The privilege log procedures in that case were only necessary because of the "unproductive manner in which the parties chose to address many issues," because the lawyers had "complicated and over-lawyered the case management issues to such a degree that they [had] lost all sight of the over-arching goal," and because they were "needlessly focusing their energies on minor side issues or needlessly wasting the court's time and energy." *Id. at *6.* The Camera Manufacturers have no intention of conducting themselves in such a manner, and Papst has no basis to expect otherwise.

11.     **Motions For Summary Judgment Should Be Permitted Prior To The Close Of Discovery.**

As discussed in Section II.6 above, the Camera Manufacturers believe that this litigation may be resolved shortly following claim construction through early motions for summary judgment.  Therefore, summary judgment motions should be permitted at any time, and governed by the relevant procedures of the Federal Rules of Civil Procedure and this Court's Local Rules.

12.     **Papst's Proposal For A Needlessly Early Election Regarding Advice of Counsel Should Be Rejected.**

See Section I.B.3 above.


Dated this 12th day of March, 2008

/s/ Rachel M. Capoccia_____

Rachel M. Capoccia
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone:  (310) 785-4744
Facsimile:   (310) 785-4601
rmcapoccia@hhlaw.com

Attorney of Record for Victor Company Of
Japan, Ltd.


J. Kevin Fee
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-5353
Fascimile: (202) 739-3001 (fax)
jkfee@morganlewis.com

Attorney of Record for Casio America, Inc.
and Casio Computer Co., Ltd

Steven J. Routh
HOGAN & HARTSON L.L.P.
555 13th Street, NW
Washington, DC 20004-1109
Telephone:  (202) 637-6472
Facsimile:   (202) 637-5910
sjrouth@hhlaw.com

Attorney of Record for Fujifilm Corporation
and Fujifilm U.S.A., Inc.

Patrick J. Kelleher
DRINKER BIDDLE & REATH LLP
191 N. Wacker Dr. #3700
Chicago, IL 60606
Telephone:  (312) 569-1000
Facsimile:   (312) 569-3375
patrick.kelleher@dbr.com

Attorney for Record for Samsung Techwin
Co., Ltd. and Samsung Opto-Electronics,
America, Inc.

Richard de Bodo
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone:  (310) 785-4694
Facsimile:   (310) 785-4601
*rdebodo@hhhlaw.com*

Attorney of Record for Matsushita Electric
Industrial Co., Ltd., Olympus Corporation,
and Olympus Imaging America, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE PAPST LICENSING GMBH & CO. KG LITIGATION** | |
| ———————————————— | **Misc. Action No. 07-493 (RMC)** |
| **This Document Relates To:** | **MDL Docket No. 1880** |
| **ALL CASES** | |

**SECOND PRACTICE & PROCEDURE ORDER**

It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| Event | Deadline |
|---|---|
| Rule 26(a)(1) disclosures | April 3, 2008 |
| Fact Discovery Begins | April 4, 2008 |
| Disclosure of Asserted Claims and Infringement Contentions | May 2, 2008 |
| Disclosure of Invalidity Contentions | May 23, 2008 |
| Deadline to Join Additional Parties and Amend Pleadings | May 30, 2008 |
| Simultaneous Opening Markman Briefs | June 13, 2008 |
| Simultaneous Responsive Markman Briefs | July 1, 2008 |
| Exchange privilege logs | July 2, 2008 |
| Markman Hearing | Mid to Late July |
| Amended Infringement Contentions | 14 Days after *Markman* Ruling |
| Disclosure of Reliance on Opinion of Counsel & related document production | November 21, 2008 |
| Amended Invalidity Contentions | 28 Days after *Markman* Ruling |

| Event | Deadline |
|---|---|
| End of Fact Discovery | December 19, 2008 |
| Principal Expert Reports Due | January 30, 2009 |
| Rebuttal Expert Reports Due | February 27, 2009 |
| Expert Discovery Deadline | March 20, 2009 |
| Last Date for Dispositive Motions | April 17, 2009 |

It is further **ORDERED** that the following rules shall govern discovery among the parties:

1.     Each party shall be permitted to serve the number of Interrogatories, Requests for Production, Requests for Admission against an opposing party provided by the Federal Rules of Civil Procedure.  The Camera Manufacturers will serve joint requests upon Papst to the extent it is appropriate to do so, and each of those joint requests shall count against each of the Camera Manufacturers' limits.  Papst shall also serve joint requests upon the Camera Manufacturers to the extent it is appropriate to do so, and each of those joint requests will count against Papst's request limit for each individual Camera Manufacturer.  No further written discovery requests shall be allowed between Casio and Papst.

2.     Papst shall be permitted to take five (5) depositions of each of the Camera Manufacturers or their officers, directors, and employees.  The Camera Manufacturers shall be permitted to take a total of ten (10) depositions of Papst, or its officers, directors, and employees.

3.     A party does not need to log attorney-work product and attorney-client privileged materials created after the Complaints were filed in their respective district court actions.     For example, Papst filed the complaint against Olympus on June 28, 2007, and so Papst and

Olympus will not need to produce or log such materials after that specific date relating to their dispute.

4.      The parties shall serve documents, excluding large appendices, on each other by email. Documents will be served in searchable PDF format except for any discovery documents requiring a response (for example, but not limited to, discovery requests) which will be served in both PDF and word format.  Any large appendices will be sent by overnight delivery for next day delivery.  Computation of time will be governed by Federal Rules of Civil Procedure 5 and 6.

5.      This Case Management Order shall apply to each case subsequently filed in this Court or transferred to this Court and consolidated as part of In re Papst Licensing Litigation.  A party to any such action that objects to any provision of this Order shall, within twenty (20) days after the date upon which a copy of this Order is mailed by the Clerk to counsel for such party, file an application for modification of such provision.  Pending the Court's ruling on such application, the provisions of this Order shall apply.  The consolidation of additional actions shall have no effect on the case schedule for already present parties.

6.      Discovery of electronically stored information shall be governed by the Federal Rules of Civil Procedure and this Court's Local Rules.  If additional procedures are needed or employed, then the parties can meet and confer at a later date to establish appropriate procedures.  If at that time the parties are unable to agree to the particulars, then the parties shall address the issue to the Court at that time.

7.      The parties shall produce electronically stored information as they are kept in the usual course of business, or as otherwise agreed between the parties.  To the extent Papst wishes to bear the financial burdens associated with the production in a particular format, the Camera

Manufacturers shall produce their electronically stored information in the format requested by Papst upon receipt of payment of the estimated costs of producing in the requested format.

8.      Unless agreed to by the parties or ordered by the Court, no individual or entity shall be deposed in this pending MDL action more than one time.  If more than one party is represented at a deposition, then counsel for each party present shall be permitted to participate in the deposition, but the parties shall not duplicate questions already asked of the deponent.

9.      Unless agreed to by the parties or ordered by the Court, the location of depositions of witnesses, foreign or domestic, shall be governed by the Federal Rules of Civil Procedure and this Court's Local Rules.

10.     All motions related to production of discovery and related sanctions issues from the *Casio v. Papst* litigation will be scheduled for prompt hearing and resolution.  Casio and Papst are instructed to file those motions in the master docket, and complete briefing within ten days of this order.

11.     If any party's production continues after initial privilege logs are produced, then a supplemental log shall be produced with 14 days of any additional production. The information placed on those logs, and the procedures for challenging assertions of privilege by opposing parties shall be as set forth in the Federal Rules of Civil Procedure and this Court's Local Rules.

Signed this _____ day of March, 2008.


_____
Rosemary M. Collyer
United States District Judge