IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**IN RE PAPST LICENSING GMBH & CO. KG LITIGATION**

**This Document Relates To:**
**ALL CASES**

**Misc. Action No. 07-493 (RMC)**
**MDL Docket No. 1880**

**PAPST'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PROPOSED SCHEDULING ORDER**

Last week, the Court indicated that shortly it will be issuing scheduling decisions, including the timing of the *Markman* hearing. At the recent hearing on March 25, 2008, the Court's focus, in large part, was on the complexity of the case and how that factor will shape discovery, scheduling issues and the scheduling of the *Markman* hearing.

The defendants, through designated counsel at the hearing, took the position that the case is straightforward and uncomplicated. Yet, as set forth below, they have taken the exact opposite position in earlier statements in this litigation.

We respectfully submit the following points to supplement our presentation at the hearing and in furtherance of the position that this is a complicated case, and that a *Markman* hearing should not take place until the end of discovery.

1. Papst's position is that this litigation is complex. The case involves foreign camera manufacturers and complicated patent issues. Papst has made scheduling proposals that reflect and deal with the realities of that view, including a proposal that the Court hold a pre-*Markman* status hearing in

September. During the hearing on March 25, 2008, in the spirit of cooperation and compromise, Papst modified its scheduling proposal by suggesting that a pre-*Markman* status hearing could be moved up from September to July. (Proceedings before Judge Collyer, March 25, 2008, Tr. 31).

2. At the hearing last week, the defendants represented to the Court that the case was so simple that a *Markman* hearing in July lasting "one half a day or so" would be sufficient. (Proceedings before Judge Collyer, March 25, 2008, Tr. 18-19).

3. However, Casio itself has acknowledged on several occasions that this case is anything but simple. Casio's lead lawyer, Scott Stimpson, at a hearing before Magistrate Judge Robinson, stated that while there was "six more months of fact discovery," he could not see "how it [discovery] could really be done in that time" because:

> "it's a very complicated case, even liability-wise. We've got two patents, we've got many accused products, we've got lots and lots of prior art. I assume there will be many accused claims of each patent that are alleged to be infringed. It is going to be a mountain for a jury. And if you add damages and willfulness to that, it is going to be a very lengthy trial and I can't see how we can really get it done in time." (Proceedings before Magistrate Judge Robinson, May 31, 2007, Tr. 7).

A copy of the excerpt from the May 31, 2007 transcript is attached as Exhibit A.

4. The inconsistency in Casio's position may be tactical or reflect a change in position designed to unrealistically limit discovery now that the matter is before a new court. In any event, Casio's acknowledgement to Judge Robinson that the case is a complicated matter is further confirmation of Papst's position with regard to discovery and scheduling matters, including the *Markman* hearing.

Date: March 31, 2008

Respectfully submitted,

/s/ Robert F. Muse
Robert F. Muse
Joshua A. Levy
Kerrie C. Dent
STEIN MITCHELL & MEZINES, LLP
1100 Connecticut Ave, NW
Washington, D.C. 20036
(202) 737-7777

James P. White
Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

***Attorneys for Papst Licensing GmbH & Co. KG***

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing document to be served upon all counsel of record by the CM/ECF system on March 31, 2008.

/s/ Robert F. Muse
***Counsel for Papst Licensing GmbH & Co KG***




UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In the Matter of:

CASIO, INC.,

Plaintiff,

vs.

PAPST LICENSING GMBH & CO.,

Defendant.

Civil Action No. 06-1751

Washington, D.C.
May 31, 2007

TRANSCRIPT OF MOTIONS HEARING
BEFORE THE HONORABLE DEBORAH A. ROBINSON
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff: J. KEVIN FE, ESQ.
SCOTT D. STIMPSON, ESQ.

For the Defendant: JEROLD B. SCHNAYER, ESQ.
DAMON W.D. WRIGHT, ESQ.

Proceedings recorded by the Court, transcript produced by Pro-Typists, Inc., 1012-14th Street, N.W., Suite 307, Washington, D.C. 20005, 202-347-5395, www.pro-typists.com
M1837V/bf

Case 1:06-cv-01751-GK-DAR Document 47-5 Filed 06/21/2007 Page 7 of 29



additional question, Mr. Stimpson. Is your request for what you term "bifurcation" a request for a sanction or is it simply your view that, given the delay in making discovery that discovery cannot be completed in the time for which the Court already provided.

MR. STIMPSON: Well, it's both actually, Your Honor. We've cited cases where, in fact, one Court specifically mentioned entering a scheduling order by opposing party if they didn't comply with the Court orders. It's certainly an appropriate sanction for what's happened here.

But stepping back and just looking at where we are now, and we've got six more months of fact discovery, it's a very complicated case, even liability-wise. We've got two patents, we've got many accused products, we've got lots and lots of prior art. I assume there will be many accused claims of each patent that are alleged to be infringed. It is going to be a mountain for a jury. And if you add damages and willfulness to that, it is going to be a very lengthy trial and I can't see how we can really get it done in time.

So there are many reasons for bifurcation. I will leave that argument for another day, if it's needed. But a short answer to your question is, as a sanction and because it's appropriate, we request bifurcation.