IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. KG LITIGATION | Misc. Action No. 07-493 (RMC)<br>MDL Docket No. 1880 |
| This Document Relates To:<br>ALL CASES | |

NOTIFICATION OF POTENTIAL
"TAG-ALONG" ACTION PURSUANT TO JPML RULE 7.5(e)

Pursuant to JPML Rule 7.5(e), counsel for Papst Licensing GmbH & Co. KG ("Papst") respectfully notifies the Clerk of the Panel of the following potential "tag-along action" that was filed in the United States District Court For the Northern District of California on March 31, 2008, that is styled *Hewlett-Packard Company v. Papst Licensing GmbH & Co. KG.*, Case No. C 08-01732 JL, and that it is assigned to the Honorable Judge James Larson. The HP Complaint for Declaratory Judgment is attached hereto as Exhibit A. The HP action involves the same patents (U.S. Patent No. 6,470,399 and U.S. Patent No. 6,895,449) that are the subject of the actions that are currently part of MDL No. 1880.

Dated: April 3, 2008

Respectfully submitted,

James P. White
Jerold B. Schnayer
WELSH & KATZ, LTD.
120 South Riverside Plaza
22nd Floor
Chicago, Illinois 60606
Telephone: (312) 655-1500

*Attorney For Papst Licensing GmbH & Co. KG*

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of April, 2008, I caused a true and correct copy of the foregoing NOTIFICATION OF POTENTIAL "TAG-ALONG ACTION" PURSUANT TO JPML RULE 7.5(e) to be served via first-class mail, postage pre-paid addressed to the counsel on the attached Panel Service List and to the following:

*Counsel for Matsushita Electric Industrial Co., Ltd.*
*& Victor Company of Japan, Ltd:*

Richard de Bodo
Rachel M. Capoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars,
Suite 1400
Los Angeles, CA 90067

and

Ricoh Company, Ltd.
Ricoh Building, 8-13-1 ginza,
Chuo-ku Tokyo 104-8222 Japan

Ricoh Americas Corporation
5 Dedrick Place
West Caldwell, New Jersey 07006

and

*Counsel for Hewlett-Packard, Ltd.:*

Charlene M. Morrow
Heather N. Mewes
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, CA 94104

_____
Counsel for Papst Licensing GmbH
& Co. KG.

**Judicial Panel on Multidistrict Litigation - Panel Attorney Service List**  Page 1

Docket: 1880 - IN RE Papst Licensing Digital Camera Patent Litigation
Status:  Pending on  / /
Transferee District:            Judge:                                                                           Printed on 07/24/2007

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Gold, Jeffrey M.<br>Morgan Lewis & Bockius<br>101 Park Avenue<br>New York, NY 10178-0060 | => Phone: (212) 309-6000  Fax: (212) 309-6001  Email: jgold@morganlewis.com<br>Casio Computer Co., Ltd.*; Casio, Inc.* |
| Kelleher, Patrick J.<br>Drinker Biddle Gardner Carton<br>191 North Wacker Drive<br>#3700<br>Chicago, IL 60606-1698 | => Phone: (312) 569-1375  Fax: (312) 569-3375  Email: patrick.kelleher@abr.com<br>Samsung Opto-Electronics America, Inc.*; Samsung Techwin Co.* |
| Routh, Steven J.<br>Hogan & Hartson, LLP<br>555 Thirteenth Street, N.W.<br>Washington, DC 20004 | => Phone: (202) 637-5600  Fax: (202) 637-5910  Email: sjrouth@hhlaw.com<br>Fujifilm Corp.*; Fujifilm USA, Inc.* |
| de Bodo, Richard<br>Hogan & Hartson, LLP<br>1999 Avenue of the Stars<br>Suite 1400<br>Los Angeles, CA 90067 | => Phone: (310) 785-4694  Fax: (310) 785-4601  Email: rdebodo@hhlaw.com<br>Olympus Corp.*; Olympus Imaging America, Inc.* |

Note: Please refer to the report title page for complete report scope and key.

