IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE PAPST LICENSING GMBH & CO. KG LITIGATION** _____ **This Document Relates To:** **ALL CASES** | **Misc. Action No. 07-493 (RMC)** **MDL Docket No. 1880** |

**PROPOSED PROTECTIVE ORDER**

**Scope and Definition of Protected Information**

1. All documents, materials, items, and/or information produced either by a party or by a third party (a "Producing Party") to any of the parties in this case (a "Receiving Party") shall be governed by this Protective Order.

2. A Producing Party may designate any information or materials it produces in this action as (1) "Confidential," (2) "Highly Confidential – Outside Counsel Only," or (3) "Highly Confidential – Prosecution Bar Information" under the terms of this Protective Order (collectively referred to herein as "Protected Information"). Absent a specific order by this Court, Protected Information shall be used by a Receiving Party solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, or any other litigation, and such information shall not be disclosed to anyone except as provided herein.

3. Information or materials designated as "**Confidential**" shall be those things that may be disclosed to the parties for the purposes of the litigation, but which should be protected against disclosure to third parties. Examples of such information or materials include without limitation materials a party reasonably and in good faith believes contain or disclose information

that the party, in the ordinary course of business, does not or would not publicly disclose, or information that a party is under a preexisting obligation to maintain as confidential.

4. Information or materials designated as "**Highly Confidential – Outside Counsel Only**" shall be those things of a proprietary business or technical nature that would be of value to a competitor or potential customer of the party or third party holding the proprietary rights thereto, and that should be protected from disclosure. Examples of such information or materials include without limitation a party's trade secrets; confidential technical or business information; technical practices; methods or other know-how; marketing or business plans; product sales data or other projections; financial data; business strategy; confidential agreements or relationships with third parties; or materials that a party is under a pre-existing obligation to a third party to treat as such.

5. Information or materials designated as "**Highly Confidential – Prosecution Bar Information**" shall be those things of a proprietary technical nature that could be of value to a competitor or potential customer of the party or third party holding the proprietary rights thereto when prosecuting patent applications relating to the technology disclosed, discussed, or documented in the materials so marked. Examples of such information or materials include a party's trade secret or confidential technical information, including without limitation specification and design documents, schematics, blueprints, CAD drawings and data, source code, and other technical documents and information. The Camera Manufacturers and third parties may designate materials as "Highly Confidential – Prosecution Bar Information," but under no circumstances shall Papst as the producing party designate any materials as "Highly Confidential – Prosecution Bar Information" absent agreement of the Parties or further Order of the Court.

### Method of Designating Protected Information

6. The designation of information or material as "Confidential," "Highly Confidential – Outside Counsel Only," or "Highly Confidential – Prosecution Bar Information"

for purposes of this Protective Order shall be made in the following manner by the Producing Party:

      (a)    in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential," "Highly Confidential – Outside Counsel Only," or "Highly Confidential – Prosecution Bar Information" as appropriate, to each page containing any Protected Information at the time such documents are produced or disclosed, or as soon thereafter as the Producing Party becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder. No liability or sanctions, however, shall arise or be imposed for any disclosure by a Receiving Party before such post-production designation to those not authorized to view the materials under this Protective Order after such post-production designation.

      (b)    in the case of depositions or other pretrial testimony: The parties shall treat all deposition and other pretrial testimony of the Camera Manufacturers or any of their directors, agents, employees, or other representatives, and of third parties as "Highly Confidential – Prosecution Bar Information" unless and until such testimony is re-designated as not Protected Information or as a lower level of confidentiality. The parties shall treat all deposition and other pretrial testimony of Papst or any of its directors, agents, employees, or other representatives as "Highly Confidential – Outside Counsel Only" unless and until such testimony is re-designated as not Protected Information or as a lower level of confidentiality. The parties shall treat all deposition and other pretrial testimony of Papst's consultants or experts that relies upon "Highly Confidential – Prosecution Bar Information" of any of the Camera Manufacturers as "Highly Confidential – Prosecution Bar Information" unless and until such testimony is re-designated as not Protected Information or as a lower level of confidentiality. Within 30 days following the receipt of the transcript, the party offering the testimony so designated shall make a good faith effort to re-designate any testimony that is not Protected

3

Information or is appropriately designated at a lower level of confidentiality. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court; provided, however, that any such modification is subject to review by the Court, if appropriate. If any Protected Information is disclosed during the course of a deposition, that portion of the deposition record reflecting such Protected Information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

    (c) With respect to any testimony elicited during any deposition, whenever counsel for any party deems that any question or line of questioning calls for or has resulted in disclosure of Protected Information and any person is in attendance at the deposition who is not qualified to receive such information pursuant to this Order, and such person is not the witness being examined, such person shall be excluded from those portions of the proceeding during which disclosure of the Protected Information occurs.

