UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. KG LITIGATION<br><br>This Document Relates To:<br>ALL CASES | Misc. Action No. 07-493 (RMC);<br>MDL Docket No. 1880 |

**SECOND PRACTICE & PROCEDURE ORDER**

This Order shall, unless superseded by subsequent orders, govern the practice and procedure in all actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its order of November 5, 2007, as well as any related or "tag-along" actions originally filed in this Court or transferred or removed to this Court (the "Consolidated Actions"). The addition of actions to this case shall have no effect on the case schedule for already-present parties. To the extent that a party in a related or tag-along action seeks modification of this Order, the party shall file a motion no later than twenty days after the related or tag-along action is filed, transferred, or removed to the Master Docket. As of this date, the Consolidated Actions are:

   No. 06-cv-1751, *Casio Inc. v. Papst Licensing GMBH & Co. KG*;

   No. 07-cv-1118, *Fujifilm Corp. v. Papst Licensing GMBH & Co. KG*;

   No. 07-cv-1222, *Matsushita Elec. Indus. Co., Ltd. v. Papst Licensing GMBH & Co. KG*;

   No. 07-cv-2086, *Papst Licensing GMBH & Co. KG v. Olympus Corp.*;

No. 07-cv-2087, *Papst Licensing GMBH & Co. KG v. Fujifilm Corp.*;

No. 07-cv-2088, *Papst Licensing GMBH & Co. KG v. Samsung Techwin Co*; and

N.D. Ill. No. 08-1218, *Papst Licensing GMBH & Co. KG v. Ricoh Co., Ltd.*, (transferred to this Court on March 31, 2008).

Pursuant to the status conferences held on March 20 and 25, 2008, and having read the parties' submissions, the Court hereby **ORDERS** that

1. The stay of discovery imposed by the First Practice and Procedure order is lifted as of <u>March 20, 2008</u>.

2. For the purpose of this multidistrict litigation, Papst Licensing GMBH & Co. KG ("Papst") will be treated as the plaintiff and all other parties (the "Camera Manufacturers") will be treated as the defendants.

3. On April 4, 2008, the Camera Manufacturers appointed attorney Steven J. Routh as Administrative Counsel. The Administrative Counsel is responsible for coordinating hearing dates and telephone conferences with the Court. Administrative Counsel shall assign lead counsel for the Camera Manufacturers on each issue as such issues arise.

4. Each party is limited to a maximum of twenty-five interrogatories, twenty-five requests for production, and twenty-five requests for admission against an opposing party, including discrete subparts. Responses to all interrogatories shall be made thirty (30) days after service. The Camera Manufacturers shall serve joint requests upon Papst to the extent possible and each of those joint requests shall count against each of the Camera Manufacturers' limits. Papst also shall serve joint requests upon the Camera Manufacturers to the extent possible, and each of those shall count against Papst's request limit for each

        individual Camera Manufacturer. No further written discovery requests shall be allowed between Casio and Papst.

5.     Papst is limited to a maximum of five depositions of each Camera Manufacturer and their officers, directors, and employees. For the purpose of this limitation on depositions, a foreign corporation Camera Manufacturer together with its U.S. subsidiary is deemed to be a single entity (such as Matsushita and Victor Company of Japan). The Camera Manufacturers collectively may take ten depositions of Papst and its officers, directors, and employees. For the purpose of the limitation on depositions, Michael Tasler, the inventor of the patents in suit, is considered to be part of Papst.

6.     Unless agreed to by the parties or ordered by the Court, no individual or entity shall be deposed in this action more than one time. The Camera Manufacturers shall appoint a lead counsel for each deposition. Counsel for each Camera Manufacturer may participate in the deposition, but shall not duplicate questions already asked of the deponent.

7.     Unless agreed to by the parties or ordered by the Court, depositions of party representatives shall take place in Washington, D.C., except that representatives of corporations located in Japan or Korea who are traveling to the U.S. for depositions may be deposed in Washington, D.C., on the West Coast, or in Chicago, Illinois, at their option.

8.     The parties need not log attorney work product and attorney client privileged materials created after the complaints were filed in their respective district court actions. Initial privilege logs shall be produced no later than <u>June 25, 2008</u>. If any party's production continues after initial privilege logs are produced, then a supplemental log shall be produced within fourteen days of any additional production. The information placed on those logs, and

        the procedures for challenging assertions of privilege by opposing parties shall be as set forth in the Federal Rules of Civil Procedure and this Court's Local Rules.

9. The parties shall produce or serve, as applicable, documents, excluding large appendices, on each other by email. Documents will be produced or served in searchable PDF format except for any discovery documents requiring a response (for example, but not limited to, discovery requests) which will be served in both PDF and word format. Any large appendices will be sent overnight for next day delivery. Computation of time will be governed by Federal Rules of Civil Procedure 5 and 6.

10. Discovery of electronically stored information shall be governed by the Federal Rules of Civil Procedure and this Court's Local Rules. If additional procedures are needed or employed, then the parties can meet and confer to establish appropriate procedures. If the parties are unable to agree to the particulars, the parties shall address the issue to the Court by scheduling a telephone conference.

11. The parties shall produce electronically stored information as it is kept in the usual course of business, or as otherwise agreed between the parties. To the extent that Papst wishes to bear the financial burdens associated with the production in a particular format (such as, for example, TIFF) the Camera Manufacturers shall produce their electronically stored information in the format requested by Papst upon receipt of payment of the estimated costs of production in the requested format.

