Jeffrey M. Gold, Esq. (pro hac vice)
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001

J. Kevin Fee, Esq. (D.C. Bar No. 494016)
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

Scott D. Stimpson, Esq. (pro hac vice)
The Law Office of Scott D. Stimpson
445 Hamilton Avenue -- Suite 1102
White Plains, New York 10601
Tel: (203) 258-8412

Attorneys for Plaintiff and Counter- Defendant Casio
Inc. and Counter-Defendant Casio Computer Co., Ltd.

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **CASIO INC.,** | **Case No. 1:06-CV-01751** |
| **Plaintiff** | |
| v. | |
| **PAPST LICENSING GMBH & CO. KG** | |
| **Defendant.** | **Judge: Gladys Kessler** |
| | **Magistrate Judge: Deborah Robinson** |
| **PAPST LICENSING GMBH & CO. KG,** | **Next scheduled Court deadline: December 4,** |
| **Counter-Plaintiff** | **2007 Status Conference** |
| v. | |
| **CASIO INC. and CASIO COMPUTER CO., LTD.** | |
| **Counter-Defendants** | |

## CASIO'S OPPOSITION TO PAPST'S OBJECTIONS TO MAGISTRATE ROBINSON'S MAY 31, 2007 ORDER

## I.     THE FACTS

On March 6, 2007, Papst filed a Motion to Continue the Initial Status Conference.  In connection with that motion, Papst argued that there had not been a proper 26(f) conference.  Exhibit A, p. 3 (all Exhibits are attached to the Gold declaration).  In Casio America's March 7, 2007 Response, it advised the Court of its concern that  Papst was trying to "avoid or needlessly delay discovery," and that Casio had no objection to a continuance of the status conference "so long as discovery proceeds in the interim."  Exhibit B, p. 2.  In its Reply, Papst again argued that no 26(f) Conference had taken place.  Exhibit C, p.2.

In response to these filings, on March 13, 2007, this Court issued an Order specifically holding that "discovery between Plaintiff and Defendant is to proceed."  Exhibit D (emphasis added).

On March 30, 2007, three days before the Papst responses and objections were due, we wrote to counsel for Papst and reminded them of their obligations with regard to our pending interrogatories and document requests.  We stated "[t]he court ordered discovery to proceed," and that "[w]e expect full and appropriate responses on April 2, 2007 and if we do not receive them we will take appropriate action."  Exhibit E.

Despite the Court's clear Order, and warnings from counsel for Casio at a time when Papst could still file objections, Papst did nothing.  It refused to proceed with discovery, and did so with its eyes wide open to the risks.

It was not until May 30, nearly three months after the requests were served, 2 ½ months after this Court ordered discovery to proceed, and the night before the hearing with Magistrate-Judge Robinson, that Papst served any objections or responses.  Not a single document was produced until mid-June, and still Papst has not produced many documents.

From the oral hearing and briefing before Magistrate-Judge Robinson, both parties plainly understood the waiver that Casio was requesting, and that this included all objections, including privilege and work product. The Papst opposition memorandum itself stated the issue as follows: "Casio's first request [is] that Papst Licensing be deemed to have waived all potential objections. . . ." Exhibit F, p. 9 (emphasis added). And at the hearing, Magistrate-Judge Robinson expressly inquired as to the objections Papst had made the night before, and she was advised that there were objections based on privilege and work product. Exhibit G, p. 4. At no time did counsel for Papst ever argue that privilege, work product, or relevancy objections should be excluded from any waiver ruling.

Magistrate-Judge Robinson sanctioned Papst for its failure to abide by the Court's March 13 Order, and unequivocally held that Papst must now respond "without objections." Her sound reasoning is provided at pages 25-27 of the hearing transcript. Exhibit G, pp. 25-27.

Papst now argues it is not clear whether privilege and work product objections have been waived. But the Order states that Papst's responses must be "without objections" (Exhibit G, p.27, emphasis added). This ruling was made after Magistrate-Judge Robinson inquired as to the nature of the objections raised and was advised that they included privilege and work product.

Papst also now argues that it is "not clear whether the Magistrate-Judge ordered that any objections as to relevance have been waived" (Papst Mem. at 9). But this alleged confusion also flies in the face of the Order itself, which required responses without objections. Exhibit G, p. 27.

## II.   THE STANDARDS FOR OBJECTIONS

To overturn Magistrate Robinson's decision, Papst must show that the decision at issue is "clearly erroneous" and "contrary to law." Fed. R. Civ. P. 72(a). "On review, the magistrate

judge's decision is entitled to great deference. . . . " *Neuder v. Battelle Pacific Northwest National Lab.,* 194 F.R.D. 289, 292 (D.D.C. 2000). The decision should stand unless the Court is left with the "definite and firm conviction" that the decision is in error.[1]

New arguments may not be raised for the first time in Objections to a Magistrate-Judge's Order. Rule 72(a) "is not a *de novo* review permitting a 'second shot' based on new arguments." *Claytor v. Computer Assocs., Int'l, Inc.,* 211 F.R.D. 665, 667 (D. Kan. 2003).

## III.    THE NEW PAPST ARGUMENTS ON APPEAL

### A.    Papst may not now, for the first time, try to carve out specific objections

Prior to the May 31 Order, counsel for Papst never briefed or argued to Magistrate-Judge Robinson that any objections should be carved out of a waiver ruling. Never did counsel for Papst even mention privilege, work product, or relevance objections, or argue that they somehow deserved special consideration. Rather, Papst argued that its conduct was proper, and that argument was rejected. Exhibits F and G.

Counsel for Papst was well-aware that Casio sought waiver of "all objections" as that was requested in our Proposed Order and our supporting memoranda, and Papst itself confirmed that Casio was requesting that Papst be "deemed to have <u>waived all potential objections</u>...." Exhibit F, p. 9 (emphasis added). Moreover, Magistrate-Judge Robinson specifically inquired about the nature of the objections, and she was advised that Papst had made objections of privilege and

---

[1] Papst also seeks "reconsideration" of Magistrate-Judge Robinson's decision, which is somewhat confusing since Judge Kessler has never considered it in the first place, and indeed many of the Papst arguments have never been considered by even Magistrate-Judge Robinson. The local rules make clear this is not a reconsideration motion. "The Rule is intended to make clear that objections to the magistrate judge's proposed findings and recommendations should not be called motions for reconsideration . . ." *COMMENT TO LCvR 72.2* In any event, the standards for reconsideration are very stringent. 5/14/07 Scheduling Order ¶14 ("Motions for reconsideration are greatly disfavored...."). *See New York v. United States,* 880 F. Supp. 37, 38 (D.D.C. 1995) (new facts or clear error of law required for reconsideration).

work product. Exhibit G, p. 4. Despite this exchange, counsel for Papst never requested that these objections be excluded from a waiver ruling.

Having failed to argue these issues before Magistrate-Judge Robinson, Papst should not be allowed to argue them here. *Claytor,* 211 F.R.D. at 667.

      **B.**    <u>**The other new Papst arguments should not be allowed**</u>

Papst also argues that sanctions should not be imposed because its misconduct occurred early in the case, because Casio can show no prejudice, and because the discovery process has not been seriously disrupted. *See, e.g.,* Papst Mem. at 1. But we can find no such arguments made to Magistrate-Judge Robinson. Papst should not be allowed to make these arguments here, either. *Claytor,* 211 F.R.D. at 667.

## IV.   <u>PAPST'S CONDUCT WAS NOT JUSTIFIED</u>

Notwithstanding the cropped quote provided by Papst at page 2 of its memorandum, Federal Rule 26(d) actually states that Rule 26(f) conferences are required before discovery may proceed, <u>unless</u> authorized by Court order. The Court did order discovery to proceed in its March 13, 2007 Order. Thus, no Rule 26(f) conference was required, and so we will not here again debate whether or not there was a 26(f) conference. Papst was ordered to proceed with discovery and simply refused to do so.

Papst next argues that it did not understand the March 13 Order. Papst claims that it understood "that the Order meant that all three parties should proceed with a Rule 26(f) conference. . . ." Papst Mem. at 3. According to Papst, the Court's Order was unclear because it did not "specifically mention Casio US's interrogatories or document requests" and it "could have meant that the three parties should 'proceed' with the Rule 26(f) process...." *Id.* at 7.

This explanation is not believable, as no one could read the March 13 Order in the manner suggested by Papst.[2]

## V.    THE WAIVER RULING SHOULD STAND

### A.    Privilege and Work  Product

Should the Court decide to consider Papst's new arguments that privilege and work product should be carved out of Magistrate-Judge Robinson's waiver ruling, the ruling should still stand.

It is well-established that untimely objections to discovery requests can waive the work product and attorney-client privileges when there is conduct such as that demonstrated by Papst. *See United States v. British Am. Tobacco Ltd.*, 387 F.3d 884, 891 (D.C. Cir. 2004) (untimely objection can waive privilege); *Schalk v. Teledyne, Inc.*, No. 1:90-cv-460, 1991 U.S. Dist. LEXIS 1974, at *3-4 (W.D. Mich. Feb. 15, 1991) (untimely objection to discovery request resulted in the waiver of the attorney-client privilege); *Applied Sys. v. Northern Ins. Co.*, No. 97 C 1565, 1997 U.S. Dist. LEXIS 16014, at *8 (D. Ill. Oct. 7, 1997) ("[I]t is firmly established [that] failure to object to a discovery request in a timely fashion may constitute waiver of the [work-product] objection."); *Layman v. Combs*, No. C-86-1692 CAL, 1988 U.S. Dist. LEXIS 18517, at *2-3 (N.D. Cal. Feb. 23, 1988) ("The law is well established that one who fails to timely object to discovery requests waives all objections, including those based on privilege.").

The cases cited by Papst are easily distinguishable.  In none of those cases had the party waived the right to argue that the privilege and work product objections should be carved out by

---

[2]    There is a pattern of counsel for Papst claiming that they do not understand Court orders that are crystal clear. They claimed that they did not understand that discovery was to proceed when the Court ordered that "discovery between Plaintiff and Defendant is to proceed"; and now they question whether Magistrate-Judge Robinson's Order that responses must be served "without objection" means that relevance objections are waived; and they claim the same Order is not clear as to whether privilege and work product is waived, even despite those objections being expressly discussed at the hearing before magistrate-Judge Robinson ruled. Counsel for Papst are very experienced litigators – they understand these Court Orders.

failing to argue it to the Magistrate, nor had any of the parties in those cases refused compliance with a Court order. *Bonds v. District of Columbia*, 93 F.3d 801, 809 (D.C. Cir. 1996) (considering sanction of effective dismissal); *Barnett v. PA Consulting Group, Inc.*, No. 04-1245 (RWR), 2007 U.S. Dist LEXIS 18945, at *8-9 (D.D.C. Mar. 19, 2007) (privilege issue specifically argued to the Magistrate-Judge, who found privilege preserved by objection to another request seeking identical information and failure was only due to "carelessness"); *Layman*, 1998 U.S. Dist. LEXIS 18517, at *4 (no court order violated, no undue disruption of discovery); *United Steel Workers of Am. v. Ivaco, Inc.*, No. 1.01-cv-0426-CAP, 2003 U.S. Dist. LEXIS 10008, at *14 (N.D. Ga. Jan. 13, 2003) (no waiver of privilege with minor procedural violations, good faith attempts, or other mitigating circumstances); *Gieco Casualty Co. v. Beauford*, 8:05-cv-697-T-24EAJ, 2006 U.S. Dist. LEXIS 76081, at *6 (M.D. Fla. Oct. 19, 2006) (good cause for failure to timely respond, and only a short delay in the discovery).

In its memorandum at page 9, Papst also cites *Byrd v. Reno*, No. 96-2375 (CKK) (JMF), 1998 U.S. Dist. LEXIS 11855, at *15 (D.D.C. Feb. 12, 1998), in which this Court found a waiver of privilege and work product due to a failure to file timely objections. *Id.* at *23 ("Defendants objections [to interrogatories] as to . . . attorney-client or work-product privilege . . . are waived because they were not timely asserted"; and see *29 holding same for document requests).

Papst's conduct, in refusing to comply with a clear Court Order, withholding any responses and objections until the night before the hearing on our motion three months after our requests and 2 ½ months after this Court ordered discovery to proceed and withholding document production such that it is still not done, easily justifies a finding of waiver of all objections, including privilege and work product.

**B.    Relevance**

Papst also argues, for the first time ever, that relevance objections should be carved out of the waiver ruling.  Like the privilege and work product objection, it should not be considered now because Papst failed to make the argument to Magistrate-Judge Robinson.  *Claytor*, 211 F.R.D. at 667.

Even if Papst had made this argument before Magistrate-Judge Robinson, it would not be successful as it lacks any specifics -- Papst points to nothing in the Casio interrogatories or document requests that allegedly are irrelevant.  Papst cites to one case saying only that waiver of the objection could lead to absurd results if "invariably waived," and which gave an example of a request for genealogy back to Eve when the objections are only a day late.  Papst Mem. at 9. That Court explained that the irrelevancy objection would not be waived if the information sought is "patently irrelevant."  *Byrd*, 1998 U.S. Dist. LEXIS 11855, at *16.  It merely held, therefore, that there should not be "automatic waivers of an objection as to relevance…."  *Id.* at *30.

Here, Papst does not claim that Casio requested anything "patently irrelevant," and Papst was not a day late, but instead violated a Court Order and served its objections two months late despite express warnings from counsel for Casio.  If Papst had any specific relevancy objections it wanted to preserve, that argument should have been presented both to Magistrate-Judge Robinson, and in its Principal Memorandum here.[3]

---

[3]    Papst should not be allowed to argue specific relevancy objections in its reply, when Casio has no opportunity to respond.  *See, Hebert v. National Academy of Sciences*, 974 F.2d 192, 196 (D.C. Cir. 1992) ("To consider an argument discussed for the first time in a reply would be manifestly unfair to the appellee who, under our rules, has no opportunity for a written response."); *Flynn v. Veazey Construction Corp. et. al.*, 310 F. Supp. 2d 186, 189 (D.D.C. 2004) (court will ignore new reply arguments or provide opportunity for sur-reply).  Papst is in no position to argue that anything Casio requested is irrelevant.  The patents-in-suit allegedly cover only one of many, many functions and features of the Casio cameras, but the 74 Papst document requests we received from Papst are not even remotely tailored to the issues in the case.  They demand, for example, production of every document ever written, created, received, or generated by any Casio-related entity

**C.**    **Papst's new argument that the sanctions are too harsh**

Papst now argues that the sanctions are too harsh for its misconduct. But Papst's conduct was inexcusable – no reasonable person could believe the March 13 Order meant only that the parties should have a 26(f) conference; nor was it reasonable to believe that a 26(f) conference was required when the Court had expressly ordered that discovery proceed. All the evidence points to conduct that was "inexcusable" and in "bad faith." *United States v. British Am. Tobacco Ltd.*, 387 F.3d 884, 891 (D.C. Cir. 2004); s*ee also National Hockey League et. al. v. Metropolitan Hockey Club, et. al.*, 427 U.S. 639, 643 (1976) (sanctions are not "merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent"); *Update Art, Inc. v. Modiin Publishing, Ltd.,* 843 F.2d 67, 71 (2d. Cir. 1988) (sanctions are "necessary to achieve the purpose of Rule 37 as a credible deterrent rather than a paper tiger") (internal quotations omitted).

The interrogatory responses and document production of Papst were both due on April 2, and according to Papst many documents will not be produced for weeks. Thus, Papst's conduct has unilaterally sliced three months from the period Casio was allowed to pursue its discovery – leaving Casio six months from the date of document production to complete fact discovery, instead of the nine months it would have had but for the Papst misconduct.

---

anywhere in the world that has any relation to a Casio Digital Camera (Request 6), every document related to Casio's sales in every country of the world (as drafted, not even limited to cameras) (Request 19), every document related to costs and profits for Casio Digital Cameras for every Casio-related company world-wide (Requests, 29, 30), every document related to every shipment and receipt of every Casio Digital Camera all over the world (Requests 8, 9), etc. *See* Exhibits H and I. Our motion for sanctions under Rule 26(g) will be filed shortly.

## VI.    <u>CONCLUSION</u>

For all the foregoing reasons, we respectfully request that the Court affirm Magistrate-Judge Robinson's Order in all respects.  Casio further seeks its reasonable attorneys fees under Fed. R. Civ. P. 37 associated with the preparation of this opposition, in the ongoing effort to get responses to its discovery requests.

Respectfully submitted,

DATED:  June 20, 2007

Jeffrey M. Gold, Esq. (pro hac vice)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001

