UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC.<br><br>    Plaintiff,<br><br>v.<br><br>PAPST LICENSING GMBH & CO. KG,<br>    Defendant. | Civil Action No. 1:06 CV 01751<br><br>Judge: Gladys Kessler<br><br>Magistrate Judge: Robinson |
| PAPST LICENSING GMBH & CO. KG,<br>Counter-Plaintiff<br><br>v.<br><br>CASIO INC. and<br>CASIO COMPUTER CO., LTD.<br><br>Counter-Defendants | Motion Hearing July 23, 2007 |

**PAPST'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
THE PRODUCTION OF DOCUMENTS**

Jerold B. Schnayer
Richard W. McLaren, Jr.
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza,
22nd Floor
Chicago, IL 60606
(312) 655-1500

Campbell Killefer (Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

*Attorneys for Papst Licensing GmbH & Co. KG*

I.   INTRODUCTION

Casio bases its arguments on its *interpretations* of Papst's requests rather than Papst's *actual* requests. While pages 1 and 2 of Casio's opposition brief manufactures thirteen categories of *alleged* documents that Papst seeks, Casio's categories mischaracterize Papst's requests. For example, Casio alleges that Papst seeks documents "for every feature of every Casio Digital Camera." Not true. Papst has repeatedly informed Casio and this Court that Papst only seeks technical documents on eight categories of digital camera features that are relevant to the Patents-In-Issue. (Ex. E. to Papst's Motion). For example, claim1 of the '399 patent claims "an analog-to-digital converter for converting data sampled by the sampling circuit, into digital data wherein the interface device is configured by the processor and memory." Of course, the claims of the patent define the scope of the protection. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1299 (Fed.Cir. 2006). Accordingly, Papst responded to Casio's hyper-technical interpretation of Papst's document requests by explaining that Papst sought only "[t]he processing by a camera of electrical signals representative of light signals, including the conversion of analog signals representative of light images into digital electrical signals, and the transfer of those digital electrical signals to an electronic memory." (Ex. F. to Papst's Motion) Papst's actual requests are thus directly relevant to Casio's infringement of these portions of the patent claims. "[R]equests for production should not be read or interpreted in an artificially restrictive or hyper technical manner" Fed.R.Civ.P. 37(a) advisory committee's note (1993). Papst's Motion should also be granted because a declaration filed in support of Casio's opposition admits that Casio could have searched for and produced all of Papst's requested documents in a matter of "weeks," but choose not do so. Thus, all documents requested by Papst are proper and should be produced within 10 calendar days.

II.  **CASIO SHOULD PRODUCE ALL OF ITS DOCUMENTS WITHIN TEN CALENDAR DAYS**

On pages 4 and 5, Casio admits that five broad categories of documents that Papst seeks <u>are</u> relevant and have <u>not</u> been produced. Casio offers no excuse for Casio not providing these documents earlier and they should all be produced within ten calendar days. That being said, Casio's attempt to limit all discovery in this case to its own five categories of documents that it unilaterally deems relevant is contrary to Rule 26. For example, Papst should not be limited to those documents that <u>Casio</u> deems "sufficient for a full understanding of how the Casio cameras function and operate" (Casio Opposition, p. 4). Papst is entitled to *all* of its requested documents concerning the operation of the at-issue Casio cameras, the good and the bad, and Papst should not be limited to what Casio deems "sufficient."

Casio has further argued that its publicly available user manuals for the cameras are sufficient to understand the operation of relevant aspects of the at-issue cameras. Not true. As one example, claim 1 from the '399 patent requires "a first command interpreter and a second command interpreter" commonly known as a set of computer program instructions to perform certain functions. Casio denies infringement of this element on the basis that Casio's software program instructions inside its cameras do <u>not</u> perform the functions covered by Papst's patent claims. Thus, the potentially most relevant evidence of infringement for this claim element will be Casio's actual computer software program instructions to see what exactly the programs do, not what Casio now says they do. Because no such computer programs or instructions are contained in Casio's user manuals, it is improper for Casio to deny Papst this core discovery relating to infringement.

III.  **CASIO'S BURDENSOMENESS OBJECTIONS ARE NOT PROPER**

Although Casio complains that it is burdensome to search for and obtain relevant documents, that burden exists in every case. Casio is the party that instituted this patent

2

infringement suit, and having done so, Casio should be prepared to spend the time that will be required to locate and produce the documents properly requested by Papst. Remarkably, even one of Casio's own employees admits in his declaration that Casio's search and production of all requested documents could have been completed in a matter of "**weeks**." (Casio Opposition, Katakai Decl., Ex. F, par. 5). Because Papst first served its document requests months ago on April 20, 2007, Mr. Katakai's Declaration effectively admits that, had Casio tried, it could have completed its Rule 34 search and production of all requested documents by now. Thus, Casio's refusal to provide relevant documents on arguments of over breadth should be rejected.

