### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. ) <br> KG LITIGATION ) <br> ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ ) <br> ) <br> This Document Relates To: ) <br> 07-cv-01118 ) | Misc. Action No. 07-493 (RMC) <br> MDL Docket No. 1880 |

### PAPST LICENSING'S ANSWER TO COMPLAINT, COUNTERCLAIM AND JURY DEMAND

Defendant, Papst Licensing GmbH & Co. KG ("Papst Licensing"), answers the Complaint of Plaintiffs, Fujifilm Corporation ("Fujifilm Japan") and Fujifilm U.S.A. ("Fujifilm U.S.A.")(hereinafter referred to collectively as "Plaintiffs") as follows:

### Parties

1. Plaintiff Fujifilm U.S.A. is a New York corporation with its principal place of business at 200 Summit Lake Drive, Floor 2, Valhalla, New York 10595.

ANSWER: Papst Licensing states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

2. Plaintiff Fujifilm Japan is a Japanese corporation with its principal place of business at Midtown West, 7-3, Akasaka 9-chome, Minato-ku, Tokyo 107-0052, Japan.

ANSWER: Papst Licensing states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

3. Fujifilm U.S.A. and Fujifilm Japan are in the business of manufacturing and selling a wide range of consumer electronics products, including digital cameras.

ANSWER:  Papst Licensing states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

4. Upon Information and belief, Papst Licensing is a company existing under the laws of The Federal Republic of Germany with its principal place of business at Bahnhofstrasse 33, 78112, St. Georgen, Germany.

ANSWER: Admit.

5. Upon information and belief, Papst Licensing does not manufacture or sell any consumer products.  Its sole business is to acquire and enforce intellectual property rights.

ANSWER:  Papst Licensing admits that it does not currently manufacture or sell any consumer products.  Further answering, Papst Licensing admits that it does license and enforce certain U.S. patents; otherwise Papst Licensing denies any and all remaining allegations of Paragraph No. 5.

**Patents In Suit**

6. Papst Licensing has held itself out as the owner of United States Patent No. 6,470,399 BI ("the '399 patent") entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless of the Type of the I/O Device," which issued on October 22, 2002.

ANSWER:  Admit.

7. Papst Licensing has also held itself out as the owner of United States Patent No. 6,895,449 B2 ("the '449 patent") entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless the Type of the I/O Device," which issued on May 17, 2005.

ANSWER:  Admit.

8.  Papst Licensing has been active in prosecuting continuations and divisional applications of the patents in suit, including pending application No.11/078,778.

ANSWER:  Admit.

9.  Papst Licensing has represented that Fujifilm, along with dozens of other companies, must either license the patents in suit or be faced with costly litigation and massive injury to business and reputation.  Papst Licensing has made these threats without conducting an appropriate analysis of the Fujifilm digital camera products it accuses of infringement and with knowledge that those products clearly and objectively do not infringe the patents in suit.

ANSWER:  Papst Licensing admits that it has accused Fujifilm, as well as other companies, that they infringe the '399 and '449 patents and that it would consider its legal options against such companies, including bringing lawsuits against any such infringers; otherwise Papst Licensing denies any and all of the remaining allegations set forth in paragraph No. 9.

10. Papst Licensing has specifically accused Fujifilm of infringing the '399 patent and the '449 patent.  For example, in a letter dated March 31, 2006 Papst Licensing accused the Fujifilm FinePix E550 and other unnamed digital cameras of infringing both of the patents-in-suit.  Papst Licensing has repeated its accusations of infringement on numerous occasions Fujifilm since that time.

ANSWER:  Papst Licensing admits that it has accused Fujifilm products of infringing the '399 and '449 patents.  Papst Licensing admits sending a letter dated March 31, 2006 to Fujifilm setting out, *inter alia,* that at least the Fujifilm FinePix E550 and other digital

3

cameras infringe the '339 and '449 patents. Papst Licensing denies any and all remaining allegations set out in paragraph No. 10.

    11. Fujifilm has presented Papst Licensing with a detailed analysis of why Fujifilm products do not infringe the '399 patent or the '449 patent. Fujifilm has explained why its products do not infringe the patents-in suit to Papst Licensing on multiple occasions, including in meetings in July and November 2006, and by letter in September 2006.

