IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. ) <br> KG LITIGATION                               ) <br>                                                              ) <br>                                                              ) <br> This Document Relates To:                   ) <br> 07-cv-1222                                           ) | Misc. Action No. 07-493 (RMC) <br> MDL Docket No. 1880 |

## PAPST LICENSING GmbH & Co. KG's ANSWER, COUNTERCLAIM AND JURY DEMAND

Defendant, Papst Licensing GmbH & Co. KG ("Papst Licensing"), answers the Complaint of Plaintiff, Matsushita Electric Industrial ("MEI") and Victor Company of Japan, Ltd. ("JVC")(hereinafter referred to collectively as "Plaintiffs") as follows:

### PARTIES

1.  Plaintiff Matsushita Electric Industrial Col, Ltd. is a Japanese corporation with its principal place of business at 1006, Oaza-Kadoma, Kadoma City, Osaka, Japan.

ANSWER:  Papst Licensing states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

2.  Plaintiff Victor Company of Japan, Limited is a Japanese corporation with its principal place of business at 3-12, Moriya-cho, Kanagawa-ku, Yokohama, Kanagawa, Japan.

ANSWER:  Papst Licensing states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

3.  MEI manufactures and sells a wide range of consumer electronics products, including digital cameras sold under the Panasonic label.

ANSWER:  Papst Licensing states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

4.  JVC manufactures and sells a wide range of consumer electronics products, including digital camcorders.

ANSWER:  Admit.

5.  Upon information and belief, Papst Licensing is a company existing under the laws of The Federal Republic of Germany with its principal of business at Bahnhofstrasse 33, 78112, St. Georgen, Germany.

ANSWER:  Admit.

6.  Upon information and belief, Papst Licensing does not manufacture or sell any consumer products.  Its sole business is to acquire and attempt to license or enforce intellectual property rights.

ANSWER:  Papst Licensing admits that it does not currently manufacture or sell any consumer products.  Further answering, Papst Licensing admits that it licenses and enforces certain U.S. patents; otherwise Papst Licensing denies any and all remaining allegations of Paragraph No. 6

**PATENTS-IN-SUIT**

7.  Papst Licensing has held itself out to be the owner of United States patent  No. 6,4709,399 B1 ("the '399 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless of the Type of the I/O Device," which issued on October 22, 2002.

ANSWER:  Admit.

8.      Papst Licensing has also held itself out to be the owner of United States Patent No. 6,895,449 B2 ("the '449P patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless of Type of the I/O Device," which issued on May 17, 2005.

ANSWER:  Admit.

9.      Papst Licensing has prosecuted continuations and divisional applications of the '399 and '449 patents, including pending application No. 11/0789,778.

ANSWER:  Admit.

10.     Papst Licensing has told MEI, along with dozens of other companies, that if MEI does not license the '399 and the '449 patents, Papst Licensing will sue MEI for infringing those patents and subject MEI to costly patent litigation that will cause significant injury to MEI's business and reputation.  Papst Licensing has made these threats without conducting an appropriate analysis of MEI's digital camera or other products it accuses of infringement and with knowledge that those products do not infringe the '399 and the '449 patents.

ANSWER:  Papst Licensing admits that it has accused MEI, as well as other companies, that they infringe the '399 and '449 patents and that it would consider its legal options, including the bringing of lawsuits against any such infringers; otherwise Papst Licensing denies any and all of the remaining allegations set forth in Paragraph No. 10.

11.     Papst Licensing has specifically accused MEI products of infringing the '399 patent and the '449 patent on several occasions.  For example, in a letter dated November 27, 2006, Papst Licensing accused several models of Panasonic digital cameras of infringing both patents.  Papst Licensing has repeated its accusations of infringement and threats of litigation during 2006 and 2007, including during meetings with MEI's representatives.

ANSWER:  Papst Licensing admits that it has accused MEI products of infringing the '399 and '449 patents.  Papst Licensing admits sending a letter dated November 27, 2006 to MEI setting out, *inter alia*, some of the Panasonic brand cameras that infringe the '339 and '449 patents.  Papst Licensing denies any and all remaining allegations set out in Paragraph No. 11.

12.   MEI has explained to Papst Licensing in detail on several different occasions why MEI's products do not infringe the '399 patent or the '449 patent, including, without limitation, during meetings in 2006 and 2007.

ANSWER:  Denied.

13.   Notwithstanding the evidence that MEI's products do not infringe the '399 patent or '449 patent, Papst Licensing has continued to demand that MEI pay Papst Licensing royalties for use of the '399 patent and '449 patents.

