UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC.<br><br>                Plaintiff,<br><br>    v.<br><br>PAPST LICENSING GMBH & CO. KG,<br>                Defendant.<br><br>PAPST LICENSING GMBH & CO. KG,<br>                Counter-Plaintiff<br><br>    v.<br><br>CASIO INC. and<br>CASIO COMPUTER CO., LTD.<br><br>                Counter-Defendants | Civil Action No. 1:06 CV 01751<br><br>Judge: Gladys Kessler<br><br>Magistrate Judge: Deborah A Robinson |

**[PROPOSED] ORDER GRANTING MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS**

Upon consideration of the motion of Defendant and Counter-Plaintiff Papst Licensing GMBH & Co, KG, to compel discovery the production of documents from Casio Inc. and Casio Computer Co., Ltd. (collectively "Casio"), it is hereby

**ORDERED** that the Motion to Compel The Production of Documents is **granted**.

In particular, it is ordered that:

    1.    All documents and materials hereby ordered shall be produced within 10 calendar days of this Court order.

    2.    Casio shall respond to discovery request Nos. 1-5, 7, 10-15, 17-58, 62-74, as further explained below.

3. For purposes of this Order, the term "Casio Digital Cameras" shall be defined as Casio digital cameras capable of transferring picture data to another device, which were used, manufactured, sold, offered for sale, licensed or imported into the United States since October 22, 2002.

4. Casio must produce all non-privileged documents in response to Request Nos. 2-5 and 10-12 in connection with the following aspects of the Casio Digital Cameras:

1. The acquisition and processing of light images by cameras including, for example, the conversion of light images into electrical signals representative of the light images.
2. The processing by a camera of electrical signals representative of light images including, for example, the conversion of analog signals representative of light images into digital electrical signals, and the transfer of those digital electrical signals to an electronic memory.
3. The operation of any computer program stored in a memory of a camera as it concerns any of the other subject matters set forth in this list.
4. The storage of information in a memory of a camera, including but not limited to external memory cards and other electronic memory intended to be attached to a camera.
5. The interconnection of a camera to a personal computer.
6. The transfer of digital electrical signals representative of light images from a camera to a personal computer including, for example, the process by which the personal computer recognizes how to communicate with and receive data from the camera.
7. The process by which a camera communicates with and transfers information to or from a personal computer.
8. The acquisition and processing of sound waves by cameras, how the sound waves are converted to digital electrical signals by the camera, how those digital electrical signals are processed and stored by the camera, and how those digital electrical signals are downloaded from the camera to a personal computer.

5. Casio shall respond to all discovery requests with respect to each of its Casio Digital Cameras, and Casio's discovery responses shall not be limited to only those cameras specifically accused of infringement at this time.

6. Casio shall produce all non-privileged materials relating to the research, design, development, testing, manufacturing, marketing, operation and commercial production of the at-issue Casio digital cameras. In particular, Casio shall produce all non-privileged materials responsive to Papst Licensing Document Request Nos. 1, 2, 3, 4, 5, 6, 7, 10, 11, 12, 35, 36, 37, 44, 53, 59, 60, 61 and 66.

7. Casio shall not withhold any documents on the basis that they may be subject to a motion to bifurcate or a motion to disqualify counsel.

8. Casio shall produce responsive documents relating to activities outside of the United States as well as within the United States.

9. Casio shall produce all documents regarding the sales, profits, costs, licensing and reasonable royalty information for the at-issue Casio Digital Cameras. In particular, Casio shall produce all non-privileged materials responsive to Papst Licensing Document Request Nos. 7, 19 to 33.

10. Responsive documents from all Casio entities shall be produced, not just those named in this litigation. All documents responsive to Papst Doc. Request No. 67 shall be produced.

11. Casio shall produce the requested documents regarding Casio's computer information systems. Specifically, all documents responsive to Papst Doc. Request No. 70 shall be produced.

12. Casio shall produce the requested documents regarding other lawsuits concerning Casio Digital Cameras. Specifically, all documents responsive to Papst Doc. Request Nos. 15, 17-18 shall be produced.

13. Casio shall produce the requested documents concerning the Patents-In-Suit. Specifically, all documents responsive to Papst Doc. Request Nos. 38, 39, 44, 45, 46, 47, 48, 49, 50, 51, 53, 54, 55 and 74 shall be produced.

14. Casio shall produce the requested documents demonstrating the names of individuals and businesses involved in Casio's infringing activities. Specifically, all documents responsive to Papst Doc. Request Nos. 56-58, 66 shall be produced.

15. Casio shall produce the requested documents relating to prior art and related subject matter, and not just the prior art on which Casio intends to rely. Specifically, all documents responsive to Papst Doc. Request Nos. 50, 51 and 53.

16. Casio shall produce the requested documents identified in, responsive to, used in responding to, or relating to Papst's First Set of Interrogatories. Specifically, all documents responsive to Papst Doc. Request No. 71 shall be produced.

17. No Casio documents shall be withheld on the basis of confidentiality given that Papst Licensing has agreed to keep any Casio confidential documents on an outside counsel only basis until the protective order issues are resolved.

Case 1:06-cv-01751-GK-DAR   Document 52-14   Filed 04/06/2007   Page 3 of 4

DATED: _____  _____
                                                                          Deborah Robinson
                                                                          United States Magistrate Judge