J. Kevin Fee (D.C. Bar No. 494016)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

Scott D. Stimpson (pro hac vice)
The Law Office of Scott D. Stimpson
445 Hamilton Avenue -- Suite 1102
White Plains, New York 10601
Tel: (203) 258-8412

Attorneys for Plaintiff and Counter-Defendant Casio
America, Inc. and Counter-Defendant Casio Computer
Co., Ltd.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE PAPST LICENSING GMBH & CO. KG LITIGATION**<br><br>**This Document Relates To:**<br><br>Casio, No. 06-cv-1751 | **Misc. Action No. 07-493 (RMC)**<br>**MDL Docket No. 1880** |

### CASIO'S SUPPLEMENTAL SUBMISSION REGARDING PAPST'S OBJECTIONS TO MAGISTRATE ROBINSON'S MAY 31, 2007 ORDER

The parties filed in the MDL docket their original submissions from the Casio action that address Papst's Motion for Reconsideration and Objections to United States Magistrate Judge Robinson's May 31, 2007 Order. Those submissions, we have realized, are not up to date because they do not advise the Court that, subsequent to the original submissions, Magistrate Judge Robinson expressly ruled that Papst had waived privilege and work product for the "reasons offered by Plaintiff [Casio] in its opposition." To ensure that the Court is aware of this

1-NY/2304256.1

development, Magistrate Judge Robinson's ruling is submitted as Exhibit A to the accompanying Fee Declaration. The underlying memoranda of the parties are attached as Exhibits B, C, and D, because the ruling cited the reasoning of Casio's opposition memorandum (Exhibit C).

                                                Respectfully submitted,

DATED: April 18, 2008

/s/ J. Kevin Fee
J. Kevin Fee (D.C. Bar No. 494016)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

Scott D. Stimpson (pro hac vice)
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, New York 10601
Tel: (203) 258-8412

Attorneys for Plaintiff and Counter-Defendant Casio America, Inc. and Counter-Defendant Casio Computer Co., Ltd.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. KG LITIGATION <br><br> This Document Relates To: <br><br> Casio, No. 06-cv-1751 | Misc. Action No. 07-493 (RMC) <br> MDL Docket No. 1880 |

### DECLARATION OF J. KEVIN FEE, ESQ.

I, J. Kevin Fee, hereby declare as follows:

1. I am a partner at the law firm of Morgan, Lewis & Bockius LLP in the Washington D.C. Office located at 1111 Pennsylvania Avenue, NW, Washington, D.C. 20004.

2. I have been admitted to practice law in the District of Columbia since 2005. I am further admitted to practice law in the states of New York and Pennsylvania.

3. Attached hereto as Exhibit A is a true and correct copy of Magistrate Judge Robinson's June 27, 2007 Minute Order.

4. Attached hereto as Exhibit B is a true and correct copy of Papst Licensing GMBH & Co. KG's Request for Clarification of Magistrate Judge Robinson's May 31, 2007 Order, filed on June 6, 2007.

5. Attached hereto as Exhibit C is a true and correct copy of Casio's Opposition to Papst's Motion for Clarification on June 7, 2007.

6. Attached hereto as Exhibit D is a true and correct copy of Papst Reply in Support of Request for Clarification.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 18, 2008           By: _____
                                        J. Kevin Fee



EXHIBIT A

| | |
|---|---|
| 06/27/2007 | MINUTE ORDER by Magistrate Judge Deborah A. Robinson on 6/27/07 denying for the reasons offered by Plaintiff in its opposition <u>35</u> Motion for Clarification. (EW) (Entered: 06/27/2007) |



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC. Plaintiff, v. PAPST LICENSING GMBH & CO. KG, Defendant. PAPST LICENSING GMBH & CO. KG, Counter-Plaintiff v. CASIO INC. and CASIO COMPUTER CO., LTD. Counter-Defendants | Civil Action No. 1:06 CV 01751 Judge: Gladys Kessler Magistrate Judge: Deborah A Robinson |

**PAPST LICENSING GMBH & CO. KG'S REQUEST FOR CLARIFICATION OF MAGISTRATE JUDGE ROBINSON'S MAY 31, 2007 ORDER**

Defendant and Counter-Plaintiff Papst Licensing GmbH & Co. KG ("Papst Licensing") respectfully requests clarification of Magistrate Judge Robinson's May 31, 2007 Order to state (1) that Papst Licensing has not waived its protections under the work product doctrine, the attorney-client privilege and other privileges recognized by law, and (2) that Papst Licensing has not waived its right to protect information as confidential under a future protective order, or by agreement of the parties.

