IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE PAPST LICENSING GMBH & CO. KG LITIGATION** <br><br> **This Document Relates To:** <br> **ALL CASES** | Misc. Action No. 07-493 (RMC) <br> MDL Docket No. 1880 |

**ERRATA**
**FOR DOCKET ENTRY NO. 59**

Papst Licensing GmbH & Co. KG. kindly requests that pages 10 and 11 of Docket Entry No. 59 (which is referenced and linked to by Docket Entries 60 and 61) be substituted with the attached pages 10 and 11. The original filing included a reference to a third party action, which was the result of an inadvertent error. The corrected pages thereby eliminate the reference to a third party complaint against Panasonic Corporation of North America and JVC Company of America, which is Docket Entry 61. Panasonic Corporation of North America and JVC Company of America are Counter Defendants.

1

Date: April 21, 2008								Respectfully submitted,


/s/ Robert F. Muse
Robert F. Muse
Joshua A. Levy
Kerrie C. Dent
STEIN MITCHELL & MEZINES, LLP
1100 Connecticut Ave, NW
Washington, D.C. 20036
(202) 737-7777

James P. White
Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

***Attorneys for Papst Licensing GmbH & Co. KG***

## CERTIFICATE OF SERVICE

      I hereby certify that I caused a true and correct copy of the foregoing document to be served upon all counsel of record by the CM/ECF system on April 21, 2008.

                                        <u>/s/ Robert F. Muse</u>
                                        *Counsel for Papst Licensing GmbH & Co KG*

Licensing denies that MEI has the power to amend the Complaint without first obtaining leave of court.

## PAPST LICENSING'S COUNTERCLAIMS

Papst Licensing for its counterclaim for patent infringement against MEI and JVC and its claims against Panasonic Corporation of North America ("Panasonic America") and JVC Company of America ("JVC America"), states as follows:

### Parties

37. Papst Licensing is a corporation existing under the laws of The Federal Republic of Germany, and has a principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

38. Matsushita Electric Industrial Co., Ltd., ("MEI") has alleged that it is a Japanese Corporation with its principal place of business located at 1006, Oaza-Kadoma City, Osaka, Japan.

39. Victor Company of Japan, Ltd., ("JVC") has alleged that it is Japanese Corporation with its principal place of business located at 3-12, Moriya-cho, Kanagawa-lu, Yokohama, Kanagawa, Japan.

40. Upon information and belief, Panasonic Corporation of North America ("Panasonic America) is a Delaware corporation with its principal place of business located at 1 Panasonic Way, Secaucus, NJ 07094.

41. Upon information and belief, JVC Company of America ("JVC America") is a Delaware corporation with its principal place of business located at 1700 Valley Road, Wayne, NJ 07470. Upon information and belief, JVC is a parent of JVC America and MEI is the ultimate global parent of JVC America.

**Jurisdiction And Venue**

42. This Court has federal question jurisdiction of this counterclaim pursuant to 28 U.S.C. §1331 and 1338(a) because this counterclaims arise under the patent laws of the United States. 35 U.S.C. §§ 1, et seq.

43. Venue over MEI, JVC, Panasonic America and JVC America is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

**Patents At Issue**

44. Papst Licensing is the lawful owner, by assignment, of the entire right, title, and interest in and to United States Patent No. 6,470,399 ("the '399 patent") and United States Patent No. 6,895,449 ("the '449 patent").

45. United States Patent No. 6,895,449 duly and legally issued on May 17, 2005.

46. United States Patent No. 6,470,399 duly and legally issued on October 22, 2002.

**Claims for Relief**

47. Papst Licensing repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

48. Upon information and belief, MEI, and its U.S. subsidiary Panasonic America and JVC, and its U.S. subsidiary JVC America, have or have caused to be made, used, sold, or offered for sale to customers in the United States, or imported into the United States, products that embody the elements of one or more claims of the '449 and '399 patents and, therefore, infringe those patents under the U.S. patent laws, 35 U.S.C. §271.

49. Upon information and belief, a reasonable opportunity for further investigation is likely to provide evidentiary support that MEI, Panasonic America, JVC and JVC America committed the said infringements willfully.