UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PAPST LICENSING GMBH<br>& CO., KG LITIGATION<br><br>This Document Relates To:<br>Ricoh, N.D. Ill. No. 08-1218 | Misc. Action No.: 07-493 (RMC)<br>MDL Docket No. 1880 |

RICOH AMERICAS CORPORATION
ANSWER, DEFENSES, AND
COUNTERCLAIMS TO PAPST'S COMPLAINT

Defendant Ricoh Americas Corporation[1] responds to the Complaint For Patent Infringement filed by Plaintiff Papst Licensing GmbH & Co. KG ("Papst"), with the following Answer, Defenses, and Counterclaims:

## GENERAL DENIAL

Unless specifically admitted below, Defendant Ricoh Americas Corporation denies each and every allegation set forth in the Complaint.

## RESPONSE TO JURISDICTION AND VENUE

1. Defendant Ricoh Americas Corporation admits the allegations in paragraph 1 of the Complaint.

2. Defendant Ricoh Americas Corporation admits venue is proper in this venue. Defendant Ricoh Americas Corporation notes the erroneous reference to the District of Delaware.

3. Defendant Ricoh Americas Corporation lacks knowledge or information sufficient to

---

[1] Ricoh Company, Ltd., a Japanese corporation, has not been served and has not waived service. Accordingly, Ricoh Company, Ltd is not required to reply to the Complaint at this time.

form a belief as to whether Papst is "a company existing under the laws of The Federal Republic of Germany with its principal place of business headquartered at Bahnofstrasse 33, 78112 St. Georgen, Germany."

4. Defendant Ricoh Americas Corporation admits Ricoh Company, Ltd. has offices at the Ricoh Building, 8-13-1 Ginza Chuo-ku, Tokyo 104-8222, Japan.

5. Defendant Ricoh Americas Corporation admits that Ricoh Company, Ltd. is a multinational company. Defendant Ricoh Americas Corporation admits that it conducts business in the Northern District of Illinois. Defendant Ricoh Americas Corporation denies that Ricoh Corporation regularly transacts business in the Northern District of Illinois presently as its business has been merged into Ricoh Americas Corporation.

6. Defendant Ricoh Americas Corporation admits the allegations in paragraph 6 of the Complaint.

### RESPONSE TO FACTS GIVING RISE TO THIS ACTION

7. Defendant Ricoh Americas Corporation denies the allegations in the first sentence of paragraph 7 of the Complaint. Defendant Ricoh Americas Corporation lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint, and on that basis denies those allegations.

8. Defendant Ricoh Americas Corporation admits that United States Patent No. 6,470,399 B1 ("the '399 patent") was issued on October 22, 2002, but denies any further characterization of the '399 patent. Defendant Ricoh Americas Corporation lacks knowledge or information sufficient to form a belief as to whether the '399 patent is duly and legally issued as alleged in paragraph 8 of the Complaint and therefore denies those allegations.

9. Defendant Ricoh Americas Corporation admits that United States Patent No. 6,895,449 B2 ("the '449 patent") was issued on May 17, 2005, but denies any further

characterization of the '449 patent. Defendant Ricoh Americas Corporation lacks knowledge or information sufficient to form a belief as to whether the '449 patent is duly and legally issued as alleged in paragraph 9 of the Complaint and therefore denies those allegations.

10. Defendant Ricoh Americas Corporation denies the allegations in paragraph 10 of the Complaint.

11. Defendant Ricoh Americas Corporation denies the allegations in paragraph 11 of the Complaint.

12. Defendant Ricoh Americas Corporation denies the allegations in paragraph 12 of the Complaint.

13. Defendant Ricoh Americas Corporation admits that Ricoh Americas Corporation received letters from Papst asserting patent infringement, but denies any further characterization of these letters.

14. Defendant Ricoh Americas Corporation denies the allegations in paragraph 14 of the Complaint.

## RESPONSE TO DEMAND FOR JURY TRIAL

Defendant Ricoh Americas Corporation admits that Papst has demanded a jury trial.

## RESPONSE TO PLAINTIFF'S REQUESTED RELIEF

Defendant Ricoh Americas Corporation denies that Papst is entitled to any relief whatsoever against Ricoh Americas Corporation in this action, either as requested in its Complaint or otherwise.

