UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE PAPST LICENSING GMBH & CO. KG LITIGATION** <br><br> **This Document Relates To:** <br> **Casio v. Papst, 06-1751** | Misc. Action No. 07-493 (RMC); <br> MDL Docket No. 1880 |

**FIRST ORDER REGARDING CASIO/PAPST DISCOVERY**

This Order shall, unless superseded by subsequent orders, govern discovery between Casio Inc. ("Casio USA") and Casio Computer Company, Ltd. ("Casio Japan") (collectively "Casio") and Papst Licensing GMBH & Co. KG ("Papst"). Pursuant to the telephone conference held on April 22, 2008, and having read the parties' submissions, the Court hereby **ORDERS** as follows:

1. Papst's motion to compel production [Dkt. #45] and Papst's motion to compel interrogatories [Dkt. #46] are **DENIED** as overbroad.

2. Casio's motion for sanctions and to strike Papst's discovery request [Dkt. #38] is **GRANTED IN PART** and **HELD IN ABEYANCE IN PART**. The following are **STRICKEN**: Papst's First Request for Production of Documents and Things to Casio USA; Papst's First Request for Production of Documents and Things to Casio Japan; Papst's First Set of Interrogatories to Casio USA; Papst's First Set of Interrogatories to Casio Japan. The

       Court holds in abeyance its ruling on Casio's request for sanctions related to Papst's first discovery requests.

3.    The Court holds in abeyance its ruling on Casio's motion for sanctions related to Papst's response to Casio's First Set of Interrogatories [Dkt. #37].

4.    Despite the fact that the Court has stricken Papst's first discovery requests to Casio, Papst and Casio are entitled to receive reasonable discovery and both parties are obligated to provide reasonable discovery. Accordingly, Papst and Casio shall meet and confer no later than May 1, 2008, to determine specifically the reasonable discovery to be requested and to which the opposing party shall respond.

5.    Casio shall complete its current production of documents to Papst no later than May 6, 2008. Such production shall include information regarding sales of the six model cameras that Papst alleges infringe the patents-in-suit.

6.    The parties shall file a joint proposed discovery plan no later than May 8, 2008. In creating their plan, the parties shall abide by the following:

    a.    For the purpose of this multidistrict litigation, Papst is deemed to be the plaintiff and the Camera Manufacturers are deemed to be defendants.

    b.    Each party is limited to a maximum of twenty-five interrogatories, twenty-five requests for production, and twenty-five requests for admission, including discrete subparts.

    c.    For the purpose of discovery, Michael Tasler, the inventor of the patents in suit, is considered to be part of Papst. Federal Rule of Civil Procedure 34(a)(1) permits a party to serve on any other party a request for the production of documents within the

        responding party's possession, custody, or control. Papst is deemed to be in control of Mr. Tasler and thus his documents and other things he might produce.

d.    Papst may seek documents from Casio-related nonparties only to the extent that Papst can demonstrate based on specific facts that the documents are in the custody or control of Casio USA or Casio Japan. *Steele Software Sys., Corp. v. Dataquick Info. Sys., Inc.*, 237 F.R.D. 561, 564 (D. Md. 2006) (citing *Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 204 (1958)).

e.    Papst may not seek documents relating to other suits regarding Casio's cameras without a specific indication that the information would be relevant and useful.

f.    Confidentiality issues have been resolved by the Protective Order [Dkt. # 35], approved by Minute Entry Order April 9, 2008.

g.    Casio agreed to produce prior art upon which it intends to rely and to produce documents that may corroborate a claim that certain prior art was not sold in a U.S. product. To the extent that Papst requests more than this, Papst must specifically indicate why the requested information would be relevant and useful.

h.    Papst requested that Casio provide documents detailing all of its information systems since 1997, describing the types and volume of electronic information stored on those systems, describing the applications run and/or displayed on those systems, identifying people with knowledge responsive to the request and identifying those with specialized knowledge of Casio's information systems. (Document Request No. 70). Papst provided no reason behind this burdensome request. Upon the specific

      request of Papst relating to specific information on specific Casio computer systems, Casio shall provide the name of a person with specialized knowledge whom Papst can depose.

i. Papst may not broadly seek documents relating to *all* of Casio's communications with customers. To the extent that Papst seeks such information, Papst must specifically identify what kinds of customer communications it seeks and why the requested information would be relevant and useful.

j. Papst may not seek documents solely related to activities outside the United States, unless Papst specifically indicates how such documents are relevant to a particular issue for which Papst has alleged facts alleged "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

k. Papst shall supplement its response to Casio's Interrogatory 1. Although Papst provided a response regarding six specific Casio models that Papst alleges infringe the patents-in-suit and Papst indicated that Casio infringes at least claim 1 for each patent, Papst's response was insufficient because Papst did not identify *all* infringing products and *all* claims that are alleged to be infringed. Further, instead of indicating what each claim means, Papst merely stated "the claim element reads on . . . ." Papst shall set forth its contentions regarding how Papst alleges that each element of each claim should be interpreted, as specifically requested in Interrogatory 1.

l. Papst must respond to Casio's Interrogatory No. 3 (regarding secondary considerations evidencing nonobviousness).

m. Papst must respond to Casio's Interrogatory No. 4 (regarding persons with whom

        Papst discussed a license) and may not limit its response to those documents in existence "up until the complaint was filed." Papst may redact financial terms. Papst's positions with regard to the meaning and scope of the patents-in-suit are relevant.

    n.    Papst must respond to Casio's Interrogatory No. 5, requesting that Papst "state the art area and level of ordinary skill in the art pertaining to the patents-in-suit and state in detail all bases for each such contention." Papst has access to the patents, the prosecution histories, the closest prior art, and the inventor.

    o.    Papst must respond to Casio's Interrogatory No. 6, requesting a detailed description of the conception and reduction to practice of the alleged invention. Papst has access to the inventor.

    p.    Because liability and damages issues have been bifurcated for discovery and for trial and discovery on the issue of damages and willfulness is stayed pending a determination of liability, discovery requests related to these issues are not permitted.

7.    Counsel are reminded that they are expected to conduct themselves in a civil, polite, and professional manner at all times, particularly during discovery. Counsel are referred to LCvR 26.2 and expected to conform fully with its directives. Moreover, counsel are required, under both Fed. R. Civ. P. 26(f) and LCvR 7.1(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention. In the event that counsel are unable to resolve a dispute, counsel shall contact chambers to arrange for a telephone conference with the Court. Counsel shall not file discovery motions without a prior telephone conference with the Court and opposing counsel.

8.  A telephone status conference is scheduled for May 19, 2008 at 2:30 p.m.

**SO ORDERED.**

Dated: April 24, 2008                             /s/
                                                  ROSEMARY M. COLLYER
                                                  United States District Judge