**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**IN RE PAPST LICENSING GMBH & CO.**
**KG LITIGATION**

**Misc. Action No. 07-493 (RMC)**
**MDL Docket No. 1880**

**This Document Relates To:**
**ALL CASES**

**PAPST LICENSING GmbH & Co. KG's ANSWER TO THE FIRST**
**AMENDED COMPLAINT, COUNTERCLAIM AND JURY DEMAND**

Defendant, Papst Licensing GmbH & Co. KG ("Papst Licensing"), answers the First

Amended Complaint of Plaintiff Matsushita Electric Industrial ("MEI") and Victor Company of

Japan, Ltd. ("JVC")(hereinafter referred to collectively as "Plaintiffs") as follows:

**PARTIES**

1.      Plaintiff Matsushita Electric Industrial Co., Ltd. is a Japanese corporation with its

principal place of business at 1006, Oaza-Kadoma, Kadoma City, Osaka, Japan.

ANSWER:  Papst Licensing states that it is without knowledge or information sufficient

to form a belief as to the truth of these averments in this paragraph.

2.      Plaintiff Victor Company of Japan, Limited is a Japanese corporation with its

principal place of business at 3-12, Moriya-cho, Kanagawa-ku, Yokohama, Kanagawa, Japan.

ANSWER:  Papst Licensing states that it is without knowledge or information sufficient

to form a belief as to the truth of these averments in this paragraph.

3.      MEI manufactures and sells a wide range of consumer electronics products,

including digital cameras and camcorders sold under the Panasonic label.

ANSWER:  Papst Licensing states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

4.     JVC manufactures and sells a wide range of consumer electronics products, including digital camcorders.

ANSWER:  Admit.

5.     Upon information and belief, Papst Licensing is a company existing under the laws of The Federal Republic of Germany with its principal of business at Bahnhofstrasse 33, 78112, St. Georgen, Germany.

ANSWER:  Admit.

6.     Upon information and belief, Papst Licensing does not manufacture or sell any consumer products.  Its sole business is to acquire and attempt to license or enforce intellectual property rights.

ANSWER:  Papst Licensing admits that it does not currently manufacture or sell any consumer products.  Further answering, Papst Licensing admits that it licenses and enforces certain U.S. patents; otherwise Papst Licensing denies any and all remaining allegations of Paragraph No. 6

**PATENTS-IN-SUIT**

7.     Papst Licensing has held itself out to be the owner of United States patent  No. 6,4709,399 B1 ("the '399 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless of the Type of the I/O Device," which issued on October 22, 2002.

ANSWER:  Admit.

8.     Papst Licensing has also held itself out to be the owner of United States Patent No. 6,895,449 B2 ("the '449 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless of Type of the I/O Device," which issued on May 17, 2005.

ANSWER:  Admit.

9.     Papst Licensing has prosecuted continuations and divisional applications of the '399 and '449 patents, including pending application No. 11/078,778.

ANSWER:  Admit.

10.     Papst Licensing has told MEI, along with dozens of other companies, that if MEI does not license the '399 and the '449 patents, Papst Licensing will sue MEI for infringing those patents and subject MEI to costly patent litigation that will cause significant injury to MEI's business and reputation.  Papst Licensing has made these threats without conducting an appropriate analysis of MEI's digital cameras, camcorders or other products it accuses of infringement and with knowledge that those products do not infringe the '399 and the '449 patents.

ANSWER:  Papst Licensing admits that it has accused MEI, as well as other companies, that they infringe the '399 and '449 patents and that it would consider its legal options, including the bringing of lawsuits against any such infringers; otherwise Papst Licensing denies any and all of the remaining allegations set forth in Paragraph No. 10.

11.     Papst Licensing has specifically accused MEI products of infringing the '399 patent and the '449 patent on several occasions.  For example, in a letter dated November 27, 2006, Papst Licensing accused several models of Panasonic digital cameras of infringing both

patents.  Papst Licensing has repeated its accusations of infringement and threats of litigation

during 2006 and 2007, including during meetings with MEI's representatives.

ANSWER:  Papst Licensing admits that it has accused MEI products of infringing the

'399 and '449 patents.  Papst Licensing admits sending a letter dated November 27, 2006 to MEI

setting out, *inter alia*, some of the Panasonic brand cameras that infringe the '339 and '449

patents.  Papst Licensing denies any and all remaining allegations set out in Paragraph No. 11.

