UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE PAPST LICENSING GMBH & CO. KG LITIGATION** <br><br> **This Document Relates To:** <br> **Casio v. Papst, 06-1751** | Misc. Action No. 07-493 (RMC); <br> MDL Docket No. 1880 |

**MEMORANDUM OPINION DENYING PAPST'S OBJECTIONS TO MAGISTRATE JUDGE'S MAY 31, 2007 ORDER**

Papst Licensing GMBH & Co. KG ("Papst") objects to the May 31, 2007 order of the Magistrate Judge requiring Papst to respond to the initial discovery propounded by Casio America Inc., formerly known as Casio, Inc., ("Casio USA") — without objections concerning attorney client privilege, consulting expert privilege, attorney work product protections, objections based on confidentiality, and objections based on relevance — due to Papst's failure to comply with the district court's order requiring Papst to respond to Casio USA's initial discovery requests. As explained below, the objections will be denied.

**I. FACTS**

Papst's objections arise from the earlier stages of this case before it was approved as Multi-District Litigation ("MDL") and transferred to the undersigned. Casio USA filed its complaint against Papst on October 16, 2007. Papst filed an answer and counterclaim, adding Casio Computer Company, Ltd. ("Casio Japan") as a defendant on January 2, 2007. The district court to whom the

case was assigned set an initial scheduling conference for February 1, 2007, and then postponed the conference until March 20, 2007.

Under the Local Rules, parties are required to hold a Rule 26(f) conference twenty-one days before the initial scheduling conference. *See* LCvR 16.2; *see also* Fed. R. Civ. P. 26(f). The Local Rule provides that a party may move to extend the deadline for holding a Rule 26(f) conference if a defendant has not been served or appeared in the case. Papst did not move to extend the deadline for the Rule 26(f) conference despite the fact that it had not then served Casio Japan.

Counsel for Papst and counsel for Casio USA conducted a telephone conference on March 2, 2007. Casio USA understood and intended this teleconference to be the Rule 26(f) conference; all required topics were discussed. Papst takes the position that the March 2, 2007, teleconference was not a proper Rule 26(f) conference because Papst had not yet served Casio Japan. As a result, Casio Japan was not represented during the phone call.[1]

On March 6, 2007, Papst filed a motion to continue the initial scheduling conference. Casio USA opposed the motion, challenging Papst's statement that it would take up to four months to serve Casio Japan under the Hague Convention, but also noting that if the Judge granted the motion, Casio USA requested that discovery continue. *Casio Am., Inc. v. Papst Licensing GMBH & Co. KG*, No. 06-1751, Casio's Resp. Dkt. #13 at 2. Casio USA explained:

> It is black letter law that once a 26(f) conference takes place, discovery can begin. This is applicable whether or not all parties have been served. Casio [USA] and Papst have had their Rule 26(f) conference, and pursuant to Rule 26, discovery should begin.

*Id.* Casio USA also explained that it already had served interrogatories and document requests on

---

[1] Papst served Casio Japan through the Hague Convention on March 13, 2007. Thereafter, counsel for Casio USA began joint representation of Casio USA and Casio Japan.

Papst on March 2, 2007, after it completed its Rule 26(f) conference with Papst. *Id.* at 3. In its Reply, Papst first argued that the March 2, 2007 telephone call did "not satisfy Local Rule 16.3(a) because not all Defendants participated." *See id.*, Papst's Reply Dkt. #14 at 2.[2] Second, Papst contended that "[p]roceeding with a discovery plan now, when Casio Japan has not yet been served and counsel for Casio U.S. will not and apparently cannot speak for Casio U.S. [sic], will waste the time and resources of the Court and parties." *Id.* Papst's third argument was that Casio U.S. was "attempting to gain tactical advantage in discovery by claiming to have conducted a good faith Rule 26(f) conference on March 2, and immediately thereafter serving written discovery on Papst Licensing, when the phone call was missing *the* critical Defendant's counsel." *Id.*

With this completely briefed argument before it, in a Minute Entry Order dated March 13, 2007, the Court entered its "Order granting the Motions to Continue; the Initial Scheduling Conference is hereby continued until May 14, 2007, at 10:15 a.m.; no further continuances will be granted; discovery between Plaintiff and Defendant *is to proceed*." *Casio Am., Inc. v. Papst Licensing GMBH & Co. KG*, No. 06-1751, Minute Order filed Mar. 13, 2007 (emphasis added).

