## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. KG LITIGATION<br><br>This Document Relates To:<br>07-cv-1222 | Misc. Action No. 07-493 (RMC)<br>MDL Docket No. 1880 |

## ANSWER TO PAPST LICENSING'S COUNTERCLAIMS

Plaintiffs Matsushita Electric Industrial Co., Ltd. ("MEI") and Victor Company of Japan, Ltd. ("JVC"), respond to the Counterclaims filed by Defendant Papst Licensing GmbH & Co. KG ("Papst"), with the following Answer and Defenses:

## GENERAL DENIAL

Unless specifically admitted below, MEI and JVC deny each and every allegation set forth in Papst's Counterclaims.

## RESPONSE TO PARTIES

37. MEI and JVC lack knowledge or information sufficient to form a belief as to whether Papst "is a corporation existing under the laws of The Federal Republic of Germany, and has a principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany."

38. Admitted.

39. Admitted.

40. Admitted.

41. MEI and JVC deny that JVC Company of America is a Delaware Corporation. JVC Company of America is a division of JVC Americas Corp., a Delaware Corporation with its principal place of business located at 1700 Valley Road, Wayne, NJ 07470. JVC Americas Corp.

is a wholly owned subsidiary of JVC.  MEI and JVC deny that MEI is the ultimate global parent of JVC Company of America, nor is MEI the ultimate global parent of JVC Americas Corp. or JVC.

## RESPONSE TO JURISDICTION AND VENUE

42. Admitted.

43. Admitted.

## RESPONSE TO PATENTS AT ISSUE

44. MEI and JVC lack knowledge or information sufficient to form a belief as to whether Papst is the lawful owner, by assignment, of the entire right, title and interest in and to United States Patent No. 6,895,449 ("the '449 patent") and United States Patent No. 6,470,399 ("the '399 patent").

45. MEI and JVC admit that the '449 patent was issued on May 17, 2005, but deny any further characterization of the '449 patent.  MEI and JVC lack knowledge or information sufficient to form a belief as to whether the '449 patent is duly and legally issued as alleged in paragraph 45 of the Counterclaims and therefore deny those allegations.

46. MEI and JVC admit that the '399 patent was issued on October 22, 2002, but deny any further characterization of the '399 patent.  MEI and JVC lack knowledge or information sufficient to form a belief as to whether the '399 patent is duly and legally issued as alleged in paragraph 46 of the Counterclaims and therefore deny those allegations.

## RESPONSE TO CLAIMS FOR RELIEF

47. MEI and JVC incorporate their responses in paragraphs 37 through 46 as if fully set forth herein.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

### RESPONSE TO PAPST'S PRAYER FOR RELIEF

MEI and JVC deny that Papst is entitled to any relief whatsoever against MEI and/or JVC in this action, either as requested in Papst's Counterclaims or otherwise.

### MEI and JVC's AFFIRMATIVE DEFENSES

Further answering Papst's Counterclaims, MEI and JVC assert the following defenses:

1. Papst's Counterclaims fail to state a claim upon which relief can be granted.

2. MEI and JVC do not infringe, and have not infringed, any claim of the '399 and/or '499 patents (collectively, the "patents-in-suit"), either literally or under the doctrine of equivalents, by direct, contributory or induced infringement.

3. All claims of the patents-in-suit are invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

4. Papst is estopped from construing the claims of the patents-in-suit to cover or include, either literally or by application of the doctrine of equivalents, methods used or devices manufactured, used, imported, sold, or offered for sale by MEI and/or JVC because of admissions, amendments, and statements to the PTO during prosecution of the applications leading to the issuance of the patents-in-suit, disclosure or language in the specification of the patents-in-suit, and/or limitations in the claims of the patents-in-suit.

5. The relief sought by Papst is barred in whole or in part by the doctrine of laches.

6. Discovery may reveal evidence that the patents-in-suit are unenforceable by reason of inequitable conduct before the PTO.

7. Discovery may reveal evidence that Papst is precluded and barred from any recovery of damages or other relief by reason of Papst's unclean hands.

8. Papst's claim for damages is statutorily limited by 35 U.S.C. §§ 286 and/or 287.

### **Prayer for Relief**

WHEREFORE, MEI and JVC pray this Court for the following relief:

9. A declaration that MEI has not infringed, and is not infringing, the '399 or '449 patents;

10. A declaration that JVC has not infringed, and is not infringing, the '399 or '449 patents;

11. A declaration that MEI has not infringed, and is not infringing, any of the claims of any continuation or divisional application relating to the patents-in-suit that may hereafter issue;

12. A declaration that JVC has not infringed, and is not infringing, any of the claims of any continuation or divisional application relating to the patents-in-suit that may hereafter issue;

13. A declaration that each of the claims of the '399 and '449 patents is invalid;

14. An injunction prohibiting Papst from alleging infringement of the '399 and '449 patents or of any continuation or divisional application relating to the '399 or '449 patents by MEI and its customers;

15.    An injunction prohibiting Papst Licensing from alleging infringement of the '399 and '449 patents or of any continuation or divisional application relating to the '399 or '449 patents by JVC and its customers;

16.    An award of damages that MEI and JVC have sustained;

17.    A declaration that this case is exceptional under 35 U.S.C. § 285, and MEI and JVC should be awarded their reasonable attorney fees and costs incurred in connection with this action; and

18.    Such other further relief as the Court deems just and proper.

### **Jury Demand**

Plaintiffs MEI and JVC demand a jury trial on all issues so triable.

Dated: May 6, 2008                              HOGAN & HARTSON LLP

                                                            */s/ Rachel M. Capoccia*
Richard de Bodo (Ca. Bar No. 128199)
Rachel M. Capoccia (Ca. Bar No. 187160)
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4694
Telecopier: (310) 785-4601
E-Mail: rdebodo@hhlaw.com
           rmcapoccia@hhlaw.com

ATTORNEYS FOR PLAINTIFFS AND
COUNTERCLAIM DEFENDANTS
MATSUSHITA ELECTRIC INDUSTRIAL CO.,
LTD. AND VICTOR COMPANY OF JAPAN,
LTD.

## CERTIFICATE OF SERVICE

I, Rachel M. Capoccia, hereby certify that on this 6th day of May, 2008, a true and correct copy of the foregoing document was served on all counsel of record by filing it through the United States District Court for the District of Columbia Electronic Case Filing System.

      */s/ Rachel M. Capoccia*
ATTORNEY FOR PLAINTIFFS AND
COUNTERCLAIM DEFENDANTS
MATSUSHITA ELECTRIC INDUSTRIAL CO.,
LTD. AND VICTOR COMPANY OF JAPAN,
LTD.