**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE PAPST LICENSING GMBH & CO. KG LITIGATION** _____ **This Document Relates To:** **FUJIFILM CORPORATION ET AL. V. PAPST LICENSING GMBH & CO. KG CASE NO. 1:07-CV-01118-RMC** | **Misc. Action No. 07-493 (RMC)** **MDL Docket No. 1880** |

**FUJIFILM CORPORATION AND FUJIFILM U.S.A., INC'S ANSWER AND AFFIRMATIVE DEFENSES TO PAPST LICENSING GMBH & CO. KG'S COUNTERCLAIM**

Defendants FUJIFILM Corporation and FUJIFILM U.S.A., Inc. (collectively, "Fujifilm") hereby responds to the Counterclaim of Papst Licensing GmbH & Co. KG ("Papst") with the following Answer and Affirmative Defenses:

**RESPONSE TO SPECIFIC ALLEGATIONS**

In answer to the separately numbered paragraphs of the Counterclaim, Fujifilm states the following:

**Parties**

31. Fujifilm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of Plaintiff's Amended Complaint and, therefore, denies the same.

32. Admitted.

33. Admitted.

## Jurisdiction and Venue

34.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent that a response is required, Fujifilm admits these allegations.

35.      The allegations in this paragraph state legal conclusions to which no response is required.  To the extent that a response is required, Fujifilm admits these allegations.

## Patents At Issue

35. [sic]  Fujifilm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of Plaintiff's Amended Complaint and, therefore, denies the same.

36.     Denied.

37.     Denied.

## Claim for Relief

38.     Fujifilm incorporates by reference its above responses to the allegations of the Counterclaim as though they were set forth fully herein.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

## JURY DEMAND

This demand for a jury requires no response.

## GENERAL DENIAL

To the extent any further response is deemed necessary to the numbered paragraphs of the Counterclaim or Prayer for Relief, Fujifilm denies any allegations contained therein. Fujifilm further denies any allegations contained in the Counterclaim not specifically admitted herein to be true.

## AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8, and subject to further investigation and discovery, Fujifilm asserts the following defenses to Papst's claims.

### First Affirmative Defense

The complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Fujifilm does not infringe and has not infringed any claim of the '449 and '399 patents, either literally or under the doctrine of equivalents, by direct, contributory or inducing infringement.

### Third Affirmative Defense

The claims of the '449 and '399 patents are invalid for failure to satisfy one or more statutory requirements of 35 U.S.C. § 101 *et seq.* including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

### Fourth Affirmative Defense

Papst is estopped from construing the claims of the '449 and '399 patents so as to cover, either literally or by application of the doctrine of equivalents, products made, used, imported, sold, or offered for sale by Fujifilm, or methods used in the operation of such products, because of amendments to the claims or specification, or admissions or statements made to the U.S.

Patent and Trademark Office during prosecution of the patent applications underlying the '449 and '399 patents.

## Fifth Affirmative Defense

Papst's claim for damages is statutorily limited by 35 U.S.C. § 287 and/or 288.

## PRAYER FOR RELIEF

Fujifilm denies that Papst is entitled to the relief it requests or any relief whatsoever with respect to its Counterclaim.

WHEREFORE Fujifilm respectfully requests that the Court enter judgment against Papst including:

a. a declaration that Fujifilm has not infringed, and is not infringing the '449 and '399 patents;

b. a declaration that Fujifilm has not infringed, and is not infringing, any of the claims of any continuation or divisional application relating to the '449 and '399 that may hereafter issue;

c. a declaration that each of the claims of the '449 and '399 patents are invalid;

d. an injunction prohibiting Papst from alleging infringement of the '449 and the '399 patents by Fujifilm;

e. an award of damages that Fujifilm has sustained;

f. a declaration that this case is an "exceptional case" within the meaning of 35 U.S.C. § 285 due to, inter alia, Papst's conduct and actions;

g. an award of costs and attorneys fees and other expenses Papst has been forced to incur; and

h. such further relief as the Court may deem just and proper.

Dated: May 7, 2008    Respectfully submitted,

        s/ Steven J. Routh_____
        Steven J. Routh
        HOGAN & HARTSON L.L.P.
        555 13th Street, NW
        Washington, DC 20004-1109
        Telephone:  (202) 637-6472
        Facsimile:  (202) 637-5910
        sjrouth@hhlaw.com

        Attorney of Record for FUJIFILM Corporation and
        FUJIFILM U.S.A., Inc.

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 7th day of May 2008, I served a true and correct copy of the foregoing FUJIFILM CORPORATION AND FUJIFILM U.S.A., INC'S ANSWER AND AFFIRMATIVE DEFENSES TO PAPST LICENSING GMBH & CO. KG'S COUNTERCLAIM on all counsel of record by filing it through the United States District Court for the District of Columbia Electronic Case Filing system.

                                              _s/ Steven J. Routh_____
                                              Steven J. Routh