IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. KG LITIGATION <hr> This Document Relates To: <br> 1:08-cv-00612 | Misc. Action No. 07-493 (RMC) <br> MDL Docket No. 1880 |

### PAPST'S REPLY TO RICOH AMERICAS CORPORATION COUNTERCLAIMS

Plaintiff Papst Licensing GmbH & Co. KG ("Papst") answers the counterclaims of Defendant Ricoh Americas Corporation ("Ricoh") as follows:

### General Denial

Unless specifically admitted below, Papst denies each and every allegation set forth in Ricoh's counterclaims.

### Parties

1.  Defendant Ricoh Americas Corporation is a Delaware corporation with its principal place of business at 5 Dedrick Place, West Caldwell, New Jersey 07006.

    REPLY:  Papst admits that, upon information and belief, Ricoh is a Delaware corporation based at 5 Dedrick Place, West Caldwell, NJ 07006.

2.  Defendant Ricoh Americas Corporation imports and sells a wide range of consumer electronics products, including digital cameras.

    REPLY:  Papst admits that Ricoh imports and sells digital cameras.  Papst is without knowledge or information sufficient to form a belief as to the truth of other averments in paragraph 2, and therefore denies those other averments.

3.   Papst has held itself out to be a company existing under the laws of The Federal Republic of Germany with its principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

REPLY:  Admit.

4.   Upon information and belief, Papst does not manufacture or sell any consumer products. Its sole business is to acquire and attempt to license or enforce intellectual property rights.

REPLY:  Papst admits that it does not manufacture or sell consumer products, and that it is in the business of obtaining intellectual property rights and obtaining commercial benefit from those rights.  Papst denies any other averments in paragraph 4.

## Patents-in-Suit

5.   Papst has held itself out to be the owner of United States Patent  No. 6,470,399 B1 ("the '399 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless the Type of the I/O Device," which was issued on October 22, 2002.

REPLY:  Admit.

6.   Papst has also held itself out to be the owner of United States Patent N o. 6,895,449 B2 ("the '449 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless the Type of the I/O Device," which was issued on May 17, 2005.

REPLY:  Admit.

7.   Papst is prosecuting continuations and divisional applications of the '399 and the '449 patents with the United States Patent and Trademark Office, including pending application Nos. 11,467,073 and 11,467,092.

REPLY:  Admit.

8.   Papst has accused Defendant Ricoh Americas Corporation's digital camera products of infringing the '399 patent and the '449 patent.

REPLY: Admit.

**Jurisdiction and Venue**

9. This counterclaim arises under the Declaratory Judgment Act and the patent laws of the United States. See 28 U.S.C. §§ 2201 and 2202; Title 35 U.S.C. §§ 100 *et seq.*

REPLY: Admit.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

REPLY: Admit.

11. This Court has personal jurisdiction over Papst by virtue of Papst's filing of the Complaint in this matter.

REPLY: Admit.

12. Venue in this judicial district is proper under at least 28 U.S.C. § 1391(c) and (d).

REPLY: Admit.

13. An actual and justiciable controversy exists between Defendant Ricoh Americas Corporation, on the one hand, and Papst, on the other hand, concerning Papst's claims of infringement of the '399 and the '449 patents and concerning whether those patents are valid.

REPLY: Admit.

COUNT I
(Declaratory Judgment of non-infringement and invalidity of the '399 patent)

14. Defendant Ricoh Americas Corporation re-alleges and incorporates by reference its allegations in paragraphs 1 through 13 above as if fully set forth herein

REPLY: Papst replies and incorporates by reference its answers to paragraphs 1 through 13 above as if fully set forth here.

15. Defendant Ricoh Americas Corporation have not directly infringed, contributed to infringement of , or induced infringement of any valid and enforceable claim of the '399 patent, nor is Defendant Ricoh Americas Corporation, either literally or under the doctrine if equivalents,

3

directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '399 patent.

REPLY:  Deny.

16. The '399 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.,* including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

REPLY:  Deny.

17. An actual and justiciable controversy exists between Defendant Ricoh Americas Corporation and Papst regarding the alleged infringement and validity of the '399 patent by virtue of the complaint filed by Papst that Defendant Ricoh Americas Corporation is or have been infringing the '399 patent.

REPLY:  Admit.

18. This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling Defendant Ricoh Americas Corporation to an award of its attorneys' fees.

REPLY:  Deny.

## COUNT II
(Declaratory Judgment of non-infringement and invalidity of the '449 patent)

19. Defendant Ricoh Americas Corporation re-allege and incorporate by reference their allegations in paragraphs 1 through 18 above as if fully set forth herein.

REPLY:  Papst replies and incorporates by reference its answers to paragraphs 1 through 18 above as if fully set forth herein.

