UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE PAPST LICENSING GMBH & CO.
KG LITIGATION
_____

This Document Relates To:
07-cv-1222

Misc. Action No. 07-493 (RMC)
MDL Docket No. 1880

### PANASONIC COPORATION OF NORTH AMERICA'S ANSWER TO PAPST LICENSING'S COUNTERCLAIMS AND COUNTERCLAIMS

Defendant Panasonic Corporation of North America ("Panasonic") hereby responds to the Counterclaims filed by Defendant Papst Licensing GmbH & Co. KG ("Papst"), with the following Answer, Defenses and Counterclaims:

### GENERAL DENIAL

Unless specifically admitted below, Panasonic denies each and every allegation set forth in Papst's Counterclaims.

### RESPONSE TO PARTIES

37.  Panasonic lacks knowledge or information sufficient to form a belief as to whether Papst "is a corporation existing under the laws of The Federal Republic of Germany, and has a principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany."

38.  Admitted.

39.  Admitted.

40.  Admitted.

41.  Panasonic denies that JVC Company of America is a Delaware Corporation. JVC Company of America is a division of JVC Americas Corp., a Delaware Corporation with its

principal place of business located at 1700 Valley Road, Wayne, NJ 07470. JVC Americas Corp. is a wholly owned subsidiary of JVC. Panasonic denies that Matsushita Electric Industrial Co., Ltd. ("MEI") is the ultimate global parent of JVC Company of America, nor is MEI the ultimate global parent of JVC Americas Corp. or JVC.

### RESPONSE TO JURISDICTION AND VENUE

42. Admitted.

43. Admitted.

### RESPONSE TO PATENTS AT ISSUE

44. Panasonic lacks knowledge or information sufficient to form a belief as to whether Papst is the lawful owner, by assignment, of the entire right, title and interest in and to United States Patent No. 6,895,449 ("the '449 patent") and United States Patent No. 6,470,399 ("the '399 patent").

45. Panasonic admits that the '449 patent was issued on May 17, 2005, but denies any further characterization of the '449 patent. Panasonic lacks knowledge or information sufficient to form a belief as to whether the '449 patent is duly and legally issued as alleged in paragraph 45 of the Counterclaims and therefore denies those allegations.

46. Panasonic admits that the '399 patent was issued on October 22, 2002, but denies any further characterization of the '399 patent. Panasonic lacks knowledge or information sufficient to form a belief as to whether the '399 patent is duly and legally issued as alleged in paragraph 46 of the Counterclaims and therefore denies those allegations.

### RESPONSE TO CLAIMS FOR RELIEF

47. Panasonic incorporates its responses in paragraphs 37 through 46 as if fully set forth herein.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

**RESPONSE TO PAPST'S PRAYER FOR RELIEF**

Panasonic denies that Papst is entitled to any relief whatsoever against Panasonic in this action, either as requested in Papst's Counterclaims or otherwise.

**PANASONIC'S AFFIRMATIVE DEFENSES**

Further answering Papst's Counterclaims, Panasonic asserts the following defenses:

1. Papst's Counterclaims fail to state a claim upon which relief can be granted.

2. Panasonic does not infringe, and has not infringed, any claim of the '399 and/or '449 patents (collectively, the "patents-in-suit"), either literally or under the doctrine of equivalents, by direct, contributory or induced infringement.

3. All claims of the patents-in-suit are invalid or unenforceable for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

4. Papst is estopped from construing the claims of the patents-in-suit to cover or include, either literally or by application of the doctrine of equivalents, methods used or devices manufactured, used, imported, sold, or offered for sale by Panasonic because of admissions, amendments, and statements to the PTO during prosecution of the applications leading to the issuance of the patents-in-suit, disclosure or language in the specification of the patents-in-suit, and/or limitations in the claims of the patents-in-suit.

5. The relief sought by Papst is barred in whole or in part by the doctrine of laches.

6. Discovery may reveal evidence that the patents-in-suit are unenforceable by reason of inequitable conduct before the PTO.

7. Discovery may reveal evidence that Papst is precluded and barred from any recovery of damages or other relief by reason of Papst's unclean hands.

8. Papst's claim for damages is statutorily limited by 35 U.S.C. §§ 286 and/or 287.

## PANASONIC'S COUNTERCLAIMS

Defendant Panasonic brings this action against Papst for a declaration that Defendant Panasonic's products do not infringe U.S. Patents No. 6,895,449 ("the '449 patent") and 6,470,399 ("the '399 patent") purportedly owned by Papst, and a declaration that those two patents are invalid or unenforceable.

## Parties

1. Defendant Panasonic Corporation of North America is a Delaware corporation with its principal place of business located at 1 Panasonic Way, Secaucus, NJ 07094.

2. Panasonic manufactures and sells a wide range of consumer electronics products, including digital cameras and camcorders.

