## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. KG LITIGATION  ──────────────────────────────── This Document Relates To: 07-cv-1222 | Misc. Action No. 07-493 (RMC) MDL Docket No. 1880 |

### JVC COMPANY OF AMERICA'S ANSWER TO PAPST LICENSING'S COUNTERCLAIMS AND COUNTERCLAIMS

Defendant JVC Company of America ("JVC America") hereby responds to the Counterclaims filed by Defendant Papst Licensing GmbH & Co. KG ("Papst"), with the following Answer, Defenses and Counterclaims:

### GENERAL DENIAL

Unless specifically admitted below, JVC America denies each and every allegation set forth in Papst's Counterclaims.

### RESPONSE TO PARTIES

37. JVC America lacks knowledge or information sufficient to form a belief as to whether Papst "is a corporation existing under the laws of The Federal Republic of Germany, and has a principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany."

38. Admitted.

39. Admitted.

40. Admitted.

41. JVC America denies that JVC Company of America is a Delaware Corporation. JVC Company of America is a division of JVC Americas Corp., a Delaware Corporation with its

principal place of business located at 1700 Valley Road, Wayne, NJ 07470. JVC Americas Corp. is a wholly owned subsidiary of JVC. JVC America denies that Matsushita Electric Industrial Co., Ltd. ("MEI") is the ultimate global parent of JVC Company of America, nor is MEI the ultimate global parent of JVC Americas Corp. or JVC.

## RESPONSE TO JURISDICTION AND VENUE

42.     Admitted.

43.     Admitted.

## RESPONSE TO PATENTS AT ISSUE

44.     JVC America lacks knowledge or information sufficient to form a belief as to whether Papst is the lawful owner, by assignment, of the entire right, title and interest in and to United States Patent No. 6,895,449 ("the '449 patent") and United States Patent No. 6,470,399 ("the '399 patent").

45.     JVC America admits that the '449 patent was issued on May 17, 2005, but denies any further characterization of the '449 patent. JVC America lacks knowledge or information sufficient to form a belief as to whether the '449 patent is duly and legally issued as alleged in paragraph 45 of the Counterclaims and therefore denies those allegations.

46.     JVC America admits that the '399 patent was issued on October 22, 2002, but denies any further characterization of the '399 patent. JVC America lacks knowledge or information sufficient to form a belief as to whether the '399 patent is duly and legally issued as alleged in paragraph 46 of the Counterclaims and therefore denies those allegations.

## RESPONSE TO CLAIMS FOR RELIEF

47.     JVC America incorporates its responses in paragraphs 37 through 46 as if fully set forth herein.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## RESPONSE TO PAPST'S PRAYER FOR RELIEF

JVC America denies that Papst is entitled to any relief whatsoever against JVC America in this action, either as requested in Papst's Counterclaims or otherwise.

## JVC AMERICA'S AFFIRMATIVE DEFENSES

Further answering Papst's Counterclaims, JVC America asserts the following defenses:

1. Papst's Counterclaims fail to state a claim upon which relief can be granted.

2. JVC America does not infringe, and has not infringed, any claim of the '399 and/or '449 patents (collectively, the "patents-in-suit"), either literally or under the doctrine of equivalents, by direct, contributory or induced infringement.

3. All claims of the patents-in-suit are invalid or unenforceable for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

4. Papst is estopped from construing the claims of the patents-in-suit to cover or include, either literally or by application of the doctrine of equivalents, methods used or devices manufactured, used, imported, sold, or offered for sale by JVC America because of admissions, amendments, and statements to the PTO during prosecution of the applications leading to the issuance of the patents-in-suit, disclosure or language in the specification of the patents-in-suit, and/or limitations in the claims of the patents-in-suit.

5. The relief sought by Papst is barred in whole or in part by the doctrine of laches.

6. Discovery may reveal evidence that the patents-in-suit are unenforceable by reason of inequitable conduct before the PTO.

7. Discovery may reveal evidence that Papst is precluded and barred from any recovery of damages or other relief by reason of Papst's unclean hands.

8. Papst's claim for damages is statutorily limited by 35 U.S.C. §§ 286 and/or 287.

## JVC AMERICA'S COUNTERCLAIMS

Defendant JVC America brings this action against Papst for a declaration that JVC America's products do not infringe U.S. Patents No. 6,895,449 ("the '449 patent") and 6,470,399 ("the '399 patent") purportedly owned by Papst Licensing, and a declaration that those two patents are invalid or unenforceable.

## Parties

1. Defendant JVC America is a division of JVC Americas Corp., a Delaware Corporation with its principal place of business located at 1700 Valley Road, Wayne, NJ 07470.

