UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE PAPST LICENSING GMBH & CO.
KG LITIGATION

Misc. Action No. 07-493 (RMC)
MDL Docket No. 1880

This Document Relates To:
Casio v. Papst, Case No. 06-1751

### PAPST'S MOTION FOR CLARIFICATION
### CONCERNING THE SCOPE OF WAIVER

### INTRODUCTION

On May 6, 2008, this Court affirmed Magistrate Judge Robinson's May 31, 2007 Order imposing discovery sanctions upon Papst, and ordered Papst to "respond to Casio USA's initial discovery requests without objection based on attorney client privilege, consulting expert privilege, or attorney work product." (Dkt. No. 82 pp. 8-9.) Papst, however, seeks clarification of this Court's May 6th Order to ensure that it fully complies with the Order when producing materials protected by attorney-client privilege, consulting expert privilege, or materials that constitute attorney work product (hereafter "Privileged Materials"). The issues on which Papst seeks further clarification include:

1. Whether the Privileged Materials that Papst must produce may be limited to materials that relate solely to Casio's products;

2. Whether the Privileged Materials that Papst must produce may be limited to those materials that existed as of May 31, 2007, when the initial order allowing sanctions was issued; and

3. Whether the Privileged Materials that Papst must produce may be disclosed only to Casio and not to the other parties to this MDL proceeding.

Papst respectfully requests that its production of Privileged Materials be limited in the manner set forth above. Otherwise, Papst fears that its ability to defend the claims against it and pursue its claims against the other parties to this MDL will be seriously compromised if not completely destroyed.

Pursuant to Local Rule 7(m), a meet and confer took place by telephone on May 16, 2008 between counsel for Papst, James P. White, and counsel for Casio, J. Kevin Fee. Casio did not agree to the relief sought in this motion.

## BACKGROUND FACTS

By way of background, since the Magistrate Judge issued her Order on May 31, 2007, Papst has done the following in an effort to comply with Casio's discovery requests and the Court's Order:

- On June 11, 2007, Papst served Casio with Papst's First Supplement  Answers to Casio's First Set of Interrogatories (Nos. 1-6) containing, among other things, a detailed description of Papst's claim interpretation as to each claim of the patents in suit, a listing of prior art, and secondary considerations of non-obviousness;

- On June 22, 2007, Papst served Casio with over 10,000 pages of documents in response to Casio's discovery requests;

- On June 25, 2007, Papst served Casio with over 12,000 additional pages of documents in response to Casio's discovery requests;

- On June 28, 2007, Papst sent Casio a check for $34,039.29 (the full amount requested by Casio) as payment for the discovery sanction ordered by Magistrate Judge Robinson on May 31, 2007 (*see* Ex. A attached);

- On May 9, 2008, Papst served Casio with approximately 50,000 additional pages of documents, so that Papst has presently produced over 72,000 pages of documents in response to Casio's document requests; and

- On May 9, 2008, Papst served on all defendants its second supplemental answers to Casio's interrogatory nos. 1, 3, 4 and 6, which responses totaled over 80 pages. Thereafter, on May 14, 2008, Papst served on all defendants its supplemental answer to Casio's interrogatory no. 5.

## ARGUMENT

The Casio discovery to which Papst has been ordered to respond arguably calls for the production of every document acquired or generated by counsel for Papst that has anything to do with this case. For example, Casio's Document Request No. 2 seeks "every paper or report . . . relating to . . . any subject matter described or claimed in Papst's patents and applications;" Casio's Document Request No. 5 seeks "every document . . . which . . . concerns the potential infringement, patentability, validity and/or enforceability of one or more claims of Papst's patents and applications;" and Casio's Document Request No. 12 asks for "every document . . . relating to . . . any allegations made by . . . defendant that anyone has infringed one or more claims of any Papst patent and/or application."  (*See* Exhibit B, attached.)

