UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. KG LITIGATION <br><br> _____ <br><br> **This Document Relates To:** <br><br> Casio, No. 06-cv-1751 | Misc. Action No. 07-493 (RMC) <br> MDL Docket No. 1880 |

**CASIO'S OPPOSITION TO PAPST'S MOTION FOR CLARIFICATION CONCERNING THE SCOPE OF WAIVER**

The Court Orders that Papst provide "complete" responses to the Casio discovery requests, and that Papst has waived all privilege and work product protections, need no clarification. They are perfectly clear that Papst must provide responses to the full scope of the Casio discovery requests, and that Papst may not make any privilege or work product objections. Papst's motion is, in reality, a motion for reconsideration and so should face the high requirements of such a motion.

In all the briefing and arguments that have been had on these issues, Papst never requested the carve-outs it does now, and should be precluded from raising these new issues at this very late date. Indeed, it has only raised one of its three issues before (the issue of whether it would need to produce documents to the other manufacturers), and in that instance argued a different position to Judge Collyer, that "a decision in the Casio lawsuit requiring Papst to produce, for example, otherwise privileged documents in that case <u>would likely have the prejudicial consequence of compelling Papst to produce the same documents in the other five MDL cases</u>." Dkt. #4 at 7 (emphasis added).

1

None of Papst's newly-minted carve-out requests are remotely consistent with the Orders of this Court, and none are supported in the case law.

## I.     PAPST SEEKS RECONSIDERATION

The Papst motion is, in reality, a request for reconsideration.  Motions for reconsideration are only granted when the moving party presents new facts or a clear error of law which compel a change in the Court's ruling.  See Judge Kessler's 5/14/07 Scheduling Order, 1:06-cv-01751-RMC-DAR, Dkt #34, at ¶14, *citing New York v. United States*, 880 F. Supp. 37 (D.D.C. 1995).

Moreover, Papst should have made these new arguments seeking privilege waiver limitations in its previous briefings and in the Court hearings, but it never did so.  Papst's new arguments, therefore, should be precluded because a motion to reconsider is not "a vehicle for presenting theories or arguments that could have been advanced earlier."  *Jones v. Bernanke*, 538 F. Supp. 2d 53, 60 (D.D.C. 2008).

## II.    PAPST CONTINUES TO VIOLATE THE COURT'S ORDERS

In an apparent attempt to convince the Court that it has been a model citizen since the Order of Magistrate Judge Robinson, at pages 2-3 of its Memorandum, Papst points to a variety of things it has done in discovery over the past year.  But the reality is that the discovery responses that Papst identifies demonstrate its continuing violations of the Court's Orders.  In fact, Papst's continuing refusals to abide by Court Orders reached such a level now that Casio is filing a motion for default judgment and dismissal.

For example, despite repeated Court Orders, Papst's recent supplemental response to Casio's Interrogatory No. 1 still lacks claim interpretations.  The "interpretation" headings each term had in the prior Papst response now have been eliminated entirely, and there are no definitions provided anywhere in the response.  Instead, Papst does the same thing it did in

response to Magistrate Judge Robinson's Order – stating an example or two of what Papst believes falls within the term at issue, but refusing to commit to any interpretations. Ex. A, s*ee, e.g.,* page 66 ("Input/output devices customary in a host device <u>include, for example</u> . . . ."; emphasis added, and confidential pages removed). Judge Collyer's April 24, 2008 Order for Papst's claim interpretations (Dkt. #77, paragraph 6(k) was the <u>third</u> Court Order that should have resulted in Papst providing claim interpretations, and is the third Court Order Papst has ignored.

As another example, Magistrate Judge Robinson ordered Papst to produce all its documents in response to the Casio document requests, without objections, within ten calendar days of her May 31, 2007 Order, which would have been on June 10, 2007. (1:06-cv-01751-RMC-DAR, Dkt. # 36, page 27). Papst objected to Magistrate Judge Robinson's Order, but only to the part of her Order that held Papst to have waived objections of relevance, confidentiality and privilege. Indeed, during the April 22, 2008 hearing, counsel for Papst represented to the Court and Casio that the only documents Papst was withholding fell into two categories: 1) privilege and work product; and 2) third party confidential documents. Ex. B, page 48-49. Despite these representations, Papst's recent document production includes many non-confidential documents such as prior art, information disclosure statements, documents surrounding the alleged invention, prototypes, and documents relating to Casio products. These documents should have been produced almost a year ago following Magistrate Judge Robinson's Order, but instead they were inexcusably withheld for the past eleven months. Moreover, Papst still has not completed its document production. Thus, even to this date, Papst continues to refuse to comply with Magistrate Judge Robinson's Order requiring the production, and Casio and the Court do not know what else Papst is continuing to withhold.

