**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE PAPST LICENSING GMBH & CO. KG LITIGATION** <br><br><br> **This Document Relates To:** <br> **HP v. Papst, No. 08-cv-865** | Misc. Action No. 07-493 (RMC) <br> MDL No. 1880 |

**HEWLETT-PACKARD COMPANY AND PAPST LICENSING GMBH & CO. KG'S
JOINT STATEMENT REGARDING MODIFICATIONS TO THE
<u>SECOND PRACTICE AND PROCEDURE ORDER</u>**

Hewlett-Packard Co. ("HP") and Papst Licensing GmbH & Co. KG ("Papst"), upon conferring, respectfully submit the following statement regarding proposed modifications to the Second Practice and Procedure Order.

**I.    <u>ADJUSTMENTS TO THE CASE SCHEDULE</u>**

On April 8, 2008, the Court issued a Second Practice and Procedure Order which set a schedule for the consolidated action. *See* Second Practice and Procedure Order (Dkt. No. 36). One month later, on May 8, 2008, the Court entered a Transfer Order from the Judicial Panel on Multidistrict Litigation which transferred HP's declaratory judgment action against Papst (*Hewlett Packard Co. v. Papst Licensing GmbH & Co. KG*, N.D. Cal. Case No. 5:08-1732) from the Northern District of California to this Court for consolidated pretrial proceedings. *See* Transfer Order (Dkt. No. 87). Papst has accepted service of HP's complaint.

Counsel for HP and Papst have since met and conferred regarding modifications to the Second Practice and Procedure Order schedule and other issues. HP and Papst came to agreement on all case deadlines except for the deadline regarding HP's invalidity contentions. HP's and Papst's proposed adjustments to the case schedule are summarized in the table below.

| Description | Current Date | Proposed New Date |
|---|---|---|
| Answers and Other Responses Due | April 14, 2008 | June 4, 2008 |
| Notice of Document Depository | April 21, 2008 | June 11, 2008 |
| Initial Disclosures | April 21, 2008 | June 11, 2008 |
| HP to respond to Papst's First Set of Document Requests and Interrogatories (unless superseded) | N/A | June 12, 2008 |
| Papst to respond to Defendant's First Set of Document Requests and Interrogatories re: HP | N/A | already complete |
| Claims and Infringement Contentions | May 28, 2008 | Same |
| Status Conference | June 5, 2008 2:00 p.m. EDT | Same |
| Invalidity Contentions | June 18, 2008 | *Papst's Proposed Date: same*  *HP's Proposed Date: July 18, 2008* |
| Initial Privilege Logs | June 25, 2008 | Same |
| Motions to join 3d parties or to amend | June 25, 2008 | Same |
| Papst's Markman Brief | July 9, 2008 | Same |
| Camera Mfrs.' Response | July 23, 2008 | Same |
| Papst's Reply | July 30, 2008 | Same |
| Camera Mfrs.'s Surreply | August 6, 2008 | Same |
| Markman Hearing | September 22-26, 29-30, October 1-3, 2008 | Same |
| Fact Discovery Re Liability Completed | December 19, 2008 | Same |
| Principal Experts | January 30, 2009 | Same |
| Rebuttal Experts | February 27, 2009 | Same |

### A. HP's Position Regarding the Deadline for HP's Invalidity Contentions

HP requests an additional month to prepare and serve its invalidity contentions. The case involving HP was filed less than two months ago and was transferred to this Court on May 8, 2008. Papst has not even answered the complaint yet, and does not propose to do so until June 4. Nonetheless, Papst seeks to require HP to serve complete invalidity contentions less than two weeks later. HP has asked for only a modest one month extension to this deadline.

HP does not seek to delay the overall case schedule by requesting additional time for its invalidity contentions. The Markman briefing, discovery cutoff, and expert report deadlines should remain the same. Indeed, the invalidity contention date as to HP is the only date HP seeks to modify that has not already passed. HP is merely requesting the same amount of time allowed to other defendants for preparation of their invalidity contentions.

Such contentions require substantial investigation and effort and HP believes that modification of the Court's scheduling order is thus needed. Moreover, while HP had a Rule 11 basis for asserting invalidity in its declaratory judgment complaint, that does not mean it had or was required to have complete invalidity contentions at that time. Invalidity contentions require much more extensive disclosures and investigation and HP was not required to complete all of this investigation before filing suit—for example, even a single prior art reference would be sufficient as a Rule 11 basis to assert invalidity in the complaint, while invalidity contentions require disclosure of all invalidity contentions then known.

In addition, Papst would have the opportunity to review HP's invalidity contentions before the Markman briefing is completed (and, of course, would have the opportunity to review the other defendants' contentions before submitting its opening Markman brief). Thus, in the unlikely event that HP's contentions implicate any different claim construction issues, Papst would have the opportunity to address these issues during the Markman schedule currently set.

Accordingly, HP respectfully requests that the Court modify its Second Practice and Procedure Order to change the deadline for HP's invalidity contentions to July 18, 2008.

### B.     Papst's Position Regarding the Deadline for HP's Invalidity Contentions

Papst requests that HP serve its invalidity contentions on June 18, 2008 in accordance with this Court's Second Practice and Procedure Order.  To allow HP to serve its invalidity contentions after Papst's opening *Markman* brief is due on July 9, 2008 would unfairly prejudice Papst in the *Markman* process because HP's invalidity contentions will fully inform Papst as to which of the many claim elements are at-issue between Papst and HP, and thus require specific briefing by Papst.   Furthermore, HP's invalidity contentions will inform Papst as to how broadly HP is interpreting the at-issue claim language by contending that certain prior art covers that claim language.

HP's request that Papst address all of HP's invalidity contentions only in a Markman reply brief is also unfair when it must be assumed that HP already knows what its invalidity contentions are.  On  March 31, 2008, HP filed its Complaint against Papst in the Northern District of California alleging, *inter alia,* that "The '399 patent is invalid for failure to meet at least one of the conditions of patentability specified in title 35 of the United State Code."  [N.D.Cal. 08-cv-1732, Doc.No. 1]   Papst assumes that HP has a Rule 11 basis for filing such a Complaint, and thus it is unfair for HP to withhold its known invalidity bases prior to the *Markman* process.  Furthermore, HP has known about Papst's patents for over two years given that Papst first provided HP with a written notice of infringement on March 14, 2006.  Thus, Papst respectfully requests that HP disclose its already known invalidity contentions in accordance with the Second Practice and Procedure Order.

Dated: May 22, 2008

Respectfully submitted,

By: */s/ Heather N. Mewes*
    Charlene M. Morrow, CA Bar. No. 136411
    Heather N. Mewes, CA Bar No. 203690
    FENWICK & WEST LLP
    555 California Street, 12th Floor
    San Francisco, CA  94104
    Telephone:   (415) 875-2300
    Facsimile:   (415) 281-1350

**Attorneys for Hewlett Packard Company**

By: */s/ Joseph E. Cwik*
    Joseph E. Cwik
    James P. White
    Jerold B. Schnayer
    Joseph E. Cwik
    WELSH & KATZ, LTD.
    120 South Riverside Plaza, 22nd Floor
    Chicago, Illinois 60606
    Telephone: (312) 655-1500

    Robert F. Muse (Bar No. 166868)
    Jacob A. Stein (Bar No. 052233)
    Joshua A. Levy (Bar No. 475108
    STEIN MITCHELL & MEZINES, LLP
    1100 Connecticut Ave, NW
    Washington, D.C. 20036
    Telephone: (202) 737-7777

**Attorneys for Papst Licensing GmbH & Co. KG**