UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. KG PATENT LITIGATION | Misc. Action No. 07-493 (RMC) <br><br> MDL Docket No. 1880 |
| This Document Relates To: ALL CASES | Hon. Rosemary M. Collyer |

### RESPONSE OF OTHER CAMERA MANUFACTURERS TO PAPST'S MOTION FOR CLARIFICATION

The Camera Manufacturers other than Casio in this MDL matter jointly submit this brief response to *Papst's Motion for Clarification Concerning the Scope of Waiver* filed on May 16, 2008 in the *Casio* litigation.

Papst filed its Motion seeking "clarification" of the Court's May 6, 2008 Order affirming the discovery sanctions imposed by Magistrate Judge Robinson on May 31, 2007. Papst seeks a "clarification" that its privileges are waived with respect to Casio, but not the rest of the world. Specifically, it asks this Court to determine that its waiver should be limited to privileged materials that "relate solely to Casio's products" and that Casio be the sole recipient of any production of privileged materials. Papst's sought-for "clarification" thus affects the rights of the other Camera Manufacturers.

With respect to Papst's request that its waiver be limited to privileged materials relating solely to Casio's products, the Camera Manufacturers join in

Casio's remarks in Section III of its Opposition filed on May 22, 2008 to Papst's Motion [Dkt. # 107].  As Casio explains, privileged documents relating solely to non-Casio products are clearly relevant to the claim construction issues in the case, and thereby Casio's own non-infringement case.  These documents relating to non-Casio products could contain admissions regarding the structures or methods that satisfy the claim limitations and are thus relevant to infringement and invalidity issues.  The Camera Manufacturers also note, however, that given that Papst draws no material distinction among the different Manufacturers' digital cameras, Papst's request is likely a veiled attempt to shield the vast majority of its formerly privileged documents, as surely the vast majority of its documents will not relate "solely to Casio's products," but rather relate as much to Casio's products as any other Manufacturers' products.

As to Papst's request that the privilege waiver be limited to Casio's eyes only, the other Camera Manufacturers do not believe extensive briefing is necessary on this point because it is essentially black-letter law that Papst's disclosure of privileged documents to Casio necessarily waives that privilege as to adversaries in other civil actions.  *Cobell v. Norton*, 213 F.R.D. 16, 24 (D.D.C. 2003) ("The case law in this Circuit is clear that confidentiality does not survive . . . disclosure to a third party . . . ."); *Navajo Nation v. Peabody Holding Co., Inc.*, 209 F.Supp.2d 269, 285 (D.D.C. 2002) ("[I]n the attorney-client context, [the D.C. Circuit] adheres to a strict rule on waiver of privileges.") (citation omitted); *see also In re Subpoena Duces Tecum*, 738 F.2d 1367 (D.C. Cir. 1984) (rejecting claims of attorney client privilege

and work product protection when documents had been disclosed previously); *Permian Corp. v. United States*, 665 F.2d 1214, 1221 (D.C. Cir. 1981) ("The client cannot be permitted to pick and choose among his opponents, waiving the privilege for some and resurrecting the claim of confidentiality to obstruct others"). Indeed, Papst already knows the law and acknowledged it when (in arguing against affirmance of the sanctions) Papst stated that "a decision in the Casio lawsuit requiring Papst to produce, for example, otherwise privileged documents in that case <u>would likely have the prejudicial consequences of compelling Papst to produce the same documents in the other five MDL cases</u>." *Joint Status Report* at 7 (Dec. 10, 2007) [MDL Dkt. #4] (emphasis added).

Because the law is clear that the waiver of privilege resulting from Papst's sanctionable conduct is not selective but instead applies to each of Papst's opponents, Papst's request for a contrary "clarification" must be rejected.

Dated: May 23, 2008                                  Respectfully submitted,

                                    /s/ Patrick J. Kelleher
                                    Patrick J. Kelleher
                                    DRINKER BIDDLE & REATH LLP
                                    191 N. Wacker Dr. # 3700
                                    Chicago, IL 60606
                                    312.569.1000
                                    *patrick.kelleher@dbr.com*
                                    *Counsel for Samsung Techwin Co., Ltd. and Samsung Opto-Electronics America, Inc.*

                                    /s/ Steven J. Routh
                                    Steven J. Routh
                                    HOGAN & HARTSON LLP
                                    555 13th Street, NW
                                    Washington, DC 20004-1109
                                    202.637.6472

*sjrouth@hhlaw.com*
*Counsel for Fujifilm Corporation and Fujifilm U.S.A., Inc.*

*/s/ Rachel M. Capoccia*
Rachel M. Capoccia
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
310.785.4694
*rdebodo@hhlaw.com*
*Counsel for Victor Company of Japan, Ltd., and JVC Co. of America*

*/s/ Richard de Bodo*
Richard de Bodo
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
310.785.4694
*rdebodo@hhlaw.com*
*Counsel for Matsushita Electric Industrial Co., Ltd., Olympus Corporation, and Olympus Imaging America, Inc.*

*/s/ Heather N. Mewes*
Heather N. Mewes
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
*HMewes@fenwick.com*
*Counsel for Hewlett Packard Co.*

*/s/ Paul Devinsky*
Paul Devinsky
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, NW
Washington, DC  20005-3096
*pdevinsky@mwe.com*
*Counsel for Ricoh Company, Ltd., Ricoh Americas Corp., and Ricoh Corp.*

- 4 -

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on 27 May 2008:

a copy of the following was served via ECF:

- *Response of Other Camera Manufacturers to Papst's Motion for Clarification*

on all counsel of record by filing it through the United States District Court for the District of Columbia Electronic Case Filing System.

*/s/ Patrick J. Kelleher*
*Counsel for Samsung Techwin Co., Ltd. and*
*Samsung Opto-Electronics America, Inc.*

Patrick J. Kelleher
patrick.kelleher@dbr.com
DRINKER BIDDLE & REATH LLP
191 N. Wacker Dr. # 3700
Chicago, IL  60606

CH02/ 22524974.1