IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**IN RE PAPST LICENSING GMBH & CO. KG LITIGATION**

────────────────────────────────

**This Document Relates To:**

Casio, No. 06-cv-1751

**Misc. Action No. 07-493 (RMC)**
**MDL Docket No. 1880**

## CASIO'S MOTION FOR DISMISSAL WITH PREJUDICE OF ALL PAPST'S CLAIMS AND FOR A DEFAULT JUDGMENT

Casio America, Inc. ("Casio America") and Casio Computer Co., Ltd. ("Casio Japan") (collectively, "Casio"), hereby moves this Court for an Order entering a judgment against Papst Licensing GMBH & Co. ("Papst") on all counts as set forth in Casio's Complaint. In particular, Casio requests that the Court enter a judgment that: (1) Casio has not infringed, and is not infringing any claim of U.S. Patent Nos. 6,895,449 ("the '449 patent") or 6,470,399 ("the '399 patent"); (2) all of claims of the '449 and '399 patents are invalid; and (3) Papst and any and all successors in interest to any rights in the '449 and '399 patents, are permanently enjoined from alleging infringement of the '449 or '399 patents by Casio, any related Casio entity or successor, or with regard to any product of Casio or any Casio entity or successor. Casio also requests that this Court dismiss all claims against Casio as set forth in Papst's Answer and Counterclaim with prejudice and award Casio all of its costs and fees associated in any way with its Motion for Dismissal With Prejudice of All Papst's Claims and for a Default Judgment.

In the alternative, Casio requests that the Court order that: (1) all claims against Casio as set forth in Defendant's Answer and Counterclaim are dismissed with prejudice; (2) Casio's claims against Papst as set forth in the Complaint are dismissed without prejudice; (3) that Papst

1-WA/2981779.2

and any and all successors in interest to any rights in the '449 and '399 patents, are permanently enjoined from alleging infringement of the '449 or '399 patents by Casio, any related Casio entity or successor, or with regard to any product of Casio or any Casio entity or successor; (4) within ten days, Papst record the Court's Order with an appropriate reference to the '449 and '399 patents in the Assignment Division of the United States Patent and Trademark Office, and take all other actions necessary to ensure that any party that may subsequently acquire any rights in these patents has notice of this Order; and (5) Casio is awarded all of its costs and fees associated in any way with Casio's Motion for Dismissal With Prejudice of All Papst's Claims and for a Default Judgment. The reasons for this Motion are set forth in the accompanying Memorandum of Law.

Respectfully submitted,

DATED: May 29, 2008

/s/ J. Kevin Fee
J. Kevin Fee (D.C. Bar No. 494016)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

Scott D. Stimpson
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, N.Y. 10601
Tel: 203-258-8412

Attorneys for Plaintiff and Counter-Defendant Casio America, Inc. and Counter-Defendant Casio Computer Co., Ltd.

1-WA/2981779.2

## CERTIFICATE OF SERVICE

       I hereby certify that on May 29, 2008, I caused a copy of the foregoing Casio's Motion for Dismissal With Prejudice of All Papst's Claims and for a Default Judgment, the supporting memorandum and two proposed orders to be e-mailed to the following individuals. I further certify that on May 29, 2008, I also caused an electronic copy of the Declaration of J. Kevin Fee to be sent to the following individuals via Federal Express.

Robert F. Muse
STEIN, MITCHELL & MEZINES LLP
1100 Connecticut Avenue, NW
Suite 1100
Washington, DC 20036-4195
rmuse@steinmitchell.com

James P. White
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza
22nd Floor
Chicago, IL 60606
jpwhite@welshkatz.com
jecwik@welshkatz.com

Attorneys of Record for Papst Licensing GmbH & Co. KG

Patrick J. Kelleher
DRINKER BIDDLE & REATH LLP
191 N. Wacker Dr. #3700
Chicago, IL 60606
patrick.kelleher@dbr.com

Attorney of Record for Samsung Techwin Co., Ltd. and Samsung Opto-Electronics America, Inc.

Richard de Bodo
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
rdebodo@hhlaw.com

Attorney of Record for Matsushita Electric Industrial Co., Ltd., Olympus Corp. and Olympus Imaging America, Inc.

