IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE PAPST LICENSING GMBH & CO.
KG LITIGATION

—————————————————

This Document Relates To:

Casio, No. 06-cv-1751

Misc. Action No. 07-493 (RMC)
MDL Docket No. 1880

**[PROPOSED] JOINT DISCOVERY PLAN**

Pursuant to this Court's Order dated May 19, 2008, Papst and Casio hereby

propose the following Joint Discovery Plan.

I. **DISCOVERY FROM CASIO**

Casio's request:  Papst should have included herein all its remaining requests for

written information or document production from Casio.  Accordingly, Casio requests

that the Court order that Casio shall have no obligations with regard to documents or

written information other than as addressed herein and ordered by the Court in response

hereto.

Papst's request:  In accordance with this Court's Order that Casio shall provide

reasonable discovery, Papst respectfully requests that Casio be ordered to provide the

following written discovery to Papst within 30 days as set forth in Sections C and D.

**A.  Casio's Pending Motion For Sanctions (MDL Dkt. #37)**

Casio contends that many of Papst's requests for discovery from Casio depend on

the Court's ruling on the sanctions issues in Casio's pending Motion for Rule 37

Sanctions for Papst's Non-Compliance with this Court's Orders, MDL Dkt. #37 (hereinafter "the Pending Motion"). Papst's refusals to abide by Court Orders that discovery be provided should result in Papst being precluded from now accusing additional cameras, asserting secondary considerations, etc., and so there is no point in the parties going to the substantial expense of discovery on those issues.[1]

Papst contends that this Court's order of April 24, 2004 held Casio's pending Motion for Rule 37 "in abeyance." MDL Dkt. # 77. Until such time as the Court rules on this Motion, Papst contends that Casio should not use this Court order as a reason for withholding reasonable discovery.

**B. The "Specific Features"**

To the extent that the "Specific Features" are discussed below, Casio and Papst agree that Casio's production will be limited to the following "Specific Features":

(1) How Casio's digital cameras electronically connect to and interact with various types of computers,

(2) The standards and/or command sets used by the Casio digital cameras to communicate with computers,

(3) How digital information (including digital information representative of pictures and sounds) is transmitted back and forth between the Casio digital cameras and a computer to which they are connected,

(4) The file systems used to store digital information in the Casio digital cameras (including digital information representative of pictures and sounds),

---

[1] Casio has another motion for sanctions pending (MDL Dkt. #38), and a remaining issue on that motion is whether Papst must pay all of Casio's attorneys' fees and costs associated with the Papst discovery requests, which the Court has already found to have been "propounded in bad faith." May 6 Order, fn 2 (MDL Dkt. #82).

(5) How the master boot record (MBR) and any boot sector(s) are generated by each Casio digital camera during formatting of a memory chip and/or in response to an inquiry from a host computer,

(6) How Casio's sampling circuits sample analog data provided by the CCD image sensor, and

(7) How Casio's analog-to-digital converter converts data sampled by the sampling circuit into digital data.

### C.      Written Information Requested From Casio[2]

The parties agree that Casio will provide the following written information:

1.      An identification of each Casio digital camera, by model number or name, that has been used, manufactured, sold, offered for sale, imported or shipped into the United States since October 22, 2002.

2.      Identification by name and business location of the people Casio believes to be most knowledgeable Casio employee(s) concerning each of the seven Specific Features of Casio digital cameras.

3.      Casio's interpretation of every element of each claim that Casio contends that its accused digital cameras do not meet and/or should be invalidated and the bases for Casio's interpretations.  (Subject to the Pending Motion:  Casio contends it has provided this information for the six cameras and two claims identified by Papst in its response to Magistrate Judge Robinson's May 31, 2007 Order, and has agreed to supplement if necessary with regard to those products and claims.  Papst should not be allowed to pursue additional claims due to its failures to abide by the Court Orders, and

---

[2] "Casio" shall include only Casio Computer Co., Ltd., Casio America Inc., and its predecessor Casio Inc. Casio maintains all objections to privilege and work product.

its May 28, 2008 infringement contentions (provided nearly a year after it was ordered to do so) are too little, too late.  But if the Court holds otherwise with regard to the Pending Motion, Casio agrees to provide this information for other products and claims asserted by Papst, after Papst has provided its interpretations.  Papst contends that Casio has not provided this information for the eighteen other accused patent claims and the forty-three other accused Casio cameras that Papst has accused of infringement in its May 28, 2008 infringement contentions and supplemental answers to Casio's interrogatories.  *See,* MDL Dkt. 110.)  Papst has provided detailed claim interpretation and infringement analyses in its written discovery responses to Casio and in its infringement contentions filed with the Court.

