IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE PAPST LICENSING GMBH & CO. KG LITIGATION** _____ **This Document Relates To:** **07-cv-1222** | **Misc. Action No. 07-493 (RMC)** **MDL Docket No. 1880** |

**PAPST LICENSING GmbH & Co. KG's REPLY TO**
**JVC COMPANY OF AMERICA'S COUNTERCLAIMS**

Defendant, Papst Licensing GmbH & Co. KG ("Papst"), answers the counterclaims of JVC Company of America ("JVC America") as follows:

PARTIES

1. Defendant JVC America is a division of JVC Americas Corp., a Delaware Corporation with its principal place of business located at 1700 Valley Road, Wayne NJ 07470.

    REPLY:  Papst admits that, upon information and belief, JVC Company of America is a Delaware corporation based at 1700 Valley Road, Wayne, NJ 07470.

2. JVC America manufactures and sells a wide range of consumer electronics products, including digital cameras and camcorders.

    REPLY:  Papst admits that JVC imports and sells digital cameras and camcorders. Papst is without knowledge or information sufficient to form a belief as to the truth of other averments in paragraph 2, and therefore denies those other averments.

3. Upon information and belief, Papst is a company existing under the laws of The Federal Republic of Germany with its principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

REPLY:  Admit.

4. Upon information and belief, Papst does not manufacture or sell any consumer products. Its sole business is to acquire and attempt to license or enforce intellectual property rights.

REPLY:  Papst admits that it does not manufacture or sell consumer products, and that it is in the business of obtaining intellectual property rights and obtaining commercial benefit from those rights.  Papst denies any other averments in paragraph 4.

**Patents-in-Suit**

5. Papst has held itself out to be the owner of United States Patent No. 6,470,399 B1 ("the '399 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless of the Type of the I/O Device," which issued on October 22, 2002.

REPLY:  Admit.

6. Papst has also held itself out to be the owner of United States Patent No. 6,895,449 B2 ("the '449 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless of the Type of the I/O Device," which issued on May 17, 2005.

REPLY:  Admit.

7. Papst has prosecuted continuations and divisional applications of the '399 and the '449 patents, including pending application No. 11/078,778.

REPLY: Admit.

**Jurisdiction and Venue**

8. This action arises under the Declaratory Judgment Act and the patent laws of the United States.  See 28 U.S.C. §§ 2201 and 2202; Title 35 U.S.C. §§ 100 *et seq.*

   REPLY:  Admit.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

   REPLY:  Admit.

10. Venue in this judicial district is proper under at least U.S.C. § 1391(c) and (d).

    REPLY:  Admit.

11. This court has personal jurisdiction over Papst by virtue of Papst's filing of its Counterclaims against JVC America in this matter.

    REPLY:  Admit.

12. An actual and justifiable controversy exists between JVC, on the one hand, and Papst, on the other hand, concerning Papst's claims of infringement of the '399 and the '449 patents and concerning whether those patents are valid.

    REPLY:  Admit.

**Count I**
**(Declaratory Judgment of non-infringement, invalidity, and unenforceability of the '399 Patent)**

13. JVC America realleges and incorporates by reference its allegations in paragraphs 1 through 12 above as if fully set forth herein.

    REPLY:  Papst incorporates by reference its answers to paragraphs 1 through 12 above as if fully set forth herein.

14. JVC America has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '399 patent, nor is Panasonic, either literally or under the

3

doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '399 patent.

> REPLY:  Deny.

15. The '399 patent is invalid or unenforceable for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.,* including, without limitation, 35 U.S.C. §§ 101, 103, 103 and/or 112.

> REPLY:  Deny.

16. An actual and justifiable controversy exists between JVC America, on the one hand, and Papst, on the other hand, regarding the alleged infringement and validity of the '399 patent by virtue of the allegations made by Papst that JVC America and/or its customers are or have been infringing the '399 patent.

> REPLY:  Admit.

17. This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling JVC America to an award of their attorneys' fees.

> REPLY:  Deny.

## Count II
### (Declaratory Judgment of non-infringement, invalidity, and unenforceability of the '449 patent)

18. JVC America realleges and incorporates by reference its allegations in paragraphs 1 through 17 above as if fully set forth herein.

> REPLY:  Papst incorporates by reference its answers to paragraphs 1 through 17 above as if fully set forth herein.

19. JVC America has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '449 patent, nor is JVC America, either literally or under

4

the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '449 patent.

<u>REPLY</u>:  Deny.

20. The '449 patent is invalid or unenforceable for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.,* including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

<u>REPLY</u>:  Deny.

21. An actual and justifiable controversy exists between JVC America, on the one hand, and Papst, on the other, regarding the alleged infringed and validity of the '449 patent by virtue if the allegations made by Papst that JVC America and/or its customers are or have been infringing the '399 patent.

