UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. KG LITIGATION <br><br> This Document Relates To: <br> Casio v. Papst, 06-1751 | Misc. Action No. 07-493 (RMC); <br> MDL Docket No. 1880 |

## MEMORANDUM OPINION REGARDING FIFTH ORDER ON CASIO/PAPST DISCOVERY: PAPST'S MOTION FOR CLARIFICATION CONCERNING SCOPE OF WAIVER

Papst Licensing GMBH & Co. KG ("Papst") requests clarification regarding the scope of the privilege waiver set forth in the May 6, 2008, Second Order Regarding Casio/Papst Discovery and its accompanying Memorandum Opinion. *See* Dkt. ## 81 & 82. In the May 6, 2008 ruling, the Court required Papst to "respond to Casio USA's initial discovery requests without objection based on attorney-client privilege, consulting expert privilege, or attorney work product." Mem. Op. [Dkt. # 82] at 8-9. Papst requests clarification on the following three issues:

> (1) Whether the materials protected by attorney-client privilege, consulting expert privilege, or attorney work product (the "Privileged Materials") that Papst must produce may be limited to materials that relate solely to Casio's Products;
>
> (2) Whether the Privileged Materials that Papst must produce may be limited to those materials that existed as of May 31, 2007, when the initial order allowing sanctions was issued; and

-1-

(3) Whether the Privileged Materials that Papst must produce may be disclosed only to Casio and not to the other Camera Manufacturers[1] in this MDL proceeding.

Casio,[2] as well as the other Camera Manufacturers, object to Papst's request for clarification. As explained below, the Court will grant in part and deny in part Papst's motion.

## I. FACTS

The May 6, 2008, Second Order Regarding Casio/Papst Discovery and its accompanying Memorandum Opinion dealt with Papst's objections to the May 31, 2007 order of the Magistrate Judge requiring Papst to respond to the initial discovery propounded by Casio America Inc., formerly known as Casio, Inc., ("Casio USA") — without objections — due to Papst's failure to comply with the district court's order requiring Papst to respond to Casio USA's initial discovery requests. The Magistrate Judge had heard oral argument on Casio's motion to compel on May 31, 2007, and had granted the motion to compel from the bench, noting:

> [T]he court reviewed the motion, the opposition and the reply . . . . Having done so, the Court will grant the motion, largely for the reasons offered by the Movant, both orally and in writing.
>
> More specifically, the Court finds that what Papst urges upon the Court is a novel way of counting the number of days in which a party must serve responses to written discovery requests. The Court uses the term, quote, "novel," close quote, because there is simply no authority which supports this method of calculating the deadline.
>
> The rules make plain when it is that a party is to serve responses to written discovery requests. There was no motion for enlargement of time filed by Papst. Papst did not seek any clarification of the due

---

[1] The "Camera Manufacturers" are all parties to this Multi District Litigation other than Papst.

[2] Casio America Inc., its predecessor Casio Inc., and Casio Computer Co., Ltd. are collectively referred to here as "Casio."

>   date in the meet and confer report that counsel, along with opposing
>   counsel, filed in this matter, and appears to have unilaterally taken the
>   position that because Papst was displeased with the manner in which
>   the Rule 26(f) meeting or conference was conducted that the
>   responses to the written discovery requests would be withheld.

Tr. of May 31, 2007 hearing at 25. The Magistrate Judge ordered "that complete responses — that is *without objections*, which have been waived by the failure to respond in a timely fashion — be served within 10 calendar days of today's date." *Id*. at 27 (emphasis added). Papst then filed objections to the Magistrate's order. This Court denied Papst's objections as follows:

>   The Court finds that waiver of privileges is not too harsh a sanction
>   under the circumstances presented here. Papst's failure to respond to
>   Casio USA's discovery requests, as directly ordered, was entirely
>   unjustified and inexcusable and smacks of bad faith. How difficult
>   is it to understand a district court order that discovery is "to proceed"?
>   Were there any doubt, Papst might have inquired. It did nothing. It
>   merely delayed — a delay that continues, in part, to this day.[3] It may
>   be a successful business model, when the "business" of a business is
>   litigation, to interpose delay at any possible opportunity. Delay costs
>   money to opponents and may, in the end, cause an opponent to settle
>   a case. Ultimately, Papst offers no good reason why its experienced
>   counsel should be allowed, without sanction, to ignore totally a court
>   order on which they had been heard fully.
>
>   Accordingly, Papst is required to respond to Casio USA's initial
>   discovery requests without objection based on attorney client
>   privilege, consulting expert privilege, or attorney work product.
>   Casio has agreed, and there is now a Protective Order entered by the
>   Court, that will shield Papst's confidential documents from public
>   display.

