UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE PAPST LICENSING GMBH & CO. KG LITIGATION**<br><br>**This Document Relates To:**<br>Casio v. Papst, No. 06-cv-1751 | Misc. Action No. 07-493 (RMC);<br>MDL Docket No. 1880 |

**SIXTH ORDER REGARDING CASIO/PAPST DISCOVERY: REGARDING PARTIES' DISPUTED DISCOVERY PLAN**

Papst Licensing GMBH & Co. ("Papst") alleges that the digital cameras sold by Casio America Inc., its predecessor Casio Inc., and Casio Computer Co., Ltd. (collectively "Casio") in the United States infringe on two patents owned by Papst, U.S. Patent Nos. 6,470,399 and 6,895,449 (the "Patents-In-Suit"). Casio denies the allegations. The parties are engaged in pre-trial discovery as part of a set of cases joined for multidistrict litigation ("MDL") during discovery. After discovery litigation and sanctions against Papst, the parties submitted a proposed joint discovery plan, which raises several contested issues. *See* Casio and Papst's Proposed Joint Discovery Plan [Dkt. # 116]. The Court earlier resolved certain of the contested issues covered by the joint discovery plan, when it ruled on Casio's Motion for Sanctions [Dkt. # 37]. *See* Fourth Order Regarding Casio/Papst Discovery [Dkt. # 117]. This Order addresses the outstanding matters from the proposed plan.

**I. Documents and Things Requested From Casio**

1. Papst requests "[d]ocuments and things contradicting Casio's contentions as to the

alleged invalidity, non-infringement and/or unenforceability of the Patents-In-Suit." *See* Casio and Papst's Proposed Joint Discovery Plan [Dkt. # 116] at 9-10. Casio argues that this request is "not specific and will lead to disputes" because, for instance, "Papst believes that every invoice from every country of the world 'contradicts' Casio's invalidity contentions." *Id.* at 10. Casio adds that this Papst request is not "succinct" as ordered by the Court but that it will "make a reasonable effort to locate documents that could contradict its arguments, and produce those it believes contradict those positions." *Id.* at 11. Papst contends that "an objective standard should apply" not just Casio's beliefs. *Id.* at 10.

Papst finds itself in this negotiating position because the Court has stricken its discovery requests and formal discovery between these parties ended before the case was transferred to the undersigned as part of the MDL. Papst must now rely on both parties' obligations to treat each other in a civil and professional manner and, as ordered by the Court, to make its requests "succinct." *See, e.g.*, Third Order Regarding Casio/Papst Discovery [Dkt. # 102]. Nonetheless, both parties understand the gravamen of Papst's request.[1]

The Court orders Casio to make a reasonable effort to locate documents and things that could, objectively construed, contradict its arguments as to the alleged invalidity, non-infringement and/or unenforceability of the Patents-In-Suit and produce all such documents and things.

2. Papst asks for "[d]ocuments and things contradicting Casio's contentions as to interpretation, scope and meaning of the claims in the Patents-In-Suit, subject to the Court's Orders." *Id.* at 11. Casio argues that this request is not specific or succinct.

---

[1] Casio served a similar request on Papst.

The Court orders Casio to make a reasonable effort to locate documents and things that could, objectively construed, contradict Casio's contentions as to interpretation, scope and meaning of the claims in the Patents-In-Suit, subject to the Court's Orders, and to produce all such documents and things.

3. Papst requests "documents and things contradicting Casio's contentions with respect to the secondary considerations of non-obviousness or obviousness." *Id.* at 11. Casio argues that this request is not specific or succinct.

The Court orders Casio to make a reasonable effort to locate documents and things that could, objectively construed, contradict Casio's contentions with respect to the secondary considerations of non-obviousness or obviousness.

4. Papst requests "[d]ocuments sufficient to show whether the claims of the patents-in-suit [sic] read on each Casio digital camera that has been used, manufactured, sold, offered for sale, imported or shipped into the United States since October 22, 2002." *Id*. at 12. Papst explains that this is "a catch-all discovery request to ensure that Casio provides reasonable discovery on all the other claim elements beyond the Specific Features" as identified in the proposed discovery order. *Id.* Casio objects that it agreed to the Specific Features as a compromise and Papst should not be allowed to use a catch-all request to obviate that compromise.

It is unclear whether the parties have agreed to limit discovery to the Specific Features, as there was indication at the last status conference held on June 5, 2008, that they had done so. To the extent necessary, the Court orders Casio to respond to the catch-all request only insofar as the Specific Features agreed to by the parties require.

## II. Document Production

### A. Casio's Document Production to Papst

Casio has completed document production to Papst, except as affected by this Order and by the need to obtain permission from third parties for production. Both parties have agreed to June 13, 2008, as a reasonable date by which they will resolve any third-party issues. Should it be necessary, the parties shall bring third-party issues before the Court.

### B. Papst's Document Production to Casio

Although Papst has repeatedly assured the Court that it has completed document production to Casio, that is clearly not the case. The Court orders Papst to complete production to Casio by June 13, 2008, including all privileged documents that are not subject to Papst's Motion for Clarification (*see* Dkt. #101). Documents subject to Papst's Motion for Clarification, shall be produced no later than <u>July 9, 2008</u>.[2]

### C. Other Discovery

The parties agree that deposition and expert discovery shall proceed from Casio once Casio's pending motion to dismiss is ripe and decided by the Court.

Papst contends that it will seek leave of Court to obtain any other written discovery from Casio. Casio contends that there should be no more document production or written discovery between these parties as the Court has repeatedly ordered that written discovery in the *Casio* case is over.

---

[2] Papst's Motion for Clarification was decided on June 9, 2008, by the Court's Fifth Order Regarding Casio/Papst Discovery and its accompanying Memorandum Opinion. *See* Dkt. ## 123 & 124.

The Court confirms its prior orders[3] that written discovery in the *Casio* case is concluded once the parties have completed the discovery ordered herein and earlier.

**SO ORDERED.**


DATE: June 10, 2008                                    /s/
                                                       ROSEMARY M. COLLYER
                                                       United States District Judge

---

[3] *See e.g.*, Third Order Regarding Casio/Papst Discovery [Dkt. # 102].