UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PAPST LICENSING GMBH<br>& CO., KG LITIGATION<br><br>———————————————————<br><br>N.D. Ill. No. 08-1218<br><br>Papst Licensing GMBH & Co. KG<br>　　　　　Plaintiff,<br>v.<br><br>Ricoh Company, Ltd.,<br>Ricoh Americas Corporation and<br>Ricoh Corporation,<br>　　　　　Defendants. | Misc. Action No.: 07-493 (RMC)<br>MDL Docket No. 1880 |

**RICOH COMPANY, LTD. ANSWER, DEFENSES, AND
COUNTERCLAIMS TO PAPST'S COMPLAINT**

Defendant Ricoh Company, Ltd. ("RCL") responds to the Complaint For Patent Infringement filed by plaintiff Papst Licensing GmbH & Co. KG ("Papst"), with the following Answer, Defenses, and Counterclaims:

**GENERAL DENIAL**

Unless specifically admitted below, RCL denies each and every allegation set forth in the Complaint.

**RESPONSE TO JURISDICTION AND VENUE**

1.　　RCL admits the allegations in paragraph 1 of the Complaint.

2.　　RCL admits venue is proper in this venue. RCL notes the erroneous reference to the

District of Delaware.

3. RCL lacks knowledge or information sufficient to form a belief as to whether Papst is "a company existing under the laws of The Federal Republic of Germany with its principal place of business headquartered at Bahnofstrasse 33, 78112 St. Georgen, Germany."

4. RCL admits it has offices at the Ricoh Building, 8-13-1 Ginza Chuo-ku, Tokyo 104-8222, Japan.

5. RCL admits that it is a multinational company and that it conducts business in the Northern District of Illinois. RCL denies that it regularly transacts business in the Northern District of Illinois presently as its business has been merged into Ricoh Americas Corporation.

6. RCL admits the allegations in paragraph 6 of the Complaint.

**RESPONSE TO FACTS GIVING RISE TO THIS ACTION**

7. RCL denies the allegations in the first sentence of paragraph 7 of the Complaint. RCL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint, and on that basis denies those allegations.

8. RCL admits that United States Patent No. 6,470,399 B1 ("the `399 patent") was issued on October 22, 2002, but denies any further characterization of the `399 patent. RCL lacks knowledge or information sufficient to form a belief as to whether the `399 patent is duly and legally issued as alleged in paragraph 8 of the Complaint and therefore denies those allegations.

9. RCL admits that United States Patent No. 6,895,449 B2 ("the `449 patent") was issued on May 17, 2005, but denies any further characterization of the `449 patent. RCL lacks knowledge or information sufficient to form a belief as to whether the `449 patent is duly and legally issued as alleged in paragraph 9 of the Complaint and therefore denies those allegations.

10. RCL denies the allegations in paragraph 10 of the Complaint.

11. RCL denies the allegations in paragraph 11 of the Complaint.

12.     RCL denies the allegations in paragraph 12 of the Complaint.

13.     RCL admits that it received letters from Papst asserting patent infringement [**please confirm**], but denies any further characterization of these letters.

14.     RCL denies the allegations in paragraph 14 of the Complaint.

### RESPONSE TO DEMAND FOR JURY TRIAL

RCL admits that Papst has demanded a jury trial.

### RESPONSE TO PLAINTIFF'S REQUESTED RELIEF

RCL denies that Papst is entitled to any relief whatsoever against it in this action, either as requested in its Complaint or otherwise.

### RCL DEFENSES

Further answering Papst's Complaint, RCL alleges the following defenses:

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      RCL does not infringe and has not infringed any claim of the `399 and/or `449 patents (collectively, the "patents-in-suit"), either literally or under the doctrine of equivalents, by direct, contributory or induced infringement.

3.      The claims of the patents-in-suit are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

4.      Papst is estopped from construing the claims of the patents-in-suit to cover or include, either literally or by application of the doctrine of equivalents, methods used or devices manufactured, used, imported, sold, or offered for sale by RCL because of admissions, amendments, and statements to the PTO during prosecution of the application leading to the issuance of the patents-in-suits, disclosure or language in the specification of the patents-in-suits, and/or limitations in the claims of the patents-in-suits.

5.      The relief sought by Papst is barred in whole or in part by the doctrine of laches.

6.  Papst's claim for damages is statutorily limited by 35 U.S.C. §§ 286 and/or 287.

## RCL's COUNTERCLAIMS AND JURY DEMAND

Defendant Ricoh Company, Ltd. ("RCL") brings this counterclaim against Papst Licensing GmbH & Co, KG ("Papst") for a declaration that RCL products do not infringe two patents purportedly owned by Papst and that those two patents are invalid.

### Parties

1.  Defendant RCL is a Japanese corporation with its principal place of business at Ricoh Building, 8-13-1 Ginza Chuo-ku, Tokyo 104-8222, Japan .

2.  RCL imports and sells a wide range of consumer electronics products, including a small number of digital cameras.

3.  Papst has held itself out to be a company existing under the laws of The Federal Republic of Germany with its principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

4.  Upon information and belief, Papst does not manufacture or sell any consumer products. Its sole business is to acquire and attempt to license or enforce intellectual property rights.

### Patents-in-Suit

5.  Papst has held itself out to be the owner of United States Patent No. 6,470,399 B1 ("the '399 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless the Type of the I/O Device," which was issued on October 22, 2002.

6.  Papst has also held itself out to be the owner of United States Patent No. 6,895,449 B2 ("the '449 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless the Type of the I/O Device," which was issued on May 17, 2005.

