IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. KG LITIGATION<br><br>This Document Relates To:<br>08-cv-865 | Misc. Action No. 07-493 (RMC)<br>MDL Docket No. 1880<br><br>**JURY DEMAND** |

**PAPST LICENSING'S ANSWER TO HEWLETT-PACKARD COMPANY'S
FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Defendant, Papst Licensing GmbH & Co. KG ("Papst"), answers the First Amended Complaint of Plaintiff, Hewlett-Packard Company ("HP") as follows:

**NATURE OF THE ACTION**

1. This action is based on the patent laws of the United States, Title 35 of the United States Code. Defendant has asserted rights under U.S. Patent Nos. 6,470,399 ("the '399 patent) and 6,895,449 ("the '449 patent")(collectively, "the patents-in-suit") based on certain ongoing activity by HP, and HP contends that it has the right to engage in this activity without license. True and correct copies of the patents-in-suit are attached hereto as Exhibits A and B. HP thus seeks a declaration that it does not infringe the patents-in-suit and/or that the patents-in-suit are invalid.

ANSWER: Papst admits that it has asserted rights under U.S. Patent Nos. 6,470,399 and 6,895,449 against HP based on HP's infringing activities, and Papst admits that copies of U.S. Patent Nos. 6,470,399 and 6,895,449 were attached to the complaint filed by HP; otherwise, this paragraph contains Plaintiffs' characterization of the action and to which no answer is required, but insofar as an answer is required, denied.

## Parties

2. Plaintiff HP is a corporation organized under the laws of Delaware, with its headquarters at 3000 Hanover Street, Palo Alto, California.

ANSWER:  Papst states that it is without knowledge of information sufficient to form a belief as to the truth of these averments in this paragraph.

3. On information and belief, Papst is a company existing under the laws of The Federal Republic of Germany with a place of business at Bahnofstrasse 33, 78112 St. Georgen, Germany.

ANSWER:   Admit.

## JURISDICTION AND VENUE

4. This is a civil action regarding allegations of patent infringement arising under patent laws of the United States, Title 35 of the United States Code, in which HP seeks declaratory relief under the Declaratory Judgment Act. Thus, the court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

ANSWER:  Papst admits that the court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202; otherwise this paragraph contains Plaintiffs' characterization of the action and to which no answer is required, but insofar as an answer is required, denied.

5. An actual controversy exists between HP and Defendant by virtue of Defendants assertion of rights under the patents-in-suit based on certain ongoing activity by HP.

ANSWER:  Admit.

6. HP contends that it has a right to engage in making, using, offering to sell, and selling its products, including its digital camera products, without license from Defendant.

ANSWER:  Admit that HP contends that it has a right to engage in making, using, offering to sell, and selling its products, including its digital camera products, without license from Defendant, but deny the substance of the averments in this paragraph.

7. The United States District Court for the Northern District of California has personal jurisdiction over Defendant because Defendant has established certain minimum contacts with California such that the exercise of personal jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

ANSWER:  Deny.

8. Venue is proper in the United States District Court for the Northern District of California Court pursuant to 28 U.S.C. § 1391 because Defendant is an alien entity and therefore subject to suit in any district.

ANSWER:  Deny.

## FACTUAL BACKGROUND

9. HP is a leading provider of imaging and printing-related products and services, including, among other things, digital cameras.

ANSWER:  Admitted that HP is a provider of digital cameras; otherwise Papst states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

10. On information and belief, Defendant is a patent licensing company that neither makes nor sells any products or services.

ANSWER:  Papst admits that it does not currently manufacture or sell any products.  Further answering, Papst admits that it does license and enforce certain U.S. patents; otherwise Papst denies any and all remaining averments of Paragraph No. 10.

11. The '399 patent is entitled "Flexible interface for communication between a host and an analog I/O device connected to the interface regardless the type of the I/O device."  The '399 patent on its face states that it issued on October 22, 2002.  On its face, the '399 patent appears to have been

originally assigned to Labortechnik Tasler GmbH. Defendant has asserted all right, title, and interest in the '399 patent.

