**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE PAPST LICENSING GMBH & CO. KG LITIGATION** <br><br> **This Document Relates To:** <br> **1:08-cv-00985** | **Misc. Action No. 07-493 (RMC)** <br> **MDL Docket No. 1880** <br><br> **DEMAND FOR JURY TRIAL** |

**PAPST LICENSING'S GmbH & CO. KG'S REPLY TO**
**NIKON, INC.'S COUNTERCLAIMS**

Plaintiff Papst Licensing GmbH & Co. KG ("Papst") answers the counterclaims of Defendant Nikon, Inc. ("Nikon Inc.") as follows:

**THE PARTIES**

1. Nikon, Inc. is a corporation incorporated under the laws of the State of New York having its principal place of business at 1300 Walt Whitman Road, Melville, New York 11747.

   REPLY:  Papst admits that, upon information and belief, Nikon is a New York corporation based at 1300 Walt Whitman Road, Melville, New York 11747.

2. Upon information and belief, Papst is a company existing under the laws of The Federal Republic of Germany having its principal place of business at Bahnofstrasse 33, 78112 St. Georgen, Germany.

   REPLY:  Admit.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

   REPLY:  Admit.

1

4. This Court has personal jurisdiction over Papst by virtue of its having consented to the jurisdiction of this Court by filing its Complaint.

REPLY:  Admit.

5. Venue is proper in this District under 28 U.S.C. § 1391.

REPLY:  Admit.

## COUNTERCLAIM COUNT I
## DECLARATORY JUDGMENT FOR INVALIDITY
## AND NON-INFRINGEMENT OF U.S. PATENT NO. 6,470,399

6. Nikon Inc. realleges and incorporates by reference paragraphs 1 through 5 of these Counterclaims.

REPLY:  Papst incorporates by reference its answers to paragraphs 1 through 5 above as if fully set forth herein.

7. United States Patent No. 6,470,399 ("the '399 patent") is entitled "Flexible Interface For Commission Between A Host And An Analog I/O Device Connected To The Interface Regardless The Type Of The I/O Device" and issued on October 22, 2002.  Papst claims that it owns the '399 patent.

REPLY:  Admit.

8. Papst has asserted that Nikon Inc. has infringed and is infringing the '399 patent.

REPLY:  Admit.

9. Nikon Inc. has not directly infringed, contributorily infringed or induced infringement of and does not directly infringe, contributorily infringe or induce infringement of any claim of the '399 patent.

REPLY:  Deny.

10.     One or more claims of the '399 patent are invalid for failing to comply with the conditions for patentability set forth in Title 35, United States Code § 101 *et. Seq.,* including, without limitation, §§ 101, 102, 103 and/or 112.

     REPLY:  Deny.

11.     An actual and justifiable controversy exists between the parties hereto regarding the infringement and validity of the '399 patent.

     REPLY:  Admit.

12.     A judicial declaration is necessary and appropriate at this time.  Papst's assertion of patent infringement will irreparably injure and will continue to injure Nikon Inc.  Nikon Inc. has no adequate remedy at law.

     REPLY:  Papst admits that a judicial determination of infringement is necessary and appropriate at this time; otherwise denied.

**COUNTERCLAIM COUNT II
DECLARATORY JUDGMENT FOR INVALIDITY
AND NON-INFRINGEMENT OF U.S. PATENT NO. 6,895,449**

13.     Nikon Inc. realleges and incorporates by reference paragraphs 1 through 12 of these Counterclaims.

     REPLY:  Papst incorporates by reference its answers to paragraphs 1 through 12 above as if fully set forth herein.

14.     United States Patent No. 6,895,449 ("the '449 patent") is entitled "Flexible Interface For Communication Between A Host And An Analog I/O Device Connected To The Interface Regardless The Type Of The I/O Device" and issued on May 17, 2005.  Papst claims that it owns the '449 patent.

REPLY: Admit.

15. Papst has asserted that Nikon Inc. has infringed and is infringing the '449 patent.

REPLY: Admit.

16. Nikon Inc. has not directly infringed, contributorily infringed or induced infringement of and does not directly infringe, contributorily infringe or induce infringement of any claim of the '449 patent.

REPLY: Deny.

17. One or more claims of the '449 patent are invalid for failing to comply with the conditions for patentability set forth in Title 35, United States Code § 101 *et. Seq.,* including, without limitation, §§ 101, 102, 103 and/or 112.

REPLY: Deny.

18. An actual and justifiable controversy exists between the parties hereto regarding the infringement and validity of the '449 patent.

REPLY: Admit.

