IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re: PAPST LICENSING GmbH Patent Litigation<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Misc. Action No. 07-493 (RMC)<br><br>MDL Docket No. 1880 |

**PAPST'S AGREED MOTION FOR EXTENSION OF TIME TO COMPLETE PRIVILEGE LOGS AND TO DELIVER TO PAPST'S PROSECUTION COUNSEL NON-CONFIDENTIAL MATERIALS THAT MAY CONSTITUTE PRIOR ART**

**I.     Request for Extension of Time**

Paragraph 19 of the Court's April 8, 2008 Second Practice & Procedure Order provides that "[i]nitial privilege logs shall be produced no later than June 25, 2008." Papst has notified the Camera Manufacturers that, while it is prepared to produce a substantial privilege log on June 25, it will not be in a position to produce a complete initial privilege log (as required by the Court's Second Practice and Procedure Order) until July 9, 2008. The Camera Manufacturers do not object to Papst's request for an extension of time in which to produce such a complete privilege log, as long as the leave granted extends to all parties.[1] The parties thus are in agreement that, subject to the Court's approval, they will exchange partial privilege logs on June 25 and that they will then produce on or before July 9, 2008 complete initial privilege logs for all documents responsive to requests served to date. Accordingly, Papst respectfully request that the Court grant the parties an extension of time until July 9, 2008 to produce complete privilege logs.

---

[1] Papst has entered into separate arrangements with certain Camera Manufacturers in cases that were more recently added to the MDL proceeding regarding the schedule for their production of privilege logs. This motion does not seek to alter the schedule for production of privilege logs by those Camera Manufacturers.

## II. Request for Delivery of Non-confidential Prior Art to Papst's Prosecution Counsel

Several of the MDL defendants have recently disclosed prior art and filed invalidity contentions. Papst's litigation counsel has requested permission to deliver to Papst's prosecution counsel, Jeffrey Salmon, those produced documents and filings that have NOT been marked confidential and that may potentially constitute prior art to the pending continuation patent applications. The MDL defendants have approved of this request, but Papst nonetheless desires the Court to approve of this agreement given the Court's previous statements in Court. (See e.g., Jan. 31, 2008 hearing, p. 10)("Now your duty of candor to the PTO, if you are under an Order from this Court that says you don't share this information with anybody. Then you don't share it with anybody unless I tell you can.").

Pursuant to Local Rule 7(m), counsel for Papst conferred with administration counsel for the Camera Manufacturers, and the Camera Manufacturers have agreed to this Motion. A copy of the Proposed Order is attached hereto as Exhibit A.

Date: June 25, 2008

        /s/ Joseph E. Cwik
        James P. White
        Jerold B. Schnayer
        Joseph E. Cwik
        WELSH & KATZ, LTD.
        120 South Riverside Plaza,
        22nd Floor
        Chicago, IL 60606
        (312) 655-1500
        (312) 655-1501 (fax)

        *Attorneys for Papst Licensing GmbH & Co. KG*

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re: PAPST LICENSING GmbH Patent Litigation<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Misc. Action No. 07-493 (RMC)<br><br>MDL Docket No. 1880 |

**ORDER**

Upon consideration of Papst's Agreed Motion for Extension of Time To Complete Privilege Logs and To Deliver To Papst's Prosecution Counsel Non-Confidential Materials That May Constitute Prior Art, IT IS HEREBY ORDERD THAT:

1. The parties shall have until July 9, 2008 to produce complete initial privilege logs, subject to any separate arrangements that Papst has made with Camera Manufacturers in cases that recently were added to this MDL proceeding.

2. Papst is granted permission to deliver to Papst's prosecution counsel, Jeffrey Salmon, materials from the Camera Manufacturers that have NOT been marked confidential and that may potentially constitute prior art to the pending continuation patent applications.

Dated: _____        _____
                                    Hon. Rosemary M. Collyer

3