**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

IN RE PAPST LICENSING GMBH & CO.
KG LITIGATION
_____

This Document Relates To:

Olympus, No. 07-cv-2086

**Misc. Action No. 07-493 (RMC)
MDL Docket No. 1880**

**DEFENDANTS OLYMPUS CORPORATION AND
OLYMPUS IMAGING AMERICA, INC.'S UNOPPOSED MOTION FOR
LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and ¶ 19 of the Court's

April 8, 2008 Second Practice & Procedure Order, OLYMPUS CORPORATION and OLYMPUS

IMAGING AMERICA, INC.. (collectively, "Olympus") hereby move for leave to amend their

Answer and Counterclaims to add new counterclaims for declaratory judgment of unenforceability

of the patents-in-suit, United States Patents No. 6,470,399 B1 ("the '399 patent") and 6,895,449 B2

("the '449 patent"). The new counterclaims are alleged in Counts III and IV of the accompanying

proffered Amended Answer and Counterclaims. Olympus has obtained the evidence that serves as

the basis for the new counterclaims through discovery in this action.

Pursuant to Local Rule 7(m), counsel for Olympus conferred with counsel for Papst, and

Papst does not oppose the Motion, subject to Papst retaining its right to respond to Amended

Answer and Counterclaims in accordance with the Federal Rules (i.e., to answer or move to

dismiss the new claim). Papst also does not necessarily agree with all of the grounds for the

motion stated herein. This motion is filed prior to the deadline set by the Court for amendment of

pleadings.

The grounds for this motion are set forth more fully in the accompanying Statement of

Points and Authorities.


Dated: June 25, 2008                    Respectfully submitted,


                                        /s/ Richard de Bodo
                                        Richard de Bodo
                                        David H. Ben-Meir
                                        HOGAN & HARTSON L.L.P.
                                        1999 Avenue of the Stars
                                        Suite 1400
                                        Los Angeles, California 90067
                                        Tel:    (310) 785-4600
                                        Fax:    (310) 785-4601
                                        E-Mail:  DHBen-Meir@hhlaw.com

                                        Attorneys of Record for
                                        OLYMPUS CORPORATION and OLYMPUS
                                        IMAGING AMERICA, INC
                                        .

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

IN RE PAPST LICENSING GMBH & CO.
KG LITIGATION

_____

This Document Relates To:

Olympus, No. 07-cv-2086

Misc. Action No. 07-493 (RMC)
MDL Docket No. 1880

### STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF THE OLYMPUS CORPORATION AND OLYMPUS IMAGING AMERICA, INC'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS

OLYMPUS CORPORATION and OLYMPUS IMAGING AMERICA, INC (collectively, "Olympus") hereby submit this statement of points and authorities in support of their motion for leave to amend their answer and counterclaims to add counterclaims for declaratory judgment of unenforceability of the patents-in-suit, United States Patents No. 6,470,399 B1 ("the '399 patent") and 6,895,449 B2 ("the '449 patent").

### Background

Papst filed this action on June 28, 2007. Subsequently, this action was made a part of *In re Papst Licensing GmbH & Co. KG Patent Litigation*, MDL No. 1880. Under this Court's Second Practice and Procedure Order, fact discovery as to liability began on March 20, 2008, and "[m]otions to… amend the pleadings shall be filed no later than June 25, 2008." (PO ¶ 19).

Through discovery, Olympus has learned that Michael Tasler, the sole inventor of the '399 patent authored a Master's Degree Thesis in 1996 that Olympus believes constitutes prior art to the '399 and '449 patents. Despite Tasler's obvious awareness of the Thesis, it was not disclosed to the PTO. Consistent with the deadline to amend pleadings, Olympus now seeks leave to amend its

answer and counterclaims to add new counterclaims (Counts III and IV) for a declaratory judgment that the patents-in-suit are unenforceable due to inequitable conduct. Olympus' proffered Amended Answer and Counterclaims is attached hereto, pursuant to Local Civil Rule 7(i).

