UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Papst Licensing GmbH & Co. KG Patent Litigation | Misc. Action No. 07-493 (RMC) |
| | MDL Docket No. 1880 |
| This Document Relates To: | Hon. Rosemary M. Collyer |
| FUJIFILM CORPORATION et al v. PAPST LICENSING GMBH & CO. KG Case No. 1:07-cv-01118-RMC | |

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY OF PATENTS**

Plaintiffs Fujifilm Corporation ("Fujifilm Japan") and Fujifilm U.S.A., Inc. ("Fujifilm U.S.A.") (collectively, "Fujifilm") bring this action against Papst Licensing GmbH & Co, KG ("Papst Licensing") for a declaration of non-infringement by Fujifilm digital camera products and invalidity and unenforceability with respect to two patents purportedly owned by Papst Licensing.

**Parties**

1.  Plaintiff Fujifilm U.S.A. is a New York corporation with its principal place of business at 200 Summit Lake Drive, Floor 2, Valhalla, New York 10595.

2.  Plaintiff Fujifilm Japan is a Japanese corporation with its principal place of business at Midtown West, 7-3, Akasaka 9-chome, Minato-ku, Tokyo 107-0052, Japan.

3.  Fujifilm U.S.A. and Fujifilm Japan are in the business of manufacturing and selling a wide range of consumer electronics products, including digital cameras.

4.     Upon information and belief, Papst Licensing is a company existing under the laws of The Federal Republic of Germany with its principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

5.     Upon information and belief, Papst Licensing does not manufacture or sell any consumer products. Its sole business is to acquire and enforce intellectual property rights.

**Patents in Suit**

6.     Papst Licensing has held itself out as the owner of United States Patent No. 6,470,399 B1 ("the '399 patent") entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless of the Type of the I/O Device," which issued on October 22, 2002.

7.     Papst Licensing has also held itself out as the owner of United States Patent No. 6,895,449 B2 ("the '449 patent") entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless the Type of the I/O Device," which issued on May 17, 2005.

8.     Papst Licensing has been active in prosecuting continuations and divisional applications of the patents in suit, including pending application No. 11/078,778.

9.     Papst Licensing has represented that Fujifilm, along with dozens of other companies, must either license the patents in suit or be faced with costly litigation and massive injury to business and reputation. Papst Licensing has made these threats without conducting an appropriate analysis of the Fujifilm digital camera products it accuses of infringement and with knowledge that those products clearly and objectively do not infringe the patents in suit.

10.    Papst Licensing has specifically accused Fujifilm products of infringing the '399 patent and the '449 patent. For example, in a letter dated March 31, 2006 Papst Licensing

accused the Fujifilm FinePix E550 and other unnamed digital cameras of infringing both of the patents-in-suit. Papst Licensing has repeated its accusations of infringement on numerous occasions since that time.

11. Fujifilm has presented Papst Licensing with a detailed analysis of why Fujifilm products do not infringe the '399 patent or the '449 patent. Fujifilm has explained why its products do not infringe the patents-in-suit to Papst Licensing on multiple occasions, including in meetings in July and November 2006, and by letter in September 2006.

12. Notwithstanding the clear evidence that Fujifilm products do not infringe the patents-in-suit, Papst Licensing has continued to demand that Fujifilm pay Papst Licensing royalties for use of the '399 and '449 patents.

13. Fujifilm has refused to take a license to these patents on the ground that no such license is needed because Fujifilm's digital camera products clearly and objectively do not infringe the '399 and '449 patents.

## Jurisdiction and Venue

14. This action arises under the Declaratory Judgment Act and the patent laws of the United States. See 28 U.S.C. §§ 2201 and 2202; Title 35 U.S.C. §§ 100 *et seq.*

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

16. This Court has personal jurisdiction over Papst Licensing pursuant to 35 U.S.C. § 293.

17. Venue in this judicial district is proper under at least 28 U.S.C. § 1391(c) and (d) and 35 U.S.C. § 293.

18. The patents in suit are already being litigated in this forum. Specifically, Casio, Inc. filed an action against Papst Licensing seeking a declaratory judgment that the '399 and

'449 patents are not infringed by Casio products and are invalid. That action is styled *Casio v. Papst Licensing*, Case No. 1:06-cv-01751-GK.

19.  An actual and justiciable controversy exists between Fujifilm, on the one hand, and Papst Licensing on the other, as to the infringement and validity of the patents in suit.

## Count I
### (Declaratory Judgment of non-infringement and invalidity of the '399 patent)

20.  Fujifilm re-alleges and incorporates by reference its allegations in paragraphs 1 through 19 above as if fully set forth herein.

21.  Fujifilm has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '399 patent, nor is Fujifilm, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '399 patent.

22.  The '399 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

23.  An actual and justiciable controversy exists between Fujifilm and Papst Licensing regarding the alleged infringement and validity of the '399 patent by virtue of the allegations made by Papst Licensing that Fujifilm and/or its customers are or have been infringing the '399 patent.

24.  This case is an exceptional case pursuant to 35 U.S.C. § 285 entitling Fujifilm to an award of its attorneys' fees.

## Count II
**(Declaratory Judgment of non-infringement and invalidity of the '449 patent)**

25. Fujifilm re-alleges and incorporates by reference its allegations in paragraphs 1 through 24 above as if fully set forth herein.

26. Fujifilm has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '449 patent, nor is Fujifilm, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '449 patent.

