# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE PAPST LICENSING GMBH & CO. KG LITIGATION** <br><br> **This Document Relates To:** <br><br> **MEI and JVC v. Papst Licensing, No. 1:07-CV-01222 (GK)** | Misc. Action No. 07-493 (RMC) <br> MDL Docket No. 1880 |

## SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY OF PATENTS AND JURY DEMAND

Plaintiffs Matsushita Electric Industrial Co., Ltd. ("MEI") and Victor Company of Japan, Ltd. ("JVC"), bring this action against Papst Licensing GmbH & Co. KG ("Papst Licensing") for a declaration that MEI and JVC's products do not infringe two patents purportedly owned by Papst Licensing, and a declaration that those two patents are invalid and unenforceable.

### Parties

1.      Plaintiff Matsushita Electric Industrial Co., Ltd. is a Japanese corporation with its principal place of business at 1006, Oaza-Kadoma, Kadoma City, Osaka, Japan.

2.      Plaintiff Victor Company of Japan, Limited is a Japanese corporation with its principal place of business at 3-12, Moriya-cho, Kanagawa-ku, Yokohama, Kanagawa, Japan.

3.      MEI manufactures and sells a wide range of consumer electronics products, including digital cameras and camcorders sold under the Panasonic label.

4.      JVC manufactures and sells a wide range of consumer electronics products, including digital camcorders.

5.      Upon information and belief, Papst Licensing is a company existing under the laws of The Federal Republic of Germany with its principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

6.      Upon information and belief, Papst Licensing does not manufacture or sell any consumer products.  Its sole business is to acquire and attempt to license or enforce intellectual property rights.

**Patents-in-Suit**

7.      Papst Licensing has held itself out to be the owner of United States Patent No. 6,470,399 B1 ("the '399 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless of the Type of the I/O Device," which issued on October 22, 2002.

8.      Papst Licensing has also held itself out to be the owner of United States Patent No. 6,895,449 B2 ("the '449 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless the Type of the I/O Device," which issued on May 17, 2005.

9.      Papst Licensing has prosecuted continuations and divisional applications of the '399 and the '449 patents, including pending application No. 11/078,778.

10.     Papst Licensing has told MEI, along with dozens of other companies, that if MEI does not license the '399 and the '449 patents, Papst Licensing will sue MEI for infringing those patents and subject MEI to costly patent litigation that will cause significant injury to MEI's business and reputation.  Papst Licensing has made these threats without conducting an

appropriate analysis of MEI's digital cameras, camcorders, or other products it accuses of infringement and with knowledge that those products do not infringe the '399 and the '449 patents.

11.     Papst Licensing has specifically accused MEI products of infringing the '399 patent and the '449 patent on several occasions. For example, in a letter dated November 27, 2006, Papst Licensing accused several models of Panasonic digital cameras of infringing both patents. Papst Licensing has repeated its accusations of infringement and threats of litigation during 2006 and 2007, including during meetings with MEI's representatives.

12.     MEI has explained to Papst Licensing in detail on several different occasions why MEI's products do not infringe the '399 patent or the '449 patent, including, without limitation, during meetings in 2006 and 2007.

13.     Notwithstanding the evidence that MEI's products do not infringe the '399 patent or '449 patent, Papst Licensing has continued to demand that MEI pay Papst Licensing royalties for use of the '399 and '449 patents.

14.     MEI has refused to take a license to these patents on the ground that no such license is needed, because MEI's digital cameras, camcorders, and other products do not infringe the '399 and '449 patents.

15.     Papst Licensing has also specifically accused JVC products of infringing the '399 patent and the '449 patent on several occasions. For example, in a letter dated December 21, 2006, Papst Licensing accused a JVC digital camcorder of infringing both patents. Papst Licensing has repeated its accusations of infringement and threats of litigation during 2007, including during a meeting with JVC's representatives. Papst Licensing has made these threats

and accusations without conducting an appropriate analysis of JVC's digital camcorders or other products it accuses of infringement.

16. Papst Licensing has continued to demand that JVC pay Papst Licensing royalties for use of the '399 and '449 patents.

17. JVC has refused to take a license to these patents on the ground that no such license is needed, because JVC's digital camcorders and other products do not infringe the '399 and '449 patents.

