UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. KG PATENT LITIGATION | Misc. Action No. 07-493 (RMC) |
| This Document Relates To:<br><br>Samsung Techwin Co., Ltd. and Samsung Opto-Electronics America, Inc.,<br>No. 07-cv-2088 | MDL Docket No. 1880<br><br>Hon. Rosemary M. Collyer |

SAMSUNG TECHWIN CO., LTD.'S AND
SAMSUNG OPTO-ELECTRONICS AMERICA, INC.'S
FIRST AMENDED ANSWER

Defendants Samsung Techwin Co., Ltd. ("STW") and Samsung Opto-Electronics America, Inc. ("SOA"), by counsel, hereby amend their Answer to the allegations raised in the Complaint for Patent Infringement of Plaintiff Papst Licensing GmbH & Co. KG ("Papst") as set forth below, the numbered paragraphs in response corresponding to the numbered paragraphs of the Complaint:

## ANSWER

### Jurisdiction and Venue

1. STW and SOA admit that this action purports to present a claim for infringement under the patent laws of the United States, Title 35 of the United States Code. STW and SOA admit that this Court has jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a) but deny all remaining allegations set forth in paragraph 1.

**2.**     Denied.

### The Parties

**3.**     STW and SOA deny the allegations set forth in paragraph 3 for lack of information or knowledge sufficient to form a belief as to their truth.

**4.**     STW and SOA admit that STW is a corporation organized under the laws of the Republic of Korea and has an office at 647-9, Yeoksam-Dong, Kangnam-gu, Seoul, 135, 080 Korea.  STW and SOA admit that STW's subsidiary, SOA, is a corporation organized under the laws of New Jersey, but deny that its principal place of business is located at 18600 Broadwick St., Rancho Dominguez, California 90220.  STW and SOA deny all remaining allegations set forth in paragraph 4.

**5.**     STW admits that it designs, manufactures, and sells digital cameras at issue in this litigation, SOA admits that it markets and sells digital cameras at issue in this litigation, but STW and SOA deny all of the remaining allegations set forth in paragraph 5.

### Count 1 – Patent Infringement – U.S. Patent No. 6,470,399

**6.**     STW and SOA re-allege their answers to paragraphs 1 through 5 of the Complaint as their answer to paragraph 6.

**7.**     STW and SOA admit that the U.S. Patent and Trademark Office ("PTO") issued U.S. Patent No. 6,470,399 (the "'399 patent"), which named Michael Tasler as the inventor, but STW and SOA deny the remaining allegations set forth in paragraph 7 for lack of information or knowledge sufficient to form a belief as to their truth.

**8.**     STW and SOA deny the allegations set forth in paragraph 8 for lack of information or knowledge sufficient to form a belief as to their truth.

9. Denied.

10. Denied.

11. STW and SOA admit that they received a letter dated April 20, 2006 regarding the '399 patent, but STW and SOA deny the remaining allegations set forth in paragraph 11 for lack of information or knowledge sufficient to form a belief as to their truth.

12. Denied.

13. Denied.

### Count 2 – Patent Infringement – U.S. Patent No. 6,895,449

14. STW and SOA re-allege their answers to paragraphs 1 through 13 of the Complaint as their answer to paragraph 14.

15. STW and SOA admit that the PTO issued U.S. Patent No. 6,895,449 (the "'449 patent"), which named Michael Tasler as the inventor, but STW and SOA deny the remaining allegations set forth in paragraph 15 for lack of information or knowledge sufficient to form a belief as to their truth.

16. STW and SOA deny the allegations set forth in paragraph 16 for lack of information or knowledge sufficient to form a belief as to their truth.

17. Denied.

18. Denied.

19. STW and SOA admit that they received a letter dated April 20, 2006 regarding the '449 patent, but STW and SOA deny the remaining allegations set forth in paragraph 11 for lack of information or knowledge sufficient to form a belief as to their truth.

**20.**    Denied.

**21.**    Denied.

## STW's AND SOA's DEFENSES

STW and SOA plead and give notice of the following defenses, whether affirmative or otherwise.

### Defense No. 1: Non-infringement

**1.**    STW and SOA do not and have not infringed any claims of the '399 patent or the '449 patent nor have they contributed to the infringement of or actively induced others to infringe the '399 patent or the '449 patent.

