# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE PAPST LICENSING GMBH & CO.
KG LITIGATION

This Document Relates To:
07-cv-1222

Misc. Action No. 07-493 (RMC)
MDL Docket No. 1880

## PANASONIC CORPORATION OF NORTH AMERICA'S FIRST AMENDED ANSWER TO PAPST LICENSING'S COUNTERCLAIMS AND COUNTERCLAIMS

Defendant Panasonic Corporation of North America ("Panasonic") hereby responds to the Counterclaims filed by Papst Licensing GmbH & Co. KG ("Papst"), with the following Answer, Defenses and Counterclaims:

### GENERAL DENIAL

Unless specifically admitted below, Panasonic denies each and every allegation set forth in Papst's Counterclaims.

### RESPONSE TO PARTIES

37.    Panasonic lacks knowledge or information sufficient to form a belief as to whether Papst "is a corporation existing under the laws of The Federal Republic of Germany, and has a principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany."

38.    Admitted.

39.    Admitted.

40.    Admitted.

41.    Panasonic denies that JVC Company of America is a Delaware Corporation.  JVC Company of America is a division of JVC Americas Corp., a Delaware Corporation with its

principal place of business located at 1700 Valley Road, Wayne, NJ 07470.  JVC Americas Corp.

is a wholly owned subsidiary of JVC.  Panasonic denies that Matsushita Electric Industrial Co.,

Ltd. ("MEI") is the ultimate global parent of JVC Company of America, nor is MEI the ultimate

global parent of JVC Americas Corp. or JVC.

## RESPONSE TO JURISDICTION AND VENUE

42.    Admitted.

43.    Admitted.

## RESPONSE TO PATENTS AT ISSUE

44.    Panasonic lacks knowledge or information sufficient to form a belief as to

whether Papst is the lawful owner, by assignment, of the entire right, title and interest in and to

United States Patent No. 6,895,449 ("the '449 patent") and United States Patent No. 6,470,399

("the '399 patent").

45.    Panasonic admits that the '449 patent was issued on May 17, 2005, but denies any

further characterization of the '449 patent.  Panasonic lacks knowledge or information sufficient

to form a belief as to whether the '449 patent is duly and legally issued as alleged in paragraph

45 of the Counterclaims and therefore denies those allegations.

46.    Panasonic admits that the '399 patent was issued on October 22, 2002, but denies

any further characterization of the '399 patent.  Panasonic lacks knowledge or information

sufficient to form a belief as to whether the '399 patent is duly and legally issued as alleged in

paragraph 46 of the Counterclaims and therefore denies those allegations.

## RESPONSE TO CLAIMS FOR RELIEF

47.    Panasonic incorporates its responses in paragraphs 37 through 46 as if fully set

forth herein.

2

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## RESPONSE TO PAPST'S PRAYER FOR RELIEF

Panasonic denies that Papst is entitled to any relief whatsoever against Panasonic in this action, either as requested in Papst's Counterclaims or otherwise.

## PANASONIC'S AFFIRMATIVE DEFENSES

Further answering Papst's Counterclaims, Panasonic asserts the following defenses:

1. Papst's Counterclaims fail to state a claim upon which relief can be granted.

2. Panasonic does not infringe, and has not infringed, any claim of the '399 and/or '449 patents (collectively, the "patents-in-suit"), either literally or under the doctrine of equivalents, by direct, contributory or induced infringement.

3. All claims of the patents-in-suit are invalid or unenforceable for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

4. Papst is estopped from construing the claims of the patents-in-suit to cover or include, either literally or by application of the doctrine of equivalents, methods used or devices manufactured, used, imported, sold, or offered for sale by Panasonic because of admissions, amendments, and statements to the PTO during prosecution of the applications leading to the issuance of the patents-in-suit, disclosure or language in the specification of the patents-in-suit, and/or limitations in the claims of the patents-in-suit.

5. The relief sought by Papst is barred in whole or in part by the doctrine of laches.

3

6.    Discovery may reveal evidence that the patents-in-suit are unenforceable by reason of inequitable conduct before the PTO.

7.    Discovery may reveal evidence that Papst is precluded and barred from any recovery of damages or other relief by reason of Papst's unclean hands.

