**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE PAPST LICENSING GMBH & CO. KG LITIGATION** <br><br><br> **This Document Relates To:** <br> **HP v. Papst, No. 08-cv-865** | **Misc. Action No. 07-493 (RMC)** <br> **MDL No. 1880** |

**HEWLETT-PACKARD COMPANY'S REPLY TO
PAPST LICENSING GMBH & CO. KG'S COUNTERCLAIMS**

Hewlett-Packard Company ("HP") hereby responds to the Counterclaim of Papst Licensing GmbH & Co. KG ("Papst") with the following Answer and Affirmative Defenses:

**GENERAL DENIAL**

Unless specifically admitted below, HP denies each and every allegation set forth in Papst's Counterclaim.

**RESPONSE TO SPECIFIC ALLEGATIONS**

58.   Papst is a corporation existing under the laws of The Federal Republic of Germany, and has a principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

ANSWER:  HP is without knowledge or information sufficient to admit or deny the allegations in Paragraph 58 of the Counterclaim, and accordingly denies them.

59.   HP has alleged that it is a Delaware corporation with its principal place of

business located at 3000 Hanover Street, Palo Alto, California.

ANSWER: HP admits the allegations in Paragraph 59 of the Counterclaim.

## Response to Jurisdiction and Venue

60. This Court has federal question jurisdiction of this counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this counterclaim arises under the patent laws of the United States. 35 U.S.C. §§ 1, *et seq.*

ANSWER: The allegations in Paragraph 60 of the Counterclaim state legal conclusions to which no response is required. To the extent that a response is required, HP admits the allegations.

## Response to Patents At Issue

61. Papst is the lawful owner, by assignment of the entire right, title, and interest in and to the United States patents identified in paragraphs 62 and 63 below.

ANSWER: HP is without knowledge or information sufficient to admit or deny the allegations in Paragraph 61 of the Counterclaim, and accordingly denies them.

62. United States Patent No. 6,895,449 ("the '449 patent") duly and legally issued on May 17, 2005.

ANSWER: HP admits that United States Patent No. 6,895,449 ("the '449 patent") issued on May 17, 2005. In all other respects HP denies the allegations in Paragraph 62 of the Counterclaim.

63. United States Patent No. 6,470,399 ("the '399 patent") duly and legally issued on October 22, 2002.

ANSWER: HP admits that United States Patent No. 6,470,399 ("the '399 patent") issued on October 22, 2002. In all other respects HP denies the allegations in Paragraph 63 of the

Counterclaim.

### Response to Claim for Relief

64. Papst repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

ANSWER:  HP's answers to the foregoing paragraphs are hereby incorporated in this answer to Paragraph 64 of the Counterclaim as though fully set forth herein.

65. HP has alleged that it has been and is engaged in making, using, offering for sale and selling products, and selling products, including digital cameras to customers in the United States, or imported into the United States, and upon information and belief, that such products embody the elements of one or more claims of the '449 and '399 patents, and therefore, infringe those patents under the U.S. patent laws, 35 U.S.C. §271.

ANSWER:  HP admits that it has engaged in providing imaging-related products, including, among other things, digital cameras.  In all other respects, HP denies the allegations in Paragraph 65 of the Counterclaim.

66. Upon information and belief, a reasonable opportunity for further investigation is likely to provide evidentiary support that HP has committed the said infringements willfully.

ANSWER:  HP denies the allegations in Paragraph 66 of the Counterclaim.

67. Upon information and belief, HP has been and still is committing the said infringements and will continue to do so unless enjoined by this Court.

ANSWER:  HP denies the allegations in Paragraph 67 of the Counterclaim.

68. These actions by HP have damaged Papst in an amount to be determined at trial and have caused, and will continue to cause Papst irreparable injury for which Papst has no adequate remedy at law.

ANSWER: HP denies the allegations in Paragraph 68 of the Counterclaim.

## AFFIRMATIVE AND OTHER DEFENSES

### First Affirmative Defense

1. The claims of the '449 and '399 patents are invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United States Code.

### Second Affirmative Defense

2. Any purported claim for equitable relief set forth in Papst's Counterclaim is barred by unclean hands, laches, and estoppels.

### Third Affirmative Defense

3. Papst is not entitled to injunctive relief at least because any alleged injury to Papst is not immediate or irreparable, and Papst has an adequate remedy at law.

### Fourth Affirmative Defense

4. The '449 and '399 patents are unenforceable by reason of the patents having been procured through inequitable conduct and fraud.

5. In or about 1996, Michael Tasler, the sole named inventor of the '449 and '399 patents, authored a thesis entitled *Design and Construction of a Universal Data Acquisition and Control System for Scanning Probe Microscopy* (the "Thesis"). The Thesis was in partial fulfillment of the requirements for Mr. Tasler's Master of Arts degree at the University of Texas at Austin.

6. On information and belief, the Thesis was published and made publicly available before the filing of the applications for the '449 and '399 patents, and is prior art to the '449 and '399 patents. Mr. Tasler, as an author of the Thesis, was aware of the publication of the Thesis.

