IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE PAPST LICENSING GMBH & CO. KG LITIGATION**<br><br>**This Document Relates To:**<br>**1:08-cv-00612** | **Misc. Action No. 07-493 (RMC)**<br>**MDL Docket No. 1880** |

**PAPST LICENSING'S REPLY TO
RICOH AMERICAS CORPORATION'S AMENDED COUNTERCLAIMS**

Plaintiff Papst Licensing GmbH & Co. KG ("Papst") answers the amended counterclaims of Defendant Ricoh Americas Corporation ("Ricoh") filed June 25, 2008 (*Dkt. No.145)* as follows:

**General Denial**

Unless specifically admitted below, Papst denies each and every allegation set forth in Ricoh's amended counterclaims.

**Parties**

1. Defendant Ricoh Americas Corporation is a Delaware corporation with its principal place of business at 5 Dedrick Place, West Caldwell, New Jersey 07006.

REPLY: Papst admits that, upon information and belief, Ricoh is a Delaware corporation based at 5 Dedrick Place, West Caldwell, NJ 07006.

2. Defendant Ricoh Americas Corporation imports and sells a wide range of consumer electronics products, including digital cameras.

REPLY: Papst admits that Ricoh imports and sells digital cameras. Papst is without knowledge or information sufficient to form a belief as to the truth of other averments in paragraph 2, and therefore denies those other averments.

3.  Papst has held itself out to be a company existing under the laws of The Federal Republic of Germany with its principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

REPLY: Admit.

4.  Upon information and belief, Papst does not manufacture or sell any consumer products. Its sole business is to acquire and attempt to license or enforce intellectual property rights.

REPLY: Papst admits that it does not manufacture or sell consumer products, and that it is in the business of obtaining intellectual property rights and obtaining commercial benefit from those rights. Papst denies any other averments in paragraph 4.

## Patents-in-Suit

5.  Papst has held itself out to be the owner of United States Patent No. 6,470,399 B1 ("the '399 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless the Type of the I/O Device," which was issued on October 22, 2002.

REPLY: Admit.

6.  Papst has also held itself out to be the owner of United States Patent No. 6,895,449 B2 ("the '449 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless the Type of the I/O Device," which was issued on May 17, 2005.

REPLY: Admit.

7.  Papst is prosecuting continuations and divisional applications of the '399 and the '449 patents with the United States Patent and Trademark Office, including pending application Nos. 11,467,073 and 11,467,092.

REPLY: Admit.

8.  Papst has accused Defendant Ricoh Americas Corporation's digital camera products of infringing the '399 patent and the '449 patent.

REPLY:  Admit.

## Jurisdiction and Venue

9.  This counterclaim arises under the Declaratory Judgment Act and the patent laws of the United States.  See 28 U.S.C. §§ 2201 and 2202; Title 35 U.S.C. §§ 100 *et seq.*

REPLY:  Admit.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

REPLY:  Admit.

11. This Court has personal jurisdiction over Papst by virtue of Papst's filing of the Complaint in this matter.

REPLY:  Admit.

12. Venue in this judicial district is proper under at least 28 U.S.C. § 1391(c) and (d).

REPLY:  Admit.

13. An actual and justiciable controversy exists between Defendant Ricoh Americas Corporation, on the one hand, and Papst, on the other hand, concerning Papst's claims of infringement of the '399 and the '449 patents and concerning whether those patents are valid.

REPLY:  Admit.

## COUNT I
(Declaratory Judgment of non-infringement and invalidity of the '399 patent)

14. Defendant Ricoh Americas Corporation re-alleges and incorporates by reference its allegations in paragraphs 1 through 13 above as if fully set forth herein

REPLY:  Papst replies and incorporates by reference its answers to paragraphs 1 through 13 above as if fully set forth here.

15. Defendant Ricoh Americas Corporation have not directly infringed, contributed to infringement of , or induced infringement of any valid and enforceable claim of the '399 patent, nor is Defendant Ricoh Americas Corporation, either literally or under the doctrine if equivalents,

directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '399 patent.

REPLY:  Denied.

16. The '399 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.,* including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

REPLY:  Denied.

17. An actual and justiciable controversy exists between Defendant Ricoh Americas Corporation and Papst regarding the alleged infringement and validity of the '399 patent by virtue of the complaint filed by Papst that Defendant Ricoh Americas Corporation is or have been infringing the '399 patent.

REPLY:  Admit.

18. This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling Defendant Ricoh Americas Corporation to an award of its attorneys' fees.

REPLY:  Denied.

## COUNT II
(Declaratory Judgment of non-infringement and invalidity of the '449 patent)

19. Defendant Ricoh Americas Corporation re-allege and incorporate by reference their allegations in paragraphs 1 through 18 above as if fully set forth herein.

REPLY:  Papst replies and incorporates by reference its answers to paragraphs 1 through 18 above as if fully set forth herein.

