## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**IN RE PAPST LICENSING GMBH & CO. KG LITIGATION**

**This Document Relates To:
07-cv-1222**

**Misc. Action No. 07-493 (RMC)
MDL Docket No.  1880**

### PAPST LICENSING'S REPLY TO PANASONIC CORPORATION OF
### NORTH AMERICA'S AMENDED COUNTERCLAIMS

Defendant, Papst Licensing GmbH & Co. KG ("Papst") replies to the amended counterclaims of Panasonic Corporation of North America ("Panasonic") filed on June 27, 2008 *(Dkt. No. 164)* as follows:

### PARTIES

1.   Defendant Panasonic Corporation of North America is a Delaware corporation with its principal place of business located at 1 Panasonic Way, Secaucus, NJ 07094.

REPLY:  Papst admits that, upon information and belief, Panasonic is a Delaware corporation with its principal place of business located at 1 Panasonic Way, Secaucus, NJ 07094.

2.   Panasonic manufactures and sells a wide range of consumer electronics products, including digital cameras and camcorders.

REPLY:  Papst admits that Panasonic imports and sells digital cameras and camcorders. Papst is without knowledge or information sufficient to form a belief as to the truth of other averments in paragraph 2, and therefore denies those other averments.

3.  Upon information and belief, Papst is a company existing under the laws of The Federal Republic of Germany with its principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

REPLY:  Admit.

4.  Upon information and belief, Papst does not manufacture or sell any consumer products. Its sole business is to acquire and attempt to license or enforce intellectual property rights.

REPLY:  Papst admits that it does not manufacture or sell consumer products, and that it is in the business of obtaining intellectual property rights and obtaining commercial benefit from those rights.  Papst denies any other averments in paragraph 4.

## Patents-in-Suit

5.  Papst has held itself out to be the owner of United States Patent No. 6,470,399 B1 ("the '399 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless of the Type of the I/O  Device," which issued on October 22, 2002.

REPLY:  Admit.

6.  Papst has also held itself out to be the owner of United States Patent No. 6,895,449 B2 ("the '449 patent"), entitled "Flexible Interface for Communication  Between a Host and an Analog I/O Device Connected to the Interface Regardless of the Type of the I/O Device," which issued on May 17, 2005.

REPLY:  Admit.

7.  Papst has prosecuted continuations and divisional applications of the '399 and the '449 patents, including pending application No. 11/078,778.

REPLY:  Admit.

**Jurisdiction and Venue**

8.   This action arises under the Declaratory Judgment Act and the patent laws of the United States.  See 28 U.S.C. §§ 2201 and 2202; Title 35 U.S.C. §§ 100 *et seq.*

REPLY:  Admit.

9.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

REPLY:  Admit.

10.  Venue in this judicial district is proper under at least U.S.C. § 1391(c) and (d).

REPLY:  Admit.

11.  This court has personal jurisdiction over Papst by virtue of Papst's filing of its Counterclaims against Panasonic in this matter.

REPLY:  Admit.

12.  An actual and justifiable controversy exists between Panasonic, on the one hand, and Papst, on the other hand, concerning Papst's claims of infringement of the '399 and the '449 patents and concerning whether those patents are valid.

REPLY:  Admit.

**Count I**
**(Declaratory Judgment of non-infringement, invalidity, and unenforceability of the '399 Patent)**

13.  Panasonic realleges and incorporates by reference its allegations in paragraphs 1 through 12 above as if fully set forth herein.

REPLY:  Papst incorporates by reference its answers to paragraphs 1 through 12 above as if fully set forth herein.

14. Panasonic has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '399 patent, nor is Panasonic, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '399 patent.

REPLY:  Denied.

15. The '399 patent is invalid or unenforceable for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.,* including, without limitation, 35 U.S.C. §§ 101, 103, 103 and/or 112.

REPLY:  Denied.

16. An actual and justifiable controversy exists between Panasonic, on the one hand, and Papst, on the other hand, regarding the alleged infringement and validity of the '399 patent by virtue of the allegations made by Papst that Panasonic and/or its customers are or have been infringing the '399 patent.

REPLY:  Admit.

17. This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling Panasonic to an award of their attorneys' fees.

REPLY:  Denied.

## Count II
## (Declaratory Judgment of non-infringement, invalidity, and unenforceability of the '449 patent)

18. Panasonic realleges and incorporates by reference its allegations in paragraphs 1 through 17 above as if fully set forth herein.

