**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**IN RE PAPST LICENSING GMBH & CO.**
**KG LITIGATION**

**This Document Relates To:**
**07-cv-1118**

**Misc. Action No. 07-493 (RMC)**
**MDL Docket No.  1880**

**PAPST LICENSING'S ANSWER TO FUJIFILM'S AMENDED COMPLAINT**
**FOR DECLARATORY JUDGMENT AND PAPST'S COUNTERCLAIMS**

Defendant, Papst Licensing GmbH & Co. KG ("Papst"), answers the Amended

Complaint of Plaintiffs, Fujifilm Corporation ("Fujifilm Japan") and Fujifilm U.S.A. ("Fujifilm

U.S.A.")(hereinafter referred to collectively as "Fujifilm") filed June 27, 2008 (*Dkt. No. 153)* as

follows:

**Parties**

1.   Plaintiff Fujifilm U.S.A. is a New York corporation with its principal place of business at

200 Summit Lake Drive, Floor 2, Valhalla, New York 10595.

     ANSWER:  Papst admits that, upon information and belief, Fujifilm is a New York

corporation with its principal place of business at 200 Summit Lake Drive, Floor 2, Valhalla,

New York 10595.

2.   Plaintiff Fujifilm Japan is a Japanese corporation with its principal place of business at

Midtown West, 7-3, Akasaka 9-chome, Minato-ku, Tokyo 107-0052, Japan.

ANSWER:  Papst admits that, upon information and belief, Fujifilm Japan is a Japanese corporation with its principal place of business at Midtown West, 7-3, Akasaka 9-chome, Minato-ku, Tokyo 107-0052, Japan.

3.   Fujifilm U.S.A. and Fujifilm Japan are in the business of manufacturing and selling a wide range of consumer electronics products, including digital cameras.

ANSWER:  Papst admits that Fujifilm is in the business of manufacturing and selling digital cameras; otherwise Papst states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

4.   Upon Information and belief, Papst is a company existing under the laws of The Federal Republic of Germany with its principal place of business at Bahnhofstrasse 33, 78112, St. Georgen, Germany.

ANSWER: Admit.

5.   Upon information and belief, Papst does not manufacture or sell any consumer products. Its sole business is to acquire and enforce intellectual property rights.

ANSWER:  Papst admits that it does not currently manufacture or sell any consumer products.  Further answering, Papst admits that it does license and enforce certain U.S. patents; otherwise Papst denies any and all remaining allegations of Paragraph No. 5.

## Patents In Suit

6.   Papst has held itself out as the owner of United States Patent No. 6,470,399 BI ("the '399 patent") entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless of the Type of the I/O Device," which issued on October 22, 2002.

ANSWER:  Admit.

7.  Papst has also held itself out as the owner of United States Patent No. 6,895,449 B2 ("the '449 patent") entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless the Type of the I/O Device," which issued on May 17, 2005.

ANSWER:  Admit.

8.  Papst has been active in prosecuting continuations and divisional applications of the patents in suit, including pending application No.11/078,778.

ANSWER:  Admit.

9.  Papst has represented that Fujifilm, along with dozens of other companies, must either license the patents in suit or be faced with costly litigation and massive injury to business and reputation.  Papst has made these threats without conducting an appropriate analysis of the Fujifilm digital camera products it accuses of infringement and with knowledge that those products clearly and objectively do not infringe the patents in suit.

ANSWER:  Papst admits that it has accused Fujifilm, as well as other companies, of infringing the '399 and '449 patents and that it would consider its legal options against such companies, including bringing lawsuits against any such infringers; otherwise Papst denies any and all of the remaining allegations set forth in paragraph No. 9.

10. Papst has specifically accused Fujifilm of infringing the '399 patent and the '449 patent. For example, in a letter dated March 31, 2006 Papst accused the Fujifilm FinePix E550 and other unnamed digital cameras of infringing both of the patents-in-suit.  Papst has repeated its accusations of infringement on numerous occasions Fujifilm since that time.

ANSWER:  Papst admits that it has accused Fujifilm products of infringing the '399 and '449 patents.  Papst admits sending a letter dated March 31, 2006 to Fujifilm setting out, *inter alia,*

that at least the Fujifilm FinePix E550 and other digital cameras infringe the '339 and '449 patents. Papst denies any and all remaining allegations set out in paragraph No. 10.

