UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. KG LITIGATION<br><br>This Document Relates To:<br>07-cv-1751 | Misc. Action No. 07-493 (RMC)<br>MDL Docket No. 1880 |

**PAPST LICENSING'S ANSWER TO CASIO AMERICA INC.'S
FIRST AMENDED COMPLAINT AND PAPST'S COUNTERCLAIMS**

Defendant, Papst Licensing GmbH & Co. KG ("Papst"), answers the Amended Complaint of Plaintiff, Casio America Inc., ("Casio") filed June 27, 2008 (*Dkt. No. 157)* as follows:

**NATURE OF ACTION**

1. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35 U.S.C. § 1 et seq.

ANSWER: Admit.

**THE PARTIES**

2. Casio is a New York corporation in the business of, among other things, selling electronic goods, with its principal place of business located at 570 Mount Pleasant Avenue, Dover, New Jersey 07801.

ANSWER: Papst admits that, upon information and belief, Casio is a New York corporation based at 570 Mount Pleasant Avenue, Dover, NJ 07801.

3. On information and belief, Defendant Papst is a German partnership in the business of licensing, enforcing, and commercializing U.S. Patents and other forms of intellectual property, with its principal place of business located at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

ANSWER: Papst admits that it is in the business of obtaining intellectual property rights and obtaining commercial benefit from those rights. Papst further admits that it has a principal place of business located at Bahnhofstrasse 33, 78112 St. Georgen, Germany. Papst denies any other averments in paragraph 3.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

ANSWER: Admit.

5. This Court has personal jurisdiction over Papst pursuant to 35 U.S.C. § 293.

ANSWER: Admit.

6. Venue is proper in this judicial district at least pursuant to 28 U.S.C. §1391(c).

ANSWER: Admit.

## GENERAL ALLEGATIONS

7. Casio imports, markets and sells electronic goods in the United States including digital cameras.

ANSWER: Papst admits that Casio imports, markets and sells digital cameras. Papst is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

8.      On information and belief, Papst owns various United States patents, has filed numerous patent infringement suits in the United States to enforce its rights under those patents, and has negotiated numerous license agreements with a variety of United States companies relating to those patent rights.

ANSWER:    Papst admits that it owns a number of United States patents, has filed a number of patent infringement suits in the United States to enforce its rights under those patents, and has negotiated a number of license agreements with a number of United States companies relating to those patent rights, but states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

9.      Papst claims to be the owner of U.S. Patent Nos. 6,895,449 ("the '449 patent") and 6,470,399 ("the '399 patent").

ANSWER:    Admit.

10.     Papst has accused Casio of infringing upon both the '449 and '399 patents. For example, in a letter dated March 14, 2006, Papst accused Casio of infringing the '449 and '399 patents. Papst has repeated its accusations on numerous occasions since that time.

ANSWER:    Admit.

11.     Casio responded with a detailed analysis of why it does not infringe the '449 patent or the '399 patent.

ANSWER:    Denied.

12.     Notwithstanding, Papst demanded, among other things, that Casio pay it royalties for the use of the '449 and '399 patents in Casio's digital cameras that have been sold in the United States. Papst offered to license the '449 and '399 patents to Casio. Casio has rejected Papst's demands for payment of royalties and Papst's offer to license its '449 and '399 patents.

ANSWER:   Admit.

13.   Papst has asserted and continues to assert that the '449 and '399 patents are infringed by Casio.

ANSWER:   Admit.

**COUNT ONE**
**DECLARATORY JUDGMENT OF**
**NON-INFRINGEMENT AND INVALIDITY**
**OF THE '449 PATENT**

14.   Casio repeats and realleges the averments of paragraphs 1-13 as if fully set forth herein.

ANSWER:   Papst incorporates its responses to paragraphs 1-13 as if fully set forth herein.

15.   There is an actual controversy between Casio and Papst as to the infringement and the validity of the '449 patent.

ANSWER:   Admit.

16.   Casio has not infringed and does not infringe the '449 patent.

ANSWER:   Denied.

17.   The '449 patent is invalid for failure to comply with the patent laws of the United States, including the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

ANSWER:   Denied.

