IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE PAPST LICENSING GMBH & CO.
KG LITIGATION

This Document Relates To:
07-cv-1222

Misc. Action No. 07-493 (RMC)
MDL Docket No.  1880

## PAPST LICENSING'S ANSWER TO THE SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND PAPST'S COUNTERCLAIMS

Defendant, Papst Licensing GmbH & Co. KG ("Papst Licensing"), answers the Second Amended Complaint of Plaintiff, Matsushita Electric Industrial ("MEI") and Victor Company of Japan, Ltd. ("JVC")(hereinafter referred to collectively as "Plaintiffs") filed June 25, 2008 (*Dkt. No. 155)* as follows:

### PARTIES

1.   Plaintiff Matsushita Electric Industrial Col, Ltd. is a Japanese corporation with its principal place of business at 1006, Oaza-Kadoma, Kadoma City, Osaka, Japan.

ANSWER:  Papst admits that, upon information and belief, MEI is a Japanese corporation with its principal place of business at 1006, Oaza-Kadoma, Kadoma City, Osaka, Japan.

2.   Plaintiff Victor Company of Japan, Limited is a Japanese corporation with its principal place of business at 3-12, Moriya-cho, Kanagawa-ku, Yokohama, Kanagawa, Japan.

ANSWER:  Papst admits that, upon information and belief, JVC  is a Japanese corporation with its principal place of business at 3-12, Moriya-cho, Kanagawa-ku, Yokohama, Kanagawa, Japan.

3.  MEI manufactures and sells a wide range of consumer electronics products, including digital cameras sold under the Panasonic label..

ANSWER:  Papst admits that MEI manufactures and sells digital cameras.  Papst is without knowledge or information sufficient to form a belief as to the truth of other averments in paragraph 3 and therefore denies those other averments.

4.  JVC manufactures and sells a wide range of consumer electronics products, including digital camcorders.

ANSWER:  Papst admits that JVC manufactures and sells digital camcorders.  Papst is without knowledge or information sufficient to form a belief as to the truth of other averments in paragraph 4 and therefore denies those other averments.

5.  Upon information and belief, Papst Licensing is a company existing under the laws of The Federal Republic of Germany with its principal of business at Bahnhofstrasse 33, 78112, St. Georgen, Germany.

ANSWER:  Admit.

6.  Upon information and belief, Papst Licensing does not manufacture or sell any consumer products.  Its sole business is to acquire and attempt to license or enforce intellectual property rights.

ANSWER:  Papst Licensing admits that it does not currently manufacture or sell any consumer products.  Further answering, Papst Licensing admits that it licenses and enforces certain U.S. patents; otherwise Papst Licensing denies any and all remaining allegations of Paragraph No. 6

## PATENTS-IN-SUIT

7.   Papst Licensing has held itself out to be the owner of United States patent  No.

6,4709,399 B1 ("the '399 patent"), entitled "Flexible Interface for Communication Between a

Host and an Analog I/O Device Connected to the Interface Regardless of the Type of the I/O

Device," which issued on October 22, 2002.

ANSWER:  Admit.

8.   Papst Licensing has also held itself out to be the owner of United States Patent No.

6,895,449 B2 ("the '449P patent"), entitled "Flexible Interface for Communication Between a

Host and an Analog I/O Device Connected to the Interface Regardless of Type of the I/O

Device," which issued on May 17, 2005.

ANSWER:  Admit.

9.   Papst Licensing has prosecuted continuations and divisional applications of the '399 and

'449 patents, including pending application No. 11/0789,778.

ANSWER:  Admit.

10. Papst Licensing has told MEI, along with dozens of other companies, that if MEI does

not license the '399 and the '449 patents, Papst Licensing will sue MEI for infringing those

patents and subject MEI to costly patent litigation that will cause significant injury to MEI's

business and reputation.  Papst Licensing has made these threats without conducting an

appropriate analysis of MEI's digital camera or other products it accuses of infringement and

with knowledge that those products do not infringe the '399 and the '449 patents.

