UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE PAPST LICENSING GMBH & CO. KG LITIGATION** <br><br> **This Document Relates To:** <br><br> **ALL CASES** | Misc. Action No. 07-493 (RMC) <br> MDL Docket No. 1880 |

**CAMERA MANUFACTURERS' SUPPLEMENTAL MEMORANDUM REGARDING EXPERT TESTIMONY IN THE COURT'S CLAIM INTERPRETATION PROCESS**

Defendants Casio, Inc., Casio Computer Co., Ltd., Fujifilm Corp., Fujifilm USA, Inc., Hewlett-Packard Company, JVC Company of America, Matsushita Electric Industrial Co., Ltd., Nikon Corporation, Nikon Inc., Olympus Corp., Olympus Imaging America, Inc., Panasonic Corporation of North America, Ricoh Americas Corporation, Ricoh Corporation, Samsung Opto-Electronics America, Inc., Samsung Techwin Co., Ltd. and Victor Co. of Japan, Ltd. (collectively, the "Camera Manufacturers") hereby submit this Supplemental Memorandum Regarding Expert Testimony in the Court's Claim Interpretation Process.

## INTRODUCTION

Papst's *Markman* Brief [Dkt. #173], Reply *Markman* Brief [Dkt. #193] and the Declaration of its proffered expert, C. Douglass Locke [Dkt. #173-4 and #193-3], confirm that expert testimony is neither necessary nor appropriate at the Court's *Markman* hearing. There is nothing in Papst's Briefs or Dr. Locke's declaration

that identifies any factual issues that require expert testimony. Indeed, the bulk of the declaration relates to (1) Dr. Locke's educational and work history, (2) the background of the technology, and (3) a discussion of the accused products. The first two topics can be covered, if at all, during the neutral tutorial scheduled to take place on September 3, 2008, and the third topic relates to a subject that should not be relied on at all in construing the claims. *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1118 (Fed.Cir. 1985) (*en banc*). To the extent Dr. Locke's declaration discusses proposed constructions of claim terms, it provides no factual or other support to assist the Court, and it never attempts to reconcile the proffered idiosyncratic *ipse dixit* with the intrinsic record or unbiased extrinsic sources. The claim terms of the patents-in-suit are to be, and can be, construed from the intrinsic evidence, and the meanings compelled by that evidence can be confirmed by reliable forms of unbiased extrinsic evidence. Under these circumstances, expert testimony is inappropriate and unnecessary at the *Markman* hearing.

## **ARGUMENT**

**I.  THE LOCKE DECLARATION SHOULD NOT BE CONSIDERED DURING CLAIM CONSTRUCTION.**

The law of claim construction is unequivocal: expert testimony should be used only with great caution and can be relied upon *only* if the intrinsic materials, taken as a whole, are insufficient to enable the court to construe the terms. *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1308-09 (Fed.Cir. 1999). Because expert testimony is generated at the time of litigation and can thus suffer from bias not found in other forms of evidence, it is secondary evidence that should rarely, if ever,

be used to construe a disputed term. *See also* Camera Manufacturers' Memo. Regarding Expert Testimony [Dkt. # 151] at 6-7.

Courts may consider background information provided by experts to understand the technology at issue. *Phillips v. AWH*, 415 F.3d 1303, 1318 (Fed.Cir. 2005) (*en banc*). Here, the Court has scheduled a neutral tutorial session for those purposes, and Dr. Locke's understanding of the background of the technology may be presented, if at all, during that session. But it is neither necessary to present, nor appropriate to rely on, expert testimony on such subjects during the *Markman* hearing.

Moreover, Dr. Locke's statements about the accused products are not relevant to construction of Papst's patents. The Federal Circuit has repeatedly emphasized that claims should be construed without reliance on the accused devices. *SRI Int'l*, 775 F.2d at 1118. Neither the patents nor anything in the intrinsic record discusses digital cameras. While courts may consider the accused devices in determining which aspects of the claims are critical to the parties' dispute, *Pall Corp. v. Hemasure Inc.*, 181 F.3d 1305, 1308 (Fed.Cir. 1999), it is inappropriate to construe the claims in view of the accused devices. Accordingly, it would be improper to rely on Dr. Locke's testimony regarding digital cameras in seeking to arrive at the proper meaning of a disputed claim term.

The only remaining portions of Dr. Locke's declaration are his conclusory and unsupported proposed claim constructions. The Federal Circuit has warned courts to avoid unsupported expert testimony on the meaning of claim terms. *Phillips*, 415

F.3d at 1318.  Dr. Locke opines on what "a person of ordinary skill in the art would understand" a handful of different terms to mean but in his <u>entire declaration</u> he cites to <u>only one</u> claim of the patents, <u>never</u> cites to the specification, <u>never</u> cites to the prosecution history,[1] and <u>never</u> cites to any extrinsic evidence to corroborate his understanding of the meaning of the disputed terms.  *Locke Decl.*, ¶¶ 23, 26, 30-34.  He also never defines this "person of skill in the art."

