# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

<table>
<tr>
<td>

**IN RE PAPST LICENSING GMBH & CO. KG LITIGATION**

_____

**This Document Relates To:**

**FUJIFILM CORPORATION ET AL. v. PAPST LICENSING GMBH & CO. KG CASE NO. 1:07-CV-01118-RMC**

</td>
<td>

**Misc. Action No. 07-493 (RMC)**
**MDL Docket No. 1880**

</td>
</tr>
</table>

**FUJIFILM CORPORATION AND FUJIFILM U.S.A., INC'S ANSWER AND AFFIRMATIVE DEFENSES TO PAPST LICENSING GMBH & CO. KG'S COUNTERCLAIM**

Defendants Fujifilm Corporation and Fujifilm U.S.A., Inc. (collectively, "Fujifilm") hereby respond to the Counterclaim of Papst Licensing GmbH & Co. KG ("Papst") with the following Answer and Affirmative Defenses:

## RESPONSE TO SPECIFIC ALLEGATIONS

In answer to the separately numbered paragraphs of the Counterclaim, Fujifilm states the following:

## Parties

43.    Fujifilm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of Plaintiff's Counterclaim and, therefore, denies the same.

44.    Admitted.

45.    Admitted.

## Jurisdiction and Venue

46.     The allegations in this paragraph state legal conclusions to which no response is

required.  To the extent that a response is required, Fujifilm admits this allegation.

47.      The allegations in this paragraph state legal conclusions to which no response is

required.  To the extent that a response is required, Fujifilm admits this allegation.

## Patents At Issue

48. This paragraph refers to paragraphs 36-37, which do not exist in Plaintiff's

Counterclaim, so no response is required.  To the extent a response is required, Fujifilm lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in this

paragraph of Plaintiff's Counterclaim and, therefore, denies the same.

49.     Denied.

50.     Denied.

## Claim for Relief

51.     Fujifilm incorporates by reference its above responses to the allegations of the

Counterclaim as though they were set forth fully herein.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

## JURY DEMAND

This demand for a jury requires no response.

## PRAYER FOR RELIEF

Fujifilm denies that Papst is entitled to the relief it requests or any relief

whatsoever with respect to its Counterclaim.

## AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8, and subject to further investigation and discovery, Fujifilm asserts the following defenses to Papst's claim.

### First Affirmative Defense (Failure to State a Claim)

The Counterclaim fails to state a claim upon which relief can be granted.

### Second Affirmative Defense (Non-Infringement)

Fujifilm does not infringe and has not infringed any claim of the '449 and '399 patents, either literally or under the doctrine of equivalents, by direct, contributory or inducing infringement.

### Third Affirmative Defense (Invalidity)

The claims of the '449 and '399 patents are invalid for failure to satisfy one or more statutory requirements of 35 U.S.C. §§ 101, 102, 103 or 112.

### Fourth Affirmative Defense (Inequitable Conduct)

The claims of the '449 and '399 patents are unenforceable by reason of the patents having been procured through inequitable conduct and fraud.

On information and belief, in or about 1996, Michael Tasler, the sole named inventor of the '399 and '449 patents, authored a thesis entitled *Design and Construction of a Universal Data Acquisition and Control System for Scanning Probe Microscopy* (the "Thesis"). The Thesis was in partial fulfillment of the requirements for Mr. Tasler's Master of Arts degree at the University of Texas at Austin.

On information and belief, the Thesis was made publicly available at least through publication in or about December 1995 at the "Texas Instruments 1995 DSP Solution Challenge" contest and through cataloguing in or about August 1996 by the University of Texas in the OCLC Online Computer Library Center, before the filing of the application for the '399 and '449 patents, and is prior art to the '399 and '449 patents. *See* Thesis at 87. Mr. Tasler, as the author of the Thesis, was aware of the publication and cataloguing of the Thesis.

The Thesis is material because a reasonable examiner would have considered the information contained in the Thesis important in deciding whether to allow the applications to issue into the '399 and '449 patents.

