UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. KG LITIGATION<br><br>This Document Relates To:<br>ALL CASES | Misc. Action No. 07-493 (RMC);<br>MDL Docket No. 1880 |

**EIGHTH ORDER REGARDING DISCOVERY: DISCOVERY DISPUTES AND INVALIDITY CONTENTIONS**

In this Multi-District Litigation between Papst Licensing GMBH & Co. ("Papst") and the Camera Manufacturers,[1] the Court held a status conference on July 31, 2008, and a telephone conference on August 6, 2008. During those proceedings, Papst raised various issues related to the Camera Manufacturers' Invalidity Contentions[2] and discovery from the non-Casio Camera

---

[1] The Camera Manufacturers include: Casio America Inc. (f/k/a Casio Inc.); Casio Computer Company, Ltd.; Fujifilm Corporation; Fujifilm U.S.A., Inc.; Fujifilm Japan; Matsushita Electric Industrial Co., Ltd.; Victor Company of Japan, Ltd.; Olympus Corporation; Olympus Imaging America Inc.; Samsung Techwin Co.; Samsung Opto-Electronics America, Inc., Panasonic Corporation of North America; JVC Company of America; Nikon Americas, Inc.; Nikon Corporation; Nikon, Inc.; Ricoh Company Ltd.; Ricoh Americas Corporation; Ricoh Corporation; Hewlett-Packard Company.

[2] *See* Camera Manufacturers' Invalidity Contentions [Dkt. # 139]; Nikon's Invalidity Contentions [Dkt. # 160] and Supplement [Dkt. # 187]; Ricoh's Invalidity Contentions [Dkt. # 172]; Hewlett Packard's Invalidity Contentions [Dkt. # 178].

Manufacturers.[3] Pursuant to the record in those proceedings, the Court hereby orders as follows:

    1. Papst asserts that the Camera Manufacturers have not provided sufficient detail regarding prior art under 35 U.S.C. § 102(b) and (g). The Court finds that the Camera Manufacturers have provided sufficient detail regarding prior art in the Camera Manufacturers' Invalidity Contentions, together with the attached exhibits. The Camera Manufacturers will supplement their invalidity contentions with the names of specific persons, if they have such information, and with the Bates Numbers of the documents relied upon as evidence of prior art, to the extent that they have not already done so. It is noted that the Camera Manufacturers have identified all prior art that they intend to rely upon for the purposes of the *Markman*[4] hearing, and they have provided English translations to Papst of such prior art. The Camera Manufacturers are not required to provide English translations of other possible prior art at this time.

    2. The Camera Manufacturers have provided invalidity contentions based on Papst's claim constructions; they are not required to supplement their invalidity contentions based on their own claim construction positions.

    3. To the extent that the Camera Manufacturers contend that one or more combinations of items of prior art make a claim obvious, the Manufacturers are not required to identify the specific motivation to combine such items. *See KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727, 1741 (2007) (courts must take an expansive and flexible approach to the question of obviousness; an obviousness analysis "need not seek out precise teachings directed to the specific

---

[3] The "non-Casio Camera Manufacturers" are those Camera Manufacturers other than Casio America Inc. (f/k/a Casio Inc.) and Casio Computer Company, Ltd.

[4] *Markman v. Westview Instruments, Inc.*, 518 U.S. 370, 389-90 (1996) (the interpretation of patent claims is a question of law for the court).

subject matter of the challenged claim, for a court can take account of the inferences and creative steps that a person of ordinary skill in the art would employ.").[5]

5. In response to Papst's Interrogatory No. 1, the non-Casio Camera Manufacturers shall provide to Papst a Uniform Resource Location ("URL") (if not already provided) so that Papst can locate the requested information. To the extent that the dates sought by Interrogatory No. 1[6] are not available at the URL address, the non-Casio Camera Manufacturers will supplement their answers to Interrogatory No. 1 to provide such dates. To the extent that they have not already done so, the non-Casio Camera Manufacturers also shall supplement their answers to Interrogatory No. 1 to "identify the two most knowledgeable persons involved in each of the areas of the research, development and design of the Specific Features of Your Products." To the extent that they need to supplement their answers to Interrogatory No. 1 to provide the information required by this Order,