**EXHIBIT A**

```
 1   CHARLENE M. MORROW (CSB NO. 136411)
       cmorrow@fenwick.com
 2   FENWICK & WEST LLP
     Silicon Valley Center
 3   801 California Street
     Mountain View, CA 94041
 4   Telephone:   (650) 988-8500
     Facsimile:   (650) 938-5200
 5
     HEATHER MEWES (CSB NO. 203690)
 6     hmewes@fenwick.com
     JEFFREY V. LASKER (CSB NO. 246029)
 7     jlasker@fenwick.com
     FENWICK & WEST LLP
 8   555 California Street, Suite 1200
     San Francisco, CA 94104
 9   Telephone: (415) 875-2300
     Facsimile:  (415) 281-1350
10
     Attorneys for Plaintiff
11   Hewlett-Packard Company
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PAPST LICENSING GMBH & CO. KG, a German company,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Hewlett-Packard Company ("HP"), for its Complaint for Declaratory Judgment against defendant Papst Licensing GmbH & Co. KG ("Papst" or "Defendant"), avers the following:

### NATURE OF THE ACTION

1. This action is based on the patent laws of the United States, Title 35 of the United States Code. Defendant has asserted rights under U.S. Patent Nos. 6,470,399 ("the '399 patent

COMPLAINT FOR DECLARATORY JUDGMENT

and 6,895,449 ("the '449 patent") (collectively, "the patents-in-suit") based on certain ongoing activity by HP, and HP contends that it has the right to engage in this activity without license. True and correct copies of the patents-in-suit are attached hereto as Exhibits A and B. HP thus seeks a declaration that it does not infringe the patents-in-suit and/or that the patents-in-suit are invalid.

## THE PARTIES

2. Plaintiff HP is a corporation organized under the laws of Delaware, with its headquarters at 3000 Hanover Street, Palo Alto, California.

3. On information and belief, Papst is a company existing under the laws of The Federal Republic of Germany with a place of business at Bahnofstrasse 33, 78112 St. Georgen, Germany.

## JURISDICTION AND VENUE

4. This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which HP seeks declaratory relief under the Declaratory Judgment Act. Thus, the court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5. An actual controversy exists between HP and Defendant by virtue of Defendant's assertion of rights under the patents-in-suit based on certain ongoing activity by HP.

6. HP contends that it has a right to engage in making, using, offering to sell, and selling its products, including its digital camera products, without license from Defendant.

7. The Court has personal jurisdiction over Defendant because Defendant has established certain minimum contacts with California such that the exercise of personal jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

8. Venue is proper in this court pursuant to 28 U.S.C. § 1391 because Defendant is an alien entity and therefore subject to suit in any district.

///

///

COMPLAINT FOR DECLARATORY JUDGMENT        2

**INTRADISTRICT ASSIGNMENT**

9. This is an Intellectual Property Action subject to district-wide assignment under Local Rule 3-2(c).

**FACTUAL BACKGROUND**

10. HP is a leading provider of imaging and printing-related products and services, including, among other things, digital cameras.

11. On information and belief, Defendant is a patent licensing company that neither makes nor sells any products or services.

12. The '399 patent is entitled "Flexible interface for communication between a host and an analog I/O device connected to the interface regardless the type of the I/O device." The '399 patent on its face states that it issued on October 22, 2002. On its face, the '399 patent appears to have been originally assigned to Labortechnik Tasler GmbH. Defendant has asserted all right, title, and interest in the '399 patent.

13. The '449 patent is entitled "Flexible interface for communication between a host and an analog I/O device connected to the interface regardless the type of the I/O device." The '449 patent on its face states that it issued on May 17, 2005. On its face, the '449 patent appears to have been originally assigned to Labortechnik Tasler GmbH. Defendant has asserted all right, title, and interest in the '449 patent.

14. HP believes that its products, including its digital camera products, do not infringe the patents-in-suit and that the claims of the patents-in-suit are invalid. Accordingly, an actual controversy exists between HP and Defendant as to whether HP's manufacture, use or sale of products infringes any valid and enforceable claim of the patents-in-suit. Absent a declaration of non-infringement and/or invalidity, Defendant will continue to wrongly assert the patents-in-suit against HP, and thereby cause HP irreparable harm.