  7. For applications and motions to the Court with which a party submits Protected Information, all documents and chamber copies containing the materials so marked shall be filed with the Court in sealed envelopes or other appropriate sealed containers. The word "Confidential" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope(s):

> **This envelope is sealed pursuant to Order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties.**

### Disclosure of Protected Information and Prosecution Bar

  8. Information or material designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described,

4

characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    (a)    the Parties' respective Outside Counsel and regular and temporary employees of such Outside Counsel to whom it is necessary that the information or material be shown for the purposes of this litigation. For purposes of this Protective Order, "Outside Counsel" shall be defined as any attorney of record who enters an appearance in this action and is not an employee, officer, director, or greater than one-percent owner of a Party.

    (b)    three (3) designated in-house personnel of the legal or intellectual property department of each Party whose assistance is needed by counsel for the purposes of this litigation, subject to and conditioned upon compliance with Paragraph 12 herein; provided that in the good faith judgment of Outside Counsel, the in-house employees are reasonably necessary to that Party's prosecution or defense of this action. In the event that an in-house member of the legal or intellectual property department designated by the Receiving Party to receive Protected Information under this Order changes his or her job position or employer such that he or she no longer serves in such position, the Receiving Party may designate a replacement in-house member of the legal or intellectual property department under this paragraph.

    (c)    consultants who have been retained by a Party or counsel of record in this litigation for purposes of assisting in the preparation of this litigation for trial and who have been qualified pursuant to Paragraph 12 of this Protective Order (such as independent accountants, statisticians, economists, technical consultants, or other technical experts);

    (d)    third party contractors, including their employees and agents, involved solely in one or more aspects of graphics or design services for purposes of preparing demonstrative exhibits, organizing, filing, copying, coding, converting, sorting, translating, or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system, subject to and conditioned upon compliance with Paragraph 12 herein;

   (e) the Court, Court personnel, jurors, and others employed by the Court;

   (f) court reporters and employees of court reporters engaged in connection with this action to record and transcribe testimony in this litigation who have agreed to be bound by and comply with this Protective Order, and any outside copy services who have agreed to be bound by and comply with this Protective Order;

   (g) non-technical jury or trial consulting services retained by counsel for a party, and who have agreed to be bound by and comply with the terms of this Order;

   (h) any authors or recipients of the information or materials marked Confidential and, in the case of information or materials prepared in connection with the author's employment, any witnesses currently employed by the same entity that employed the author at the time the information or materials were created;

   (i) mock jurors engaged by the Parties and/or their consultants in preparation for trial, provided that (i) no Party will use any mock juror who is or was employed or affiliated with any Party to this action; (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Protected Information, (iii) mock jurors first agree in writing to maintain the confidentiality of any Protected Information provided to them in connection with being a mock juror; and (iv) mock jurors agree to be bound by and comply with the terms of this Order; and

   (j) any other person only upon order of the Court or upon written consent of the Producing Party.

  9. Information or material designated as "Highly Confidential – Outside Counsel Only," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the persons of Paragraphs 8(a) and 8(c)-(j), according to the terms specified in those paragraphs.

10. Information or material designated as "Highly Confidential – Prosecution Bar Information," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) the Parties' respective Outside Counsel and regular and temporary employees of such Outside Counsel who are not involved in any way in patent prosecution related in any way to the subject matter of this litigation, and to whom it is necessary that the information or material be shown for the purposes of this litigation. No such individuals given access to "Prosecution Bar Information" shall be involved in any manner, directly or indirectly, with the drafting or prosecution of any new or pending patent application relating to the subject matter of the "Prosecution Bar Information" during the pendency of this litigation and for a period of three years following the termination (including any appeals) of all suits that are a part of this MDL. For purposes of this Protective Order, "Outside Counsel" shall be defined as any attorney of record who enters an appearance in this action and is not an employee, officer, director, or greater than one-percent owner of a Party.