12. Each party shall maintain a document depository of all documents and things produced or served in this litigation. Each depository shall be located in the United States and shall be reasonably accessible to all parties upon reasonable notice. No later than April 21, 2008,

each party shall file a Notice on ECF identifying the location of its document depository.

13. Papst's motion to require the Camera Manufacturers to disclose their intent to rely on advice of counsel before the Markman hearing is **DENIED**.

14. To the extent that any party has not yet filed an answer or other response to the underlying complaints or counterclaims, the party shall answer or otherwise respond no later than April 14, 2008. Note that pursuant to the First Practice and Procedure Order, all pleadings shall be filed in the Master Docket only.

15. Pursuant to the First Practice and Procedure Order, all motions docketed before that Order was issued were administratively terminated, without prejudice to refiling, if appropriate, in the Master Docket. Accordingly, if Casio desires a ruling on its motion for sanctions against Papst, it must refile the motion in the Master Docket no later than April 8, 2008. If parties desire a ruling on any other motion that was filed in the underlying cases, they must refile such motion in the Master Docket no later than April 14, 2008. Otherwise, unresolved motions filed in the underlying cases will remain terminated and will be deemed to be withdrawn. To the extent that a party responded to a complaint or a counterclaim with a motion to dismiss and that party decides not to refile the motion to dismiss in the Master Docket, that party shall file an answer no later than April 14, 2008.

16. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be made no later than April 21, 2008.

17. Papst shall file its asserted claims and infringement contentions no later than May 28, 2008.

18. The Camera Manufacturers shall disclose their invalidity contentions no later than June 18, 2008.

19. Motions to join third parties or to amend the pleadings shall be filed no later than June 25, 2008.

20. Papst shall file its Markman hearing brief no later than July 9, 2008; the Camera Manufacturers shall respond no later than July 23, 2008; Papst may reply no later than July 30, 2008; and the Camera Manufacturers may file a sur-reply no later than August 6, 2008.

21. A Markman hearing is scheduled for September 22 - 26, 29-30, October 1-3, 2008. After the Court rules on the Markman hearing, the Court shall schedule a status conference. At that status conference the Court may: set a date for Papst to file its amended infringement contentions; set a date for the Camera Manufacturers to disclose whether they will rely on opinion of counsel; set a date for the Camera Manufacturers to file their amended invalidity contentions.

22. Liability and damages shall be bifurcated for discovery and for trial. *See* Fed. R. Civ. P. 42(b) (to expedite and economize, the court may order bifurcation). Accordingly, discovery on the issue of damages and willfulness is STAYED pending a determination of liability.

23. All fact discovery on liability shall be completed no later than December 19, 2008. Discovery material shall not be filed with the Court unless so ordered. *See* LCvR 5.2(a). The Court will set a status conference after fact discovery on liability is completed.

24. Principal experts shall be designated and their reports pursuant to Fed. R. Civ. P. 26(a)(2) must be served no later than January 30, 2009; and rebuttal experts shall be designated and reports must be served no later than February 27, 2009. The parties agree that there will be no discovery of draft expert reports.

25. Counsel are expected to conduct themselves in a civil, polite, and professional manner at all

times, particularly during discovery. Counsel are referred to LCvR 26.2 and expected to conform fully with its directives. Moreover, counsel are required, under both Fed. R. Civ. P. 26(f) and LCvR 7.1(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention. In the event that counsel are unable to resolve a dispute, counsel shall contact chambers to arrange for a telephone conference with the Court. Counsel shall not file discovery motions without a prior telephone conference with the Court and opposing counsel.

26. A further status conference is scheduled for <u>May 23, 2008 at 10:30 a.m.</u> in Courtroom # 2. Trial counsel shall appear at all hearings, unless excused by the Court in advance of the hearing date.

27. Counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available by request of the Court at any time, as is a settlement conference before a Magistrate Judge. If the case settles, in whole or in part, Plaintiff's counsel shall advise this Court by promptly filing a stipulation.

28. This schedule shall not be modified, even where all parties consent, except upon a showing of good cause and by leave of the Court. *See* Fed. R. Civ. P. 16(b); LCvR 16.4(b).

**SO ORDERED.**

Dated: April 8, 2008

/s/
ROSEMARY M. COLLYER
United States District Judge

**Second Practice and Procedure Order – Schedule**

| | |
|---|---|
| Stay of Discovery Lifted | March 20, 2008 |
| Casio to refile, if necessary, m/sanctions | April 8, 2008 |
| Answers or Other Responses Due | April 14, 2008 |
| Notice of Document Depository; Initial Disclosures | April 21, 2008 |
| Status Conference | May 23, 2008 @ 10:30 a.m. |
| Claims and Infringement Contentions | May 28, 2008 |
| Invalidity Contentions | June 18, 2008 |
| Initial Privilege Logs; Motions to join 3d parties or to amend | June 25, 2008 |
| Papst's Markman Brief | July 9, 2008 |
| Camera Mfrs.' Response | July 23, 2008 |
| Papst's Reply | July 30, 2008 |
| Camera Mfrs.'s Surreply | August 6, 2008 |
| Markman Hearing | September 22 - 26, 29-30, October 1-3, 2008 |
| Fact Discovery Re Liability Completed | December 19, 2008 |
| Principal Experts | January 30, 2009 |
| Rebuttal Experts | February 27, 2009 |