J. Kevin Fee, Esq. (D.C. Bar No. 494016)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

Scott D. Stimpson, Esq. (pro hac vice)
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, New York 10601
Tel: (203) 258-8412
Attorneys for Plaintiff and Counter- Defendant Casio Inc.
and Counter-Defendant Casio Computer Co., Ltd.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
-----------------------------------------------------------X
```
CASIO INC., 570 Mount Pleasant Avenue,            :
Dover, New Jersey 07801                           :
                                                  : Civil Action No. 1:06 CV 01751
          Plaintiff,                              : Judge: Gladys Kessler
                                                  : Magistrate: Deborah A. Robinson
      v.                                          :
                                                  : Next status conference: December 4, 2007
                                                  :
PAPST LICENSING GMBH & CO. KG,                    :
Bahnhofstrasse 33, 78112 Georgen,                 :
Germany                                           :
                                                  :
                                                  :
         Defendant.                               :
```
-----------------------------------------------------------X
-----------------------------------------------------------X
```
PAPST LICENSING GMBH & CO. KG,                    :
Bahnhofstrasse 33, 78112 Georgen,                 :
Germany                                           :
                                                  : Civil Action No. 1:06 CV 01751
      Counter-Plaintiff,                          : Judge: Gladys Kessler
                                                  : Magistrate: Deborah A. Robinson
      v.                                          :
                                                  : Next status conference: December 4, 2007
                                                  :
CASIO INC. and                                    :
CASIO COMPUTER CO., LTD.                          :
                                                  :
      Counter-Defendants                          :
```
-----------------------------------------------------------X
```

## DECLARATION OF JEFFREY M. GOLD, ESQ.

I, Jeffrey M. Gold, hereby declare as follows:

1.      I am a partner at the law firm of Morgan, Lewis & Bockius LLP in the New York Office located at 101 Park Avenue, New York, New York 10178.

2.      I have been admitted to practice law in the State of New York since 1997. I am further admitted to practice in the Southern and Eastern Districts of New York, the Federal Circuit Court of Appeals and before the Patent and Trademark Office. I am also currently admitted pro hac vice before this court as part of this action.

3.      Attached hereto as Exhibit A, is a true and correct copy of Defendant Papst Licensing GMBH & Co. KG's Motion to Continue the March 20, 2007 Initial Status Conference served on counsel for Casio on March 6, 2007.

4.      Attached hereto as Exhibit B is a true and correct copy of Plaintiff Casio Inc.'s Response to Papst Licensing GMBH & Co. KG's Motion to Continue the March 20, 2007 Initial Status Conference, filed with this Court and served on counsel for Papst on March 7, 2007.

5.      Attached hereto as Exhibit C is a true and correct copy of Defendant Papst Licensing GMBH & Co. KG's Reply Brief in Support of Papst's Licensing's Motion to Continue the March 20, 2007 Initial Status Conference served on counsel for Casio on March 9, 2007.

6.      Attached hereto as Exhibit D is a true and correct copy of this Court's Order dated March 13, 2007.

7.      Attached hereto as Exhibit E is true and correct copy of a correspondence from counsel for Casio to counsel for Papst dated March 30, 2007.

8.      Attached hereto as Exhibit F is a true and correct copy of Defendant Papst Licensing GMBH & Co. KG's Memorandum in Opposition to Casio Inc.'s Motion to Compel and for Sanctions.

9.      Attached hereto as Exhibit G is a true and correct copy of the Transcript of Motions Hearing Before the Honorable Deborah A. Robinson United States Magistrate Judge held on May 31, 2007.

10.     Attached hereto as Exhibit H, is a true and correct copy of Defendant Papst Licensing GMBH & Co. KG's First Set of Requests for the Production of Documents and Things to Casio Inc. served on April 20, 2007.

11.     Attached hereto as Exhibit I, is a true and correct copy of Defendant Papst Licensing GMBH & Co. KG's First Set of Requests for the Production of Documents and Things to Casio Computer Co., Ltd. served on April 20, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 20, 2007               By:_____
                                                  Jeffrey M. Gold



EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASIO INC.

Plaintiff,

v.

PAPST LICENSING GMBH & CO. KG,
Defendant.

Civil Action No. 1:06 CV 01751

Judge: Gladys Kessler

PAPST LICENSING GMBH & CO. KG,
Counter-Plaintiff

v.

CASIO INC. and
CASIO COMPUTER CO., LTD.

Counter-Defendants

## PAPST LICENSING GMBH & CO. KG'S MOTION TO CONTINUE THE MARCH 20, 2007 INITIAL STATUS CONFERENCE

Defendant and Counter-Plaintiff Papst Licensing GmbH & Co. KG ("Papst Licensing") respectfully requests that this Court postpone the initial status conference scheduled on March 20, 2007 until May 21, 2007, or such other date as is convenient for the Court. The two month postponement is warranted to allow Papst Licensing to serve its Answer and Counterclaim on Counterclaim Defendant Casio Computer Co., Ltd. ("Casio Japan"), a Japanese company affiliated with Plaintiff Casio Inc. ("Casio U.S."). Pursuant to Local Rule 7(m), counsel for Papst has conferred with counsel for Casio US, who opposes this motion.

1

Casio US filed its Complaint under the Declaratory Judgment Act against Papst Licensing, a German company. This case concerns two patents owned by Papst Licensing covering technology used in digital cameras. On January 3, 2007, Papst Licensing filed and served its Answer and Counterclaim against Casio US. Papst Licensing's Counterclaim alleges patent infringement by both Casio US and Casio Japan.

Soon after filing its Answer and Counterclaim, counsel for Papst Licensing contacted counsel for Casio US to inquire if they would accept service on behalf of Casio Japan so that this case would not be delayed due to the time required to serve Casio Japan through the Hague Service Convention. At that time, counsel for Casio US declined to accept service.

Accordingly, Papst Licensing immediately took steps to effectuate service on Casio Japan through the Hague Service Convention. Specifically, Papst Licensing retained a foreign service specialist, Mr. Rick Hamilton, who is authorized by the United States Department of Justice to coordinate the service of foreign entities through the Hague Service Convention. (See Ex. A, Hamilton Affidavit) Mr. Hamilton caused the Answer and Counterclaim to be translated into Japanese, prepared all necessary service documents and delivered those service papers to Japan's Ministry of Foreign Affairs in Tokyo on February 7, 2007. (Hamilton Affid.) Mr. Hamilton estimates that it may take four to six months to complete service in Japan in accordance with the Hague Service Convention, and that there is no procedure prescribed by the Hague Service Convention that would compel the Japanese authorities to expedite service. (Hamilton Affid.) Therefore, this service process will assuredly not be completed before the initial status

2

conference scheduled on March 20, 2007 and it therefore appears that Casio Japan will not be a represented party at that hearing.

The critical need for Casio Japan's representation as a party in this case has already been demonstrated by counsel for Casio US's recent attempt to conduct a Rule 26(f) conference on March 2, 2007. During this telephone conference, counsel for Casio US repeatedly confirmed that he could not and would not commit to any discovery proposals in any case management proposal on behalf of Casio Japan until Casio Japan was served. Counsel for Casio US also could not and would not provide any information concerning Casio Japan's computer systems or electronic discovery, rendering any meaningful discussion on electronic discovery procedures impossible without any factual context. (Ex. B, Cwik E-mail) Therefore, not only would Casio Japan's absence render the initial case management conference unproductive, the lack of Casio Japan's presence to date has also rendered the parties unable to complete any meaningful Rule 26(f) conference. To the extent Casio US objects to this extension, Papst Licensing's extension request is made necessary by Casio US counsel's refusal to accept service on behalf of Casio Japan or discuss any discovery relating to Casio Japan.

Papst Licensing respectfully suggests that a meaningful initial status conference with the necessary discovery plan and other pretrial tasks cannot be conducted until Casio Japan is formally made a party and is represented by counsel in this case. Papst Licensing has promptly and diligently pursued service in Japan. The interests of justice will be best served and the Court's time and resources best preserved if the initial status conference is postponed approximately two months to permit overseas service to be accomplished and for Casio Japan to participate as a party at the hearing.

3

Accordingly, Papst Licensing respectfully requests that the Court grant this motion and reschedule the initial status conference for May 21, 2007, or such other date as is convenient for the Court.

Dated: March 6, 2007

Campbell Killefer (Bar. No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza • 22nd Floor
Chicago, Illinois 60606
(312) 655-1500
**Attorneys for Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG**

4

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. through the Court's ECF electronic service and by regular U.S. Mail, postage prepaid, this March 6th, 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Scott D. Simpson
Jeffrey M. Gold
MORGAN LEWIS & BROCKIUS LLP
101 Park Avenue
New York, New York 10178
**Counsel for Casio Inc.**

Campbell Killefer

Campbell Killefer

5

Exhibit A

UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC.,<br>Plaintiff<br><br>PAPST LICENSING GMBH & CO. KG.<br>Defendant,<br><br>PAPST LICENSING GMBH & CO. KG.<br>Counter-Plaintiff<br>vs.<br>CASIO INC. AND CASIO COMPUTER CO.,<br>LTD.<br>Counter-Defendants | Cause No. 1:06 CV 01751<br>AFFIDAIVT OF RICK HAMILTON |

State Of Washington, County of King

The undersigned, being first duly sworn on oath, deposes and says:

That I'm now, and at all times herein mentioned, a citizen of the United States and resident of the State of Washington, over the age of eighteen, not a party to nor interested in the above entitled action, and competent to be a witness therein.

That I'm Director of Operations for Process Forwarding International contracted by the United States Department of Justice to act as Central Authority in accordance with the Hague Convention on the service abroad of judicial and extra judicial documents in civil and commercial matters (Hague Service Convention) and oversee to service of process to and from other member nations including Japan.

That on January 31, 2007 I received a Summons in a Civil Case; Papst Licensing GmbH & Co. KG's Answer, Counterclaim and Jury Demand; and Certificate of Service in the above titled action with instructions to have these documents served upon Casio Computer Co., Ltd. at their address in Japan in accordance with the Hague Service Convention.

That after preparing the application for process service and causing the aforementioned documents to be translated into Japanese I submitted the application for process service and documents to the Minister of Foreign Affairs in Tokyo as prescribed by the Hague Service Convention by Federal Express, attached hereto is a copy of the application for service and translations completed.

That Federal Express confirms the application for process service and other documents were received by the Japanese authorities on February 7, 2007, attached hereto is a copy of the confirmation received from Federal Express.

That it is my belief based on my prior experiences a process service request sent to Japan in accordance with the Hague Service Convention may take four to six months to complete, and I know of no mechanism or procedure prescribed by the Hague Service Convention that would allow me to compel the foreign authorities to expedite a process service request.

Rick Hamilton

Subscribed and sworn before me on March 5 2007

Robin Hamilton, a Notary Public in the State of Washington, residing at Seattle

## REQUEST
## FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.

| Identity and address of the applicant | Address of receiving authority |
|---|---|
| **Rick Hamilton** <br> **633 Yesler Way** <br> **Seattle, WA 98104** <br> **United States of America** <br><br> Authorized applicant pursuant to public law 97-351 of Feb. 26, 1983 <br> which amended rule 4(c) 2(a) Federal Rules of Civil Procedure | The Minister of Foreign Affairs <br> 2-2-1 Kasumigaseki, Chiyoda-ku <br> Tokyo 100, Japan |

The undersigned applicant has the honour to transmit-in-duplicate the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.:

(identity and address)

**CASIO COMPUTER CO., LTD.**
**6-2 HONMACHI 1-CHOME**
**SHIBUYA-KU**
**TOKYO 151-8543**

DOB:                           Phone:

☒ (a) in accordance with the provisons of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*

☐ (b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5):*

_____

_____

☐ (c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of aticle 5).*

The authority is requested to return or to have returned to the applicant a copy of the documents – and of the annexes* – with a certificate as provided on the reverse side.

Hearing Date:

List of documents:

**SUMMONS IN A CIVIL CASE; PAPST LICENSING GMBH & CO. KG'S ANSWER, COUNTERCLAIM AND JURY DEMAND; CERTIFICATE OF SERVICE**

Done at Seattle, Washington USA, on Jan 30 2007

Signature and/or stamp





TRACKING #: 2406625

USM-94 (Est. 11/22/77)
(formerly ORD-116, which was formally LAA-116, both of which may still be used)
* Delete if inappropriate

# SUMMARY OF THE DOCUMENT TO BE SERVED

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**

### (article 5, fourth paragraph)

Name and address of the requesting authority:    **Rick Hamilton
633 Yesler Way
Seattle, WA 98104
United States of America**

Particulars of the parties:

**CASIO INC.,
Plaintiff**

**PAPST LICENSING GMBH & CO. KG.
Defendant,**

**PAPST LICENSING GMBH & CO. KG.
Counter-Plaintiff**

vs.    **CASIO INC. AND CASIO COMPUTER CO., LTD.
Counter-Defendants**

## JUDICIAL DOCUMENT*

Nature of the document:

To give notice to the Counter-Defendant of the institution against them of a claim for civil and summon them to answer to the claim.

Nature and purpose of the proceedings and, where appropriate, the amount in dispute:

Plaintiff is seeking a declaratory and injunctive judgment, amount to be determined in court.

Date and place for entering appearance:*

Counter-Defendant has twenty days from receipt of the Summons to answer to the claim, address is noted on the Summons.

Court which has given judgment:*

n/a

Date of judgment:*

n/a

Time limits stated in the document:*

Hearing Date:

## EXTRAJUDICIAL DOCUMENT*

Name and purpose of the document:

n/a

Time limits stated in the document:*

n/a

TRACKING #: 2406625



USM-94 (Est. 11/22/77)
(Formerly OBD-116, which was formally LAA-116, both of which may still be used)
* Delete if inappropriate

FedEx | Track

Track Shipments
## Detailed Results

(?) Quick Help

| | | | |
|---|---|---|---|
| **Tracking number** | 799082208777 | **Destination** | TOKYO JP |
| **Signed for by** | .TAKAHASHI | **Delivered to** | Mailroom |
| **Ship date** | Feb 5, 2007 | **Service type** | Priority Envelope |
| **Delivery date** | Feb 7, 2007 12:11 PM | **Weight** | 0.8 lbs. |
| **Status** | Delivered | | |

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Feb 7, 2007 | 12:11 PM | Delivered | TOKYO JP | |
| | 11:13 AM | On FedEx vehicle for delivery | TOKYO-KOTO-KU JP | |
| | 10:32 AM | At local FedEx facility | TOKYO-KOTO-KU JP | |
| | 8:37 AM | Int'l shipment release | NARITA-SHI JP | |
| | 8:37 AM | In transit | NARITA-SHI JP | |
| | 8:26 AM | In transit | NARITA-SHI JP | Package available for clearance |
| Feb 6, 2007 | 2:00 AM | Departed FedEx location | OAKLAND, CA | |
| Feb 5, 2007 | 10:52 PM | Arrived at FedEx location | OAKLAND, CA | |
| | 6:30 PM | Left origin | SEATTLE, WA | |
| | 5:59 PM | Package data transmitted to FedEx | | |
| | 5:27 PM | Picked up | SEATTLE, WA | |

[ Signature proof ] [ E-mail results ] [ Track more shipments ]

Subscribe to tracking updates (optional)

**Your Name:**        **Your E-mail Address:**

| E-mail address | Language | Exception updates | Delivery updates |
|---|---|---|---|
| | English | | ☐ |
| | English | | ☐ |
| | English | | ☐ |
| | English | | ☐ |

Select format: ⦿ HTML ⚪ Text ⚪ Wireless
Add personal message:

Not available for Wireless or
non-English characters.

By selecting this check box and the Submit button, I agree to these Terms and Conditions

**Killefer, Campbell**

Exhibit B

| | |
|---|---|
| **From:** | Cwik, Joseph [jecwik@welshkatz.com] |
| **Sent:** | Tuesday, March 06, 2007 9:59 AM |
| **To:** | jgold@morganlewis.com |
| **Cc:** | Killefer, Campbell; Sliwinski, Cynthia; Schnayer, Jerold; sstimpson@morganlewis.com |
| **Subject:** | RE: Casio Inc. Discovery Requests |

Jeff,


Jeff,

Our telephone conference on March 2, 2007 was not a final Rule 26(f) conference given that
one of the Counter-Defendants, Casio Computer Co., Ltd. refused to participate. Until we
have completed the Rule 26(f) conference, it is not proper to serve discovery, and we
consider Casio Inc.'s First Set of Interrogatories and First Set of Requests to Produce
withdrawn.

Regards,
Joe

Joseph E. Cwik
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Direct Phone: (312) 526-1622
Fax (312) 655-1501


-----Original Message-----
From: jgold@morganlewis.com [mailto:jgold@morganlewis.com]
Sent: Monday, March 05, 2007 2:49 PM
To: Cwik, Joseph
Cc: Killefer, Campbell; Sliwinski, Cynthia; Schnayer, Jerold; sstimpson@morganlewis.com
Subject: Re: Request to Extend Time for Case Management Conference



Joseph,

We have the following responses to your email, following our 26(f) conference on Friday:

1)     We would not oppose a two week postponement of the hearing now set
for March 20th as long you will agree to the following:

     a.     This postponement will not effect the timeframe for Papst's
responses to Casio, Inc.'s discovery requests.  They were served on your DC counsel by
hand on Friday making responses due on April 2, 2007;
     b.     You will provide us with copies of the Hague convention
service
papers you claim to have served on Casio Japan so we can verify that you have actually
begun the process; and
     c.     You will not seek any further postponements of the Initial
Scheduling Conference is this case.

2)     A draft 26(f) report is in the works and will be forwarded to you
in
due course.

3)     No part of any discussions we had during the 26(f) conference, or

1

since then, has been on behalf of anyone other than Casio, Inc.

4) Regarding your requests to identify the specific details of the Casio, Inc., Casio Japan and any "related entities" computer systems, such a request is beyond the scope of a 26(f) conference. That said, in the spirit of cooperation and with the expectation that Papst will respond with information about its systems, Casio Inc. has a Windows based email server that contains about 50 GB of emails and a Windows based file and print sharing server with about 200 GB of data from about 400 users. It would be Casio Inc.'s position that most of this information would be completely irrelevant to this litigation. If you believe you are entitled to any more information about Casio Inc.'s system or any specific discovery, please serve a discovery request and we will consider it.

Regards.

Jeffrey M. Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178
(212) 309-2113

| | | |
|---|---|---|
| To | "Cwik, Joseph" <jecwik@welshkat z.com> | jgold@morganlewis.com, sstimpson@morganlewis.com |
| | 03/02/07 06:06 PM | |
| cc | | "Killefer, Campbell" <CKillefer@Venable.com>, "Sliwinski, Cynthia" <csliwinski@welshkatz.com>, "Schnayer, Jerold" <jbschnayer@welshkatz.com> |
| Subject | | Request to Extend Time for Case Management Conference |

2

Jeff,

This will confirm the telephone conference with us today.  We asked you for a two month extension of time for the Case Management Conference given that one of the parties, Casio-Japan, is not represented and has not yet been served. You declined this extension request. When we asked if you would agree to any extension, you replied that you would need to speak to your client first and would provide us with a response by early next week.

Please let us know your client's response on this issue as soon as possible.

As for the other issues you did mention today, you stated that you could not and would not speak on behalf of one of the parties in this case, Casio-Japan.  When we asked if Casio Japan agreed to each of your case management proposals, you indicated that you could not and would not answer that question.  You also stated that you would soon provide us with your written proposal for a Rule 26(f) report.

As we asked you today, please provide us with a detailed description of all potentially relevant computer systems and databases that are and have been used by Casio Inc., Casio Japan and all related entities so that any electronic discovery proposal can be considered in an actual factual context.  Also, please provide us with a detailed description of the size of the potentially relevant data for each of those corresponding databases or computer systems.

Regards,

Joe
Joseph E. Cwik
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Direct Phone: (312) 526-1622
Fax (312) 655-1501

DISCLAIMER
This e-mail message is intended only for the personal
use of the recipient(s) named above. This message may
be an attorney-client communication and as such privileged
and confidential.  If you are not an intended recipient,
you may not review, copy or distribute this message. If
you have received this communication in error, please
notify us immediately by e-mail and delete the original message.

3



J. Kevin Fee, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000

Scott D. Stimpson, Esq. (*pro hac vice*)
Jeffrey M. Gold, Esq. (*pro hac vice*)
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 1018-0060

Attorneys for Plaintiff
Casio Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **CASIO INC.,** | **Case No. 1:06-CV-01751** |
| **Plaintiff** | |
| **v.** | |
| **PAPST LICENSING GMBH & CO. KG** | **Judge: Gladys Kessler** |
| **Defendant.** | |

Plaintiff Casio Inc. ("Casio US") responds herein to Defendant Papst

Licensing GMBH & Co. KG's ("Papst") Motion to Continue the March 20, 2007 Initial

Status Conference.

### RESPONSE

This request to postpone the Initial Status Conference, now scheduled for March 20,

2007, is the second made by Papst. Papst already asked for a continuance of the Initial

Status Conference that was originally set for February 1, 2007, a request that Casio US did

not oppose.

Service by the Hague Convention should not take four to six months, as Papst claims. Indeed, when counsel for Papst refused to accept service of the Complaint at the beginning of this action, Casio US was forced to proceed to serve by the Hague Convention and service was completed in less than six weeks. Research indicates that the process, if done correctly, should be completed in much less than the time Papst has already had to serve Casio Japan. In fact, the State Department website indicates that "central authorities generally accomplish service within two months." *See Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters*, United States Department of State, available at http://travel.state.gov/law/info/judicial/judicial_686.html (under the "Time Frame" heading -- last visited March 7, 2007).

Casio US does not object to a short postponement of the Scheduling Conference while Papst continues to try to add Casio Japan, so long as discovery proceeds in the interim. Casio US's primary concern is that Papst will use this postponement to avoid or needlessly delay discovery. Also, as the present case will involve discovery from foreign countries, including Germany where Papst and (we believe) the named inventor are located, it is important to commence this discovery sooner rather than later.

It is black letter law that once a 26(f) conference takes place, discovery can begin. U.S.C.S. Fed. R. Civ. P. 26(d); *see also Old Dominion Electric Coop. v. Ragnar Benson, Inc.*, No. 3:05CV034(JRS), 2005 U.S. Dist. LEXIS 9842, at *2 (D. Va. 2005). This is applicable whether or not all parties have been served. *See, e.g., Steppes Apt., Ltd. v. Armstrong*, 188 F.R.D. 642, 644 (D. Utah 1999); *Biocore, Inc. v. Medica Rents Co.*, No. 98-2268, 1998 U.S. Dist. LEXIS 14372, at *6 (D. Kan. 1998). Casio US and Papst have had their Rule 26(f) conference, and pursuant to Rule 26, discovery should begin. The March 2, 2007 teleconference

was set up in advance by counsel for Casio US to be the case's 26(f) conference and, during the teleconference, every item specified in this Court's local rule, LCvR 16.3, as well as electronic discovery, was addressed. Accordingly, Casio US served interrogatories and document requests on Papst on March 2, 2007 once the conference was complete.

Accordingly, Casio US respectfully request that the Court either proceed with the Scheduling Conference on March 20, or that any postponement of the Conference not be in excess of another month. Either way, Casio US requests that discovery between Casio US and Papst be allowed to proceed.

Respectfully submitted,

DATED: March 7, 2006

Scott D. Stimpson, Esq. *(pro hac vice)*
Jeffrey M. Gold, Esq. *(pro hac vice)*
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178

J. Kevin Fee, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Attorneys for Plaintiff
Casio Inc.



**EXHIBIT C**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC. | |
| Plaintiff, | |
| v. | Civil Action No. 1:06 CV 01751 |
| | Judge: Gladys Kessler |
| PAPST LICENSING GMBH & CO. KG, Defendant. | |
| PAPST LICENSING GMBH & CO. KG, Counter-Plaintiff | |
| v. | |
| CASIO INC. and CASIO COMPUTER CO., LTD. | |
| Counter-Defendants | |

## REPLY BRIEF IN SUPPORT OF PAPST LICENSING'S MOTION TO CONTINUE THE MARCH 20, 2007 INITIAL STATUS CONFERENCE

Defendant and Counter-Plaintiff Papst Licensing GmbH & Co. KG ("Papst Licensing") respectfully submits this short Reply in support of Papst Licensing's motion to postpone the initial status conference scheduled on March 20 until May 21, 2007, or such other date as is convenient for the Court. Plaintiff Casio Inc.'s opposition to the motion does not undercut the reasons why a two-month postponement is warranted to allow Papst Licensing to serve its Answer and Counterclaim on Counterclaim Defendant Casio Computer Co., Ltd. ("Casio Japan"), a Japanese company affiliated with Plaintiff Casio Inc. ("Casio U.S."). We will make three short points in reply.

1

First, Casio U.S.'s argument that a telephone call on March 2, 2007, constituted the parties' Rule 26(f) conference does not satisfy Local Rule 16.3(a). This Court's Local Rule anticipates that, if all Defendants cannot (or will not) participate in the Rule 26(f) conference, the conference should be continued until all parties are served and are formally "Defendants" who must participate. As discussed in the attached March 7 letter to Casio U.S.'s counsel (see Exhibit A attached hereto), counsel for Casio U.S. would not and could not make any representations or commitments for Casio Japan. Even simple questions such as Casio Japan's electronic data and e-mail systems went unanswered. During the March 2 phone call, the chair for Casio Japan was empty.

Second, the evidence that Papst Licensing seeks to prove patent infringement by Casio U.S. and Casio Japan likely resides within the control of Casio Japan in Japan. On information and belief, Casio U.S. does not design or manufacture the infringing devices. Instead, the locus of the infringing activities is likely at Casio Japan, which is the parent/affiliate that controls the design and manufacture of the equipment, and later controls the shipment of the equipment for further distribution by Casio U.S. Proceeding with a discovery plan now, when Casio Japan has not yet been served and counsel for Casio U.S. will not and apparently cannot speak for Casio U.S., will waste the time and resources of the Court and the parties.

Third, what really is going on is that Casio U.S. is attempting to gain tactical advantage in discovery by claiming to have conducted a good faith Rule 26(f) conference on March 2, and immediately thereafter serving written discovery on Papst Licensing, when the phone call was missing the critical Defendant's counsel. (See March 7 letter attached hereto as Exhibit A). Casio Japan has not yet been served with the summons

2

and Complaint because counsel for Casio U.S. declined to accept service and Papst Licensing therefore has no choice but to proceed with the "jump through the hoops" service in Japan under the Hague Service Convention as set forth in the Affidavit of Rick Hamilton (see Exhibit A accompanying Papst Licensing's motion). Casio U.S. merely points to a State Department website, but offers no evidence to undercut Mr. Hamilton's statements under oath about Papst Licensing's prompt and diligent efforts to serve Casio Japan in Japan.

Needless to say, Papst Licensing will participate in the March 20 initial status conference if the Court so directs. With all due respect, the same "empty chair" for Casio Japan will be present in the courtroom if we proceed without counsel for Casio Japan on March 20.