IV. **SPECIFIC CATEGORIES OF CASIO DOCUMENTS SHOULD BE PRODUCED**

*Technical Documents On The Research, Development, Design, Testing, Manufacturing, And Operation Of The Casio* Papst requested Casio to produce its technical documents relating to research, design, development, testing, manufacturing, and operation of the Casio Digital Cameras. In its opposition, Casio asserts that Papst seeks discovery on technical features of the cameras that are not at-issue in this case. Not true. As Papst specifically informed Casio by e-mail letter on June 12, 2006, Papst only seeks those technical documents relating to eight specific areas of the patent claims. (Ex. E, Papst's Motion). Casio fails to mention this letter to the Court. Instead, footnote 10 to Casio's opposition again demonstrates that Casio bases its motion on its *interpretations* of Papst's requests, instead of the actual requests. For example, while Casio complains that it should not produce documents relating to "flash operation" in response to Papst's technical subject matter no. 1, that subject has nothing to do with "flash operation." Instead, Papst technical subject matter no. 1 only seeks documents concerning "the acquisition and processing of light images by cameras including, for example, the conversion of light images into electrical signals representative of the light images." Thus, Casio's objections are unfounded.

3

***Documents For Cameras That May Yet Be Accused Of Infringement*** As further proof of Casio's bad faith in responding to discovery, Casio's Opposition brief reverses its original position and admits for the first time ever that it should produce documents on both the cameras accused of infringement <u>and those cameras that may potentially be accused of infringement</u>. See, Casio opposition, p. 6, ("...Casio will produce documents on other products.") Papst agrees these documents should have been produced months ago.

***Damages and Willfulness Documents*** Casio has already sought to bifurcate twice and has been twice <u>denied</u> by the Court. Judge Kessler declined to adopt Casio's requested bifurcation in the Case Management Plan (Docket No. 28), and Magistrate Judge Robinson declined to adopt Casio's requested bifurcation at the May 31, 2007 hearing. (Docket No. 36). Thus, Casio must respond with its responsive documents regarding damages and willfulness.

***Documents Relating To Activities Outside of the U.S.*** As Casio admits in its opposition, several relevant activites are taking place outside of the United States. (Casio Response, p. 6). First, the at-issue cameras are being manufactured in Japan and China. As such, there is very likely communications to and from Casio Japan discussing the relevant technical aspects of the at-issue cameras. Second, Casio Japan admits that admits that it sold its cameras to a third-party, Pentax, with the expectation that those cameras would be sold to the United States. Thus, Casio Japan is likley liable for inducment to infringe. *See, MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1379 (Fed.Cir. 2005). Casio's contenion that it cannot be held liable for inducement because its sales to Pentax occurred before it learned of the patents-in-suit in 2006 is no more than attorney argument lacking evidentiary support. Even if Casio did have such evidence, Papst would still be entitled to Casio's documents on the issue to test Casio's allegation that was not aware of Papst's patents prior to 2006.

***Documents from all Casio entities.*** The fact that Casio's opposition brief does not deny that Casio Japan has the ability to control the production of documents by its subsidiaries simply proves the obvious. Casio Japan does have control of all its subsidiaries and all subsidiaries should provide responsive documents.

***Documents identifying Casio computer information systems*** The 2006 committee comments to Rule 26 expressly discuss the relevance of a party identifying the "various sources of such [electronic] information within a party's control that should be searched for electronically stored information." Thus, all requested documents should be produced.

***Prior Art*** Casio should produce *all* prior art documents because an underlying factual inquiry to Casio's own invalidity claims on obviousness is "the scope and content of the prior art." *In Re Dembiczak,* 175 F.3d 994, 998 (Fed.Cir. 1999).

***Documents concerning Casio's communications with customers*** Because Casio does not dispute that "[c]ustomers' experiences, complaints, praises and/or returns may be indicative of the [accused] product's capabilities and limitations," all communications should be produced. *Alloc, Inc. v. Unilin Beheer B.V.,* 2006 U.S. Dist. LEXIS 24148 (D. Wis. 2006).

***Documents identifying individuals and businesses involved in Casio's infringing activities*** At the time Casio filed suit, it was fully aware of Rule 26(b)(1) which permits this discovery on *"the identity and location of persons having knowledge of any discoverable matter."* Casio should not have filed suit if it was unprepared to comply with the Federal Rules.

                                              Respectfully submitted,

Date: July 16, 2007

/s/ Joseph E. Cwik
Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza • 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

5

Campbell Killefer (Bar. No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

*Attorneys for Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. and Counterclaim Defendant Casio Computer Co., Ltd. through the Court's ECF electronic service, this 16th day of July, 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Jeffrey M. Gold
Laura Krawczyk
MORGAN LEWIS & BROCKIUS LLP
101 Park Avenue
New York, New York 10178

Scott D. Stimpson
The Law Office of Scott Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
**Counsel for Casio Inc. and Casio Computer Co., Ltd.**

/s/ Joseph E. Cwik
Joseph E. Cwik