    ANSWER:  Denied.

    12. Notwithstanding the clear evidence that Fujifilm products do not infringe the patents-in-suit, Papst Licensing has continued to demand that Fujifilm pay Papst Licensing royalties for use of the '399 and '449 patents.

    ANSWER:  Admit that Papst Licensing has requested that Fujifilm pay Papst Licensing royalties for this unauthorized infringing use of the '399 and '449 patents; otherwise Papst Licensing denies any and all of the remaining allegations set forth in Paragraph No. 12.

    13. Fujifilm has refused to take a license to these patents on the ground that no such license is needed because Fujifilm's digital camera products clearly and objectively do not infringe the '399 and '449 patents.

    ANSWER:  Admit that Fujifilm has refused to take a license to these patents based on Fujifilm's position that Fujifilm's digital camera and other products do not infringe the '399 and '449 patents; otherwise denied.

## Jurisdiction and Venue

    14. This action arises under the Declaratory Judgment Act and the patent laws of the United States. See 28 U.S.C. §§ 2201 and 2202; Title 35 U.S.C. §§ 100 *et seq.*

ANSWER:  This paragraph contains Plaintiffs' characterization of the action and to which no answer is required, but insofar as an answer is required, denied.

15. This Court has subject matter jurisdiction over Papst Licensing pursuant to 35 U.S.C. §§ 1331 and 1338.

ANSWER:  Admit.

16. This Court has personal jurisdiction over Papst Licensing pursuant to 35 U.S.C. § 293.

ANSWER:  Admit.

17. Venue in this judicial district is proper under at least 28 U.S.C. § 1391(c) and (d) and 35 U.S.C. § 293.

ANSWER:  Admit.

18. The patents in suit are already being litigated in this forum. Specifically, Casio filed an action against Papst Licensing seeking a declaratory judgment that the '399 and '449 patents are not infringed by Fujifilm U.S.A. products and are invalid. That action is styled *Casio. v. Papst Licensing,* Case No. 1:06-cv-01751-GK.

ANSWER:  Admit.  However, Papst Licensing does not waive its arguments that proper venue for this case is in the U.S. District Court for the Northern District of Illinois (Chicago) based on Papst Licensing's previously filed lawsuit styled *Papst Licensing v. Fujifilm Corporation and Fujifilm USA, Inc.,* Case No. 07 c 3401 before Judge Holderman in the Northern District Court for the Northern District of Illinois.

19. An actual and justiciable controversy exists between Fujifilm, on the one hand, and Papst Licensing on the other, as to the infringement and validity of the patents in suit.

ANSWER:  Admit.

**Count I**
(Declaratory Judgment of Non-infringement and invalidity of the '399 patent)

20. Fujifilm re-alleges and incorporates by reference its allegations in paragraphs 1 through 19 above as if fully set forth herein.

ANSWER: Papst Licensing incorporates its responses to paragraphs 1-19 as if fully set forth herein.

21. Fujifilm has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '399 patent, nor is Fujifilm, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '399 patent.

ANSWER: Denied.

22. The '399 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

ANSWER: Denied.

23. An actual and justiciable controversy exists between Fujifilm and Papst Licensing regarding the alleged infringement and validity of the '399 patent by virtue of the allegations made by Papst Licensing that Fujifilm and/or its customers are or have been infringing the '399 patent.

ANSWER: Admit.

24. This case is an exceptional case pursuant to 35 U.S.C. § 285 entitling Fujifilm to an award of its attorneys' fees.

ANSWER: Denied.

6

## Count II
(Declaratory Judgment of non-infringement and invalidity of the '449 patent)

25. Fujifilm re-alleges and incorporates by reference its allegations in paragraphs 1 through 24 above as if fully set forth herein.

ANSWER: Papst Licensing incorporates its responses to paragraphs 1-24 as if fully set forth herein.

26. Fujifilm has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '449 patent, nor is Fujifilm, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '449 patent.

ANSWER: Denied.