ANSWER:  Admit that Papst Licensing has requested that MEI pay Papst Licensing royalties for the infringing uses of the '399 and '449 patents; otherwise Papst Licensing denies any and all of the remaining allegations set forth in Paragraph No. 13.

14.   MEI has refused to take a license to these patents on the ground that no such license is needed, because MEI's digital camera and other products do not infringe the '399 and '449 patents.

ANSWER:  Admit that MEI has refused to take a license to the patents on the ground that no such license is needed, because MEI's position is that MEI's digital camera and other products do not infringe the '399 and '449 patents; otherwise denied.

15.   Papst Licensing has also specifically accused JVC products of infringing the '399 patent and the '449 patent on several occasions. For example, in a letter dated December 21, 2006, Papst Licensing accused a JVC digital camcorder of infringing both patents.  Papst

4

Licensing has repeated its accusations of infringement and threats of litigation during 2007, including a meeting with JVC's representatives. Papst Licensing has made these threats and accusations without conducting an appropriate analysis of JVC's digital camcorders or other products it accuses of infringement.

ANSWER: Papst Licensing admits that it has accused JVC products of infringing the '399 and '449 patents. Papst Licensing admits sending a letter dated December 21, 2006 to JVC setting out that, *inter alia*, at least a JVC digital camcorder infringes the '339 and '449 patents. Papst Licensing denies any and all remaining allegations set out in Paragraph No. 15.

16. Papst Licensing has continued to demand that JVC pay Papst Licensing royalties for use of the '399 and '449 patents.

ANSWER: Admit.

17. JVC has refused to take a license to these patents on the ground that no such license is needed, because JVC's digital camcorders and other products do not infringe the '399 and '449 patents.

ANSWER: Admit that JVC has refused to take a license to the patents based on JVC's position that JVC's digital camcorders and other products do not infringe the '399 and '449 patents.

**JURISDICTION AND VENUE**

18. This action arises under the Declaratory Judgment Act and the patent laws of the United States. See, 28 U.S.C. §§ 2201 and 2202; Title 35 U.S.C. §§ 100 *et seq*.

ANSWER: This paragraph contains Plaintiffs' characterization of the action and to which no answer is required, but insofar as an answer is required, denied.

19. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

ANSWER: Admit.

20. This Court has personal jurisdiction over Papst Licensing pursuant to 35 U.S.C. § 293.

ANSWER: Denied. Pursuant to 35 U.S.C. § 293, Papst Licensing has a designated representative for service of process in Chicago, and accordingly, this Court does not have proper personal jurisdiction over Papst Licensing in this district.

21. Venue in this judicial district is proper under at least U.S.C. § 1391(c) and (d) and 35 U.S.C. § 293.

ANSWER: Papst Licensing denies that venue is proper in this judicial district based on its answers to Paragraph No. 20 above.

22. The '399 and '449 patents are already being litigated in this District in two other matters. Specifically, Casio, Inc. filed an action against Papst Licensing seeking a declaratory judgment that the '399 and '449 patents are not infringed by Casio products and are invalid. That action is entitled *Casio v. Papst Licensing,* Case No. 1:06-cv-01751-GK. Fujifilm Corporation and Fujifilm U.S.A., also filed an action in this District seeking a declaratory judgment that the '399 and '449 patents are not infringed by Fujifilm products and are invalid. That action is entitled *Fujifilm Corp. and Fujifilm U.S.A., Inc. v. Papst Licensing GmbH & Co., KG,* and Case No. 1:07-cv-01118-GK.

ANSWER: Admit.

23. An actual and justiciable controversy exists between MEI and JVC, on the one hand, and Papst Licensing, on the other hand, concerning Papst Licensing's claims of infringement of the '399 and '449 patents and concerning whether those patents are valid.

ANSWER: Admit.

## Count I
(Declaratory Judgment of non-infringement and invalidity of the '399 patent)

24. MEI and JVC reallege and incorporate by reference their allegations in paragraphs 1 through 23 above as if fully set forth herein.

ANSWER: Papst Licensing incorporates its responses to paragraphs 1-23 as if fully set forth herein.

25. MEI has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '399 patent, nor is MEI, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '399 patent.

ANSWER: Denied.

26. JVC has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '399 patent, nor is JVC, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '399 patent.

ANSWER: Denied.

27. The '399 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

ANSWER:  Denied.

28. An actual and justiciable controversy exists between MEI and JVC, on the one hand, and Papst Licensing, on the other hand, regarding the alleged infringement and validity of the '399 patent by virtue of the allegations made by Papst Licensing that MEI and JVC and/or their customers are or have been infringing the '399 patent.

ANSWER:  Admit.