On May 31, 2007, U.S. Magistrate Judge Robinson heard oral argument on Casio Inc.'s Motion to Compel and for Sanctions. A copy of the Court's Minute Entry and the

transcript from this hearing are attached hereto as Exhibit A. In its oral ruling, the Court stated "First, the Court orders that complete responses – that is, without objections, which have been waived by the failure to respond in a timely fashion – be served within 10 calendar days of today's date." (Ex. A, p. 27.)

Papst Licensing is diligently assembling the information to comply with this Court's Order. However, it is not clear to Papst Licensing whether this Court also ordered that Papst Licensing should produce information that is protected by the work product doctrine, the attorney-client privilege or any other privilege recognized by law such as the Rule 26(b)(4)(B) consulting expert privilege. These privileges and the work product doctrine are not specifically mentioned by the Court in its ruling. Such a ruling on waiver of privilege would inflict a disproportionate punishment on Papst Licensing. Therefore, Papst Licensing respectfully requests that this Court clarify its order to reflect whether it intended that Papst Licensing has also waived its protections under the work product doctrine, the attorney-client privilege and other privileges recognized by law.

It is also not clear to Papst Licensing whether this Court ordered that Papst Licensing has waived its right to protect information that is confidential to Papst Licensing or third-parties under a future protective order. The parties are currently discussing a potential protective order, and Casio has already agreed in an e-mail attached hereto as Exhibit B that Papst Licensing may "produce its confidential documents to Casio on an outside counsel only basis until the protective order issues are resolved by the Court." (See Ex. B).

On June 5, 2007, counsel for Papst Licensing, Joseph E. Cwik, and counsel for Casio, Scott Stimpson, conferred on this issue pursuant to Local Rule 7(m). Casio

opposes this motion because it believes that the Court intended to rule that Papst Licensing has waived its protections under the work product doctrine, the attorney-client privilege and all other privileges recognized by law.

WHEREFORE, Papst Licensing respectfully requests that this Court clarify its May 31, 2007 Order to state (1) that Papst Licensing has not waived its protections under the work product doctrine, the attorney-client privilege and other privileges recognized by law, and (2) that Papst Licensing has not waived the right to protect documents as confidential under a future protective order, or by agreement of the parties. A proposed Order accompanies this motion.


Dated: June 6, 2007                Respectfully submitted,

*Campbell Killefer*
Campbell Killefer (Bar. No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza • 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

**Attorneys for Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. and Counterclaim Defendant Casio Computer Co., Ltd. through the Court's ECF electronic service and by regular U.S. mail, postage prepaid, this June 6, 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Jeffrey M. Gold
Laura Krawczyk
MORGAN LEWIS & BROCKIUS LLP
101 Park Avenue
New York, New York 10178

Scott D. Stimpson
The Law Office of Scott Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
**Counsel for Casio Inc.**

_____
Campbell Killefer

EXHIBIT C

Jeffrey M. Gold, Esq. (*pro hac vice*)
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001

J. Kevin Fee, Esq. (D.C. Bar No. 494016)
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

Scott D. Stimpson, Esq. (*pro hac vice*)
The Law Office of Scott D. Stimpson
445 Hamilton Avenue -- Suite 1102
White Plains, New York 10601
Tel: (203) 258-8412

Attorneys for Plaintiff and Counter-Defendant Casio
Inc. and Counter-Defendant Casio Computer Co., Ltd.