## DEFENDANT RICOH AMERICAS CORPORATION'S DEFENSES

Further answering Papst's Complaint, Defendant Ricoh Americas Corporation alleges the following defenses:

1. The Complaint fails to state a claim upon which relief can be granted.

2.      Defendant Ricoh Americas Corporation does not infringe and has not infringed any claim of the '399 and/or '449 patents (collectively, the "patents-in-suit"), either literally or under the doctrine of equivalents, by direct, contributory or induced infringement.

3.      The claims of the patents-in-suit are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

4.      Papst is estopped from construing the claims of the patents-in-suit to cover or include, either literally or by application of the doctrine of equivalents, methods used or devices manufactured, used, imported, sold, or offered for sale by Defendant Ricoh Americas Corporation because of admissions, amendments, and statements to the PTO during prosecution of the application leading to the issuance of the patents-in-suits, disclosure or language in the specification of the patents-in-suits, and/or limitations in the claims of the patents-in-suits.

5.      The relief sought by Papst is barred in whole or in part by the doctrine of laches.

6.      Papst's claim for damages is statutorily limited by 35 U.S.C. §§ 286 and/or 287.

## DEFENDANT RICOH AMERICAS CORPORATION'S COUNTERCLAIMS AND JURY DEMAND

Defendant Ricoh Americas Corporation brings this counterclaim against Papst Licensing GmbH & Co, KG ("Papst") for a declaration that Defendant Ricoh Americas Corporation's products do not infringe two patents purportedly owned by Papst and that those two patents are invalid.

### Parties

1.      Defendant Ricoh Americas Corporation is a Delaware corporation with its principal place of business at 5 Dedrick Place, West Caldwell, New Jersey 07006.

2.      Defendant Ricoh Americas Corporation imports and sells a wide range of consumer electronics products, including digital cameras.

3. Papst has held itself out to be a company existing under the laws of The Federal Republic of Germany with its principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

4. Upon information and belief, Papst does not manufacture or sell any consumer products. Its sole business is to acquire and attempt to license or enforce intellectual property rights.

### Patents-in-Suit

5. Papst has held itself out to be the owner of United States Patent No. 6,470,399 Bl ("the '399 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless the Type of the I/O Device," which was issued on October 22, 2002.

6. Papst has also held itself out to be the owner of United States Patent No. 6,895,449 B2 ("the '449 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless the Type of the I/O Device," which was issued on May 17, 2005.

7. Papst is prosecuting continuations and divisional applications of the '399 and the '449 patents with the United States Patent and Trademark Office, including pending application Nos. 11/467,073 and 11/467,092.

8. Papst has accused Defendant Ricoh Americas Corporation's digital camera products of infringing the '399 patent and the '449 patent.

### Jurisdiction and Venue

9. This counterclaim arises under the Declaratory Judgment Act and the patent laws of the United States. See 28 U.S.C. §§ 2201 and 2202; Title 35 U.S.C. §§ 100 et seq.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

11. This Court has personal jurisdiction over Papst by virtue of Papst's filing of the Complaint in this matter.

12. Venue in this judicial district is proper under at least 28 U.S.C. § 1391(c) and (d).

13. An actual and justiciable controversy exists between Defendant Ricoh Americas Corporation, on the one hand, and Papst, on the other hand, concerning Papst's claims of infringement of the '399 and the '449 patents and concerning whether those patents are valid.

## COUNT 1
**(Declaratory Judgment of non-infringement and invalidity of the '399 patent)**

14. Defendant Ricoh Americas Corporation re-alleges and incorporates by reference its allegations in paragraphs 1 through 13 above as if fully set forth herein.

15. Defendant Ricoh Americas Corporation have not directly infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '399 patent, nor is Defendant Ricoh Americas Corporation, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '399 patent.

16. The '399 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

17. An actual and justiciable controversy exists between Defendant Ricoh Americas Corporation and Papst regarding the alleged infringement and validity of the '399 patent by virtue of the complaint filed by Papst that Defendant Ricoh Americas Corporation is or have been infringing the '399 patent.

18. This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling Defendant Ricoh Americas Corporation to an award of its attorneys' fees.

## COUNT II
**(Declaratory Judgment of non-infringement and invalidity of the '449 patent)**

19. Defendant Ricoh Americas Corporation re-allege and incorporate by reference their allegations in paragraphs 1 through 18 above as if fully set forth herein.

20. Defendant Ricoh Americas Corporation has not directly infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '449 patent, nor is Defendant Ricoh Americas Corporation, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '449 patent.