12.    MEI has explained to Papst Licensing in detail on several different occasions why

MEI's products do not infringe the '399 patent or the '449 patent, including, without limitation,

during meetings in 2006 and 2007.

ANSWER:  Denied.

13.    Notwithstanding the evidence that MEI's products do not infringe the '399 patent

or '449 patent, Papst Licensing has continued to demand that MEI pay Papst Licensing royalties

for use of the '399 patent and '449 patents.

ANSWER:  Admit that Papst Licensing has requested that MEI pay Papst Licensing

royalties for the infringing uses of the '399 and '449 patents; otherwise Papst Licensing denies

any and all of the remaining allegations set forth in Paragraph No. 13.

14.    MEI has refused to take a license to these patents on the ground that no such

license is needed, because MEI's digital cameras, camcorders and other products do not infringe

the '399 and '449 patents.

ANSWER:  Admit that MEI has refused to take a license to the patents on the ground that

no such license is needed, because MEI's position is that MEI's digital camera and other

products do not infringe the '399 and '449 patents; otherwise denied.

15.     Papst Licensing has also specifically accused JVC products of infringing the '399 patent and the '449 patent on several occasions. For example, in a letter dated December 21, 2006, Papst Licensing accused a JVC digital camcorder of infringing both patents.  Papst Licensing has repeated its accusations of infringement and threats of litigation during 2007, including during a meeting with JVC's representatives.  Papst Licensing has made these threats and accusations without conducting an appropriate analysis of JVC's digital camcorders or other products it accuses of infringement.

ANSWER:  Papst Licensing admits that it has accused JVC products of infringing the '399 and '449 patents.  Papst Licensing admits sending a letter dated December 21, 2006 to JVC setting out that, *inter alia*, at least a JVC digital camcorder infringes the '339 and '449 patents.  Papst Licensing denies any and all remaining allegations set out in Paragraph No. 15.

16.     Papst Licensing has continued to demand that JVC pay Papst Licensing royalties for use of the '399 and '449 patents.

ANSWER:  Admit.

17.     JVC has refused to take a license to these patents on the ground that no such license is needed, because JVC's digital camcorders and other products do not infringe the '399 and '449 patents.

ANSWER:  Admit that JVC has refused to take a license to the patents based on JVC's position that JVC's digital camcorders and other products do not infringe the '399 and '449 patents.

## JURISDICTION AND VENUE

18.     This action arises under the Declaratory Judgment Act and the patent laws of the United States.  See, 28 U.S.C. §§ 2201 and 2202; Title 35 U.S.C. §§ 100 *et seq.*

ANSWER:  This paragraph contains Plaintiffs' characterization of the action and to which no answer is required, but insofar as an answer is required, denied.

19.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

ANSWER:  Admit.

20.     Venue in this judicial district is proper under at least U.S.C. § 1391(c) and (d).

ANSWER:  Papst Licensing denies that venue is proper in this judicial district based on its answers to Paragraph No. 20 above.

21.     The '399 and '449 patents are already being litigated in this District in two other matters.  Specifically, Casio, Inc. filed an action against Papst Licensing seeking a declaratory judgment that the '399 and '449 patents are not infringed by Casio products and are invalid. That action is entitled *Casio v. Papst Licensing,* Case No. 1:06-cv-01751-GK.  Fujifilm Corporation and Fujifilm U.S.A., also filed an action in this District seeking a declaratory judgment that the '399 and '449 patents are not infringed by Fujifilm products and are invalid. That action is entitled *Fujifilm Corp. and Fujifilm U.S.A., Inc. v. Papst Licensing GmbH & Co., KG,* and Case No. 1:07-cv-01118-GK.

ANSWER:  Admit.

22.     This court has personal jurisdiction over Papst Licensing based, among other things, on its activities in this District.  Papst Licensing's business is to generate revenue by obtaining and enforcing patents.  Consistent with this model, Papst has obtained the '399 patent

and '449 patents, and is presenting attempting to enforce these same patents in this District

Against Casio Inc. and Casio Co., Ltd. in *Casio Inc. v. Papst Licensing GmbH & Co., KG*.

ANSWER: Admit that Papst Licensing has asserted counterclaims against Casio Inc. and

Casio Computer Co., Ltd.; otherwise denied. Pursuant to 35 U.S.C. § 293, Papst Licensing has a

designated representative for service of process in Chicago, Illinois.