Papst alleges that it believed that the court's order that discovery was "to proceed" meant that all three parties, Casio USA, Casio Japan, and Papst, should proceed with a Rule 26(f) conference before Papst was required to respond to the Casio USA interrogatories and document requests. Casio USA understood the Minute Order to mean that the time for response to its

---

[2] Papst particularly complained that "[e]ven simple questions such as Casio Japan's electronic data and e-mail systems went unanswered." *Id.* This Court has subsequently stricken all of Papst's initial discovery requests to Casio USA as overbroad, unduly burdensome, not likely to lead to the discovery of relevant evidence, and propounded in bad faith, including its highly complex "simple questions" concerning information technology for each and every Casio company around the world. *See* First Order Regarding Casio/Papst Discovery Dkt. #77.

discovery requests began to run on March 2 when Casio USA served them upon Papst and that Papst's responses therefore were due on April 2, 2007. As is clear from its own argument to the Court, counsel for Papst acknowledged that they had received the Casio USA discovery requests on March 2, 2007. Despite the direct Order of the Court, and its clear knowledge of the outstanding discovery, Papst failed to respond by April 2.

On April 20, 2007, Casio USA moved to compel responses, and Papst opposed. The district court referred the motion to compel to the Magistrate Judge. The Magistrate Judge heard oral argument on May 31, 2007, and granted Casio USA's motion to compel from the bench, noting:

> [T]he court reviewed the motion, the opposition and the reply . . . . Having done so, the Court will grant the motion, largely for the reasons offered by the Movant, both orally and in writing.
>
> More specifically, the Court finds that what Papst urges upon the Court is a novel way of counting the number of days in which a party must serve responses to written discovery requests. The Court uses the term, quote, "novel," close quote, because there is simply no authority which supports this method of calculating the deadline.
>
> The rules make plain when it is that a party is to serve responses to written discovery requests. There was no motion for enlargement of time filed by Papst. Papst did not seek any clarification of the due date in the meet and confer report that counsel, along with opposing counsel, filed in this matter, and appears to have unilaterally taken the position that because Papst was displeased with the manner in which the Rule 26(f) meeting or conference was conducted that the responses to the written discovery requests would be withheld.

Tr. of May 31, 2007 hearing at 25. She ordered "that complete responses — that is *without objections*, which have been waived by the failure to respond in a timely fashion — be served within 10 calendar days of today's date." *Id*. at 27 (emphasis added). As a sanction, the Magistrate Judge also imposed on Papst the costs to Casio USA, including reasonable attorney's fees, of moving to

compel. *Id*.

On June 6, 2007, Papst filed a Request for Clarification, seeking clarification whether Papst was deemed to have waived the attorney client privilege, consulting expert privilege, attorney work product protections, objections based on confidentiality, and objections based on relevance. *Casio*, No. 06-1751, Dkt. #35. On June 7, 2007, Casio USA filed a response maintaining that all privileges had been waived, but agreeing to maintain the confidentiality of documents produced. *Id*., Dkt. #37. On June 27, 2007, the Magistrate Judge summarily denied the Request for Clarification "for the reasons offered by [Casio]." *Id*., June 27, 2007 Minute Order.