20. Defendant Ricoh Americas Corporation has not directly infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '449 patent, nor is Defendant Ricoh Americas Corporation, either literally or under the doctrine if equivalents, directly

infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '449 patent.

REPLY: Deny.

21. The '449 patent is invalid for failing to comply with one or more of the requirements for patentability set forth Title 35 U.S.C. § 101, *et seq.,* including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

REPLY: Deny.

22. An actual and justiciable controversy exists between Defendant Ricoh Americas Corporation and Papst regarding the alleged infringement and validity of the '449 patent by virtue of the complaint filed by Papst alleging that Defendant Ricoh Americas Corporation is or have been infringing the '449 patent.

REPLY: Admit.

23. This case in an exceptional case pursuant to 35 U.S.C. § 285, entitling Defendant Ricoh Americas Corporation to an aware of its attorneys' fees.

REPLY: Deny.

24. Defendant Ricoh Americas Corporation expressly reserves the right to amend these Counterclaims to add declaratory judgment counts with respect to any continuation or divisional applications relating to the '399 and '449 patents that may issue after the date these Counterclaims are filed.

REPLY: Papst admits that Ricoh asserted that it reserves a right to amend its counterclaims. Papst denies any other averments in paragraph 24.

## Reply to Ricoh's Requested Relief

Papst denies that Ricoh is entitled to any relief in this action either as requested in its counterclaims or otherwise.

### **Papst's Defenses**

1. The counterclaims fail to state a claim upon which relief can be granted.

2. Ricoh does infringe the '399 and '449 patents directly and/or indirectly.

3. The claims of the '399 and the '449 patents are valid and enforceable.

### **Jury Demand**

Papst demands a jury trial on all issues so triable.


May 12, 2008

/s/ Jerold B. Schnayer
Jerold B. Schnayer
James P. White
WELSH & KATZ, LTD.
120 South Riverside Plaza, 22nd Fl.
Chicago, Illinois  60606
(312) 655-1500

*Counsel for PAPST LICENSING GmbH & Co. KG*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing PAPST'S REPLY: TO RICOH AMERICAS CORPORATION COUNTERCLAIMS was served on this the 12th day of May, 2008 upon the attorneys for the Camera Manufacturers as follows:

***For The Casio Parties*** (via e-mail)***:***
Laura Krawczyk
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Phone:  (212) 309-6000
Fax:  (212) 309-6001
lkrawczyk@morganlewis.com

J. Kevin Fee
Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
jkfee@morganlewis.com

Scott D. Stimpson
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
stimpsonlaw@gmail.com

***For The Samsung Parties*** (via e-mail)***:***
Patrick J. Kelleher
Drinker Biddle Gardner Carton
191 North Wacker Drive
Suite 3700
Chicago, IL 60606-1698
Phone:  (312) 569-1375
Fax:  (312) 569-3375
Patrick.kelleher@dbr.com

***Camera Manufacturers' Administrative Counsel and***
***For The Fujifilm Parties*** (via e-mail)***:***
Steven J. Routh
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Phone:  (202) 637-5600
Fax:  (202) 637-5910
sjrouth@hhlaw.com

7

Sten Jensen
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Phone: (202) 637-6465
Fax: (202) 637-5910
sajensen@hhlaw.com

*For the Olympus Parties* (via e-mail)*:*
Richard deBodo
Rachel M. Capoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone: (310) 785-4694
Fax: (310) 785-4601
rdebodo@hhlaw.com
rmcapoccia@hhlaw.com

*For The Matsushita and Victory Company of Japan Parties* (via e-mail):
Richard deBodo
Rachel M. Capoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone: (310) 785-4694
Fax: (310) 785-4601
rdebodo@hhlaw.com
rmcapoccia@hhlaw.com

Adam K. Levin, Esq.
Hogan & Hartson LLP
555 13th Street, NW
Washington, DC 20004
aklevin@hhlaw.com

*For the Ricoh Parties* (via e-mail):
Michael Switzer
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606-5096
Phone: (312) 984-3666
Fax: (312) 984-7700
mswitzer@mwe.com

Richard L. Horwitz
Potter Anderson & Corroon, LLP

1313 North Market Street, 6th Floor
PO Box 951
Wilmington, DE 19899
Phone:  (302) 984-6000
Fax:  (302) 658-1192
rhorwitz@potteranderson.com

***For Hewlett-Packard Company*** (via email):
Charlene M. Morrow
Heather N. Mewes
Fenwick & West LLP
555 California Street, Suite 1200
San Francisco, CA 94104
Phone:  (415) 875-2300
Fax:  (415) 281-1350
cmorrow@fenwick.com
hmewes@fenwick.com


      /s/ Jerold B. Schanyer
      Attorney for Papst Licensing GmbH & Co. KG