3. Upon information and belief, Papst is a company existing under the laws of The Federal Republic of Germany with its principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

4. Upon information and belief, Papst does not manufacture or sell any consumer products. Its sole business is to acquire and attempt to license or enforce intellectual property rights.

**Patents-in-Suit**

5.      Papst has held itself out to be the owner of United States Patent No. 6,470,399 B1 ("the '399 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless of the Type of the I/O Device," which issued on October 22, 2002.

6.      Papst has also held itself out to be the owner of United States Patent No. 6,895,449 B2 ("the '449 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless the Type of the I/O Device," which issued on May 17, 2005.

7.      Papst has prosecuted continuations and divisional applications of the '399 and the '449 patents, including pending application No. 11/078,778.

**Jurisdiction and Venue**

8.      This action arises under the Declaratory Judgment Act and the patent laws of the United States.  See 28 U.S.C. §§ 2201 and 2202; Title 35 U.S.C. §§ 100 *et seq*.

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

10.     Venue in this judicial district is proper under at least 28 U.S.C. § 1391(c) and (d).

11.     This court has personal jurisdiction over Papst by virtue of Papst's filing of its Counterclaims against Panasonic in this matter.

12.     An actual and justiciable controversy exists between Panasonic, on the one hand, and Papst, on the other hand, concerning Papst's claims of infringement of the '399 and the '449 patents and concerning whether those patents are valid.

### Count I
**(Declaratory Judgment of non-infringement, invalidity, and unenforceability of the '399 patent)**

13.     Panasonic realleges and incorporates by reference its allegations in paragraphs 1 through 12 above as if fully set forth herein.

14.     Panasonic has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '399 patent, nor is Panasonic, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '399 patent.

15.     The '399 patent is invalid or unenforceable for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq*., including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

16.     An actual and justiciable controversy exists between Panasonic, on the one hand, and Papst, on the other hand, regarding the alleged infringement and validity of the '399 patent by virtue of the allegations made by Papst that Panasonic and/or its customers are or have been infringing the '399 patent.

17.     This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling Panasonic to an award of their attorneys' fees.

### Count II
**(Declaratory Judgment of non-infringement, invalidity, and unenforceability of the '449 patent)**

18.     Panasonic realleges and incorporates by reference its allegations in paragraphs 1 through 17 above as if fully set forth herein.

19.     Panasonic has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '449 patent, nor is Panasonic, either literally or under the

doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '449 patent.

20.  The '449 patent is invalid or unenforceable for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

21.  An actual and justiciable controversy exists between Panasonic, on the one hand, and Papst, on the other, regarding the alleged infringement and validity of the '449 patent by virtue of the allegations made by Papst that Panasonic and/or its customers are or have been infringing the '399 patent.

22.  This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling Panasonic to an award of their attorneys' fees.

23.  Panasonic expressly reserves the right to amend these Counterclaims to add declaratory judgment counts with respect to any continuation or divisional applications relating to the patents-in-suit that may issue after the date these Counterclaims are filed.

## **Prayer for Relief**

WHEREFORE, Panasonic prays this Court for the following relief:

A.  A declaration that Panasonic has not infringed, and is not infringing, the '399 or '449 patents;

B.  A declaration that Panasonic has not infringed, and is not infringing, any of the claims of any continuation or divisional application relating to the patents-in-suit that may hereafter issue;

C.  A declaration that each of the claims of the '399 and '449 patents is invalid or unenforceable;

D.      An injunction prohibiting Papst from alleging infringement of the '399 and '449 patents or of any continuation or divisional application relating to the '399 or '449 patents by Panasonic and its customers;

E.      An award of damages that Panasonic has sustained;

F.      A declaration that this case is exceptional under 35 U.S.C. § 285, and Panasonic should be awarded its reasonable attorney fees and costs incurred in connection with this action; and

G.      Such other further relief as the Court deems just and proper.

### Jury Demand

Defendant Panasonic demands a jury trial on all issues so triable.

Dated:  May 15, 2008                              HOGAN & HARTSON LLP

      /s/ Rachel M. Capoccia
Richard de Bodo  (Ca. Bar No. 128199)
Rachel M. Capoccia (Ca. Bar No. 187160)
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4694
Telecopier: (310) 785-4601
E-Mail: rdebodo@hhlaw.com
      rmcapoccia@hhlaw.com

ATTORNEYS FOR COUNTERCLAIM
DEFENDANT PANASONIC COPORATION OF
NORTH AMERICA

**CERTIFICATE OF SERVICE**

      I, Rachel M. Capoccia, hereby certify that on this 15th day of May, 2008, a true and correct copy of the foregoing document was served on all counsel of record by filing it through the United States District Court for the District of Columbia Electronic Case Filing System.

                                          /s/ Rachel M. Capoccia
                                 ATTORNEY FOR COUNTERCLAIM
                                 DEFENDANT PANASONIC COPORATION OF
                                 NORTH AMERICA