2. JVC America manufactures and sells a wide range of consumer electronics products, including digital camcorders.

3. Upon information and belief, Papst is a company existing under the laws of The Federal Republic of Germany with its principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

4. Upon information and belief, Papst does not manufacture or sell any consumer products. Its sole business is to acquire and attempt to license or enforce intellectual property rights.

**Patents-in-Suit**

5.      Papst has held itself out to be the owner of United States Patent No. 6,470,399 B1 ("the '399 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless of the Type of the I/O Device," which issued on October 22, 2002.

6.      Papst has also held itself out to be the owner of United States Patent No. 6,895,449 B2 ("the '449 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless the Type of the I/O Device," which issued on May 17, 2005.

7.      Papst has prosecuted continuations and divisional applications of the '399 and the '449 patents, including pending application No. 11/078,778.

**Jurisdiction and Venue**

8.      This action arises under the Declaratory Judgment Act and the patent laws of the United States.  See 28 U.S.C. §§ 2201 and 2202; Title 35 U.S.C. §§ 100 *et seq*.

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

10.     Venue in this judicial district is proper under at least 28 U.S.C. § 1391(c) and (d).

11.     This court has personal jurisdiction over Papst by virtue of Papst's filing of its Counterclaims against JVC America in this matter.

12.     An actual and justiciable controversy exists between MEI and JVC, on the one hand, and Papst, on the other hand, concerning Papst's claims of infringement of the '399 and the '449 patents and concerning whether those patents are valid.

## Count I
### (Declaratory Judgment of non-infringement, invalidity, and unenforceability of the '399 patent)

13.     JVC America realleges and incorporates by reference its allegations in paragraphs 1 through 12 above as if fully set forth herein.

14.     JVC America has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '399 patent, nor is JVC America, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '399 patent.

15.     The '399 patent is invalid or unenforceable for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

16.     An actual and justiciable controversy exists between JVC America, on the one hand, and Papst, on the other hand, regarding the alleged infringement and validity of the '399 patent by virtue of the allegations made by Papst that JVC America and/or its customers are or have been infringing the '399 patent.

17.     This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling JVC America to an award of their attorneys' fees.

## Count II
### (Declaratory Judgment of non-infringement, invalidity, and unenforceability of the '449 patent)

18.     JVC America realleges and incorporates by reference its allegations in paragraphs 1 through 17 above as if fully set forth herein.

19.     JVC America has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '449 patent, nor is JVC America, either literally

or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '449 patent.

20. The '449 patent is invalid or unenforceable for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq*., including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

21. An actual and justiciable controversy exists between JVC America, on the one hand, and Papst, on the other, regarding the alleged infringement and validity of the '449 patent by virtue of the allegations made by Papst that JVC America and/or its customers are or have been infringing the '399 patent.

22. This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling JVC America to an award of their attorneys' fees.

23. JVC America expressly reserves the right to amend these Counterclaims to add declaratory judgment counts with respect to any continuation or divisional applications relating to the patents-in-suit that may issue after the date these Counterclaims are filed.

## **Prayer for Relief**

WHEREFORE, JVC America prays this Court for the following relief:

A. A declaration that JVC America has not infringed, and is not infringing, the '399 or '449 patents;

B. A declaration that JVC America has not infringed, and is not infringing, any of the claims of any continuation or divisional application relating to the patents-in-suit that may hereafter issue;

C. A declaration that each of the claims of the '399 and '449 patents is invalid or unenforceable;

7

D. An injunction prohibiting Papst from alleging infringement of the '399 and '449 patents or of any continuation or divisional application relating to the '399 or '449 patents by JVC America and its customers;

E. An award of damages that JVC America has sustained;

F. A declaration that this case is exceptional under 35 U.S.C. § 285, and JVC America should be awarded its reasonable attorney fees and costs incurred in connection with this action; and

G. Such other further relief as the Court deems just and proper.

### Jury Demand

Defendant JVC America demands a jury trial on all issues so triable.

Dated: May 15, 2008
HOGAN & HARTSON LLP

/s/ Rachel M. Capoccia
Richard de Bodo (Ca. Bar No. 128199)
Rachel M. Capoccia (Ca. Bar No. 187160)
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4694
Telecopier: (310) 785-4601
E-Mail: rdebodo@hhlaw.com
          rmcapoccia@hhlaw.com

ATTORNEYS FOR COUNTERCLAIM
DEFENDANT JVC COMPANY OF AMERICA.

**CERTIFICATE OF SERVICE**

      I, Rachel M. Capoccia, hereby certify that on this 15th day of May, 2008, a true and correct copy of the foregoing document was served on all counsel of record by filing it through the United States District Court for the District of Columbia Electronic Case Filing System.

                                              /s/ Rachel M. Capoccia
                                      ATTORNEY FOR COUNTERCLAIM
                                      DEFENDANT JVC COMPANY OF AMERICA.