Moreover, due to Papst's continuing obligation under Fed.R.Civ.P. 26(e) to supplement its discovery responses, Casio's document requests are broad enough to encompass every piece of paper acquired or generated by counsel for Papst throughout the course of this litigation, even down to notes taken by counsel during depositions and all of counsel's trial preparation materials.  Papst respectfully seeks clarification of the May 6th Order, so that this Court's intent to punish Papst for what the Court believed was bad faith on the part of Papst can be balanced

against the potential for denying Papst effective assistance of counsel.  As recently noted by the Federal Circuit in *In re Seagate Technology, LLC*, the attorney-client privilege "recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client."  497 F.3d 1360, 1372 (Fed. Cir. 2007) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)).  Concerning attorney work product protection, the Federal Circuit went on to state that "[p]rotecting lawyers from broad subject matter of work product disclosure 'strengthens the adversary process, and . . . may ultimately and ideally further the search for the truth."  *Id*. at 1375 (quoting *In re Martin Marietta Corp*., 856 F.2d 619, 626 (4th Cir. 1988)).  Papst respectfully submits that these important public policies should not be overshadowed by a sanction for conduct that occurred early in the case and has since been remedied.

### *Privileged Materials That Relate Solely To Casio's Products*

The sanction imposed upon Papst, as approved by this Court's May 6th Order, was issued in connection with Casio's discovery requests served upon Papst before this matter became an MDL proceeding (Docket No. 43), and the initial Order allowing sanctions related to conduct that was directed toward a single defendant in this MDL proceeding—Casio.  Consequently, Papst requests that its production of Privileged Material be limited to materials that specifically relate to Casio's products.  In this manner, Papst will suffer the consequences of its alleged bad faith, and Casio will obtain the benefits of the sanction, without completely eviscerating Papst's ability to defend itself and pursue its claims in this lawsuit.

### *Privileged Materials That Existed As Of May 31, 2007*

The Magistrate Judge's May 31, 2007 Order allowing sanctions relates to Papst's conduct that took place prior to May 31, 2007, before this proceeding was made part of an MDL.

Moreover, this Court's May 6th Order specifically stated that Papst was to "respond to Casio USA's *initial discovery requests* without objection . . .." (Dkt. No. 82 pp. 8-9, emphasis added.) Accordingly, Papst asks that it only be required to produce those Privileged Materials in response to Casio's "initial discovery requests" that existed as of May 31, 2007, when the Magistrate Judge issued her order imposing sanctions on Papst, and that Papst not be required to provide supplemental discovery responses based on privileged and work product material that has come into existence since June of 2007.

If Papst is required to turn over every document that is subject to attorney-client privilege, consulting expert privilege, and attorney work product protection throughout the entire proceedings of this case, this would effectively deny Papst of the benefit of counsel, and would seriously impede counsel's ability to represent Papst and communicate openly with Papst in order to prepare for trial. As the Supreme Court recognized in *Hickman v. Taylor*, if attorney work product were open to opposing counsel "on mere demand, much of what is now put down in writing would remain unwritten . . .. Inefficiency, unfairness, and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served." 329 U.S. 495, 511-514. *See also In Re Regents of the University of California*, 101 F.3d 1386, 1387 (Fed. Cir. 1996) (recognizing that "maintenance of the attorney-client privilege up to its proper limits has substantial importance to the administration of justice . . .."). Papst submits that the need to punish Papst for its alleged bad faith should, at some point, give way to the need for Papst to retain its privileges and work product materials as it conducts discovery and prepares for trial, and that Papst should not be required to turn over Privileged Materials that came into being after May 31, 2007. *See Ronald*

*Katz Technology Licensing, L.P. v. AT&T Corp.*, 191 F.R.D. 433, 441 (E.D. Pa. 2000) (even though party waived attorney-client privilege by disclosing documents to third party, the waiver was "not absolute" and had a "temporal limitation").

Forcing Papst to turn over all documents subject to attorney-client privilege or work product documents after May 31, 2007 would also have the potential to improperly focus discovery efforts on issues that have nothing to do with the merits of the underlying claims. One could easily envision written discovery or even depositions getting caught up in what counsel for Papst thought or said or did rather than the central issues of patent validity and infringement, with the discovery process becoming a tool for harassment rather than ascertaining the truth. By limiting the disclosure of Privileged Materials as requested herein, this could avoid the potential waste of time and resources of the parties as well as this Court.