For these reasons, Papst's argument that the important public policies to protect privilege "should not be overshadowed by a sanction for conduct that occurred early in the case and has since been remedied" should be rejected. Even if the Papst misconduct stopped early in the case, the sanction would still be justified as there is also a public interest in punishing and deterring litigation abuse. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980) ("Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent"), citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639 (1976). And this Court has already held that the sanction at issue "is not too harsh a sanction" because Papst's conduct was "entirely unjustified and inexcusable and smacks of bad faith" (Dkt. #82, page 8).

### III.    PRIVILEGE WAIVER SHOULD NOT BE LIMITED TO CASIO PRODUCTS

Casio's discovery requests were not limited to inquiries on Casio's products only, and the Court has ordered complete responses to them all. As examples, Casio's Document Request 5 sought documents generally on the potential infringement of the patents (not limited to Casio), and Request 12 sought documents on all allegations of infringement made by Papst. Ex. C. It is, therefore, clear that a complete response to these document requests, as ordered by the Court, should include all materials relating to Papst's infringement contentions on any potential infringer, including Casio and others.

Papst's documents on other companies would be very relevant even if the products of the other companies were quite different, because Papst would be making representations about the scope of the patents themselves. In this case, however, they are extremely relevant because Papst sees virtually no differences in the cameras of the various manufacturers. Papst's latest

4

1-NY/2316946.1

discovery response, for example, draws no distinction between the cameras of any of the manufacturers – lumping them all together as if they were identical products in Papst's eyes. Ex. A at 4-63. Thus, Papst's documents and information relating to the other manufacturers are very relevant to the Casio infringement allegations. *See Conopco, Inc. v. Warner-Lambert Co.*, No. Civ. A. 99-101(KSH), 2000 WL 342872, at *6 (D.N.J. Jan. 26, 2000) ("[D]ocuments relating to the patentee's licensing efforts were relevant to infringement as possibly containing admissions against interest as to the patentee's interpretation of the claims"), *citing Components, Inc. v. Western Elec. Co.*, 52 F.R.D. 379 (D.Me. 1971); *see also Schenectady Chemicals, Inc. v. General Electric Co.*, 185 U.S.P.Q. 276, 277 (N.D.N.Y. 1975) (holding that licensing negotiations with other companies are relevant and thus discoverable in assessing the limits of the patent claims).

Therefore, Papst should produce all materials relating to Papst's infringement contentions on any potential infringer.

## IV. THERE SHOULD NOT BE A TIME LIMIT TO PRIVILEGE WAIVER

Papst's request that privilege waiver be limited to materials that existed as of May 31, 2007 should be denied because "[o]nce a waiver has occurred, 'it is inappropriate to limit waiver on a temporal basis.'" *Bd. of Trs. of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 237 F.R.D. 618, 627 (N.D. Cal. 2006), quoting *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 765 F. Supp. 611, 613-14 (N.D. Cal. 1991). This is because privilege waiver is a subject waiver, and the waiver should extend to materials relating to the same subject <u>regardless</u> of the time the waiver occurred. *See, e.g., Leland Stanford,* 237 F.R.D. at 628 (holding that the temporal scope of the privilege waiver on the subject matter of inventorship extends from initial contact between inventors and attorney until later documents and communications that directly

cover the issue of inventorship, even though they might post-date the issuance of the patents); *see also Starsight Telecast, Inc. v. Gemstar Development Corp.,* 158 F.R.D. 650, 655 n.5 (N.D. Cal. 1994) (holding that a waiver of attorney-client privilege can extend to documents and communications that post-date the issuance of a patent because they fall within the scope of subject matter waiver).

Papst's "temporal limitation" proposal is also completely arbitrary, and attempts to circumvent the fact that it has a continuing duty to respond to discovery requests. See Fed. R. Civ. P. 26(e)(1) ("[a] party who … has responded to an interrogatory, request for production, or request for admission--should supplement or correct its disclosure or response"). The privileged materials Papst was ordered to produce may include, for example, highly relevant information relating to Papst's infringement positions on the patents-in-suit – an issue that should evolve throughout the case. Setting a temporal limitation on the disclosure of privileged materials would allow Papst to avoid its discovery duties and shield damaging materials created after the proposed date – thereby imposing upon Casio a prejudice not permitted under the principle of fairness. *See Smith v. Alyeska Pipeline Service Co.*, 538 F. Supp. 977, 979 (D. Del. 1982), *judgment aff'd*, 758 F.2d 668 (Fed. Cir. 1984) ("It would be unfair to allow a client to assert the attorney-client privilege and prevent disclosure of damaging communications while allowing the client to disclose other selected communications solely for self-serving purposes").