1-WA/2981779.2

Rachel M. Capoccia
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
rmcapoccia@hhlaw.com

Attorney of Record for Victor Company Of Japan, Ltd.

Steven J. Routh
Robert B. Wolinsky
HOGAN & HARTSON LLP
555 13th Street, NW
Washington, DC 20004-1109
sjrouth@hhlaw.com
rbwolinsky@hhlaw.com

Attorneys of Record for Fujifilm Corporation and Fujifilm U.S.A., Inc.

Paul Devinsky
MCDERMOTT, WILL & EMERY
600 13th Street, NW
Washington, DC 20005-3096
pdevinsky@mwe.com

Attorney of Record for Ricoh Company, Ltd., Ricoh Americas Corporation and Ricoh Corporation.

Heather N. Mewes
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, CA 94104
hmewes@fenwick.com

Attorney of Record for Hewlett-Packard Company

> /s/ J. Kevin Fee
> J. Kevin Fee

1-WA/2981779.2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE PAPST LICENSING GMBH & CO.
KG LITIGATION

_____

This Document Relates To:

Casio, No. 06-cv-1751

Misc. Action No. 07-493 (RMC)
MDL Docket No. 1880

**[PROPOSED] ORDER**

Upon consideration of Casio's Motion for Dismissal With Prejudice of All Papst's Claims and for a Default Judgment, the Motion is hereby granted and it is

**ORDERED** that a judgment be entered against Papst Licensing GmbH & Co. on all counts as set forth in Plaintiff's Complaint that

a   Casio America, Inc. and Casio Computer Co., Ltd. (collectively "Casio") have not infringed, and are not infringing any claim of U.S. Patent Nos. 6,895,449 ("the '449 patent") or 6,470,399 ("the '399 patent");

b.   all of claims of the '449 and '399 patents are invalid;

c.   Papst Licensing GmbH & Co., and any and all successors in interest to any rights in the '449 and '399 patents, are permanently enjoined from alleging infringement of the '449 or '399 patents by Casio, any related Casio entity or successor, or with regard to any product of Casio or any Casio entity or successor;

**ORDERED** that all claims against Casio as set forth in Defendant's Answer and Counterclaim are dismissed with prejudice; and

**ORDERED** that Casio is awarded all its costs and fees associated in any way with Casio's Motion for Dismissal With Prejudice of All Papst's Claims and for a Default Judgment.

1-WA/2982077.1

DATED:_____          _____
                                        Rosemary M. Collyer
                                        United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE PAPST LICENSING GMBH & CO. KG LITIGATION** <br><br> ——————————————————— <br><br> **This Document Relates To:** <br><br> Casio, No. 06-cv-1751 | **Misc. Action No. 07-493 (RMC)** <br> **MDL Docket No. 1880** |

## [ALTERNATE PROPOSED] ORDER

Upon consideration of Casio's Motion for Dismissal With Prejudice of All Papst's Claims and for a Default Judgment, the Motion is hereby granted and it is

**ORDERED** that all claims against Casio America, Inc. and Casio Computer Co., Ltd. (collectively "Casio") as set forth in Defendant's Answer and Counterclaim are dismissed with prejudice;

**ORDERED** that Casio's claims against Papst Licensing GmbH & Co. as set forth in its Complaint are dismissed without prejudice;

**ORDERED** that Papst Licensing GmbH & Co., and any and all successors in interest to any rights in U.S. Patent Nos. 6,895,449 and 6,470,399, are permanently enjoined from alleging infringement of the '449 or '399 patents by Casio, any related Casio entity or successor, or with regard to any product of Casio or any Casio entity or successor;

**ORDERED** that Papst Licensing GmbH & Co. shall, within ten days, record this Order with an appropriate reference to the '449 and '399 patents in the Assignment Division of the United States Patent and Trademark Office, and take all other actions necessary to ensure that any party that may subsequently acquire any rights in these patents has notice of this Order; and

1-WA/2982082.1

**ORDERED** that Casio is awarded all its costs and fees associated in any way with Casio's Motion for Dismissal With Prejudice of All Papst's Claims and for a Default Judgment.


DATED:_____          _____
                                        Rosemary M. Collyer
                                        United States District Judge