4.    Casio's contentions as to the level of ordinary skill in the art pertaining to the patents-in-suit and the bases for each such contention.

5.    An identification of the last Casio digital camera, by model number or name, sold by Casio in the United States with software that was required to be loaded on a personal computer with a Microsoft Windows or Apple operating system before the digital camera could download information to the personal computer; and when this last Casio digital camera was sold.

6.    An identification of the first Casio digital camera, by model number or name, sold by Casio in the United States that (1) used a USB connection, and (2) was capable of downloading information to a personal computer without first loading camera specific software on the personal computer; and when this Casio digital camera model was first offered for sale.

7.    With respect to each of the patents-in-suit and to the extent that Casio will

contest Papst's contentions as to indirect infringement, the specific reasons Casio

contends it is not indirectly infringing the patents-in-suit.  (Subject to the Pending

Motion:  Casio contends it has provided this information for the direct infringement

allegation identified by Papst in its response to Magistrate Judge Robinson's May 31,

2007 Order, and Papst should be precluded from asserting other infringement theories

due to its failure to abide by the Court Orders.  Should Papst be allowed to assert these

new theories nearly a year after it was ordered to provide a "complete" response, then

Casio agrees to provide this discovery.  Papst contends that Casio has not provided this

information for the direct and indirect infringement allegations identified by Papst in its

May 28, 2008 infringement contentions and supplement answers to Casio's

interrogatories.  *See,* MDL Dkt. 110.)

      **D.**      **Documents and Things Requested from Casio**

            **1.**      **Agreed Documents and Things**

(a)      One sample of each of the six Casio digital cameras identified in Papst's

June 11, 2007 response to Magistrate Judge Robinson's Order (hereinafter "the six Casio

digital cameras"), along with all accessories pre-packaged with the camera and necessary

to operate the camera with personal computers (e.g. USB connection cords, batteries and

power cords).  (Previously, Casio made all its cameras available for inspection, but Papst

requests that samples be provided directly to its counsel, and Casio has agreed to provide

them at its expense for these six products.)

(b)      Documents sufficient to show the monthly sales (in revenues and in units)

of each of the six Casio digital cameras.

(c)      Documents sufficient to show high level construction and/or operation of

the six Casio digital cameras, including user manuals and service manuals, high level overall product specifications, and general software descriptions.

(d)    Documents and things sufficient to show the details of the operation of the six Casio digital cameras with respect to the Specific Features.

(e)    All documents and things that Casio will rely on as prior art to the patents-in-suit.

(f)    Documents and things that Casio intends to rely on with respect to its claim interpretation contentions and/or at trial.

(g)    Documents and things supporting Casio's contentions as to the alleged invalidity, non-infringement and/or unenforceability of the Patents-In-Suit, subject to the Court' Orders.

(h)    Documents and things supporting Casio's contentions as to interpretation, scope and meaning of the claims in the Patents-In-Suit, subject to the Court's Orders.

(i)    Documents and things sufficient to show the details of the operation of each the six Casio digital cameras, with respect to how sound waves and/or light images are converted to representative analog signals, and how those analog signals are converted to representative digital signals.

## 2.    Disputed Documents and Things

(a)    One sample of each Casio digital camera used, manufactured, sold, offered for sale, imported or shipped into the United States since October 22, 2002 (other than the six Casio digital cameras).  Papst requests that Casio deliver the Casio digital cameras, along with all accessories pre-packaged with the camera and necessary to operate the camera with personal computers (e.g. USB connection cords, batteries and

power cords), to Welsh & Katz, Ltd. for non-destructive testing.