<u>REPLY</u>:  Admit.

22. This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling JVC America to an award of their attorneys' fees.

<u>REPLY</u>:  Deny.

23. JVC America expressly reserves the right to amend these Counterclaims to add declaratory judgment counts with respect to any continuation or divisional applications relating to the patents-in-suit that may issue after the date these Counterclaims are filed.

<u>REPLY</u>:  Papst admits that JVC asserts that it reserves the right to amend its counterclaims.  Papst denies any other averments in paragraph 23.

**<u>Reply to JVC's Requested Relief</u>**

Papst denies that JVC is entitled to any relief in this action either as requested in its counterclaims or otherwise.

### Papst's Defenses

1. The counterclaims fail to state a claim upon which relief can be granted.

2. JVC does infringe the '399 and the '449 patents directly and/or indirectly.

3. The claims of the '399 and the '449 patents are valid and enforceable

### Jury Demand

Papst respectfully requests and trial by jury of all issues so triable.


Dated: June 4, 2008          By:          /S/ Robert F. Muse_____
                                          Robert F. Muse (Bar No. 166868)
                                          STEIN, MITCHELL & MEZINES LLP
                                          1100 Connecticut Avenue, N.W.
                                          Suite 1100
                                          Washington, DC 20036
                                          (202) 737-7777
                                          (202) 296-8312 (Fax)

                                          James P. White
                                          Jerold B. Schnayer
                                          Joseph E. Cwik
                                          WELSH & KATZ, LTD.
                                          120 South Riverside Plaza, 22nd Floor
                                          Chicago, IL 60606
                                          (312) 655-1500
                                          (312) 655-1501 (fax)
                                          **Attorneys for Papst Licensing GmbH & Co. KG**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing PAPST LICENSING GmbH REPLY TO JVC COMPANY OF AMERICA'S COUNTERCLAIMS was served on this 4th day of June, 2008 upon the attorneys for the Camera Manufacturers as follows:

*For The Casio Parties* (via e-mail)*:*
Laura Krawczyk
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Phone: (212) 309-6000
Fax: (212) 309-6001
lkrawczyk@morganlewis.com

J. Kevin Fee
Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
jkfee@morganlewis.com

Scott D. Stimpson
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
stimpsonlaw@gmail.com

*For The Samsung Parties* (via e-mail)*:*
Patrick J. Kelleher
Drinker Biddle Gardner Carton
191 North Wacker Drive
Suite 3700
Chicago, IL 60606-1698
Phone: (312) 569-1375
Fax: (312) 569-3375
Patrick.kelleher@dbr.com

*Camera Manufacturers' Administrative Counsel and*
*For The Fujifilm Parties* (via e-mail)*:*
Steven J. Routh
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Phone: (202) 637-5600
Fax: (202) 637-5910
sjrouth@hhlaw.com

Sten Jensen
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Phone: (202) 637-6465
Fax: (202) 637-5910
sajensen@hhlaw.com

*For the Olympus Parties* (via e-mail)*:*
Richard deBodo
Rachel M. Cappoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone: (310) 785-4694
Fax: (310) 785-4601
rdebodo@hhlaw.com
rmcappoccia@hhlaw.com

*For The Matsushita and Victory Company of Japan Parties* (via e-mail):
Richard deBodo
Rachel M. Capoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone: (310) 785-4694
Fax: (310) 785-4601
rdebodo@hhlaw.com
rmcapoccia@hhlaw.com

Adam K. Levin, Esq.
Hogan & Hartson LLP
555 13th Street, NW
Washington, DC 20004
aklevin@hhlaw.com

***For the Ricoh Parties*** (via e-mail):
Michael Switzer
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606-5096
Phone:  (312) 984-3666
Fax:  (312) 984-7700
mswitzer@mwe.com

Richard L. Horwitz
Potter Anderson & Corroon, LLP
1313 North Market Street, 6th Floor
PO Box 951
Wilmington, DE 19899
Phone:  (302) 984-6000
Fax:  (302) 658-1192
rhorwitz@potteranderson.com

***For Hewlett-Packard Company*** (via email):
Charlene M. Morrow
Heather N. Mewes
Fenwick & West LLP
555 California Street, Suite 1200
San Francisco, CA 94104
Phone:  (415) 875-2300
Fax:  (415) 281-1350
cmorrow@fenwick.com
hmewes@fenwick.com

***Attorneys For Nikon***
David L. Witcoff
Marc S. Blackman
Jones Day
77 West Wacker Drive
Chicago, IL 60601
Phone:  (312) 782-3939
Fax:  (312) 782-8585
dlwitcoff@jonesday.com
msblackman@jonesday.com

/s/ Robert F. Muse_____
Attorney for Papst Licensing GmbH & Co. KG