Mem. Op. [Dkt. # 82] at 8-9. Now, Papst seeks "clarification" of the Court's Order to respond to Casio USA's initial discovery requests without objection based on attorney-client privilege,

---

[3] As of April 24, 2008, Papst still had not responded sufficiently to Casio's discovery requests. *See* First Order Regarding Casio/Papst Discovery Dkt. #77 (ordering Papst to respond to Casio's interrogatories). Thus, the delay in question was not a matter of weeks, but more than a year.

consulting expert privilege, or attorney work product.

## II. ANALYSIS

First, Casio and the other Camera Manufacturers argue that Papst's motion constitutes a request for reconsideration. A request for reconsideration under Federal Rule of Civil Procedure 59(e) "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59(e) motion is not "simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995). Nor is it an avenue for a losing party to present theories, arguments, or issues that could have been raised previously. *Jones v. Bernanke*, 538 F. Supp. 2d 53, 60 (D.D.C. 2008) (citing *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993)).

Although Papst points out no intervening change in the law, no new evidence, and no clear error, Papst asserts that the current breadth of the sanction constitutes a manifest injustice. While Papst could have argued previously that the sanction should be limited, it focused its argument on its claim that the sanction should not have been imposed at all. Nonetheless, the Court is willing to clarify its May 6, 2008 Order as detailed below.

### A. Whether the Privileged Materials that Papst must produce may be limited to (1) materials that relate solely to Casio's Products and/or (2) may be limited to those materials that existed as of May 31, 2007, when the initial order allowing sanctions was issued

Papst asks that the Court limit Papst's production of otherwise privileged materials to materials that relate solely to Casio's products and that its production be limited to those materials that existed as of May 31, 2007, when the Magistrate Judge issued the original order requiring production without objection. Papst reasons that because the sanction arose from a dispute between Casio and Papst and was based on Papst's conduct prior to May 31, 2007, the sanction should be similarly limited. Papst also points out that the May 6, 2008 Order expressly requires Papst to respond to "Casio USA's *initial* discovery requests without objection," May 6, 2008 Order at 8-9 (emphasis added), and thus that the sanction should not apply to Casio's subsequent discovery requests.

In addition, Papst contends that the broad sanction is simply unfair and that if Papst is required to turn over Privileged Materials "throughout the entire proceedings of this case, this would effectively deny Papst the benefit of counsel, and would seriously impede counsel's ability to represent Papst and communicate openly with Papst in order to prepare for trial. . . . Papst submits that the need to punish Papst for its alleged bad faith should, at some point, give way to the need for Papst to retain its privileges and work product materials as it conducts discovery and prepares for trial . . . ." Papst's Mot. for Clarification at 5. By limiting the sanction, Papst argues that it "will suffer the consequences of its alleged bad faith, and Casio will obtain the benefits of the sanction, without completely eviscerating Papst's ability to defend itself and pursue its claims in this lawsuit." Papst's Mot. for Clarification [Dkt. # 101] at 4. Papst argues that the scope of waiver is grounded

in principles of fairness, that it "serves to prevent a party from simultaneously using the privilege as both a sword and a shield; that is, it prevents the inequitable result of a party disclosing favorable communications while asserting the privilege as to less favorable ones." *In re Seagate Technology, LLC*, 497 F.3d 1360, 1372 (Fed. Cir. 2007). Papst reasons that because the waiver in this case was involuntary — *i.e.*, it was not done voluntarily in order to gain a tactical advantage — that the scope of the waiver of attorney-client privilege should be balanced against Papst's need for adequate representation.

Casio makes three arguments in opposition to Papst's request for a more limited waiver of privileges. First, Casio contends that the harsh sanction imposed by the Court was justified by Papst's conduct, as discussed in the May 6, 2008 Memorandum Opinion. Second, Casio's initial discovery requests were not limited to inquiries regarding its own products because Papst will be making representations regarding the scope of the patents-in-suit.[4] For example, Casio's Document Request No. 5 requests "each and every document and thing which addresses, analyzes, assesses or otherwise concerns the potential infringement, patentability, validity and/or enforceability of one or more claims of Papst's patents and applications." *See* Casio's Resp., Ex. C. at 7. Casio's Request No. 12 seeks documents "relating to, referring to, describing, evidencing or constituting any allegations made by or on behalf of defendant that anyone has infringed one or more claims of any Papst patent or application." *Id*. at 8. The Camera Manufacturers assert that Papst's request for limitation is "a veiled attempt to shield the vast majority of its formerly privileged documents, as surely the vast majority of its documents will not relate 'solely to Casio's products,' but rather relate as much to Casio's products as any other Manufacturers' products." Resp. of Other

---

[4] Also, Papst has treated the cameras made by all of the Camera Manufacturers the same.