7. Papst is prosecuting continuations and divisional applications of the `399 and the `449 patents with the United States Patent and Trademark Office, including pending application Nos. 11/467,073 and 11/467,092.

8. Papst has accused Defendant RCL's digital camera products of infringing the `399 patent and the `449 patent.

## Jurisdiction and Venue

9. This counterclaim arises under the Declaratory Judgment Act and the patent laws of the United States. See 28 U.S.C. §§ 2201 and 2202; Title 35 U.S.C. §§ 100 *et seq.*

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

11. This Court has personal jurisdiction over Papst by virtue of Papst's filing of the Complaint in this matter.

12. Venue in this judicial district is proper under at least 28 U.S.C. § 1391(c) and (d).

13. An actual and justiciable controversy exists between Defendant RCL, on the one hand, and Papst, on the other hand, concerning Papst's claims of infringement of the '399 and the '449 patents and concerning whether those patents are valid.

## COUNT 1
### (Declaratory Judgment of non-infringement and invalidity of the `399 patent)

14. RCL re-alleges and incorporates by reference its allegations in paragraphs 1 through 13 above as if fully set forth herein.

15. RCL has not directly infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the `399 patent, nor is RCL, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the `399 patent.

16.     The `399 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

17.     An actual and justiciable controversy exists between RCL and Papst regarding the alleged infringement and validity of the `399 patent by virtue of the complaint filed by Papst alleging that RCL is or has been infringing the `399 patent.

18.     This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling RCL to an award of its attorneys' fees.

## COUNT II
**(Declaratory Judgment of non-infringement and invalidity of the '449 patent)**

19.     RCL re-alleges and incorporates by reference its allegations in paragraphs 1 through 18 above as if fully set forth herein.

20.     RCL has not directly infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the `449 patent, nor is RCL, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the `449 patent.

21.     The `449 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

22.     An actual and justiciable controversy exists between RCL and Papst regarding the alleged infringement and validity of the `449 patent by virtue of the complaint filed by Papst alleging that RCL is or has been infringing the `449 patent.

23.     This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling Defendant RCL to an award of its attorneys' fees.

24. RCL expressly reserves the right to amend these Counterclaims to add declaratory judgment counts with respect to any continuation or divisional applications relating to the '399 and '449 patents that may issue after the date these Counterclaims are filed.

### Prayer For Relief

WHEREFORE, RCL prays this Court for the following relief:

1. A declaration that RCL has not infringed, and is not infringing, the '399 or '449 patents;

2. A declaration that RCL has not infringed, and is not infringing, any of the claims of any continuation or divisional application relating to the '399 and '449 patents that may hereafter issue;

3. A declaration that each of the claims of the '399 and '449 patents is invalid;

4. An injunction prohibiting Papst from alleging infringement of the '399 and '449 patents by RCL and its customers;

5. An award of damages that RCL has sustained;

6. A declaration that this case is exceptional under 35 U.S.C. § 285, and RCL should be awarded its reasonable attorneys' fees, costs, and expenses incurred in connection with this action; and

7. Such other further relief as the Court deems just and proper.

## Jury Demand

Ricoh Company, Ltd. demands a jury trial on all issues so triable.

Date:   June 12, 2008

                              Respectfully submitted,

                              /s/ Paul Devinsky
                              Paul Devinsky – D.C. Bar No. 250373
                              McDermott Will & Emery LLP
                              Attorney for Ricoh Company, Ltd.
                              600 Thirteenth Street, N.W.
                              Washington, D.C.  20005-3096
                              202.756.8369 – Facsimile:  202.756.8087

Of Counsel:

Jack Q. Lever
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
202.756.8000
202.756.8087

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on this 12th day of June, 2008, a copy of the foregoing RICOH COMPANY, LTD. ANSWER, DEFENSES, AND COUNTERCLAIMS TO PAPST'S COMPLAINT was served by first class mail, postage prepaid on the following:

**J. Kevin Fee**
MORGAN, LEWIS & BOCKIUS, L.L.P.
1111 Pennsylavania Avenue, NW
Washington, DC 20004-2541

**Steven John Routh**
**Adam K. Levin**
**Sten Jensen**
HOGAN & HARTSON L.L.P.
555 13th Street, NW
Washington, DC 20004-1109

**Robert F. Muse**
STEIN, MITCHELL & MEZINES LLP
1100 Connecticut Avenue, NW
Suite 1100
Washington, DC 20036-4195

**James P. White**
**Joseph E. Cwik**
WELSH & KATZ, LTD.
120 South Riverside Plaza
22nd Floor
Chicago, IL 60606

**Rachel M. Capoccia**
**Richard de Bodo**
HOGAN & HARTSON LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067

**Richard L. Horwitz**
POTTER ANDERSON & CORROON, LLP
1313 North Market Street
P.O. Box 951
6th Floor
Wilmington, DE 19899-0951

**Patrick J. Kelleher**
DRINKER BIDDLE GARDNER CARTON
191 N. Wacker Drive
Suite 3700
Chicago, IL 60606-1698

Dated: June 12, 2008

                          Respectfully Submitted,

                          /s/ Paul Devinsky
                    Paul Devinsky  (D.C. Bar No. 250373)
                    McDermott Will & Emery LLP
                    600 Thirteenth Street, N.W.
                    Washington, D.C.  20005-3096
                    Telephone:  202.756.8000

                    *Attorney for Defendant*
                    *Ricoh Company, Ltd.*

WDC99 1554578-1.044029.0022