ANSWER:  Admit.

12. The '449 patent is entitled "Flexible interface for communication between a host and an analog I/O device connected to the interface regardless the type of the I/O device." The '449 patent on its face states that it issued on May 17, 2005. On its face, the '449 patent appears to have been originally assigned to Labortechnik Tasler GmbH. Defendant has asserted all right, title, and interest in the '449 patent.

ANSWER:  Admit.

13. HP believes that its products, including its digital camera products, do not infringe the patents-in-suit and that the claims of the patents-in-suit are invalid and enforceable. Accordingly, an actual controversy exists between HP and Defendant as to whether HP's manufacture, use or sale of products infringes any valid and enforceable claim of the patents-in-suit. Absent a declaration, non-infringement and/or invalidity, Defendant will continue to wrongly assert the patents-in-suit against HP, and thereby cause HP irreparable harm.

ANSWER:  Papst states that it is without knowledge or information sufficient to form a belief as to what HP believes, and therefore denies the substance of such allegations. Papst admits that there exists an actual controversy between Papst and HP. Papst denies any and all remaining averments in this paragraph.

## FIRST CAUSE OF ACTION

(Declaratory Judgment of Non-Infringement of the '399 Patent)

14. HP hereby incorporates by reference its allegations contained in paragraphs 1 through 13 of this Complaint as through fully set forth herein.

ANSWER:  Papst incorporates its responses to paragraphs 1 through 13 as if fully set forth herein.

15. Defendant contends that products imported, made, used, sold or offered for sale by HP infringe the '399 patent.

ANSWER:  Admit that certain HP products that are imported, made, used, sold or offered for sale by HP infringe the '399 patent.

16. HP denies Defendant's contentions and that HP alleges that HP's products do not directly or indirectly infringe the '399 patent.

ANSWER:  Admit that HP denies Defendant's contentions and alleges that HP's products do not directly or indirectly infringe the '399 patent, but deny the substance of the averments of this paragraph.

17. An actual controversy thus exists between HP and Defendant as to whether the accused products infringe the '399 patent.

ANSWER:  Admit.

18. Accordingly, HP seeks and is entitled to a judgment against Defendant that it did not infringe and has not infringed, directly or indirectly, contributorily or by inducement, the '399 patent.

ANSWER:  Admit that HP apparently seeks a judgment against Defendant that it did not infringe and has not infringed, directly or indirectly, contributorily or by inducement, the '399 patent, but denies that HP is in any way entitled to such a judgment.

## SECOND CAUSE OF ACTION

(Declaratory Judgment of Invalidity of the '399 Patent)

19. HP hereby incorporates by reference its allegations contained in paragraphs 1 through 13 of this Complaint as though fully set forth herein.

ANSWER:  Papst hereby incorporates by reference its allegations contained in paragraphs 1 through 13 of this Complaint as through fully set forth herein.

20. Defendant contends that the '399 patent is valid.

ANSWER:  Admit.

21. HP denies Defendant's contention and alleges that the '399 patent is invalid. The '399 patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United States Code. No claim of the '399 patent can be validly construed to cover any products imported, made, used, sold or offered for sale by HP and the alleged invention of the '399 patent is taught by, suggested by, and/or obvious in view of, the prior art.

ANSWER: Deny.

22. An actual controversy thus exists between HP and Defendant as to whether the '399 patent is valid.

ANSWER: Admit.

23. Accordingly, HP seeks and is entitled to a judgment against Defendant that the '399 patent is invalid.

ANSWER: Admit that HP seeks a judgment against Defendant that the '399 patent is invalid, but denies that HP is in any way entitled to such a judgment.

## THIRD CAUSE OF ACTION

(Declaratory Judgment of Non-Unenforceability of the '399 Patent)

24. HP hereby incorporates by reference its allegations contained in paragraphs 1 through 13 of this Complaint as though fully set forth herein.

ANSWER: Papst hereby incorporates by reference its allegations contained in paragraphs 1 through 13 of this Complaint as through fully set forth herein.