19. A judicial declaration is necessary and appropriate at this time. Papst's assertion of patent infringement will irreparably injure and will continue to injure Nikon Inc. Nikon Inc. has no adequate remedy at law.

REPLY: Papst admits that a judicial determination of infringement is necessary and appropriate at this time; otherwise denied.

## Reply to Nikon, Inc's Requested Relief

Papst denies that Nikon, Inc. is entitled to any relief in this action either as requested in its counterclaims or otherwise.

## Papst's Defenses

1. The counterclaims fail to state a claim upon which relief can be granted.

2. Nikon, Inc. does infringe the '399 and '449 patents directly and/or indirectly.

3. The claims of the '399 and the '449 patents are valid and enforceable.

## DEMAND FOR JURY TRIAL

Papst respectfully requests a trial by jury of all issues so triable.

Dated: June 18, 2008          By:   /S/ Robert F. Muse
                                    Robert F. Muse (Bar No. 166868)
                                    STEIN, MITCHELL & MEZINES LLP
                                    1100 Connecticut Avenue, N.W.
                                    Suite 1100
                                    Washington, DC 20036
                                    (202) 737-7777
                                    (202) 296-8312 (Fax)

                                    James P. White
                                    Jerold B. Schnayer
                                    Joseph E. Cwik
                                    WELSH & KATZ, LTD.
                                    120 South Riverside Plaza, 22nd Floor
                                    Chicago, IL 60606
                                    (312) 655-1500
                                    (312) 655-1501 (fax)
                                    **Attorneys for Papst Licensing GmbH & Co. KG**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing PAPST LICENSING'S GmbH & CO. KG'S REPLY TO NIKON, INC.'S COUNTERCLAIMS was served on this the 18th day of June, 2008 upon the attorneys for the Camera Manufacturers through the United States District Court for the District of Columbia ECF System unless otherwise noted as follows:

*For The Casio Parties* (via e-mail)*:*
Laura Krawczyk
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Phone:  (212) 309-6000
Fax:  (212) 309-6001
lkrawczyk@morganlewis.com

J. Kevin Fee
Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
jkfee@morganlewis.com

Scott D. Stimpson
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
stimpsonlaw@gmail.com

*For The Samsung Parties* (via e-mail)*:*
Patrick J. Kelleher
Drinker Biddle Gardner Carton
191 North Wacker Drive
Suite 3700
Chicago, IL 60606-1698
Phone:  (312) 569-1375
Fax:  (312) 569-3375
Patrick.kelleher@dbr.com

*Camera Manufacturers' Administrative Counsel and*
*For The Fujifilm Parties* (via e-mail)*:*
Steven J. Routh
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.

Washington, DC 20004
Phone:  (202) 637-5600
Fax:  (202) 637-5910
sjrouth@hhlaw.com

Sten Jensen
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Phone:  (202) 637-6465
Fax:  (202) 637-5910
sajensen@hhlaw.com

***For the Olympus Parties*** (via e-mail)*:*
Richard deBodo
Rachel M. Capoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone:  (310) 785-4694
Fax:  (310) 785-4601
rdebodo@hhlaw.com
rmcapoccia@hhlaw.com

***For The Matsushita and Victory Company of Japan Parties*** (via e-mail):
Richard deBodo
Rachel M. Capoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone: (310) 785-4694
Fax: (310) 785-4601
rdebodo@hhlaw.com
rmcapoccia@hhlaw.com

Adam K. Levin, Esq.
Hogan & Hartson LLP
555 13th Street, NW
Washington, DC 20004
aklevin@hhlaw.com

***For the Ricoh Parties*** (via e-mail):
Michael Switzer
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606-5096
Phone: (312) 984-3666
Fax: (312) 984-7700
mswitzer@mwe.com

Richard L. Horwitz
Potter Anderson & Corroon, LLP
1313 North Market Street, 6th Floor
PO Box 951
Wilmington, DE 19899
Phone: (302) 984-6000
Fax: (302) 658-1192
rhorwitz@potteranderson.com

***For Hewlett-Packard Company*** (via email):
Charlene M. Morrow
Heather N. Mewes
Fenwick & West LLP
555 California Street, Suite 1200
San Francisco, CA 94104
Phone: (415) 875-2300
Fax: (415) 281-1350
cmorrow@fenwick.com
hmewes@fenwick.com

***For the Nikon Parties*** (via e-mail):
David L. Witcoff
Marc S. Blackman
Jones Day
77 West Wacker Drive
Chicago, IL 60601
Phone: (312) 782-3939
Fax: (312) 782-8585
dlwitcoff@jonesday.com
msblackman@jonesday.com

/s/ Robert F. Muse
Attorney for Papst Licensing GmbH & Co. KG