### Points and Authorities

Rule 15(a) of the Federal Rules of Civil Procedure, which governs the amendment of pleadings, expressly provides that leave to amend shall be "freely given when justice so requires." Fed.R.Civ.P. 15(a); *accord, e.g., Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). [1]/ Indeed, even if a party delays in seeking leave to amend – a situation that has not occurred here – courts grant leave to amend as long as the opposing party is not prejudiced by the delay. *See Djourbachi v. Self*, 240 F.R.D. 5, 13 (D.D.C. 2006); *Nurriddin v. Goldin*, 382 F. Supp. 2d 79, 91-92 (D.D.C. 2005). Rule 15's liberal approach to amendments is based on the sound policy of seeking, where possible, to resolve disputes comprehensively and on the merits. *See Dove v. Washington Metropolitan Area Transit Authority*, 221 F.R.D. 246, 247 (D.D.C. 2004).

Here, the evidence that forms the basis for Olympus' new claim was recently produced by Papst in discovery, and Olympus was not aware of it at the time it filed its original Answer and Counterclaims. Moreover, Olympus' motion for leave to amend is in accordance with the deadline set by the Court for such amendments. Papst, moreover, has consented to this motion, and it is in no way prejudiced by the proposed amendments. Fact discovery on liability does not end for nearly six months, expert discovery does not commence until 2009, and no trial date has been set.

---

[1]/ Although an appeal in this action would be heard by the Federal Circuit, that Court applies D.C. Circuit law to procedural issues. *See, e.g., McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1357 (Fed. Cir. 2001).

**<u>Conclusion</u>**

For the foregoing reasons, Olympus  respectfully requests that the Court grant its motion for leave to amend and permit the filing of the attached Amended Answer and Counterclaims.

Dated: June 25, 2008                    Respectfully submitted,


                                        /s/ Richard de Bodo
                                        Richard de Bodo
                                        David H. Ben-Meir
                                        HOGAN & HARTSON L.L.P.
                                        1999 Avenue of the Stars
                                        Suite 1400
                                        Los Angeles, California 90067
                                        Tel:     (310) 785-4600
                                        Fax:     (310) 785-4601
                                        E-Mail:  DHBen-Meir@hhlaw.com

                                        Attorneys of Record for
                                        OLYMPUS CORPORATION and OLYMPUS
                                        IMAGING AMERICA, INC

## <u>CERTIFICATE OF SERVICE</u>

I, Richard de Bodo, hereby certify that on this 25th day of June, 2008, a true and correct copy of the foregoing document was served on all counsel of record by filing it through the United States District Court for the District of Columbia Electronic Case Filing System.


/s/ Richard de Bodo
Richard de Bodo
David H. Ben-Meir
HOGAN & HARTSON L.L.P.
1999 Avenue of the Stars
Suite 1400
Los Angeles, California 90067
Tel:    (310) 785-4600
Fax:    (310) 785-4601
E-Mail:  DHBen-Meir@hhlaw.com

Attorneys of Record for
OLYMPUS CORPORATION and OLYMPUS
IMAGING AMERICA, INC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**IN RE PAPST LICENSING GMBH & CO.**
**KG LITIGATION**

_____

**This Document Relates To:**

**Olympus, No. 07-cv-2086**

**Misc. Action No. 07-493 (RMC)**
**MDL Docket No. 1880**

---

**[PROPOSED] ORDER GRANTING OLYMPUS' UNOPPOSED MOTION FOR LEAVE
TO FILE AMENDED ANSWER AND COUNTERCLAIMS**

Having considered Olympus' Motion for Leave to File Amended Answer and

Counterclaims, the argument of counsel, and the entire record herein,

**IT IS HEREBY ORDERED** as follows:

1.      Olympus' Motion for Leave To File Amended Answer and Counterclaims is

**GRANTED**; and

2.      The Clerk is directed to file the Amended Answer and Counterclaims attached to

the Motion on the date on which this Order is entered.


Dated:  June __, 2008                    _____
                                         Judge Rosemary M. Collyer
                                         United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

I, Richard de Bodo, hereby certify that on this 25th day of June, 2008, a true and correct

copy of the foregoing document was served on all counsel of record by filing it through the

United States District Court for the District of Columbia Electronic Case Filing System.