27. The '449 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

28. An actual and justiciable controversy exists between Fujifilm and Papst Licensing regarding the alleged infringement and validity of the '449 patent by virtue of the allegations made by Papst Licensing that Fujifilm and/or its customers are or have been infringing the '399 patent.

29. This case is an exceptional case pursuant to 35 U.S.C. § 285 entitling Fujifilm to an award of its attorneys' fees.

30. Fujifilm expressly reserves the right to amend this Complaint to add declaratory judgment counts with respect to any continuation or divisional applications relating to the patents in suit that may issue after the date this complaint is filed.

## Count III
**(Declaratory Judgment of unenforceability of '399 and '449 patents)**

31. Fujifilm re-alleges and incorporates by reference its allegations in paragraphs 1 through 30 above as if fully set forth herein.

32. Papst contends that the '399 and '449 patents are enforceable.

33. Fujifilm denies Papst's contention and alleges that the '399 and '449 patents are unenforceable by reason of the patents having been procured through inequitable conduct and fraud.

34. In or about 1996, Michael Tasler, the sole named inventor of the '399 and '449 patents, authored a thesis entitled *Design and Construction of a Universal Data Acquisition and Control System for Scanning Probe Microscopy* (the "Thesis"). The Thesis was in partial fulfillment of the requirements for Mr. Tasler's Master of Arts degree at the University of Texas at Austin.

35. On information and belief, the Thesis was made publicly available at least through publication in or about December 1995 at the "Texas Instruments 1995 DSP Solution Challenge" contest and through cataloguing in or about August 1996 by the University of Texas in the OCLC Online Computer Library Center, before the filing of the application for the '399 and '449 patents, and is prior art to the '399 and '449 patents. *See* Thesis at 87. Mr. Tasler, as the author of the Thesis, was aware of the publication and cataloguing of the Tasler Thesis.

36. The Thesis is material because a reasonable examiner would have considered the information contained in the Thesis important in deciding whether to allow the applications to issue into the '399 and '449 patents.

37. The Thesis is directed toward an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port. Thesis at 1, 19. The thesis is directed to solving the same two problems as the patents, *i.e.* PCs are not fast enough to handle the large amount of data using a direct connection to the scanning electron microscope (Thesis at 14), and the printer port provides compatibility with many different hosts because it is standard

on most PCs. Thesis at 19. The Thesis describes "a Universal Data Acquisition and Control System for Scanning Probe Microscopy" that interfaces with a PC through the standard printer port. Thesis at 1, 19. The Thesis further describes the system as comprising a DSP Motherboard with memory (Thesis at 18), a first connecting device for interfacing with the PC through the standard printer port (Thesis at 19-21), a second connection device, the TLC320AC01, for interfacing the STM scanner with the DSP Motherboard (Thesis at 4-7, 23), where the DSP Motherboard is configured to communicate with the PC via the printer port (Thesis at 19-20) and includes software that communicates with the PC via the standard printer port (Thesis at 30-31).

38.  Mr. Tasler and, on information and belief, others substantially involved in the prosecution of the applications resulting in the '399 and '449 patents were aware or should have been aware of the Thesis and its contents during the time that the applications resulting in the '399 and '449 patents were pending in the Patent and Trademark Office.

39.  During the time that the applications resulting in the '399 and '449 patents were pending in the Patent and Trademark Office, the Thesis was never disclosed to the patent examiner.

40.  On information and belief, Mr. Tasler and/or others substantially involved in the prosecution of the applications resulting in the '399 and '449 patents intentionally failed to disclose the Thesis with the intent to deceive or mislead the patent examiner, and/or acted in reckless disregard of their duty to disclose material information.

41.  An actual controversy thus exists between Fujifilm and Papst as to whether the '399 and '449 patents are enforceable.

42.  Accordingly, Fujifilm seeks and is entitled to a judgment against Papst that the '399 and '449 patents are unenforceable.

## Prayer for relief

WHEREFORE, plaintiffs Fujifilm U.S.A. and Fujifilm Japan pray this Court for the following relief:

1. A declaration that Fujifilm has not infringed, and is not infringing, the '399 or '449 patents;

2. A declaration that Fujifilm has not infringed, and is not infringing, any of the claims of any continuation or divisional application relating to the patents in suit that may hereafter issue;

3. A declaration that each of the claims of the '399 and '449 patents are invalid;

4. A declaration that the '399 and '449 patents are unenforceable;

5. An injunction prohibiting Papst Licensing from alleging infringement of the '399 and '449 patents by Fujifilm;

6. An award of damages that Fujifilm has sustained;

7. A declaration that this case is exceptional under 35 U.S.C. § 285, and that plaintiffs be awarded their reasonable attorney fees and costs incurred in connection with this action; and

8. Such other further relief as the Court deems just and proper.

## Jury Demand

Plaintiffs Fujifilm U.S.A. and Fujifilm Japan demand a jury trial on all issues so triable.

| | |
|---|---|
| Dated: June 25, 2008 | HOGAN & HARTSON LLP |
| | |
| | s/ Steven J. Routh |
| | Steven J. Routh (#376068) |
| | 555 Thirteenth Street, NW |
| | Washington, DC  20004 |
| | Telephone: (202) 637-6465 |
| | Telecopier: (202) 637-5910 |
| | E-Mail: sjrouth@hhlaw.com |
| | sajensen@hhlaw.com |
| | |
| | ATTORNEY OF RECORD FOR PLAINTIFFS FUJIFILM CORPORATION AND FUJIFILM U.S.A., INC. |