**Jurisdiction and Venue**

18. This action arises under the Declaratory Judgment Act and the patent laws of the United States. See 28 U.S.C. §§ 2201 and 2202; Title 35 U.S.C. §§ 100 *et seq*.

19. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

20. Venue in this judicial district is proper under at least 28 U.S.C. § 1391(c) and (d).

21. The '399 and the '449 patents are already being litigated in this District in two other matters. Specifically, Casio, Inc. filed an action against Papst Licensing seeking a declaratory judgment that the '399 and '449 patents are not infringed by Casio products and are invalid. That action is entitled *Casio v. Papst Licensing*, Case No. 1:06-cv-01751-GK. Fujifilm Corporation and Fujifilm U.S.A., Inc. also filed an action in this District seeking a declaratory judgment that the '399 and '449 patents are not infringed by Fujifilm products and are invalid. That action is entitled *Fujifilm Corp. and Fujifilm U.S.A., Inc. v. Papst Licensing GmbH & Co., KG*, Case No. 1:07-cv-01118-GK.

22. This court has personal jurisdiction over Papst Licensing based, among other things, on its activities in this District. Papst's Licensing's business is to generate revenue by obtaining and enforcing patents. Consistent with this model, Papst has obtained the '399 and

\\\LA - 088570/000009 - 391027 v3

'449 patents, and is presently attempting to enforce these same patents in this District against Casio Inc. and Casio Computer Co., Ltd. in *Casio Inc. v. Papst Licensing GmbH & Co., KG*.

23. An actual and justiciable controversy exists between MEI and JVC, on the one hand, and Papst Licensing, on the other hand, concerning Papst Licensing's claims of infringement of the '399 and the '449 patents and concerning whether those patents are valid.

## Count I
**(Declaratory Judgment of non-infringement and invalidity of the '399 patent)**

24. MEI and JVC reallege and incorporate by reference their allegations in paragraphs 1 through 23 above as if fully set forth herein.

25. MEI has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '399 patent, nor is MEI, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '399 patent.

26. JVC has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '399 patent, nor is JVC, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '399 patent.

27. The '399 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

28. An actual and justiciable controversy exists between MEI and JVC, on the one hand, and Papst Licensing, on the other hand, regarding the alleged infringement and validity of the '399 patent by virtue of the allegations made by Papst Licensing that MEI and JVC and/or their customers are or have been infringing the '399 patent.

5

29. This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling MEI and JVC to an award of their attorneys' fees.

### Count II
**(Declaratory Judgment of non-infringement and invalidity of the '449 patent)**

30. MEI and JVC reallege and incorporate by reference their allegations in paragraphs 1 through 29 above as if fully set forth herein.

31. MEI has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '449 patent, nor is MEI, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '449 patent.

32. JVC has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '449 patent, nor is JVC, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '449 patent.

33. The '449 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq*., including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

34. An actual and justiciable controversy exists between MEI and JVC, on the one hand, and Papst Licensing, on the other, regarding the alleged infringement and validity of the '449 patent by virtue of the allegations made by Papst Licensing that MEI and JVC and/or their customers are or have been infringing the '399 patent.

35. This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling MEI and JVC to an award of their attorneys' fees.

\\\LA - 088570/000009 - 391027 v3

36.     MEI expressly reserves the right to amend this Complaint to add declaratory judgment counts with respect to any continuation or divisional applications relating to the patents-in-suit that may issue after the date this complaint is filed.

## <u>Count III</u>
### (Declaratory Judgment of unenforceability of the '399 patent)

37.     MEI and JVC reallege and incorporate by reference their allegations in paragraphs 1 through 36 as if fully set forth herein.

38.     Papst Licensing contends that the '399 patent is enforceable.

39.     MEI and JVC deny Papst Licensing's contention and allege that the '399 patent is unenforceable by reason of the patent having been procured through inequitable conduct and fraud.

40.     In or about 1996, Michael Tasler, the sole named inventor of the '399 patent, authorized a thesis entitled *Design and Construction of a Universal Data Acquisition and Control System for Scanning Probe Microscopy* (the "Thesis").  The Thesis was in partial fulfillment of the requirements for Mr. Tasler's Master of Arts degree at the University of Texas at Austin.