### Defense No. 2: Invalidity

**2.**    The '399 patent and the '449 patent are invalid for failure to meet the requirements of the patent laws of the United States, including at least one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

### Defense No. 3: Inequitable Conduct

**3.**    The '399 and '449 patents are unenforceable pursuant to the doctrine of inequitable conduct and 37 C.F.R. § 1.56 by reason of the patents having been procured through inequitable conduct and fraud on the PTO.

**4.**    In or about 1995 or 1996, Michael Tasler, the sole named inventor of the '399 and '449 patents, authored several papers including a thesis titled *Design and Construction of a Universal Data Acquisition and Control System for Scanning Probe Microscopy* (the "Tasler Thesis"). The Tasler Thesis was in partial fulfillment of the requirements for Mr. Tasler's Master of Arts degree at the University of Texas at Austin. A copy of the Tasler Thesis produced by Papst is attached hereto

as Exhibit '1'.

5.  On information and belief, the Tasler Thesis was made publicly available at least through publication in or about December 1995 at the "Texas Instruments 1995 DSP Solution Challenge" contest and through cataloguing in or about August 1996 by the University of Texas in the OCLC Online Computer Library Center, before the filing of the application for the '399 and '449 patents, and is prior art to the '399 and '449 patents. *See* Ex. '1' at p. 87. Mr. Tasler, as an author of the Tasler Thesis, was aware of the publication and cataloguing of the Tasler Thesis.

6.  The Tasler Thesis is material because a reasonable examiner would have considered the information contained in the Tasler Thesis important in deciding whether to allow the respective applications to issue into the '399 and '449 patents.

7.  The Tasler Thesis is directed toward an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port. Ex. '1' at pp. 1, 19. The Tasler Thesis is directed to solving the same two problems as the patents, *i.e.* PCs are not fast enough to handle the large amount of data using a direct connection to the scanning electron microscope (p. 14), and the printer port provides compatibility with many different hosts because it is standard on most PCs. Ex. '1' at p. 19. The Tasler Thesis describes "a Universal Data Acquisition and Control System for Scanning Probe Microscopy" that interfaces with a PC through the standard printer port. Ex.'1' at pp. 1, 19. The Tasler Thesis further describes the system as comprising a DSP Motherboard with memory (p. 18), a first

connecting device for interfacing with the PC through the standard printer port (pp. 19-21), a second connection device, the TLC320AC01, for interfacing the STM scanner with the DSP Motherboard (pp. 4-7, 23), where the DSP Motherboard is configured to communicate with the PC via the printer port (pp. 19-20) and includes software that communicates with the PC via the standard printer port (pp. 30-31).

8.   Mr. Tasler and, on information and belief, others substantially involved in the prosecution of the applications resulting in the '399 and '449 patents were aware of the Tasler Thesis and its contents during the time that the application resulting in the '399 and '449 patents was pending in the PTO.

9.   During the time that the applications resulting in the '399 and '449 patents were pending in the PTO, the Tasler Thesis was never disclosed to the patent examiner.

10.   On information and belief, Mr. Tasler and/or others substantially involved in the prosecution of the applications resulting in the '399 and '449 patents intentionally failed to disclose the Tasler Thesis with the intent to deceive or mislead the patent examiner, and/or acted in reckless disregard of their duty to disclose material information.

### Defense No. 4:  Estoppel

11.   Discovery may demonstrate evidence that Papst is estopped from asserting or maintaining a construction of either the '399 patent or the '449 patent, or any claims thereof, either literally or under the doctrine of equivalents, that would cover or read upon any device made, used, offered for sale, sold, or imported by STW or SOA because of, but not limited to, statements made to the PTO during

prosecution of the '399 patent or the '449 patent.

### Defense No. 5: Laches, Waiver, and/or Estoppel

**12.** Discovery may demonstrate evidence that Papst's claims are barred, in whole or in part, by the equitable doctrine of laches, waiver, and/or estoppel.

### Defense No. 6: Unclean Hands

**13.** Discovery may demonstrate evidence that Papst is precluded and barred from any recovery of damages or other relief by reason of Papst's unclean hands.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, STW and SOA request a trial by jury on all claims and issues triable by jury.

Respectfully submitted,
SAMSUNG TECHWIN CO., LTD. and
SAMSUNG OPTO-ELECTRONICS AMERICA, INC.

Dated: 25 June 2008              */s/ Patrick J. Kelleher*

Patrick J. Kelleher
*patrick.kelleher@dbr.com*
**DRINKER BIDDLE & REATH LLP**
191 N. Wacker Dr. # 3700
Chicago, IL 60606
312.569.1375

CH01/ 25167147