8.    Papst's claim for damages is statutorily limited by 35 U.S.C. §§ 286 and/or 287.

## PANASONIC'S COUNTERCLAIMS

Defendant Panasonic brings this action against Papst for a declaration that Defendant Panasonic's products do not infringe U.S. Patents No. 6,895,449 ("the '449 patent") and 6,470,399 ("the '399 patent") purportedly owned by Papst, and a declaration that those two patents are invalid or unenforceable.

### Parties

1.    Defendant Panasonic Corporation of North America is a Delaware corporation with its principal place of business located at 1 Panasonic Way, Secaucus, NJ 07094.

2.    Panasonic manufactures and sells a wide range of consumer electronics products, including digital cameras and camcorders.

3.    Upon information and belief, Papst is a company existing under the laws of The Federal Republic of Germany with its principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

4.    Upon information and belief, Papst does not manufacture or sell any consumer products.  Its sole business is to acquire and attempt to license or enforce intellectual property rights.

**Patents-in-Suit**

5.      Papst has held itself out to be the owner of United States Patent No. 6,470,399 B1
("the '399 patent"), entitled "Flexible Interface for Communication Between a Host and an
Analog I/O Device Connected to the Interface Regardless of the Type of the I/O Device," which
issued on October 22, 2002.

6.      Papst has also held itself out to be the owner of United States Patent No.
6,895,449 B2 ("the '449 patent"), entitled "Flexible Interface for Communication Between a
Host and an Analog I/O Device Connected to the Interface Regardless the Type of the I/O
Device," which issued on May 17, 2005.

7.      Papst has prosecuted continuations and divisional applications of the '399 and the
'449 patents, including pending application No. 11/078,778.

**Jurisdiction and Venue**

8.      This action arises under the Declaratory Judgment Act and the patent laws of the
United States.  See 28 U.S.C. §§ 2201 and 2202; Title 35 U.S.C. §§ 100 *et seq*.

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

10.     Venue in this judicial district is proper under at least 28 U.S.C. § 1391(c) and (d).

11.     This court has personal jurisdiction over Papst by virtue of Papst's filing of its
Counterclaims against Panasonic in this matter.

12.     An actual and justiciable controversy exists between Panasonic, on the one hand,
and Papst, on the other hand, concerning Papst's claims of infringement of the '399 and the '449
patents and concerning whether those patents are valid.

<u>**Count I**</u>
**(Declaratory Judgment of non-infringement, invalidity, and unenforceability of the '399 patent)**

13.    Panasonic realleges and incorporates by reference its allegations in paragraphs 1 through 12 above as if fully set forth herein.

14.    Panasonic has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '399 patent, nor is Panasonic, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '399 patent.

15.    The '399 patent is invalid or unenforceable for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq*., including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

16.    An actual and justiciable controversy exists between Panasonic, on the one hand, and Papst, on the other hand, regarding the alleged infringement and validity of the '399 patent by virtue of the allegations made by Papst that Panasonic and/or its customers are or have been infringing the '399 patent.

17.    This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling Panasonic to an award of their attorneys' fees.

<u>**Count II**</u>
**(Declaratory Judgment of non-infringement, invalidity, and unenforceability of the '449 patent)**

18.    Panasonic realleges and incorporates by reference its allegations in paragraphs 1 through 17 above as if fully set forth herein.

19.    Panasonic has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '449 patent, nor is Panasonic, either literally or under the

doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '449 patent.

20.     The '449 patent is invalid or unenforceable for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq*., including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

21.     An actual and justiciable controversy exists between Panasonic, on the one hand, and Papst, on the other, regarding the alleged infringement and validity of the '449 patent by virtue of the allegations made by Papst that Panasonic and/or its customers are or have been infringing the '399 patent.

22.     This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling Panasonic to an award of their attorneys' fees.

23.     Panasonic expressly reserves the right to amend these Counterclaims to add declaratory judgment counts with respect to any continuation or divisional applications relating to the patents-in-suit that may issue after the date these Counterclaims are filed.

<u>**Count III**</u>
**(Declaratory Judgment of unenforceability of the '399 patent)**

24.     Panasonic realleges and incorporates by reference its allegations in paragraphs 1 through 23 as if fully set forth herein.