7.      On information and belief, the Thesis was made publicly available at least through publication in or about December 1995 at the "Texas Instruments 1995 DSP Solution Challenge" contest and through cataloguing in or about August 1996 by the University of Texas in the OCLC Online Computer Library Center, before the filing of the application for the '399 and '449 patents, and is prior art to the '399 and '449 patents. The Thesis, p. 87. Tasler, as an author of the Thesis, was aware of the publication and cataloguing of the Thesis.

8.      The Thesis is material because a reasonable examiner would have considered the information contained in the Thesis important in deciding whether to allow the applications to issue into the '399 and '449 patents.

9.      The Thesis is directed toward an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port. The Thesis, p. 1, 19. The Thesis is directed to solving the same two problems as the patents, *i.e.* PCs are not fast enough to handle the large amount of data using a direct connection to the scanning electron microscope (p. 14), and the printer port provides compatibility with many different hosts because it is standard on most PCs. The Thesis, p. 19. The Thesis describes "a Universal Data Acquisition and Control System for Scanning Probe Microscopy" that interfaces with a PC through the standard printer port. The Thesis, p. 1, 19. The Thesis further describes the system as comprising a DSP Motherboard with memory (p. 18), a first connecting device for interfacing with the PC through the standard printer port (p. 19-21), a second connection device, the TLC320AC01, for interfacing the STM scanner with the DSP Motherboard (p. 4-7, 23), where the DSP Motherboard is configured to communicate with the PC via the printer port (p. 19-20) and includes software that communicates with the PC via the standard printer port (p. 30-31).

10. Mr. Tasler and, on information and belief, others substantially involved in the prosecution of the application resulting in the '449 and '399 patents were aware or should have been aware of the Thesis and its contents during the time that the application resulting in the '449 and '399 patents were pending in the Patent and Trademark Office.

11. During the time that the applications resulting in the '449 and '399 patents were pending in the Patent and Trademark Office, the Thesis was never disclosed to the patent examiner.

12. On information and belief, Mr. Tasler and/or others substantially involved in the prosecution of the application resulting in the '449 and '399 patents intentionally failed to disclose the Thesis with the intent to deceive or mislead the patent examiner, and/or acted in reckless disregard of their duty to disclose material information.

### Fifth Affirmative Defense

13. By reason of the prosecution before the Patent and Trademark Office leading to, concurrently with, and/or following the issuance of the '399 and '449 patents, and by reason of statements and admissions made by or on behalf of the applicant, Papst is estopped from claiming infringement by HP of one or more of the claims of the '399 and '449 patents.

### Sixth Affirmative Defense

14. To the extent Papst and/or any licensee(s) failed to properly mark or give notice to HP under 35 U.S.C. § 287(a), Papst is precluded, or at least limited, from collecting damages from HP.

### Seventh Affirmative Defense

15. Papst's claim for damages is statutorily limited by 35 U.S.C. § 288.

**PRAYER FOR RELIEF**

WHEREFORE, HP prays for a judgment against Papst as follows:

A. Judgment that Papst take nothing by virtue of its Counterclaim;

B. Dismissal of Papst's Counterclaim with prejudice;

C. Judgment against Papst declaring that the '399 patent is not infringed by HP;

D. Judgment against Papst declaring that the '399 patent is invalid;

E. Judgment against Papst declaring that the '399 patent is unenforceable;

F. Judgment against Papst declaring that the '449 patent is not infringed by HP;

G. Judgment against Papst declaring that the '449 patent is invalid;

H. Judgment against Papst declaring that the '449 patent is unenforceable;

I. A declaration that HP's case against Papst is an exceptional case within the meaning of 35 U.S.C. § 285;

J. An award of costs and attorneys' fees to HP; and

K. Such other and further relief as the Court deems just and reasonable.


Dated: July 7, 2008                                    Respectfully submitted,


                                                       By: */s/ Heather N. Mewes*
                                                           Charlene M. Morrow, CA Bar. No. 136411
                                                           Heather N. Mewes, CA Bar No. 203690
                                                           David D. Schumann, CA Bar No. 223936
                                                           Jeffrey V. Lasker, CA Bar No. 246029
                                                           FENWICK & WEST LLP
                                                           555 California Street, 12th Floor
                                                           San Francisco, CA  94104
                                                           Telephone:  (415) 875-2300
                                                           Facsimile:   (415) 281-1350

                                                       **Attorneys for Hewlett Packard Company**

## DEMAND FOR JURY TRIAL

Plaintiff HP hereby demands a trial by jury of all issues so triable.

Dated: July 7, 2008                                   Respectfully submitted,


By: */s/ Heather N. Mewes*
    Charlene M. Morrow, CA Bar. No. 136411
    Heather N. Mewes, CA Bar No. 203690
    David D. Schumann, CA Bar No. 223936
    Jeffrey V. Lasker, CA Bar No. 246029
    FENWICK & WEST LLP
    555 California Street, 12th Floor
    San Francisco, CA  94104
    Telephone:  (415) 875-2300
    Facsimile:   (415) 281-1350

**Attorneys for Hewlett Packard Company**