20. Defendant Ricoh Americas Corporation has not directly infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '449 patent, nor is Defendant Ricoh Americas Corporation, either literally or under the doctrine if equivalents, directly

4

infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '449 patent.

REPLY:  Denied.

21. The '449 patent is invalid for failing to comply with one or more of the requirements for patentability set forth Title 35 U.S.C. § 101, *et seq.,* including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

REPLY:  Denied.

22. An actual and justiciable controversy exists between Defendant Ricoh Americas Corporation and Papst regarding the alleged infringement and validity of the '449 patent by virtue of the complaint filed by Papst alleging that Defendant Ricoh Americas Corporation is or have been infringing the '449 patent.

REPLY:  Admit.

23. This case in an exceptional case pursuant to 35 U.S.C. § 285, entitling Defendant Ricoh Americas Corporation to an award of its attorneys' fees.

REPLY:  Denied.

24. Defendant Ricoh Americas Corporation expressly reserves the right to amend these Counterclaims to add declaratory judgment counts with respect to any continuation or divisional applications relating to the '399 and '449 patents that may issue after the date these Counterclaims are filed.

REPLY:  This paragraph does not contain an averment of fact or law and instead it is a statement of Ricoh concerning procedural matters, but insofar as an answer is required, Papst Licensing denies that Ricoh has the power to amend the Complaint without first obtaining leave of court.

## COUNT III
### (Declaratory Judgment of unenforceability of the '399 and '449 patents)

25. Defendant Ricoh Americas Corporation re-alleges and incorporates by reference its allegations in paragraphs 1 through 24 above as fully set forth herein.

REPLY:  Papst re-alleges and incorporates its answers to paragraphs 1 through 24 above as if fully set forth herein.

26. Papst contends that the '339 and '449 patents are enforceable.

REPLY:  Admit.

27. Defendant Ricoh Americas Corporation denies Papst's contention and alleges that the '399 and '449 patents are unenforceable by reason of the patents having been procured through inequitable conduct and fraud.

REPLY:  Papst Licensing admits that Ricoh states that it denies Papst's contention and alleges that the '399 and '449 patents are unenforceable by reason of the patents having been procured through inequitable conduct and fraud, but Papst Licensing denies that Ricoh has any valid grounds to support such claims.

28. In or about 1996, Michael Tasler, the sole named inventor of the '399 and '449 patents, authored a thesis entitled *Design and Construction of a Universal Data Acquisition and Control System for Scanning Probe Microscope* (the "Thesis").  The Thesis was in partial fulfillment of the requirements for Mr. Tasler's Master of Arts degree at the University of Texas at Austin. A true and correct copy of the thesis is attached hereto as Exhibit A.

REPLY:  Papst Licensing is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

29. On information and belief, the Thesis was made publicly available at least through publication in or about December 1995 at the "Texas Instruments 1995 DSP Solution Challenge" contest and through cataloguing in or about August 1996 by the University of Texas in the OCLC Online Computer Library Center, before the filing of the application for the '399 and '449 patents, and is prior art to the '399 and '449 patents. Exhibit A., p.l 81.  Mr. Tasler, as an author of the Thesis, was aware of the publication and cataloguing of the Thesis.

    REPLY:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

30. The Thesis is material because a reasonable examiner would have considered the information contained in the Thesis important in deciding whether to allow the applications to issue into the '399 and '449 patents.

    REPLY:  Denied.

31. The Thesis is directed toward an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port.  The Thesis is directed to solving the same problems as the patents, *i.e.,* PCs are not fast enough to handle the large amount of data using a direct connection to the scanning electron microscope, and the printer port provides compatibility with many different hosts because it is standard on most PCs.  The Thesis describes "a Universal Data Acquisition and Control System for Scanning Probe Microscopy" that interfaces with a PC through the standard printer port. The Thesis further describes the system as comprising a DSP Motherboard with memory, a first connecting device for interfacing with the PC through the standard printer port, a second connecting device, the TLC320AC01, for interfacing the STM scanner with the DSP Motherboard, where the DSP Motherboard is configured to communicate with the PC via the printer port and includes software that communicates with the PC via the standard printer port. (Exhibit A, p. 30-31).

>   REPLY:  The averments in this paragraph are Ricoh's incomplete characterization and interpretation of the document Ricoh refers to herein as The Thesis, but insofar as an answer is required, denied.

32. Mr. Tasler and, on information and belief, others substantially involved in the prosecution of the applications resulting in the '399 and '449 patents were aware or should have been aware of the Thesis and its contents du ring the time that the applications resulting in the '339 and '449 patents were pending in the Patent and Trademark Office.

>   REPLY: Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

33. During the time the applications resulting in the '399 and '449 patents were pending in the Patent and Trademark Office, the Thesis was never disclosed to the patent examiner.

>   REPLY:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

34. On information and belief, Mr. Tasler and/or others substantially involved in the prosecution of the applications resulting in the '399 and '449 patents intentionally failed to disclose the Thesis with the intent to deceive or mislead the patent examiner, and/or acted in reckless disregard of their duty to disclose material information.