REPLY:  Papst incorporates by reference its answers to paragraphs 1 through 17 above as if fully set forth herein.

19. Panasonic has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '449 patent, nor is Panasonic, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '449 patent.

    REPLY:  Denied.

20. The '449 patent is invalid or unenforceable for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.,* including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

    REPLY:  Denied.

21. An actual and justifiable controversy exists between Panasonic, on the one hand, and Papst, on the other, regarding the alleged infringed and validity of the '449 patent by virtue of the allegations made by Papst that Panasonic and/or its customers are or have been infringing the '399 patent.

    REPLY:  Admit.

22. This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling Panasonic to an award of their attorneys' fees.

    REPLY:  Denied.

23. Panasonic expressly reserves the right to amend these Counterclaims to add declaratory judgment counts with respect to any continuation or divisional applications relating to the patents-in-suit that may issue after the date these Counterclaims are filed.

    REPLY:  This paragraph does not contain an averment of fact or law.  Instead, it is a statement of Panasonic concerning procedural matters, but insofar as an answer is required, Papst

Licensing denies that Panasonic has the power to amend its counterclaims without first obtaining leave of court.

<u>**Count III**</u>
**(Declaratory Judgment of unenforceability of the '399 patent)**

24. Panasonic realleges and incorporates by reference its allegations in paragraphs 1 through 23 as if fully set forth herein.

<u>REPLY</u>:  Papst incorporates by reference its answers to paragraphs 1 through 23 above as if fully set forth herein.

25. Papst Licensing contends that the '399 patent is enforceable.

<u>REPLY</u>:  Admit.

26. Panasonic denies Papst Licensing's contention and alleges that the '399 patent is unenforceable by reason of having been procured through inequitable conduct and fraud.

<u>REPLY</u>:  Papst admits that Panasonic denies Papst Licensing's contention and alleges that the '399 patent is unenforceable by reason of having procured through inequitable conduct and fraud, but denies that Panasonic has any valid grounds to support such claims.

27. In or about 1996, Michael Tasler, the sole named inventor of the '399 patent, authored a thesis entitled *Design and Construction of a Universal Data Acquisition and Control System for Scanning Probe Microscopy* (the "Thesis"). The Thesis was in partial fulfillment of the requirements for Mr. Tasler's Master of Arts degree at the University of Texas at Austin.

<u>REPLY</u>:  Papst Licensing is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

28. On information and belief, the Thesis was made publicly available at least through publication in or about December 1995 at the "Texas Instruments 1995 DSP Solution Challenge" contest through cataloguing in or about August 1996 by the University of Texas in the OCLC

Online Computer Library Center, before the filing of the application for the '399 patents and '449 patents, and is prior art to the '399 and '449 patents.  See Thesis, p. 87.  Mr. Tasler, as an author of the Thesis, was aware of the publication and cataloguing of the Tasler Thesis.

REPLY:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

29. The Thesis is material because a reasonable examiner would have considered the information contained in the Thesis important in deciding whether to allow the applications to issue into the '399 and '449 patents.

REPLY:  Denied.

30. The Thesis is directed toward an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port.  The Thesis is directed to solving the same problems as the '399 patent, *i.e.,* PCs are not fast enough to handle the large amount of data using a direct connection to the scanning electron microscope, and the printer port provides compatibility with many different hosts because it is standard on most PCs.  The Thesis describes "a Universal Data Acquisition and Control System for Scanning Probe Microscopy" that interfaces with a PC through the standard printer port. The Thesis further describes the system as comprising a DSP Motherboard with memory, a first connecting device for interfacing with the PC through the standard printer port, a second connecting device, the TLC320AC01, for interfacing the STM scanner with the DSP Motherboard, where the DSP Motherboard is configured to communicate with the PC via the printer port and includes software that communicates with the PC via the standard printer port. (Exhibit A, p. 30-31).

REPLY:  The averments in this paragraph are Panasonic's incomplete characterization and interpretation of the document Panasonic refers to herein as The Thesis, but insofar as an answer is required, denied.

31. Mr. Tasler and, on information and belief, others substantially involved in the prosecution of the application resulting in the '399 patent were aware or should have been aware of the Thesis and its contents during the time that the application resulting in the '399 patent was pending in the Patent and Trademark Office.

REPLY:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

32. During the time that the application resulting in the '399 patent was pending in the Patent and Trademark Office, the Thesis was never disclosed to the patent examiner.