11. Fujifilm has presented Papst with a detailed analysis of why Fujifilm products do not infringe the '399 patent or the '449 patent. Fujifilm has explained why its products do not infringe the patents-in suit to Papst on multiple occasions, including in meetings in July and November 2006, and by letter in September 2006.

ANSWER: Denied.

12. Notwithstanding the clear evidence that Fujifilm products do not infringe the patents-in-suit, Papst has continued to demand that Fujifilm pay Papst royalties for use of the '399 and '449 patents.

ANSWER: Admit that Papst has requested that Fujifilm pay Papst royalties for this unauthorized infringing use of the '399 and '449 patents; otherwise Papst denies any and all of the remaining allegations set forth in Paragraph No. 12.

13. Fujifilm has refused to take a license to these patents on the ground that no such license is needed because Fujifilm's digital camera products clearly and objectively do not infringe the '399 and '449 patents.

ANSWER: Admit that Fujifilm has refused to take a license to these patents based on Fujifilm's position that Fujifilm's digital camera and other products do not infringe the '399 and '449 patents; otherwise denied.

**Jurisdiction and Venue**

14. This action arises under the Declaratory Judgment Act and the patent laws of the United States. See 28 U.S.C. §§ 2201 and 2202; Title 35 U.S.C. §§ 100 *et seq.*

ANSWER: Admit.

15. This Court has subject matter jurisdiction over Papst pursuant to 35 U.S.C. §§ 1331 and 1338.

ANSWER:  Admit.

16. This Court has personal jurisdiction over Papst pursuant to 35 U.S.C. § 293.

ANSWER:  Admit.

17. Venue in this judicial district is proper under at least 28 U.S.C. § 1391(c) and (d) and 35 U.S.C. § 293.

ANSWER:  Admit.

18. The patents in suit are already being litigated in this forum. Specifically, Casio, Inc. filed an action against Papst seeking a declaratory judgment that the '399 and '449 patents are not infringed by Casio products and are invalid.  That action is styled *Casio. v. Papst Licensing,* Case No.  1:06-cv-01751-GK.

ANSWER:  Admit.

19. An actual and justiciable controversy exists between Fujifilm, on the one hand, and Papst on the other, as to the infringement and validity of the patents in suit.

ANSWER:  Admit.

### Count I
### (Declaratory Judgment of Non-infringement and invalidity of the '399 patent)

20. Fujifilm re-alleges and incorporates by reference its allegations in paragraphs 1 through 19 above as if fully set forth herein.

ANSWER:  Papst incorporates its responses to paragraphs 1-19 as if fully set forth herein.

21. Fujifilm has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '399 patent, nor is Fujifilm, either literally or under the

doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '399 patent.

ANSWER:  Denied.

22. The '399 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.,* including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

ANSWER:  Denied.

23. An actual and justiciable controversy exists between Fujifilm and Papst regarding the alleged infringement and validity of the '399 patent by virtue of the allegations made by Papst that Fujifilm and/or its customers are or have been infringing the '399 patent.

ANSWER:   Admit.

24. This case is an exceptional case pursuant to 35 U.S.C. § 285 entitling Fujifilm to an award of its attorneys' fees.

ANSWER:  Denied.


### Count II
### (Declaratory Judgment of non-infringement and invalidity of the '449 patent)

25. Fujifilm re-alleges and incorporates by reference its allegations in paragraphs 1 through 24 above as if fully set forth herein.

ANSWER: Papst incorporates its responses to paragraphs 1-24 as if fully set forth herein.

26. Fujifilm has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '449 patent, nor is Fujifilm, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '449 patent.

6

ANSWER:  Denied.

27. The '449 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.,* including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

ANSWER:  Denied.

28. An actual and justiciable controversy exists between Fujifilm and Papst regarding the alleged infringement and validity of the '449 patent by virtue of the allegations made by Papst that Fujifilm and/or its customers are or have been infringing the '449 patent.

ANSWER:  Admit.

29. This case is an exceptional case pursuant to 35 U.S.C. § 285 entitling Fujifilm to an aware of its attorneys' fees.

ANSWER:  Denied.