## COUNT TWO
## DECLARATORY JUDGMENT OF
## UNENFORCEABILITY OF THE '449 PATENT

18.     Casio repeats and realleges the averments of paragraphs 1-17 as if fully set forth herein.

ANSWER:  Papst incorporates its responses to paragraphs 1-17 as if fully set forth herein.

19.     Papst contends that the '449 patent is enforceable.

ANSWER:  Admit.

20.     Casio denies Papst's contention and alleges that the '449 patent is unenforceable by reason of the patent having been procured through inequitable conduct.

ANSWER:  Papst admits that Casio denies Papst's contention and alleges that the '399 patent is unenforceable by reason of having procured through inequitable conduct, but Papst denies that Casio has any valid grounds to support such claims.

21.     In or about 1996, Michael Tasler ("Tasler"), the sole inventor of the '399 patent, authored a thesis entitled *Design and Construction of a Universal Data Acquisition and Control System for Scanning Probe Microscopy* (the "Thesis"). The Thesis was in partial fulfillment of the requirements for Mr. Tasler's Master of Arts degree at the University of Texas at Austin.  A true and correct copy of the Thesis is attached hereto as Exhibit C.

ANSWER:  Papst admits that a copy of a document entitled *Design and Construction of a Universal Data Acquisition and Control System for Scanning Probe Microscopy* which lists Michael Tasler as the author is attached as Exhibit C to Casio's First Amended Complaint; otherwise Papst is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

22. On information and belief, the Thesis was published and made publicly available on or about 1996, before the filing of the '449 patent application, and is prior art to the '449 patent. Tasler, as an author of the Thesis, was aware of the publication of the Thesis.

ANSWER: Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

23. On information and belief, the Thesis was made publicly available at least through publication in or about December 1995 at the "Texas Instruments 1995 DSP Solution Challenge" contest through cataloguing in or about August 1996 by the University of Texas in the OCLC Online Computer Library Center, before the filing of the application for the '449 patents and is prior art to the '449 patent. Ex. C, p. 87. Tasler, as an author of the Thesis, was aware of the publication and cataloguing of the Tasler Thesis.

ANSWER: Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

24. The Thesis is material because a reasonable examiner would have considered the information contained in the Thesis important in deciding whether to allow the applications to issue into '449 patent.

ANSWER: Denied.

25. The Thesis is directed toward an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port. Ex. C, p. 1, 19. The Thesis is directed to solving the same two problems as the patents, *i.e.,* PCs are not fast enough to handle the large amount of data using a direct connection to the scanning electron microscope (p. 14), and the printer port provides compatibility with many different hosts because it is standard on most PCs. Ex. C, p. 19. The Thesis describes "a Universal Data Acquisition and Control System for Scanning Probe Microscopy" that interfaces with a PC through the standard printer port. Ex.

C, p. 1, 19. The Thesis further describes the system as comprising a DSP Motherboard with memory (p. 18), a first connecting device for interfacing with the PC through the standard printer port (p. 19-21), a second connecting device, the TLC320AC01, for interfacing the STM scanner with the DSP motherboard (p. 4-7, 23), where the DSP motherboard is configured to communicate with the PC via the printer port (p. 19-20) and includes software that communicates with the PC via the standard printer port. (p. 30-31).

ANSWER: The averments in this paragraph are Casio's incomplete characterization and interpretation of the document Casio refers to herein as The Thesis, but insofar as an answer is required, denied.

26.     Tasler and, on information and belief, others substantially involved in the prosecution of the application resulting in the '449 patent were aware or should have been aware of the Thesis and its contents during the time that the application resulting in the '449 patent was pending in the Patent and Trademark Office ("USPTO").

ANSWER: Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

27.     During the time the application resulting in the '449 patent was pending in the USPTO, the Thesis was never disclosed to the patent examiner.

ANSWER: Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

28.     On information and belief, Tasler and/or others substantially involved in the prosecution of the application resulting in the '449 patent intentionally failed to disclose the Thesis with the intent to deceive or mislead the patent examiner, and/or acted in reckless disregard of their duty to disclose material information.