ANSWER:  Papst Licensing admits that it has accused MEI, as well as other companies,

that they infringe the '399 and '449 patents and that it would consider its legal options, including

the bringing of lawsuits against any such infringers; otherwise Papst Licensing denies any and all of the remaining allegations set forth in Paragraph No. 10.

11. Papst Licensing has specifically accused MEI products of infringing the '399 patent and the '449 patent on several occasions. For example, in a letter dated November 27, 2006, Papst Licensing accused several models of Panasonic digital cameras of infringing both patents. Papst Licensing has repeated its accusations of infringement and threats of litigation during 2006 and 2007, including during meetings with MEI's representatives.

ANSWER: Papst Licensing admits that it has accused MEI products of infringing the '399 and '449 patents. Papst Licensing admits sending a letter dated November 27, 2006 to MEI setting out, *inter alia*, some of the Panasonic brand cameras that infringe the '339 and '449 patents. Papst Licensing denies any and all remaining allegations set out in Paragraph No. 11.

12. MEI has explained to Papst Licensing in detail on several different occasions why MEI's products do not infringe the '399 patent or the '449 patent, including, without limitation, during meetings in 2006 and 2007.

ANSWER: Denied.

13. Notwithstanding the evidence that MEI's products do not infringe the '399 patent or '449 patent, Papst Licensing has continued to demand that MEI pay Papst Licensing royalties for use of the '399 patent and '449 patents.

ANSWER: Admit that Papst Licensing has requested that MEI pay Papst Licensing royalties for the infringing uses of the '399 and '449 patents; otherwise Papst Licensing denies any and all of the remaining allegations set forth in Paragraph No. 13.

14. MEI has refused to take a license to these patents on the ground that no such license is needed, because MEI's digital camera and other products do not infringe the '399 and '449 patents.

ANSWER:  Admit that MEI has refused to take a license to the patents on the ground that no such license is needed, because MEI's position is that MEI's digital camera and other products do not infringe the '399 and '449 patents, but denies that MEI has any valid grounds to support this contention.

15. Papst Licensing has also specifically accused JVC products of infringing the '399 patent and the '449 patent on several occasions. For example, in a letter dated December 21, 2006, Papst Licensing accused a JVC digital camcorder of infringing both patents.  Papst Licensing has repeated its accusations of infringement and threats of litigation during 2007, including a meeting with JVC's representatives.  Papst Licensing has made these threats and accusations without conducting an appropriate analysis of JVC's digital camcorders or other products it accuses of infringement.

ANSWER:  Papst Licensing admits that it has accused JVC products of infringing the '399 and '449 patents.  Papst Licensing admits sending a letter dated December 21, 2006 to JVC setting out that, *inter alia*, at least a JVC digital camcorder infringes the '339 and '449 patents. Papst Licensing denies any and all remaining allegations set out in Paragraph No. 15.

16. Papst Licensing has continued to demand that JVC pay Papst Licensing royalties for use of the '399 and '449 patents.

ANSWER:  Admit.

17. JVC has refused to take a license to these patents on the ground that no such license is needed, because JVC's digital camcorders and other products do not infringe the '399 and '449 patents.

ANSWER:  Admit that JVC has refused to take a license to the patents based on JVC's position that JVC's digital camcorders and other products do not infringe the '399 and '449 patents.

## JURISDICTION AND VENUE

18. This action arises under the Declaratory Judgment Act and the patent laws of the United States.  See, 28 U.S.C. §§ 2201 and 2202; Title 35 U.S.C. §§ 100 et seq.

ANSWER:  Admit.

19. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

ANSWER:  Admit.

20. This Court has personal jurisdiction over Papst Licensing pursuant to 35 U.S.C. § 293.

ANSWER:  Denied.  Pursuant to 35 U.S.C. § 293, Papst Licensing has a designated representative for service of process in Chicago, and accordingly, this Court does not have proper personal jurisdiction over Papst Licensing in this district.

21. Venue in this judicial district is proper under at least U.S.C. § 1391(c) and (d) and 35 U.S.C. § 293.

ANSWER:  Papst Licensing denies that venue is proper in this judicial district based on its answers to Paragraph No. 20 above.