Testimony from Dr. Locke also should not be permitted at the *Markman* hearing because his proposed constructions are at odds with the constructions mandated by the written record of the patents.  *Phillips*, 415 F.3d at 1318.  For example, Dr. Locke opines that the term "virtual files" means "files which appear to be present on an emulated disk drive, yet which are *not on a rotating magnetic media*."  *Locke Decl.*, ¶ 31 (emphasis added).  Dr. Locke offers nothing to support his *ipse dixit* that "virtual" has anything to do with the presence or absence of a rotating magnetic media (*e.g.*, a hard disc but not flash memory).  *General Elec. Corp. v. Joiner*, 522 U.S. 136, 146 (1997) (district courts are not required to admit expert opinions that are connected to existing data by "only the *ipse dixit* of the expert").  As explained in the file history of the '399 Patent, the purported invention involves tricking a host computer into believing an analog stream of data from various data transmit/receive devices are an actual file stored somewhere on a storage device.  *See* '399 File History, March 18, 2002 Response at 5 (attached as Ex. C to Camera Manufacturers' Opening Markman Brief [Dkt. #188]); '399 Patent,

---

[1]  Dr. Locke's failure to cite the file histories is not surprising.  Although he attests to have reviewed the patents, he does not attest to have reviewed the file histories.  *Locke Decl.*, ¶ 8.

5:6-20.  It has nothing to do with the particular hardware used, or not used, by the interface device to support the ruse; the point is that it appears to the host as a file, not that it looks like a rotating media.

## II. THE *MARKMAN* HEARING CAN BE COMPLETED IN ONE DAY.

Regardless of whether the Court allows Dr. Locke to testify, there is no need for a lengthy *Markman* hearing.  Dr. Locke's nine-page declaration includes three pages that describe his education and professional background and three pages of background information about the art that can be discussed at the tutorial session. The remaining three pages are comprised primarily of background information with unsupported and conclusory statements about how he believes a person of ordinary skill in the art would define particular claim terms.  The absence of citations to the intrinsic record — or even the identification of any extrinsic evidence — to support his positions is glaring and confirms that even if expert testimony at the *Markman* hearing was appropriate, it should be very limited.

While the Camera Manufacturers believe that expert testimony is inappropriate at the *Markman* hearing, should the Court desire to hear expert testimony at the hearing, the Camera Manufacturers can present an expert witness to confirm the claim term meanings found in the intrinsic evidence and supported by reliable pieces of extrinsic evidence.

## CONCLUSION

The Camera Manufacturers respectfully submit that expert testimony is neither necessary nor appropriate at the *Markman* hearing. The hearing can be completed in one day with each side presenting attorney argument on the meaning of each disputed claim term.

Dated: 31 July 2008                     Respectfully submitted,

*/s/*

Patrick J. Kelleher
DRINKER BIDDLE & REATH LLP
191 North Wacker Drive
Suite 3700
Chicago, IL 60606-1698
Phone: (312) 569-1375
Fax: (312) 569-3375
patrick.kelleher@dbr.com
***Counsel for the Samsung Parties***

*/s/*

Rachel M. Capoccia, Esq.
HOGAN & HARTSON LLP
1900 Avenue of the Stars
Suite 1400
Los Angeles, California 90067
Tel: (310) 785-4744
Fax: (310) 785-4601  rmcapoccia@hhlaw.com
***Counsel for The Victor Company of Japan Parties***

*/s/*

Richard de Bodo
HOGAN & HARTSON LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, California 90067
Tel: (310) 785-4694
Fax: (310) 785-4601

- 7 -

rdebodo@hhlaw.com  
*Counsel for The Matsushita Electric*  
*Industrial Co., Ltd. Parties*

/s/
———————————  
J. Kevin Fee  
MORGAN, LEWIS & BOCKIUS LLP  
1111 Pennsylvania Avenue, NW  
Washington, D.C. 20004  
jkfee@morganlewis.com  
*Counsel for The Casio Parties*

/s/
———————————  
Steven J. Routh  
HOGAN & HARTSON, LLP  
555 Thirteenth Street, N.W.  
Washington, DC 20004  
Phone: (202) 637-5600  
Fax: (202) 637-5910  
sjrouth@hhlaw.com  
*Counsel for The Fujifilm Parties*

/s/
Richard de Bodo
HOGAN & HARTSON, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone: (310) 785-4694
Fax: (310) 785-4601
rdebodo@hhlaw.com
***Counsel for the Olympus Parties***

/s/
Heather N. Mewes
FENWICK & WEST LLP
555 California Street, Suite 1200
San Francisco, CA 94104
Phone: (415) 875-2300
Fax: (415) 281-1350
hmewes@fenwick.com
***Counsel for Hewlett-Packard Company***

/s/
Marc S. Blackman
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, IL 60601
Phone: (312) 782-3939
Fax: (312-782-8585
msblackman@jonesday.com
***Counsel for the Nikon Parties***

/s/
Paul Devinsky
MCDERMOTT, WILL & EMERY
600 13th Street, NW
Washington, DC 20005-3096
Phone: (202) 756-8369
Fax: (202) 756-8087
pdevinsky@mwe.com
***Counsel for the Ricoh Parties***

- 8 -

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on 31 July 2008:

a copy of the following was served via ECF:

- *Camera Manufacturers' Supplemental Memorandum Regarding Expert Testimony in the Court's Claim Interpretation Process*

on all counsel of record by filing it through the United States District Court for the District of Columbia's Electronic Case Filing System.

> Respectfully submitted,
> SAMSUNG TECHWIN CO., LTD. and
> SAMSUNG OPTO-ELECTRONICS AMERICA, INC.
>
> _____/s/_____
>
> Patrick J. Kelleher
> *patrick.kelleher@dbr.com*
> **DRINKER BIDDLE & REATH LLP**
> 191 N. Wacker Dr. # 3700
> Chicago, IL 60606