The Thesis is directed toward an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port. Thesis at 1, 19. The Thesis is directed to solving the same two problems as the patents, *i.e.* PCs are not fast enough to handle the large amount of data using a direct connection to the scanning electron microscope (Thesis at 14), and the printer port provides compatibility with many different hosts because it is standard on most PCs. Thesis at 19. The Thesis describes "a Universal Data Acquisition and Control System for Scanning Probe Microscopy" that interfaces with a PC through the standard printer port. Thesis at 1, 19. The Thesis further describes the system as comprising a DSP Motherboard with memory (Thesis at 18), a first connecting device for interfacing with the PC through the standard printer port (Thesis at 19-21), a second connection device, the TLC320AC01, for interfacing the STM scanner with the DSP Motherboard (Thesis at 4-7, 23), where the DSP Motherboard is configured to communicate with the PC via the printer port (Thesis at 19-20) and includes software that communicates with the PC via the standard printer port (Thesis at 30-31).

Mr. Tasler and, on information and belief, others substantially involved in the prosecution of the applications resulting in the '399 and '449 patents were aware or should have been aware of the Thesis and its contents during the time that the applications resulting in the '399 and '449 patents were pending in the Patent and Trademark Office.

During the time that the applications resulting in the '399 and '449 patents were pending in the Patent and Trademark Office, the Thesis was never disclosed to the patent examiner.

On information and belief, Mr. Tasler and/or others substantially involved in the prosecution of the applications resulting in the '399 and '449 patents intentionally failed to disclose the Thesis with the intent to deceive or mislead the patent examiner, and/or acted in reckless disregard of their duty to disclose material information.  Accordingly, the claims of the '399 and '449 patents are unenforceable.

## Fifth Affirmative Defense (Prosecution History Estoppel)

Papst is estopped from construing the claims of the '449 and '399 patents so as to cover, either literally or by application of the doctrine of equivalents, products made, used, imported, sold, or offered for sale by Fujifilm, or methods used in the operation of such products, because of amendments to the claims or specification, or admissions or statements made to the U.S. Patent and Trademark Office during prosecution of the patent applications underlying the '449 and '399 patents.

## Sixth Affirmative Defense (Marking)

Papst's request for damages is statutorily limited by 35 U.S.C. §§ 287 and/or 288.

## **RESERVATION OF RIGHTS**

Fujifilm hereby gives notice that it may rely upon any additional affirmative defenses that become available or apparent during discovery, and thus reserves the right to amend its Answer to assert additional defenses.

WHEREFORE Fujifilm respectfully requests that the Court enter judgment against Papst including:

a.    a declaration that Fujifilm has not infringed, and is not infringing the '449 and '399 patents;

b.    a declaration that Fujifilm has not infringed, and is not infringing, any of the claims of any continuation or divisional application relating to the '449 and '399 that may hereafter issue;

c.    a declaration that each of the claims of the '449 and '399 patents are invalid;

d.    an injunction prohibiting Papst from alleging infringement of the '449 and the '399 patents by Fujifilm;

e.    an award of damages that Fujifilm has sustained;

f.    a declaration that this case is an "exceptional case" within the meaning of 35 U.S.C. § 285 due to, *inter alia*, Papst's conduct and actions;

g.    an award of costs and attorneys fees and other expenses Papst has been forced to incur; and

h.    such further relief as the Court may deem just and proper.

Dated: August 5, 2008

Respectfully submitted,

s/ Steven J. Routh
Steven J. Routh (#376068)
Sten A. Jensen (#443300)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street N.W.
Washington, DC 20005-1706
Telephone:  (202) 339-8400
Facsimile:  (202) 339-8500
srouth@orrick.com
sjensen@orrick.com

Attorneys of Record for FUJIFILM Corporation and
FUJIFILM U.S.A., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of August 2008, I served a true and correct copy of

the foregoing FUJIFILM CORPORATION AND FUJIFILM U.S.A., INC'S ANSWER AND

AFFIRMATIVE DEFENSES TO PAPST LICENSING GMBH & CO. KG'S

COUNTERCLAIM on all counsel of record by filing it through the United States District Court

for the District of Columbia Electronic Case Filing system.


s/ Steven J. Routh_____
Steven J. Routh