---

[5] To determine whether a patent claiming the combination of elements of prior art is obvious, *KSR* elaborates further:

> When a work is available in one field of endeavor, design incentives and other market forces can prompt variations of it, either in the same field or a different one. . . . Often, it will be necessary for a court to look to interrelated teachings of multiple patents; the effects of demands known to the design community or present in the marketplace; and the background knowledge possessed by a person having ordinary skill in the art, all in order to determine whether there was an apparent reason to combine the known elements in the fashion claimed by the patent at issue.

*KSR*, 127 S. Ct. at 1740; *see also Scanner Tech. Corp. v. ICOS Vision Sys. Corp.*, 528 F.3d 1365, 1382 (Fed. Cir. 2008) (small logical gap between the prior art and the claim is closed by a person of ordinary skill "pursuing known options within his or her technical grasp"); *In re ICON Health and Fitness*, 496 F.3d 1374, 1380 (Fed. Cir. 2007) ("[W]e consider a variety of sources that may have led one skilled in the art to combine the teachings.").

[6] To paraphrase, Interrogatory No. 1 requests the earliest and latest dates, since October 22, 2002, that each of the non-Casio Camera Manufacturers' digital cameras was imported into the U.S. or sold or used in the U.S.

the non-Casio Camera Manufacturers will do so as soon as practicable, but in any event no later than September 5, 2008. The term "Your Products" as used in Interrogatory No. 1 is deemed to mean 'all your digital cameras that can communicate with a computer without the installation of software specific to the camera.'

7. Papst's motion to compel supplemental answers to Interrogatory Nos. 2, 3, 9, and 11 is denied without prejudice as premature. The non-Casio Camera Manufacturers will supplement their answers to these Interrogatories by producing Rule 33(d) documents no later than September 29, 2008. If Papst has any issues after reviewing the production, Papst should meet and confer with each Camera Manufacturer to resolve such issues.

8. To the extent that the non-Casio Camera Manufacturers' response to Interrogatory Nos. 2, 3, 9, and/or 11 requires the release of third party confidential documents, the non-Casio Camera Manufacturers promptly shall seek permission from the third parties to produce the confidential information pursuant to the Protective Order [Dkt. # 35].[7] With regard to those third parties that do not grant permission for the release of documents by: Fujifilm Corporation; Fujifilm U.S.A., Inc.; Fujifilm Japan; Matsushita Electric Industrial Co., Ltd.; Victor Company of Japan, Ltd.; Olympus Corp.; Olympus Imaging America Inc.; Samsung Techwin Co.; Samsung Opto-Electronics America, Inc., Panasonic Corporation of North America; JVC Company of America , such third parties shall file an objection with this Court, together with a detailed explanation, no later than September 2, 2008. With regard to those third parties that do not grant permission for the release of documents by Nikon Americas, Inc.; Nikon Corporation; Nikon, Inc.; Ricoh Company Ltd.; Ricoh Americas Corporation; Ricoh Corporation; and Hewlett-Packard Company, such third parties shall

---

[7] The Protective Order was approved by Minute Order on April 9, 2008.

file an objection with this Court, together with a detailed explanation, no later than <u>September 15, 2008</u>.

9. The non-Casio Camera Manufacturers contend that Interrogatory No. 9 is vague and overbroad. To remedy this problem, the Court finds that Interrogatory No. 9 must be deemed to relate only to the Specific Features of "Your Products" as defined by this Order. The terms "major changes" and "development history" as used in Interrogatory No. 9 should be given their ordinary English-language meanings.

10. Interrogatory No. 11 is hereby stricken as vague and overbroad.

**IT IS FURTHER ORDERED** that this Order shall, unless superceded by subsequent orders, govern discovery.

**SO ORDERED.**


Dated: August 8, 2008                                /s/                              
                                                     ROSEMARY M. COLLYER
                                                     United States District Judge