**FIRST CAUSE OF ACTION**

**(Declaratory Judgment of Non-Infringement of the '399 Patent)**

15. HP hereby incorporates by reference its allegations contained in paragraphs 1 through 14 of this Complaint as though fully set forth herein.

COMPLAINT FOR DECLARATORY JUDGMENT            3

16. Defendant contends that products imported, made, used, sold or offered for sale by HP infringe the '399 patent.

17. HP denies Defendant's contentions and alleges that HP's products do not directly or indirectly infringe the '399 patent.

18. An actual controversy thus exists between HP and Defendant as to whether the accused products infringe the '399 patent.

19. Accordingly, HP seeks and is entitled to a judgment against Defendant that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, the '399 patent.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of the '399 Patent)

20. HP hereby incorporates by reference its allegations contained in paragraphs 1 through 14 of this Complaint as though fully set forth herein.

21. Defendant contends that the '399 patent is valid.

22. HP denies Defendant's contention and alleges that the '399 patent is invalid. The '399 patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United States Code. No claim of the '399 patent can be validly construed to cover any products imported, made, used, sold or offered for sale by HP and the alleged invention of the '399 patent is taught by, suggested by, and/or obvious in view of, the prior art.

23. An actual controversy thus exists between HP and Defendant as to whether the '399 patent is valid.

24. Accordingly, HP seeks and is entitled to a judgment against Defendant that the '399 patent is invalid.

## THIRD CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '449 Patent)

25. HP hereby incorporates by reference its allegations contained in paragraphs 1 through 14 of this Complaint as though fully set forth herein.

///

26. Defendant contends that products imported, made, used, sold or offered for sale y HP infringe the '449 patent.

27. HP denies Defendant's contentions and alleges that HP's products do not direct or indirectly infringe the '449 patent.

28. An actual controversy thus exists between HP and Defendant as to whether the accused products infringe the '449 patent.

29. Accordingly, HP seeks and is entitled to a judgment against Defendant that it d not infringe and has not infringed, directly or indirectly, contributorily or by inducement, the ' 9 patent.

## FOURTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of the '449 Patent)

30. HP hereby incorporates by reference its allegations contained in paragraphs 1 through 14 of this Complaint as though fully set forth herein.

31. Defendant contends that the '449 patent is valid.

32. HP denies Defendant's contention and alleges that the '449 patent is invalid. T '449 patent is invalid for failure to meet at least one of the conditions of patentability specified Title 35 of the United States Code. No claim of the '449 patent can be validly construed to c r any products imported, made, used, sold or offered for sale by HP and the alleged invention of e '449 patent is taught by, suggested by, and/or obvious in view of, the prior art.

33. An actual controversy thus exists between HP and Defendant as to whether the '449 patent is valid.

34. Accordingly, HP seeks and is entitled to a judgment against Defendant that the '449 patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, HP prays for a declaratory judgment against Defendant as follows:

A. Judgment against Defendant declaring that the '399 patent is not infringed by H

B. Judgment against Defendant declaring that the '399 patent is invalid;

A. Judgment against Defendant declaring that the '449 patent is not infringed by H

COMPLAINT FOR DECLARATORY JUDGMENT      5

1. B. Judgment against Defendant declaring that the '449 patent is invalid;
2. C. A declaration that HP's case against Defendant is an exceptional case within the meaning of 35 U.S.C. § 285;
3. D. An award of costs and attorneys' fees to HP; and
4. E. Such other and further relief as the Court deems just and reasonable.

Dated: March 31, 2008

FENWICK & WEST LLP

By: /s/ Charlene M. Morrow
Charlene M. Morrow

Attorneys for Plaintiff
Hewlett-Packard Company

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

COMPLAINT FOR DECLARATORY JUDGMENT         6

## DEMAND FOR JURY TRIAL

Plaintiff HP hereby demands a trial by jury of all issues so triable.

Dated: March 31, 2008

FENWICK & WEST LLP

By: _____
Charlene M. Morrow

Attorneys for Plaintiff
Hewlett-Packard Company