(b) consultants who have been retained by a Party or counsel of record in this litigation for purposes of assisting in the preparation of this litigation for trial, who are not involved in any way with patent prosecution relating in any way to the subject matter of this litigation, and who have been qualified pursuant to Paragraph 12 of this Protective Order (such as independent accountants, statisticians, economists, technical consultants, or other technical experts). No such individuals given access to "Prosecution Bar Information" shall be involved in any manner, directly or indirectly, with the drafting or prosecution of any new or pending patent application relating to the subject matter of the "Prosecution Bar Information" during the pendency of this litigation and for a period of three years following the termination (including any appeals) of all suits that are a part of this MDL.

(c) any of the persons identified in Paragraphs 8(d)-(j), according to the terms specified in those paragraphs.

11. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of Protected Information obtained lawfully by such party independently of any proceedings in this action, or which:

(a) was already known to such party by lawful means prior to acquisition from, or disclosure by, another Party in this action;

(b) is or becomes publicly known through no fault or act of such Party; or

(c) is rightfully received by such party from a third Party which has authority to provide such information or material and without restriction as to disclosure.

### Designating Individuals to Receive Protected Information

12. A Party seeking to provide access to Protected Information for individuals designated under Paragraphs 8(b), 8(c), 8(d) and 10(b) shall:

(a) Before giving such individual access to Protected Information, confirm the individual's understanding and agreement to abide by the terms of this Protective Order by obtaining a completed and signed a copy of an undertaking in the form attached hereto as Exhibit A before.

(b) A Party seeking approval for a member of its legal or intellectual property department to receive Protected Information pursuant to Paragraph 8(b) herein shall provide the other parties with such person's name and title, and a copy of a completed and signed undertaking in the form attached hereto as Exhibit A.

(c) A Party seeking approval for a consultant pursuant to in Paragraphs 8(c) or 10(b) herein shall provide the other Parties with a current resume or curriculum vitae of such person, identifying the consultant's past and present employment, persons or entities with whom the consultant has been engaged in any consulting relationships for the last five years, a brief

8

description of the subject matter of that consulting work, and a copy of a completed and signed undertaking in the form attached hereto as Exhibit A.

13. Within ten (10) calendar days after service (via email or overnight delivery) of the information and signed undertaking by the Party seeking approval, any other Party may object to the individual proposed for approval, stating the basis for withholding approval. Failure to object within ten (10) days to an individual proposed shall be deemed approval, but shall not preclude a party from objecting to continued access to Protected Information by that person if new facts suggesting a basis for objection are subsequently learned by the party or its counsel. If any other Party so objects, the parties shall, within fifteen (15) days from the date of the mailing of the notice of objection, confer and attempt to resolve the dispute. If the Parties cannot resolve the dispute, or if the conference does not take place, then within thirty (30) days from the date of the mailing of notice of objection, the objecting party may move the Court for an order that access to Protected Information be denied to the designated person. Once an objection is raised, the designated person shall not be given access to Protected Information until the objection is resolved by agreement of the parties or Court order.

## **Challenging Designations of Protected Information**

14. No party shall be obligated to challenge the propriety of the designation of any Protected Information and a failure to do so shall not preclude any subsequent objection to such designation or motion to seek permission to disclose such material or the information contained therein to persons not identified in this Order, or from otherwise modifying the provisions of this Order.

15. A party may challenge another party's designation of Protected Information by serving a written objection upon the Producing Party. The Producing Party shall notify the challenging party in writing of the bases for the asserted designation within five (5) business days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within three (3) business days after the challenging party has received

the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated.

16. Entering into, agreeing to, and/or producing or receiving Protected Information or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission by any party that any Protected Information contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(b) operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular Protected Information;

(c) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

(d) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

(e) prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Order;

(f) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information or persons to whom such information may be disclosed;

  (g)  prejudice in any way the rights of a party to make a showing that information or materials of proprietary or competitive value, but which is not specifically included in the categories of "Highly Confidential – Outside Counsel Only" information or "Highly Confidential – Prosecution Bar Information" delineated above, is properly designated; or

  (h)  prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material produced by the parties.