Accordingly, Papst Licensing respectfully requests that the Court grant its motion and reschedule the initial status conference for May 21, 2007, or such other date as is convenient for the Court.

Dated: March 9, 2007

Campbell Killefer (Bar. No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza ● 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

**Attorneys for Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG**

3

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. through the Court's ECF electronic service and by regular U.S. Mail, postage prepaid, this March ___, 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Scott D. Simpson
Jeffrey M. Gold
MORGAN LEWIS & BROCKIUS LLP
101 Park Avenue
New York, New York 10178

**Counsel for Casio Inc.**

_____
Campbell Killefer

4



WELSH & KATZ, LTD.

*Attorneys at Law*

120 SOUTH RIVERSIDE PLAZA · 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

www.welshkatz.com

A. SIDNEY KATZ*
RICHARD L. WOOD*
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
DANIEL R. CHERRY
ROBERT B. BREISBLATT
JAMES P. WHITE
R. MARK HALLIGAN
HARTWELL P. MORSE, III
EDWARD P. GAMSON, Ph.D.
KATHLEEN A. RHEINTGEN
THOMAS W. TOLPIN*
RICHARD W. McLAREN, JR.
ELLIOTT C. BANKENDORF
ERIC D. COHEN
JOHN L. AMBROGI
JULIE A. KATZ
JON P. CHRISTENSEN
WALTER J. KAWULA, JR.
LEONARD FRIEDMAN
STEVEN E. FELDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, Ph.D.
JOSEPH E. CWIK

J. ARON CARNAHAN
ERIK B. FLOM, Ph.D.
JAMES B. RADEN

RICHARD J. GURAK
DANIEL M. GURFINKEL
MICHELE S. KATZ*
BRIAN J. SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, Ph.D.
SHERRY L. ROLLO
CRAIG N. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY

OF COUNSEL
LAURIE A. HAYNIE
JAMES J. MYRICK
THOMAS R. VIGIL
PHILIP D. SEGREST, JR.**
WALLACE L. OLIVER, Ph.D.
LAURA A. LABEOTS, Ph.D.

DONALD L. WELSH (1928-1998)

* ALSO ADMITTED IN DISTRICT OF COLUMBIA
** ALSO ADMITTED IN ALABAMA

March 7, 2007

**VIA FACSIMILE AND U.S. MAIL**
Jeffrey Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

Re:    <u>Casio Inc. v. Papst Licensing</u>, Case No. 1:06 CV 011751 (GK)

Dear Jeffrey:

I write to address your March 6, 2006 e-mail asserting that the parties had a Rule 26(f) conference on March 2, 2007, and therefore discovery may now proceed. There was not and could not be a Rule 26(f) conference for several reasons.

First, there could not be a Rule 26(f) conference because one of the parties, Casio Computer Co., Ltd., refused to participate. At our March 2, 2007 conference, you stated that you could not and would not speak on behalf of one of the parties in this case, Casio Japan. When we asked if Casio Japan agreed to each of your case management proposals, you indicated that you could not and would not answer that question. When we asked if you knew any of the details concerning Casio Japan's electronic information and computer systems, you stated that you could not and would not provide that information. Accordingly, there was not and could not be a Rule 26(f) conference given that the required topics for any such conference, such as the scope of each party's electronic discovery, could not be addressed. Furthermore, Local Rule 16.3(a) clearly anticipates that if all parties cannot participate at a Rule 26(f) conference, the conference should be continued until such time all parties are served. Here, Casio Japan has not yet been served because your firm has refused to accept service on behalf of Casio Japan. As a result, Papst Licensing has been forced to effectuate service through the months long Hague Service Convention procedure. Because the Affidavit of Rick Hamilton clearly demonstrates

Jeffrey Gold

March 7, 2007
Page 2

that Papst Licensing has diligently pursued its service of Casio Japan, any delays in service are the fault of your firm, not Papst Licensing.

Second, Papst Licensing never agreed that the March 2, 2007 telephone conference would in fact be a Rule 26(f) conference. Instead, Papst Licensing participated on March 2, 2007 to listen to proposals that Casio Inc. had concerning scheduling, to ask questions related thereto, and to request a two-month extension of any Rule 26(f) conference and the initial case management conference. If Casio Inc. had actually intended for the March 2, 2007 conference to be a Rule 26(f) conference, it would have sent a proposed case management plan in advance of the conference. In fact, Papst Licensing specifically asked you by e-mail on March 1, 2007 and early on March 2, 2007 if there were any materials that you wanted Papst Licensing to review before the conference. Because Casio Inc. sent no proposed case management plan or any other materials in advance of our March 2, 2007 conference, there was clearly no expectation on behalf of the parties that anything other than a preliminary discussion would occur.

Therefore, the parties have not yet conducted a Rule 26(f) conference, your March 2, 2007 service of discovery was premature and not permitted under the Federal Rules of Civil Procedure.

By: _____

Joseph E. Cwik

JEC/pm
cc:    Jerold B. Schnayer



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CASIO, INC.,                                :
                                            :
    **Plaintiff & Counter-Defendant,**   :
                                            :
        v.                 :    **Civil Action No. 06-1751 (GK)**
                                            :
PAPST LICENSING GMBH & CO., KG, :
                                            :
    **Defendant & Counter-Plaintiff,**   :

## ORDER

Upon consideration of the Motion of Defendant and Counter-Plaintiff, Papst Licensing GMBH & Co., KG, to continue the March 20, 2007 Initial Scheduling Conference, the Opposition, and the Reply, it is hereby

ORDERED, that the Motion is **granted**; and it is further

ORDERED, that the Initial Scheduling Conference is continued until **May 14, 2007 at 10:15 a.m.**; and it is further

ORDERED, that no further continuances of the Initial Scheduling Conference will be granted; and it is further

ORDERED, that discovery between Plaintiff and Defendant is to proceed; and it is further

ORDERED, that <u>all counsel</u> are to comply with LCvR 7(c), which they do not seem to be aware of.

March 13, 2007

                          /s/
                          Gladys Kessler
                          United States District Judge

**Copies via ECF to all counsel of record**



EXHIBIT

E

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com

# Morgan Lewis
### COUNSELORS AT LAW

**Jeffrey M. Gold**
212.309.2113
jgold@morganlewis.com

March 30, 2007

## VIA ELECTRONIC MAIL

Joseph E. Cwik
Welsh & Katz, Ltd.
120 South Riverside Plaza
22nd Floor
Chicago, IL 60606-3912

Re:    Casio Inc. v. Papst

Dear Joe:

In response to your letter of March 28, we believe that your continued efforts to delay discovery are completely off base and unsupported. The court ordered that discovery proceed, despite Papst's request that it not proceed. We held the required 26(f) Conference on March 2, 2007, and our discovery was properly served thereafter. We expect full and appropriate responses on April 2, 2007 and if we do not receive them we will take appropriate action.

With respect to the case management report and schedule we proposed two weeks ago after the 26(f) Conference, to which you have not responded, Casio Japan will agree to the proposed dates, content and discovery related terms. Please provide your comments so we can submit the documents as required in a timely fashion in advance of the May 14, 2007 Initial Scheduling Conference.

To the extent you wish to further discuss electronic discovery, we are amenable to doing so in an effort to agree on mutually acceptable terms. We note that we proposed several electronic discovery procedures at the 26(f) Conference and followed up with information you requested regarding Casio Inc. and have received no response from you. Regardless, no one from Casio will participate in such a discussion, nor is there any requirement that they do so. We will be able to provide the information required under the rules. Further, until we know what you intend to request in this litigation, we can not estimate the volume of electronic material that will be responsive and/or relevant.

**Morgan Lewis**
COUNSELORS AT LAW

Joseph E. Cwik
March 30, 2007
Page 2

Additionally, in an effort to advance discovery, please inform us whether you intend to take the position that Tasler's and/or LTT's documents are not within your custody and control. We would also like to know whether you intend to produce them in response to our requests.

Finally, as a house keeping matter, please direct all future correspondence to the following email addresses:

> SStimpson@MorganLewis.com
> JGold@MorganLewis.com
> JKFee@MorganLewis.com
> LKrawczyk@MorganLewis.com

Sincerely,

Jeffrey M. Gold



**EXHIBIT F**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASIO INC.

Plaintiff,

v.

PAPST LICENSING GMBH & CO. KG,
Defendant.

_____

PAPST LICENSING GMBH & CO. KG,
Counter-Plaintiff

v.

CASIO INC. and
CASIO COMPUTER CO., LTD.

Counter-Defendants

Civil Action No. 1:06 CV 01751

Judge: Gladys Kessler

## PAPST LICENSING GMBH & CO. KG'S  MEMORANDUM IN OPPOSIITON TO CASIO INC.'S MOTION TO COMPEL AND FOR SANCTIONS

Defendant  and  Counter-Plaintiff Papst Licensing GmbH & Co. KG ("Papst Licensing") respectfully requests that this Court deny Casio Inc.'s ("Casio USA") Motion to Compel and for Sanctions.  Casio USA's motion gives the word "overreaching" a new meaning and should be denied.

I.    **INTRODUCTION**

The underlying premise of Casio USA's motion is that the parties engaged in an alleged Rule 26(f) conference via telephone call on March 2, 2007 even though one of the parties in this case, Casio Computer Co., Ltd. ("Casio Japan"), refused to participate in

1

the conference call and even though Papst Licensing never agreed to such a conference. (Casio USA and Casio Japan are referred to collectively as "Casio" at appropriate points in this legal memorandum.) Instead of waiting for a proper Rule 26(f) conference to occur with Casio Japan as a participant, Casio USA jumped the gun on March 2, 2007 by purporting to serve Interrogatories and Requests for Production of Documents by hand delivery that same day on counsel for Papst Licensing. The March 2 conference call was a mere trick to allow Casio USA to serve improper written discovery without a full and complete Rule 26(f) conference.

Ever since March 2, 2007, Papst Licensing has diligently sought informal discovery from both Casio USA and Casio Japan so that a meaningful and proper Rule 26(f) conference could occur as soon as possible. In response to Papst Licensing's requests for informal discovery, Casio USA and Casio Japan have refused to provide the basic information logically needed to determine how long discovery will take in this case and from whom discovery will be required (e.g., information concerning their computer systems that will affect e-discovery). Rather than meet and confer with Papst Licensing in a good faith basis to determine whether agreements can be made regarding scheduling and the scope of discovery, Casio USA now steadfastly refuses by claiming that a proper Rule 26(f) conference took place on March 2, 2007, and nothing else needs to be accomplished.

The parties' *joint* case management plan is now due to the Court no later than May 7, 2007. Papst Licensing submits that the parties should be focusing their efforts on providing thoughtful proposals to the Court rather than briefing a meritless motion to compel discovery and for sanctions. Therefore, Papst Licensing respectfully requests that

2

this Court deny Casio USA's motion, and order both Casio USA and Casio Japan to participate, in good faith, in a Rule 26(f) conference within the next three days. If the Court were to find that Papst Licensing should provide responses to Casio USA's written discovery requests, Papst Licensing is prepared to do so within seven days of any such Court order. Any such discovery responses, however, would be incomplete and preliminary because of Casio's failure to conduct a proper and complete Rule 26(f) conference.

## II.    FACTUAL BACKGROUND

Casio USA filed its Complaint under the Declaratory Judgment Act against Papst Licensing, a German company. This case concerns two patents owned by Papst Licensing covering technology used in digital cameras. On January 3, 2007, Papst Licensing filed and served its Answer and Counterclaim against Casio USA. Papst Licensing's Counterclaim alleges patent infringement by both Casio USA and Casio Japan.

Soon after filing its Answer and Counterclaim, counsel for Papst Licensing contacted counsel for Casio USA to inquire if they would accept service of a summons and the counterclaim on behalf of Casio Japan so that this case would not be delayed due to the time required to serve Casio Japan through the Hague Service Convention. Counsel for Casio USA declined to accept service for Casio Japan despite the fact that Casio USA and Casio Japan are represented by the same law firm, Morgan Lewis and Bockius, LLP. Accordingly, Papst Licensing immediately took steps to effectuate service on Casio Japan through the Hague Service Convention.

Before Casio Japan could be served, Casio USA demanded that Papst Licensing hold a Rule 26(f) conference on March 2, 2007.   Without ever agreeing that a Rule 26(f) conference could or would occur without participation by Casio Japan, Papst Licensing received Casio USA's phone call on March 2, 2007 in an attempt to discuss an exchange of informal discovery on Rule 26(f) issues, and how a Rule 26(f) conference could occur without the participation of one of the three named parties to the case.   At that time, Papst Licensing informed Casio USA that a meaningful Rule 26(f) conference could not occur until Casio Japan participated in the Rule 26(f) conference, and requested that any Rule 26(f) conference be postponed until all the named parties were ready to meaningfully participate. (Ex. A)  Papst Licensing had no expectation that a Rule 26(f) conference would actually occur on March 2, 2007. Id. Furthermore, Papst Licensing received no scheduling proposals from Casio USA prior to that March 2, 2007 conference despite Papst Licensing's request for a scheduling proposal before any Rule 26(f) conference.  Id.

The need for Casio Japan's participation in any Rule 26(f) conference demonstrated itself on March 2, 2007.  During a conference call, counsel for Casio USA confirmed that he could not and would not commit to any discovery proposals in any case management proposal on behalf of Casio Japan.  Counsel for Casio USA also could not and would not provide any information concerning Casio Japan's computer systems or electronic discovery, thereby rendering any meaningful discussion on electronic discovery procedures impossible without any factual context.  Therefore, the lack of Casio Japan's participation on March 2, 2007 rendered the parties unable to address the Rule 26(f) topics in the thoughtful manner that Rule 26(f) anticipates.

When it became apparent that Casio Japan would likely not yet be served with the summons and counterclaim and therefore would not attend the Court's initial case management conference set for March 20, 2007, Papst Licensing filed a Motion to Continue the initial case management conference on the grounds that Casio Japan's absence from the case rendered the parties unable to complete any meaningful Rule 26(f) conference and would render the initial case management conference unproductive. [Docket #12]  In its response brief, Casio USA argued that the motion should be denied because "Casio U.S. and Papst have had their Rule 26(f) conference…" [Docket #13] This Court <u>granted</u> Papst Licensing's motion and continued the initial case management conference until May 14, 2007.  [Docket #16]   This Court's Order was also silent on whether a Rule 26(f) conference had actually occurred. *Id*. While this Court's Order did state that "discovery is to proceed," that Order was consistent with Papst Licensing Motion to Continue, which argued that the parties needed informal discovery on Rule 26(f) issues before any meaningful Rule 26(f) proposals could be discussed. [Docket #12].

Since this Court's ruling on March 13, 2007, Papst Licensing has diligently sought to obtain informal discovery from both Casio USA and Casio Japan so that a meaningful Rule 26(f) conference could occur.  Specifically, Papst Licensing requested details on the computer systems and electronic information possessed by Casio USA and Casio Japan.  Recognizing that such information was indeed relevant to Rule 26(f) scheduling issues, Casio USA and Casio Japan later agreed to exchange some of the requested electronic systems information on April 13, 2007. (Ex. B).   When Casio previously represented that it would need to know the types of discovery that Papst

Licensing would request to fully consider the Rule 26(f) issues, Papst Licensing informally provided that information in its letter dated April 2, 2007. (Ex. C)  Papst Licensing also provided Casio with formal discovery requests on April 20, 2007, with the stated understanding that such requests would only be considered as having been formally served when the parties completed their Rule 26(f) conference. (Ex. D).

Despite Papst Licensing's requests informally to exchange discovery on Rule 26(f) issues, Casio has essentially ignored those requests.  For example, on April 6, 2007, counsel for each party met and conferred to discuss the Rule 26(f) issues on a preliminary basis. (Ex.  E) At that time, Casio USA and Casio Japan were unable to provide information on several issues that are logically needed by Papst Licensing to determine from whom discovery will be sought and how long discovery will take.  Specifically, Papst Licensing asked:

1.    What are the names of all the Casio companies (or third-parties) that were involved in the design and development of each Casio Digital Camera?

2.    What are the names of all the Casio companies (or third-parties) that were involved in the manufacture of each Casio Digital Camera.

3.    What are the names of all the Casio companies (or third-parties) that were involved in the sale or offer for sale of each Casio Digital Camera worldwide?

4.    Are both Casio Japan and Casio U.S. wiling to voluntarily (and without third-party subpoena) produce relevant information and witnesses from all of their parent companies, sister companies, subsidiaries, predecessors, successors in interest, related entities, any person employed by any of these entities, and all of Casio's agents and representatives (including but not limited to its attorneys, accountants, and consultants)?

5.    Is all of Casio Japan's and Casio U.S's potentially relevant electronic information "reasonably accessible" as that term is used in Fed.R.Civ.P. 26?

6.   What are the names, titles and employers of those individuals at Casio
Japan and Casio U.S. who have specialized knowledge of each respective
party's computer systems, applications and potentially relevant electronic
information?

(Ex. E)

Answers to these questions would significantly assist the parties and the Court in

determining for how long discovery should be scheduled, and how discovery should be

handled in this case. *See,* Rule 26(f)(requiring discussion on "the subjects on which

discovery may be needed, when discovery should be completed, and …issues relating to

disclosure or discovery of electronically stored information, including the form or forms

in which it should be produced" Fed.R.Civ.P. 26(f)(1). Because neither Casio USA nor

Casio Japan could provide answers to these questions, the parties agreed to continue the

Rule 26(f) conference to April 18, 2007. (Ex. E). Papst Licensing again provided these

requests by letter to Casio USA and Casio Japan on April 18, 2007. (Ex. E).

Notwithstanding their agreement for a continued conference, Casio USA's

counsel called the morning the April 18, 2007 to inform Papst Licensing that they were

unilaterally cancelling the conference scheduled for later that day, and informed Papst

Licensing for the first time that Casio USA would not provide any information on the

Rule 26(f) issues stated above. (Ex. F). Casio USA's purported reason for cancelling the

conference was that Casio USA had not yet received Papst Licensing's written proposals

for the Rule 26(f) report, even though the report was not due to the Court until several

weeks later on May 7, 2007. Nonetheless, in yet another effort to move the Rule 26(f)

process along, Papst Licensing provided Casio with its written proposals for a Rule 26(f)

report on April 25, 2006, a full twelve days before the report was even due to the Court.

(Ex. G).

7

Unfortunately, Papst Licensing was forced to provide its Rule 26(f) proposals in a vacuum without the informal information previously requested from Casio and without Casio's willingness to even talk about the issues in the previously scheduled conference set for April 18, 2006. As a result, Casio has reached the point where it is refusing to participate in any further Rule 26(f) conference, and is instead steadfastly sticking to its misguided belief that a phone call on March 2, 2007 constituted a complete and proper Rule 26(f) conference despite the lack of participation by Casio Japan.

## III.   CASIO'S MOTION TO COMPEL SHOULD BE DENIED AS NO PROPER RULE 26(f) CONFERENCE OCCURRED.

As provided in Fed.R.Civ.P. 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Furthermore, "Without leave of court or written stipulation, a request [for production] may not be served before the time specified in Rule 26(d)." Fed.R.Civ.P. 34(b). Similarly, "Without leave of court or written stipulation, interrogatories may not be served before the time specified in Rule 26(d)." Fed.R.Civ.P. 33(a).

This Court's Local Civil Rules contemplate that the time for the parties to confer in accordance with Fed.R.Civ.P. 26(f) runs from the time "the defendant who is given the longest time to answer. . . ." (i.e., Casio Japan). See LCvR 16.3(a)(3). In this case, the parties have not completed their Rule 26(f) conference due to Casio's games-playing. Therefore, Casio's discovery requests were served prematurely, were ineffective, and should not be the basis of a motion to compel.

## IV.    CASIO'S MOTION FOR SANCTIONS SHOULD BE DENIED BECAUSE PAPST LICENSING'S CONDUCT HAS BEEN PROPER AT ALL TIMES

Because Papst Licensing's conduct has been proper at all times, Casio's request for sanctions is particularly overreaching in this case. Casio's first request that Papst Licensing be deemed to have waived all potential objections to Casio's discovery requests should be denied as there is no authority for such a drastic remedy in a case such as this one. Specifically, Casio's citation to *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) has no application here because the Chinese corporation in that case declined to provide answers to discovery after the Court issued two orders directing that specific discovery be answered. Here, Papst Licensing has not violated any Court orders that discovery be answered. Similarly, the case of *Kurz v. Mairone*, 1998 U.S.Dist.LEXIS 5258, *5 (E.D.Pa. 1988) is not applicable because there was no dispute in that case that discovery requests were issued after a Rule 26(f) conference.

Casio's request for fees and the adoption of Casio's proposals for the case schedule should also be denied. As a preliminary manner, the parties' *joint* case management plan is not even due until May 7, 2007. In accordance with that deadline, Papst Licensing submitted its written proposals to Casio's counsel on April 25, 2007, and further requested a continued Rule 26(f) conference so that additional agreements on Rule 26(f) issues could be reached by the parties. (Ex. G). Rather than accept Papst Licensing's offer to meet and confer in accordance with Rule 26(f), Casio apparently concluded that it would be more disruptive to file its sanctions motion.

Casio's additional citations to case law only demonstrate how overreaching its requests for sanctions are in this case. The case of *In Re Heritage Bond Litigation*, 223

9

Case 1:06-cv-01751-GK   Document 25   Filed 05/01/2007   Page 10 of 12

F.R.D. 527, 533 (C.D.Cal. 2004) is distinguishable because the at-issue party in that case willfully disobeyed a previous court order to turn over specific documents and pay a certain fine.   Here, there is no such previous order to answer specific discovery, or a finding that Casio's discovery requests were properly served in the first place.   Casio's other cases suffer from the same flaws. *See,e.g. Daval Steel v. M/V Fakredine*, 951 F.2d 1357, 1366 (2nd Cir. 1991)(seeking sanctions after only after one party violated "an unequivocal order of the court requiring it to produce a witness for a deposition, and to produce documents relating to that deposition."); *Albert v. Starbucks Coffee Co.*, 2007 U.S.App.LEXIS 196, *2 (D.C.Cir. 2007)(seeking sanctions only after the plaintiff refused to attend a deposition previously ordered by the Court and after being warned by the Court that the case would be dismissed if he did not attend); *National Lawyers Guild v. Attorney General*, 94 F.R.D. 600, 602 (S.D.N.Y. 1982)(seeking sanctions only after failing to comply with two specific court orders).

Case 1:06-cv-01751-GK   Document 25   Filed 05/01/2007   Page 11 of 12

## Conclusion

For all the reasons discussed above, Papst Licensing respectfully requests that this Court deny Casio USA's Motion to Compel and For Sanctions, and further Order Casio USA and Casio Japan to participate in and complete the parties Rule 26(f) conference within three (3) days.

Dated: May 1, 2007

Campbell Killefer (Bar. No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza • 22nd Floor
Chicago, Illinois 60606
(312) 655-1500
**Attorneys for Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG**

11

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. and Counterclaim Defendant Casio Computer Co., Ltd. through the Court's ECF electronic service and by regular U.S. Mail, postage prepaid, this May 1, 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Scott D. Simpson
Jeffrey M. Gold
MORGAN LEWIS & BROCKIUS LLP
101 Park Avenue
New York, New York 10178
**Counsel for Casio Inc.**

Campbell Killefer

WELSH & KATZ, LTD.

*Attorneys at Law*

120 SOUTH RIVERSIDE PLAZA · 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

www.welshkatz.com

A. SIDNEY KATZ·
RICHARD L. WOOD·
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
DANIEL M. CHERRY
ROBERT B. BREISBLATT
JAMES P. WHITE
R. MARK HALLIGAN
HARTWELL P. MORSE, III
EDWARD P. GAMSON, Ph.D.
KATHLEEN A. RHEINTGEN
THOMAS W. TOLPIN·
RICHARD W. McLAREN, JR.
ELLIOTT C. BANKENDORF
ERIC D. COHEN
JOHN L. AMBROGI
JULIE A. KATZ
JON P. CHRISTENSEN
WALTER J. KAWULA, JR.
LEONARD FRIEDMAN
STEVEN E. FELDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, Ph.D.
JOSEPH E. CWIK

J. ARON CARNAHAN
ERIK B. FLOM, Ph.D.
JAMES B. RADEN

RICHARD J. GURAK
DANIEL M. GURFINKEL
NICHELE B. KATZ·
BRIAN J. SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, Ph.D.
SHERRY L. ROLLO
CRAIG M. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY

OF COUNSEL
LAURIE A. HAYNIE
JAMES J. MYRICK
THOMAS R. VIGIL
PHILIP D. SEGREST, JR.··
WALLACE L. OLIVER, Ph.D.
LAURA A. LABEOTS, Ph.D.

DONALD L. WELSH (1925-1999)

· ALSO ADMITTED IN DISTRICT OF COLUMBIA
·· ALSO ADMITTED IN ALABAMA

March 7, 2007

**VIA FACSIMILE AND U.S. MAIL**
Jeffrey Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

        Re:    Casio Inc. v. Papst Licensing, Case No. 1:06 CV 011751 (GK)

Dear Jeffrey:

        I write to address your March 6, 2006 e-mail asserting that the parties had a Rule 26(f) conference on March 2, 2007, and therefore discovery may now proceed. There was not and could not be a Rule 26(f) conference for several reasons.

        First, there could not be a Rule 26(f) conference because one of the parties, Casio Computer Co., Ltd., refused to participate. At our March 2, 2007 conference, you stated that you could not and would not speak on behalf of one of the parties in this case, Casio Japan. When we asked if Casio Japan agreed to each of your case management proposals, you indicated that you could not and would not answer that question. When we asked if you knew any of the details concerning Casio Japan's electronic information and computer systems, you stated that you could not and would not provide that information. Accordingly, there was not and could not be a Rule 26(f) conference given that the required topics for any such conference, such as the scope of each party's electronic discovery, could not be addressed. Furthermore, Local Rule 16.3(a) clearly anticipates that if all parties cannot participate at a Rule 26(f) conference, the conference should be continued until such time all parties are served. Here, Casio Japan has not yet been served because your firm has refused to accept service on behalf of Casio Japan. As a result, Papst Licensing has been forced to effectuate service through the months long Hague Service Convention procedure. Because the Affidavit of Rick Hamilton clearly demonstrates

WASHINGTON OFFICE
CRYSTAL PLAZA ONE · SUITE 311 · 2001 JEFFERSON DAVIS HIGHWAY · ARLINGTON, VIRGINIA 22202-3603 · TELEPHONE (703) 418-4777



EXHIBIT
A

Jeffrey Gold

March 7, 2007
Page 2

that Papst Licensing has diligently pursued its service of Casio Japan, any delays in service are the fault of your firm, not Papst Licensing.

Second, Papst Licensing never agreed that the March 2, 2007 telephone conference would in fact be a Rule 26(f) conference. Instead, Papst Licensing participated on March 2, 2007 to listen to proposals that Casio Inc. had concerning scheduling, to ask questions related thereto, and to request a two-month extension of any Rule 26(f) conference and the initial case management conference. If Casio Inc. had actually intended for the March 2, 2007 conference to be a Rule 26(f) conference, it would have sent a proposed case management plan in advance of the conference. In fact, Papst Licensing specifically asked you by e-mail on March 1, 2007 and early on March 2, 2007 if there were any materials that you wanted Papst Licensing to review before the conference. Because Casio Inc. sent no proposed case management plan or any other materials in advance of our March 2, 2007 conference, there was clearly no expectation on behalf of the parties that anything other than a preliminary discussion would occur.