27. The '449 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.,* including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

ANSWER: Denied.

28. An actual and justiciable controversy exists between Fujifilm and Papst Licensing regarding the alleged infringement and validity of the '449 patent by virtue of the allegations made by Papst Licensing that Fujifilm and/or its customers are or have been infringing the '449 patent.

ANSWER: Admit.

29. This case is an exceptional case pursuant to 35 U.S.C. § 285 entitling Fujifilm to an aware of its attorneys' fees.

ANSWER: Denied.

7

30. Fujifilm expressly reserves the right to amend this Complaint to add declaratory judgments counts with respect to any continuation or divisional applications relating to the patents in suit that may issue after the date this complaint is filed.

ANSWER:  This paragraph does not contain an averment of fact or law and instead it is a statement of Fujifilm concerning procedural matters, but insofar as an answer is required, Papst Licensing denies that Fujifilm has the power to amend the Complaint without first obtaining leave of court.

## PAPST LICENSING'S COUNTERCLAIM

Papst Licensing for its counterclaim for patent infringement against Fujifilm Japan and Fujifilm U.S.A., states as follows:

### Parties

31. Papst Licensing is a corporation existing under the laws of The Federal Republic of Germany, and has a principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

32. Fujifilm U.S.A. has alleged that it is a New York corporation with its principal place of business located at 200 Summit Lake Drive, Floor 2, Valhalla, New York 10595.

33. Fujifilm Japan has alleged that it is a Japanese corporation and has a principal place of business at Midtown West, 7-3, Akasaka 9-chome, Minato-ku, Tokyo 107-0052 Japan.

### Jurisdiction and Venue

34. This Court has federal question jurisdiction of this counterclaim pursuant to 28 U.S.C. §1331 and 1338(a) because this counterclaim arises under the patent laws of the United States.  35 U.S.C. §§ 1, et seq.

35. Venue over Fujifilm U.S.A. and Fujifilm Japan is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## Patents At Issue

35. Papst Licensing is the lawful owner, by assignment, of the entire right, title, and interest in and to the United States Patents identified in paragraphs 36-37.

36. United States Patent No. 6,895,449 ("the '449 patent") duly and legally issued on May 17, 2005.

37. United States Patent No. 6,470,399 ("the '399 patent") duly and legally issued on October 22, 2002.

## Claim for Relief

38. Papst Licensing repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

39. Upon information and belief, Fujifilm U.S.A. and Fujifilm Japan have or have caused to be made, used, sold, or offered for sale to customers in the United States, or imported into the United States, products that embody the elements of one or more claims of the '449 and '399 patents and, therefore, infringe those patents under the U.S. patent laws, 35 U.S.C. §271.

40. Upon information and belief, a reasonable opportunity for further investigation is likely to provide evidentiary support that Fujifilm U.S.A. and Fujifilm Japan committed the said infringements willfully.

41. Upon information and belief, Fujifilm U.S.A. and Fujifilm Japan have been and still are committing the said infringements and will continue to do so unless enjoined by this Court.

42. These actions by Fujifilm U.S.A. and Fujifilm Japan have damaged Papst Licensing in an amount to be determined at trial and have caused, and will continue to

cause Papst Licensing irreparable injury for which Papst Licensing has no adequate remedy at law.

## **JURY DEMAND**

Papst demands a trial by jury on all issues triable by jury as of right.

**WHEREFORE**, Papst Licensing prays for relief as set forth below:

A. Declare that Fujifilm U.S.A.'s and Fujifilm Japan have infringed the '449 patent and the '399 patent as set forth herein;

B. Order that Fujifilm U.S.A.'s and Fujifilm Japan and each of their employees, servants, agents, and persons in active concert with them be preliminarily and permanently enjoined from making, using, selling, or offering for sale products that infringe the '449 patent and the '399 patent;

C. Order the impounding for destruction all of Fujifilm U.S.A.'s and Fujifilm Japan's products that infringe the '449 patent and the '399 patent;