29. This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling MEI and JVC to award of their attorneys' fees.

ANSWER:  Denied.

**Count II**
(Declaratory Judgment of non-infringement and invalidity of the '449 patent)

30. MEI and JVC reallege and incorporate by reference their allegations in paragraphs 1 through 29 above as if fully set forth herein.

ANSWER:  Papst Licensing incorporates its responses to paragraphs 1-29 as if fully set forth herein.

31. MEI has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '449 patent, nor is MEI, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '449 patent.

ANSWER:  Denied.

32.     JVC has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '449 patent, nor is JVC, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '449 patent.

ANSWER:  Denied.

33.     The '449 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

ANSWER:  Denied.

34.     An actual and justiciable controversy exists between MEI and JVC, on the one hand, and Papst Licensing, on the other, regarding the alleged infringement and validity of the '449 patent by virtue of the allegations made by Papst Licensing that MEI and JVC and/or their customers are or have been infringing the '399 patent.

ANSWER:  Admit.

35.     This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling MEI and JVC to an award of their attorneys' fees.

ANSWER:  Denied.

36.     MEI expressly reserves the right to amend this Complaint to add declaratory judgment counts with respect to any continuation or divisional applications relating to the patents-in-suit that may issue after the date this complaint is filed.

ANSWER:  This paragraph does not contain an averment of fact or law and instead it is a statement of MEI concerning procedural matters, but insofar as an answer is required, Papst

Licensing denies that MEI has the power to amend the Complaint without first obtaining leave of court.

## PAPST LICENSING'S COUNTERCLAIM AND THIRD PARTY CLAIMS

Papst Licensing for its counterclaim for patent infringement against MEI and JVC and its third-party claims against Panasonic Corporation of North America ("Panasonic America") and JVC Company of America ("JVC America"), states as follows:

### Parties

37. Papst Licensing is a corporation existing under the laws of The Federal Republic of Germany, and has a principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

38. Matsushita Electric Industrial Co., Ltd., ("MEI") has alleged that it is a Japanese Corporation with its principal place of business located at 1006, Oaza-Kadoma City, Osaka, Japan.

39. Victor Company of Japan, Ltd., ("JVC") has alleged that it is Japanese Corporation with its principal place of business located at 3-12, Moriya-cho, Kanagawa-lu, Yokohama, Kanagawa, Japan.

40. Upon information and belief, Panasonic Corporation of North America ("Panasonic America) is a Delaware corporation with its principal place of business located at 1 Panasonic Way, Secaucus, NJ 07094.

41. Upon information and belief, JVC Company of America ("JVC America") is a Delaware corporation with its principal place of business located at 1700 Valley Road, Wayne, NJ 07470. Upon information and belief, JVC is a parent of JVC America and MEI is the ultimate global parent of JVC America.

**Jurisdiction And Venue**

42. This Court has federal question jurisdiction of this counterclaim pursuant to 28 U.S.C. §1331 and 1338(a) because this counterclaim and the third-party complaint arise under the patent laws of the United States.  35 U.S.C. §§ 1, et seq.

43. Venue over MEI, JVC, Panasonic America and JVC America is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

**Patents At Issue**

44. Papst Licensing is the lawful owner, by assignment, of the entire right, title, and interest in and to United States Patent No. 6,470,399 ("the '399 patent") and United States Patent  No. 6,895,449 ("the '449 patent").

45. United States Patent No. 6,895,449 duly and legally issued on May 17, 2005.

46. United States Patent No. 6,470,399 duly and legally issued on October 22, 2002.

**Claims for Relief**

47. Papst Licensing repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

48. Upon information and belief, MEI, and its U.S. subsidiary Panasonic America and JVC, and its U.S. subsidiary JVC America, have or have caused to be made, used, sold, or offered for sale to customers in the United States, or imported into the United States, products that embody the elements of one or more claims of the '449 and '399 patents and, therefore, infringe those patents under the U.S. patent laws, 35 U.S.C. §271.

49. Upon information and belief, a reasonable opportunity for further investigation is likely to provide evidentiary support that MEI, Panasonic America, JVC and JVC America committed the said infringements willfully.

50. Upon information and belief, MEI, Panasonic America, JVC and JVC America have been and still are committing the said infringements and will continue to do so unless enjoined by this Court.

51. These actions by MEI, Panasonic America, JVC and JVC America have damaged Papst Licensing in an amount to be determined at trial and have caused, and will continue to cause Papst Licensing irreparable injury for which Papst Licensing has no adequate remedy at law.

## JURY DEMAND

Papst demands a trial by jury on all issues triable by jury as of right.