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC., <br> **Plaintiff** <br> v. <br> **PAPST LICENSING GMBH & CO. KG** <br> **Defendant.** | Case No. 1:06-CV-01751 |
| PAPST LICENSING GMBH & CO. KG, <br> **Counter-Plaintiff** <br> v. <br> CASIO INC. and CASIO COMPUTER CO., LTD. <br> **Counter-Defendants** | Judge: Gladys Kessler <br> Magistrate Judge: Deborah Robinson <br><br> Next status conference: December 4, 2007 |

<u>**CASIO'S OPPOSITION TO PAPST'S MOTION FOR CLARIFICATION**</u>

1-NY/2188285.3

### I. NO CLARIFICATION IS NEEDED

The Court's Order on waiver of objections needs no clarification. Casio's Proposed Order was very clear that it was requesting "that all Papst objections to Casio, Inc.'s outstanding Interrogatories and Document Requests are waived . . . ." Proposed Order (emphasis added). The Court granted this request. Hearing Transcript, pp. 25 ("the Court will grant the motion, largely for the reasons offered by the Movant, both orally and in writing.").

Moreover, at the hearing, the Court specifically asked what objections had been made, and the Court was advised that Papst had made objections of privilege and work product. *Id.* at 4. The Court then ruled that Papst must provide "complete responses – that is, without objections, which have been waived by the failure to respond in a timely fashion...." *Id.* at 27.[1]

### II. PAPST SEEKS RECONSIDERATION, WHICH SHOULD BE DENIED

The Papst motion is, in reality, a request for reconsideration. Judge Kessler addressed motions for reconsideration in her Scheduling Order:

> Motions for reconsideration are greatly disfavored . . . The Court assumes that counsel have made their best and most convincing arguments in their first round of briefing, and presumes that motions for reconsideration are simply a repetition and reframing of those original arguments. "Only if the moving party presents new facts or a clear error of law which 'compel' a change in the Court's ruling will the motion to reconsider be granted". *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995).

5/14/07 Scheduling Order ¶14 (emphasis by Judge Kessler); *see also Zyko v. DOD*, 180 F. Supp. 2d 89, 91 (D.D.C. 2001) ("the reconsideration and amendment of a previous order is an extraordinary measure."); *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) (a motion to reconsider is not "a vehicle for presenting theories or arguments that could have been advanced earlier.").

---

[1] Casio does not object to Papst's request for reasonable confidentiality restrictions under a Protective Order.

It is well-established that untimely objections to discovery requests waive the work product and attorney-client privileges. *See United States v. British Am. Tobacco Ltd.*, 387 F.3d 884, 887 (D.D.C. 2004) (affirming holding that untimely objection waived privilege); *Schalk v. Teledyne, Inc.*, 1991 U.S. Dist. LEXIS 1974, *3 (W.D. Mich. Feb. 15, 1991) (untimely objection to discovery request resulted in the waiver of the attorney-client privilege); *Applied Sys. v. Northern Ins. Co.*, 1997 U.S. Dist. LEXIS 16014, *8 (D. Ill. Oct. 7, 1997) ("[I]t is firmly established that failure to object to a discovery request in a timely fashion may constitute waiver of the [work-product] objection."); *Layman v. Combs*, 1988 U.S. Dist. LEXIS 18517, *2-3 (N.D. Cal. Feb. 23, 1988) ("The law is well established that one who fails to timely object to discovery requests waives all objections including those based on privilege.").

Counsel for Papst presumably read our Proposed Order, and listened at the hearing while the Court asked about the nature of the objections and the response that identified privilege and work product, but Papst never attempted to carve out those objections in its briefing or during the hearing. Their time to do so has past.

There are neither new facts nor any clear error of law justifying reconsideration, as required by Judge Kessler's Scheduling Order. Accordingly, we respectfully request that the Court decline to reconsider this issue.

### III. CONCLUSION

For all the foregoing reasons, we respectfully request that the Court deny the Papst motion for reconsideration/clarification, and again rule that all objections are waived.

Respectfully submitted,

DATED: June 7, 2007

/s/ Jeffrey M. Gold
Jeffrey M. Gold, Esq. (*pro hac vice*)
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001

J. Kevin Fee, Esq. (D.C. Bar No. 494016)
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

Scott D. Stimpson, Esq. (*pro hac vice*)
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, New York 10601
Tel: (203) 258-8412

Attorneys for Plaintiff and Counter-Defendant Casio Inc. and Counter-Defendant Casio Computer Co., Ltd.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-----------------------------------------------------------------------X
CASIO INC., 570 Mount Pleasant Avenue,
Dover, New Jersey 07801
                              Plaintiff,

v.