21. The '449 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

22. An actual and justiciable controversy exists between Defendant Ricoh Americas Corporation and Papst regarding the alleged infringement and validity of the '449 patent by virtue of the complaint filed by Papst alleging that Defendant Ricoh Americas Corporation is or have been infringing the '449 patent.

23. This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling Defendant Ricoh Americas Corporation to an award of its attorneys' fees.

24. Defendant Ricoh Americas Corporation expressly reserves the right to amend these Counterclaims to add declaratory judgment counts with respect to any continuation or divisional applications relating to the '399 and '449 patents that may issue after the date these Counterclaims are filed.

## Prayer For Relief

WHEREFORE, Defendant Ricoh Americas Corporation prays this Court for the following relief:

1. A declaration that Defendant Ricoh Americas Corporation has not infringed, and are not infringing, the '399 or '449 patents;

2. A declaration that Defendant Ricoh Americas Corporation has not infringed, and are not infringing, any of the claims of any continuation or divisional application relating to the '399 and '449 patents that may hereafter issue;

3. A declaration that each of the claims of the '399 and '449 patents is invalid;

4. An injunction prohibiting Papst from alleging infringement of the '399 and '449 patents by Defendant Ricoh Americas Corporation and its customers;

5. An award of damages that Defendant Ricoh Americas Corporation has sustained;

6. A declaration that this case is exceptional under 35 U.S.C. § 285, and Defendant Ricoh Americas Corporation should be awarded its reasonable attorneys' fees, costs, and expenses incurred in connection with this action; and

7. Such other further relief as the Court deems just and proper.

## Jury Demand

Defendant Ricoh Americas Corporation demands a jury trial on all issues so triable.

Date:  April 21, 2008

                                                        Respectfully submitted,

                                                        /s/ Paul Devinsky
                                                        Paul Devinsky – D.C. Bar No. 250373
                                                        McDermott Will & Emery LLP
                                                        Attorneys for Ricoh Corporation, Ricoh Americas Corporation
                                                        600 Thirteenth Street, N.W.
                                                        Washington, D.C.  20005-3096
                                                        202.756.8369
                                                        202.756.8087 (Facsimile)

Of Counsel:

Jack Q. Lever – D.C. Bar No. 280065
Sudip K. Kundu – D.C. Bar No. 9777726
McDermott Will & Emery LLP
600 13th Street, N.W., 12th Floor
Washington, DC 20005-3096
202.756.8000
202.756.8087

WDC99 1554717-2.044029.0022

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21th day of April, 2008, a copy of the foregoing RICOH AMERICAS CORPORATION ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF PAPST'S COMPLAINT was served by first class mail, postage prepaid on the following:

**J. Kevin Fee**
MORGAN, LEWIS & BOCKIUS, L.L.P.
1111 Pennsylavania Avenue, NW
Washington, DC 20004-2541

**Steven John Routh**
**Adam K. Levin**
HOGAN & HARTSON L.L.P.
555 13th Street, NW
Washington, DC 20004-1109

**Robert F. Muse**
STEIN, MITCHELL & MEZINES LLP
1100 Connecticut Avenue, NW
Suite 1100
Washington, DC 20036-4195

**James P. White**
**Joseph E. Cwik**
WELSH & KATZ, LTD.
120 South Riverside Plaza
22nd Floor
Chicago, IL 60606

**Rachel M. Capoccia**
**Richard de Bodo**
HOGAN & HARTSON LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067

**Sten Jensen**
HOGAN & HARTSON, L.L.P.
Columbia Square
555 13th Street, NW
Washington, DC 20004-1109

**Richard L. Horwitz**
POTTER ANDERSON & CORROON, LLP
1313 North Market Street
P.O. Box 951
6th Floor
Wilmington, DE 19899-0951

**Patrick J. Kelleher**
DRINKER BIDDLE GARDNER CARTON
191 N. Wacker Drive
Suite 3700
Chicago, IL 60606-1698

Dated: April 21, 2008

                                    Respectfully Submitted,

                                      /s/ Paul Devinsky
                                Paul Devinsky (D.C. Bar No. 250373)
                                McDermott Will & Emery LLP
                                600 Thirteenth Street, N.W.
                                Washington, D.C. 20005-3096
                                Telephone: 202.756.8000

                                *Attorney for Defendants*
                                *Ricoh Americas Corporation, Ricoh Corporation*

WDC99 1554578-1.044029.0022