23.    An actual and justiciable controversy exists between MEI and JVC, on the one

hand, and Papst Licensing, on the other hand, concerning Papst Licensing's claims of

infringement of the '399 and '449 patents and concerning whether those patents are valid.

ANSWER: Admit.


## Count I
(Declaratory Judgment of non-infringement and invalidity of the '399 patent)


24.    MEI and JVC reallege and incorporate by reference their allegations in

paragraphs 1 through 23 above as if fully set forth herein.

ANSWER: Papst Licensing incorporates its responses to paragraphs 1-23 as if fully set

forth herein.

25.    MEI has not directly infringed, contributed to infringement of, or induced

infringement of any valid claim of the '399 patent, nor is MEI, either literally or under the

doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing

infringement of any valid claim of the '399 patent.

ANSWER: Denied.

26.    JVC has not directly infringed, contributed to infringement of, or induced

infringement of any valid claim of the '399 patent, nor is JVC, either literally or under the

doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing

infringement of any valid claim of the '399 patent.

ANSWER:  Denied.

27.     The '399 patent is invalid for failing to comply with one or more of the

requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without

limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

ANSWER:  Denied.

28.     An actual and justiciable controversy exists between MEI and JVC, on the one

hand, and Papst Licensing, on the other hand, regarding the alleged infringement and validity of

the '399 patent by virtue of the allegations made by Papst Licensing that MEI and JVC and/or

their customers are or have been infringing the '399 patent.

ANSWER:  Admit.

29.     This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling MEI and

JVC to award of their attorneys' fees.

ANSWER:  Denied.

## Count II
(Declaratory Judgment of non-infringement and invalidity of the '449 patent)

30.     MEI and JVC reallege and incorporate by reference their allegations in

paragraphs 1 through 29 above as if fully set forth herein.

ANSWER:  Papst Licensing incorporates its responses to paragraphs 1-29 as if fully set

forth herein.

31.     MEI has not directly infringed, contributed to infringement of, or induced

infringement of any valid claim of the '449 patent, nor is MEI, either literally or under the

doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '449 patent.

ANSWER:  Denied.

32.    JVC has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '449 patent, nor is JVC, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '449 patent.

ANSWER:  Denied.

33.    The '449 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

ANSWER:  Denied.

34.    An actual and justiciable controversy exists between MEI and JVC, on the one hand, and Papst Licensing, on the other, regarding the alleged infringement and validity of the '449 patent by virtue of the allegations made by Papst Licensing that MEI and JVC and/or their customers are or have been infringing the '399 patent.

ANSWER:  Admit.

35.    This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling MEI and JVC to an award of their attorneys' fees.

ANSWER:  Denied.

36.    MEI expressly reserves the right to amend this Complaint to add declaratory judgment counts with respect to any continuation or divisional applications relating to the patents-in-suit that may issue after the date this complaint is filed.

ANSWER:  This paragraph does not contain an averment of fact or law and instead it is a statement of MEI concerning procedural matters, but insofar as an answer is required, Papst Licensing denies that MEI has the power to amend the Complaint without first obtaining leave of court.


## PAPST LICENSING'S COUNTERCLAIMS

Papst Licensing for its counterclaim for patent infringement against MEI and JVC and its claims against Panasonic Corporation of North America ("Panasonic America") and JVC Company of America ("JVC America"), states as follows:


### Parties

37. Papst Licensing is a corporation existing under the laws of The Federal Republic of Germany, and has a principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

38. Matsushita Electric Industrial Co., Ltd., ("MEI") has alleged that it is a Japanese Corporation with its principal place of business located at 1006, Oaza-Kadoma City, Osaka, Japan.

39. Victor Company of Japan, Ltd., ("JVC") has alleged that it is Japanese Corporation with its principal place of business located at 3-12, Moriya-cho, Kanagawa-lu, Yokohama, Kanagawa, Japan.

40.   Upon information and belief, Panasonic Corporation of North America ("Panasonic America) is a Delaware corporation with its principal place of business located at 1 Panasonic Way, Secaucus, NJ 07094.

41.   Upon information and belief, JVC Company of America ("JVC America") is a Delaware corporation with its principal place of business located at 1700 Valley Road, Wayne,

NJ 07470.  Upon information and belief, JVC is a parent of JVC America and MEI is the ultimate global parent of JVC America.

## Jurisdiction And Venue

42. This Court has federal question jurisdiction of this counterclaim pursuant to 28 U.S.C. §1331 and 1338(a) because this counterclaims arise under the patent laws of the United States. 35 U.S.C. §§ 1, et seq.