Prior to the Magistrate Judge's ruling on June 27, Papst had timely filed before the district court its objections to and motion to reconsider the Magistrate Judge's May 31, 2007 order. *Casio*, No. 06-1751, Dkt. #43, filed 6/14/07. Papst refiled that same motion, without change or update, in this MDL. *See* Papst's Objections to and Mot. to Reconsider the Magistrate Judge's May 31, 2007 Order Dkt. #43. Casio USA then responded. *See* Casio's Resp. Dkt.#49. Papst replied, *see* Papst's Reply Dkt. #44, and Casio USA supplemented its response, *see* Casio's Supp. Resp. Dkt. #63.

## II.  LEGAL STANDARDS

Papst objects to the Magistrate Judge's Order under Local Civil Rule 72.2(b). Papst's Objections Dkt. #43 at 1 (citing LCvR 72.2(b) ("any party may file written objections to a magistrate judge's ruling . . . within 10 days after being served with the order")). Under Local Rule 72.2(c), "Upon consideration of objections filed in accordance with this Rule, a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be *clearly erroneous or contrary to law*." LCvR 72.2(c) (emphasis added). The comment to Rule 72.2 indicates, "The

Rule is intended to make clear that objections to the Magistrate Judge's proposed findings and recommendations should not be called motions for reconsideration and are to be directed to the district judge." Thus, even though Papst titled its motion as "objections to and motion to reconsider," the Court treats the pleading as objections to the Magistrate Judge's order and not as a motion to reconsider.

### III. ANALYSIS

Before addressing the merits of the parties' positions, the Court describes the nature of the parties and this litigation to put this matter in context. Casio USA sells digital cameras in the United States. Papst is a German company that produces no products; it acquires patents on products or methods allegedly invented by others and then searches the world for patents it might challenge for infringement. At one of the first status conferences of the MDL, when the Court queried whether this was old-fashioned "claim-jumping," counsel for Papst readily agreed that it had been called worse. Of course, this is a perfectly lawful and respectable business. But it underscores that the business of Papst is *litigation*, not invention or production. Litigation is the business model whereby Papst, when successful, achieves royalty payments from others. As is clear from this record, the threat of litigation alone often achieves royalty payments. Papst is not represented by counsel from Germany who may be unfamiliar with the federal rules. Its U.S. counsel are from Chicago and regularly represent Papst in patent litigation across the country. These counsel are highly experienced in U.S. patent law and in district court litigation.

With these considerations in mind, we turn to the instant matter. Papst objects to the Magistrate Judge's ruling that it waived all objections based on attorney client privilege, consulting expert privilege, protection under the work product doctrine, and relevance and that Papst is liable

for monetary damages. Papst asserts that waiver is too harsh because Papst's conduct grew out of a misunderstanding of the court order for discovery "to proceed."

This claim of "misunderstanding" cannot be credited. Casio USA had indicated specifically that it would not object to rescheduling the initial scheduling conference as long as discovery were not delayed, that Papst and Casio USA had held a Rule 26(f) conference, that Casio USA had served discovery requests on Papst, and that discovery between Casio USA and Papst should be allowed to proceed. Papst did not contest that the parties had had a teleconference that covered all subjects required by Rule 26(f) and acknowledged that it had received Casio USA's discovery requests on March 2, 2007; instead, it challenged the sufficiency of the teleconference; argued that time would be wasted by discovery against Casio USA without Casio Japan in the suit; and claimed that Casio USA was merely seeking strategic advantage. The district court granted Papst's motion to continue the initial scheduling conference to allow Papst time to serve Casio Japan. But the Court also ordered, succinctly and precisely, that "discovery between Plaintiff and Defendant is to proceed." When the Court ordered discovery "to proceed," it was clearly ruling on that aspect of the motion in Casio's favor and rejecting Papst's arguments. The time for serving responses to written discovery requests was clear under the rules, but Papst never filed a motion for an enlargement of time. In briefing here, Counsel for Papst do not address their failure to seek an enlargement. Nor did Papst seek clarification of the deadline for its discovery responses in the meet and confer report or in any other pleading. Counsel for Papst do not address their failure to seek any clarification of the deadline for its discovery responses. In the face of a direct Order of the Court, Papst simply withheld its responses.