### *Privileged Material Should Not Be Produced To Other MDL Parties Besides Casio*

Finally, Papst respectfully submits that any Privileged Materials that are produced by Papst not be produced to any parties to this MDL besides Casio. As explained above, the sanction was imposed upon Papst based on its conduct toward Casio alone, so Casio alone should obtain the benefit of the sanction. To grant the other parties to this MDL proceeding access to Papst's highly sensitive Privileged Materials would be a windfall to the other parties at the expense of Papst, resulting in unfair prejudice to Papst.

### <u>CONCLUSION</u>

Since the Magistrate Judge issued her ruling nearly a year ago, Papst has made a good-faith effort to produce responsive documents to Casio's document requests (nearly 73,000 pages have been produced thus far) and to respond to Casio's interrogatories. Papst also promptly paid to Casio the full amount sought by Casio as a monetary sanction imposed by the Magistrate

Judge.  For the reasons stated herein, Papst respectfully request this Court to clarify its ruling of May 6, 2008 as set forth in the Proposed Order submitted herewith, in order to accomplish the Court's goal of reprimanding Papst without depriving Papst the effective assistance of counsel for the remainder of this litigation.

Dated:  May 16, 2008

/s/ Joseph E. Cwik

James P. White
Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza ● 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

Robert F. Muse (Bar No. 166868)
Jacob A. Stein (Bar No. 052233)
Joshua A. Levy (Bar No. 475108
STEIN MITCHELL & MEZINES, LLP
1100 Connecticut Ave, NW
Washington, D.C. 20036
(202) 737-7777

***Attorneys for Papst Licensing GmbH & Co. KG***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE PAPST LICENSING GMBH & CO. KG LITIGATION** <br><br> ———————————————— <br><br> **This Document Relates To:** <br> **Casio v. Papst, Case No. 06-1751** | **Misc. Action No. 07-493 (RMC)** <br> **MDL Docket No.  1880** |

## [PROPOSED] ORDER

This matter came before the Court, with the Honorable Rosemary M. Collyer presiding, on the motion of Papst Licensing Gmbh & Co. for clarification concerning the scope of waiver. Having considered the issues presented, the Motion is hereby granted, and

IT IS HEREBY ORDERED that

1. Any materials protected by attorney-client privilege, consulting expert privilege, or materials that constitute attorney work product (hereafter "Privileged Materials") that Papst produces in response to Casio USA's initial discovery requests shall be limited to materials that relate solely to Casio's products;

2. The Privileged Materials that Papst produces in response to Casio USA's initial discovery requests shall be limited to those materials that existed as of May 31, 2007; and

3. The Privileged Materials that Papst produces in response to Casio USA's initial discovery requests shall be disclosed only to Casio USA and not to other parties to this MDL proceeding.

Dated: _____, 2008    _____
Rosemary M. Collyer
United States District Judge

# WELSH & KATZ, LTD.

*Attorneys at Law*

120 SOUTH RIVERSIDE PLAZA -- 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

WWW.WELSHKATZ.COM

A. SIDNEY KATZ*
RICHARD L. WOOD*
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
DANIEL R. CHERRY
ROBERT B. BREISBLATT
JAMES P. WHITE
R. MARK HALLIGAN
HARTWELL P. MORSE, III
EDWARD P. GAMSON, PH.D.
KATHLEEN A. RHEINTGEN
THOMAS W. TOLPIN*
RICHARD W. MCLAREN, JR.
ELLIOTT C. BANKENDORF
ERIC D. COHEN
JOHN L. AMBROGI
JULIE A. KATZ
JON P. CHRISTENSEN
WALTER J. KAWULA, JR.
LEONARD FRIEDMAN
STEVEN E. FELDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, PH. D.
JOSEPH E. CWIK
J. ARON CARNAHAN
ERIK FLOM, PH.D.
JAMES B. RADEN

RICHARD J. GURAK
DANIEL M. GURFINKEL
MICHELE S. KATZ*
NATALIE A. REMIEN
BRIAN J. SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, PH.D.
SHERRY L. ROLLO
CRAIG M. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY

OF COUNSEL
LAURIE A. HAYNIE
JAMES J. MYRICK
THOMAS R. VIGIL
PHILIP D. SEGREST, JR.**
WALLACE L. OLIVER, PH.D.
LAURA A. LABEOTS, PH.D.