The *Ronald Katz Tech. Licensing* case cited by Papst does not support Papst's argument. In fact, the reason for the *Ronald Katz* Court to impose temporal limitation is because waiver was related to conception dates and "the issue of the conception date of an invention … is constrained to the time period prior to the filing of the application." *Ronald Katz Technology Licensing, L.P. v. AT&T Corp.*, 191 F.R.D. 433, 441 (E.D. Pa. 2000). Because Papst was

ordered to waive privilege on subject matters which evolve through out the case, the *Ronald Katz* Court's decision does not apply to Papst's case.[1]

Papst's argument based on the *Hickman* case should also be rejected. This is because although, as indicated by the *Hickman* case, the consequences of privilege waiver may be severe, these consequences are justified by Papst's continued failure to following the Court's orders. *See Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12-13 (1st Cir. 1991) (affirming waiver of privilege and dismissal based on plaintiff's failure to comply with discovery requests and court order); *see also Applied Sys., Inc. v. N. Ins. Co. of N.Y.*, No. 97-C-1565, 1997 WL 639235, at *2-3 (N.D. Ill. Oct 7, 1997) (affirming privilege waiver in view of plaintiff's "flagrant violation of its discovery responsibilities").

## V.     PRODUCTION TO OTHER MDL PARTIES

Papst blows hot and cold with regard to production of these documents to the other manufacturers. Papst already represented to the Court that waiver would likely result in production to the other manufacturers. See 1:07-mc-00493-RMC Dkt. #4 at 7 ("a decision in the Casio lawsuit requiring Papst to produce, for example, otherwise privileged documents in that case would likely have the prejudicial consequence of compelling Papst to produce the same documents in the other five MDL cases").

Papst's request that privileged materials should not be produced to other MDL parties should also be rejected because this type of "selective waiver" has been consistently rejected by the Court. *See Permian Corp. v. United States*, 665 F.2d 1214, 1221 (D.C. Cir. 1981) ("The client cannot be permitted to pick and chose among his opponents, waiving the privilege for some and resurrecting the claim of confidentiality to obstruct others, or to invoke the privilege as

---

[1] If a temporal limitation was appropriate (and it certainly is not), then May 31, 2007 would not be the right date. Even as of today, Papst has not complied with Magistrate Judge Robinson's Order. Casio is still waiting for the documents to be produced and Papst still has not properly responded to the interrogatories.

7

to communications whose confidentiality he has already comprised for his own benefit"); *see also Navajo Nation v. Peabody Holding Co., Inc.*, 209 F. Supp. 2d 269, 285 (D.D.C. 2002) ( "[A] consistent policy consideration that runs throughout the D.C. Circuit cases is the sense that parties should not be permitted to disclose documents for tactical purposes in one context, and then claim attorney-client privilege in another context").

The bottom line is that the privileges have been waived, and so Papst no longer has them, in this case or any other. *United States v. United Shoe Machinery Corp.*, 89 F. Supp. 357, 358-59 (D. Mass. 1950) ("The privilege applies only if … the privilege has been (a) claimed and (b) not waived by the client").

### III.  CONCLUSION

For all the foregoing reasons, we respectfully request that the Court deny the Papst Motion for Clarification, and rule that there should be no limitation on Papst's privilege waiver.

                                Respectfully submitted,

DATED:  May 22, 2008        /s/ J. Kevin Fee
                                J. Kevin Fee (D.C. Bar No. 494016)
                                Morgan, Lewis & Bockius, LLP
                                1111 Pennsylvania Avenue, NW
                                Washington, D.C. 20004
                                Tel.: (202) 739-3000
                                Fax: (202) 739-3001

                                Scott D. Stimpson (pro hac vice)
                                The Law Office of Scott D. Stimpson
                                Suite 1102
                                445 Hamilton Avenue
                                White Plains, New York 10601
                                Tel: (203) 258-8412

                                Attorneys for Plaintiff and Counter- Defendant Casio America Inc. and Counter-Defendant Casio Computer Co., Ltd.