Papst's position: In accordance with the Court's Second Practice and Procedure Order, Papst provided Casio with its detailed infringement contentions accusing 49 Casio digital cameras of infringing the at-issue patents on May 28, 2008. [Docket # 110] Papst seeks discovery on all potentially infringing Casio digital cameras made, used, sold, offered for sale or imported into the United States after October 22, 2002, the date the earliest patent-in-suit issued. Casio previously agreed to produce all such Casio cameras for inspection,[3] but now contends in its pending Rule 37 motion that this case should be limited to the six Casio cameras that Papst identified as infringing back on June 11, 2007. [Docket # 37]   It will also be inefficient for this Court to adjudicate infringement issues on only six of the at-issue Casio cameras, thereby leaving the remaining Casio cameras in limbo. Papst requests that an adjudication take place on all potentially infringing cameras to avoid potential future lawsuits. Papst contends that discovery on all potentially infringing cameras is reasonable. *See, IP Innovation L.L.C. v. Sharp Corp.*, 219 F.R.D. 427, 429 (D. Ill. 2003)("The information sought by plaintiffs is relevant to their infringement allegations and specifically, to determining whether additional Sharp products or systems infringe."); *E.I. Dupont De Nemours v. Phillips Petroleum Co.*, 24 F.R.D. 416, 426 (D.Del. 1959) ("plaintiff is entitled to know which products the defendants or its licensees manufacture which may infringe.").

Casio's Objections:    Papst's position misses the point that it should be precluded from ever pursuing all these other cameras, and hence from inflicting this substantial

---

[3] *See,* June 11, 2007 e-mail from Casio counsel to Papst counsel, "Accordingly, we will make the cameras manufactured or sold in the United States since October 22, 2002, and our prior art cameras, available for your inspection at a mutually convenient date."

additional expense in discovery, because it failed to abide by the Court Orders. Casio did agree to make these cameras available for inspection to Papst, but that was before Papst violated Magistrate Judge Robinson's Order, and hence that fact is irrelevant. Resolution of the Pending Motion will resolve this issue.

Casio made these cameras available for inspection long ago. It has now agreed to provide, at its expense, the six cameras Papst accused in response to Magistrate Judge Robinson's May 31, 2007 Order. Should the Court find that Papst should be allowed to accuse these other products despite the failures to comply with the Court Orders, then Casio will agree to this production (and will split the retail costs of the cameras should that ever be necessary).


(b) Documents sufficient to show the monthly sales (in revenues and in units) of each Casio digital camera (other than the six Casio digital cameras) in the United States from January 1, 1999 to present.

Papst's position: Casio and other defendants to these proceedings have identified a significant amount of prior art, such as digital cameras allegedly made by Kodak and Casio, that incorporated methods of connecting digital cameras and other interface devices to personal computers. These prior art devices did not operate in accordance with the invention, but typically required, for example, the loading of a specific software driver on the PC. Camera manufacturers continued to sell cameras having a similar design until approximately early 2000 when it is believed that they switched their camera designs so that from then on, they are covered by the patents-in-suit. It is believed that when they adopted the new designs covered by the claimed invention, the cameras

experienced exceptional commercial success.  Thus, the sales of Casio's cameras after 1999 are highly relevant to this action.

Casio's position:  Papst's arguments for relevance of this discovery are related only to secondary considerations.  Papst refused to provide any evidence of secondary considerations in response to Magistrate Judge Robinson's direct Order.  Accordingly, Papst should not be allowed to pursue secondary considerations, and thus there is no need for Casio to produce this highly confidential information if Casio is successful with the Pending Motion.

(c)  Documents sufficient to show high level construction and/or operation of each Casio digital camera (other than the six Casio digital cameras) that has been used, manufactured, sold, offered for sale, imported or shipped into the United States since October 22, 2002, including but not limited to, user manuals and service manuals, high level overall product specifications, and general software descriptions.  (Subject to Pending Motion:  See the parties' positions in part I(D)(2)(a), above.)

(d)  Documents and things sufficient to show the details of the operation of each Casio digital camera (other than the six Casio digital cameras) that has been used, manufactured, sold, offered for sale, imported or shipped into the United States since October 22, 2002 with respect to the Specific Features.  (Subject to Pending Motion:  See the parties' positions in parts I(D)(2)(a), above.)

(e)    Documents and things contradicting Casio's contentions as to the alleged

invalidity, non-infringement and/or unenforceability of the Patents-In-Suit.