-6-

Camera Mfrs. [Dkt. # 109] at 2.[5]

        Third, Casio argues that once a waiver occurred, it is inappropriate to limit it on a temporal basis. *Bd. of Trs. of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 237 F.R.D. 618, 627 (N.D. Cal. 2006). A privilege waiver is a subject waiver, extending to materials relating to the same subject regardless of when the waiver occurred. *Id.* at 238; *see Ideal Elec. Sec. Co., Inc. v. Int'l Fidelity Ins. Co.*, 129 F.3d 143, 152 (D.C. Cir. 1997) (once a communication is disclosed, the attorney-client privilege is waived for all documents and communications relating to the subject matter of the disclosure); *In re United Mine Workers of Am. Employee Benefit Plan Litig.*, 159 F.R.D. 307, 309 (D.D.C. 1994) (same).[6] In *Leland Stanford*, the court held that the privilege waiver on the subject matter of inventorship extended from the time of initial contact between the inventors and their attorney until later communications that covered the issue of inventorship, even though the later communications might post-date the issuance of the patents. *Leland Sanford*, 237 F.R.D. at 627.[7]

---

[5] Casio also argues that even if a temporal limitation were called for, the May 31, 2007 date is not the right date, as Papst still has not complied with the Magistrate Judge's order. Casio's Resp. at 7. Casio's allegation that Papst continues to violate Court discovery orders is more fully set forth in its Motion to Dismiss and for Default Judgment [Dkt. ## 112 & 113]. That motion is not yet ripe and ready for decision.

[6] Under the law of this Circuit, the voluntary disclosure of privileged communications waives the privilege, *Permian Corp. v. U.S.*, 665 F.2d 1214, 1221 (D.C. Cir. 1981), as does the inadvertent disclosure of privileged information. *In re Sealed Case*, 877 F.2d 976, 980 (D.C. Cir. 1989); *Elliott v. Federal Bur. of Prisons*, 521 F. Supp. 2d 41, 57-58 (D.D.C. 2007).

[7] In support of its claim that the privilege waiver should be limited in time, Papst cites *Ronald Katz v. AT&T Corp.*, 191 F.R.D. 433, 441 (E.D. Pa. 2000), setting forth its alleged holding in a parenthetical stating "even though party waived attorney-client privilege by disclosing documents to third party, the waiver was 'not absolute' and had a 'temporal limitation.'" Papst's Mot. for Clarification at 6. Papst's reading of the case is overbroad. The court in *Katz* imposed a temporal limitation because the subject matter of the waiver in that case was the conception date of the

A district court "retains broad discretion in deciding the appropriate scope of a waiver." *In re United Mine Workers*, 159 F.R.D. at 309; *see generally Gen. Elec. Co. v. Johnson*, No. 00-2855, 2006 WL 2616187, at *19 (D.D.C. Sept. 12, 2006) (the broad subject matter definition advanced by the party seeking the documents was unwarranted where there was no indication that the party claiming the privilege acted in bad faith or disregarded the sanctity of the attorney-client privilege); *In re United Mine Workers*, 159 F.R.D. at 309 (in its discretion, court may limit the scope of waiver to the same "specific" subject matter as that already disclosed).

This Court also has discretion to require or limit the production of documents protected by the attorney work product doctrine. Work product protected documents are not subject to the same broad waiver principle as communications covered by the attorney-client privilege. A waiver of the attorney work product privilege as to particular documents does not extend to other documents addressing the same subject matter. *In re United Mine Workers*, 159 F.R.D. at 310-12. Even so, the work product privilege is qualified and may be overcome on a showing of substantial need, *i.e.*, that the requesting party cannot obtain the information by other means without undue hardship. *Equal Rights Ctr. v. Post Props., Inc.*, 247 F.R.D. 208, 212 (D.D.C. 2008) (citing Fed. R. Civ. P. 26(b)(3)(A)).

In balancing the competing interests at issue here, the Court finds that Papst may not limit its production of otherwise privileged documents to documents related "solely to Casio's products"; however, a temporal limitation is appropriate. The appropriate temporal limitation must be May 6, 2008, the date of this Court's Order denying Papst's objections to the Magistrate Judge's

---

invention, and thus the waiver was limited to the time period prior to the time the patent application was filed. *Id*.