25. Defendant contends that '399 patent is enforceable.

ANSWER: Admit.

26. HP denies Defendant's contentions and alleges that the '399 patent is unenforceable by reason of the patent having been procured through inequitable conduct and fraud.

ANSWER:  Admit that HP denies Defendant's contentions and alleges that the '399 patent is unenforceable by reason of the patent having been procured through inequitable conduct and fraud, but deny the substance of the averments of this paragraph.

27. In or about 1996, Michael Tasler, the sole named inventor of the '399 patent, authored a thesis entitled *Design and Construction of a Universal Data Acquisition and Control System for Scanning Probe Microscopy* (the "Thesis"). The Thesis was in partial fulfillment of the requirements for Mr. Tasler's Master of Arts degree at the University of Texas at Austin. A true and correct copy of the Thesis is attached hereto as Exhibit C.

ANSWER:  Papst admits that a copy of a document entitled *Design and Construction of a Universal Data Acquisition and Control System for Scanning Probe Microscopy* which lists Michael Tasler as the author is attached as Exhibit C to HP's First Amended Complaint; otherwise Papst Licensing is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

28. On information and belief, the Thesis was published and made publicly available on or about 1996, before the filling of the application for the '399 patent, and is prior art to the '399 patent.  Mr. Tasler, as an author of the Thesis, was aware of the publication of the Thesis.

ANSWER:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

29. The Thesis is material because a reasonable examiner would have considered the information contained in the Thesis important in deciding whether to allow the applications to issue into the '399 and '449 patents.

ANSWER:  Deny.

30. The thesis is directed toward an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port. Ex. C., p. 1, 19.  The thesis is directed to solving the same two problems as the patents, *i.e.* PCs are not fast enough to handle the large amount of data

7

using a direct connection to the scanning electron microscope (p. 14), and the printer port provides compatibility with many different hosts because it is standard on most PCs. Ex. C, p. 19. The Thesis describes "a Universal Data Acquisition and Control System for Scanning Probe Microscopy" that interfaces with a PC through the standard printer port. Ex. C, p. 1, 19. The Thesis further describes the system as comprising a DSP Motherboard with memory (p. 18), a first connection device for interfacing with the PC through the standard printer port (p. 19-21), a second connecting device, the TLC320AC01, for interfacing the STM scanner with the DSP Motherboard (p. 4-7, 23), where the DSP Motherboard is configured to communicate with the PC via the printer port (p. 19-20) and includes software that communicates with the PC via the standard printer port (p. 30-31).

ANSWER:  The averments in this paragraph are Plaintiff's incomplete characterization and interpretation of the document Plaintiff attached as Exhibit C to the First Amended Complaint, but insofar as an answer is required, denied.

31. Mr. Tasler and, on information and belief, others substantially involved in the prosecution of the application resulting in the '399 patent were aware or should have been aware of the Thesis and its contents during the time that the application resulting in the '399 patent was pending in the Patent and Trademark Office.

ANSWER: Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

32. During the time that the application resulting in the '399 patent was pending in the Patent and Trademark Office, the Thesis was never disclosed to the patent examiner.

ANSWER:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

33. On information and belief, Mr. Tasler and/or others substantially involved in the prosecution of the application resulting in the '399 patent intentionally failed to disclose the Thesis with the

8

intent to deceive or mislead the patent examiner, and/or acted in reckless disregard of their duty to disclose material information.

ANSWER:  Deny.

34. An actual controversy thus exists between HP and Defendant as to whether the '399 patent is enforceable.

ANSWER:  Admit.

35. Accordingly, HP seeks and is entitled to a judgment against Defendant that the '399 patent is unenforceable.

ANSWER:  Admit that HP seeks a judgment against Defendant that the '399 patent is unenforceable, but denies that HP is in any way entitled to such a judgment.

## FOURTH CAUSE OF ACTION

(Declaratory Judgment of Invalidity of the '449 Patent)

36. HP hereby incorporates by reference its allegations contained in paragraphs 1 through 14 of this Complaint as though fully set forth herein.