/s/ Richard de Bodo_____
Richard de Bodo
David H. Ben-Meir
HOGAN & HARTSON L.L.P.
1999 Avenue of the Stars
Suite 1400
Los Angeles, California 90067
Tel:     (310) 785-4600
Fax:     (310) 785-4601
E-Mail:  DHBen-Meir@hhlaw.com

Attorneys of Record for
OLYMPUS CORPORATION and OLYMPUS
IMAGING AMERICA, INC

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

IN RE PAPST LICENSING GMBH & CO.
KG LITIGATION

_____

This Document Relates To:

Olympus, No. 07-cv-2086

**Misc. Action No. 07-493 (RMC)**
**MDL Docket No. 1880**

### [PROPOSED] OLYMPUS DEFENDANTS FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PAPST'S COMPLAINT

Defendants Olympus Corporation and Olympus Imaging America, Inc. ("Olympus") respond to the Complaint For Patent Infringement filed by plaintiff Papst Licensing GmbH & Co. KG ("Papst"), with the following Amended Answer, Defenses, and Counterclaims:

### GENERAL DENIAL

Unless specifically admitted below, Olympus denies each and every allegation set forth in the Complaint.

### RESPONSE TO JURISDICTION AND VENUE

1.      Olympus admits the allegations in paragraph 1 of the Complaint.

2.      Olympus admits the allegations in paragraph 2 of the Complaint.

3.      Olympus lacks knowledge or information sufficient to form a belief as to whether Papst is "a company existing under the laws of The Federal Republic of Germany with its principal place of business headquartered at Bahnofstrasse 33, 78112 St. Georgen, Germany."

4.      Olympus denies the allegations in paragraph 4 of the Complaint.

5.      Olympus admits the allegations in paragraph 5 of the Complaint.

6.       Olympus admits the allegations in paragraph 6 of the Complaint.

## RESPONSE TO FACTS GIVING RISE TO THIS ACTION

7.       Olympus denies the allegations in the first sentence of paragraph 7 of the Complaint.  Olympus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint, and on that basis denies those allegations.

8.       Olympus admits that United States Patent No. 6,470,399 B1 ("the '399 patent") was issued on October 22, 2002, but denies any further characterization of the '399 patent. Olympus lacks knowledge or information sufficient to form a belief as to whether the '399 patent is duly and legally issued as alleged in paragraph 8 of the Complaint and therefore denies those allegations.

9.        Olympus admits that United States Patent No. 6,895,449 B2 ("the '449 patent") was issued on May 17, 2005, but denies any further characterization of the '449 patent. Olympus lacks knowledge or information sufficient to form a belief as to whether the '449 patent is duly and legally issued as alleged in paragraph 8 of the Complaint and therefore denies those allegations.

10.      Olympus denies the allegations in paragraph 10 of the Complaint.

11.      Olympus denies the allegations in paragraph 11 of the Complaint.

12.      Olympus denies the allegations in paragraph 12 of the Complaint.

13.      Olympus admits that Olympus Corporation received letters from Papst asserting patent infringement, but denies any further characterization of these letters.

14.      Olympus denies the allegations in paragraph 14 of the Complaint.

## RESPONSE TO DEMAND FOR JURY TRIAL

Olympus admits that Papst has demanded a jury trial.

## RESPONSE TO PLAINTIFF'S REQUESTED RELIEF

Olympus denies that Papst is entitled to any relief whatsoever against Olympus in this action, either as requested in its Complaint or otherwise.

## OLYMPUS'S DEFENSES

Further answering Papst's Complaint, Olympus alleges the following defenses:

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Olympus does not infringe and has not infringed any claim of the '399 and/or '499 patents (collectively, the "patents-in-suit"), either literally or under the doctrine of equivalents, by direct, contributory or induced infringement.

3.      The claims of the patents-in-suit are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

4.      Papst is estopped from construing the claims of the patents-in-suit to cover or include, either literally or by application of the doctrine of equivalents, methods used or devices manufactured, used, imported, sold, or offered for sale by Olympus because of admissions, amendments, and statements to the PTO during prosecution of the application leading to the issuance of the patents-in-suits, disclosure or language in the specification of the patents-in-suits, and/or limitations in the claims of the patents-in-suits.

5.      The relief sought by Papst is barred in whole or in part by the doctrine of laches.

6.      Papst is equitably estopped from pursuing claims under the patents-in-suit.

7.      Papst's claim for damages is statutorily limited by 35 U.S.C.  §§ 286 and/or 287.

8.      Papst's infringement claims are barred because the '399 and '449 patents are unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct.