41.     On information and belief, the Thesis was made publicly available at least through publication in or about December 1995 at the "Texas Instruments 1995 DSP Solution Challenge" contest and through cataloguing in or about August 1996 by the University of Texas in the OCLC Online Computer Library Center, before the filing of the application for the '399 and '449 patents, and is prior art to the '399 and '449 patents.  See Thesis, p. 87.  Mr. Tasler, as an author of the Thesis, was aware of the publication and cataloguing of the Tasler Thesis.

7

42. The Thesis is material because a reasonable examiner would have considered the information contained in the Thesis important in deciding whether to allow the applications to issue into the '399 and '449 patents.

43. The Thesis is directed toward an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port. Thesis, p. 1, 19. The Thesis is directed to solving the same two problems as the patents, *i.e.* PCs are not fast enough to handle the large amount of data using a direct connection to the scanning electron microscope (p. 14), and the printer port provides compatibility with many different hosts because it is standard on most PCs. Thesis, p. 19. The Thesis describes a "Universal Data Acquisition and Control System for Scanning Probe Microscopy" that interfaces with a PC through the standard printer port. Thesis, p. 1, 19. The Thesis further describes the system as comprising a DSP Motherboard with memory (p. 18), a first connecting device for interfacing with the PC through the standard printer port (p. 19-21), a second connection device, the TLC320AC01, for interfacing the STM scanner with the DSP Motherboard (p. 4-7, 23), where the DSP Motherboard is configured to communicate with the PC via the printer port (p. 19-21) and includes software that communicates with the PC via the standard printer port (p. 30-31).

44. Mr. Tasler and, on information and belief, others substantially involved in the prosecution of the application resulting in the '399 patent were aware or should have been aware of the Thesis and its contents during the time that the application resulting in the '399 patent was pending in the Patent and Trademark Office.

45. During the time that the application resulting in the '399 patent was pending in the Patent and Trademark Office, the Thesis was never disclosed to the patent examiner.

\\\LA - 088570/000009 - 391027 v3

46. On information and belief, Mr. Tasler and/or others substantially involved in the prosecution of the application resulting in the '399 patent intentionally failed to disclose the Thesis with the intent to deceive or mislead the patent examiner, and/or acted in reckless disregard of their duty to disclose material information.

47. An actual and justiciable controversy exists between MEI and JVC, on the one hand, and Papst Licensing, on the other, as to whether the '399 patent is enforceable.

48. Accordingly, MEI and JVC seek and are entitled to a judgment against Papst Licensing that the '399 patent is unenforceable.

### Count IV
### (Declaratory Judgment of unenforceability of the '449 patent)

49. MEI and JVC reallege and incorporate by reference their allegations in paragraphs 1 through 48 as if fully set forth herein.

50. Papst Licensing contends that the '449 patent is enforceable.

51. MEI and JVC deny Papst Licensing's contention and allege that the '449 patent is unenforceable by reason of the patent having been procured through inequitable conduct and fraud.

52. In or about 1996, Michael Tasler, the sole named inventor of the '449 patent, authorized a thesis entitled *Design and Construction of a Universal Data Acquisition and Control System for Scanning Probe Microscopy* (the "Thesis"). The Thesis was in partial fulfillment of the requirements for Mr. Tasler's Master of Arts degree at the University of Texas at Austin.

53. On information and belief, the Thesis was made publicly available at least through publication in or about December 1995 at the "Texas Instruments 1995 DSP Solution Challenge" contest and through cataloguing in or about August 1996 by the University of Texas

9

in the OCLC Online Computer Library Center, before the filing of the application for the '399 and '449 patents, and is prior art to the '399 and '449 patents. See Thesis, p. 87. Mr. Tasler, as an author of the Thesis, was aware of the publication and cataloguing of the Tasler Thesis.

54.     The Thesis is material because a reasonable examiner would have considered the information contained in the Thesis important in deciding whether to allow the applications to issue into the '399 and '449 patents.