25.     Papst Licensing contends that the '399 patent is enforceable.

26.     Panasonic denies Papst Licensing's contention and alleges that the '399 patent is unenforceable by reason of the patent having been procured through inequitable conduct and fraud.

27.     In or about 1996, Michael Tasler, the sole named inventor of the '399 patent, authorized a thesis entitled *Design and Construction of a Universal Data Acquisition and Control System for Scanning Probe Microscopy* (the "Thesis").  The Thesis was in partial fulfillment of the requirements for Mr. Tasler's Master of Arts degree at the University of Texas at Austin.

28.     On information and belief, the Thesis was made publicly available at least through publication in or about December 1995 at the "Texas Instruments 1995 DSP Solution Challenge" contest and through cataloguing in or about August 1996 by the University of Texas in the OCLC Online Computer Library Center, before the filing of the application for the '399 and '449 patents, and is prior art to the '399 and '449 patents.  See Thesis, p. 87.  Mr. Tasler, as an author of the Thesis, was aware of the publication and cataloguing of the Tasler Thesis.

29.     The Thesis is material because a reasonable examiner would have considered the information contained in the Thesis important in deciding whether to allow the applications to issue into the '399 and '449 patents.

30.     The Thesis is directed toward an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port.  Thesis, p. 1, 19.  The Thesis is directed to solving the same two problems as the patents, *i.e.* PCs are not fast enough to handle the large amount of data using a direct connection to the scanning electron microscope (p. 14), and the printer port provides compatibility with many different hosts because it is standard on most PCs.  Thesis, p. 19.  The Thesis describes a "Universal Data Acquisition and Control System for Scanning Probe Microscopy" that interfaces with a PC through the standard printer port.  Thesis, p. 1, 19.  The Thesis further describes the system as comprising a DSP Motherboard with memory (p. 18), a first connecting device for interfacing with the PC through

8

the standard printer port (p. 19-21), a second connection device, the TLC320AC01, for interfacing the STM scanner with the DSP Motherboard (p. 4-7, 23), where the DSP Motherboard is configured to communicate with the PC via the printer port (p. 19-21) and includes software that communicates with the PC via the standard printer port (p. 30-31).

31.    Mr. Tasler and, on information and belief, others substantially involved in the prosecution of the application resulting in the '399 patent were aware or should have been aware of the Thesis and its contents during the time that the application resulting in the '399 patent was pending in the Patent and Trademark Office.

32.    During the time that the application resulting in the '399 patent was pending in the Patent and Trademark Office, the Thesis was never disclosed to the patent examiner.

33.    On information and belief, Mr. Tasler and/or others substantially involved in the prosecution of the application resulting in the '399 patent intentionally failed to disclose the Thesis with the intent to deceive or mislead the patent examiner, and/or acted in reckless disregard of their duty to disclose material information.

34.    An actual and justiciable controversy exists between Panasonic and Papst Licensing  as to whether the '399 patent is enforceable.

35.    Accordingly, Panasonic seeks and is entitled to a judgment against Papst Licensing that the '399 patent is unenforceable.

### Count IV
### (Declaratory Judgment of unenforceability of the '449 patent)

36.    Panasonic realleges and incorporates by reference its allegations in paragraphs 1 through 35 as if fully set forth herein.

37.    Papst Licensing contends that the '449 patent is enforceable.

38.     Panasonic denies Papst Licensing's contention and alleges that the '449 patent is unenforceable by reason of the patent having been procured through inequitable conduct and fraud.

39.     In or about 1996, Michael Tasler, the sole named inventor of the '449 patent, authorized a thesis entitled *Design and Construction of a Universal Data Acquisition and Control System for Scanning Probe Microscopy* (the "Thesis").  The Thesis was in partial fulfillment of the requirements for Mr. Tasler's Master of Arts degree at the University of Texas at Austin.

40.     On information and belief, the Thesis was made publicly available at least through publication in or about December 1995 at the "Texas Instruments 1995 DSP Solution Challenge" contest and through cataloguing in or about August 1996 by the University of Texas in the OCLC Online Computer Library Center, before the filing of the application for the '399 and '449 patents, and is prior art to the '399 and '449 patents.  See Thesis, p. 87.  Mr. Tasler, as an author of the Thesis, was aware of the publication and cataloguing of the Tasler Thesis.