>   REPLY:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

35. An actual controversy thus exists between Defendant Ricoh Americas Corporation and Papst as to whether the '399 and '449 patents are enforceable.

>   REPLY:  Admit.

36. Accordingly, Defendant Ricoh Americas Corporation seeks and is entitled to a judgment against Papst that the '399 and '449 patents are unenforceable.

REPLY:  Denied.

*Unless specifically admitted above, Papst denies each and every allegation set forth in Ricoh's counterclaims and Papst denies that Ricoh is entitled to any relief in this action either as requested or otherwise.*

### Reply to Ricoh's Requested Relief

Papst denies that Ricoh is entitled to any relief in this action either as requested in its counterclaims or otherwise.

### Papst's Defenses

1. The counterclaims fail to state a claim upon which relief can be granted.

2. Ricoh does infringe the '399 and '449 patents directly and/or indirectly.

3. The claims of the '399 and the '449 patents are valid and enforceable.

### Jury Demand

Papst demands a jury trial on all issues so triable.


Dated: July 10, 2008          By:     /S/  Robert F. Muse_____
                                      Robert F. Muse (Bar No. 166868)
                                      STEIN, MITCHELL & MEZINES LLP
                                      1100 Connecticut Avenue, N.W.
                                      Suite 1100
                                      Washington, DC 20036
                                      (202) 737-7777
                                      (202) 296-8312 (Fax)

                                      James P. White
                                      Jerold B. Schnayer
                                      Joseph E. Cwik
                                      WELSH & KATZ, LTD.
                                      120 South Riverside Plaza, 22nd Floor
                                      Chicago, IL 60606
                                      (312) 655-1500
                                      (312) 655-1501 (fax)

                                      **Attorneys for Papst Licensing GmbH & Co. KG**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing PAPST LICENSING'S REPLY TO RICOH AMERICA CORPORATION'S AMENDED COUNTERCLAIMS was served on this the 10th day of July, 2008 upon the attorneys for the Camera Manufacturers through the United States District Court for the District of Columbia ECF System unless otherwise noted as follows:

*For The Casio Parties* (via e-mail)*:*
Laura Krawczyk
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Phone: (212) 309-6000
Fax: (212) 309-6001
lkrawczyk@morganlewis.com

J. Kevin Fee
Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
jkfee@morganlewis.com

Scott D. Stimpson
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
stimpsonlaw@gmail.com

*For The Samsung Parties* (via e-mail)*:*
Patrick J. Kelleher
Drinker Biddle Gardner Carton
191 North Wacker Drive
Suite 3700
Chicago, IL 60606-1698
Phone: (312) 569-1375
Fax: (312) 569-3375
Patrick.kelleher@dbr.com

*Camera Manufacturers' Administrative Counsel and*
*For The Fujifilm Parties* (via e-mail)*:*
Steven J. Routh
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Phone: (202) 637-5600

Fax:  (202) 637-5910
sjrouth@hhlaw.com

Sten Jensen
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Phone:  (202) 637-6465
Fax:  (202) 637-5910
sajensen@hhlaw.com

***For the Olympus Parties*** (via e-mail)*:*
Richard deBodo
Rachel M. Capoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone:  (310) 785-4694
Fax:  (310) 785-4601
rdebodo@hhlaw.com
rmcapoccia@hhlaw.com

***For The Matsushita and Victory Company of Japan Parties*** (via e-mail):
Richard deBodo
Rachel M. Capoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone: (310) 785-4694
Fax: (310) 785-4601
rdebodo@hhlaw.com
rmcapoccia@hhlaw.com

Adam K. Levin, Esq.
Hogan & Hartson LLP
555 13th Street, NW
Washington, DC 20004
aklevin@hhlaw.com

***For the Ricoh Parties*** (via e-mail):
Michael Switzer
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606-5096
Phone:  (312) 984-3666

Fax:  (312) 984-7700
mswitzer@mwe.com

Richard L. Horwitz
Potter Anderson & Corroon, LLP
1313 North Market Street, 6th Floor
PO Box 951
Wilmington, DE 19899
Phone:  (302) 984-6000
Fax:  (302) 658-1192
rhorwitz@potteranderson.com

***For Hewlett-Packard Company*** (via email):
Charlene M. Morrow
Heather N. Mewes
Fenwick & West LLP
555 California Street, Suite 1200
San Francisco, CA 94104
Phone:  (415) 875-2300
Fax:  (415) 281-1350
cmorrow@fenwick.com
hmewes@fenwick.com

***For the Nikon Parties*** (via e-mail):
David L. Witcoff
Marc S. Blackman
Jones Day
77 West Wacker Drive
Chicago, IL 60601
Phone:  (312) 782-3939
Fax:  (312) 782-8585
dlwitcoff@jonesday.com
msblackman@jonesday.com

        /s/ Robert F. Muse
        Attorney for Papst Licensing GmbH & Co.   KG