REPLY:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

33. On information and belief, Mr. Tasler and/or others substantially involved in the prosecution of the application resulting in the '399 patent intentionally failed to disclose the Thesis with the intent to deceive or mislead the patent examiner, and/or acted in reckless disregard of their duty to disclose material information.

REPLY:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

34. An actual and justiciable controversy exists between Panasonic and Papst Licensing as to whether the '399 patent is enforceable.

REPLY:  Admit.

35. According, Panasonic seeks and is entitled to a judgment against Papst Licensing that the '399 patent is unenforceable.

REPLY:  Denied.

<u>**Count IV**</u>
**(Declaratory Judgment of unenforceability of the '449 patent)**

36. Panasonic realleges and incorporates by reference its allegations in paragraphs 1 through 35 as if fully set forth herein.

<u>REPLY</u>:  Papst replies and incorporates by reference its answers to paragraphs 1 through 35 above as if fully set forth herein.

37. Papst Licensing contends that the '449 patent is enforceable.

<u>REPLY</u>:  Admit.

38. Panasonic denies Papst Licensing's contention and alleges that the '449 patent is unenforceable by reason of the patent having been procured through inequitable conduct and fraud.

<u>REPLY</u>:  Papst admits that Panasonic denies Papst Licensing's contention and alleges that the '449 patent is unenforceable by reason of having procured through inequitable conduct and fraud, but denies that Panasonic has any valid grounds to support such claims.

39. In or about 1996, Michael Tasler, the sole named inventor of the '449 patent, authored a thesis entitled *Design and Construction of a Universal Data Acquisition and Control System for Scanning Probe Microscopy* (the "Thesis"). The Thesis was in partial fulfillment of the requirements for Mr. Tasler's Master of Arts degree at the University of Texas at Austin.

<u>REPLY</u>:  Papst Licensing is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

40. On information and belief, the Thesis was made publicly available at least through publication in or about December 1995 at the "Texas Instruments 1995 DSP Solution Challenge" contest and through cataloguing in or about August 1996 by the University of Texas in the OCLC Online Computer Library Center, before the filing of the application for the '399 and '449

9

patents, and is prior art to the '399 and '449 patents. The Thesis at p. 87. Mr. Tasler, as an author of the Thesis, was aware of the publication and cataloguing of the Tasler Thesis.

REPLY: Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

41. The Thesis is material because a reasonable examiner would have considered the information contained in the Thesis important in deciding whether to allow the applications to issue into the '399 and '449 patents.

REPLY: Denied.

42. The Thesis is directed toward an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port. The Thesis is directed to solving the same problems as the '399 patent, *i.e.,* PCs are not fast enough to handle the large amount of data using a direct connection to the scanning electron microscope, and the printer port provides compatibility with many different hosts because it is standard on most PCs. The Thesis describes "a Universal Data Acquisition and Control System for Scanning Probe Microscopy" that interfaces with a PC through the standard printer port. The Thesis further describes the system as comprising a DSP Motherboard with memory, a first connecting device for interfacing with the PC through the standard printer port, a second connecting device, the TLC320AC01, for interfacing the STM scanner with the DSP Motherboard, where the DSP Motherboard is configured to communicate with the PC via the printer port and includes software that communicates with the PC via the standard printer port. (Exhibit A, p. 30-31).

REPLY: The averments in this paragraph are Panasonic's complete characterization and interpretation of the document Panasonic refers to herein as The Thesis, but insofar as an answer is required, denied.

43. Mr. Tasler and, on information and belief, others substantially involved in the prosecution of the application resulting in the '449 patent were aware or should have been aware of the Thesis and its contents during the time that the application resulting in the '449 patent was pending in the Patent and Trademark Office.

REPLY:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

44. During the time that the application resulting in the '449 patent was pending in the Patent and Trademark Office, the Thesis was never disclosed to the patent examiner.

REPLY:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

45. On information and belief, Mr. Tasler and/or others substantially involved in the prosecution of the application resulting in the '449 patent intentionally failed to disclose the Thesis with the intent to deceive or mislead the patent examiner, and/or acted in reckless disregard of their duty to disclose material information.

REPLY:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

46. An actual and justiciable controversy exists between Panasonic and Papst Licensing as to whether the '449 patent is enforceable.

REPLY:  Admit.

47. Accordingly Panasonic seeks and is entitled to a judgment against Papst Licensing that the '449 patent is unenforceable.

REPLY:  Denied.