30. Fujifilm expressly reserves the right to amend this Complaint to add declaratory judgments counts with respect to any continuation or divisional applications relating to the patents in suit that may issue after the date this complaint is filed.

ANSWER:  This paragraph does not contain an averment of fact or law and instead it is a statement of Fujifilm concerning procedural matters, but insofar as an answer is required, Papst denies that Fujifilm has the power to amend the Complaint without first obtaining leave of court.

## Count III
### Declaratory Judgment of unenforceability of the '399 and '449 patents)

31. Fujifilm re-alleges and incorporates by reference its allegations in paragraphs 1 through 30 above as if fully set forth herein.

ANSWER:  Papst incorporates its responses to paragraphs 1 through 30 as if fully set forth herein.

32. Papst contends that the '399 and '449 patents are enforceable.

ANSWER:  Admit.

33. Fujifilm denies Papst's contention and alleges that the '399 and '449 patents are unenforceable by reason of the patents having procured through inequitable conduct and fraud.

ANSWER:  Papst admits that Fujifilm states that it denies Papst's contention and alleges that the '399 and '449 patents are unenforceable by reason of the patents having been procured through inequitable conduct and fraud, but Papst denies that Fujifilm has any valid grounds to support such claims.

34. In or about 1996, Michael Tasler, the sole named inventor of the '399 and '449 patents, authored a thesis entitled *Design and Construction of a Universal Data Acquisition and Control System for Scanning Probe Microscope* (the "Thesis").  The Thesis was in partial fulfillment of the requirements for Mr. Tasler's Master of Arts degree at the University of Texas at Austin.

ANSWER:  Papst is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

35. On information and belief, the Thesis was made publicly available at least through publication in or about December 1995 at the "Texas Instruments 1995 DSP Solution Challenge" contest and through cataloguing in or about August 1996 by the University of Texas in the OCLC Online Computer Library Center, before the filing of the application for the '399 and '449 patents, and is prior art to the '399 and '449 patents.  Mr. Tasler, as an author of the Thesis, was aware of the publication and cataloguing of the Thesis.

ANSWER:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

Case 1:07-mc-00493-RMC    Document 181    Filed 07/16/2008    Page 9 of 16

36. The Thesis is material because a reasonable examiner would have considered the information contained in the Thesis important in deciding whether to allow the applications to issue into the '399 and '449 patents.

ANSWER: Denied.

37. The Thesis is directed toward an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port. Thesis at 1, 19. The thesis is directed to solving the same problems as the '399 patent, *i.e.,* PCs are not fast enough to handle the large amount of data using a direct connection to the scanning electron microscope (Thesis at 14), and the printer port provides compatibility with many different hosts because it is standard on most PCs. Thesis at 19. The Thesis describes "a Universal Data Acquisition and Control System for Scanning Probe Microscopy" that interfaces with a PC through the standard printer port. The Thesis further describes the system as comprising a DSP Motherboard with memory (Thesis at 18), a first connecting device for interfacing with the PC through the standard printer port (Thesis at 19-21), a second connecting device, the TLC320AC01, for interfacing the STM scanner with the DSP Motherboard (Thesis at 4-7, 23), where the DSP Motherboard is configured to communicate with the PC via the printer port (Thesis at 19-20) and includes software that communicates with the PC via the standard printer port. (Thesis at 30-31).

ANSWER: The averments in this paragraph are Fujifilm's incomplete characterization and interpretation of the document Fujifilm refers to herein as The Thesis, but insofar as an answer is required, denied.

38. Mr. Tasler and, on information and belief, others substantially involved in the prosecution of the applications resulting in the '399 and '449 patents were aware or should have been aware of the Thesis and its contents du ring the time that the applications resulting in the '339 and '449 patents were pending in the Patent and Trademark Office.

9

ANSWER:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

39. During the time the applications resulting in the '399 and '449 patents were pending in the Patent and Trademark Office, the Thesis was never disclosed to the patent examiner.

ANSWER:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

40. On information and belief, Mr. Tasler and/or others substantially involved in the prosecution of the applications resulting in the '399 and '449 patents intentionally failed to disclose the Thesis with the intent to deceive or mislead the patent examiner, and/or acted in reckless disregard of their duty to disclose material information.