ANSWER:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

29. An actual controversy thus exists between Casio and Papst as to whether the '449 patent is enforceable.

ANSWER:  Admit.

30. Accordingly, Casio seeks and is entitled to a judgment against Papst that the '449 patent is unenforceable.

ANSWER:  Denied.

## COUNT THREE

### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT AND INVALIDITY
### OF THE '399 PATENT

31. Casio repeats and realleges the averments of paragraphs 1-30 as if fully set forth herein.

ANSWER:  Papst incorporates its responses to paragraphs 1-30 as if fully set forth herein.

32. There is an actual controversy between Casio and Papst as to the infringement and the validity of the '399 patent.

ANSWER:  Admit.

33. Casio has not infringed and does not infringe the '399 patent.

ANSWER:  Denied.

34. The '399 patent is invalid for failure to comply with the patent laws of the United States, including the requirements of 35 U.S.C. §§ 102, 103 and/or 112.

ANSWER:  Denied.

## COURT FOUR

### DECLARATORY JUDGMENT OF
### UNENFORCEABILITY OF THE '399 PATENT

35. Casio repeats and realleges the averments of paragraphs 1-34 as if fully set forth herein.

ANSWER: Papst incorporates its responses to paragraphs 1-34 as if fully set forth herein.

36. Papst contends that the '399 patent is enforceable.

ANSWER: Admit.

37. Casio denies Papst's contention and alleges that the '399 patent is unenforceable by reason of the patent having been procured through inequitable conduct.

ANSWER: Papst admits that Casio states that it denies Papst's contention and alleges that the '399 patent is unenforceable by reason of the patents having been procured through inequitable conduct, but Papst denies that Casio has any valid grounds to support such claims.

38. In or about 1996, Michael Tasler ("Tasler"), the sole named inventor of the '399 patent, authored a thesis entitled *Design and Construction of a Universal Data Acquisition and Control System for Scanning Probe Microscope* (the "Thesis"). The Thesis was in partial fulfillment of the requirements for Mr. Tasler's Master of Arts degree at the University of Texas at Austin. A true and correct copy of the Thesis is attached hereto as Exhibit C.

ANSWER: Papst admits that a copy of a document entitled *Design and Construction of a Universal Data Acquisition and Control System for Scanning Probe Microscopy* which lists Michael Tasler as the author is attached as Exhibit C to Casio's First Amended Complaint; otherwise Papst is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

      39.    On information and belief, the Thesis was published and made publicly available on or about 1996, before the filing of the '399 patent application, and is prior art to the '399 patent. Tasler, as an author of the Thesis, was aware of the publication of the Thesis.

      ANSWER:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

      40.    On information and belief, the Thesis was made publicly available at least through publication in or about December 1995 at the "Texas Instruments 1995 DSP Solution Challenge" contest and through cataloguing in or about August 1996 by the University of Texas in the OCLC Online Computer Library Center, before the filing of the application for the '399 patent, and is prior art to the '399 patent. Ex. C, p. 87. Tasler, as an author of the Thesis, was aware of the publication and cataloguing of the Thesis.

      ANSWER:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

      41.    The Thesis is material because a reasonable examiner would have considered the information contained in the Thesis important in deciding whether to allow the applications to issue into the '399 and '449 patents.

      ANSWER:  Denied.

      42.    The Thesis is directed toward an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port. Ex. C, p. 1, 19. The Thesis is directed to solving the same problems as the '399 patent, *i.e.,* PCs are not fast enough to handle the large amount of data using a direct connection to the scanning electron microscope (p. 14), and the printer port provides compatibility with many different hosts because it is standard on most PCs Ex. C, p. 19. The Thesis "a Universal Data Acquisition and Control System for Scanning Probe Microscopy"

10

that interfaces with a PC through the standard printer port. The Thesis further describes the system as comprising a DSP motherboard with memory (p. 18), a first connecting device for interfacing with the PC through the standard printer port (Thesis at 19-21), a second connecting device, the TLC320AC01, for interfacing the STM scanner with the DSP motherboard (p. 4-7, 23), where the DSP motherboard is configured to communicate with the PC via the printer port (p. 19-20) and includes software that communicates with the PC via the standard printer port. (p. 30-31)).