22. The '399 and '449 patents are already being litigated in this District in two other matters. Specifically, Casio, Inc. filed an action against Papst Licensing seeking a declaratory judgment

that the '399 and '449 patents are not infringed by Casio products and are invalid.  That action is

entitled *Casio v. Papst Licensing,* Case No. 1:06-cv-01751-GK.  Fujifilm Corporation and

Fujifilm U.S.A. also filed an action in this District seeking a declaratory judgment that the '399

and '449 patents are not infringed by Fujifilm products and are invalid. That action is entitled

*Fujifilm Corp. and Fujifilm U.S.A., Inc. v. Papst Licensing GmbH & Co., KG,* and Case No.

1:07-cv-01118-GK.

    ANSWER:  Admit.

    23. An actual and justiciable controversy exists between MEI and JVC, on the one hand, and

Papst Licensing, on the other hand, concerning Papst Licensing's claims of infringement of the

'399 and '449 patents and concerning whether those patents are valid.

    ANSWER:  Admit.


**Count I**
(Declaratory Judgment of non-infringement and invalidity of the '399 patent)


    24. MEI and JVC reallege and incorporate by reference their allegations in paragraphs 1

through 23 above as if fully set forth herein.

    ANSWER:  Papst Licensing incorporates its responses to paragraphs 1-23 as if fully set

forth herein.

    25. MEI has not directly infringed, contributed to infringement of, or induced infringement of

any valid claim of the '399 patent, nor is MEI, either literally or under the doctrine of

equivalents, directly infringing, contributing to direct infringement of, or inducing infringement

of any valid claim of the '399 patent.

    ANSWER:  Denied.

26. JVC has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '399 patent, nor is JVC, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '399 patent.

ANSWER:  Denied.

27. The '399 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

ANSWER:  Denied.

28. An actual and justiciable controversy exists between MEI and JVC, on the one hand, and Papst Licensing, on the other hand, regarding the alleged infringement and validity of the '399 patent by virtue of the allegations made by Papst Licensing that MEI and JVC and/or their customers are or have been infringing the '399 patent.

ANSWER:  Admit.

29. This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling MEI and JVC to award of their attorneys' fees.

ANSWER:  Denied.

### Count II
(Declaratory Judgment of non-infringement and invalidity of the '449 patent)

30. MEI and JVC reallege and incorporate by reference their allegations in paragraphs 1 through 29 above as if fully set forth herein.

ANSWER:  Papst Licensing incorporates its responses to paragraphs 1-29 as if fully set forth herein.

8

31. MEI has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '449 patent, nor is MEI, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '449 patent.

ANSWER:  Denied.

32. JVC has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '449 patent, nor is JVC, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '449 patent.

ANSWER:  Denied.

33. The '449 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

ANSWER:  Denied.

34. An actual and justiciable controversy exists between MEI and JVC, on the one hand, and Papst Licensing, on the other, regarding the alleged infringement and validity of the '449 patent by virtue of the allegations made by Papst Licensing that MEI and JVC and/or their customers are or have been infringing the '399 patent.

ANSWER:  Admit.

35. This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling MEI and JVC to an award of their attorneys' fees.

ANSWER:  Denied.

36. MEI expressly reserves the right to amend this Complaint to add declaratory judgment counts with respect to any continuation or divisional applications relating to the patents-in-suit that may issue after the date this complaint is filed.

ANSWER:  This paragraph does not contain an averment of fact or law and instead it is a statement of MEI concerning procedural matters, but insofar as an answer is required, Papst Licensing denies that MEI has the power to amend the Complaint without first obtaining leave of court.

**Count III**
(Declaratory Judgment of unenforceability of the '399 patent)

37. MEI and JVC re-allege and incorporate by reference their allegations in paragraphs 1 through 36 as if fully set forth herein.

ANSWER:  Papst incorporates its responses to paragraphs 1-36 as if fully set forth herein.

38. Papst Licensing contends that the '399 patent is enforceable.

ANSWER:  Admit.

39. MEI and JVC deny Papst Licensing's contention and allege that the '399 patent is unenforceable by reason of the patent having been procured through inequitable conduct and fraud.