### "Clawback" Provisions

  17.  Any Producing Party who inadvertently fails to designate Protected Information or otherwise wishes to change the designation of confidentiality under this Protective Order may later do so, and such document/information shall be treated by all other Parties as being so designated from the time of the notification in writing of the inadvertent misdesignation or failure to designate. A Producing Party shall correct its failure to mark an item as Protected Information in writing accompanied by substitute copies of each item, container, or folder, appropriately marked with the proper confidentiality designation pursuant to this Protective Order. The inadvertent disclosure of Protected Information by the Producing Party in producing discovery, regardless of whether the information was designated as such at the time of disclosure, shall not be treated as a waiver in whole or in part of a Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject, and each Party agrees to make reasonable efforts to preserve the confidentiality of the inadvertently disclosed information. As soon as the Receiving Party has notice of the inadvertent production, the Receiving Party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not

authorized to access such information by Paragraphs 8-10 above, as well as any copies made by such persons.

18. If a Producing Party inadvertently discloses to a Receiving Party any information that is privileged or otherwise immune from discovery, said Producing Party shall promptly upon discovery of such disclosure advise the Receiving Party in writing and request that the item or items of information be returned. In that event, the disclosure shall not serve as a waiver of any privilege or immunity.

(a) Upon receiving notification of inadvertent production, the Receiving Party shall within five (5) calendar days destroy or return to the Producing Party the inadvertently produced privileged material and all copies thereof and shall expunge from any other document or material information solely derived from such inadvertently produced privileged material.

(b) After return or destruction of the inadvertently produced privileged material, the Receiving Party may move the Court for an order compelling production of such material, but the Receiving Party may not assert as a ground for compelling production the fact or circumstance that the inadvertently produced privileged material has already been produced.

(c) The parties recognize that the protection under this paragraph is stricter than that provided for under Federal Rule of Civil Procedure 26(b)(5)(B).

## **Miscellaneous Provisions**

19. Information produced by a third party in this proceeding and designated in conformity with the provisions of this Protective Order shall be subject to the provisions herein and provide the third party with all of the rights and obligations set forth herein. In order to expedite third Party discovery, a copy of this Protective Order and a letter generally informing the third Party of its right to invoke the protections set out herein shall be served with all such discovery.

20. If any Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a Party, or (c) is served with any other legal process by one not a

Party to this action seeking Protected Information that was produced by someone other than that Party, the Party shall give prompt actual written notice, by hand or facsimile transmission, within ten (10) days of receipt of such subpoena, demand, or legal process, to those who produced the Protected Information, shall furnish the Producing Party with a copy of said subpoena or other process or order, shall object to its production by setting forth the existence of this Protective Order, and shall reasonably cooperate with respect to any procedure sought to be pursued by the party whose interest may be affected.  The Producing Party asserting the confidential treatment shall have the burden of defending against such subpoena, process, or order.  Nothing herein shall be construed as requiring the Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

       21.    Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this action as to all parties or as to any individual party, including any appeals therefrom, all persons having received Protected Information hereunder, except the Court and those employed by the Court, shall return such material and all copies thereof (including summaries and excerpts) to counsel for any Producing Party for whom the action has been disposed or, alternatively, shall destroy such material and provide written certification of such destruction to counsel for such Producing Party.  Whether the Protected Information shall be returned or destroyed shall be at the option of the Producing Party.  Notwithstanding the foregoing, Outside Counsel described in Paragraph 10(a) above shall be entitled to retain court papers, deposition transcripts, and attorney work product (including court papers, transcripts, and attorney work product that contain information or material designated as "Confidential," "Highly Confidential – Outside Counsel Only," "Highly Confidential – Prosecution Bar

Information).  All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

**IT IS SO ORDERED.**

DATED this ___ day of _____, 2008.        _____
                                             Hon. Rosemary M. Collyer
                                             United States District Judge

# EXHIBIT A

# AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, _____ [print or type name], hereby acknowledge that I have received a copy of the Stipulated Protective Order (the "Order") entered on _____, 2008 in the matter entitled "*In Re Papst Licensing GMBH & Co. KG Litigation*" Case No. 07-493 RMC, pending in the United States District Court for the District of Columbia. My business/residence address is:

_____.

I hereby acknowledge that I have read and understand the Order, and agree to (1) be bound by all of the provisions thereof, and (2) submit to the jurisdiction of the United States District Court for the District of Columbia for purposes of enforcing the Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Agreement was executed on the _____ day of _____, 200__, at _____.

_____

1