Therefore, the parties have not yet conducted a Rule 26(f) conference, your March 2, 2007 service of discovery was premature and not permitted under the Federal Rules of Civil Procedure.

By: _____
Joseph E. Cwik

JEC/pm
cc:    Jerold B. Schnayer

---

**Killefer, Campbell**

| | |
|---|---|
| From: | Cwik, Joseph [jecwik@welshkatz.com] |
| Sent: | Tuesday, March 06, 2007 9:59 AM |
| To: | jgold@morganlewis.com |
| Cc: | Killefer, Campbell; Sliwinski, Cynthia; Schnayer, Jerold; sstimpson@morganlewis.com |
| Subject: | RE: Casio Inc. Discovery Requests |

Jeff,

Jeff,

Our telephone conference on March 2, 2007 was not a final Rule 26(f) conference given that
one of the Counter-Defendants, Casio Computer Co., Ltd. refused to participate. Until we
have completed the Rule 26(f) conference, it is not proper to serve discovery, and we
consider Casio Inc.'s First Set of Interrogatories and First Set of Requests to Produce
withdrawn.

Regards,
Joe

Joseph E. Cwik
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Direct Phone: (312) 526-1622
Fax (312) 655-1501


-----Original Message-----
From: jgold@morganlewis.com [mailto:jgold@morganlewis.com]
Sent: Monday, March 05, 2007 2:49 PM
To: Cwik, Joseph
Cc: Killefer, Campbell; Sliwinski, Cynthia; Schnayer, Jerold; sstimpson@morganlewis.com
Subject: Re: Request to Extend Time for Case Management Conference



Joseph,

We have the following responses to your email, following our 26(f) conference on Friday:

1)   We would not oppose a two week postponement of the hearing now set
for March 20th as long you will agree to the following:

.   a.   This postponement will not effect the timeframe for Papst's
responses to Casio, Inc.'s discovery requests.  They were served on your DC counsel by
hand on Friday making responses due on April 2, 2007;
     b.   You will provide us with copies of the Hague convention
service
papers you claim to have served on Casio Japan so we can verify that you have actually
begun the process; and
     c.   You will not seek any further postponements of the Initial
Scheduling Conference is this case.

2)   A draft 26(f) report is in the works and will be forwarded to you
in
due course.

3)   No part of any discussions we had during the 26(f) conference, or

1

since then, has been on behalf of anyone other than Casio, Inc.

4)    Regarding your requests to identify the specific details of the
Casio, Inc., Casio Japan and any "related entities" computer systems, such a request is
beyond the scope of a 26(f) conference.  That said, in the spirit of cooperation and with
the expectation that Papst will respond with information about its systems, Casio Inc. has
a Windows based email server that contains about 50 GB of emails and a Windows based file
and print sharing server with about 200 GB of data from about 400 users.  It would be
Casio Inc.'s position that most of this information would be completely irrelevant to this
litigation.  If you believe you are entitled to any more information about Casio Inc.'s
system or any specific discovery, please serve a discovery request and we will consider
it.

Regards.
_____
Jeffrey M. Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178
(212) 309-2113



| | "Cwik, Joseph" | |
| | <jecwik@welshkat | |
| | z.com> | |
| To | | jgold@morganlewis.com, |
| | 03/02/07 06:06 | sstimpson@morganlewis.com |
| | PM | |
| cc | | "Killefer, Campbell" |
| | | <CKillefer@Venable.com>, "Sliwinski, |
| | | Cynthia" <csliwinski@welshkatz.com>, |
| | | "Schnayer, Jerold" |
| | | <jbschnayer@welshkatz.com> |
| Subject | | Request to Extend Time for Case |
| | | Management Conference |

2

Jeff,

This will confirm the telephone conference with us today.   We asked you
for a two month extension of time for the Case Management Conference given that one of the
parties, Casio-Japan, is not represented and has not yet been served. You declined this
extension request. When we asked if you would agree to any extension, you replied that you
would need to speak to your client first and would provide us with a response by early
next week.

Please let us know your client's response on this issue as soon as possible.

As for the other issues you did mention today, you stated that you could not and would not
speak on behalf of one of the parties in this case, Casio-Japan.  When we asked if Casio
Japan agreed to each of your case management proposals, you indicated that you could not
and would not answer that question.  You also stated that you would soon provide us with
your written proposal for a Rule 26(f) report.

As we asked you today, please provide us with a detailed description of all potentially
relevant computer systems and databases that are and have been used by Casio Inc., Casio
Japan and all related entities so that any electronic discovery proposal can be considered
in an actual factual context.  Also, please provide us with a detailed description of the
size of the potentially relevant data for each of those corresponding databases or
computer systems.

Regards,

Joe
Joseph E. Cwik
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Direct Phone: (312) 526-1622
Fax (312) 655-1501

DISCLAIMER
This e-mail message is intended only for the personal
use of the recipient(s) named above. This message may
be an attorney-client communication and as such privileged
and confidential.  If you are not an intended recipient,
you may not review, copy or distribute this message. If
you have received this communication in error, please
notify us immediately by e-mail and delete the original message.



Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com

**Jeffrey M. Gold**
212.309.2113
jgold@morganlewis.com

April 12, 2007

**VIA ELECTRONIC MAIL**

Joseph E. Cwik
Welsh & Katz, Ltd.
120 South Riverside Plaza
22nd Floor
Chicago, IL  60606-3912

Re:    Casio Inc. v. Papst

Dear Joe:

This letter addresses the exchange of information the parties agreed to at the teleconference of April 6, 2007.  As we have discussed in the past, it is Casio's position that the 26(f) Conference was held in this case on March 2, 2007 and that Papst's continued failure to respond to our discovery requests is in direct violation of the Court's Order and the Federal Rules of Civil Procedure.

That said, we provide the following information in the spirit of cooperation in hopes that Papst will finally provide comments to our proposed 26(f) Report, which we first forwarded to you on March 9, 2007.  Further inquiries may be addressed in formal interrogatories and document requests.

Casio Japan's Electronic Documents:

The following sets forth our general understanding about how Casio Japan stores its electronic information.

1)      There is no set email system used by all Casio Japan personnel. The design personnel generally use "AL-Mail" and most others use MS Outlook.

2)      The Digital Camera division has its own server, and documents on that server are shared with personnel in that division.  Most documents are created using Microsoft applications, such as Word, Excel, etc.



EXHIBIT
B

1-NY/2166543.1

**Morgan Lewis**
COUNSELORS AT LAW

Joseph E. Cwik
April 12, 2007
Page 2

3)     There are no backup tapes for the Casio servers, but instead there are multiple servers (one serving as a backup in case the primary server runs into trouble).

Casio Inc's Electronic Documents:

The following sets forth our general understanding of how Casio Inc. stores its electronic information.

1)     Casio Inc. has a Windows based email server that contains about 50 GB of emails

2)     Casio Inc. has a Windows based file and print-sharing server with about 200 GB of data from about 400 users.

Sincerely,

Jeffrey M. Gold

Case 1:06-cv-01751-GK   Document 25-3   Filed 05/01/2007   Page 3 of 3

# WELSH & KATZ, LTD.

*Attorneys at Law*

120 SOUTH RIVERSIDE PLAZA · 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

www.welshkatz.com

A. SIDNEY KATZ·
RICHARD L. WOOD·
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
DANIEL R. CHERRY
ROBERT B. BREISBLATT
JAMES P. WHITE
R. MARK HALLIGAN
HARTWELL P. MORSE, III
EDWARD P. GAMSON, Ph.D.
KATHLEEN A. RHEINTGEN
THOMAS W. TOLPIN·
RICHARD W. McLAREN, JR.
ELLIOTT C. BANKENDORF
ERIC D. COHEN
JOHN L. AMBROGI
JULIE A. KATZ
JON P. CHRISTENSEN
WALTER J. KAWULA, JR.
LEONARD FRIEDMAN
STEVEN E. FELDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, Ph.D.
JOSEPH E. CWIK

J. ARON CARNAHAN
ERIK B. FLOM, Ph.D
JAMES B. RADEN

RICHARD J. GURAK
DANIEL N. GURFINKEL
MICHELE G. KATZ·
BRIAN J. SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, Ph.D.
SHERRY L. ROLLO
CRAIG M. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY

OF COUNSEL
LAURIE A. HAYNIE
JAMES J. MYRICK
THOMAS R. VIGIL
PHILIP D. SEGREST, JR.··
WALLACE L. OLIVER, Ph.D.
LAURA A. LABEOTS, Ph.D.

DONALD L. WELSH (1925-1998)

· ALSO ADMITTED IN DISTRICT OF COLUMBIA
·· ALSO ADMITTED IN ALABAMA

April 13, 2007

**VIA E-MAIL & U.S. MAIL**
Jeffrey Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

Re:   Casio Inc. v. Papst Licensing, Case No. 1:06 CV 011751 (GK)

Dear Jeffrey:

Pursuant to our previous agreement to exchange information today regarding each party's computer systems and applications, please be advised that Papst Licensing possesses a small number of personal computers that may contain electronic information relevant to the current litigation. The applications existing on these personal computers are Microsoft Windows XP, Word, Excel, Outlook, Internet Explorer and Vista. Potentially relevant information may also exist on a Papst Licensing server. Papst Licensing estimates that there may be around 5 gigabytes of potentially relevant electronic information.

By:   *Joseph E. Cwik*
Joseph E. Cwik

JEC/pm
cc:   Jerold B. Schnayer
      Campbell Killefer

# WELSH & KATZ, LTD.

*Attorneys at Law*

120 SOUTH RIVERSIDE PLAZA · 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

www.welshkatz.com

A. SIDNEY KATZ·
RICHARD L. WOOD·
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
DANIEL R. CHERRY
ROBERT B. BREISBLATT
JAMES P. WHITE
R. MARK HALLIGAN
HARTWELL P. MORSE. III
EDWARD P. GAMSON, Ph.D.
KATHLEEN A. RHEINTGEN
THOMAS W. TOLPIN·
RICHARD W. McLAREN, JR.
ELLIOTT C. BANKENDORF
ERIC D. COHEN
JOHN L. AMBROGI
JULIE A. KATZ
JON P. CHRISTENSEN
WALTER J. KAWULA, JR.
LEONARD FRIEDMAN
STEVEN E. FELDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, Ph.D.
JOSEPH E. CWIK

J. ARON CARNAHAN
ERIK B. FLOM, Ph.D.
JAMES B. RADEN

RICHARD J. GURAK
DANIEL H. GURFINKEL
MICHELE S. KATZ·
BRIAN J. SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, Ph.D.
SHERRY L. ROLLO
CRAIG H. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY

OF COUNSEL
LAURIE A. HAYNIE
JAMES J. MYRICK
THOMAS R. VIGIL
PHILIP D. SEGREST, JR.··
WALLACE L. OLIVER, Ph.D.
LAURA A. LABEOTS, Ph.D.

DONALD L. WELSH (1925-1998)

· ALSO ADMITTED IN DISTRICT OF COLUMBIA
·· ALSO ADMITTED IN ALABAMA

April 2, 2007

**VIA E-MAIL & U.S. MAIL**
Jeffrey Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

Re:    Casio Inc. v. Papst Licensing, Case No. 1:06 CV 011751 (GK)

Dear Jeffrey:

In response to your letter of March 30, 2007, we believe it is improper for Casio US and Casio Japan to continue to refuse to participate in a Rule 26(f) conference. Given that it is our understanding that Casio Japan will be filing a responsive pleading today and that Papst Licensing will require time to review that pleading, we again request that all parties participate in a preliminary Rule 26(f) conference soon and suggest that this conference occur on Friday, April 6, 2007 at 10:00 a.m., Chicago time. If this date is unacceptable, please provide us with alternative dates on which Casio US and Casio Japan would both be available for a preliminary Rule 26(f) conference.

As for Casio US's discovery requests, they are premature without a proper Rule 26(f) conference, and Papst Licensing considers them not served until the day the parties complete a proper Rule 26(f) conference.

We are also confused by your argument that Casio US and Casio Japan cannot discuss certain electronic issues until Papst Licensing first issues its discovery requests. By rule, discovery cannot issue until the Rule 26(f) conference is first completed. Furthermore, as a well experienced patent litigation law firm, your firm must be aware of the types of discovery that are typically sought in patent litigation. This discovery includes documents concerning validity,

WASHINGTON OFFICE
CRYSTAL PLAZA ONE · SUITE 311 · 2001 JEFFERSON DAVIS HIGHWAY · ARLINGTON, VIRGINIA 22202-3603 · TELEPHONE (703) 415-4777

EXHIBIT
C

Jeffrey Gold

April 2, 2007
Page 2

infringement, enforceability, willfulness, damages, potentially accused products, sales of accused products, Casio's alleged prior art, etc.   Accordingly, we again request that Casio Japan and Casio US agree to participate, and be fully prepared at the Rule 26(f) conference to discuss all potential electronic discovery issues.  In particular, we request that Casio Japan and Casio US be fully prepared to discuss (1) the details of each party's information systems, (2) the types of potentially relevant electronic information stored on each system, (3) the volume of potentially relevant electronic information stored on each system, (4) the applications that have run and/or displayed each type of potentially relevant electronic information, (5) the forms in which each type of electronic information might be produced, (6) the identification of those individuals potentially possessing relevant electronic information, and (7) the identification of those individuals at Casio Japan and Casio US with specialized knowledge of their respective computer systems.  *See,* Advisory Committee Notes to Rule 26(f) noting the need address the above topics.

Accordingly, please advise as to your availability for a preliminary Rule 26(f) conference this Friday, April 6, 2007 at 10:00 a.m., Chicago time.

Finally, as a house keeping matter, please direct all future correspondence to the following e-mail addresses:

jbschnayer@welshkatz.com
jecwik@welshkatz.com
csliwinski@welshkatz.com
ckillefer@venable.com

By: Joseph E. Cwik

JEC/pm
cc:   Jerold B. Schnayer
       Campbell Killefer

# WELSH & KATZ, LTD.

*Attorneys at Law*

120 SOUTH RIVERSIDE PLAZA · 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

www.welshkatz.com

A. SIDNEY KATZ·
RICHARD L. WOOD·
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
DANIEL R. CHERRY
ROBERT B. BREISBLATT
JAMES P. WHITE
R. MARK HALLIGAN
HARTWELL P. MORSE, III
EDWARD P. GAMSON, Ph.D.
KATHLEEN A. RHEINTGEN
THOMAS W. TOLPIN·
RICHARD W. McLAREN, JR.
ELLIOTT C. BANKENDORF
ERIC D. COHEN
JOHN L. AMBROGI
JULIE A. KATZ
JON P. CHRISTENSEN
WALTER J. KAWULA, JR.
LEONARD FRIEDMAN
STEVEN E. FELDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, Ph.D.
JOSEPH E. CWIK

J. ARON CARNAHAN
ERIK B. FLOM, Ph.D.
JAMES B. RADEN
——
RICHARD J. GURAK
DANIEL M. GURFINKEL
MICHELE S. KATZ·
BRIAN J. SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, Ph.D.
SHERRY L. ROLLO
CRAIG M. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY
——
OF COUNSEL
LAURIE A. HAYNIE
JAMES J. MYRICK
THOMAS R. VIGIL
PHILIP D. SEGREST, JR.··
WALLACE L. OLIVER, Ph.D.
LAURA A. LABEOTS, Ph.D.
——
DONALD L. WELSH (1925-1996)

· ALSO ADMITTED IN DISTRICT OF COLUMBIA
·· ALSO ADMITTED IN ALABAMA

April 20, 2007

**VIA E-MAIL & U.S. MAIL**
Jeffrey Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

Re:    Casio Inc. v. Papst Licensing, Case No. 1:06 CV 011751 (GK)

Dear Jeffrey:

You previously indicated that it would be helpful to the parties' Rule 26(f) conference if Casio understood the types of discovery that Papst Licensing intended to pursue. Accordingly, we hereby submit to you Papst Licensing's requests with the understanding that they will not be considered served until such time as the parties complete the Rule 26(f) conference.

By:    *[signature]*
Joseph E. Cwik

JEC/pm
cc:    Jerold B. Schnayer
       Campbell Killefer

**EXHIBIT**

WASHINGTON OFFICE
CRYSTAL PLAZA ONE · SUITE 311 · 2001 JEFFERSON DAVIS HIGHWAY · ARLINGTON, VIRGINIA 22202-3603 · TELEPHONE (703) 415-4777

# WELSH & KATZ, LTD.

*Attorneys at Law*

120 SOUTH RIVERSIDE PLAZA · 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

www.welshkatz.com

A. SIDNEY KATZ·
RICHARD L. WOOD·
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
DANIEL R. CHERRY
ROBERT B. BREISBLATT
JAMES P. WHITE
R. MARK HALLIGAN
HARTWELL P. MORSE, III
EDWARD P. GAMSON, PH.D.
KATHLEEN A. RHEINTGEN
THOMAS W. TOLPIN·
RICHARD W. McLAREN, JR.
ELLIOTT C. BANKENDORF
ERIC D. COHEN
JOHN L. AMBROGI
JULIE A. KATZ
JON P. CHRISTENSEN
WALTER J. KAWULA, JR.
LEONARD FRIEDMAN
STEVEN E. FELDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, PH.D.
JOSEPH E. CWIK

J. ARON CARNAHAN
ERIK B. FLOM, PH.D.
JAMES B. RADEN
————
RICHARD J. GURAK
DANIEL M. GURFINKEL
MICHELE S. KATZ·
BRIAN J. SODIKOFF
BRETT H. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, PH.D.
SHERRY L. ROLLO
CRAIG H. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY

OF COUNSEL
LAURIE A. HAYNIE
JAMES J. MYRICK
THOMAS R. VIGIL
PHILIP D. SEGREST, JR.··
WALLACE L. OLIVER, PH.D.
LAURA A. LABEOTS, PH.D.

DONALD L. WELSH (1925-1998)

· ALSO ADMITTED IN DISTRICT OF COLUMBIA
·· ALSO ADMITTED IN ALABAMA

April 9, 2007

**VIA E-MAIL & U.S. MAIL**
Jeffrey Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

       Re:   <u>Casio Inc. v. Papst Licensing</u>, Case No. 1:06 CV 011751 (GK)

Dear Jeffrey:

      Thank you for your phone call on April 6, 2007 wherein the parties were able to discuss the Rule 26(f) issues on a preliminary basis. As we agreed, the parties will exchange further information regarding each party's computer systems and programs on April 12, 2007. This information should further aid the parties in carefully developing a litigation schedule. We have further agreed to reconvene the Rule 26(f) conference on April 16, 2007 at 2:00 p.m., Chicago time.

      At the conference, we asked you several questions relevant to developing a carefully considered litigation schedule. At that time, you were unable to provide answers to several of our questions. We ask that you please provide us with answers to these questions before our next meeting on April 16, 2007:

    1.     What are the names of all the Casio companies (or third-parties) that were involved in the design and development of each Casio Digital Camera?

    2.     What are the names of all the Casio companies (or third-parties) that were involved in the manufacture of each Casio Digital Camera?

**EXHIBIT**

E

Jeffrey Gold
April 9, 2007
Page 2

3.   What are the names of all the Casio companies (or third-parties) that were involved in the sale or offer for sale of each Casio Digital Camera worldwide?

4.   Are both Casio Japan and Casio U.S. willing to voluntarily (and without third-party subpoena) produce relevant information and witnesses from all of their parent companies, sister companies, subsidiaries, predecessors, successors in interest, related entities, any person employed by any of these entities, and all of Casio's agents and representatives (including but not limited to its attorneys, accountants, and consultants)?

5.   Is all of Casio Japan's and Casio U.S's potentially relevant electronic information "reasonably accessible" as that term is used in Fed.R.Civ.P. 26?

6.   What are the names, titles and employers of those individuals at Casio Japan and Casio U.S. who have specialized knowledge of each respective party's computer systems, applications and potentially relevant electronic information?

We appreciate your anticipated cooperation on this issue, and are still hopeful that this process can result in a good faith attempt to agree on most, if not all, Rule 26(f) issues.

We look forward to your response.

By: _____
Joseph E. Cwik

JEC/pm
cc:   Jerold B. Schnayer
       Campbell Killefer

## Cwik, Joseph

| | |
|---|---|
| **From:** | Cwik, Joseph |
| **Sent:** | Monday, April 09, 2007 11:34 AM |
| **To:** | 'jgold@morganlewis.com'; 'sstimpson@morganlewis.com'; 'lkrawczyk@morganlewis.com'; 'jkfee@morganlewis.com' |
| **Cc:** | Schnayer, Jerold; Sliwinski, Cynthia; Killefer, Campbell |
| **Subject:** | RE: Casio v. Papst |

**Attachments:** gold4-9.pdf

Jeff,

Please note that our next meeting is scheduled for April 18, 2007 at 2:00 p.m., Chicago time. Not April 16, 2007 as indicated in my letter.

Sorry for the confusion.

Regards,
Joe

**Joseph E. Cwik**
**Welsh & Katz, Ltd.**
**120 S. Riverside Plaza, 22nd Floor**
**Chicago, IL 60606**
**Direct Phone: (312) 526-1622**
**Fax (312) 655-1501**

---

**From:** Cwik, Joseph
**Sent:** Monday, April 09, 2007 11:16 AM
**To:** 'jgold@morganlewis.com'; sstimpson@morganlewis.com; lkrawczyk@morganlewis.com; jkfee@morganlewis.com
**Cc:** Schnayer, Jerold; Sliwinski, Cynthia
**Subject:** Casio v. Papst

Please see attached.

Regards,
Joe

**Joseph E. Cwik**
**Welsh & Katz, Ltd.**
**120 S. Riverside Plaza, 22nd Floor**
**Chicago, IL 60606**
**Direct Phone: (312) 526-1622**
**Fax (312) 655-1501**

# WELSH & KATZ, LTD.

*Attorneys at Law*

A. SIDNEY KATZ·
RICHARD L. WOOD·
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
DANIEL R. CHERRY
ROBERT B. BREISBLATT
JAMES P. WHITE
R. MARK HALLIGAN
HARTWELL P. MORSE, III
EDWARD P. GAMSON, Ph.D.
KATHLEEN A. RHEINTGEN
THOMAS W. TOLPIN·
RICHARD W. McLAREN, JR.
ELLIOTT C. BANKENDORF
ERIC D. COHEN
JOHN L. AMBROGI
JULIE A. KATZ
JON P. CHRISTENSEN
WALTER J. KAWULA, JR.
LEONARD FRIEDMAN
STEVEN E. FELDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, Ph.D.
JOSEPH E. CWIK

120 SOUTH RIVERSIDE PLAZA · 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

www.welshkatz.com

J. ARON CARNAHAN
ERIK B. FLOM, Ph.D.
JAMES B. RADEN
———
RICHARD J. GURAK
DANIEL M. GURFINKEL
MICHELE S. KATZ·
BRIAN J. SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, Ph.D.
SHERRY L. ROLLO
CRAIG M. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY
———
OF COUNSEL
LAURIE A. HAYNIE
JAMES J. MYRICK
THOMAS R. VIGIL
PHILIP D. SEGREST, JR.··
WALLACE L. OLIVER, Ph.D.
LAURA A. LABEOTS, Ph.D.
———
DONALD L. WELSH (1925-1998)

· ALSO ADMITTED IN DISTRICT OF COLUMBIA
·· ALSO ADMITTED IN ALABAMA

April 18, 2007

**VIA E-MAIL & U.S. MAIL**
Jeffrey Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

      Re:    Casio Inc. v. Papst Licensing, Case No. 1:06 CV 011751 (GK)

Dear Jeffrey:

      We are disappointed that you called this morning to state that you were unilaterally cancelling our previously agreed upon continuation of the Rule 26(f) conference scheduled to occur today. As we understand it, you are unwilling to participate in today's conference because you have not yet received Papst Licensing's formal proposals for the Rule 26(f) report.

      However, at this time, you also indicated that you are unwilling to discuss many of the Rule 26(f) issues that will help the parties develop a carefully developed scheduling plan. Specifically, you told me for the first time that you are unwilling to discuss the following questions that we previously proposed be discussed at today's conference:

    1.    What are the names of all the Casio companies (or third-parties) that were involved in the design and development of each Casio Digital Camera?

    2.    What are the names of all the Casio companies (or third-parties) that were involved in the manufacture of each Casio Digital Camera.



EXHIBIT
F

WASHINGTON OFFICE
CRYSTAL PLAZA ONE · SUITE 311 · 2001 JEFFERSON DAVIS HIGHWAY · ARLINGTON, VIRGINIA 22202-3803 · TELEPHONE (703) 415-4777

Jeffrey Gold

April 18, 2007
Page 2

3.     What are the names of all the Casio companies (or third-parties) that were involved in the sale or offer for sale of each Casio Digital Camera worldwide?

4.     Are both Casio Japan and Casio U.S. wiling to voluntarily (and without third-party subpoena) produce relevant information and witnesses from all of their parent companies, sister companies, subsidiaries, predecessors, successors in interest, related entities, any person employed by any of these entities, and all of Casio's agents and representatives (including but not limited to its attorneys, accountants, and consultants)?

5.     Is all of Casio Japan's and Casio U.S's potentially relevant electronic information "reasonably accessible" as that term is used in Fed.R.Civ.P. 26?

6.     What are the names, titles and employers of those individuals at Casio Japan and Casio U.S. who have specialized knowledge of each respective party's computer systems, applications and potentially relevant electronic information?

As we discussed with you previously, answers to each of these questions are needed to provide you with an informed proposal as to how long discovery should take and how electronic discovery will be handled in this case.

Since you refuse to provide us with the requested information, we have no choice but to try to prepare a plan without your information. We will do so in the next few days, send it to you and then ask for a further meeting to try to amicably resolve our differences.

By: _____
Joseph E. Cwik

JEC/pm
cc:     Jerold B. Schnayer
        Campbell Killefer

## Cwik, Joseph

| | |
|---|---|
| **From:** | Cwik, Joseph |
| **Sent:** | Wednesday, April 25, 2007 1:55 PM |
| **To:** | jgold@morganlewis.com; sstimpson@morganlewis.com; lkrawczyk@morganlewis.com; jkfee@morganlewis.com |
| **Cc:** | Schnayer, Jerold; Sliwinski, Cynthia; Killefer, Campbell |
| **Subject:** | Casio v. Papst |

**Attachments:** 26_f_ Report-Papst-4-25-tracked.pdf

Jeff,

Attached are Papst Licensing's current proposals for the Rule 26(f) report.

Please advise as to when you could be available next week for a teleconference to see if we can reach further agreements pursuant to Rule 26(f).

Regards,
Joe

**Joseph E. Cwik**
**Welsh & Katz, Ltd.**
**120 S. Riverside Plaza, 22nd Floor**
**Chicago, IL 60606**
**Direct Phone: (312) 526-1622**
**Fax (312) 655-1501**



J. Kevin Fee, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000

Scott D. Stimpson, Esq. (*pro hac vice*)
Jeffrey M. Gold, Esq. (*pro hac vice*)
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 1018-0060

Attorneys for Plaintiff
Casio Inc.

Campbell Killefer
Venable LLP
575 7th Street, NW
Washington, DC 20004
Tel: (202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Tel: (312) 655-1500

Attorneys for Papst Licensing GmbH & Co. KG

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC.,<br><br>Plaintiff<br><br>v.<br><br>PAPST LICENSING GMBH & CO. KG<br><br>Defendant.<br><br>PAPST LICENSING GMBH & CO. KG,<br>Counter-Plaintiff<br>v.<br><br>CASIO INC. and<br>CASIO COMPUTER CO., LTD.<br><br>Counter-Defendants | Case No. 1:06-CV-01751<br><br><br>Judge Gladys Kessler |

## 26(f) CONFERENCE REPORT

This report summarizes the Rule 26(f) ~~March 2, 2007~~ teleconferences held between ~~Plaintiff~~ Casio Inc., Casio Computer Co., Ltd. (hereinafter collectively "Casio") and Papst

Licensing GMBH & Co. KG ("Papst Licensing"). Pursuant to the Court's local rule LCvR 16.3,

the parties discussed the following items and reached the following agreements:

1.          Whether the case is likely to be disposed of by dispositive motion; and whether, if
a dispositive motion has already been filed, the parties should recommend to the court that
discovery or other matters should await a decision on the motion.

          Casio proposesThe parties agree that this case is not likely to be disposed of by

dispositive motion at least until fact discovery can be completed. Papst Licensing proposes that

this case is not likely to be disposed of by dispositive motion at any time.

2.          The date by which any other parties shall be joined or the pleadings amended, and
whether some or all the factual and legal issues can be agreed upon or narrowed.

          Casio Inc. proposes that procedural motions, including motions to amend the

pleadings and motions to join additional parties must be filed no later than April 30, 2007, unless

good cause is shown. Papst Licensing proposes that the parties shall be free to join parties and

amend their pleadings at any time upon appropriate motion before the Court. Papst Licensing

respectfully submits that setting a deadline is particularly inappropriate in this case given that

fact discovery will likely lead to information demonstrating that additional Casio entities are

liable for patent infringement and should be parties to this action. In addition, The parties agree

Casio Inc. proposes that the legal and factual issues cannot be narrowed at this time.

3.          Whether the case should be assigned to a magistrate judge for all purposes,
including trial.

          The parties preliminarily agree that this case should not be assigned to a

magistrate judge for any purpose, including trial.

4.          Whether there is a realistic possibility of settling the case.

1-NY/2149622.2                                        2

Casio's position: The parties are very far apart with respect to settlement at this time.

Papst Licensing's position: Papst Licensing believes that this can be settled soon. Papst Licensing provided a written settlement offer to Casio U.S. and Casio Japan, but received no written response in return.

5.      Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

(i) the client's goals in bringing or defending the litigation;

(ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement;

(iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:

(aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

(bb) whether ADR should take place before or after the judicial resolution of key legal issues;

(iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

(v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

Casio ~~Inc.~~ proposes Mediation after the close of discovery. Casio ~~Inc.~~ further proposes that an independent mediator be used. Papst Licensing proposes Mediation as soon as possible. Both parties agree that the case is not amenable to arbitration.

6.      Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