D. Award Papst Licensing damages adequate to compensate for Fujifilm U.S.A.'s and Fujifilm Japan's infringements;

E. Order that Papst Licensing be awarded monetary relief including:

(i) Compensatory damages in an amount to sufficiently compensate Papst Licensing for Fujifilm U.S.A.'s and Fujifilm Japan's infringements;

(ii) All damages sustained by Papst Licensing as a result of Fujifilm U.S.A.'s and Fujifilm Japan's acts of infringement; and

  (iii) An increase of damages to three times the amount found or assessed;

F. Award Papst Licensing interest, costs, and attorney's fees; and

G. Award Papst Licensing such other and further relief, as this Court deems just and appropriate.


Dated: April 14, 2008 By: /S/  Robert F. Muse_____
  Robert F. Muse (Bar No. 166868)
  STEIN, MITCHELL & MEZINES LLP
  1100 Connecticut Avenue, N.W.
  Suite 1100
  Washington, DC 20036
  (202) 737-7777
  (202) 296-8312 (Fax)

  James P. White
  Jerold B. Schnayer
  Joseph E. Cwik
  WELSH & KATZ, LTD.
  120 South Riverside Plaza, 22nd Floor
  Chicago, IL 60606
  (312) 655-1500
  (312) 655-1501 (fax)
  **Attorneys for Papst Licensing GmbH & Co. KG**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Papst Licesning GmbH & Co. KG's Answer, Counterclaim and Jury Demand in Civil Action No. 07-cv-01118 (Fujifilm v. Papst Licensing) was served on this 14th day of April, 2008 upon the attorneys for the Camera Manufacturers as follows:

*For The Casio Parties* (via e-mail)*:*
Laura Krawczyk
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Phone:  (212) 309-6000
Fax:  (212) 309-6001
lkrawczyk@morganlewis.com


J. Kevin Fee
Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
jkfee@morganlewis.com

Scott D. Stimpson
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
stimpsonlaw@gmail.com



*For The Samsung Parties* (via e-mail)*:*
Patrick J. Kelleher
Drinker Biddle Gardner Carton
191 North Wacker Drive
Suite 3700
Chicago, IL 60606-1698
Phone:  (312) 569-1375
Fax:  (312) 569-3375
Patrick.kelleher@dbr.com

*Camera Manufacturers' Administrative Counsel and*
*For The Fujifilm Parties* (via e-mail)*:*
Steven J. Routh
Hogan & Hartson, LLP

555 Thirteenth Street, N.W.
Washington, DC 20004
Phone:  (202) 637-5600
Fax:  (202) 637-5910
sjrouth@hhlaw.com

Sten Jensen
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Phone:  (202) 637-6465
Fax:  (202) 637-5910
sajensen@hhlaw.com

*For the Olympus Parties* (via e-mail)*:*
Richard deBodo
Rachel M. Cappoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone:  (310) 785-4694
Fax:  (310) 785-4601
rdebodo@hhlaw.com
rmcappoccia@hhlaw.com

*For The Matsushita and Victory Company of Japan Parties* (via e-mail):
Richard deBodo
Rachel M. Capoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone: (310) 785-4694
Fax: (310) 785-4601
rdebodo@hhlaw.com
rmcapoccia@hhlaw.com

Adam K. Levin, Esq.
Hogan & Hartson LLP
555 13th Street, NW
Washington, DC 20004
aklevin@hhlaw.com

***For the Ricoh Parties*** (via e-mail):
Michael Switzer
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606-5096
Phone:  (312) 984-3666
Fax:  (312) 984-7700
mswitzer@mwe.com

Richard L. Horwitz
Potter Anderson & Corroon, LLP
1313 North Market Street, 6th Floor
PO Box 951
Wilmington, DE 19899
Phone:  (302) 984-6000
Fax:  (302) 658-1192
rhorwitz@potteranderson.com

***For Hewlett-Packard Company*** (via email):
Charlene M. Morrow
Heather N. Mewes
Fenwick & West LLP
555 California Street, Suite 1200
San Francisco, CA 94104
Phone:  (415) 875-2300
Fax:  (415) 281-1350
cmorrow@fenwick.com
hmewes@fenwick.com


/s/ Robert F. Muse_____
Attorney for Papst Licensing GmbH & Co. KG