## PRAYER FOR RELIEF

**WHEREFORE**, Papst Licensing prays for relief as set forth below:

A. Declare that MEI, Panasonic America, JVC and JVC America have infringed the '449 patent and the '399 patent as set forth herein;

B. Order that MEI, Panasonic America, JVC and JVC America and each of their employees, servants, agents, and persons in active concert with them be preliminarily and permanently enjoined from making, using, selling, or offering for sale products that infringe the '449 patent and the '399 patent;

C. Order the impounding for destruction all of MEI's, Panasonic America's, JVC's and JVC America's products that infringe the '449 patent and the '399 patent;

D. Award Papst Licensing damages adequate to compensate for MEI's, Panasonic America's, JVC's and JVC America's infringements;

E. Order that Papst Licensing be awarded monetary relief including:

    (i)     Compensatory damages in an amount to sufficiently compensate Papst Licensing for MEI's, Panasonic America's, JVC's and JVC America's infringements;

    (ii)    All damages sustained by Papst Licensing as a result of MEI's, Panasonic America's, JVC's and JVC America's acts of infringement; and

    (iii)   An increase of damages to three times the amount found or assessed.

F.    Award Papst Licensing interest, costs, and attorney's fees; and

G.    Award Papst Licensing such other and further relief, as this Court deems just and appropriate.

Dated: April 14, 2008          By:    /S/ Robert F. Muse_____
Robert F. Muse (Bar No. 166868)
STEIN, MITCHELL & MEZINES LLP
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036
(202) 737-7777
(202) 296-8312 (Fax)

James P. White
Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606
(312) 655-1500
(312) 655-1501 (fax)
**Attorneys for Papst Licensing GmbH & Co. KG**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Papst Licesnsing GmbH & Co. KG's Answer, Counterclaim and Jury Demand in Civil Action No. 07-cv-01222 (Matsushita Electric Industrial, et.al. v. Papst Licensing) was served on this 14th day of April, 2008 upon the attorneys for the Camera Manufacturers as follows:

*For The Casio Parties* (via e-mail)*:*
Laura Krawczyk
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Phone:  (212) 309-6000
Fax:  (212) 309-6001
lkrawczyk@morganlewis.com


J. Kevin Fee
Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
jkfee@morganlewis.com

Scott D. Stimpson
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
stimpsonlaw@gmail.com



*For The Samsung Parties* (via e-mail)*:*
Patrick J. Kelleher
Drinker Biddle Gardner Carton
191 North Wacker Drive
Suite 3700
Chicago, IL 60606-1698
Phone:  (312) 569-1375
Fax:  (312) 569-3375
Patrick.kelleher@dbr.com

*Camera Manufacturers' Administrative Counsel and*
*For The Fujifilm Parties* (via e-mail)*:*
Steven J. Routh
Hogan & Hartson, LLP

555 Thirteenth Street, N.W.
Washington, DC 20004
Phone:  (202) 637-5600
Fax:  (202) 637-5910
sjrouth@hhlaw.com

Sten Jensen
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Phone:  (202) 637-6465
Fax:  (202) 637-5910
sajensen@hhlaw.com

***For the Olympus Parties*** (via e-mail)*:*
Richard deBodo
Rachel M. Cappoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone:  (310) 785-4694
Fax:  (310) 785-4601
rdebodo@hhlaw.com
rmcappoccia@hhlaw.com

***For The Matsushita and Victory Company of Japan Parties*** (via e-mail):
Richard deBodo
Rachel M. Capoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone: (310) 785-4694
Fax: (310) 785-4601
rdebodo@hhlaw.com
rmcapoccia@hhlaw.com

Adam K. Levin, Esq.
Hogan & Hartson LLP
555 13th Street, NW
Washington, DC 20004
aklevin@hhlaw.com

***For the Ricoh Parties*** (via e-mail):
Michael Switzer
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606-5096
Phone:  (312) 984-3666
Fax:  (312) 984-7700
mswitzer@mwe.com

Richard L. Horwitz
Potter Anderson & Corroon, LLP
1313 North Market Street, 6th Floor
PO Box 951
Wilmington, DE 19899
Phone:  (302) 984-6000
Fax:  (302) 658-1192
rhorwitz@potteranderson.com

***For Hewlett-Packard Company*** (via email):
Charlene M. Morrow
Heather N. Mewes
Fenwick & West LLP
555 California Street, Suite 1200
San Francisco, CA 94104
Phone:  (415) 875-2300
Fax:  (415) 281-1350
cmorrow@fenwick.com
hmewes@fenwick.com


/s/ Robert F. Muse_____
Attorney for Papst Licensing GmbH & Co. KG