PAPST LICENSING GMBH & CO. KG,
Bahnhofstrasse 33, 78112 Georgen,
Germany

                              Defendant.
-----------------------------------------------------------------------X
-----------------------------------------------------------------------X
PAPST LICENSING GMBH & CO. KG,
Bahnhofstrasse 33, 78112 Georgen,
Germany

                            Counter-Plaintiff,

v.

CASIO INC., 570 Mount Pleasant Avenue,
Dover, New Jersey 07801, and CASIO COMPUTER
CO., LTD., 6-2, Honmachi 1-chome, Shibuya-ku, Tokyo
151-8543, Japan

                            Counter-Defendants.
-----------------------------------------------------------------------X

: **Civil Action No. 1:06 CV 01751**
: Judge: Gladys Kessler
: Magistrate Judge: Deborah Robinson
: Next status conference: 12/4/07

## [PROPOSED] ORDER

Upon consideration of the Request of Papst Licensing GMBH & Co. KG ("Papst") for Clarification, it is hereby

**ORDERED**, that Papst's Request for Clarificiation is **denied**.

1-NY/2188109.2

    **ORDERED** that all of Papst's objections to Casio's discovery requests are waived, including all privilege and work product objections.

DATED:_____          _____
                            Deborah Robinson
                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



| | |
|---|---|
| CASIO INC.<br><br>Plaintiff,<br><br>v.<br><br>PAPST LICENSING GMBH & CO. KG,<br>Defendant.<br><br>PAPST LICENSING GMBH & CO. KG,<br>Counter-Plaintiff<br><br>v.<br><br>CASIO INC. and<br>CASIO COMPUTER CO., LTD.<br><br>Counter-Defendants | Civil Action No. 1:06 CV 01751<br><br>*Next Scheduled Court Deadline:*<br>*June 15, 2007, for Exchange of*<br>*Witness Lists*<br><br>Judge: Gladys Kessler<br><br>Magistrate Judge: Deborah A<br>Robinson |

### PAPST'S REPLY IN SUPPORT OF REQUEST FOR CLARIFICATION

In this Circuit, waiver of privilege is not automatic, as Casio suggests, but is a "serious sanction" most suitable for cases of "unjustified delay, inexcusable conduct, and bad faith." *United States v. British American Tobacco*, 387 F.3d 884, 892 (D.C. Cir. 2004). Before the serious sanction of waiver of privilege is imposed, the Court should determine whether, on the facts of the case, waiver would be an unduly harsh sanction. Where, as here, (1) the sanctioned conduct was based on a good faith (although mistaken) interpretation of a court order; (2) it occurred early in the case; (3) the party seeking discovery can show no prejudice, and (4) the discovery process has not been seriously disrupted, the harsh sanction of waiver should not be imposed.

Papst seeks this clarification not in an attempt to go over old ground, but out of an abundance of caution, so as to avoid any unintended violation of this Court's Order in connection with its upcoming discovery responses. This Court did not state that "all" objections were waived, as Casio's Proposed Order requested, but instead stated that Papst must provide "complete responses—that is, with out objections, which have been waived . . ." (Hearing Transcript, p. 27.) Since it is not clear whether this Court intended to include privilege within its ruling, Papst filed this motion.

### 1. Papst's Ability To Maintain The Confidentiality Of Its Documents Is Not Disputed

Casio "does not object to Papst's request for reasonable confidentiality restrictions under a Protective Order." (Casio's Opposition to Papst's Motion for Clarification, p. 1 n.1.) Accordingly, that portion of the Proposed Order referencing confidentiality should be allowed. (*See* item (2) of Papst's Proposed Order, p. 2.)

### 2. Papst's Conduct Does Not Warrant The Harsh Sanction Of Waiver Of Privilege

Casio's claim that this Court's order includes waiver of privilege is not supported by the case law cited by Casio and is not justified under the facts of this case. Casio cites *British American Tobacco* to support its claim that privilege was waived, but this opinion in fact supports Papst's position of non-waiver. In *British American Tobacco*, the D.C. Circuit did <u>not</u>, as Casio contends, affirm a holding that an untimely objection waived privileged. (Casio's Opposition, p. 2.) Instead, the D.C. Circuit <u>reversed</u> the lower court's imposition of sanctions: "We conclude that the court should not have imposed privilege waiver as a sanction." 387 F.3d at 892. The Court stated that waiver of

privilege is "not automatic" but is "a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith." *Id.*