43. Venue over MEI, JVC, Panasonic America and JVC America is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## Patents At Issue

44. Papst Licensing is the lawful owner, by assignment, of the entire right, title, and interest in and to United States Patent No. 6,470,399 ("the '399 patent") and United States Patent  No. 6,895,449 ("the '449 patent").

45. United States Patent No. 6,895,449 duly and legally issued on May 17, 2005.

46. United States Patent No. 6,470,399 duly and legally issued on October 22, 2002.

## Claims for Relief

47. Papst Licensing repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

48. Upon information and belief, MEI, and its U.S. subsidiary Panasonic America and JVC, and its U.S. subsidiary JVC America, have or have caused to be made, used, sold, or offered for sale to customers in the United States, or imported into the United States, products that embody the elements of one or more claims of the '449 and '399 patents and, therefore, infringe those patents under the U.S. patent laws, 35 U.S.C. §271.

49. Upon information and belief, a reasonable opportunity for further investigation is likely to provide evidentiary support that MEI, Panasonic America, JVC and JVC America committed the said infringements willfully.

50. Upon information and belief, MEI, Panasonic America, JVC and JVC America have been and still are committing the said infringements and will continue to do so unless enjoined by this Court.

51. These actions by MEI, Panasonic America, JVC and JVC America have damaged Papst Licensing in an amount to be determined at trial and have caused, and will continue to cause Papst Licensing irreparable injury for which Papst Licensing has no adequate remedy at law.

## JURY DEMAND

Papst demands a trial by jury on all issues triable by jury as of right.

## PRAYER FOR RELIEF

**WHEREFORE**, Papst Licensing prays for relief as set forth below:

A.     Declare that MEI, Panasonic America, JVC and JVC America have infringed the '449 patent and the '399 patent as set forth herein;

B.     Order that MEI, Panasonic America, JVC and JVC America and each of their employees, servants, agents, and persons in active concert with them be preliminarily and permanently enjoined from making, using, selling, or offering for sale products that infringe the '449 patent and the '399 patent;

C.     Order the impounding for destruction all of MEI's, Panasonic America's, JVC's and JVC America's products that infringe the '449 patent and the '399 patent;

D.     Award Papst Licensing damages adequate to compensate for MEI's, Panasonic America's, JVC's and JVC America's infringements;

E.    Order that Papst Licensing be awarded monetary relief including:

(i)    Compensatory damages in an amount to sufficiently compensate Papst Licensing for MEI's, Panasonic America's, JVC's and JVC America's infringements;

(ii)    All damages sustained by Papst Licensing as a result of MEI's, Panasonic America's, JVC's and JVC America's acts of infringement; and

(iii)    An increase of damages to three times the amount found or assessed.

F.    Award Papst Licensing interest, costs, and attorney's fees; and

G.    Award Papst Licensing such other and further relief, as this Court deems just and appropriate.


Dated: April 28, 2008          By:    /S/ Robert F. Muse_____
                                       Robert F. Muse (Bar No. 166868)
                                       STEIN, MITCHELL & MEZINES LLP
                                       1100 Connecticut Avenue, N.W.
                                       Suite 1100
                                       Washington, DC 20036
                                       (202) 737-7777
                                       (202) 296-8312 (Fax)

                                       James P. White
                                       Jerold B. Schnayer
                                       Joseph E. Cwik
                                       WELSH & KATZ, LTD.
                                       120 South Riverside Plaza, 22nd Floor
                                       Chicago, IL 60606
                                       (312) 655-1500
                                       (312) 655-1501 (fax)
                                       **Attorneys for Papst Licensing GmbH & Co. KG**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing Papst Licensing GmbH & Co. KG's Answer To The First Amended Complaint, Counterclaim and Jury Demand in Civil Action No. 07-cv-01222 (Matsushita Electric Industrial, et. al. v. Papst Licensing) was served on this 28th day of April, 2008 upon the attorneys for the Camera Manufacturers as follows:

***<u>For The Casio Parties</u>*** (via e-mail)***:***
Laura Krawczyk
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Phone:  (212) 309-6000
Fax:  (212) 309-6001
lkrawczyk@morganlewis.com


J. Kevin Fee
Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
jkfee@morganlewis.com

Scott D. Stimpson
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
stimpsonlaw@gmail.com