Papst argues that the sanction of waiver of privileges is unduly harsh. "As a general

-7-

rule, when a party fails to object timely to discovery requests, such objections are waived." *See, e.g., United Steelworkers of Am., AFL-CIO v. IVACO, Inc.*, 2003 U.S. Dist. LEXIS 10008, at *13 (N.D. Ga. Jan. 13, 2002); *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991); *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989). However, "waiver of privilege is a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith." *United States v. British Am. Tobacco*, 387 F.3d 884, 891 (D.C. Cir. 2004). "[M]inor procedural violations, good faith attempts at compliance, and other mitigating circumstances will militate against finding waiver." *United Steelworkers of Am.*, 2003 U.S. Dist. LEXIS10008, at *13.

    The Court finds that waiver of privileges is not too harsh a sanction under the circumstances presented here. Papst's failure to respond to Casio USA's discovery requests, as directly ordered, was entirely unjustified and inexcusable and smacks of bad faith. How difficult is it to understand a district court order that discovery is "to proceed"? Were there any doubt, Papst might have inquired. It did nothing. It merely delayed — a delay that continues, in part, to this day.[3] It may be a successful business model, when the "business" of a business is litigation, to interpose delay at any possible opportunity. Delay costs money to opponents and may, in the end, cause an opponent to settle a case. Ultimately, Papst offers no good reason why its experienced counsel should be allowed, without sanction, to ignore totally a court order on which they had been heard fully.

    Accordingly, Papst is required to respond to Casio USA's initial discovery requests without objection based on attorney client privilege, consulting expert privilege, or attorney work

---

[3] As of April 24, 2008, Papst still had not responded sufficiently to Casio's discovery requests. *See* First Order Regarding Casio/Papst Discovery Dkt. #77 (ordering Papst to respond to Casio's interrogatories). Thus, the delay in question was not a matter of weeks, but more than a year.

product. Casio has agreed, and there is now a Protective Order entered by the Court, that will shield Papst's confidential documents from public display.

Papst further points out that is it not clear whether the Magistrate Judge ordered objections as to relevance be waived. She ordered "that complete responses — that is *without objections*, which have been waived by the failure to respond in a timely fashion — be served within 10 calendar days of today's date." Tr. of May 31, 2007 hearing at 27. The Magistrate Judge did not order that relevance objections be waived because "concluding that [irrelevance] is invariably waived whenever it is not timely asserted would lead to absurd results." *Byrd v. Reno*, No. 96-2375, 1998 U.S. Dist. Lexis 11855, at *15 (D.D.C. Feb. 12, 1998).

> [P]arties in discovery hardly need an inducement to ask the most outrageous questions possible in the hope than an untimely response would permit them to get indirectly what they knew they could not get directly. Accepting the proposition that a federal court must order an interrogatory answered no matter how irrelevant the information it seeks mocks the true purpose of the Federal Rules of Civil Procedure as stated in Rule 1 that the rules be "construed and administered to secure the just, speedy, and inexpensive determination of every action."

*Id*. Because waiver of a relevance objection would lead to absurd results, the Court finds that the Magistrate Judge could not have so intended. Accordingly, relevance objections have not been waived.

Finally, Papst argues that the sanction requiring it to pay Casio USA's costs and attorney's fees is unjust. Again, Papst contends that it was merely mistaken regarding its interpretation of the district court's order for discovery "to proceed." As explained above, this contention by Papst's experienced counsel is not credible. The sanction shall remain in place.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the May 31, 2007 order of the Magistrate Judge was not clearly erroneous or contrary to law. The Court will deny Papst's Objections to and Motion to Reconsider Portions of Magistrate Judge Robinson's May 31, 2007 Order [Dkt. #43]. The Magistrate Judge's May 31, 2007 order in the underlying case, No. 06-1751, will be affirmed. A memorializing order accompanies this Memorandum Opinion.


Dated: May 6, 2008                              /s/
                                        ROSEMARY M. COLLYER
                                        United States District Judge