DONALD L. WELSH (1925-1998)

*ALSO ADMITTED IN DISTRICT OF
COLUMBIA
**ALSO ADMITTED IN ALABAMA

June 28, 2007

**Via FedEx**
Jeffrey M. Gold, Esq.
Morgan, Lewis & Bockius L.L.P.
101 Park Avenue
New York, NY  10178

> Re:    Casio's Infringement of Papst Licensing's Patents
>        Our File No. 0757-96896

Dear Jeff:

    We are sending you herewith a check in the amount of $34,039.29 which is the total amount of fees and costs set forth in your email to me dated June 7, 2007.  We reserve the right to seek refund of this amount, for example, depending upon the outcome of our objections to your motion.

Best regards,

**WELSH & KATZ, LTD.**

By:    *Jerold B Schnayer*

Jerold B. Schnayer

JBS:cs
Enclosure
cc:    Papst Licensing GmbH & Co. KG



**VENDOR:** MORGAN, LEWIS & BOCKIUS, LLP

WELSH & KATZ, LTD.

| DATE | INVOICE | VOUCHER | DESCRIPTION | NET |
|------|---------|---------|-------------|-----|
| 06-27-2007 | 062707 | 194189 | Casio v Pagot Licensing | 34,039.29 |

CHECK DATE: 06-27-2007    CHECK NO. 105791

REF #

TOTAL  $34,039.29

---

THIS DOCUMENT HAS A COLORED BACKGROUND, AN ULTRAVIOLET INK FEATURE AND A WATERMARK - HOLD UP TO A LIGHT TO VIEW.

WELSH & KATZ, LTD.
120 SOUTH RIVERSIDE PLAZA, 22ND FLOOR
CHICAGO, IL 60606
(312) 655-1500

THE NORTHERN TRUST COMPANY
Chicago, Illinois
Payable Through
Northern Trust Bank / DuPage
Oakbrook Terrace, IL

105791

| DATE | AMOUNT |
|------|--------|
| 06-27-2007 | $34,039.29 |

***THIRTY-FOUR THOUSAND THIRTY-NINE AND 29/100 DOLLARS***

PAY
TO THE
ORDER OF:

MORGAN, LEWIS & BOCKIUS, LLP
101 PARK AVE.
NEW YORK, NY 10178

WELSH & KATZ, LTD.

J. Kevin Fee
**Morgan, Lewis & Bockius LLP**
(A Pennsylvania Limited Liability Company)
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000

Scott D. Stimpson, Esq. (*pro hac vice*)
Jeffrey M. Gold, Esq. (*pro hac vice*)
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 1018-0060

Attorneys for Plaintiff
Casio Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **CASIO INC.,**<br><br>**Plaintiff**<br><br>v.<br><br>**PAPST LICENSING GMBH & CO. KG**<br><br>**Defendant.** | **Case No. 1:06-CV-01751**<br><br>**CASIO INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO PAPST LICENSING GMBH & CO. KG** |

## PLAINTIFF CASIO INC.'S FIRST SET OF REQUESTS
## FOR THE PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-21)

Pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedure,

Plaintiff Casio Inc. ("Casio"), requests that Defendant, Papst Licensing GMBH & Co. KG

("Papst"), produce for inspection and copying at the offices of Morgan, Lewis & Bockius LLP,



1111 Pennsylvania Avenue, NW, Washington, D.C. 20004, the documents and things in Papst's possession, custody or control designated in the following requests within thirty (30) days after service hereof.

## INSTRUCTIONS

A.    Documents shall be produced in the form in which the documents have been kept in the usual course of business, including any folders or other file materials in or with which the documents have been maintained.

B.    A schedule of documents withheld from production by reason of any privilege or other immunity from discovery shall accompany the production. For each withheld document, the schedule shall specify:

1)    the type of document;

2)    the basis for the privilege or other immunity asserted;

3)    the name, title or job description, if any, and address of the author;

4)    addressee and each recipient of a copy of the document;

5)    the date of the document;

6)    the organization, if any, with which the author, addressee, and each recipient of a copy of the document were then connected;

7)    the general subject matter of the document; and

8)    the location of the files where the original and each copy are kept.