Papst's position:  Casio should not limit this request to only those documents that

Casio subjectively *believes* are contradictory.  Instead, an objective standard should apply

to which documents are contradictory.  Casio's belief as to the reasonableness of an

objective standard is indicated in Casio's own Request for Production No. 15:

> Each and every document and thing supporting or contradicting any Papst
> allegation or argument in this case, including, but not limited to, all documents
> and things supporting or contradicting allegations and arguments relating to the
> alleged infringement and willfulness, and any allegations and arguments related to
> secondary considerations of non-obviousness and conception/reduction to
> practice.

(Casio Inc.'s First Set of Requests for the Production of Documents and Things, No. 15).

Casio's position:  The problem with this request is that it is not specific, and will

lead to disputes.  We know, for example, that Papst believes that every invoice from

every country of the world "contradicts" Casio's invalidity contentions, as it has argued

the commercial success issue.  If Papst is not required to be succinct in describing exactly

what it needs, then the result will be endless disputes.

Admittedly, Casio had similar language in the request identified by Papst, but

Papst's belated (and waived) objections were several.  It objected because it was

overbroad, and called for a legal conclusion, among other things.  And in any event the

language has caused absolutely no problems to date in the litigation, because Casio is

taking a reasonable view of discovery.

But it is a very different thing for Papst to now be allowed to serve such a request.

Papst has been strongly sanctioned for its views of discovery, it has violated Fed. R. Civ.

P. 26(g) three times, and it has violated numerous Court Orders as to the need to contain

its discovery requests to those that are reasonable.  See Casio's co-pending motion for

judgment, MDL DKT. #111.  Due to the Papst approach to discovery, Papst has been

<u>ordered</u> to succinctly state precisely what it needs in discovery.  See, e.g., Exhibit A

(March 20, 2008 hearing transcript, at 28:  "I need you as the plaintiff to think more

succinctly about what it is you need so that when you ask for things you're asking for

what you actually need.")

     This Papst request is <u>not</u> "succinct" and it should not be allowed because Papst

has abused the discovery process and this (as well as its requests (f), (g), and (i), below)

are openings for Papst to potentially endlessly pursue additional discovery from Casio

and create never-ending disputes.  Papst is not allowed to serve more discovery requests

and so should not be allowed to have these vague, "catch-all" requests.

     Casio will make a reasonable effort to locate documents that could contradict its

arguments, and produce those it believes contradict these positions.

     (f)     Documents and things contradicting Casio's contentions as to

interpretation, scope and meaning of the claims in the Patents-In-Suit, subject to the

Court's Orders.  (See arguments in part (e), above.)

     (g)     Documents and things contradicting Casio's contentions with respect to

the secondary considerations of non-obviousness or obviousness.  (See arguments in part

(e), above.)

     <u>Casio's objections</u>:  Casio also objects to this request because it relates to

secondary considerations, and so is subject to the Pending Motion.  See Section

I(D)(2)(b)).

(h)    Documents and things sufficient to show the details of the operation of each Casio digital camera (other than the six Casio digital cameras) with respect to how sound waves and/or light images are converted to representative analog signals, and how those analog signals are converted to representative digital signals. (Subject to Pending Motion:  See the parties' positions in parts I(D)(2)(a), above.)

(i)    Documents sufficient to show whether the claims of the patents-in-suit read on each Casio digital camera that has been used, manufactured, sold, offered for sale, imported or shipped into the United States since October 22, 2002.

Papst's position:  This is a catch-all discovery request to ensure that Casio provides reasonable discovery on all the all other claim elements beyond the Specific Features (e.g. documents sufficient to show a memory, a processor, etc.).

Casio's Objections    Casio objects to this request for the same reasons stated in part (e), above.  This is such a vague request that it is meaningless, and will do nothing but embroil the Court in endless disputes.  This leaves the door open for Papst to later request nearly anything it wants, and just claim that it needs the document to prove infringement.  Moreover, while Casio agreed to the "Specific Features" request in part II(C), it did so as a compromise.  This request, as Papst seemingly admits, would make the Specific Features meaningless.  Why does Papst need to address the Specific Features if it has this request that covers everything?

Casio also objects because the request for this information for cameras beyond the six at issue should not be allowed due to the Pending Motion.