May 31, 2007 order. Accordingly, Papst must respond to Casio's discovery requests without objection based on attorney-client privilege, consulting expert privilege, or attorney work product as to any document or communication that came into being on or before May 6, 2008. This requirement extends to all Casio discovery requests, not just its initial discovery.[8]

### B. Whether the Privileged Materials that Papst must produce may be disclosed only to Casio and not to the other Camera Manufacturers

Papst also contends that the Privileged Materials should not be produced to any party other than Casio. The basis for this contention is fairness — that the sanction was imposed on Papst based on its conduct toward Casio alone and that to grant the other Camera Manufacturers access to Papst's Privileged Materials would be a windfall to them and would unfairly prejudice Papst.

Casio and the other Camera Manufacturers point out that the concept of "selective waiver" has been rejected by the D.C. Circuit. "Because the attorney-client privilege inhibits the truth-finding process, it has been narrowly construed, and courts have been vigilant to prevent litigants from converting the privilege into a tool for selective disclosure." *Permian*, 665 F.2d at 1221 (citations omitted). "The client cannot be permitted to pick and choose among his opponents, waiving the privilege for some and resurrecting the claim of confidentiality to obstruct others, or to invoke the privilege as to communications whose confidentiality he has already comprised for his own benefit. . . . The attorney-client privilege is not designed for such tactical employment." *In re Subpoenas Duces Tecum*, 738 F.2d 1367, 1370 (D.C. Cir. 1984) (quoting *Permian*, 665 F.2d at 1221; see also *Cobell v. Norton*, 213 F.R.D. 16, 24 (D.D.C. 2003) (confidentiality does not survive disclosure to a third party).

---

[8] To hold otherwise would merely reward Papst for its unwarranted discovery delays.

Here, the Magistrate Judge ordered "that complete responses — that is *without objections*, which have been waived by the failure to respond in a timely fashion — be served." Papst objected to the Magistrate Judge's ruling that it waived all objections based on attorney client privilege, consulting expert privilege, and protection under the work product doctrine, asserting that waiver was too harsh because Papst's conduct grew out of a misunderstanding of a court order for discovery "to proceed." This Court rejected Papst's objections finding:

> [W]aiver of privileges is not too harsh a sanction under the circumstances presented here. Papst's failure to respond to Casio USA's discovery requests, as directly ordered, was entirely unjustified and inexcusable and smacks of bad faith. How difficult is it to understand a district court order that discovery is "to proceed"? Were there any doubt, Papst might have inquired. It did nothing. It merely delayed — a delay that continues, in part, to this day. It may be a successful business model, when the "business" of a business is litigation, to interpose delay at any possible opportunity. Delay costs money to opponents and may, in the end, cause an opponent to settle a case. Ultimately, Papst offers no good reason why its experienced counsel should be allowed, without sanction, to ignore totally a court order on which they had been heard fully.

Mem. Op. [Dkt. # 82] at 8.

Even though the Court's May 6, 2008 Order required Papst to respond to Casio's discovery requests "without objection" and the Court used the term "waiver" in its opinion, in fact the Court ordered that Papst must produce Privileged Materials only because of the Court's order, and not due to Papst's own voluntary or inadvertent disclosure. Where a party's disclosure is the result of judicial compulsion, courts do not imply a waiver. *In re Sealed Case*, 676 F.2d 793, 817 (D.C. Cir. 1982) (citing *Transamerica Computer Co. v. IBM Corp.*, 573 F.2d 646, 651 (9th Cir. 1978)). This is not a circumstance where Papst disclosed documents to one party for tactical purposes and then sought to protect such materials from disclosure to others. Because Papst was

compelled to produce privileged documents by Court order, the disclosure shall be made to Casio only.  Papst has not waived its privileges as to the other Camera Manufacturers.

### III.  CONCLUSION

For the foregoing reasons, Papst's motion for clarification [Dkt. # 101] will be granted in part and denied in part as follows:

> (1) Papst may not limit its production of otherwise privileged documents to documents related "solely to Casio's products," and Papst must respond to Casio's discovery requests without objection based on attorney-client privilege, consulting expert privilege, or attorney work product as to any document or communication that came into being on or before May 6, 2008.  This requirement extends to all Casio discovery requests, not just its initial discovery.
>
> (2)  Papst has not waived its privileges as to the other Camera Manufacturers.

A memorializing order accompanies this Memorandum Opinion.


Dated:  June 9, 2008                          /s/
                                   ROSEMARY M. COLLYER
                                   United States District Judge