ANSWER:  Papst hereby incorporates by reference its allegations contained in paragraphs 1 through 14 of this Complaint as through fully set forth herein.

37. Defendant contends that products imported, made, used, sold or offered for sale by HP infringe the '449 patent.

ANSWER:  Admit.

38. HP denies Defendant's contention and alleges that HP's products do not directly or indirectly infringe the '449 patent.

ANSWER:  Admit that HP denies Defendant's contention and alleges that HP's products to not directly or indirectly infringe the '449 patent, but deny the substance of the averments of this paragraph.

9

39. An actual controversy thus exists between HP and Defendant as to whether the '449 patent is valid.

ANSWER:  Admit.

40. Accordingly, HP seeks and is entitled to a judgment against Defendant that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, the '449 patent.

ANSWER:  Admit that HP apparently seeks a judgment against Defendant that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, the '449 patent, but denies that HP is in any way entitled to such a judgment.

### FIFTH CAUSE OF ACTION

(Declaratory Judgment of Invalidity of the '449 Patent)

41. HP hereby incorporates by reference its allegations contained in paragraphs 1 through 14 of this complaint as though fully set forth herein.

ANSWER:  Papst incorporates its responses to paragraphs 1 through 14 as if fully set forth herein.

42. Defendant contends that the '449 patent is valid.

ANSWER:  Admit.

43. HP denies Defendant's contention and alleges that the '449 patent is invalid.  The '449 patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United States Code.  No claim of the '449 patent can be validly construed to cover any products imported, made, used, sold or offered by sale by HP and the alleged invention of the '449 patent is taught by, suggested by, and/or obvious in view of, the prior art.

ANSWER:  Deny.

44. An actual controversy thus exists between HP and Defendant as to whether the '449 patent is valid.

ANSWER:  Admit.

10

45. Accordingly, HP seeks and is entitled to a judgment against Defendant that the '449 patent is invalid.

ANSWER: Admit that HP apparently seeks a judgment against Defendant that the '449 patent is invalid, but denies that HP is in any way entitled to such a judgment.

## SIXTH CAUSE OF ACTION

(Declaratory Judgment of Unenforceability of the '449 Patent)

46. HP hereby incorporates by reference its allegations contained in paragraphs 1 through 14 and 25 through 35 of this Complaint as though fully set forth herein.

ANSWER: Papst incorporates its responses to paragraphs 1 through 14 and 25 through 35 as if fully set forth herein.

47. Defendant contends that the '449 patent is enforceable.

ANSWER: Admit.

48. HP denies Defendant's contention and alleges that the '449 patent is unenforceable by reason of the patent having been procured through inequitable conduct and fraud.

ANSWER: Admit that HP denies Defendant contention and alleges that the '449 patent is unenforceable by reason of the patent having been procured through inequitable conduct and fraud, but deny the substance of the averments of this paragraph.

49. In or about 1996, Michael Tasler, the sole named inventor of the '449 patent, authored the Thesis.

ANSWER: Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

50. On information and belief, the Thesis was published and made publicly available on or about 1996, before the filing of the application for the '449 patent, and is prior art to the '449 patent. Mr. Tasler, as an author of the Thesis, was aware of the publication of the Thesis.

11

ANSWER:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

51. The Thesis is material because a reasonable examiner would have considered the information contained in the Thesis important in deciding whether to allow the applications to issue into the '399 and '449 patents.

ANSWER:  Deny.

52. The thesis is directed toward an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port. Ex. C., p. 1, 19.  The thesis is directed to solving the same two problems as the patents, *i.e.* PCs are not fast enough to handle the large amount of data using a direct connection to the scanning electron microscope (p. 14), and the printer port provides compatibility with many different hosts because it is standard on most PCs. Ex. C, p. 19. The Thesis describes "a Universal Data Acquisition and Control System for Scanning Probe Microscopy" that interfaces with a PC through the standard printer port. Ex. C, p. 1, 19.  The Thesis further describes the system as comprising a DSP Motherboard with memory (p. 18), a first connection device for interfacing with the PC through the standard printer port (p. 19-21), a second connecting device, the TLC320AC01, for interfacing the STM scanner with the DSP Motherboard (p. 4-7, 23), where the DSP Motherboard is configured to communicate with the PC via the printer port (p. 19-20) and includes software that communicates with the PC via the standard printer port (p. 30-31).