## OLYMPUS'S COUNTERCLAIMS AND JURY DEMAND

Defendants Olympus Corporation and Olympus Imaging America, Inc. ("Olympus") bring this counterclaim against Papst Licensing GmbH & Co, KG ("Papst") for a declaration that Olympus's products do not infringe two patents purportedly owned by Papst and that those two patents are invalid and unenforceable.

3

## Parties

1.   Defendant Olympus Corporation is a Japanese corporation with its principal place of business at 2-43-2 Hatagaya, Shibuya-ku, Tokyo 151-0072, Japan.

2.   Defendant Olympus Imaging America, Inc. is a Delaware corporation with its principal place of business at 3500 Corporate Parkway, Center Valley, PA 18034.

3.   Olympus manufactures and sells a wide range of consumer electronics products, including digital cameras.

4.   Papst has held itself out to be a company existing under the laws of The Federal Republic of Germany with its principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

5.   Upon information and belief, Papst does not manufacture or sell any consumer products.  Its sole business is to acquire and attempt to license or enforce intellectual property rights.

## Patents-in-Suit

6.   Papst has held itself out to be the owner of United States Patent No. 6,470,399 B1 ("the '399 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless the Type of the I/O Device," which was issued on October 22, 2002.

7.   Papst has also held itself out to be the owner of United States Patent No. 6,895,449 B2 ("the '449 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless the Type of the I/O Device," which was issued on May 17, 2005.

8.   Papst is prosecuting continuations and divisional applications of the '399 and the '449 patents with the United States Patent and Trademark Office, including pending application Nos. 11/467,073 and 11/467,092.

9.   Papst told Olympus that if Olympus does not license the '399 and the '449 patents, Papst would sue Olympus for infringing those patents and subject Olympus to costly patent litigation that will cause significant injury to Olympus's business and reputation.  Papst made these threats without conducting an appropriate analysis of Olympus's digital camera products it accuses of infringement and with knowledge that those products do not infringe the '399 and the '449 patents.

10. Papst has accused Olympus digital camera products of infringing the '399 patent and the '449 patent.  In a letter dated April 20, 2006,  Papst repeated its accusations of infringement.

11. Olympus explained to Papst in detail on several different occasions why Olympus's products do not infringe the '399 patent or the '449 patent, including, without limitation, during a meeting on November 2, 2006.

12. Notwithstanding the evidence that Olympus's products do not infringe the '399 patent or '449 patent, Papst continued to demand that Olympus pay Papst royalties for use of the '399 and '449 patents.

13. Olympus refused to take a license to these patents on the ground that no such license is needed, because Olympus's digital cameras do not infringe the '399 and '449 patents.

### Jurisdiction and Venue

14. This counterclaim arises under the Declaratory Judgment Act and the patent laws of the United States.  See 28 U.S.C. §§ 2201 and 2202; Title 35 U.S.C. §§ 100 *et seq*.

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

\\\LA - 081849/000068 - 391045 v1

16. This Court has personal jurisdiction over Papst by virtue of Papst 's filing of the Complaint in this matter.

17. Venue in this judicial district is proper under at least 28 U.S.C. § 1391(c) and (d).

18. An actual and justiciable controversy exists between Olympus, on the one hand, and Papst, on the other hand, concerning Papst's claims of infringement of the '399 and the '449 patents and concerning whether those patents are valid and enforceable.

## Count I
### (Declaratory Judgment of non-infringement and invalidity of the '399 patent)

19. Olympus re-alleges and incorporates by reference its allegations in paragraphs 1 through 18 above as if fully set forth herein.

20. Olympus has not directly infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '399 patent, nor is Olympus, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '399 patent.

21. The '399 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq*., including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

22. An actual and justiciable controversy exists between Olympus and Papst regarding the alleged infringement and validity of the '399 patent by virtue of the allegations made by Papst that Olympus and/or its customers are or have been infringing the '399 patent.

23. This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling Olympus to an award of its attorneys' fees.

**Count II**
**(Declaratory Judgment of non-infringement and invalidity of the '449 patent)**

24. Olympus re-alleges and incorporates by reference its allegations in paragraphs 1 through 23 above as if fully set forth herein.

25. Olympus has not directly infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '449 patent, nor is Olympus, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '449 patent.