55.     The Thesis is directed toward an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port. Thesis, p. 1, 19. The Thesis is directed to solving the same two problems as the patents, *i.e.* PCs are not fast enough to handle the large amount of data using a direct connection to the scanning electron microscope (p. 14), and the printer port provides compatibility with many different hosts because it is standard on most PCs. Thesis, p. 19. The Thesis describes a "Universal Data Acquisition and Control System for Scanning Probe Microscopy" that interfaces with a PC through the standard printer port. Thesis, p. 1, 19. The Thesis further describes the system as comprising a DSP Motherboard with memory (p. 18), a first connecting device for interfacing with the PC through the standard printer port (p. 19-21), a second connection device, the TLC320AC01, for interfacing the STM scanner with the DSP Motherboard (p. 4-7, 23), where the DSP Motherboard is configured to communicate with the PC via the printer port (p. 19-21) and includes software that communicates with the PC via the standard printer port (p. 30-31).

56.     Mr. Tasler and, on information and belief, others substantially involved in the prosecution of the application resulting in the '449 patent were aware or should have been aware of the Thesis and its contents during the time that the application resulting in the '449 patent was pending in the Patent and Trademark Office.

57. During the time that the application resulting in the '449 patent was pending in the Patent and Trademark Office, the Thesis was never disclosed to the patent examiner.

58. On information and belief, Mr. Tasler and/or others substantially involved in the prosecution of the application resulting in the '449 patent intentionally failed to disclose the Thesis with the intent to deceive or mislead the patent examiner, and/or acted in reckless disregard of their duty to disclose material information.

59. An actual and justiciable controversy exists between MEI and JVC, on the one hand, and Papst Licensing, on the other, as to whether the '449 patent is enforceable.

60. Accordingly, MEI and JVC seek and are entitled to a judgment against Papst Licensing that the '449 patent is unenforceable.

**<u>Prayer for relief</u>**

WHEREFORE, MEI and JVC pray this Court for the following relief:

A. A declaration that MEI has not infringed, and is not infringing, the '399 or '449 patents;

B. A declaration that JVC has not infringed, and is not infringing, the '399 or '449 patents;

C. A declaration that MEI has not infringed, and is not infringing, any of the claims of any continuation or divisional application relating to the patents-in-suit that may hereafter issue;

\\\LA - 088570/000009 - 391027 v3

D.  A declaration that JVC has not infringed, and is not infringing, any of the claims of any continuation or divisional application relating to the patents-in-suit that may hereafter issue;

E.  A declaration that each of the claims of the '399 and '449 patents is invalid;

F.  A declaration that each of the claims of the '399 and '449 patents is unenforceable;

G.  An injunction prohibiting Papst Licensing from alleging infringement of the '399 and '449 patents by MEI and its customers;

H.  An injunction prohibiting Papst Licensing from alleging infringement of the '399 and '449 patents by JVC and its customers;

I.  An award of damages that MEI and JVC have sustained;

J.  A declaration that this case is exceptional under 35 U.S.C. § 285, and MEI and JVC should be awarded their reasonable attorney fees and costs incurred in connection with this action; and

K.  Such other further relief as the Court deems just and proper.

## Jury Demand

Plaintiffs MEI and JVC demand a jury trial on all issues so triable.

Dated:  June 25, 2008                      HOGAN & HARTSON LLP

/s/  Rachel M. Capoccia
Richard de Bodo  (Ca. Bar No. 128199)
Rachel M. Capoccia (Ca. Bar No. 187160)
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4694
Telecopier: (310) 785-4601
E-Mail: rdebodo@hhlaw.com
         rmcapoccia@hhlaw.com

12

ATTORNEYS FOR PLAINTIFFS MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD. AND VICTOR COMPANY OF JAPAN, LTD.

\\\LA - 088570/000009 - 391027 v3

## CERTIFICATE OF SERVICE

I, Rachel M. Capoccia, hereby certify that on this 25th day of June, 2008, a true and correct copy of the foregoing document was served on all counsel of record by filing it through the United States District Court for the District of Columbia Electronic Case Filing System.


      /s/ Rachel M. Capoccia
      Attorney for Plaintiffs
      MATSUSHITA ELECTRIC INDUSTRIAL
      CO., LTD.,  VICTOR COMPANY OF JAPAN,
      LTD., PANASONIC CORPORATION OF
      NORTH AMERICA and JVC COMPANY OF
      AMERICA