41.     The Thesis is material because a reasonable examiner would have considered the information contained in the Thesis important in deciding whether to allow the applications to issue into the '399 and '449 patents.

42.     The Thesis is directed toward an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port.  Thesis, p. 1, 19.  The Thesis is directed to solving the same two problems as the patents, *i.e.* PCs are not fast enough to handle the large amount of data using a direct connection to the scanning electron microscope (p. 14), and the printer port provides compatibility with many different hosts because it is standard on most PCs.  Thesis, p. 19.  The Thesis describes a "Universal Data Acquisition and Control

10

System for Scanning Probe Microscopy" that interfaces with a PC through the standard printer port. Thesis, p. 1, 19. The Thesis further describes the system as comprising a DSP Motherboard with memory (p. 18), a first connecting device for interfacing with the PC through the standard printer port (p. 19-21), a second connection device, the TLC320AC01, for interfacing the STM scanner with the DSP Motherboard (p. 4-7, 23), where the DSP Motherboard is configured to communicate with the PC via the printer port (p. 19-21) and includes software that communicates with the PC via the standard printer port (p. 30-31).

43.     Mr. Tasler and, on information and belief, others substantially involved in the prosecution of the application resulting in the '449 patent were aware or should have been aware of the Thesis and its contents during the time that the application resulting in the '449 patent was pending in the Patent and Trademark Office.

44.     During the time that the application resulting in the '449 patent was pending in the Patent and Trademark Office, the Thesis was never disclosed to the patent examiner.

45.     On information and belief, Mr. Tasler and/or others substantially involved in the prosecution of the application resulting in the '449 patent intentionally failed to disclose the Thesis with the intent to deceive or mislead the patent examiner, and/or acted in reckless disregard of their duty to disclose material information.

46.     An actual and justiciable controversy exists between Panasonic and Papst Licensing  as to whether the '449 patent is enforceable.

47.     Accordingly Panasonic seeks and is entitled to a judgment against Papst Licensing that the '449 patent is unenforceable.

## Prayer for Relief

WHEREFORE, Panasonic prays this Court for the following relief:

A.    A declaration that Panasonic has not infringed, and is not infringing, the '399 or '449 patents;

B.    A declaration that Panasonic has not infringed, and is not infringing, any of the claims of any continuation or divisional application relating to the patents-in-suit that may hereafter issue;

C.    A declaration that each of the claims of the '399 and '449 patents is invalid or unenforceable;

D.    An injunction prohibiting Papst from alleging infringement of the '399 and '449 patents or of any continuation or divisional application relating to the '399 or '449 patents by Panasonic and its customers;

E.    An award of damages that Panasonic has sustained;

F.    A declaration that this case is exceptional under 35 U.S.C. § 285, and Panasonic should be awarded its reasonable attorney fees and costs incurred in connection with this action; and

G.    Such other further relief as the Court deems just and proper.

## Jury Demand

Defendant Panasonic demands a jury trial on all issues so triable.


Dated:  June 25, 2008                    HOGAN & HARTSON LLP

                                         _____/s/ Rachel M. Capoccia_____
                                         Richard de Bodo  (Ca. Bar No. 128199)
                                         Rachel M. Capoccia (Ca. Bar No. 187160)
                                         1999 Avenue of the Stars
                                         Suite 1400
                                         Los Angeles, CA 90067
                                         Telephone: (310) 785-4694

Telecopier: (310) 785-4601
E-Mail: rdebodo@hhlaw.com
        rmcapoccia@hhlaw.com

ATTORNEYS FOR COUNTERCLAIM
DEFENDANT PANASONIC COPORATION OF
NORTH AMERICA

## CERTIFICATE OF SERVICE

I, Rachel M. Capoccia, hereby certify that on this 25th day of June, 2008, a true and correct copy of the foregoing document was served on all counsel of record by filing it through the United States District Court for the District of Columbia Electronic Case Filing System.


        /s/ Rachel M. Capoccia
ATTORNEY FOR COUNTERCLAIM
DEFENDANT PANASONIC COPORATION OF
NORTH AMERICA