*Unless specifically admitted above, Papst denies each and every allegation set forth in Panasonic's counterclaims and Papst denies that Panasonic is entitled to any relief in this action either as requested or otherwise.*

### Reply to Panasonic's Requested Relief

Papst denies that Panasonic is entitled to any relief in this action either as requested in its counterclaims or otherwise.

### Papst's Defenses

1. The counterclaims fail to state a claim upon which relief can be granted.

2. Panasonic does infringe the '399 and '449 patents directly and/or indirectly.

3. The claims of the '399 and the '449 patents are valid and enforceable.

### Jury Demand

Papst respectfully requests and trial by jury of all issues so triable.

Dated: July 11, 2008          By:    /S/  Robert F. Muse_____
                                     Robert F. Muse (Bar No. 166868)
                                     STEIN, MITCHELL & MEZINES LLP
                                     1100 Connecticut Avenue, N.W.
                                     Suite 1100
                                     Washington, DC 20036
                                     (202) 737-7777
                                     (202) 296-8312 (Fax)

                                     James P. White
                                     Jerold B. Schnayer
                                     Joseph E. Cwik
                                     WELSH & KATZ, LTD.
                                     120 South Riverside Plaza, 22nd Floor
                                     Chicago, IL 60606
                                     (312) 655-1500
                                     (312) 655-1501 (fax)

                                     **Attorneys for Papst Licensing GmbH &    Co. KG**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing PAPST LICENSING'S REPLY TO PANASONIC'S AMENDED COUNTERCLAIMS was served on this the 11th day of July, 2008 upon the attorneys for the Camera Manufacturers through the United States District Court for the District of Columbia ECF System unless otherwise noted as follows:

***For The Casio Parties*** (via e-mail)***:***
Laura Krawczyk
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Phone:  (212) 309-6000
Fax:  (212) 309-6001
lkrawczyk@morganlewis.com

J. Kevin Fee
Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
jkfee@morganlewis.com

Scott D. Stimpson
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
stimpsonlaw@gmail.com

***For The Samsung Parties*** (via e-mail)***:***
Patrick J. Kelleher
Drinker Biddle Gardner Carton
191 North Wacker Drive
Suite 3700
Chicago, IL 60606-1698
Phone:  (312) 569-1375
Fax:  (312) 569-3375
Patrick.kelleher@dbr.com

***Camera Manufacturers' Administrative Counsel and***
***For The Fujifilm Parties*** (via e-mail)***:***
Steven J. Routh
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Phone:  (202) 637-5600

Fax:  (202) 637-5910
sjrouth@hhlaw.com

Sten Jensen
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Phone:  (202) 637-6465
Fax:  (202) 637-5910
sajensen@hhlaw.com

***For the Olympus Parties*** (via e-mail)***:***
Richard deBodo
Rachel M. Capoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone:  (310) 785-4694
Fax:  (310) 785-4601
rdebodo@hhlaw.com
rmcapoccia@hhlaw.com

***For The Matsushita and Victory Company of Japan Parties*** (via e-mail):
Richard deBodo
Rachel M. Capoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone: (310) 785-4694
Fax: (310) 785-4601
rdebodo@hhlaw.com
rmcapoccia@hhlaw.com

Adam K. Levin, Esq.
Hogan & Hartson LLP
555 13th Street, NW
Washington, DC 20004
aklevin@hhlaw.com

***For the Ricoh Parties*** (via e-mail):
Michael Switzer
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606-5096

Phone:  (312) 984-3666
Fax:  (312) 984-7700
mswitzer@mwe.com

Richard L. Horwitz
Potter Anderson & Corroon, LLP
1313 North Market Street, 6th Floor
PO Box 951
Wilmington, DE 19899
Phone:  (302) 984-6000
Fax:  (302) 658-1192
rhorwitz@potteranderson.com

**_For Hewlett-Packard Company_** (via email):
Charlene M. Morrow
Heather N. Mewes
Fenwick & West LLP
555 California Street, Suite 1200
San Francisco, CA 94104
Phone:  (415) 875-2300
Fax:  (415) 281-1350
cmorrow@fenwick.com
hmewes@fenwick.com

**_For the Nikon Parties_** (via e-mail):
David L. Witcoff
Marc S. Blackman
Jones Day
77 West Wacker Drive
Chicago, IL 60601
Phone:  (312) 782-3939
Fax:  (312) 782-8585
dlwitcoff@jonesday.com
msblackman@jonesday.com

/s/ Robert F. Muse
Attorney for Papst Licensing GmbH & Co.   KG