ANSWER:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

41. An actual controversy thus exists between Fujifilm and Papst as to whether the '399 and '449 patents are enforceable.

ANSWER:  Admit.

42. Accordingly, Fujifilm seeks and is entitled to a judgment against Papst that the '399 and '449 patents are unenforceable.

ANSWER:  Denied.


*Unless specifically admitted above, Papst denies each and every allegation set forth in Fujifilm's complaint and Papst denies that  Fujifilm is entitled to any relief in this action either as requested or otherwise.*

Papst's Defenses

1. The claims fail to state a claim upon which relief can be granted.

2.  Fujifilm does infringe the '399 patent and '449 patents directly or indirectly.

3.  The claims of the '399 patent and the '449 patents are valid and enforceable.

## PAPST'S COUNTERCLAIM

Papst for its counterclaim for patent infringement against Fujifilm Japan and Fujifilm U.S.A., states as follows:

### Parties

43. Papst is a corporation existing under the laws of The Federal Republic of Germany, and has a principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

44. Fujifilm U.S.A. has alleged that it is a New York corporation with its principal place of business located at 200 Summit Lake Drive, Floor 2, Valhalla, New York 10595.

45. Fujifilm Japan has alleged that it is a Japanese corporation and has a principal place of business at Midtown West, 7-3, Akasaka 9-chome, Minato-ku, Tokyo 107-0052 Japan.

### Jurisdiction and Venue

46. This Court has federal question jurisdiction of this counterclaim pursuant to 28 U.S.C. §1331 and 1338(a) because this counterclaim arises under the patent laws of the United States. 35 U.S.C. §§ 1, et seq.

47. Venue over Fujifilm U.S.A. and Fujifilm Japan is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

### Patents At Issue

48. Papst  is the lawful owner, by assignment, of the entire right, title, and interest in and to the United States Patents identified in paragraphs 36-37.

49. United States Patent No. 6,895,449 ("the '449 patent") duly and legally issued on May 17, 2005.

50. United States Patent No. 6,470,399 ("the '399 patent") duly and legally issued on October 22, 2002.

## Claim for Relief

51. Papst repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

52. Upon information and belief, Fujifilm U.S.A. and Fujifilm Japan have or have caused to be made, used, sold, or offered for sale to customers in the United States, or imported into the United States, products that embody the elements of one or more claims of the '449 and '399 patents and, therefore, infringe those patents under the U.S. patent laws, 35 U.S.C. §271.

53. Upon information and belief, a reasonable opportunity for further investigation is likely to provide evidentiary support that Fujifilm U.S.A. and Fujifilm Japan committed the said infringements willfully.

54. Upon information and belief, Fujifilm U.S.A. and Fujifilm Japan have been and still are committing the said infringements and will continue to do so unless enjoined by this Court.

55. These actions by Fujifilm U.S.A. and Fujifilm Japan have damaged Papst in an amount to be determined at trial and have caused, and will continue to cause Papst irreparable injury for which Papst has no adequate remedy at law.

## JURY DEMAND

Papst demands a trial by jury on all issues triable by jury as of right.

**WHEREFORE**, Papst prays for relief as set forth below:

A.    Declare that Fujifilm U.S.A.'s and Fujifilm Japan have infringed the '449 patent and the '399 patent as set forth herein;

B.    Order that Fujifilm U.S.A.'s and Fujifilm Japan and each of their employees, servants, agents, and persons in active concert with them be preliminarily and permanently enjoined from making, using, selling, or offering for sale products that infringe the '449 patent and the '399 patent;

C.      Order the impounding for destruction all of Fujifilm U.S.A.'s and Fujifilm Japan's products that infringe the '449 patent and the '399 patent;

D.      Award Papst damages adequate to compensate for Fujifilm U.S.A.'s and Fujifilm Japan's infringements;

E.      Order that Papst be awarded monetary relief including:

(i)      Compensatory damages in an amount to sufficiently compensate Papst for Fujifilm U.S.A.'s and Fujifilm Japan's infringements;

(ii)      All damages sustained by Papst as a result of Fujifilm U.S.A.'s and Fujifilm Japan's acts of infringement; and