ANSWER: The averments in this paragraph are Casio's incomplete characterization and interpretation of the document Casio refers to herein as The Thesis, but insofar as an answer is required, denied.

43. Tasler and, on information and belief, others substantially involved in the prosecution of the applications resulting in the '399 patent were aware or should have been aware of the Thesis and its contents du ring the time that the application resulting in the '339 and patent was pending in the Patent and Trademark Office ("USPTO").

ANSWER: Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

44. During the time the application resulting in the '399 patent was pending in the USPTO, the Thesis was never disclosed to the patent examiner.

ANSWER: Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

45. On information and belief, Tasler and/or others substantially involved in the prosecution of the application resulting in the '399 patent intentionally failed to disclose the Thesis with the intent to deceive or mislead the patent examiner, and/or acted in reckless disregard of their duty to disclose material information.

<u>ANSWER</u>:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

46. An actual controversy thus exists between Casio and Papst as to whether the '399 patent is enforceable.

<u>ANSWER</u>:  Admit.

47. Accordingly, Casio seeks and is entitled to a judgment against Papst that the '399 patent is unenforceable.

<u>ANSWER</u>:  Denied.


*Unless specifically admitted above, Papst denies each and every allegation set forth in Casio's complaint and Papst denies that Casio is entitled to any relief in this action either a requested or otherwise.*

<u>Papst's Defenses</u>

1. The complaint fails to state a claim upon which relief can be granted.

2. Casio America, Inc. does infringe the '399 patent and '449 patents directly or indirectly.

3. The claims of the '399 patent and the '449 patents are valid and enforceable.


**PAPST'S COUNTERCLAIM**

Papst for its counterclaim for patent infringement against Casio Inc. and Casio Computer Co., Ltd. states as follows:

**Parties**

48. Papst is a corporation existing under the laws of The Federal Republic of Germany, and has a principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

49. Casio has alleged that it is a New York corporation in the business of, among other things, selling electronic goods, with its principal place of business located at 570 Mount Pleasant Avenue, Dover, New Jersey 07891.

## Jurisdiction and Venue

50. This Court has federal question jurisdiction of this counterclaim pursuant to 28 U.S.C. §1331 and 1338(a) because this counterclaim arises under the patent laws of the United States. 35 U.S.C. §§ 1, et seq.

51. Venue over Casio is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## Patents At Issue

52. Papst is the lawful owner, by assignment, of the entire right, title, and interest in and to the United States Patents identified in paragraphs 53-54.

53. United States Patent No. 6,895,449 ("the '449 patent") duly and legally issued on May 17, 2005.

54. United States Patent No. 6,470,399 ("the '399 patent") duly and legally issued on October 22, 2002.

## Claim for Relief

55. Papst repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

56. Upon information and belief, Casio have or have caused to be made, used, sold, or offered for sale to customers in the United States, or imported into the United States, products that embody the elements of one or more claims of the '449 and '399 patents and, therefore, infringe those patents under the U.S. patent laws, 35 U.S.C. §271.

57. Upon information and belief, a reasonable opportunity for further investigation is likely to provide evidentiary support that Casio committed the said infringements willfully.

58. Upon information and belief, Casio have been and still are committing the said infringements and will continue to do so unless enjoined by this Court.

51. These actions by Casio have damaged Papst in an amount to be determined at trial and have caused, and will continue to cause Papst irreparable injury for which Papst has no adequate remedy at law.

## JURY DEMAND

Papst demands a trial by jury on all issues triable by jury as of right.