ANSWER:  Papst admits that MEI and JVC deny Papst Licensing's contention and alleges that the '399 patent is unenforceable by reason of having procured through inequitable conduct and fraud, but denies that MEI and JVC have any valid grounds to support such claims.

40. In or about 1996, Michael Tasler, the sole named inventor of the '399 patent, authored a thesis entitled *Design and Construction of a Universal Data Acquisition and Control System for*

*Scanning Probe Microscopy* (the "Thesis"). The Thesis was in partial fulfillment of the requirements for Mr. Tasler's Master of Arts degree at the University of Texas at Austin.

ANSWER: Papst is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

41. On information and belief, the Thesis was made publicly available at least through publication in or about December 1995 at the "Texas Instruments 1995 DSP Solution Challenge" contest through cataloguing in or about August 1996 by the University of Texas in the OCLC Online Computer Library Center, before the filing of the application for the '399 patents and '449 patents, and is prior art to the '399 and '449 patents. See Thesis, p. 87. Mr. Tasler, as an author of the Thesis, was aware of the publication and cataloguing of the Tasler Thesis.

ANSWER: Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

42. The Thesis is material because a reasonable examiner would have considered the information contained in the Thesis important in deciding whether to allow the applications to issue into the '399 and '449 patents.

ANSWER: Denied.

43. The Thesis is directed toward an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port. Thesis, p. 1, 19. The Thesis is directed to solving the same problems as the patents, *i.e.,* PCs are not fast enough to handle the large amount of data using a direct connection to the scanning electron microscope (p. 14), and the printer port provides compatibility with many different hosts because it is standard on most PCs. Thesis, p. 19. The Thesis describes "a Universal Data Acquisition and Control System for Scanning Probe Microscopy" that interfaces with a PC through the standard printer port. Thesis, p. 1, 19. The Thesis further describes the system as comprising a DSP Motherboard with

memory p. 18), a first connecting device for interfacing with the PC through the standard printer

port (p. 19-21), a second connecting device, the TLC320AC01, for interfacing the STM scanner

with the DSP Motherboard (p. 4-7, 23), where the DSP Motherboard is configured to

communicate with the PC via the printer port (p. 19-21) and includes software that

communicates with the PC via the standard printer port. (p. 30-31).

ANSWER: The averments in this paragraph are MEI's and JVC's incomplete

characterization and interpretation of the document MEI and JVC refer to herein as The Thesis, but

insofar as an answer is required, denied.

44. Mr. Tasler and, on information and belief, others substantially involved in the prosecution of

the application resulting in the '399 patent were aware or should have been aware of the Thesis and

its contents during the time that the application resulting in the '399 patent was pending in the Patent

and Trademark Office.

ANSWER:  Papst states that it is without knowledge or information sufficient to form a

belief as to the truth of these averments in this paragraph.

45. During the time that the application resulting in the '399 patent was pending in the Patent

and Trademark Office, the Thesis was never disclosed to the patent examiner.

ANSWER:  Papst states that it is without knowledge or information sufficient to form a

belief as to the truth of these averments in this paragraph.

46. On information and belief, Mr. Tasler and/or others substantially involved in the

prosecution of the applications resulting in the '399 and '449 patents intentionally failed to

disclose the Thesis with the intent to deceive or mislead the patent examiner, and/or acted in

reckless disregard of their duty to disclose material information.

ANSWER:   Papst states that it is without knowledge or information sufficient to form a

belief as to the truth of these averments in this paragraph.

47. An actual and justiciable controversy exists between MEI and JVC, on the one hand, and Papst Licensing, on the other, as to whether the '399 patent is enforceable.

ANSWER:  Admit.

48. According, MEI and JVC seek and are entitled to a judgment against Papst Licensing that the '399 patent is unenforceable.

ANSWER:  Denied.

### Count IV
(Declaratory Judgment of unenforceability of the '449 patent)

49. MEI and JVC re-allege and incorporates by reference its allegations in paragraphs 1 through 48 as if fully set forth herein.