Casio ~~Inc.~~ proposes that this case could be resolved by summary judgment after the close of fact discovery. Papst Licensing proposes that this case is not likely to be disposed of by dispositive motion at any time. Papst Licensing proposes that no deadline for dispositive motions is required.

7. Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.F.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

Casio ~~Inc.~~ proposes that initial disclosures are necessary and that these be served on March 30, 2007. Casio ~~Inc.~~ does not propose any changes to the scope, form or timing of these disclosures. Papst Licensing agrees that Rule 26(a)(1) disclosures are necessary, but proposes that they be exchanged on June 4, 2007.

8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

The parties agree ~~Casio Inc. proposes~~ that discovery is needed on all the separate causal actions in this case (e.g., invalidity and non-infringement). Casio ~~Inc.~~ proposes that fact discovery close on December 11, 2007 and that expert discovery close on June 16, 2008. Casio ~~Inc.~~ further proposes that a Protective Order is necessary and appropriate to govern confidentiality matters in the case. Casio ~~Inc.~~ will provide a draft protective order to Papst for consideration in advance of the March 20, 2007 Scheduling Conference.

Papst Licensing proposes that fact discovery close on June 9, 2008. This is a complex case that will extensive international discovery from Papst Licensing located in Germany, the inventor is located in Germany, and Casio Japan and its related entities are located in Japan and other countries in the Far East. It has been difficult for Papst Licensing to determine an

appropriate fact discovery deadline because Casio has been unwilling to provide Papst Licensing with many details regarding potential discovery from Casio in this action. Thus, Papst Licensing reserves the right to request additional time for fact discovery should it become necessary. Papst Licensing agrees that a Protective Order is appropriate to govern confidentiality matters in the case.

9.         Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

Casio ~~Inc.~~ proposes that opening expert reports are due on February 15, 2008 and that rebuttal expert reports are due on March 17, 2008. All experts will be deposed and expert discovery will close on June 16, 2008.

Papst Licensing proposes the following schedule with respect to experts:

(a).    the party bearing the burden of proof with respect to any claims and defenses shall disclose the name, address, and curriculum vita of all expert witnesses, and shall serve the reports required by Fed. R. Civ. P. 26(a)(2) no later than August 8, 2008. To avoid any uncertainty on the patent validity issue, Casio US and Casio Japan will serve any expert reports relating to any objective indicia of non-obviousness at this time.

(b.)    The name, address, and curriculum vita of any expert witnesses offering opinions in response to any reports described in paragraph (a.) above and the corresponding responsive report(s) governed by Fed. R. Civ. P. 26(a)(2), shall be served no later than September 8, 2008. Papst Licensing will serve any expert reports relating to Casio US' and Casio Japan's alleged objective indicia of non-obviousness at this time.

(c.)    The name, address, and curriculum vita of all expert witnesses offering opinions solely to rebut evidence raised in response to the responsive reports discussed in paragraph (b.)

above, as well as the corresponding rebuttal report(s) governed by Fed. R. Civ. P. 26(a)(2), shall be served no later than October 8, 2008.

_____ . (d).   The depositions of all experts shall begin on October 8, 2008, and be completed by November 7, 2008.

10.            Class Actions: N/A

11.            Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

The parties disagree as to whether damages and willfulness should be bifurcated from the liability phase of trial.

Casio ~~Inc.~~ proposes that (a) there be a separate trial on the issue of damages and willfulness, after liability is decided; and (b) that the Court stay discovery as to damages and willfulness pending a determination of liability.

_____ -Casio has failed to satisfy its burden that bifurcation of this action is necessary.  More importantly, Papst Licensing will be greatly prejudiced if bifurcation is granted.  Among other things, the final and complete resolution of this matter will be delayed, and Papst Licensing will be forced to incur substantial additional cost and time to conduct two separate phases of discovery and two separate trials before two separate juries.  This is especially true in this case where the vast majority of potential fact witnesses reside overseas.

_____ The decision whether to bifurcate a patent case is left to the discretion of the trial court, and the party seeking bifurcation has the burden of showing bifurcation is appropriate. *Innovative Office Products. v. SpaceCo.* 2006 U.S.Dist.LEXIS 29439, *3 (E.D.Pa. 2006); *Mellon*

*v. Beecham Group PLC*, 17 U.S.P.Q.2d 1149, 1154 (D.N.J. 1989)("The parties seeking bifurcation have the burden of showing that bifurcation is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties.") Indeed, bifurcation "is not the usual course that should be followed." *Kimberly-Clark Corp. v. James River Corp. of Va.*, 131 F.R.D. 607, 608 (N.D.Ga. 1989)

Bifurcation is not appropriate when issues and evidence overlap. *Monaghan v. SZS 33 Assocs.*, 827 F.Supp. 233, 245 (S.D.N.Y. 1993). Here, several issues in this case overlap rendering bifurcation inappropriate. In *THK Am. v. Nippon Seiko KK.*, 141 F.R.D. 463, 464 (N.D.Ill. 1991), the court specifically addressed the concern about overlapping liability and damages issues and the resulting need to present evidence twice to two separate juries:

> Plaintiff correctly argues that the damages trial cannot be conducted in an evidentiary vacuum. A jury will have to be familiar with the patents at issue, the products, and the linear guide industry itself. Therefore, much of the evidence that can be expected to be introduced in a trial on damages will duplicative of the evidence that can be expected to be presented in a trial on liability. If the case were bifurcated, it would be necessary to revisit the testimony and demonstrative evidence that previously had been used to explain to the liability jury, *to-wit*, what linear guides are, how they operate, how they are made, used, sold and other basic information. It goes without saying that if proof overlaps substantially, the parties, the witnesses, and the Court would be inconvenienced by the presentation of the same evidence several times.

*THK Am. Inc. v. NSK Co.*, 151 F.R.D. 625, 630 (N.D.Ill. 1993).

Here, as in the *THK Am. (NSK)* case, having two separate trials before two separate juries would require substantial duplication in terms of presenting evidence at trial and offering testimony of the same witnesses. Furthermore, given that two of the three parties in this action are foreign companies whose factual witnesses reside overseas (plus a third-party inventor in Germany), bifurcation would result in multiple depositions and trial appearances of the same foreign witnesses which will greatly burden the parties and counsel in terms of costs and time.

There is simply no need to travel overseas to depose the same individuals on multiple occasions. The most efficient course is for all the foreign factual witnesses to be deposed once. Furthermore, given the fact that discovery of third-party fact witness will likely have to achieved through the Hague Convention and the like, it is very possible that the parties will only be permitted by the international authorities to depose a third-party fact witness once.

Several other factual issues overlap in this action. Casio has alleged that each patent-in-suit is invalid under 35 U.S.C. § 103, or in other words, obvious in view of the prior art. Accordingly, evidence of commercial success may be used in liability phases of litigation to rebut Casio's defense of obviousness. To establish commercial success, Papst Licensing will need to rely upon the "the sales data of the infringing products, size of the market involved, market share, market share growth, and the extent to which market share is attributable to the merits of the claimed invention as opposed to extraneous factors, such as advertising and product promotion." *IPPV Enters. v. Cable/Home Commc'n Corp*, 26 U.S.P.Q.2d 1714, 1715 (S.D.Cal. 1993).

Evidence of commercial success is equally relevant to the issue of damages. Commercial success is one of the primary factors in determining a reasonable royalty. *See, Willemijn Houderstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F.Supp. 1429, 1434 (D.Del. 1989). The court in *THK Am. (NSK)* noted the substantial overlap, stating that:

> Evidence regarding commercial success of plaintiff's patented [invention] will be the same in significant respects as the evidence relating to damages and, therefore, ought to be presented once rather than twice. *THK Am. (NSK)*, 151 F.R.D. at 629.

There is also an overlap between liability and willfulness issues and evidence in this case. Courts have held that the question of whether an infringement was willful touches upon *both*

liability and damages. *See Keyes Fibre Co. v. Packaging Corp. of Am.*, 763 F.Supp. 374, 375 (N.D.Ill. 1991). For instance, evidence of copying is relevant to both validity and willfulness. *THK Am. (NSK)*, 151 F.R.D. at 630.

Moreover, only the fact finder concerning liability issues can appropriately put the nature of Casio's infringement in the proper context to determine if that infringement was willful. *See Kimberly-Clark*, 131 F.R.D. at 609. ("[T]he willfulness determination, *i.e.*, the defendant's state of mind when it infringed the patent, is a finding of fact inextricably bound to the facts underlying the alleged infringement.")(citing *Smith v. Aleyska Pipeline Serv. Co.*, 538 F.Supp. 977, 986 (D.Del. 1982), *aff'd.*, 758 F.2d 668 (Fed.Cir. 1984); *Keyes Fibre*, 763 F.Supp. at 375 ("The evidence relating to [defendant's] state of mind when it committed the infringement, which is clearly relevant to damages, cannot be neatly separated from the underlying liability issue of whether the patent was infringed upon in the first place.") Indeed, as one court has observed:

> Merely apprising the damages jury of the liability jury's determination that a particular party's conduct was willful will not inform them of the degree of willfulness. Consequently, the damages jury will be without the necessary factual predicate upon which to assess damages for willful conduct. And if the parties were required to provide the necessary factual predicate to the damages jury, wasteful duplication of evidence and effort would occur, and the parties' litigation expenses would concurrently be increased.

*THK Am. (Nippon)*, 141 F.R.D. at 465. Having a single trial on all issues, including liability and willfulness, would avoid the inefficient and costly duplication of two separate trials before two different juries.

Considering whether separate trials will unduly prejudice the nonmoving party is paramount. *See H.B. Fuller Co. v. Nat'l Starch & Chem. Corp.*, 595 F.Supp. 622, 625

(D.Del. 1984); *Calmar v. Emson Research Inc.*, 850 F.Supp. 861, 866 (C.D.Cal. 1994);
*Keyes Fibre*, 763 F.Supp. at 375. Indeed, "[e]ven when bifurcation has been found to
promote judicial economy, courts have refused to order separate trials if bifurcation
would result in unnecessary delay, additional expenses, or some other form of prejudice.
*See Willemijn*, 707 F.Supp. at 1433.

Casio's proposed bifurcation will severely prejudice Papst Licensing because it
would unnecessarily delay a final resolution of Papst Licensing's claims. The *Willemijn*
court stated, "[a]s plaintiff has correctly indicated, prejudice under these circumstances
may simply amount to unfair delay of the final disposition of the matter." *Id.* This
prejudice would be further exacerbated if Casio appeals an adverse decision on liability,
because final resolution of the case will be further delayed. *See* 28 U.S.C. § 1292(c)(2).
The delay alone establishes prejudice to Papst Licensing. Therefore, for all the reasons
discussed above, Casio has not and cannot meet its burden to demonstrate that bifurcation
is appropriate.

~~Papst Licensing GMBH & Co. KG proposes that damages and willfulness should
not be bifurcated from the liability phase of discovery and trial.~~

12.     The date for the pretrial conference (understanding that a trial will take place 30
to 60 days thereafter).

Casio ~~Inc.~~ proposes that the pretrial conference take place on September 15, 2008.

Papst Licensing proposes that the pretrial conference take place on January 8,
2009.

13.     Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The parties agree ~~Casio Inc. proposes~~ that the court shall set a trial date at the

pretrial conference that will be 30 to 60 days after that conference~~.~~

14.     Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

See list of additional matters below.

## ADDITIONAL MATTERS DISCUSSED AT 26(f) CONFERENCE

1.    **DISCOVERY:**  The parties agree~~Casio Inc. proposes~~ that attorney-work product and attorney-client privileged materials created by counsel after the Complaint was filed by Casio Inc. are to be excluded from production and need not be placed on any privilege logs produced in response to any discovery requests, except for those materials addressed in paragraph 6 below~~.~~

2.    **SCHEDULING:**  Casio Inc. proposes that this case be considered a complex litigation due to the involvement of foreign entities and that the case will require approximately 18 months to be ready for trial.  Papst Licensing agrees that this case should be considered a complex litigation and that the case will approximately be ready for trial approximately 8 months after the close of fact discovery~~.~~

3.    **SERVICE:**  The parties agree on ~~Casio Inc. proposes~~ e-mail service of documents, excluding large appendices.  ~~In order for e-mail service to be effective on the day after receipt, the e-mail must be sent on or before 11:59 p.m. of the previous day.~~  ~~Casio Inc. proposes~~ The parties agree that documents will~~be~~ served in PDF format except for any discovery documents requiring a response (for example, but not limited to, discovery requests) which will be served in both PDF and word format.  Any large appendices will be sent by overnight delivery~~Federal Express~~ for next day delivery.  Service will not be considered achieved until the date the complete document, including all appendices and exhibits, is actually received by both local and trial counsel for the opposing party.

4.    **EXPERT REPORTS**: Casio ~~Inc.~~ proposes that no draft expert reports will be discoverable.

Papst Licensing proposes the following stipulation concerning expert discovery:

a.    The parties agree the following categories of information are protected, outside the permissible scope of discovery and not a proper subject or basis of questions during deposition:

1.    Except as provided below, any correspondence or other communications (whether oral or written) between the expert and attorneys for the party offering the testimony of such expert witness, except the nature of the compensation arrangement with the expert witness.

2.    Preliminary, intermediate or draft opinions prepared by, for or at the direction of an expert witness.

3.    Except as provided below, notes of the expert that are not part of the expert report.

b.    Notes, writings, documents, and oral or written communications that are relied on by the expert in connection with the expert's opinions in this matter are not outside the scope of permissible discovery.

c.    To the extent that any part of this Stipulation waives disclosure requirements under Fed. R. Civ. P. 26(a)(2)(B), the parties agree to such waiver.

~~5~~7.    **EDISCOVERY**: Casio's Statement: The parties discussed ediscovery. Casio Inc. suggested two options for production of documents, TIFF format or native format. Casio

Inc. proposes that the parties produce Bates numbered TIFF images of native files. Files that are not amenable to TIFF format will be produced in native format. In order to produce the TIFF images, the parties will give a reputable vendor their native files burned to a DVD and the vendor will create the images, consecutively Bates number the documents and keep track of document breaks and source information. Such information will be produced by each party with the corresponding TIFF images. If a printout is unreadable, it will be produced in native format. Production in TIFF format is more efficient since the bates numbers allow the parties to track where a file came from. The parties can also choose to create a searchable database which can be imported into Concordance or other document viewing software.

Papst Licensing's Position:

    Papst Licensing proposes the following:

    I.    Format of Production

    (a).    The parties shall produce all responsive hard copy and electronic documents in single-page Tagged Image File Format ("TIFF") with an accompanying Summation or Concordance load file, an extracted text file of electronic documents that are unredacted, and an Optical Character Recognition ("OCR") text file of unredacted portions of redacted documents and hard copy documents.

    (b).    Documents that present imaging or formatting problems shall be promptly identified and the Parties shall meet and confer to attempt to resolve the problems. The Parties are not required to produce exact duplicates of electronic documents stored in different electronic locations. The metadata for documents which have been "de-duplicated" across custodial files will indicate the names of the custodians in whose files the documents are located. The parties

shall produce documents on either DVD or CD and may produce fact sheets by email in ".pdf" format.

(c). Each page of a produced document shall have a legible, unique page identifier ("Bates Number") and confidentiality legend (where applicable) on the face of the image at a location that does not obliterate, conceal, or interfere with any information from the source documents. No other legend or stamp will be placed on the document image other than the Bates Number, confidentiality legend (where applicable), and redactions addressed above.

(d). For redacted documents, the metadata for each document will indicate the basis for the redaction at the time the redacted document is produced.

II. Metadata

To the extent possible and practicable, the parties will provide the following metadata fields:

(a) Electronic document type;
(b) Create date;
(c) File name;
(d) File location;
(e) Source location;
(f) Starting production number;
(g) Ending production number;
(h) Custodian;
(i) Last date modified;
(j) Author;
(k) Recipient(s);
(l) Document date (if different from create date);
(m) cc(s);
(n) bcc(s);
(o) Subject;
(p) Title; and
(q) Attachment information (for e-mails).

If a party determines that it is impossible to produce certain metadata fields for a type or types of documents, the party shall so inform opposing counsel. If a party determines that the

production of certain metadata fields for a type or types of documents would be impracticable, unduly burdensome or unduly expensive, the party shall so inform opposing counsel, and the parties shall promptly meet and confer on what should be done, without prejudice to that party's right to object to production of such metadata fields or the opposing party's right to move to compel such production.

~~8.      Papst Licensing GMBH & Co. KG stated that Casio Japan's position needed to be discussed at the 26(f) conference and that counsel for Casio Inc. would not speak on behalf of Casio Japan at the 26(f) Conference.~~

~~Casio Inc. states that Casio Japan is not yet a party to this litigation as they remain unserved and therefore, Casio Japan's position did not need to be discussed at the 26(f) Conference that took place on March 2, 2007.~~

6.      Papst Licensing proposes that no later than June 2, 2007, Casio Japan and Casio U.S. will inform Papst Licensing in writing if each of them elects either that they (1) they will rely on an opinion of counsel concerning the issue of willful infringement; or (2) will contend that they are not liable to Papst Licensing concerning the issue of inducement of patent infringement.

This procedure is required because the opinions of counsel received by Casio Japan and Casio U.S. may be discoverable as a result of defenses that Casio Japan and Casio U.S. may pose regarding willful infringement.  Generally, where a potential infringer has actual notice of another's patents rights, he has an affirmative duty of due care to respect those rights. *Ryco Inc. v. Ag-Bag Corp.*, 857 F.2d 1418, 1428 (Fed.Cir. 1988).  The duty of care often involves the potential infringer obtaining complete legal advice before engaging or continuing allegedly

infringing activities. _Ryco_, 857 F.2d at 1428. A party that seeks and follows advice of counsel may assert reliance on that advice as evidence that it did not breach its duty to respect the patent rights.

When good faith reliance on advice of counsel is asserted to defend against a charge of willful infringement, the assertion waives any attorney client privilege with respect to that advice. _Abbott Labs v. Baxter Travenol Lab_, 676 F.Supp. 831, 832 (N.D.Ill. 1987). Moreover, a party cannot claim reliance on advice of counsel and, at the same time, conceal the full nature and extent of that advice. _Id._ at 833. Therefore, when reliance on advice of counsel is asserted, the waiver is complete, and extends to all communications on that subject matter. _Id._ at 832. Therefore, if Casio Japan or Casio U.S. injects into this case an allegation that it relied on advice of counsel, it must be done on June 2, 2007, so that all communications and/or privilege logs on the same subject may be discovered during fact discovery. _Belmont Textile Mach. v. Superba, S.A._, 48 F.Supp.2d 521, 523-24 (W.D.N.C. 1999).

Also at issue in this case is whether Casio Japan or Casio U.S. actively induced other to infringe the patents in suit. Active inducement occurs when one party, who does not directly infringe the patent, nevertheless induces another to directly infringe the patent with knowledge that it is inducing actual infringement. _DSU Medical v. JMS Co._, 471 F.3d 1293 (Fed.Cir. 2006)("[t]he plaintiff has the burden of showing that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements.") Therefore, Casio Japan's and Casio U.S.'s knowledge of the at-issue patents, and its understanding of whether the actions that induced its customers to make would infringe the patents at issue, are highly relevant to this case.

_____Allowing Casio Japan and Casio U.S. to withhold this discoverable information until the end of the discovery period would add to the cost of the litigation. If opinions are first disclosed after the depositions of fact witnesses have been completed, Papst Licensing will likely be forced to conduct a second round of depositions, at least including the recipients of the opinions, or those who are alleged to have acted in reliance on the opinions. To avoid re-deposing witnesses, Casio Japan and Casio U.S. should be required to make its election before depositions begin. Furthermore, given the need in this case for international discovery through the Hague Convention and the like, it is very possible that the parties will be allowed to only depose third-party fact witnesses once, which further supports an early election in this case.

_____Further, delaying discovery on these issues will have the effect of cutting Papst Licensing off from any follow-up discovery, such as deposing the persons who requested, prepared, and received the opinions. Once again, the issue is the state of the mind of the corporations, which is determined by discovering the state of mind of the persons within the corporation. Documents may go a long way toward establishing the state of mind of Casio Japan and Casio U.S., but documents are unlikely to tell the full story. Papst Licensing should be allowed to take discovery on the issue of Casio Japan's and Casio U.S.'s state of mind throughout the discovery process. To achieve this end, it is respectfully requested that this Court require that no later than June 2, 2007, Casio Japan and Casio U.S. will inform Papst Licensing in writing if each of them elects either that they (1) they will rely on an opinion of counsel concerning the issue of willful infringement; or (2) will contend that they are not liable to Papst Licensing concerning the issue of inducement of patent infringement.

Dated this _____ day of _____, 2007

| | |
|---|---|
| J. Kevin Fee, Esq. | Campbell Killefer |
| Morgan, Lewis & Bockius LLP | ~~Attorneys for Defendant Papst~~ |
| 1111 Pennsylvania Avenue, NW | ~~Licensing GMBH & Co. KG~~ |
| Washington, D.C. 20004 | VENABLE LLP |
| Tel.: (202) 739-3000 | 575 7TH Street, N.W. |
| | Washington, D.C. 20004 |
| Scott D. Stimpson, Esq. (*pro hac vice*) | (202) 344-4000 |
| Jeffrey M. Gold, Esq. (*pro hac vice*) | |
| Morgan Lewis & Bockius LLP | Jerold B. Schnayer |
| 101 Park Avenue | Joseph E. Cwik. |
| New York, New York 1018-0060 | WELSH & KATZ, LTD |
| | 120 S. Riverside Plaza, 22nd Floor |
| Attorneys for Plaintiff | Chicago IL 60606 |
| Casio Inc. | Attorneys for Defendant/Counter-Plaintiff |
| | Papst Licensing GmbH & Co. KG |

EXHIBIT

G

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - x
                        :

In the Matter of:        :

CASIO, INC.,          :

    Plaintiff,      :

      vs.        :   Civil Action No. 06-1751

PAPST LICENSING GMBH & CO.,  :

    Defendant.      :

                     :   Washington, D.C.
- - - - - - - - - - - - - - - x  May 31, 2007


TRANSCRIPT OF MOTIONS HEARING
BEFORE THE HONORABLE DEBORAH A. ROBINSON
UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For the Plaintiff:      J. KEVIN FE, ESQ.
                    SCOTT D. STIMPSON, ESQ.

For the Defendant:      JEROLD B. SCHNAYER, ESQ.
                    DAMON W.D. WRIGHT, ESQ.

Proceedings recorded by the Court, transcript produced by
Pro-Typists, Inc., 1012-14th Street, N.W., Suite 307,
Washington, D.C. 20005, 202-347-5395, www.pro-typists.com
M1837V/bf

1                  **P R O C E E D I N G S**

2          THE CLERK:  Civil Case Number 06-1751.  This is

3  in the matter of Casio, Inc. versus Papst Licensing GMBH &

4  Company.  I don't know what the "KG" is.  I have that on our

5  archive.  Kevin Fe and Scott D. Stimpson for the Plaintiffs;

6  Jerold B. --

7          MR. SCHNAYER:  "Schnayer."

8          THE CLERK:  -- Schnayer and Damon Wright for the

9  Defendant.  This is set for a motions hearing.

10         THE MAGISTRATE JUDGE:  Now, good afternoon to all

11  of you.  This matter was scheduled for a hearing on the

12  motion filed by Casio, to compel and for sanctions.

13         The issue presented by the motion is a relatively

14  straightforward one, and the Court indeed considered ruling

15  on the motion without scheduling a hearing.  But recognizing

16  that the status of the issue presented might have changed

17  as of the time the Court made a ruling had there been no

18  hearing, the Court thought it prudent for counsel to come in

19  and address the matter.

20         I understand, based upon your informal discussion

21  off the record my law clerk before the case was called, that

22  it may be the case that some responses to the outstanding

23  interrogatories have been served.  However, recognizing that

24  that may not fully address the pending motion, the Court

25  will hear first from Plaintiff's counsel, then from counsel

1  for the Defendant, regarding these issues.

2          Now, who will address the matter on behalf of

3  the Plaintiff?

4          MR. STIMPSON:  I will, Your Honor.  Scott

5  Stimpson.

6          THE MAGISTRATE JUDGE:  Mr. Stimpson, good

7  afternoon.

8          MR. STIMPSON:  Good afternoon, and thank you.

9  I will be brief.

10         We were served last night with responses to

11  interrogatories and document requests.  There are many

12  objections.  We still have not received a single document

13  in document production.

14         I think it would help just to have a very short

15  recitation of the chronology as things have played out here.

16         On March 2 we had what we believed to be our 26(f)

17  conference and we served our discovery requests.  We served

18  a proposed discovery plan on the other side on March 9.  It

19  was more than six weeks later before we got any comments

20  from the other side after this motion was filed.

21         On March 13, Judge Kessler issued an order that

22  discovery proceed.

23         Exhibit J to our motion is a letter we sent to

24  opposing counsel shortly before their responses were due,

25  which I think is instructive here.  We were getting wind

4

1   that -- it's "J," Your Honor.  We were getting wind that

2   perhaps they were not going to respond on time, and we sent

3   a letter telling them that Judge Kessler has ordered

4   discovery to proceed and we expect full and appropriate

5   responses, and if we don't get them we are going to take

6   appropriate action.

7          So counsel for Papst took the risks they were

8   taking with their eyes wide open to what might happen here.

9          It is now May 31.  We are about three months since

10  we served our discovery requests.  We are two-and-a-half

11  months after Judge Kessler ordered discovery to proceed.

12  We do not have a single document.  And the responses we

13  received last night are riddled with objections.

14         THE MAGISTRATE JUDGE:  May I ask you to state the

15  substance of some of the objections.  In other words, what

16  sort of objections were raised.

17         MR. STIMPSON:  I only received them last night,

18  so I went over them briefly today, Your Honor.

19         The objections to the document requests -- they