Another case relied on by Casio, *Layman v. Combs*, 1988 U.S. Dist. LEXIS 18517 (N.D. Cal. Feb. 23, 1988), similarly supports Papst's position. In that case, the defendants moved to compel responses to interrogatories and document requests because plaintiff failed to timely respond to discovery and did not file a privilege log until over eight months after it was due. Although the court noted that the plaintiff had technically waived all objections to the interrogatories and document requests for failure to respond in a timely fashion, the court concluded that "the consequences to plaintiffs of enforcing a waiver of attorney-client and work product privileges would be disproportionate to the prejudice caused by plaintiffs' untimely responses." *Id.* at *4. The court declined to enforce waiver of these privileges because the discovery cutoff was six months away from the untimely response, and discovery was not "unduly disrupted" by the plaintiff's belated assertion of the privilege. *Id.*

Similarly, the court in *Applied Systems, Inc. v. Northern Ins. Co. of New York*, 1997 U.S. Dist. LEXIS 16014 (N.D. Ill. October 3, 1997) (also cited by Casio) stated:

> The discovery rules do not automatically require waiver upon a party's failure to object. Rather, waiver of a privilege is a serious sanction reserved for cases of unjustified delay, inexcusable conduct, bad faith, or other flagrant violations." *Id.* at *5-6. "The critical issue to address is whether, on the facts of this case, waiver would be an unduly harsh sanction." *Id.* at *8.

Papst respectfully submits that the conduct of Papst in this case does not merit the sanction of waiver of privilege. When Papst and Casio had a disagreement concerning whether the Rule 26(f) conference had occurred, Papst brought the matter to the Court's attention in its Motion to Continue the Initial Scheduling Conference (Docket No. 12),

which Judge Kessler granted and resulted in the Order that discovery go forward. (Docket No. 16.) Although it turns out that Papst was incorrect in its interpretation of the Court Order, it should be remembered that Papst responded to the interrogatories and document requests on May 30, 2007, which was less than two months after they were initially due. Also, at the time Papst responded, the discovery process had just begun; the Court had just held the Initial Scheduling Conference a few weeks prior (on May 14, 2007); and the close of fact discovery was still over six months away (December 11, 2007). It should also be noted that as a further show of good faith, Papst is making every effort to comply with this Court's Order, and on June 11, 2007, Papst will provide Casio with updated answers to its interrogatories and over 10,000 pages of documents, with production to continue over the next two weeks (with the consent of Casio's counsel). Under these circumstances, the waiver of privilege should not be imposed.

In the two cases cited by Casio where the sanction of waiver of privilege was upheld, the waiving party acted in a much more egregious manner than Papst here. *See Applied Systems, Inc. v. Northern Ins. Co. of New York*, 1997 U.S. Dist. LEXIS 16014 (N.D. Ill. October 3, 1997) (privilege waived where the defendants "conclusory and insufficient assertion of privilege came six days before the discovery deadline and was wholly uninformative and unsupported with a privilege log."); *Schalk v. Teledyne, Inc.*, 1991 U.S. Dist. LEXIS 1974 (W.D. Mi. Feb. 14, 1991) (party did not formally raise objection based on privilege until six months after document request was served, and there were two motions to compel discovery responses). Accordingly, these cases do not support a finding of waived privilege.

## CONCLUSION

For the reasons stated herein and in its moving brief, Papst respectfully requests that this Court rule that (1) Papst has not waived attorney client, work product, or any other privileges recognized by law; and (2) Papst has not waived its ability to protect the confidentiality of its information under a future protective order, by agreement of the parties.

Dated: June 8, 2007

*Campbell Killefer*
Campbell Killefer (Bar. No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza • 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

**Attorneys for Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. and Counterclaim Defendant Casio Computer Co., Ltd. through the Court's ECF electronic service and by regular U.S. mail, postage prepaid, this 8th day of June, 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Jeffrey M. Gold
Laura Krawczyk
MORGAN LEWIS & BROCKIUS LLP
101 Park Avenue
New York, New York 10178

Scott D. Stimpson
The Law Office of Scott Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
**Counsel for Casio Inc.**

Campbell Killefer