***<u>For The Samsung Parties</u>*** (via e-mail)***:***
Patrick J. Kelleher
Drinker Biddle Gardner Carton
191 North Wacker Drive
Suite 3700
Chicago, IL 60606-1698
Phone:  (312) 569-1375
Fax:  (312) 569-3375
Patrick.kelleher@dbr.com

***<u>Camera Manufacturers' Administrative Counsel and</u>***
***<u>For The Fujifilm Parties</u>*** (via e-mail)***:***
Steven J. Routh
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, DC 20004

Phone:  (202) 637-5600
Fax:  (202) 637-5910
sjrouth@hhlaw.com

Sten Jensen
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Phone:  (202) 637-6465
Fax:  (202) 637-5910
sajensen@hhlaw.com

***For the Olympus Parties*** (via e-mail)***:***
Richard deBodo
Rachel M. Cappoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone:  (310) 785-4694
Fax:  (310) 785-4601
rdebodo@hhlaw.com
rmcappoccia@hhlaw.com

***For The Matsushita and Victory Company of Japan Parties*** (via e-mail):
Richard deBodo
Rachel M. Capoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone: (310) 785-4694
Fax: (310) 785-4601
rdebodo@hhlaw.com
rmcapoccia@hhlaw.com

Adam K. Levin, Esq.
Hogan & Hartson LLP
555 13th Street, NW
Washington, DC 20004
aklevin@hhlaw.com

***For the Ricoh Parties*** (via e-mail):
Michael Switzer
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606-5096
Phone:  (312) 984-3666
Fax:  (312) 984-7700
mswitzer@mwe.com

Richard L. Horwitz
Potter Anderson & Corroon, LLP
1313 North Market Street, 6th Floor
PO Box 951
Wilmington, DE 19899
Phone:  (302) 984-6000
Fax:  (302) 658-1192
rhorwitz@potteranderson.com

***For Hewlett-Packard Company*** (via email):
Charlene M. Morrow
Heather N. Mewes
Fenwick & West LLP
555 California Street, Suite 1200
San Francisco, CA 94104
Phone:  (415) 875-2300
Fax:  (415) 281-1350
cmorrow@fenwick.com
hmewes@fenwick.com

/s/ Robert F. Muse
Attorney for Papst Licensing GmbH & Co. KG

# EXHIBIT A

Matsushita and JVC's
First Amended Complaint for Declaratory
Judgment of Non-infringement and
Invalidity of Patents and Jury Demand

*Filed in*
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*Case Number*
Civil Action No. 1:07-CV-01222 (GK)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MATSUSHITA ELECTRIC INDUSTRIAL
CO., LTD.,
1006, Oaza-Kadoma, Kadoma City,
Osaka, Japan, and

VICTOR COMPANY OF JAPAN, LTD.,
3-12, Moriya-cho, Kanagawa-ku, Yokohama,
Kanagawa, Japan,

                          Plaintiffs,

              v.

PAPST LICENSING GmbH & CO., KG,
Bahnhofstrasse 33
78112 St. Georgen, Germany,

                          Defendant.

Civil Action No. 1:07-CV-01222 (GK)

## FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT AND INVALIDITY OF PATENTS AND JURY DEMAND

Plaintiffs Matsushita Electric Industrial Co., Ltd. ("MEI") and Victor Company of Japan, Ltd. ("JVC"), bring this action against Papst Licensing GmbH & Co, KG ("Papst Licensing") for a declaration that MEI's and JVC's products do not infringe two patents purportedly owned by Papst Licensing, and a declaration that those two patents are invalid.

### Parties

1.      Plaintiff Matsushita Electric Industrial Co., Ltd. is a Japanese corporation with its principal place of business at 1006, Oaza-Kadoma, Kadoma City, Osaka, Japan.

2.      Plaintiff Victor Company of Japan, Limited is a Japanese corporation with its principal place of business at 3-12, Moriya-cho, Kanagawa-ku, Yokohama, Kanagawa, Japan.

3.      MEI manufactures and sells a wide range of consumer electronics products, including digital cameras and camcorders sold under the Panasonic label.

4.      JVC manufactures and sells a wide range of consumer electronics products, including digital camcorders.

5.      Upon information and belief, Papst Licensing is a company existing under the laws of The Federal Republic of Germany with its principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

6.      Upon information and belief, Papst Licensing does not manufacture or sell any consumer products.  Its sole business is to acquire and attempt to license or enforce intellectual property rights.