Each withheld document shall be given an index number for simplification of identification. The schedule shall be sufficiently detailed to permit Casio to determine whether to take further steps to require its production.

C.    The following requests shall be deemed to be continuing so that with respect to any request herein, or part thereof, as to which defendant, after responding, discovers additional information and/or documents responsive thereto, Casio requests that defendant provide such

information and/or documents to Casio within thirty (30) days after acquiring knowledge of their existence or advise Casio in writing as to why such additional information and/or documents cannot be provided within the specified period.

     D.    If defendant contends that any of the following requests is objectionable in whole or in part, defendant shall state with particularity each objection, the basis for it and the categories of information and documents and things to which the objection applied, and defendant shall respond to the request insofar as it is not deemed objectionable.

## DEFINITIONS

     A.    As used herein, the term "defendant" or "Papst" refers to the named defendant in this action, and includes any parents, predecessor companies, subsidiaries, divisions and/or associated organizations, and present and former officers, directors, trustees, employees, staff members, agents, and/or representatives, including counsel.

     B.    As used herein, the term "document" includes any tangible thing from or on which information can be stored, recorded, processed, transmitted, inscribed or memorialized in any way by any means regardless of form. Any such document bearing on any sheet (front or back), margin, attachment or enclosure thereof, any marks, such as, without limitation, initials, stamped initials, comments, or notations of any character, which are not part of the original text or reproduction thereof, is to be considered and produced as a separate document.

     C.    The term "'449 patent" refers to U.S. Patent No. 6,895,449.

     D.    The term "'399 patent" refers to U.S. Patent No. 6,470,339.

     E.    "Patents-in-suit" shall refer to the '449 and '399 patents collectively.

     F.    The term "Patent Office" means and refers to the United States Patent and Trademark Office.

G.    The phrase "Papst's patents and applications" means and refers to patent applications (including abandoned, prospective, and pending applications) and patents, foreign and domestic (expressly including but not limited to, the '449 and '399 patents and all foreign counterpart patents and applications) related in any way to data communication devices or digital camera technology.

4

## REQUESTED DOCUMENTS

### DOCUMENT REQUEST NO. 1:

With regard to Papst's patents and applications related to data communication devices or digital camera technology.

a)  Each and every patent and application, and copies of their prosecution histories;

b)  Each and every document and thing provided to the prosecuting attorney(s) or agent(s), including but not limited to, all draft applications, comments, prior art and/or notes;

c)  Each and every document and thing which was furnished to a U.S. Patent Examiner or analogous foreign authority in connection with the prosecution;

d)  Each and every document and thing relating to, referring to, describing, evidencing or constituting any interviews with a U.S. Patent Examiner or analogous foreign authority;

e)  Each and every document and thing relating to, referring to, describing, evidencing or constituting any request, written or oral, to provide evidence, information, or an affidavit or declaration in connection with the prosecution;

f)  Each and every document and thing relating to, referring to, describing, evidencing or constituting the ownership of, or assignment or other transfer of, any right, title, or interest in such application or patent; and

g)  Each and every document and thing relating to, referring to, describing, evidencing or constituting any consideration of who should be named as inventor(s).

5

**DOCUMENT REQUEST NO. 2:**

Each and every paper or report (whether accepted for publication or not, and including any drafts or preprints) relating to, referring to, describing, evidencing or constituting any subject matter described or claimed in Papst's patents and applications.

**DOCUMENT REQUEST NO. 3:**

All documents related to the alleged conception and reduction to practice of the subject matter described and/or claimed in Papst's patents and applications, including but not limited to:

a)    Each and every document and thing containing any information relating to, referring to, describing, evidencing or constituting invention disclosures and the first written description thereof;

b)    Each and every document and thing relating to, referring to, describing, evidencing or constituting the conception and/or actual reduction to practice thereof;

c)    Each and every document and thing relating to, referring to, describing, evidencing or constituting any corroboration of the conception and/or actual reduction to practice thereof; and

d)    Each and every notebook and other record of the work, research, results, speculations, or conclusions relating to, referring to, describing, evidencing or constituting any subject matter claimed or disclosed in each of Papst's patents and applications.

**DOCUMENT REQUEST NO. 4:**

Each and every document and thing relating to, referring to, describing, or evidencing the strength, coverage, legal significance, or business significance of each Papst patent and application.