12

II.     **DOCUMENT PRODUCTION**

 **A.  Casio's Document Production Status**

 Casio has produced documents as ordered by the Court on April 24, 2008, with the exceptions noted in Section III, below.

 **B.  Papst's Document Production Status**

  **1. Casio's Comments and Requests**

 During the April 22, 2008 hearing, Papst assured the Court and Casio that the <u>only</u> documents Papst was still withholding fell into two categories:  1) privilege and work product; and 2) third party confidential documents. Ex. B, at 48-49.  ("THE COURT:  So it's your position that Papst doesn't owe Casio any documents?"  "MR. WHITE:  Other than [privilege documents], I would say given that my understanding is, and Mr. Schnayer can correct me if I'm wrong or Mr. Swik [sic], that would be the case.")

 Shortly thereafter, on May 9, 2008 and more than eleven months after the production was ordered by Magistrate Judge Robinson, Papst produced about 50,000 documents, and on May 23, 2008, Papst produced an additional 78,000 documents, and Papst says it will not complete its production until mid-June.  Casio understands that there are still many thousands of documents yet to be produced by Papst, despite counsel's representation to the contrary, and despite Magistrate Judge Robinson's Order that Papst respond to the Casio document requests within ten days of her May 31, 2007 Order.

 When counsel for Casio learned how many documents Papst was still withholding, we agreed with Papst that they would all be produced by June 13.  Casio

agreed to this date because Papst so recently advised Casio of the true situation, and Casio accepts (as it must) the reality that so many thousands of withheld documents simply cannot be produced overnight.  Nothing in this Plan is an agreement by Casio to condone past conduct or retroactively grant an extension to Papst for documents that should have been produced nearly a year ago.

Papst refuses to produce by June 13 any of its privileged documents, even those that are not subject to its pending Motion for Clarification.  Casio requests an Order that Papst produce by June 13 at least the privileged documents that are not subject to the Clarification Motion.

### 2.    Papst's Comments

On May 31, 2007, Magistrate Judge Robinson ordered Papst to "respond to Casio USA's initial discovery requests without objection based on attorney client privilege, consulting expert privilege, or attorney work product."  [Docket # 82, pp. 8-9.] Although Magistrate Robinson's Order was not clear as to whether Papst Licensing was also ordered to produce its responsive documents within the same 10 calendar days (as opposed to only responding in writing to Casio's written discovery requests), Papst filed an unopposed motion and received permission from the Court to produce its documents by June 25, 2007.  [Casio v. Papst, 06-cv-1751, 6/27/07 Minute Order]

On June 22, 2007, Papst served Casio with over 10,000 pages of documents in response to Casio's discovery requests.  On June 25, 2007, Papst served Casio with over 12,000 additional pages of documents in response to Casio's discovery requests.  On July 17, 2007, this case was stayed "pending a consolidated determination by the MDL panel."  [Casio v. Papst, 06-cv-1751, 7/17/07 Order]

On November 30, 2007, this Court ordered that "All discovery proceedings in these actions are stayed until further order of the Court, and the time requirements to perform any acts or file any papers pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure are tolled until such time as a discovery schedule is established by order of the Court." [First Practice and Procedure Order, Docket # 3].   On April 24, 2008 this Court ordered that "[t]he stay of discovery imposed by the First Practice and Procedure order is lifted as of <u>March 20, 2008.</u>" [Second Practice and Procedure Order, Docket # 36].  On May 9, 2008, Papst served Casio with approximately 50,000 additional pages of documents.  On May 23, 2008, Papst served Casio with approximately 78,000 additional pages of documents, so that Papst has presently produced over 150,000 pages of documents in response to Casio's document requests.  Papst continues to diligently process additional documents for production, including documents that were confidential to third-parties, and for which Papst was required to first provide the third-parties an opportunity to object to the production of their confidential communications.

To the extent that this Court understands that Papst was previously under an Order to produce documents by a date certain, Papst respectfully request an extension of until June 13, 2008 to complete its document production with respect to those documents that are not potentially privileged and/or protected by work product.  On May 21, 2008, counsel for Papst and Casio conferred on this issue at which time Casio's counsel represented that Papst's plan for production of Papst documents by June 13, 2008 was reasonable given the large amount of documents that Papst still must produce.  As to those documents that are potentially privileged and/or protected by work product, Papst requests an extension to complete its document production of those documents within 30

days of this Court ruling on Papst's Motion for Clarification Concerning the Scope of

Waiver.  MDL Dkt. 101).