ANSWER: The averments in this paragraph are Plaintiff's incomplete characterization and interpretation of the document Plaintiff attached as Exhibit C to the First Amended Complaint, but insofar as an answer is required, denied.

53. Mr. Tasler and, on information and belief, others substantially involved in the prosecution of the application resulting in the '449 patent were aware of the Thesis and its contents during the time that the application resulting in the '449 patent was pending in the Patent and Trademark Office.

ANSWER:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

54. During the time that the application resulting in the '449 patent was pending in the Patent and Trademark Office, the Thesis was never disclosed to the patent examiner.

ANSWER:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

55. On information and belief, Mr. Tasler, and/or others substantially involved in the prosecution of the application resulting in the '449 patent intentionally failed to disclose the Thesis with the intent to deceive of mislead the patent examiner, and/or acted in reckless disregard of their duty to disclose material information.

ANSWER:  Deny.

56. An actual controversy thus exists between HP and Defendant as to whether the '449 patent is enforceable.

ANSWER:  Admit.

57. Accordingly, HP seeks and is entitled to a judgment against Defendant that the '449 patent is enforceable.

ANSWER:  Admit that HP seeks a judgment against Defendant that the '449 patent is unenforceable, but denies that HP is in any way entitled to such a judgment.

*Unless specifically admitted above, Papst denies each and every allegation and averment set forth in HP's complaint and Papst denies that HP is entitled to any relief in this action either as requested in its complaint or otherwise.*

## JURY DEMAND

Papst demands a trial by jury on all issues triable by jury as of right.

**PAPST LICENSING'S COUNTERCLAIM**

Papst for its counterclaim for patent infringement against Hewlett-Packard Company ("HP"), state as follows:

58. Papst is a corporation existing under the laws of The Federal Republic of Germany, and has a principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

59. HP has alleged that it is a Delaware corporation with its principal place of business located at 3000 Hanover Street, Palo Alto, California.

**Jurisdiction and Venue**

60. This Court has federal question jurisdiction of this counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this counterclaim arises under the patent laws of the United States. 35 U.S.C. §§ 1, *et seq.*

**Patents At Issue**

61. Papst is the lawful owner, by assignment of the entire right, title, and interest in and to the United States patents identified in paragraphs 62 and 63 below.

62. United States Patent No. 6,895,449 ("the '449 patent") duly and legally issued on May 17, 2005.

63. United States Patent No. 6,470,399 ("the '399 patent") duly and legally issued on October 22, 2002.

**Claim for Relief**

64. Papst repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

65. HP has alleged that it has been and is engaged in making, using, offering for sale and selling products, and selling products, including digital cameras to customers in the United States, or imported into the United States, and upon information and belief, that such products embody the

elements of one or more claims of the '449 and '399 patents, and therefore, infringe those patents under the U.S. patent laws, 35 U.S.C. §271.

66. Upon information and belief, a reasonable opportunity for further investigation is likely to provide evidentiary support that HP has committed the said infringements willfully.

67. Upon information and belief, HP has been and still is committing the said infringements and will continue to do so unless enjoined by this Court.

68. These actions by HP have damaged Papst in an amount to be determined at trial and have caused, and will continue to cause Papst irreparable injury for which Papst has no adequate remedy at law.

## JURY DEMAND

Papst demands a trial by jury on all issues triable by jury as of right.