26. The '449 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

27. An actual and justiciable controversy exists between Olympus and Papst regarding the alleged infringement and validity of the '449 patent by virtue of the allegations made by Papst that Olympus and/or its customers are or have been infringing the '449 patent.

28. This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling Olympus to an award of its attorneys' fees.

**Count III**
**(Declaratory Judgment of Unenforceability of the '399 patent)**

29. Olympus re-alleges and incorporates by reference its allegations in paragraphs 1 through 28 above as if fully set forth herein.

30. In or about 1996, Michael Tasler, the sole named inventor of the '399 patent, authored a thesis entitled *Design and Construction of a Universal Data Acquisition and Control System for Scanning Probe Microscopy* (the "Thesis").  The Thesis was in partial fulfillment of the requirements for Mr. Tasler's Master of Arts degree at the University of Texas at Austin.

7

31. On information and belief, the Thesis was made publicly available at least through publication in or about December 1995 at the "Texas Instruments 1995 DSP Solution Challenge" contest and through cataloguing in or about August 1996 by the University of Texas in the OCLC Online Computer Library Center, before the filing of the application for the '399 and '449 patents, and is prior art to the '399 and '449 patents. The Thesis at p. 87. Mr. Tasler, as an author of the Thesis, was aware of the publication and cataloguing of the Tasler Thesis.

32. On information and belief, the Thesis was published and made publicly available in August of 1996, before the filing of the application for the '399 patent, and is prior art to the '399 patent. Mr. Tasler, as an author of the Thesis, was aware of the publication of the Thesis.

33. The Thesis is material because a reasonable examiner would have considered the information contained in the Thesis important in deciding whether to allow the applications to issue into the '399 and '449 patents.

34. The Thesis is directed to an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port. The Thesis, p. 1, 19. The Thesis is directed to solving the same two problems as the patents, *i.e.* PCs are not fast enough to handle the large amount of data using a direct connection to the scanning electron microscope (p. 14), and the printer port provides compatibility with many different hosts because it is standard on most PCs. The Thesis, p. 19. The Thesis describes "a Universal Data Acquisition and Control System for Scanning Probe Microscopy" that interfaces with a PC through the standard printer port. The Thesis, p. 1, 19. The Thesis further describes the system as comprising a DSP Motherboard with memory (p. 18), a first connecting device for interfacing with the PC through the standard printer port (p. 19-21), a second connection device, the TLC320AC01, for

8

interfacing the STM scanner with the DSP Motherboard (p. 4-7, 23), where the DSP

Motherboard is configured to communicate with the PC via the printer port (p. 19-20) and

includes software that communicates with the PC via the standard printer port (p. 30-31).

35. Mr. Tasler and, on information and belief, others substantially involved in the

prosecution of the application resulting in the '399 patent were aware or should have been aware

of the Thesis and its contents during the time that the application resulting in the '399 patent was

pending in the Patent and Trademark Office.

36. During the time that the application resulting in the '399 patent was pending in the

Patent and Trademark Office, the Thesis was never disclosed to the patent examiner.

37. On information and belief, Mr. Tasler and/or others substantially involved in the

prosecution of the application resulting in the '399 patent intentionally failed to disclose the

Thesis with the intent to deceive or mislead the patent examiner, and/or acted in reckless

disregard of their duty to disclose material information.

38. An actual and justiciable controversy exists between Olympus and Papst regarding

the alleged enforceability of the '399 patent.

39. Accordingly, Olympus seeks and is entitled to a judgment against Defendant that the

'399 patent is unenforceable.

## <u>Count IV</u>
### (Declaratory Judgment of Unenforceability of the '449 patent)

40. Olympus re-alleges and incorporates by reference its allegations in paragraphs 1

through 39 above as if fully set forth herein.

41. In or about 1996, Michael Tasler, the sole named inventor of the '449 patent,

authored the Thesis.

42. On information and belief, the Thesis was published and made publicly available in August of 1996, before the filing of the application for the '449 patent, and is prior art to the '449 patent. Mr. Tasler, as an author of the Thesis, was aware of the publication of the Thesis.

43. The Thesis is material because a reasonable examiner would have considered the information contained in the Thesis important in deciding whether to allow the applications to issue into the '399 and '449 patents.