(iii)      An increase of damages to three times the amount found or assessed;

F.      Award Papst interest, costs, and attorney's fees; and

G.      Award Papst such other and further relief, as this Court deems just and appropriate.

Dated: July 16, 2008      By:      /S/ Robert F. Muse_____
      Robert F. Muse (Bar No. 166868)
      STEIN, MITCHELL & MEZINES LLP
      1100 Connecticut Avenue, N.W.
      Suite 1100
      Washington, DC 20036
      (202) 737-7777
      (202) 296-8312 (Fax)

      James P. White
      Jerold B. Schnayer
      Joseph E. Cwik
      WELSH & KATZ, LTD.
      120 South Riverside Plaza, 22nd Floor
      Chicago, IL 60606
      (312) 655-1500
      (312) 655-1501 (fax)

**Attorneys for Papst Licensing GmbH & Co. KG**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing PAPST LICENSING'S ANSWER TO FUJIFILM'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND PAPST'S COUNTERCLAIMS was served on this the 16th day of July, 2008 upon the attorneys for the Camera Manufacturers through the United States District Court for the District of Columbia ECF System unless otherwise noted as follows:

**_For The Casio Parties_** (via e-mail)**:**
Laura Krawczyk
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Phone:  (212) 309-6000
Fax:  (212) 309-6001
lkrawczyk@morganlewis.com

J. Kevin Fee
Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
jkfee@morganlewis.com

Scott D. Stimpson
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
stimpsonlaw@gmail.com

**_For The Samsung Parties_** (via e-mail)**:**
Patrick J. Kelleher
Drinker Biddle Gardner Carton
191 North Wacker Drive
Suite 3700
Chicago, IL 60606-1698
Phone:  (312) 569-1375
Fax:  (312) 569-3375
Patrick.kelleher@dbr.com

**_Camera Manufacturers' Administrative Counsel and_**
**_For The Fujifilm Parties_** (via e-mail)**:**
Steven J. Routh
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, DC 20004

Phone:  (202) 637-5600
Fax:  (202) 637-5910
sjrouth@hhlaw.com

Sten Jensen
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Phone:  (202) 637-6465
Fax:  (202) 637-5910
sajensen@hhlaw.com

**_For the Olympus Parties_** (via e-mail)**_:_**
Richard deBodo
Rachel M. Capoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone:  (310) 785-4694
Fax:  (310) 785-4601
rdebodo@hhlaw.com
rmcapoccia@hhlaw.com

**_For The Matsushita and Victory Company of Japan Parties_** (via e-mail):
Richard deBodo
Rachel M. Capoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone: (310) 785-4694
Fax: (310) 785-4601
rdebodo@hhlaw.com
rmcapoccia@hhlaw.com

Adam K. Levin, Esq.
Hogan & Hartson LLP
555 13th Street, NW
Washington, DC 20004
aklevin@hhlaw.com

**_For the Ricoh Parties_** (via e-mail):
Michael Switzer
McDermott Will & Emery LLP
227 West Monroe Street

Chicago, Illinois 60606-5096
Phone:  (312) 984-3666
Fax:  (312) 984-7700
mswitzer@mwe.com

Richard L. Horwitz
Potter Anderson & Corroon, LLP
1313 North Market Street, 6th Floor
PO Box 951
Wilmington, DE 19899
Phone:  (302) 984-6000
Fax:  (302) 658-1192
rhorwitz@potteranderson.com

***For Hewlett-Packard Company*** (via email):
Charlene M. Morrow
Heather N. Mewes
Fenwick & West LLP
555 California Street, Suite 1200
San Francisco, CA 94104
Phone:  (415) 875-2300
Fax:  (415) 281-1350
cmorrow@fenwick.com
hmewes@fenwick.com

***For the Nikon Parties*** (via e-mail):
David L. Witcoff
Marc S. Blackman
Jones Day
77 West Wacker Drive
Chicago, IL 60601
Phone:  (312) 782-3939
Fax:  (312) 782-8585
dlwitcoff@jonesday.com
msblackman@jonesday.com

/s/ Robert F. Muse
Attorney for Papst Licensing GmbH & Co.   KG