**WHEREFORE**, Papst prays for relief as set forth below:

A. Declare that Casio have infringed the '449 patent and the '399 patent as set forth herein;

B. Order that Casio and each of their employees, servants, agents, and persons in active concert with them be preliminarily and permanently enjoined from making, using, selling, or offering for sale products that infringe the '449 patent and the '399 patent;

C. Order the impounding for destruction all of Casio's products that infringe the '449 patent and the '399 patent;

D. Award Papst damages adequate to compensate for Casio's infringements;

E. Order that Papst be awarded monetary relief including:

   (i) Compensatory damages in an amount to sufficiently compensate Papst for Casio's infringements;

      (ii)    All damages sustained by Papst as a result of Casio's acts of infringement; and

      (iii)    An increase of damages to three times the amount found or assessed;

F.    Award Papst interest, costs, and attorney's fees; and

G.    Award Papst such other and further relief, as this Court deems just and appropriate.

Dated: July 16, 2008    By:    /S/  Robert F. Muse_____
Robert F. Muse (Bar No. 166868)
STEIN, MITCHELL & MEZINES LLP
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036
(202) 737-7777
(202) 296-8312 (Fax)

James P. White
Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606
(312) 655-1500
(312) 655-1501 (fax)

**Attorneys for Papst Licensing GmbH & Co. KG**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing PAPST LICENSING'S ANSWER TO CASIO AMERICA INC.'S FIRST AMENDED COMPLAINT AND PAPST'S COUNTERCLAIMS was served on this the 16th day of July, 2008 upon the attorneys for the Camera Manufacturers through the United States District Court for the District of Columbia ECF System unless otherwise noted as follows:

***For The Casio Parties*** (via e-mail)***:***
Laura Krawczyk
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Phone:  (212) 309-6000
Fax:  (212) 309-6001
lkrawczyk@morganlewis.com

J. Kevin Fee
Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
jkfee@morganlewis.com

Scott D. Stimpson
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
stimpsonlaw@gmail.com

***For The Samsung Parties*** (via e-mail)***:***
Patrick J. Kelleher
Drinker Biddle Gardner Carton
191 North Wacker Drive
Suite 3700
Chicago, IL 60606-1698
Phone:  (312) 569-1375
Fax:  (312) 569-3375
Patrick.kelleher@dbr.com

***Camera Manufacturers' Administrative Counsel and***
***For The Fujifilm Parties*** (via e-mail)***:***
Steven J. Routh
Hogan & Hartson, LLP

555 Thirteenth Street, N.W.
Washington, DC 20004
Phone: (202) 637-5600
Fax: (202) 637-5910
sjrouth@hhlaw.com

Sten Jensen
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Phone: (202) 637-6465
Fax: (202) 637-5910
sajensen@hhlaw.com

***For the Olympus Parties*** (via e-mail)***:***
Richard deBodo
Rachel M. Capoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone: (310) 785-4694
Fax: (310) 785-4601
rdebodo@hhlaw.com
rmcapoccia@hhlaw.com

***For The Matsushita and Victory Company of Japan Parties*** (via e-mail):
Richard deBodo
Rachel M. Capoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone: (310) 785-4694
Fax: (310) 785-4601
rdebodo@hhlaw.com
rmcapoccia@hhlaw.com

Adam K. Levin, Esq.
Hogan & Hartson LLP
555 13th Street, NW
Washington, DC 20004
aklevin@hhlaw.com

***For the Ricoh Parties*** (via e-mail):
Michael Switzer

McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606-5096
Phone:  (312) 984-3666
Fax:  (312) 984-7700
mswitzer@mwe.com

Richard L. Horwitz
Potter Anderson & Corroon, LLP
1313 North Market Street, 6th Floor
PO Box 951
Wilmington, DE 19899
Phone:  (302) 984-6000
Fax:  (302) 658-1192
rhorwitz@potteranderson.com

*For Hewlett-Packard Company* (via email):
Charlene M. Morrow
Heather N. Mewes
Fenwick & West LLP
555 California Street, Suite 1200
San Francisco, CA 94104
Phone:  (415) 875-2300
Fax:  (415) 281-1350
cmorrow@fenwick.com
hmewes@fenwick.com

*For the Nikon Parties* (via e-mail):
David L. Witcoff
Marc S. Blackman
Jones Day
77 West Wacker Drive
Chicago, IL 60601
Phone:  (312) 782-3939
Fax:  (312) 782-8585
dlwitcoff@jonesday.com
msblackman@jonesday.com

/s/ Robert F. Muse
Attorney for Papst Licensing GmbH & Co.   KG