ANSWER:  Papst replies and incorporates by reference its answers to paragraphs 1 through 48 above as if fully set forth herein.

50. Papst Licensing contends that the '449 patent is enforceable.

ANSWER:  Admit.

51. MEI and JVC denies Papst Licensing's contention and alleges that the '449 patent is unenforceable by reason of the patent having been procured through inequitable conduct and fraud.

ANSWER:  Papst admits that MEI and JVC deny Papst Licensing's contention and alleges that the '399 patent is unenforceable by reason of having procured through inequitable conduct and fraud, but denies that MEI and JVC have any valid grounds to support such claims.

52. In or about 1996, Michael Tasler, the sole named inventor of the '399 patent, authored a thesis entitled *Design and Construction of a Universal Data Acquisition and Control System for Scanning Probe Microscopy* (the "Thesis"). The Thesis was in partial fulfillment of the requirements for Mr. Tasler's Master of Arts degree at the University of Texas at Austin.

ANSWER:  Papst is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

53. On information and belief, the Thesis was made publicly available at least through publication in or about December 1995 at the "Texas Instruments 1995 DSP Solution Challenge" contest and through cataloguing in or about August 1996 by the University of Texas in the OCLC Online Computer Library Center, before the filing of the application for the '399 and '449 patents, and is prior art to the '399 and '449 patents.  See Thesis at p. 87.  Mr. Tasler, as an author of the Thesis, was aware of the publication and cataloguing of the Tasler Thesis.

ANSWER:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

54. This Thesis is material because a reasonable examiner would have considered the information contained in this Thesis important in deciding whether to allow the applications to issue into the '399 and '449 patents.

ANSWER:  Denied.

55. The Thesis is directed toward an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port. Thesis, p. 1, 19.  The Thesis is directed to solving the same problems as the '399 patent, *i.e.,* PCs are not fast enough to handle the large amount of data using a direct connection to the scanning electron microscope (p. 14), and the printer port provides compatibility with many different hosts because it is standard on most PCs. Thesis, p. 19.  The Thesis describes "a Universal Data Acquisition and Control System for Scanning Probe Microscopy" that interfaces with a PC through the standard printer port.  Thesis, p. 1, 19. The Thesis further describes the system as comprising a DSP Motherboard with memory (p. 18), a first connecting device for interfacing with the PC through the standard printer port (p. 19-21), a second connection device, the TLC320AC01, for interfacing the STM scanner with the DSP Motherboard (p. 4-7, 23), where the

DSP Motherboard is configured to communicate with the PC via the printer port (p. 19-21) and includes software that communicates with the PC via the standard printer port. (p. 30-31).

ANSWER:  The averments in this paragraph are MEI's and JVC's incomplete characterization and interpretation of the document MEI and JVC refer to herein as The Thesis, but insofar as an answer is required, denied.

56. Mr. Tasler and, on information and belief, others substantially involved in the prosecution of the application resulting in the '449 patent were aware or should have been aware of the Thesis and its contents during the time that the application resulting in the '449 patent was pending in the Patent and Trademark Office.

ANSWER:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

57. During the time that the application resulting in the '449 patent was pending in the Patent and Trademark Office, the Thesis was never disclosed to the patent examiner.

ANSWER:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

58. On information and belief, Mr. Tasler and/or others substantially involved in the prosecution of the application resulting in the '449 patent intentionally failed to disclose the Thesis with the intent to deceive or mislead the patent examiner, and/or acted in reckless disregard of their duty to disclose material information.

ANSWER:  Papst states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

59. An actual and justiciable controversy exists between Panasonic and Papst Licensing as to whether the '449 patent is enforceable.

REPLY:  Admit.

60. Accordingly MEI and JVC seeks and is entitled to a judgment against Papst Licensing that the '449 patent is unenforceable.

REPLY:  Denied.