20  have objections on a protective order, they have objections

21  on over-breadth, they have, you know, your typical

22  objections you'd expect, privilege and work product.

23         Some of the document requests, they say they will

24  give us some documents at some unspecified date.  Some of

25  the document requests, they simply -- if I remember

1    correctly, they simply say, "No," or "We'll think about it.

2    We'll talk to you at some other time."  Or, "We'll have a

3    meet and confer, and discuss it."

4            But as I say, we have yet to receive a single

5    document, and the case has been going for three months now -

6    discovery has been going for three months.

7            THE MAGISTRATE JUDGE:  What is your proffer

8    regarding whether or not any agreement was reached with

9    respect to objections?

10           MR. STIMPSON:  I believe no agreement was reached

11   -- absolutely none.

12           THE MAGISTRATE JUDGE:  Very well, you may

13   continue.

14           MR. STIMPSON:  So, Your Honor, my opponent is

15   trying to make this into a 26(f) issue.  26(f) is long since

16   done, and this is not a 26(f) issue.  This is a 26(d) issue.

17   This is about a failure to respond to the Court order.

18   26(d) says that discovery can proceed regardless of whether

19   there's been a 26(f) conference if the Court orders it, and

20   unquestionably the Court ordered it.

21           So the question, I think, or the consequences of

22   what's happened here, it's very clear that the Court order

23   has been -- they have not complied with the Court order.

24   And so we request basically four remedies for that.

25           One is, since the objections are untimely, they

6

1    are waived.  That we get prompt discovery, including all the

2    documents that should have been produced.  We also request

3    our fees and costs under 37(a) and (b).

4              THE MAGISTRATE JUDGE:  And by "fees and costs,"

5    may I assume you mean fees and costs associated with the

6    filing of the motion?

7              MR. STIMPSON:  Correct.  Correct.  And lastly,

8    Your Honor, I think an appropriate sanction in this

9    situation would be entry of an order bifurcation.  I think,

10   for one thing, it's going to avoid another motion which may

11   be coming, and bifurcation is particularly appropriate in

12   this case.

13             Judge Kessler has asked that fact discovery be

14   completed by December, December of this year.  We've now had

15   three months of our fact discovery period go by.  We haven't

16   received a single document.  We've now just got six months

17   left.  And if damages and willfulness are left in this case,

18   it is going to be darn near impossible to get this done

19   pursuant to Judge Kessler's order.  And it's a particularly

20   appropriate sanction here, Your Honor, because they're

21   effectively using the 26(f) procedures as a shield to

22   prevent themselves from having to comply with the CRA.

23             So if there are no questions, I'll turn it over to

24   my opponent.

25             THE MAGISTRATE JUDGE:  Well, I do have one

1    additional question, Mr. Stimpson.  Is your request for what

2    you term "bifurcation" a request for a sanction or is it

3    simply your view that, given the delay in making discovery

4    that discovery cannot be completed in the time for which the

5    Court already provided.

6            MR. STIMPSON:  Well, it's both actually, Your

7    Honor.  We've cited cases where, in fact, one Court

8    specifically mentioned entering a scheduling order by

9    opposing party if they didn't comply with the Court orders.

10   It's certainly an appropriate sanction for what's happened

11   here.

12           But stepping back and just looking at where we are

13   now, and we've got six more months of fact discovery, it's a

14   very complicated case, even liability-wise.  We've got two

15   patents, we've got many accused products, we've got lots and

16   lots of prior art.  I assume there will be many accused

17   claims of each patent that are alleged to be infringed.

18   It is going to be a mountain for a jury.  And if you add

19   damages and willfulness to that, it is going to be a very

20   lengthy trial and I can't see how we can really get it done

21   in time.

22           So there are many reasons for bifurcation.  I will

23   leave that argument for another day, if it's needed.  But a

24   short answer to your question is, as a sanction and because

25   it's appropriate, we request bifurcation.

1          THE MAGISTRATE JUDGE:  Very well.  Thank you very

2  much, Mr. Stimpson.

3          MR. STIMPSON:  Thank you.

4          THE MAGISTRATE JUDGE:  Mr. Schnayer?

5          MR. SCHNAYER:  Yes, Your Honor.

6          THE MAGISTRATE JUDGE:  Very well.  Good afternoon.

7          MR. SCHNAYER:  Good afternoon.  Nice to see you

8  again.

9          Your Honor, first of all, let me make it clear we

10  did serve discovery responses, and I would like to point out

11  that the -- I'm going to hand up a copy -- they only have

12  one copy, but I'd like to point out --

13          THE MAGISTRATE JUDGE:  Let me interrupt you just

14  one moment.

15          MR. SCHNAYER:  Sure.

16          THE MAGISTRATE JUDGE:  I don't believe that I need

17  to see the responses.  Let me ask whether you concede that

18  service of any responses last night was well beyond the time

19  in which --

20          MR. SCHNAYER:  No, Your Honor.

21          THE MAGISTRATE JUDGE:  -- the responses were due.

22          MR. SCHNAYER:  Your Honor -- no.

23          THE MAGISTRATE JUDGE:  When were you served with

24  the discovery requests?

25          MR. SCHNAYER:  We were served with the discovery

1  requests -- maybe I should go back and give you my version

2  of what happened.

3          THE MAGISTRATE JUDGE:  Well, let me ask when you

4  were served with the discovery requests.

5          MR. SCHNAYER:  On March 2nd, we were served with

6  the discovery responses, Your Honor.  And --

7          THE MAGISTRATE JUDGE:  Discovery "requests."

8          MR. SCHNAYER:  Discovery requests.

9          THE MAGISTRATE JUDGE:  Very well.  You may

10  continue.

11          MR. SCHNAYER:  Your Honor, in this case originally

12  we had been having discussions about infringement charges.

13  I'm going to go back to the beginning, because I think it

14  needs to be understood.  We've had discussions with Casio

15  about charges of infringement we made against them

16  concerning two patents that are involved in this lawsuit.

17  They concern digital cameras.  We had one meeting with them,

18  never with their client, and my normal experience is we

19  usually have five, ten meetings with companies and we

20  discuss the issues.  They decided to sue Papst, to bring a

21  DJ action.  So this case started as a DJ action.

22          We filed a counterclaim against them, and

23  originally it was Casio USA involved, and we also sued Casio

24  Japan.  And when we sued Casio Japan we did so because it's

25  our understanding that they manufacture the infringing goods

1    here.

2              And we had meetings with counsel before the

3    Rule 26(f) conference that they claim happened, and we said

4    to them, "Lookit, do you represent Casio Japan?  Would you

5    accept service of process for Casio Japan?"

6              And we were told, "We don't represent Casio Japan

7    and we won't accept service of process for Casio Japan."

8              So we were forced to go through the Hague

9    Convention.  What that means is, since it's a foreign

10   company we have to file a request with the Court, the Court

11   files a request with the Justice Department, the Justice

12   Department here files a request in Japan, and they serve the

13   company, and eventually they got served.

14             And so a lot of delay that was caused in this case

15   was caused by the Plaintiff in this case.  They could have

16   accepted services of process.

17             Now, we have this meeting, and we asked them to

18   provide us with a draft before the meeting.  We also asked

19   them whether they represented Casio Japan.  Because Casio

20   Japan is a party.  And they come to the meeting, we never

21   got a draft of a proposal for the 26(f) scheduling order

22   that we had to present to the Court -- they're the

23   Plaintiff.  And they come to the meeting and they say,

24   "We don't represent Casio Japan."

25             So I said, "Well, how could we have a 26(f)

1   conference if you don't represent Casio Japan?"

2        And they said, "Well, we don't represent them.

3   And we're not going to accept service of process."

4        Counsel wasn't at that conference.  It lasted for

5   about 15 minutes.

6        THE MAGISTRATE JUDGE:  Do you agree, Mr. Schnayer,

7   that there's no authority which holds that even the complete

8   absence of a meet and confer session relieves a party of

9   the time limits which otherwise apply to the service of

10   responses to interrogatories and requests for production of

11   documents?

12        MR. SCHNAYER:  I don't.  I think the rule is

13   clear.  I think you have --

14        THE MAGISTRATE JUDGE:  What portion of the rule

15   is it --

16        MR. SCHNAYER:  26(f) --

17        THE MAGISTRATE JUDGE:  -- on which you rely?

18        MR. SCHNAYER:  Okay.  Yes.  It says --

19        THE MAGISTRATE JUDGE:  What portion are you

20   reading?

21        MR. SCHNAYER:  I'm in 26(d), Timing and Sequence

22   of Discovery.  "Except in categories of proceedings exempt

23   from initial disclosure under Rule 26(a)(1)(E) or when

24   authorized under these rules or by order of agreement of

25   the parties, a party may not seek discovery from any source

1   before the parties have conferred as required by Rule

2   26(f)."

3          And then, Your Honor --

4          THE MAGISTRATE JUDGE:  Doesn't the order of Judge

5   Kessler, which directed that discovery proceed, mean that

6   your reliance on that rule is misplaced?

7          MR. SCHNAYER:  I don't think so, Your Honor,

8   at all.  It's not how I read the Judge's order.

9          Counsel asked that discovery be allowed to go

10  forward.  After we had that 15-minute conference, this

11  so-called 26(f) conference, we met numerous times for many

12  hours on the phone.

13         And when I saw the Judge's order, it was my

14  understanding that we had to -- that discovery would go

15  forward, but the Judge never said that you don't have to

16  comply with 26(d).  26(d) is very specific.  It says you

17  have to have a 26(f) conference.  That doesn't mean meet for

18  15 minutes and discovery goes forward.  It means you're

19  supposed to prepare a discovery plan.  You're supposed to

20  discuss the issues.  And I have a section of the statute

21  that -- I'm going to hand up a copy of this, if I may, Your

22  Honor?

23         THE MAGISTRATE JUDGE:  You need not hand up the

24  statute or the rule.  We have it here.

25         MR. SCHNAYER:  Well, these are the notes for the -

1    - committee notes for that, that were part of it, describing

2    what was contemplated under new twenty -- or, 26(f), and

3    what it basically talks about is -- these were recently

4    passed.  It talks about electronic discovery, it talks about

5    the requirement to talk about electronic discovery, to

6    exchange information; that the committee now wants these

7    initial conferences to be significant, to exchange

8    information, for the parties to cooperate.

9             And the first conference we had, one of the

10   parties wasn't even present at that conference.  Because

11   they wouldn't agree -- the same attorneys that represent

12   them now wouldn't agree to talk on their behalf.  We

13   couldn't have had a conference.

14            I asked them to provide me with information about

15   electronic discovery.  The new rules say this is an

16   important issue that must be addressed, and we had hours of

17   conversations after this.  Right up until the time we filed

18   the 26(f) statement.  And we -- we -- took the initiative

19   on that.

20            We asked them to provide us with a bunch of

21   information.  If you look at the letters attached to my

22   motion, we sent out letters and we show you a list of

23   questions we asked them, that they never complied with.

24            So, for example -- we were trying to hone the

25   issues down.  This is a complicated case.  Understand,

1  there's a Japanese company and a U.S. company.  This is not

2  easy.  There might be additional companies involved here.

3  If we don't get the parties that we need involved or find

4  out about the electronic data, it's hard for us to comply

5  with Rule 26(f) as contemplated by the rules.  And we had

6  conversation after conversation with them.  And they

7  wouldn't provide us with the information.  Their answer was,

8  "We're not going to give you free discovery."

9        Serve formal requests.  Well, the rule

10  contemplates the parties are going to cooperate.  We hoped

11  to get a 26(l) conference completed pretty quickly, but we

12  couldn't until the very last day because the parties were

13  exchanging extensive drafts, because we weren't getting

14  cooperation.  In the end, I finally threw up my hands and

15  said, "Okay, I have to move forward, I have to agree on

16  something," and we submitted a joint report to the Court.

17        THE MAGISTRATE JUDGE:  Do you agree that in the

18  joint report this issue which -- when I say the "joint

19  report," I mean the joint report which you also signed  --

20  does not raise this issue at all?

21        MR. SCHNAYER:  No, it doesn't really address it at

22  all.  They filed a separate motion.  It doesn't address it.

23  And it does not --

24        THE MAGISTRATE JUDGE:  Do you also acknowledge

25  that you did not file a motion to extend the deadline for

1    serving your answers to these discovery requests until a

2    more meaningful meet and confer session could take place?

3           MR. SCHNAYER:  Your Honor, I didn't -- the rule is

4    specific.  It says you have to have one beforehand.

5           You know, I feel like I'm getting set up here.

6    You know, they complain my answers aren't sufficient.  Your

7    Honor, they gave me nothing in their answers.  They gave me

8    nothing.  They objected to everything.  I provided them with

9    substantive responses.  You know, we walk into this case --

10           THE MAGISTRATE JUDGE:  Is there a motion pending

11    regarding your client's concerns about the sufficiency of

12    the responses served by Casio?

13           MR. SCHNAYER:  I haven't had a chance to meet and

14    confer with them.  We were preparing for this motion, and

15    we'll deal with it.  We have to meet and confer.  I was only

16    -- he comes in and he says my responses aren't good.  I was

17    responding to that.  And I was pointing out to you and I was

18    going to show you, here's a several-page response showing

19    how the claims read on their device.

20           We gave them substantive responses.  They didn't

21    give us substantive responses.  They wouldn't provide us

22    with the information we needed for the 26(f) conference.

23    It's my view that it never occurred until the day we

24    finalized, signed off on the agreement, and sent it to the

25    Court, and the answers aren't due until -- they're not even

1    due today.  We served them early.  By serving him yesterday,

2    we served him early.

3            THE MAGISTRATE JUDGE:  What is your contention

4    regarding when the answers to discovery requests served on

5    March 2nd, 2007, are due?

6            MR. SCHNAYER:  They won't be due until a couple

7    of days from now.  They're not due, because we never had a

8    26(f) conference.

9            THE MAGISTRATE JUDGE:  What is the basis of your

10   determination that they're not due until two days from

11   today?

12           MR. SCHNAYER:  Because we took the exact date when

13   the parties did have a completed 26(f) conference, after

14   several substantive meetings, and the parties came to a

15   proposal to submit to the Court and we submitted the

16   scheduling proposal.  That's the day that we had our 26(f)

17   conference and finalized it.  And it's my position that's --

18   according to the rules, that's the only date that makes

19   sense.

20           If I'm wrong, I apologize.  We did this in good

21   faith.  We did not do this to delay anything.  This is a

22   complicated case.  There's complicated issues.  We have been

23   looking into getting documents, we've got a client from

24   Germany, we've got a -- the patentee doesn't work for our

25   company, so it's not such an easy issue, but we have been

1   gathering documents.  And we put together a very substantive

2   charge of infringement here.  Your Honor, they don't have

3   anything like this in their discovery responses.  So this

4   took time to put together.

5          But they complain that I delayed everything.  It's

6   not true.  We tried to get the 26(f) conference done sooner.

7   We couldn't get any responses from them.  They didn't give

8   us the information.  I'll point out the letters to you,

9   because I think those are important.

10          If you look at our brief --

11          THE MAGISTRATE JUDGE:  I have it here.

12          MR. SCHNAYER:  And if you look at Exhibit A.

13   This is an interesting one.  Exhibit A, in the back two

14   pages, is a letter from opposing counsel.  It starts out

15   as a -- the bottom part is an e-mail from J. Gold, who is

16   Plaintiff's counsel, and Mr. Swick, Joseph Swick, who is the

17   top part, this is a response to a e-mail, is on the part --

18   is the top part.

19          But if you look at the second page -- and this is

20   the letter that Mr. Gold sent after that supposed

21   conference.  It says, "With regard --" on the last page of

22   this.  Second to last page, I'm sorry.  Second to last page,

23   point 4 of Exhibit A, it says -- Point 4 on there?  Second

24   line?

25          THE MAGISTRATE JUDGE:  I have it.

1        MR. SCHNAYER:  Okay.  "Regarding your request to

2   identify the specific details of Casio Inc., Casio Japan,

3   and any related entities' computer systems, such a request

4   is beyond the scope of the 26(f) conference."  Then he goes

5   on and gives us a little bit of information about it, but

6   he says -- and this is the important part -- bottom line,

7   last line, "If you believe you are entitled to any more

8   information about Casio Inc.'s system or any specific

9   discovery, please serve a discovery request and we'll

10  consider it."  That was their attitude.  We're not going to

11  give you free discovery.  As the rules contemplate, parties

12  should cooperate.

13       Then if you look at my letter, if you look at

14  Exhibit  -- look at Exhibit, if you would, please, Your

15  Honor, E.  First page.

16       THE MAGISTRATE JUDGE:  I have it.

17       MR. SCHNAYER:  This discusses a conference that

18  Mr. Swick in my office had with Mr. Gold, and Mr. Gold

19  represents the Plaintiff.  And you can see the second

20  paragraph.  It says, "At the conference we asked you several

21  questions relevant to developing a carefully considered

22  litigation schedule.  At the time, you weren't able to

23  provide any answers to several of our questions.  We ask

24  that you please provide us with answers to these questions

25  before our next meeting on April 16th."  So these were part

1   of the continuing meetings.

2        And you can see we're asking questions about the

3   name of the companies that were involved in the design and

4   development, so we can decide if we have the right parties

5   and know how long discovery is going to take -- reasonable

6   questions. "What are the names of the companies that were

7   involved in the manufacture of the cameras. What are the

8   names --" 3, "What are the names of all Casio companies that

9   were involved in the sale of the cameras." That's also

10  relevant. "Are both Casio Japan and Casio USA willing to

11  voluntarily produce relevant information and witnesses from

12  all their parent companies?" So we're trying to find out

13  how much foreign discovery we have to do. That's a

14  reasonable request.

15       Five, "Is Casio Japan and Casio US potentially

16  relevant electronic information reasonably accessible?"

17  The rules require you to talk about reasonable accessibility

18  in the 26(f) conference. That is something you must

19  discuss. Or you should discuss. And that is, is the

20  information reasonably accessible because electronic

21  discovery is very complicated and if it's not reasonably

22  accessible, then you have to talk about shifting costs and

23  who should pay for it. And that's important, according to

24  the new rules, to deal with electronic discovery. We asked

25  them questions about that and we got no answers.

1      And then we asked, "Who are the names of the --

2   names, titles and employers of those individuals at Casio

3   Japan and Casio US who have special knowledge about each

4   respective party's computer system." If you read the

5   section of the rule, the notes on it, it says that that's

6   the kind of information you're supposed to talk about.

7   In fact, they discuss and some Courts have said you've got

8   to bring somebody knowledgeable about it from the company

9   and have a real significant exchange. So we tried to do

10  that with them.

11      And now look, if you would, at Exhibit F.

12  Exhibit F is April 18th, a further letter from Mr. Swick to

13  Mr. Gold. "We are disappointed that you called this morning

14  to state you were unilaterally canceling our previously

15  agreed to upon continuation of the Rule 26(f) conference

16  scheduled to occur today. As we understand it, you are

17  unwilling to participate because you have not received

18  _____ proposal. However, at this time you also

19  indicated you were unwilling to discuss many of the

20  Rule 26(f) issues that will help parties develop a carefully

21  developed scheduling plan. Specifically, you told me, for

22  the first time, you're unwilling to discuss the following

23  questions," and those are the same questions that we had

24  listed in our other letter to them. And there's no letter

25  that says, "Yes, we were willing to discuss these with you."

1    So a lot of the delay here was caused in having

2    the final Rule 26(f) conference by counsel for Plaintiff not

3    giving us, quote, "free discovery," which is the kind of

4    cooperation you need in a case to formulate a reasonable

5    discovery plan.

6    THE MAGISTRATE JUDGE:  Am I correct, Mr. Schnayer,

7    that the sole basis of your client's determination to serve

8    no answers until last night has to do with the manner in

9    which the conference was conducted?

10    MR. SCHNAYER:  The fact that there was no

11    conference.  There was no conference.  And --

12    THE MAGISTRATE JUDGE:  Very well.

13    MR. SCHNAYER:  There was none.  That's not a

14    conference.  And it didn't occur until we signed the papers

15    after many discussions, and trying to do it in a quick

16    fashion.

17    I also have one other point I'd like to make.

18    THE MAGISTRATE JUDGE:  Yes.

19    MR. SCHNAYER:  Counsel has raised an issue, and

20    this is sort of a side point, but I want to make this clear

21    because I think it's important.

22    He said one of the sanctions we want is that you

23    should segregate out the damages issue and willfulness

24    issue.  And I'd like to point out that at the hearing that

25    occurred with the Judge, the scheduling hearing that we had,

1   the one hearing, the Judge -- that issue was before the

2   Court because both parties addressed it in the papers they

3   filed, this big paper we put together finally which listed

4   the parties' positions.  And they asked the Judge for

5   bifurcation.  They asked the Judge for bifurcation.

6          And the Judge, at the end of the hearing, issued

7   an order and that's -- of the record, and she ordered the

8   schedule.  And there's nothing in the order that talks about

9   bifurcation.  And after she read the order -- she read it

10  out loud, and then she issued it in writing after the

11  hearing, she said, "Are there any more questions?"  She

12  turned to Plaintiff first.  Counsel didn't raise any

13  questions.  He didn't raise this issue with the Judge.

14         Bifurcation was already considered by the Court --

15  by the District Court Judge -- and denied.  It was denied.

16  And now they're saying, we want the sanction of bifurcation.

17  Well, they have it -- it's already been ruled on.  And

18  second, it's not a proper -- there's no authority to say

19  that this is a proper sanction under the rules.  There's no

20  authority for it.  it's just like, we want it because we

21  want it.  It's not proper.  So it's already been ruled on.

22         So, Your Honor, we did believe that the Judge's

23  order -- they have the ability to ask the Judge -- and they

24  never did in the papers they filed -- to address the issue

25  of the Rule 26(f) conference.  They never said to the Judge,

1    "You know, we want a specific ruling that discovery should

2    be considered served as of that day."  They never asked for

3    it in their pleading.  And the Judge never ruled on it.  If

4    you look at the paper they filed, it doesn't ask for that.

5    So they never asked for it, the Judge never ruled on it, and

6    we proceeded with that understanding.

7            If I'm wrong, I apologize.  We served our

8    discovery requests.  But it's not sanctionable, Your Honor.

9            THE MAGISTRATE JUDGE:  Very well, thank you,

10   Mr. Schnayer.

11           MR. SCHNAYER:  Thank you, Your Honor.

12           THE MAGISTRATE JUDGE:  Mr. Stimpson, if you wish

13   a brief reply I will hear you.

14           MR. STIMPSON:  Your Honor, I don't (inaudible)

15   have 30 seconds.

16           THE MAGISTRATE JUDGE:  My expectation was that one

17   of you would address the issue -- do you need a moment to

18   confer with Mr. Schnayer?  If so, you certainly may do so

19   and I'm happy to take a brief recess if you need more than a

20   moment or two to huddle.

21           MR. STIMPSON:  Not a problem.

22           MR. SCHNAYER:  Your Honor?

23           THE MAGISTRATE JUDGE:  Mr. Schnayer, yes.

24           MR. SCHNAYER:  If I may, please.  Thank you.

25   Counsel points out to me, co-counsel, that the committee

1   notes _____ -- Subsection (f) of the committee notes

2   points out and it talks about Rule 26(f) as amended to

3   direct the parties to discuss discovery electronically

4   stored information during their discovery planning

5   conference.  And the rule focuses on the issues relating to

6   disclosure or discovery of electronically stored

7   information.  Discussion is not required in cases which

8   involve -- don't involve electronic discovery.  In this

9   case, of course, it does.

10          And it goes on in the committee notes, it says,

11  it talks extensively about how this is important to focus

12  the issues, to focus the issues so that you can have a good

13  proposal to the Judge and focus the discovery in the case.

14          To have a 15-minute discussion where the parties

15  haven't done anything is not a local rule conference.  It's

16  not consistent with these guidelines that are set out in the

17  committee notes.  It really contemplates that you -- and it

18  goes through, and if Your Honor would care to read it after

19  the hearing, it goes through and it says you're supposed to

20  discuss these issues and narrow the issues.

21          THE MAGISTRATE JUDGE:  The Court is eminently

22  familiar with the committee notes.

23          MR. SCHNAYER:  Thank you, Your Honor.

24          THE MAGISTRATE JUDGE:  Very well.  Thank you.

25  You may have a seat.

1        MR. SCHNAYER:  Appreciate it.  Thank you.

2        MR. STIMPSON:  Your Honor, 30 seconds.  Just on

3   the last point that Mr. Schnayer raised, about this being

4   already -- bifurcation already being decided by Judge

5   Kessler.  And that meet and confer statement, I believe --

6   I don't have it in front of me, but I believe the very first

7   thing we said was we're asking for this as a sanction, and

8   Judge Kessler said she's passing this motion on to Your

9   Honor.  She certainly did not rule on bifurcation.

10        The rest of Mr. Schnayer's argument was all about

11   26(f), and I don't believe this is about 26(f).  This is

12   about noncompliance with Judge Kessler's order.

13        If you don't have any further questions, I'll sit

14   down.

15        THE MAGISTRATE JUDGE:  Very well.  Thank you.

16   You may have a seat.

17        MR. STIMPSON:  Thank you.

18        THE MAGISTRATE JUDGE:  As the Court indicated at

19   the outset, the Court reviewed the motion, the opposition

20   and the reply in advance of the hearing, and the Court has

21   now considered the proffers and arguments of counsel during

22   the course of the hearing.  Having done so, the Court will

23   grant the motion, largely for the reasons offered by the

24   Movant, both orally and in writing.

25        More specifically, the Court finds that what Papst

1  urges upon the Court is a novel way of counting the number

2  of days in which a party must serve responses to written

3  discovery requests.  The Court uses the term, quote,

4  "novel," close quote, because there is simply no authority

5  which supports this method of calculating the deadline.

6       The rules make plain when it is that a party is to