## **Patents-in-Suit**

7.      Papst Licensing has held itself out to be the owner of United States Patent No. 6,470,399 B1 ("the '399 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless of the Type of the I/O Device," which issued on October 22, 2002.

8.      Papst Licensing has also held itself out to be the owner of United States Patent No. 6,895,449 B2 ("the '449 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless the Type of the I/O Device," which issued on May 17, 2005.

9.      Papst Licensing has prosecuted continuations and divisional applications of the '399 and the '449 patents, including pending application No. 11/078,778.

10.     Papst Licensing has told MEI, along with dozens of other companies, that if MEI does not license the '399 and the '449 patents, Papst Licensing will sue MEI for infringing those

2

patents and subject MEI to costly patent litigation that will cause significant injury to MEI's business and reputation.  Papst Licensing has made these threats without conducting an appropriate analysis of MEI's digital cameras, camcorders, or other products it accuses of infringement and with knowledge that those products do not infringe the '399 and the '449 patents.

11.     Papst Licensing has specifically accused MEI products of infringing the '399 patent and the '449 patent on several occasions.  For example, in a letter dated November 27, 2006, Papst Licensing accused several models of Panasonic digital cameras of infringing both patents.  Papst Licensing has repeated its accusations of infringement and threats of litigation during 2006 and 2007, including during meetings with MEI's representatives.

12.     MEI has explained to Papst Licensing in detail on several different occasions why MEI's products do not infringe the '399 patent or the '449 patent, including, without limitation, during meetings in 2006 and 2007.

13.     Notwithstanding the evidence that MEI's products do not infringe the '399 patent or '449 patent, Papst Licensing has continued to demand that MEI pay Papst Licensing royalties for use of the '399 and '449 patents.

14.     MEI has refused to take a license to these patents on the ground that no such license is needed, because MEI's digital cameras, camcorders, and other products do not infringe the '399 and '449 patents.

15.     Papst Licensing has also specifically accused JVC products of infringing the '399 patent and the '449 patent on several occasions.  For example, in a letter dated December 21, 2006, Papst Licensing accused a JVC digital camcorder of infringing both patents.  Papst Licensing has repeated its accusations of infringement and threats of litigation during 2007,

3

including during a  meeting with JVC's representatives.  Papst Licensing has made these threats

and accusations without conducting an appropriate analysis of JVC's digital camcorders or other

products it accuses of infringement.

16.     Papst Licensing has continued to demand that JVC pay Papst Licensing royalties

for use of the '399 and '449 patents.

17.     JVC has refused to take a license to these patents on the ground that no such

license is needed, because JVC's digital camcorders and other products do not infringe the '399

and '449 patents.

### Jurisdiction and Venue

18.     This action arises under the Declaratory Judgment Act and the patent laws of the

United States.  See 28 U.S.C. §§ 2201 and 2202; Title 35 U.S.C. §§ 100 et seq.

19.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

20.     Venue in this judicial district is proper under at least 28 U.S.C. § 1391(c) and (d).

21.     The '399 and the '449 patents are already being litigated in this District in two

other matters.  Specifically, Casio, Inc. filed an action against Papst Licensing seeking a

declaratory judgment that the '399 and '449 patents are not infringed by Casio products and are

invalid.  That action is entitled Casio v. Papst Licensing, Case No. 1:06-cv-01751-GK.  Fujifilm

Corporation and Fujifilm U.S.A., Inc. also filed an action in this District seeking a declaratory

judgment that the '399 and '449 patents are not infringed by Fujifilm products and are invalid.

That action is entitled Fujifilm Corp. and Fujifilm U.S.A., Inc. v. Papst Licensing GmbH & Co.,

KG, Case No. 1:07-cv-01118-GK.

22.     This court has personal jurisdiction over Papst Licensing based, among other

things, on its activities in this District.  Papst's Licensing's business is to generate revenue by

4

obtaining and enforcing patents.  Consistent with this model, Papst has obtained the '399 and

'449 patents, and is presently attempting to enforce these same patents in this District against

Casio Inc. and Casio Computer Co., Ltd. in *Casio Inc. v. Papst Licensing GmbH & Co., KG*.

23.     An actual and justiciable controversy exists between MEI and JVC, on the one

hand, and Papst Licensing, on the other hand, concerning Papst Licensing's claims of

infringement of the '399 and the '449 patents and concerning whether those patents are valid.