**DOCUMENT REQUEST NO. 5:**

Each and every document and thing which addresses, analyzes, assesses or otherwise concerns the potential infringement, patentability, validity and/or enforceability of one or more claims of Papst's patents and applications.

**DOCUMENT REQUEST NO. 6:**

Each and every document and thing relating to, referring to, describing, evidencing or constituting any consideration, negotiation or execution of any license, covenant not to sue, or other agreement relating to, referring to, describing, evidencing or constituting any subject matter claimed or disclosed in each of Papst's patents and applications.

**DOCUMENT REQUEST NO. 7:**

Each and every document and thing relating to, referring to, describing, evidencing or constituting any communication with third parties regarding any subject matter claimed or disclosed in each of Papst's patents and applications.

**DOCUMENT REQUEST NO. 8:**

Any and all models and prototypes of the subject matter disclosed or claimed in one or more of Papst's patents and applications.

**DOCUMENT REQUEST NO. 9:**

Each and every document and thing relating to, referring to, describing, evidencing or constituting one or more of the Casio products accused of infringement.

**DOCUMENT REQUEST NO. 10:**

Each and every document and thing relating to, referring to, describing, evidencing or constituting any testing, experimentation, research, or development conducted or being conducted relating to the subject matter of one or more of Papst's patents and applications.

7

**DOCUMENT REQUEST NO. 11:**

All prior art to the '449 or '399 patents of which defendant is aware, including but not limited to any art that describes or otherwise discloses, individually or in combination with other items of prior art, data communication devices or digital camera technology and any prior art identified by third parties.

**DOCUMENT REQUEST NO. 12:**

Each and every document and thing relating to, referring to, describing, evidencing or constituting any allegations made by or on behalf of defendant that anyone has infringed one or more claims of any Papst patent and/or application.

**DOCUMENT REQUEST NO. 13:**

All documents and things that discuss, comment upon, refer to or otherwise relate to the '399 patent and/or the '449 patent or any foreign counterpart.

**DOCUMENT REQUEST NO. 14:**

Documents sufficient to demonstrate whether defendant has complied with the marking or notice provision under 35 U.S.C. § 287.

**DOCUMENT REQUEST NO. 15:**

Each and every document and thing supporting or contradicting any Papst allegation or argument in this case, including, but not limited to, all documents and things supporting or contradicting allegations and arguments relating to the alleged infringement and willfulness, and any allegations and arguments related to secondary considerations of non-obviousness and conception/reduction to practice dates.

**DOCUMENT REQUEST NO. 16:**

Documents sufficient to describe any and all (past, present, or possible future) Papst document retention policies.

8

**DOCUMENT REQUEST NO. 17:**

Documents which state or describe the business purpose and corporate structure of Papst including, but not limited to the limited and general partners, the number of people employed and the ownership structure.

**DOCUMENT REQUEST NO. 18:**

All documents and things concerning or relating to other cases filed by defendant relating to the '399 or '449 patents, including but not limited to all deposition transcripts, pleading and other documents exchanged by or between the parties.

**DOCUMENT REQUEST NO. 19:**

Each and every document and thing identified in, responsive to, used in responding to, or relating in any way to Plaintiff's First Set of Interrogatories.

**DOCUMENT REQUEST NO. 20:**

All documents defendant intends to rely upon or use at trial in this case.

**DOCUMENT REQUEST NO. 21:**

All documents and things supporting or refuting any alleged secondary considerations.

Respectfully submitted,

DATED:  March 2, 2007

J. Kevin Fee
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000

Scott D. Stimpson, Esq. (*pro hac vice*)
Jeffrey M. Gold, Esq. (*pro hac vice*)
Morgan Lewis & Bockius LLP

101 Park Avenue
New York, New York 1018-0060

Attorneys for Plaintiff
Casio Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2007, I caused a true and correct copy of the attached

document to be served on the following as described below:

**By Hand Delivery**
Campbell Killefer
Venable LLP
575 7th Street, N.W.
Washington, DC 20004

**By First-Class Mail**

Jerold B. Schnayer
Joseph E. Cwik
Welsh & Katz, Ltd.
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606

J. Kevin Fee