## III.     THIRD PARTY PRODUCTION

Both parties have documents that may contain the confidential information of

third parties, and both parties have undertaken efforts to secure permission from the third

parties for production.  It is anticipated that all third party production issues will be

substantially resolved by June 13, with identification at that time of any specific third

parties who object to the production.  The parties agree that this timeframe is reasonable

for the third party documents given the current circumstances.

## IV.     OTHER COMMENTS

### A.     Depositions Needed

Papst's position:  Upon receiving the information and materials requested from

Casio above, Papst contends it will need depositions pursuant to Fed.R.Civ.P 30(b)(6).

Papst also anticipates deposing certain individuals identified as the most knowledgeable

concerning the relevant technical issues.  Papst also anticipates taking the depositions of

the experts retained by Casio for this litigation.

Casio's position:  After receiving the Papst document production, if the case is not

dismissed or a default judgment entered against Papst, Casio will notice depositions of

Papst, and experts at an appropriate time.

### B.     Other Discovery

Papst contends that all other discovery between Papst and Casio shall proceed in

accordance with the Second Practice and Procedure Order dated April 8, 2008.  To the

extent that additional information will be needed from Casio, Papst will seek leave of

Court for any such discovery, if necessary, after meeting and conferring with Casio's counsel.

Casio contends that, other than as identified in this Plan and ordered by the Court in response hereto, there should be no more document production or written discovery between Casio and Papst. Papst should be precluded from seeking "additional information" from Casio other than by depositions, as this Court repeatedly ordered that written discovery in the *Casio* case is over.

Dated: June 2, 2008

Respectfully submitted,

/s/ James P. White
Robert F. Muse (Bar No. 166868)
Jacob A. Stein (Bar No. 052233)
Joshua A. Levy (Bar No. 475108)
Stein, Mitchell & Mezines, LLP
1100 Connecticut Ave., NW,
 Suite 1100
 Washington, D.C. 20036
(202) 737-7777

James P. White
Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606
(312) 655-1500

**Counsel for Papst Licensing GmbH & Co. KG**

/s/ J. Kevin Fee
J. Kevin Fee (D.C. Bar No. 494016)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

Scott D. Stimpson
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, N.Y. 10601
Tel: 203-258-8412
**Attorneys for Casio America Inc. and
Casio Computer Co., Ltd.**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE: PAPST LICENSING      :
GMBH & CO. KG LITIGATION    :
                            :          Misc. Action No. 07-493
                            :          MDL Docket No. 1880
                            :
                            :          Washington, D.C.
                            :          Thursday, March 20, 2008
- - - - - - - - - - - - - - -x             3:15 p.m.


TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Plaintiffs:        ROBERT F. MUSE, Esquire
                           KERRIE DENT, Esquire
                           Stein, Mitchell & Mezines
                           1100 Connecticut Avenue, NW
                           Washington, DC 20036

                           JAMES P. WHITE, Esquire
                           JEROLD B. SCHNAYER, Esquire
                           Welsh & Katz, LTD.
                           120 South Riverside Plaza 22nd Floor
                           Chicago, IL 60606-3912

For the Defendants:        SCOTT D. STIMPSON, Esquire
                           The Law Office of Scott Stimpson
                           445 Hamilton Ave.
                           White Plains, NY 10601

                           J. KEVIN FEE, Esquire
                           Morgan Lewis & Bockius LLP
                           1111 Pennsylvania Avenue, NW
                           Washington, DC 20004

28

1  subject matter.

2              MR. WHITE:  Right.

3              THE COURT:  That's what we're trying to do, but I

4  want it to be focused.  I want everybody to be clear.  I want

5  all of the obligations to be identified and I want everybody to

6  move forward.  I'm not interested in having this thing slowed

7  down in a bog of, oh my God, how does this computer work.

8          Now you talk about you're entitled to discovery

9  everything about the cameras, I don't think that's right.  I

10 don't think that your patent for instance goes to lenses, does

11 it?

12             MR. WHITE:  No.

13             THE COURT:  Okay, so we know that therefore we don't

14 have to produce anything about lenses even if it has something

15 to do with the camera, right?