## PRAYER FOR RELIEF

**WHEREFORE**, Papst Licensing prays for relief as set forth below:

A. Declare that HP has infringed the '449 patent and the '399 patent as set forth herein;

B. Order that HP and each of its employees, servants, agents, and persons in active concert with them be preliminarily and permanently enjoined from making, using, selling, or offering for sale products that infringe the '449 patent and the '399 patent;

C. Order the impounding for destruction all of HP's products that infringe the '449 patent and the '399 patent;

D. Award Papst damages adequate to compensate for HP's infringements;

E. Order that Papst be awarded monetary relief including:

    (i) Compensatory damages in an amount to sufficiently compensate Papst for HP's infringements;

    (ii) All damages sustained by Papst as a result of HP's acts of infringement; and

      (iii)    An increase of damages to three times the amount found or assessed;

F.    Award Papst interest, costs, and attorney's fees; and

G.    Award Papst such other and further relief, as this Court deems just and appropriate.

Dated: June 13, 2008        By:    /S/ Robert F. Muse
Robert F. Muse (Bar No. 166868)
STEIN, MITCHELL & MEZINES LLP
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036
(202) 737-7777
(202) 296-8312 (fax)

James P. White
Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606
(312) 655-1500
(312) 655-1501 (fax)

**Attorneys for Papst Licensing GmbH & Co. KG**

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that a copy of the foregoing **PAPST LICENSING'S ANSWER TO HEWLETT-PACKARD COMPANY'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT** was served on this 13th day of June, 2008 upon the attorneys for the Camera Manufacturers as follows:

*For The Casio Parties* (via e-mail)*:*
Laura Krawczyk
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Phone:  (212) 309-6000
Fax:  (212) 309-6001
lkrawczyk@morganlewis.com

J. Kevin Fee
Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
jkfee@morganlewis.com

Scott D. Stimpson
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
stimpsonlaw@gmail.com

*For The Samsung Parties* (via e-mail)*:*
Patrick J. Kelleher
Drinker Biddle Gardner Carton
191 North Wacker Drive
Suite 3700
Chicago, IL 60606-1698
Phone:  (312) 569-1375
Fax:  (312) 569-3375
Patrick.kelleher@dbr.com

*Camera Manufacturers' Administrative Counsel and*
*For The Fujifilm Parties* (via e-mail)*:*
Steven J. Routh
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Phone:  (202) 637-5600
Fax:  (202) 637-5910
sjrouth@hhlaw.com

Sten Jensen
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Phone:  (202) 637-6465
Fax:  (202) 637-5910
sajensen@hhlaw.com

*For the Olympus Parties* (via e-mail)*:*
Richard deBodo
Rachel M. Cappoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone:  (310) 785-4694
Fax:  (310) 785-4601
rdebodo@hhlaw.com
rmcappoccia@hhlaw.com

*For The Matsushita and Victory Company of Japan Parties* (via e-mail):
Richard deBodo
Rachel M. Capoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone: (310) 785-4694
Fax: (310) 785-4601
rdebodo@hhlaw.com
rmcapoccia@hhlaw.com

Adam K. Levin, Esq.
Hogan & Hartson LLP
555 13th Street, NW
Washington, DC 20004
aklevin@hhlaw.com

*For the Ricoh Parties* (via e-mail):
Michael Switzer
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606-5096
Phone:  (312) 984-3666
Fax:  (312) 984-7700
mswitzer@mwe.com

Richard L. Horwitz
Potter Anderson & Corroon, LLP
1313 North Market Street, 6th Floor
PO Box 951
Wilmington, DE 19899
Phone:  (302) 984-6000
Fax:  (302) 658-1192
rhorwitz@potteranderson.com

*For Hewlett-Packard Company* (via email):
Charlene M. Morrow
Heather N. Mewes
Fenwick & West LLP
555 California Street, Suite 1200
San Francisco, CA 94104
Phone:  (415) 875-2300
Fax:  (415) 281-1350
cmorrow@fenwick.com
hmewes@fenwick.com

*Attorneys For Nikon*
David L. Witcoff
Marc S. Blackman
Jones Day
77 West Wacker Drive
Chicago, IL 60601
Phone:  (312) 782-3939
Fax:  (312) 782-8585
dlwitcoff@jonesday.com
msblackman@jonesday.com

/s/ Robert F. Muse_____
Attorney for Papst Licensing GmbH & Co. KG