44. The Thesis is directed toward an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port. The Thesis, p. 1, 19. The Thesis is directed to solving the same two problems as the patents, *i.e.* PCs are not fast enough to handle the large amount of data using a direct connection to the scanning electron microscope (p. 14), and the printer port provides compatibility with many different hosts because it is standard on most PCs. The Thesis, p. 19. The Thesis describes "a Universal Data Acquisition and Control System for Scanning Probe Microscopy" that interfaces with a PC through the standard printer port. The Thesis, p. 1, 19. The Thesis further describes the system as comprising a DSP Motherboard with memory (p. 18), a first connecting device for interfacing with the PC through the standard printer port (p. 19-21), a second connection device, the TLC320AC01, for interfacing the STM scanner with the DSP Motherboard (p. 4-7, 23), where the DSP Motherboard is configured to communicate with the PC via the printer port (p. 19-20) and includes software that communicates with the PC via the standard printer port (p. 30-31).

45. Mr. Tasler and, on information and belief, others substantially involved in the prosecution of the application resulting in the '449 patent were aware or should have been aware

10

of the Thesis and its contents during the time that the application resulting in the '449 patent was pending in the Patent and Trademark Office.

46. During the time that the application resulting in the '449 patent was pending in the Patent and Trademark Office, the Thesis was never disclosed to the patent examiner.

47. On information and belief, Mr. Tasler and/or others substantially involved in the prosecution of the application resulting in the '449 patent intentionally failed to disclose the Thesis with the intent to deceive or mislead the patent examiner, and/or acted in reckless disregard of their duty to disclose material information.

48. An actual and justiciable controversy exists between Olympus and Papst regarding the alleged enforceability of the '449 patent.

49. Accordingly, Olympus seeks and is entitled to a judgment against Defendant that the '449 patent is unenforceable.

50. Olympus expressly reserves the right to amend these Counterclaims to add declaratory judgment counts with respect to any continuation or divisional applications relating to the '399 and '449 patents that may issue after the date these Counterclaims are filed.

## **Prayer for relief**

WHEREFORE, Olympus prays this Court for the following relief:

1.      A declaration that Olympus has not infringed, and is not infringing, the '399 or '449 patents;

2.      A declaration that Olympus has not infringed, and is not infringing, any of the claims of any continuation or divisional application relating to the '399 and '449 patents that may hereafter issue;

3.      A declaration that each of the claims of the '399 and '449 patents is invalid;

4.      A declaration that each of the claims of the '399 and '449 patents is unenforceable.

5.      An injunction prohibiting Papst from alleging infringement of the '399 and '449

patents by Olympus and its customers;

6.      An award of damages that Olympus has sustained;

7.      A declaration that this case is exceptional under 35 U.S.C. § 285, and Olympus

should be awarded its reasonable attorneys' fees, costs, and expenses incurred in connection with

this action; and

8.      Such other further relief as the Court deems just and proper.

## **Jury Demand**

Defendants Olympus Corporation and Olympus Imaging America, Inc. demands a jury

trial on all issues so triable.

Dated: June 25, 2008                    Respectfully submitted,


                                        /s/ Richard de Bodo_____
                                        Richard de Bodo
                                        David H. Ben-Meir
                                        HOGAN & HARTSON L.L.P.
                                        1999 Avenue of the Stars
                                        Suite 1400
                                        Los Angeles, California 90067
                                        Tel:     (310) 785-4600
                                        Fax:     (310) 785-4601
                                        E-Mail:  DHBen-Meir@hhlaw.com

                                        Attorneys of Record for
                                        OLYMPUS CORPORATION and OLYMPUS
                                        IMAGING AMERICA, INC

## CERTIFICATE OF SERVICE

I, Richard de Bodo, hereby certify that on this 25th day of June, 2008, a true and correct copy of the foregoing document was served on all counsel of record by filing it through the United States District Court for the District of Columbia Electronic Case Filing System.

/s/ Richard de Bodo_____
Richard de Bodo
David H. Ben-Meir
HOGAN & HARTSON L.L.P.
1999 Avenue of the Stars
Suite 1400
Los Angeles, California 90067
Tel:     (310) 785-4600
Fax:     (310) 785-4601
E-Mail:  DHBen-Meir@hhlaw.com

Attorneys of Record for
OLYMPUS CORPORATION and OLYMPUS
IMAGING AMERICA, INC

\\\LA - 081849/000068 - 391045 v1