*Unless specifically admitted above, Papst denies each and every allegation set forth in MEI's and JVC's complaint and Papst denies that MEI and JVC are entitled to any relief in this action either as requested or otherwise.*

### Papst's Defenses

1.  The claims fail to state a claim upon which relief can be granted.

2.  MEI and JVC do infringe the '399 patent and '449 patents directly or indirectly.

3.  The claims of the '399 patent and the '449 patents are valid and enforceable.

## PAPST'S COUNTERCLAIM AND THIRD PARTY CLAIMS

Papst Licensing for its counterclaim for patent infringement against MEI and JVC and its claims against Panasonic Corporation of North America ("Panasonic America") and JVC Company of America ("JVC America"), states as follows:


## Parties

61. Papst Licensing is a corporation existing under the laws of The Federal Republic of Germany, and has a principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

62. Matsushita Electric Industrial Co., Ltd., ("MEI") has alleged that it is a Japanese Corporation with its principal place of business located at 1006, Oaza-Kadoma City, Osaka, Japan.

63. Victor Company of Japan, Ltd., ("JVC") has alleged that it is Japanese Corporation with its principal place of business located at 3-12, Moriya-cho, Kanagawa-lu, Yokohama, Kanagawa, Japan.

64. Upon information and belief, Panasonic Corporation of North America ("Panasonic America) is a Delaware corporation with its principal place of business located at 1 Panasonic Way, Secaucus, NJ 07094.

65. Upon information and belief, JVC Company of America ("JVC America") is a Delaware corporation with its principal place of business located at 1700 Valley Road, Wayne, NJ 07470. Upon information and belief, JVC is a parent of JVC America and MEI is the ultimate global parent of JVC America.

## Jurisdiction And Venue

66. This Court has federal question jurisdiction of this counterclaim pursuant to 28 U.S.C. §1331 and 1338(a) because this counterclaim and the third-party complaint arise under the patent laws of the United States.  35 U.S.C. §§ 1, et seq.

67. Venue over MEI, JVC, Panasonic America and JVC America is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## Patents At Issue

66. Papst Licensing is the lawful owner, by assignment, of the entire right, title, and interest in and to United States Patent No. 6,470,399 ("the '399 patent") and United States Patent  No. 6,895,449 ("the '449 patent").

67. United States Patent No. 6,895,449 duly and legally issued on May 17, 2005.

68. United States Patent No. 6,470,399 duly and legally issued on October 22, 2002.

## Claims for Relief

69. Papst Licensing repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

70. Upon information and belief, MEI, and its U.S. subsidiary Panasonic America and JVC, and its U.S. subsidiary JVC America, have or have caused to be made, used, sold, or offered for sale to customers in the United States, or imported into the United States, products that embody the elements of one or more claims of the '449 and '399 patents and, therefore, infringe those patents under the U.S. patent laws, 35 U.S.C. §271.

71. Upon information and belief, a reasonable opportunity for further investigation is likely to provide evidentiary support that MEI, Panasonic America, JVC and JVC America committed the said infringements willfully.

72. Upon information and belief, MEI, Panasonic America, JVC and JVC America have been and still are committing the said infringements and will continue to do so unless enjoined by this Court.

73. These actions by MEI, Panasonic America, JVC and JVC America have damaged Papst Licensing in an amount to be determined at trial and have caused, and will continue to cause Papst Licensing irreparable injury for which Papst Licensing has no adequate remedy at law.

## JURY DEMAND

Papst demands a trial by jury on all issues triable by jury as of right.

## PRAYER FOR RELIEF

**WHEREFORE**, Papst Licensing prays for relief as set forth below:

A.    Declare that MEI, Panasonic America, JVC and JVC America have infringed the '449 patent and the '399 patent as set forth herein;

B.    Order that MEI, Panasonic America, JVC and JVC America and each of their employees, servants, agents, and persons in active concert with them be preliminarily and permanently enjoined from making, using, selling, or offering for sale products that infringe the '449 patent and the '399 patent;

C.      Order the impounding for destruction all of MEI's, Panasonic America's, JVC's and JVC America's products that infringe the '449 patent and the '399 patent;

D.      Award Papst Licensing damages adequate to compensate for MEI's, Panasonic America's, JVC's and JVC America's infringements;

E.      Order that Papst Licensing be awarded monetary relief including:

(i)      Compensatory damages in an amount to sufficiently compensate Papst Licensing for MEI's, Panasonic America's, JVC's and JVC America's infringements;

(ii)      All damages sustained by Papst Licensing as a result of MEI's, Panasonic America's, JVC's and JVC America's acts of infringement; and

(iii)      An increase of damages to three times the amount found or assessed.