7  serve responses to written discovery requests.  There was no

8  motion for enlargement of time filed by Papst.  Papst did

9  not seek any clarification of the due date in the meet and

10  confer report that counsel, along with opposing counsel,

11  filed in this matter, and appears to have unilaterally taken

12  the position that because Papst was displeased with the

13  manner in which the Rule 26(f) meeting or conference was

14  conducted that the responses to the written discovery

15  requests would be withheld.

16       However, there is no authority that suggests

17  that a party may unilaterally alter the rule which would

18  otherwise apply, particularly in an instance such as this

19  where the Court ordered that discovery proceed, simply

20  because of a concern regarding the sufficiency of the 26(f)

21  conference.

22       For these reasons, the Court finds that the

23  opposition to the motion to compel and for sanctions was not

24  substantially justified and that there are no circumstances

25  which would make the imposition of sanctions unjust.

1        The Court therefore orders the following.

2        First, the Court orders that complete responses --

3 that is, without objections, which have been waived by the

4 failure to respond in a timely fashion -- be served within

5 10 calendar days of today's date.

6        Second, the Court imposes as a sanction the costs

7 to Casio, including reasonable attorney's fees, of moving to

8 compel and for sanctions.  The Court will order that such

9 costs be paid within 30 days of today's date and that

10 counsel work cooperatively to share and comment upon the

11 reasonableness of those costs.  This is not a matter that

12 should entail the filing of a motion, because the Court

13 expects that you will work cooperatively to determine what

14 the reasonable costs are.

15        To the extent that there is an additional sanction

16 that Casio requests, the motion for any additional sanction

17 other than the fees and costs, is denied.

18        The Clerk will prepare a minute entry which will

19 indicate that the motion to compel and for sanctions was

20 granted for the reasons set forth on the record at the

21 hearing.  There is no order, no written order, that will

22 follow.  The minute entry will also indicate that complete

23 responses without objection are to be served within ten days

24 of today's date, and that Papst is to pay Casio's costs

25 within 30 calendar days of today's date.

1       Now, is there anything further in this matter

2 this afternoon?  Mr. Stimpson or Mr. Fe?

3       MR. STIMPSON:  Not that's pending before Your

4 Honor right now, nothing (inaudible).

5       THE MAGISTRATE JUDGE:  Very well, thank you.

6 Mr. Schnayer, Mr. Wright?

7       MR. SCHNAYER:  Nothing further, Your Honor.

8 Thank you.

9       THE MAGISTRATE JUDGE:  Very well.  Thank you

10 very much.

11       There is nothing scheduled for the courtroom for

12 the rest of the day, so if you wish to stay and continue

13 your efforts to confer before you return to your respective

14 destinations, you are welcome to do so.

15       COUNSEL:  Thank you.

16       THE MAGISTRATE JUDGE:  Very well.  Thank you

17 very much.

18       (Whereupon, proceedings were concluded.)

19

20

21

22

UNITED STATES OF AMERICA )
                              ) Civil Action No. 06-1751
DISTRICT OF COLUMBIA          )

      I, PAUL R. CUTLER, do hereby certify that a recording of the foregoing proceedings in the above matter was duplicated from an original recording by the Office of the Clerk, United States District Court for the District of Columbia, and that said duplicate recording of the proceedings was transcribed under my direction to typewritten form.

_____
                    PAUL R. CUTLER

      I do hereby certify that the foregoing transcript was typed by me and that said transcript is a true record of the recorded proceedings to the best of my ability.

_____
                    BONNIE FURLONG


**EXHIBIT**
H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASIO INC.

          Plaintiff,

       v.

PAPST LICENSING GMBH & CO. KG,
          Defendant.

_____

PAPST LICENSING GMBH & CO. KG,
          Counter-Plaintiff

       v.

CASIO INC. and
CASIO COMPUTER CO., LTD.

          Counter-Defendants

Civil Action No. 1:06 CV 01751

Judge: Gladys Kessler

**PAPST LICENSING GMBH & CO. KG'S
FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS
AND THINGS TO CASIO INC.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG ("Papst") requests that Plaintiff/Counter-Defendant Casio Inc. ("Casio"), produce the following documents and things for inspection and copying in accordance with the Definitions and Instructions set forth herein. If the manner of production is not otherwise agreed upon, production shall be at the offices at Welsh & Katz, Ltd., 120 South Riverside, 22nd Floor, Chicago, Illinois 60606, within thirty (30) days after service hereof, or as the parties may otherwise agree.

1

## DEFINITIONS AND INSTRUCTIONS

1. As used herein, "Casio" means (a) Casio Inc., Casio Computer Co., Ltd. and all of their predecessor(s) and successor(s) in interest, parent(s), subsidiaries, related and affiliated persons or entities, and any person employed by or for any or all of these entities, and all agents or representatives (including but not limited to their attorneys, accountants, and consultants).

2. As used herein, the term "document" shall have the full meaning ascribed to it under Rule 34 of the Federal Rules of Civil Procedure including, without limitation, the original (and every copy of the original which differs in any way from it) of any written or graphic matter or any medium of any type or description upon which intelligence or information is recorded or from which intelligence or information can be perceived, which is or has been in the possession, custody, or control of Casio, or of which Casio has knowledge, including, without limitation: electronic mail; correspondence; memoranda; stenographic or handwritten notes; technical literature; specifications; plans; blueprints; drawings, charts; computer tapes, print-outs, and any other computer or electronic data capable of being produced in document form or displayed electronically; advertising or promotional materials; laboratory notebooks; financial records; contracts; drafts; agreements; instructions; studies; publications; films; prints; voice recordings; reports; surveys; forecasts; minutes; statistical compilations; and every copy of such writing, record, or graphic matter where such copy is a draft or not identical to the original document or where such copy contains any commentary or notation whatsoever, handwritten or otherwise, that does not appear on the other copies or on the original.

2

3. If any of the information requested to be produced is available in machine-readable form (such as punch cards, paper or magnetic tapes, drums, disks, or core storage), state the form in which it is available and describe the type of computer or other machinery required to access the information. If the information requested is only available in machine-readable form, indicate whether you possess any existing program which will print the records in some form, and identify the person(s) who is/are familiar with the program. If no program exists, state whether you could develop one or whether an existing program could be modified to print records in a readable form.

4. As used herein, the term "relate" (or variants thereof such as "relating" or "related"), when used in connection with a document or thing, shall mean, without limitation, any document or thing that constitutes, contains, embodies, evidences, concerns, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

5. In the event any information, document, or thing responsive to these requests is not provided by reason of a claim of privilege or work product, or for any other reason, then the following shall be provided with respect to such information, document, or thing: (a) a brief description of the subject matter of the information, document, or thing; (b) the identity of the author or creator of the information, document, or thing; (c) the source of the information, document, or thing; (d) all recipients of the information, document, or thing (including, but not limited to those receiving copies and blind copies); (e) the date the information, document, or thing (or any copy or draft thereof which is not identical to the original) was created; and (f) the basis upon which the information, document, or thing is being withheld.

6.  As used herein, "and" or "or" shall be construed conjunctively or disjunctively, or both conjunctively and disjunctively, so as to acquire the broadest meaning possible.

7.  In the event a responsive document has been destroyed: (a) identify the person(s) who destroyed it; (b) the date it was destroyed; (c) the reasons why it was destroyed; and (d) the circumstances under which it was destroyed.

8.  As used herein, the term "day" or "date" shall mean the exact day, month, and year. If the exact date is not ascertainable, the best available approximation should be provided.

9.  As used herein, "person" shall include, but is not limited to, any natural person, business, partnership, corporation, or other entity, and any employee, agent, attorney, or representative of any of the foregoing.

10.  As used herein, "Casio Digital Camera" shall mean any and all designs, implementations, models, and versions of all Casio digital cameras capable of transferring picture information to another device, that have been used, manufactured, sold, offered for sale, licensed or imported into the United States since October 22, 2002.

11.  As used herein, "Patents-in-Suit" refers to United States Patent No. 6,895,449 ("the '449 patent") and United States Patent No. 6,470,399 ("the '399 patent").

12.  As used herein, "Lawsuit" means any type of legal action where Casio was a party or participant of any kind including, but not limited to, lawsuits filed in federal or state courts, administrative proceedings, ITC proceedings, USPTO proceedings and any international cases or proceedings filed in any tribunal.

4

13.     Where appropriate, the singular form of a word should be interpreted in the plural and *vice versa*, and the masculine form of a word shall be interpreted to also include the feminine and *vice versa*, to obtain the broadest possible meaning.

14. These document requests are continuing in nature.  If after making its initial response hereto (and up until the time of any hearing or trial), Casio or its attorneys, agents, or representatives obtain or become aware of any further information or documents responsive to these requests that was unavailable at the time of the initial response hereto, Casio is requested to produce such information and documents.

15.     Unless indicated otherwise, these requests apply to all documents and materials from 1997 to the present date.

16.     The methods and format of Casio's production shall be as follows:

I.     Format of Production

A.     The parties shall produce all responsive hard copy and electronic documents in single-page Tagged Image File Format ("TIFF") with an accompanying Summation load file, an extracted text file of electronic documents that are unredacted, and an Optical Character Recognition ("OCR") text file of unredacted portions of redacted documents and hard copy documents.

B.     Documents that present imaging or formatting problems shall be promptly identified and the Parties shall meet and confer to attempt to resolve the problems.  The Parties are not required to produce exact duplicates of electronic documents stored in different electronic locations.  The metadata for documents which have been "de-duplicated" across custodial files will indicate the names of the custodians in whose files

5

the documents are located.  The parties shall produce documents on either DVD or CD and may produce fact sheets by email in ".pdf" format.

C.      Each page of a produced document shall have a legible, unique page identifier ("Bates Number") and confidentiality legend (where applicable) on the face of the image at a location that does not obliterate, conceal, or interfere with any information from the source documents.  No other legend or stamp will be placed on the document image other than the Bates Number, confidentiality legend (where applicable), and redactions addressed above.

D.      For redacted documents, the metadata for each document will indicate the basis for the redaction (e.g., "other Casio product," "privacy," or "privilege") at the time the redacted document is produced.

II.     Metadata

To the extent possible and practicable, the parties will provide the following metadata fields:

(a)     Electronic document type;
(b)     Create date;
(c)     File name;
(d)     File location;
(e)     Source location;
(f)     Starting production number;
(g)     Ending production number;
(h)     Custodian;
(i)     Last date modified;
(j)     Author;
(k)     Recipient(s);
(l)     Document date (if different from create date);
(m)     cc(s);
(n)     bcc(s);
(o)     Subject;
(p)     Title; and
(q)     Attachment information (for e-mails).

If a party determines that it is impossible to produce certain metadata fields for a type or types of documents, the party shall so inform opposing counsel. If a party determines that the production of certain metadata fields for a type or types of documents would be impracticable, unduly burdensome or unduly expensive, the party shall so inform opposing counsel, and the parties shall promptly meet and confer on what should be done, without prejudice to that party's right to object to production of such metadata fields or the opposing party's right to move to compel such production.

## REQUESTS FOR DOCUMENTS AND THINGS

1.  One sample of each and every Casio Digital Camera that has been used, manufactured, sold, offered for sale, licensed or imported into the United States since October 22, 2002.

2.  All documents referring or relating to the research, development, design, re-design, prototype production, testing, licensing, or commercial production of any and all Casio Digital Cameras.

3.  All documents identifying all entities or persons involved in the research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale or importation of any and all Casio Digital Cameras.

4.  All documents referring or relating to the research, development, design, re-design, prototype production, testing, manufacturing or commercial production of any and all Casio Digital Cameras done by any persons or entities retained or consulted by Casio.

7

5.  All engineering specifications, assembly drawings, production drawings, parts drawings, schematic drawings, block diagrams, parts lists, bills of material, prototypes, specification sheets, sales manuals, brochures, instruction or operating manuals, user manuals, technical publications, technical documentation, white papers, or technical bulletins relating to any and all Casio Digital Cameras.

6.  All documents written, created, received, and/ or generated by Casio that refer or relate to any and all Casio Digital Cameras.

7.  All documents concerning communications with Casio's customers for any and all Casio Digital Cameras.

8.  All documents referring or relating to the shipment and receiving of any and all Casio Digital Cameras.

9.  All documents referring or relating to the shipment of any and all Casio Digital Cameras to Casio's customers.

10. All documents which refer or relate, in whole or in part, to the properties, characteristics, advantages and/or disadvantages of any and all Casio Digital Cameras.

11. All documents referring or relating to the construction, manufacture, operation, use, intended use or potential use of any and Casio Digital Cameras.

12. All documents referring or relating to technical descriptions, operating instructions or consumer instructions for any and all Casio Digital Cameras.

13. All documents, including but not limited to all memoranda, notes and drafts, which comprise or which refer or relate to (a.) any agreements between Casio and any other individual(s) and/or entity(ies), and (b.) and all events leading up to any such agreements, which concern  any and all Casio Digital Cameras.

14. All documents, including but not limited to all memoranda, notes and drafts, which comprise or which refer or relate to any indemnity agreements, subrogation agreements or warranties of non-infringement relating to any and all Casio Digital Cameras.

15. All settlement agreements and all other agreements related to any Lawsuit relating to any and all Casio Digital Cameras in the United States between Casio and any third party.

16. All documents relating to any Lawsuit relating to any and all Casio Digital Cameras between Casio (as a party or participant) and any third party in any forum in any country of the world.

17. All pleadings from any Lawsuit relating to any and all Casio Digital Cameras in any country between Casio and any third party.

18. All interrogatory responses from any Lawsuit relating to any and all Casio Digital Cameras between Casio and any third party.

19. Documents that relate to or show Casio's sales (in units and revenues), by year and month,.

20. Documents that relate to or show summaries of Casio's sales for any and all Casio Digital Cameras.

21. Documents that relate to or show summaries of to whom, where, and when any and all Casio Digital Cameras were sold.

22. Documents that relate to or show the percentage of sales in the United States as compared to the rest of world (in terms of units and/or revenues) for any and all Casio Digital Cameras.

23. Documents that relate to or show Casio's licensing revenue (in units and revenues), by year and month, for each Casio Digital Camera.

24. Documents the relate to or show which companies Casio has licensed to sell Casio Digital Cameras, the monthly number of cameras sold under each license, and the monthly amount of revenue under each license.

25. All of Casio's license agreements related to the purchase, sale, manufacture and distribution of any and all Casio Digital Cameras in the United States and throughout the world.

26. All royalty reports provided to Casio for all license agreements related to the purchase, sale, manufacture and distribution of any and all Casio Digital Cameras in the United States and throughout the world.

27. Documents that relate to and show Casio's purchases, including the number of units purchased, monetary amounts paid, and source of the units purchased, of any and all Casio Digital Cameras.

28. All documents and things relating to revenues Casio has received from the manufacture, sale, offer for sale, importation, lease, distribution, or licensing in the United States or any other country of any and all Casio Digital Cameras.

29. All documents and things relating to Casio's profits (gross, contribution, pretax, after tax, or incremental) associated with the manufacture, sale, offer for sale, importation, lease, distribution, or licensing in the United States or any other country of any and all Casio Digital Cameras.

30. All documents and things relating to Casio's costs (direct, indirect, common, or allocated) associated with the manufacture, sale, offer for sale, importation, lease,

distribution or licensing in the United States or any other country of any and all Casio Digital Cameras.

31. All documents referring or reflecting any transfer of any interest or other rights in the manufacturing, sale or distribution of any and all Casio Digital Cameras.

32. All documents which refer or relate to the impact or expected financial impact that the manufacture, use or sale of any and all Casio Digital Cameras would have or may have on the business of Casio or the business of any other individual or entity.

33. Any and all market studies, marketing plans, business plans, long-range plans, and strategic plans that refer or relate to (1) the Patents in Suit and/or (2) any and all Casio Digital Cameras.

34. All documents and things that describe, illustrate, or depict titles or job responsibilities of Casio employees involved in patent work related to any and all Casio Digital Cameras including, but not limited to, investigation or review of any other entity's patents.

35. All advertisements, brochures, bulletins, and other advertising or promotional materials Casio has prepared or has had others prepare, published or participated in the preparation or publication of, or marketing of any and all Casio Digital Cameras.

36. A sample of each advertisement, brochure, label, or other promotional material used by Casio or intended for use by Casio for the advertising, licensing, or sale of any and all Casio Digital Cameras.

37. All advertisements, bulletins, price lists, circulars, press releases, commercial articles or other materials concerning any and all Casio Digital Cameras.

38. All documents which refer or relate to Casio's knowledge or awareness of the Patents-in-Suit.

39. All documents which refer or relate to the Patents-in-Suit.

40. All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for Casio's assertion or belief that Casio does not or has not infringed the Patents-in-Suit in any manner, and does not or has not willfully infringed the Patents-in-Suit.

41. All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for each of Casio's claims or defenses alleged in this action.

42. All documents and things that support contradict or otherwise provide the basis, in whole or in part, for each of Casio's claims and defenses to the damages claims in this action.

43. All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for Casio's Complaint, Answer, or Affirmative Defenses in this action.

44. All documents authored or authorized under the direction or control of Casio which refer, relate and/or describe, in whole or in part, the subject matter of the Patents-in-Suit, or the inventions described or claimed therein, whether or not the Patents-in-Suit, are expressly named in any such document.

45. All documents, including all legal opinions of counsel, recording, evidencing or referring to Casio having ever made a study of the infringement, patentability, validity or claim scope of the Patents-in-Suit.

46.     All documents which establish or tend to establish that Casio has or has not induced others to infringe or contributed to others' infringement of any claim of the Patents-in-Suit.

47.     All documents relating to any attempt to design around the Patents-in-Suit.

48.     All minutes, notes, or other records, in whatever format that it may exist, which relates to, summarizes, or otherwise reflects any board of directors, management, or similar control group meeting at which the Patents-in-Suit or the subject matter of the present lawsuit was discussed.

49.     All documents constituting, recording, evidencing or referring to each United States or foreign patent known to Casio which disclose or claim subject matter falling within the scope of the Patents-in-Suit.

50.     All documents, articles or publications concerning the subject matter of the Patents-in-Suit.

51.     All documents constituting, recording, evidencing or referring to any alleged prior art relevant to the Patents-in-Suit, including all documents that provide written corroboration that any actual product constituting alleged prior art was or was not on sale or sold anywhere in the world.  This request shall have no time limitation.

52.     All documents and things supporting or refuting any and all alleged secondary considerations relevant to Casio's invalidity contentions.

53.     All documents and things concerning whether Casio Digital Cameras infringe or do not infringe the Patents-in-Suit.

54.     All documents and things concerning whether any and all non-Casio digital cameras infringe or do not infringe the Patents-in-Suit.

55.　All documents memorializing, summarizing, or otherwise reflecting or relating to communications with any person or entity concerning the Patents-in-Suit or any other patent owned by Papst that relates to digital cameras.

56.　All documents which set forth the officers and directors of Casio from 1997 to the present date.

57.　All documents identifying Casio's personnel structure, including the names and the titles of Casio's management, sales, licensing, marketing, design and engineering personnel involved with any and all Casio Digital Cameras from 1997 to the present date.

58.　All documents showing the corporate structure or organization of Casio, including all past and present individuals or entity(ies) that have (had) a controlling interest in Casio since 1997.

59.　All documents of any kind exchanged between Casio and any licensees or product manufacturer relating to any and all Casio Digital Cameras.

60.　All documents of any kind exchanged between Casio and any manufacturer relating to the Patents-in-Suit.

61.　All documents relating to meetings between Casio employees and employees of any manufacturer relating to any and all Casio Digital Cameras.

62.　As to each person Casio expects to call as an expert witness at the trial in this action:

(a).　All documents indicating, referring or relating to the subject matter upon which such expert witness is expected to testify, and all documents indicating, referring

14

to, or relating to the qualifications establishing him or her as an expert in such subject matter.

(b).    All documents describing the substance of the facts and opinions upon which he or she is expected to testify.

(c).    All documents provided to each such expert and all documents provided by the expert to Casio.

63.    All legal opinions, conclusions, and work product concerning whether or not any and all Casio Digital Cameras infringe or do not infringe the Patents-in-Suit.

64.    All legal opinions, conclusions, and work product concerning whether or not the Patents in Suit are valid and/or enforceable.

65.    All documents that Casio, its employees, consultants, or experts have considered, consulted, or relied upon in interpreting or construing the claims of the Patents-in-Suit, including but not limited to excerpts from books, dictionaries,  treatises and the like.

66.    All documents that show any involvement of Casio's parent companies, sister companies or related entities that are or were involved in the conception, design, research, development, manufacture, use, sale, offer for sale, importation of any and all Casio Digital Cameras.

67.    All documents relating to whether Casio has any control over or has the ability to obtain documents from its parent companies, sister companies or related entities that are or were involved with any and all Casio Digital Cameras, including any documents that show:

(a).   a common ownership between Casio and any Casio parent company, sister company, subsidiary or related entity;

(b)   an exchange or intermingling of board of directors between Casio and any Casio parent company, sister company, subsidiary or related entity;

(c)   an exchange of documents in the ordinary course of business between Casio and any Casio parent company, sister company, subsidiary or related entity;

(d)   any involvement in this litigation by any Casio parent company, sister company, subsidiary or related entity;

(g)   the corporate and financial relationship between Casio and any Casio parent company, sister company, subsidiary or related entity;

(h)   any agreements between Casio and any Casio parent company, sister company, subsidiary or related entity;

(i)   the power of Casio to elect any board of directors for any Casio parent company, sister company, subsidiary or related entity;

(j)   Casio's connection to the conception, design, research, development, manufacture, use, sale, offer for sale, importation of any and all Casio Digital Cameras; and

(k)   any and all efforts to sell, market and/or service any and all Casio Digital Cameras by any Casio parent company, sister company, subsidiary or related entity.

68.   All copies of Casio's document management and/or retention policies, including all amendments thereto in effect since 1997.

69.   All documents that relate to or show a violation or potential violation of Casio's document management and/or retention policies since 1997.

16

70.     All documents that (1) describe the details of Casio's information systems since 1997, (2) describe the types of electronic information stored on those systems, (3) describe the volume of electronic information stored on those system(s), (4) describe the applications that have run and/or displayed each type of electronic information on those systems, (5) identify those individuals possessing electronic information responsive to these requests, and (6) identify those individuals at Casio with specialized knowledge of their respective computer systems.

71.     All documents and things identified in, responsive to, used in responding to, or relating in any way to Papst Licensing's First Set of Interrogatories.

72.     Any and all joint defense agreements that refer or relate to (1) the Patents in Suit, (2) any and all Casio Digital Cameras, or (3) Papst Licensing.

73.     All documents which refer or relate to the Papst Licensing.

74.     Any and all documents that refer or relate to the prosecution of the Patents-In-Suit, and any and all patent applications or patents related to the Patents-In-Suit, including but not limited to, any and all foreign counterpart applications and patents, continuation applications and patents, and divisional applications and patents.

Dated: April 20, 2007          /s/ Joseph E. Cwik
                               Jerold B. Schnayer
                               Joseph E. Cwik
                               WELSH & KATZ, LTD.
                               120 South Riverside Plaza • 22nd Floor
                               Chicago, Illinois 60606
                               (312) 655-1500

17

Campbell Killefer (Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000