## <u>Count I</u>
### (Declaratory Judgment of non-infringement and invalidity of the '399 patent)

24.     MEI and JVC reallege and incorporate by reference their allegations in

paragraphs 1 through 23 above as if fully set forth herein.

25.     MEI has not directly infringed, contributed to infringement of, or induced

infringement of any valid claim of the '399 patent, nor is MEI, either literally or under the

doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing

infringement of any valid claim of the '399 patent.

26.      JVC has not directly infringed, contributed to infringement of, or induced

infringement of any valid claim of the '399 patent, nor is JVC, either literally or under the

doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing

infringement of any valid claim of the '399 patent.

27.     The '399 patent is invalid for failing to comply with one or more of the

requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq*., including, without

limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

28.     An actual and justiciable controversy exists between MEI and JVC, on the one

hand, and Papst Licensing, on the other hand, regarding the alleged infringement and validity of

\\\LA - 088570/000009 - 354134 v3

the '399 patent by virtue of the allegations made by Papst Licensing that MEI and JVC and/or their customers are or have been infringing the '399 patent.

29.     This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling MEI and JVC to an award of their attorneys' fees.

**Count II**
**(Declaratory Judgment of non-infringement and invalidity of the '449 patent)**

30.     MEI and JVC reallege and incorporate by reference their allegations in paragraphs 1 through 29 above as if fully set forth herein.

31.     MEI has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '449 patent, nor is MEI, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '449 patent.

32.     JVC has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '449 patent, nor is JVC, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '449 patent.

33.     The '449 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq*., including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

34.     An actual and justiciable controversy exists between MEI and JVC, on the one hand, and Papst Licensing, on the other, regarding the alleged infringement and validity of the '449 patent by virtue of the allegations made by Papst Licensing that MEI and JVC and/or their customers are or have been infringing the '399 patent.

6

35.     This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling MEI and JVC to an award of their attorneys' fees.

36.     MEI expressly reserves the right to amend this Complaint to add declaratory judgment counts with respect to any continuation or divisional applications relating to the patents-in-suit that may issue after the date this complaint is filed.

## **Prayer for relief**

WHEREFORE, MEI prays this Court for the following relief:

1.     A declaration that MEI has not infringed, and is not infringing, the '399 or '449 patents;

2.     A declaration that JVC has not infringed, and is not infringing, the '399 or '449 patents;

3.     A declaration that MEI has not infringed, and is not infringing, any of the claims of any continuation or divisional application relating to the patents-in-suit that may hereafter issue;

4.     A declaration that JVC has not infringed, and is not infringing, any of the claims of any continuation or divisional application relating to the patents-in-suit that may hereafter issue;

5.     A declaration that each of the claims of the '399 and '449 patents is invalid;

6.     An injunction prohibiting Papst Licensing from alleging infringement of the '399 and '449 patents by MEI and its customers;

7.     An injunction prohibiting Papst Licensing from alleging infringement of the '399 and '449 patents by JVC and its customers;

7

8.      An award of damages that MEI and JVC have sustained;

9.      A declaration that this case is exceptional under 35 U.S.C. § 285, and MEI and

JVC should be awarded their reasonable attorney fees and costs incurred in connection with this

action; and

10.      Such other further relief as the Court deems just and proper.

## Jury Demand

Plaintiffs MEI and JVC demand a jury trial on all issues so triable.


Dated:  July 23, 2007                    HOGAN & HARTSON LLP

                                         /s/  Adam K. Levin
                                         Adam K. Levin (D.C. Bar No. 460362)
                                         555 Thirteenth Street, NW
                                         Washington, DC  20004
                                         Telephone: (202) 637-6846
                                         Telecopier: (202) 637-5910
                                         E-Mail: aklevin@hhlaw.com

                                         Of counsel:

                                         Richard de Bodo  (Ca. Bar No. 128199)
                                         Rachel M. Capoccia (Ca. Bar No. 187160)
                                         1999 Avenue of the Stars
                                         Suite 1400
                                         Los Angeles, CA 90067
                                         Telephone: (310) 785-4694
                                         Telecopier: (310) 785-4601
                                         E-Mail: rdebodo@hhlaw.com
                                                 rmcapoccia@hhlaw.com


                                         ATTORNEYS FOR PLAINTIFFS
                                         MATSUSHITA ELECTRIC INDUSTRIAL CO.,
                                         LTD. AND VICTOR COMPANY OF JAPAN,
                                         LTD.

8