16             MR. WHITE:  I would assume so.

17             THE COURT:  Right.  So I mean that's why I need you

18 as the plaintiff to think more succinctly about what it is you

19 need so that when you ask for things you're asking for what you

20 actually need.

21             MR. SCHNAYER:  Your Honor, may I address this?  I've

22 been through this issue before.

23             THE COURT:  Yes.

24             MR. SCHNAYER:  In fact, in the Casio case we had this

25 very problem come up.  All big companies like this in these

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE: PAPST LICENSING          :
GMBH & CO. KG LITIGATION        :
                                :
                                :        Misc. Action No. 07-493
                                :          MDL Docket No. 1880
                                :
                                :          Washington, D.C.
                                :        Tuesday, April 22, 2008
--------------------------------x            2:30 p.m.


TRANSCRIPT OF TELECONFERENCE
BEFORE THE HONORABLE ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Plaintiffs:          Robert F. Muse, Esquire
                             Kerri Dent, Esquire
                             STEIN, MITCHELL & MEZINES
                             1100 Connecticut Avenue, NW
                             Washington, DC  20036

                             James P. White, Esquire
                             Jerold B. Schnayer, Esquire
                             Joseph Swik, Esquire
                             WELSH & KATZ, LTD.
                             120 South Riverside Plaza 22nd Floor
                             Chicago, IL 60606-3912


For the Defendants:          SCOTT D. STIMPSON, Esquire
                             The Law Office of Scott Stimpson
                             445 Hamilton Ave.
                             White Plains, NY  10601

                             J. Kevin Fee, Esquire
                             Laura Krawczyk, Esquire
                             Kevin He, Esquire
                             MORGAN LEWIS & BOCKIUS LLP
                             1111 Pennsylvania Avenue, NW
                             Washington, DC  20004

COPY

48

1  could respond to that?

2          THE COURT: Yes.

3          MR. WHITE: With respect to the documents to be

4  produced by Papst, there's three categories of documents or two

5  categories of documents to produce as I understand it. And

6  that would be those documents that were covered by attorney

7  client privilege work client document and some other applicable

8  privilege based upon our filing with the Judge Kessler of our

9  objections to the Magistrate's report and the recommendation.

10         It seemed to be prudent to do that and not turn over

11  those documents prior to getting a ruling on that. So that has

12  been, those have not been produced.

13         The other category of documents that Mr. Stimpson is

14  referring to is we limited them to the complaint. And that is

15  all of the 408 negotiations with all of the third parties that

16  dealt with licensing, et cetera, et cetera, those types of

17  settlement negotiations. And those were withheld based upon

18  the fact that we had a situation where we had indicated to

19  Casio that those documents were confidential with respect to

20  the third parties. And they in fact in a paper that they filed

21  conceded that point, that they were confidential. So those

22  haven't been produced.

23         In light of Your Honor's recent scheduling order to the

24  extent they relate to damages or at least a reasonable royalty,

25  those are no longer at issue at this particular point in time

49

1  in any event.

2      So that would be Papst's response to that at this

3  particular point in time in light of the scheduling order and

4  the previous orders in terms of discovery.

5      THE COURT:  So it's your position that Papst doesn't

6  owe Casio any documents?

7      MR. WHITE:  Well, if Your Honor is going to rule for

8  example, on the motion that's pending before Judge Kessler and

9  said we have lost every privilege that we were ever entitled

10 to, then of course we would have to produce documents.

11     THE COURT:  No, I understand that.  But other than --

12     MR. WHITE:  Other than that, I would say given that

13 my understanding is, and Mr. Schnayer can correct me if I'm

14 wrong or Mr. Swik, that would be the case.

15     THE COURT:  So how many pieces of paper has Papst

16 produced to Casio?

17     MR. WHITE:  I don't know the answer to that and I

18 would have to defer to one of my colleagues.

19     THE COURT:  I mean, are we talking tens or hundreds?

20     MR. WHITE:  We're talking about tens of thousands.

21     THE COURT:  What were they?

22     MR. SCHNAYER:  Documents that --

23     THE COURT:  Could you just say who is speaking

24 because we can't see you.

25     MR. SCHNAYER:  Mr. Schnayer, I'm sorry.