F.      Award Papst Licensing interest, costs, and attorney's fees; and

G.      Award Papst Licensing such other and further relief, as this Court deems just and appropriate.

Dated: July 16, 2008      By:    /S/ Robert F. Muse
Robert F. Muse (Bar No. 166868)
STEIN, MITCHELL & MEZINES LLP
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036
(202) 737-7777
(202) 296-8312 (Fax)

James P. White
Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606
(312) 655-1500
(312) 655-1501 (fax)
**Attorneys for Papst Licensing GmbH & Co. KG**

19

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing PAPST LICENSING'S ANSWER TO THE SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND PAPST'S COUNTERCLAIMS was served on this the 16th day of July, 2008 upon the attorneys for the Camera Manufacturers through the United States District Court for the District of Columbia ECF System unless otherwise noted as follows:

**_For The Casio Parties_** (via e-mail)**_:_**
Laura Krawczyk
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Phone:  (212) 309-6000
Fax:  (212) 309-6001
lkrawczyk@morganlewis.com

J. Kevin Fee
Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
jkfee@morganlewis.com

Scott D. Stimpson
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
stimpsonlaw@gmail.com

**_For The Samsung Parties_** (via e-mail)**_:_**
Patrick J. Kelleher
Drinker Biddle Gardner Carton
191 North Wacker Drive
Suite 3700
Chicago, IL 60606-1698
Phone:  (312) 569-1375
Fax:  (312) 569-3375
Patrick.kelleher@dbr.com

**_Camera Manufacturers' Administrative Counsel and_**
**_For The Fujifilm Parties_** (via e-mail)**_:_**
Steven J. Routh
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, DC 20004

Phone:  (202) 637-5600
Fax:  (202) 637-5910
sjrouth@hhlaw.com

Sten Jensen
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Phone:  (202) 637-6465
Fax:  (202) 637-5910
sajensen@hhlaw.com

***For the Olympus Parties*** (via e-mail)***:***
Richard deBodo
Rachel M. Capoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone:  (310) 785-4694
Fax:  (310) 785-4601
rdebodo@hhlaw.com
rmcapoccia@hhlaw.com

***For The Matsushita and Victory Company of Japan Parties*** (via e-mail):
Richard deBodo
Rachel M. Capoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone: (310) 785-4694
Fax: (310) 785-4601
rdebodo@hhlaw.com
rmcapoccia@hhlaw.com

Adam K. Levin, Esq.
Hogan & Hartson LLP
555 13th Street, NW
Washington, DC 20004
aklevin@hhlaw.com

***For the Ricoh Parties*** (via e-mail):
Michael Switzer
McDermott Will & Emery LLP
227 West Monroe Street

Chicago, Illinois 60606-5096
Phone: (312) 984-3666
Fax: (312) 984-7700
mswitzer@mwe.com

Richard L. Horwitz
Potter Anderson & Corroon, LLP
1313 North Market Street, 6th Floor
PO Box 951
Wilmington, DE 19899
Phone: (302) 984-6000
Fax: (302) 658-1192
rhorwitz@potteranderson.com

**_For Hewlett-Packard Company_** (via email):
Charlene M. Morrow
Heather N. Mewes
Fenwick & West LLP
555 California Street, Suite 1200
San Francisco, CA 94104
Phone: (415) 875-2300
Fax: (415) 281-1350
cmorrow@fenwick.com
hmewes@fenwick.com

**_For the Nikon Parties_** (via e-mail):
David L. Witcoff
Marc S. Blackman
Jones Day
77 West Wacker Drive
Chicago, IL 60601
Phone: (312) 782-3939
Fax: (312) 782-8585
dlwitcoff@jonesday.com
msblackman@jonesday.com

/s/ Robert F. Muse
Attorney for Papst Licensing GmbH & Co.   KG