**Attorneys for Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing PAPST LICENSING GMBH & CO. KG'S FIRST SET OF FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO CASIO INC. was served on this the 20th day of April, 2007 upon the attorneys for Casio Inc. as follows:

**VIA U.S. MAIL and E-MAIL**
J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Counsel for Casio Inc.

**VIA U.S. MAIL AND E-MAIL**
Scott Simpson
Jeffrey Gold
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

/s/ Joseph E. Cwik
Attorney for Papst Licensing GmbH & Co. KG

19



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASIO INC.

            Plaintiff,

      v.

PAPST LICENSING GMBH & CO. KG,
           Defendant.

_____

PAPST LICENSING GMBH & CO. KG,
           Counter-Plaintiff

      v.

CASIO INC. and
CASIO COMPUTER CO., LTD.

           Counter-Defendants

Civil Action No. 1:06 CV 01751

Judge: Gladys Kessler

**PAPST LICENSING GMBH & CO. KG'S
FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS
AND THINGS TO CASIO COMPUTER CO., LTD.**

      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG ("Papst") requests that Counter-Defendant Casio Computer Co., Ltd. ("Casio"), produce the following documents and things for inspection and copying in accordance with the Definitions and Instructions set forth herein. If the manner of production is not otherwise agreed upon, production shall be at the offices at Welsh & Katz, Ltd., 120 South Riverside, 22nd Floor, Chicago, Illinois 60606, within thirty (30) days after service hereof, or as the parties may otherwise agree.

1

## DEFINITIONS AND INSTRUCTIONS

1.  As used herein, "Casio" shall include, but is not limited to, Casio Computer Co., Ltd., Casio Inc. and all of their predecessor(s) and successor(s) in interest, parent(s), subsidiaries, related and affiliated persons or entities, and any person employed by or for any or all of these entities, and all agents or representatives (including but not limited to their attorneys, accountants, and consultants).

2.  As used herein, the term "document" shall have the full meaning ascribed to it under Rule 34 of the Federal Rules of Civil Procedure including, without limitation, the original (and every copy of the original which differs in any way from it) of any written or graphic matter or any medium of any type or description upon which intelligence or information is recorded or from which intelligence or information can be perceived, which is or has been in the possession, custody, or control of Casio, or of which Casio has knowledge, including, without limitation: electronic mail; correspondence; memoranda; stenographic or handwritten notes; technical literature; specifications; plans; blueprints; drawings, charts; computer tapes, print-outs, and any other computer or electronic data capable of being produced in document form or displayed electronically; advertising or promotional materials; laboratory notebooks; financial records; contracts; drafts; agreements; instructions; studies; publications; films; prints; voice recordings; reports; surveys; forecasts; minutes; statistical compilations; and every copy of such writing, record, or graphic matter where such copy is a draft or not identical to the original document or where such copy contains any commentary or notation whatsoever, handwritten or otherwise, that does not appear on the other copies or on the original.

2

3.  If any of the information requested to be produced is available in machine-readable form (such as punch cards, paper or magnetic tapes, drums, disks, or core storage), state the form in which it is available and describe the type of computer or other machinery required to access the information. If the information requested is only available in machine-readable form, indicate whether you possess any existing program which will print the records in some form, and identify the person(s) who is/are familiar with the program. If no program exists, state whether you could develop one or whether an existing program could be modified to print records in a readable form.

4.  As used herein, the term "relate" (or variants thereof such as "relating" or "related"), when used in connection with a document or thing, shall mean, without limitation, any document or thing that constitutes, contains, embodies, evidences, concerns, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

5.  In the event any information, document, or thing responsive to these requests is not provided by reason of a claim of privilege or work product, or for any other reason, then the following shall be provided with respect to such information, document, or thing: (a) a brief description of the subject matter of the information, document, or thing; (b) the identity of the author or creator of the information, document, or thing; (c) the source of the information, document, or thing; (d) all recipients of the information, document, or thing (including, but not limited to those receiving copies and blind copies); (e) the date the information, document, or thing (or any copy or draft thereof which is not identical to the original) was created; and (f) the basis upon which the information, document, or thing is being withheld.

3

6. As used herein, "and" or "or" shall be construed conjunctively or disjunctively, or both conjunctively and disjunctively, so as to acquire the broadest meaning possible.

7. In the event a responsive document has been destroyed: (a) identify the person(s) who destroyed it; (b) the date it was destroyed; (c) the reasons why it was destroyed; and (d) the circumstances under which it was destroyed.

8. As used herein, the term "day" or "date" shall mean the exact day, month, and year. If the exact date is not ascertainable, the best available approximation should be provided.

9. As used herein, "person" shall include, but is not limited to, any natural person, business, partnership, corporation, or other entity, and any employee, agent, attorney, or representative of any of the foregoing.

10. As used herein, "Casio Digital Camera" shall mean any and all designs, implementations, models, versions, and revisions of any and all products, or methods, relating to any part of any Casio Digital Camera capable of transferring picture data to another device.

11. "Patents-in-Suit" refers to United States Patent No. 6,895,449 ("the '449 patent") and United States Patent No. 6,470,399 ("the '399 patent").

12. Where appropriate, the singular form of a word should be interpreted in the plural and *vice versa*, and the masculine form of a word shall be interpreted to also include the feminine and *vice versa*, to obtain the broadest possible meaning.

13. These document requests are continuing in nature. If after making its initial response hereto (and up until the time of any hearing or trial), Casio or its attorneys,

4

agents, or representatives obtain or become aware of any further information or documents responsive to these requests that was unavailable at the time of the initial response hereto, Casio is requested to produce such information and documents.

14. Unless indicated otherwise, these requests apply to all documents and materials from 1997 to the present date.

15. The methods and format of Casio's production shall be as follows:

I. <u>Format of Production</u>

A. The parties shall produce all responsive hard copy and electronic documents in single-page Tagged Image File Format ("TIFF") with an accompanying Summation load file, an extracted text file of electronic documents that are unredacted, and an Optical Character Recognition ("OCR") text file of unredacted portions of redacted documents and hard copy documents.

B. Documents that present imaging or formatting problems shall be promptly identified and the Parties shall meet and confer to attempt to resolve the problems. The Parties are not required to produce exact duplicates of electronic documents stored in different electronic locations. The metadata for documents which have been "de-duplicated" across custodial files will indicate the names of the custodians in whose files the documents are located. The parties shall produce documents on either DVD or CD and may produce fact sheets by email in ".pdf" format.

C. Each page of a produced document shall have a legible, unique page identifier ("Bates Number") and confidentiality legend (where applicable) on the face of the image at a location that does not obliterate, conceal, or interfere with any information from the source documents. No other legend or stamp will be placed on the document

5

image other than the Bates Number, confidentiality legend (where applicable), and redactions addressed above.

      D.     For redacted documents, the metadata for each document will indicate the basis for the redaction (e.g., "other Casio product," "privacy," or "privilege") at the time the redacted document is produced.

      II.    <u>Metadata</u>

To the extent possible and practicable, the parties will provide the following metadata fields:

      (a)     Electronic document type;
      (b)     Create date;
      (c)     File name;
      (d)     File location;
      (e)     Source location;
      (f)     Starting production number;
      (g)     Ending production number;
      (h)     Custodian;
      (i)     Last date modified;
      (j)     Author;
      (k)     Recipient(s);
      (l)     Document date (if different from create date);
      (m)    cc(s);
      (n)     bcc(s);
      (o)     Subject;
      (p)     Title; and
      (q)     Attachment information (for e-mails).

If a party determines that it is impossible to produce certain metadata fields for a type or types of documents, the party shall so inform opposing counsel. If a party determines that the production of certain metadata fields for a type or types of documents would be impracticable, unduly burdensome or unduly expensive, the party shall so inform opposing counsel, and the parties shall promptly meet and confer on what should

be done, without prejudice to that party's right to object to production of such metadata fields or the opposing party's right to move to compel such production.

## REQUESTS FOR DOCUMENTS AND THINGS

1.   One sample of each and every Casio Digital Camera that has been used, manufactured, sold, offered for sale, licensed or imported into the United States since October 22, 2002.

2.   All documents referring or relating to the research, development, design, re-design, prototype production, testing, licensing, or commercial production of any and all Casio Digital Cameras.

3.   All documents identifying all entities or persons involved in the research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale or importation of any and all Casio Digital Cameras.

4.   All documents referring or relating to the research, development, design, re-design, prototype production, testing, manufacturing or commercial production of any and all Casio Digital Cameras done by any persons or entities retained or consulted by Casio.

5.   All engineering specifications, assembly drawings, production drawings, parts drawings, schematic drawings, block diagrams, parts lists, bills of material, prototypes, specification sheets, sales manuals, brochures, instruction or operating manuals, user

manuals, technical publications, technical documentation, white papers, or technical bulletins relating to any and all Casio Digital Cameras.

6. All documents written, created, received, and/ or generated by Casio that refer or relate to any and all Casio Digital Cameras.

7. All documents concerning communications with Casio's customers for any and all Casio Digital Cameras.

8. All documents referring or relating to the shipment and receiving of any and all Casio Digital Cameras.

9. All documents referring or relating to the shipment of any and all Casio Digital Cameras to Casio's customers.

10. All documents which refer or relate, in whole or in part, to the properties, characteristics, advantages and/or disadvantages of any and all Casio Digital Cameras.

11. All documents referring or relating to the construction, manufacture, operation, use, intended use or potential use of any and Casio Digital Cameras.

12. All documents referring or relating to technical descriptions, operating instructions or consumer instructions for any and all Casio Digital Cameras.

13. All documents, including but not limited to all memoranda, notes and drafts, which comprise or which refer or relate to (a.) any agreements between Casio and any other individual(s) and/or entity(ies), and (b.) all events leading up to any such agreements, which concern any and all Casio Digital Cameras.

14. All documents, including but not limited to all memoranda, notes and drafts, which comprise or which refer or relate to any indemnity agreements, subrogation

agreements or warranties of non-infringement relating to any and all Casio Digital Cameras.

15. All settlement agreements and all other agreements related to any Lawsuit relating to any and all Casio Digital Cameras in the United States between Casio and any third party.

16. All documents relating to any Lawsuit relating to any and all Casio Digital Cameras between Casio (as a party or participant) and any third party in any forum in any country of the world.

17. All pleadings from any Lawsuit relating to any and all Casio Digital Cameras in any country between Casio and any third party.

18. All interrogatory responses from any Lawsuit relating to any and all Casio Digital Cameras between Casio and any third party.

19. Documents that relate to or show Casio's sales (in units and revenues), by year and month,.

20. Documents that relate to or show summaries of Casio's sales for any and all Casio Digital Cameras.

21. Documents that relate to or show summaries of to whom, where, and when any and all Casio Digital Cameras were sold.

22. Documents that relate to or show the percentage of sales in the United States as compared to the rest of world (in terms of units and/or revenues) for any and all Casio Digital Cameras.

23. Documents that relate to or show Casio's licensing revenue (in units and revenues), by year and month, for each Casio Digital Camera.

24. Documents the relate to or show which companies Casio has licensed to sell Casio Digital Cameras, the monthly number of cameras sold under each license, and the monthly amount of revenue under each license.

25. All of Casio's license agreements related to the purchase, sale, manufacture and distribution of any and all Casio Digital Cameras in the United States and throughout the world.

26. All royalty reports provided to Casio for all license agreements related to the purchase, sale, manufacture and distribution of any and all Casio Digital Cameras in the United States and throughout the world.

27. Documents that relate to and show Casio's purchases, including the number of units purchased, monetary amounts paid, and source of the units purchased, of any and all Casio Digital Cameras.

28. All documents and things relating to revenues Casio has received from the manufacture, sale, offer for sale, importation, lease, distribution, or licensing in the United States or any other country of any and all Casio Digital Cameras.

29. All documents and things relating to Casio's profits (gross, contribution, pretax, after tax, or incremental) associated with the manufacture, sale, offer for sale, importation, lease, distribution, or licensing in the United States or any other country of any and all Casio Digital Cameras.

30. All documents and things relating to Casio's costs (direct, indirect, common, or allocated) associated with the manufacture, sale, offer for sale, importation, lease, distribution or licensing in the United States or any other country of any and all Casio Digital Cameras.

31. All documents referring or reflecting any transfer of any interest or other rights in the manufacturing, sale or distribution of any and all Casio Digital Cameras.

32. All documents which refer or relate to the impact or expected financial impact that the manufacture, use or sale of any and all Casio Digital Cameras would have or may have on the business of Casio or the business of any other individual or entity.

33. Any and all market studies, marketing plans, business plans, long-range plans, and strategic plans that refer or relate to (1) the Patents in Suit and/or (2) any and all Casio Digital Cameras.

34. All documents and things that describe, illustrate, or depict titles or job responsibilities of Casio employees involved in patent work related to any and all Casio Digital Cameras including, but not limited to, investigation or review of any other entity's patents.

35. All advertisements, brochures, bulletins, and other advertising or promotional materials Casio has prepared or has had others prepare, published or participated in the preparation or publication of, or marketing of any and all Casio Digital Cameras.

36. A sample of each advertisement, brochure, label, or other promotional material used by Casio or intended for use by Casio for the advertising, licensing, or sale of any and all Casio Digital Cameras.

37. All advertisements, bulletins, price lists, circulars, press releases, commercial articles or other materials concerning any and all Casio Digital Cameras.

38. All documents which refer or relate to Casio's knowledge or awareness of the Patents-in-Suit.

39. All documents which refer or relate to the Patents-in-Suit.

40. All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for Casio's assertion or belief that Casio does not or has not infringed the Patents-in-Suit in any manner, and does not or has not willfully infringed the Patents-in-Suit.

41. All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for each of Casio's claims or defenses alleged in this action.

42. All documents and things that support contradict or otherwise provide the basis, in whole or in part, for each of Casio's claims and defenses to the damages claims in this action.

43. All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for Casio's Complaint, Answer, or Affirmative Defenses in this action.

44. All documents authored or authorized under the direction or control of Casio which refer, relate and/or describe, in whole or in part, the subject matter of the Patents-in-Suit, or the inventions described or claimed therein, whether or not the Patents-in-Suit, are expressly named in any such document.

45. All documents, including all legal opinions of counsel, recording, evidencing or referring to Casio having ever made a study of the infringement, patentability, validity or claim scope of the Patents-in-Suit.

46. All documents which establish or tend to establish that Casio has or has not induced others to infringe or contributed to others' infringement of any claim of the Patents-in-Suit.

47. All documents relating to any attempt to design around the Patents-in-Suit.

12

48.     All minutes, notes, or other records, in whatever format that it may exist, which relates to, summarizes, or otherwise reflects any board of directors, management, or similar control group meeting at which the Patents-in-Suit or the subject matter of the present lawsuit was discussed.

49.     All documents constituting, recording, evidencing or referring to each United States or foreign patent known to Casio which disclose or claim subject matter falling within the scope of the Patents-in-Suit.

50.     All documents, articles or publications concerning the subject matter of the Patents-in-Suit.

51.     All documents constituting, recording, evidencing or referring to any alleged prior art relevant to the Patents-in-Suit, including all documents that provide written corroboration that any actual product constituting alleged prior art was or was not on sale or sold anywhere in the world. This request shall have no time limitation.

52.     All documents and things supporting or refuting any and all alleged secondary considerations relevant to Casio's invalidity contentions.

53.     All documents and things concerning whether Casio Digital Cameras infringe or do not infringe the Patents-in-Suit.

54.     All documents and things concerning whether any and all non-Casio digital cameras infringe or do not infringe the Patents-in-Suit.

55.     All documents memorializing, summarizing, or otherwise reflecting or relating to communications with any person or entity concerning the Patents-in-Suit or any other patent owned by Papst that relates to digital cameras.

56.     All documents which set forth the officers and directors of Casio from 1997 to the present date.

57.     All documents identifying Casio's personnel structure, including the names and the titles of Casio's management, sales, licensing, marketing, design and engineering personnel involved with any and all Casio Digital Cameras from 1997 to the present date.

58.     All documents showing the corporate structure or organization of Casio, including all past and present individuals or entity(ies) that have (had) a controlling interest in Casio since 1997.

59.     All documents of any kind exchanged between Casio and any licensees or product manufacturer relating to any and all Casio Digital Cameras.

60.     All documents of any kind exchanged between Casio and any manufacturer relating to the Patents-in-Suit.

61.     All documents relating to meetings between Casio employees and employees of any manufacturer relating to any and all Casio Digital Cameras.

62.     As to each person Casio expects to call as an expert witness at the trial in this action:

(a).     All documents indicating, referring or relating to the subject matter upon which such expert witness is expected to testify, and all documents indicating, referring to, or relating to the qualifications establishing him or her as an expert in such subject matter.

(b).     All documents describing the substance of the facts and opinions upon which he or she is expected to testify.

(c).    All documents provided to each such expert and all documents provided by the expert to Casio.

63.    All legal opinions, conclusions, and work product concerning whether or not any and all Casio Digital Cameras infringe or do not infringe the Patents-in-Suit.

64.    All legal opinions, conclusions, and work product concerning whether or not the Patents in Suit are valid and/or enforceable.

65.    All documents that Casio, its employees, consultants, or experts have considered, consulted, or relied upon in interpreting or construing the claims of the Patents-in-Suit, including but not limited to excerpts from books, dictionaries, treatises and the like.

66.    All documents that show any involvement of Casio's parent companies, sister companies or related entities that are or were involved in the conception, design, research, development, manufacture, use, sale, offer for sale, importation of any and all Casio Digital Cameras.

67.    All documents relating to whether Casio has any control over or has the ability to obtain documents from its parent companies, sister companies or related entities that are or were involved with any and all Casio Digital Cameras, including any documents that show:

(a).    a common ownership between Casio and any Casio parent company, sister company, subsidiary or related entity;

(b)    an exchange or intermingling of board of directors between Casio and any Casio parent company, sister company, subsidiary or related entity;

15

(c)      an exchange of documents in the ordinary course of business between Casio and any Casio parent company, sister company, subsidiary or related entity;

(d)      any involvement in this litigation by any Casio parent company, sister company, subsidiary or related entity;

(g)      the corporate and financial relationship between Casio and any Casio parent company, sister company, subsidiary or related entity;

(h)      any agreements between Casio and any Casio parent company, sister company, subsidiary or related entity;

(i)      the power of Casio to elect any board of directors for any Casio parent company, sister company, subsidiary or related entity;

(j)      Casio's connection to the conception, design, research, development, manufacture, use, sale, offer for sale, importation of any and all Casio Digital Cameras; and

(k)      any and all efforts to sell, market and/or service any and all Casio Digital Cameras by any Casio parent company, sister company, subsidiary or related entity.

68.      All copies of Casio's document management and/or retention policies, including all amendments thereto in effect since 1997.

69.      All documents that relate to or show a violation or potential violation of Casio's document management and/or retention policies since 1997.

70.      All documents that (1) describe the details of Casio's information systems since 1997, (2) describe the types of electronic information stored on those systems, (3) describe the volume of electronic information stored on those system(s), (4) describe the applications that have run and/or displayed each type of electronic information on those

16

systems, (5) identify those individuals possessing electronic information responsive to these requests, and (6) identify those individuals at Casio with specialized knowledge of their respective computer systems.

71.     All documents and things identified in, responsive to, used in responding to, or relating in any way to Papst Licensing's First Set of Interrogatories.

72.     Any and all joint defense agreements that refer or relate to (1) the Patents in Suit, (2) any and all Casio Digital Cameras, or (3) Papst Licensing.

73.     All documents which refer or relate to the Papst Licensing.

74.     Any and all documents that refer or relate to the prosecution of the Patents-In-Suit, and any and all patent applications or patents related to the Patents-In-Suit, including but not limited to, any and all foreign counterpart applications and patents, continuation applications and patents, and divisional applications and patents.

Dated:  April 20, 2007                    _/s/ Joseph E. Cwik
                                          Jerold B. Schnayer
                                          Joseph E. Cwik
                                          WELSH & KATZ, LTD.
                                          120 South Riverside Plaza • 22nd Floor
                                          Chicago, Illinois 60606
                                          (312) 655-1500

                                          Campbell Killefer (Bar No. 268433)
                                          VENABLE LLP
                                          575 7th Street, N.W.
                                          Washington, D.C. 20004
                                          (202) 344-4000
                                          **Attorneys    for    Defendant/Counter-**
                                          **Plaintiff Papst Licensing GmbH & Co.**
                                          **KG**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing PAPST LICENSING GMBH & CO. KG'S FIRST SET OF FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO CASIO COMPUTER CO., LTD. was served on this the 20th day of April, 2007 upon the attorneys for Casio Computer Co., Ltd. as follows:

**VIA U.S. MAIL and E-MAIL**
J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Counsel for Casio Inc. and Casio Computer Co.,Ltd.

**VIA U.S. MAIL AND E-MAIL**
Scott Simpson
Jeffrey Gold
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

/s/ Joseph E. Cwik
Attorney for Papst Licensing GmbH & Co. KG

18

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
-------------------------------------------------------------------X
CASIO INC., 570 Mount Pleasant Avenue,                             :
Dover, New Jersey 07801                                            :
                                                                   : Civil Action No. 1:06 CV 01751
                                       Plaintiff,                  : Judge: Gladys Kessler
                                                                   : Magistrate Judge: Deborah Robinson
          v.                                                       :
                                                                   : Next status conference: 12/4/07
PAPST LICENSING GMBH & CO. KG,                                     :
Bahnhofstrasse 33, 78112 Georgen,                                  :
Germany                                                            :
                                                                   :
                                       Defendant.                  :
-------------------------------------------------------------------X
-------------------------------------------------------------------X
PAPST LICENSING GMBH & CO. KG,                                     :
Bahnhofstrasse 33, 78112 Georgen,                                  :
Germany                                                            :
                                                                   :
                                       Counter-Plaintiff,          :
                                                                   :
          v.                                                       :
                                                                   :
CASIO INC., 570 Mount Pleasant Avenue,                             :
Dover, New Jersey 07801, and CASIO COMPUTER                        :
CO., LTD., 6-2, Honmachi 1-chome, Shibuya-ku, Tokyo               :
151-8543, Japan                                                    :
                                                                   :
                                       Counter-Defendants.         :
-------------------------------------------------------------------X
```

## [PROPOSED] ORDER

Upon consideration of Defendant and Counter Plaintiff Papst Licensing GmbH & Co. KG's ("Papst") Objections to and Motion to Reconsider Portions of Magistrate Judge Robinson's May 31, 2007 Order, it is hereby

**ORDERED** that Papst's Motion to Reconsider is **denied**.

ORDERED that Magistrate Judge Robinson's May 31, 2007 Order is **affirmed** in all respects.

ORDERED that Papst pay all of Casio's costs and fees associated with this motion.

DATED:_____

_____
Hon. Gladys Kessler
United States District Judge