IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE PAPST LICENSING GmbH & CO. KG LITIGATION** <br> _____ <br> **This Document Relates to:** <br> **Papst v. Eastman Kodak Co.** <br><br> **(Case No. 1:08cv1407)** | Misc. Action No. 07-493 (RMC) <br><br> MDL Docket No. 1880 |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
## OF DEFENDANT EASTMAN KODAK COMPANY

Defendant Eastman Kodak Company (hereafter, "Kodak") hereby answers the Complaint for Patent Infringement ("Complaint") filed by Papst Licensing GmbH & Co. KG ("Papst"), as set forth below. The numbered paragraphs preceding Kodak's answers are from Papst's Complaint and are reprinted herein for the convenience of the Court.

### PAPST'S JURISDICTION AND VENUE ALLEGATIONS

1. This Court has federal question jurisdiction of Papst Licensing's patent infringement claims pursuant to 28 U.S.C. §1331 and 1338(a) because this action arises under the patent laws of the United States. 35 U.S.C. §§ 1, *et seq*.

**ANSWER**: Kodak admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) over properly alleged claims for patent infringement under the United States Patent Laws, 35 U.S.C. § 1, *et seq.,* but denies that the assertions in Papst's Complaint are properly cognizable as patent infringement claims.

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c), 1391(d) and 1400(b).

**ANSWER**:    Papst's Complaint states no basis for the conclusory allegation that venue is proper in the Northern District of Illinois under 28 U.S.C. §§ 1391 and 1400(b) as to Kodak, and Kodak therefore denies the same.

3.      Papst Licensing is a company existing under the laws of The Federal Republic of Germany with its principal place of business headquartered at Bahnofstrasse 33, 78112 St. Georgen, Germany.

**ANSWER**:    Kodak is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and, therefore, denies such allegations.

4.      Upon information and belief, Kodak is located at 343 State Street, Rochester, NY 14650 and regularly transacts business in this district as it is registered to do business in Illinois, maintains a registered in Illinois and maintains a regional office at 935 North Plum Grove Road, Suite B, Schaumburg, IL  60173.

**ANSWER**:    Kodak admits that its principal place of business is located at 343 State Street, Rochester, NY 14650 and that it is registered to do business in Illinois, but denies the remainder of the allegations in paragraph 4 of the Complaint.

### PAPST'S ALLEGED "FACTS GIVING RISE TO THIS ACTION"

5.      The patents listed in Paragraphs Nos. 6 and 7 below cover, *inter alia*, various aspects of digital cameras.  Unless otherwise specified, the said patents are collectively referred to hereinafter as the "Patents in Suit."  Papst Licensing is the lawful owner, by assignment, of the entire right, title, and interest in and to each and every one of the Patents in Suit.

**ANSWER**:   Kodak denies that U.S. Patent No. 6,470,399 ("the '399 patent") and U.S. Patent No. 6,895,449 ("the '449 patent") cover various aspects of digital cameras. Kodak is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint and, therefore, denies such allegations.

6.     United States Patent No. 6,470,399 B1 duly and legally issued on October 22, 2002.

**ANSWER**:   Kodak admits that U.S. Patent No. 6,470,399 states on its face that it was issued on October 22, 2002. Kodak is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint and, therefore, denies such allegations.

7.     United States Patent No. 6,895,449 B2 duly and legally issued on May 17, 2005.

**ANSWER**:   Kodak admits that U.S. Patent No. 6,895,449 states on its face that it was issued on May 17, 2005. Kodak is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint and, therefore, denies such allegations.

8.     A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support that Kodak has made, used, sold or offered to sell to numerous customers in the United States or have imported into the United States digital cameras which infringe the Patents in Suit.

**ANSWER**:   Kodak denies the allegations in paragraph 8 of the Complaint.

9.     A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support that Kodak has actively induced others and/or contributed to the infringement of the Patents in Suit.

**ANSWER**:  Kodak denies the allegations in paragraph 9 of the Complaint.

10. A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support that Kodak committed said infringements willfully.

**ANSWER**:  Kodak denies the allegations in paragraph 10 of the Complaint.

11. Papst Licensing has given written notice of infringement to Kodak.

**ANSWER**:  Kodak admits that Papst previously made an accusation of infringement with respect to one model of digital camera but denies that such accusation has merit. Kodak denies the remaining allegations in paragraph 11 of the Complaint.

12. Upon information and belief, Kodak has been and is still committing the said infringements and will continue to do so unless enjoined by this Court.

**ANSWER**:  Kodak denies the allegations in paragraph 12 of the Complaint.

**OTHER**:  Kodak requests that the Court deny the relief requested by Papst in the "Requested Relief" section of the Complaint. Papst's request for a jury trial does not require a response by Kodak.

## KODAK'S AFFIRMATIVE DEFENSES

In addition to the defenses below, Kodak expressly reserves the right to allege additional defenses as they become known through the course of discovery or otherwise.

### FIRST AFFIRMATIVE DEFENSE

1. Kodak has not directly infringed, contributorily infringed or induced infringement of, and does not directly infringe, contributorily infringe or induce infringement of, any claim of the '399 or '449 patents.

**SECOND AFFIRMATIVE DEFENSE**

2.      One or more claims of the '399 and '449 patents are invalid for failing to comply with the conditions for patentability set forth in Title 35, United States Code § 101 *et. seq.*, including, without limitation, §§ 101, 102, 103 and/or 112.

**THIRD AFFIRMATIVE DEFENSE**

3.      By reason of the prosecution before the United States Patent and Trademark Office ("PTO") leading to, concurrently with, and/or following the issuance of the '399 and '449 patents, and by reason of statements and admissions made by or on behalf of the applicant, Papst is estopped from claiming infringement by Kodak of one or more of the claims of the '399 and '449 patents.

**FOURTH AFFIRMATIVE DEFENSE**

4.      To the extent Papst and/or any licensee(s) failed to properly mark or give notice to Kodak under 35 U.S.C. § 287(a), Papst is precluded, or at least limited, from collecting damages from Kodak.

**FIFTH AFFIRMATIVE DEFENSE**

5.      Papst's claims are barred in whole or in part by the doctrines of equitable estoppel, waiver, laches and/or acquiescence.

**SIXTH AFFIRMATIVE DEFENSE**

6.      Papst is not entitled to injunctive relief at least because any alleged injury to Papst is not immediate or irreparable, and Papst has an adequate remedy at law.

**SEVENTH AFFIRMATIVE DEFENSE**

7.      Papst's allegations of infringement of the '399 and '449 patents are barred because the '399 and '449 patents are unenforceable pursuant to 37 C.F.R. § 1.56 and the

doctrine of inequitable conduct. Kodak incorporates herein by reference the allegations of its Counterclaims as though fully set forth herein.

## EIGHTH AFFIRMATIVE DEFENSE

8. The Complaint fails to state a claim upon which relief may be granted.

## KODAK'S COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff Eastman Kodak Company ("Kodak") counterclaims against Plaintiff and Counterclaim-Defendant Papst Licensing GmbH & Co. KG ("Papst") as follows:

## THE PARTIES

1. Kodak is a New Jersey corporation having its principal place of business at 343 State Street, Rochester, NY 14650.

2. According to paragraph 3 of its Complaint, Papst purports to be a company existing under the laws of The Federal Republic of Germany having its principal place of business at Bahnofstrasse 33, 78112 St. Georgen, Germany.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

4. This Court has personal jurisdiction over Papst by virtue of its having consented to the jurisdiction of this Court.

5. Venue is proper in this District under 28 U.S.C. § 1391.

## COUNTERCLAIM COUNT I
## DECLARATORY JUDGMENT FOR INVALIDITY, UNENFORCEABILITY AND NON-INFRINGEMENT OF U.S. PATENT NO. 6,470,399

6. Kodak realleges and incorporates by reference paragraphs 1 through 5 of these Counterclaims.

7. United States Patent No. 6,470,399 ("the '399 patent") is entitled "Flexible Interface For Communication Between A Host And An Analog I/O Device Connected To The Interface Regardless The Type Of The I/O Device" and states on its face that it was issued on October 22, 2002. Papst claims that it owns the '399 patent.

8. Papst has asserted that a reasonable opportunity for further investigation or discovery is likely to provide evidentiary support that Kodak has infringed and is infringing the '399 patent.

9. Kodak has not directly infringed, contributorily infringed or induced infringement of and does not directly infringe, contributorily infringe or induce infringement of any claim of the '399 patent.

10. One or more claims of the '399 patent are invalid for failing to comply with the conditions for patentability set forth in Title 35, United States Code § 101 *et. seq.*, including, without limitation, §§ 101, 102, 103 and/or 112.

11. Papst contends that the '399 patent is enforceable.

12. Kodak denies Papst's contention and alleges that the '399 patent is unenforceable by reason of the patent having been procured through inequitable conduct and fraud.

13. In or about 1996, Michael Tasler, the sole named inventor of the '399 patent, authored a thesis entitled *Design and Construction of a Universal Data Acquisition and Control*

*System for Scanning Probe Microscopy* (the "Thesis").  The Thesis was in partial fulfillment of the requirements for Mr. Tasler's Master of Arts degree at the University of Texas at Austin.

14. On information and belief, the Thesis was published and made publicly available in or about 1996, before the filing of the application for the '399 patent, and is prior art to the '399 patent.  Mr. Tasler, the author of the Thesis, was aware of the publication of the Thesis.

15. The Thesis is material because a reasonable examiner would have considered the information contained in the Thesis important in deciding whether to allow the application to issue into the '399 patent.

16. The Thesis is directed toward an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port.  The Thesis is directed to solving the same problems as the '399 patent, *i.e.*, PCs are not fast enough to handle the large amount of data using a direct connection to the scanning electron microscope, and the printer port provides compatibility with many different hosts because it is standard on most PCs.  The Thesis describes "a Universal Data Acquisition and Control System for Scanning Probe Microscopy" that interfaces with a PC through the standard printer port.  The Thesis further describes the system as comprising a DSP Motherboard with memory, a first connecting device for interfacing with the PC through the standard printer port, a second connecting device, the TLC320AC01, for interfacing the STM scanner with the DSP Motherboard, where the DSP Motherboard is configured to communicate with the PC via the printer port and includes software that communicates with the PC via the standard printer port.

17. Mr. Tasler and, on information and belief, others substantially involved in the prosecution of the application resulting in the '399 patent were aware or should have been aware

of the Thesis and its contents during the time that the application resulting in the '399 patent was pending in the Patent and Trademark Office.

18.     During the time that the application resulting in the '399 patent was pending in the Patent and Trademark Office, the Thesis was never disclosed to the patent examiner.

19.     On information and belief, Mr. Tasler and/or others substantially involved in the prosecution of the application resulting in the '399 patent intentionally failed to disclose the Thesis with the intent to deceive or mislead the patent examiner, and/or acted in reckless disregard of their duty to disclose material information.

20.     An actual and justiciable controversy exists between the parties hereto regarding the infringement, validity and enforceability of the '399 patent.

21.     A judicial declaration is necessary and appropriate at this time.  Papst's assertion of patent infringement will irreparably injure and will continue to injure Kodak.  Kodak has no adequate remedy at law.

### COUNTERCLAIM COUNT II
### DECLARATORY JUDGMENT FOR INVALIDITY, UNENFORCEABILITY AND NON-INFRINGEMENT OF U.S. PATENT NO. 6,895,449

22.     Kodak realleges and incorporates by reference paragraphs 1 through 21 of these Counterclaims.

23.     United States Patent No. 6,895,449 ("the '449 patent") is entitled "Flexible Interface For Communication Between A Host And An Analog I/O Device Connected To The Interface Regardless The Type Of The I/O Device" and states on its face that it was issued on May 17, 2005.  Papst claims that it owns the '449 patent.

24.     Papst has asserted that a reasonable opportunity for further investigation or discovery is likely to provide evidentiary support that Kodak has infringed and is infringing the '449 patent.

25.     Kodak has not directly infringed, contributorily infringed or induced infringement of and does not directly infringe, contributorily infringe or induce infringement of any claim of the '449 patent.

26.     One or more claims of the '449 patent are invalid for failing to comply with the conditions for patentability set forth in Title 35, United States Code § 101 *et. seq.*, including, without limitation, §§ 101, 102, 103 and/or 112.

27.     Papst contends that the '449 patent is enforceable.

28.     Kodak denies Papst's contention and alleges that the '449 patent is unenforceable by reason of the patent having been procured through inequitable conduct and fraud.

29.     In or about 1996, Michael Tasler, the sole named inventor of the '449 patent, authored a thesis entitled *Design and Construction of a Universal Data Acquisition and Control System for Scanning Probe Microscopy* (the "Thesis").  The Thesis was in partial fulfillment of the requirements for Mr. Tasler's Master of Arts degree at the University of Texas at Austin.

30.     On information and belief, the Thesis was published and made publicly available in or about 1996, before the filing of the application for the '449 patent, and is prior art to the '449 patent.  Mr. Tasler, the author of the Thesis, was aware of the publication of the Thesis.

31.     The Thesis is material because a reasonable examiner would have considered the information contained in the Thesis important in deciding whether to allow the application to issue into the '449 patent.

32. The Thesis is directed toward an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port. The Thesis is directed to solving the same problems as the '449 patent, *i.e.*, PCs are not fast enough to handle the large amount of data using a direct connection to the scanning electron microscope, and the printer port provides compatibility with many different hosts because it is standard on most PCs. The Thesis describes "a Universal Data Acquisition and Control System for Scanning Probe Microscopy" that interfaces with a PC through the standard printer port. The Thesis further describes the system as comprising a DSP Motherboard with memory, a first connecting device for interfacing with the PC through the standard printer port, a second connecting device, the TLC320AC01, for interfacing the STM scanner with the DSP Motherboard, where the DSP Motherboard is configured to communicate with the PC via the printer port and includes software that communicates with the PC via the standard printer port.

33. Mr. Tasler and, on information and belief, others substantially involved in the prosecution of the application resulting in the '449 patent were aware or should have been aware of the Thesis and its contents during the time that the application resulting in the '449 patent was pending in the Patent and Trademark Office.

34. During the time that the application resulting in the '449 patent was pending in the Patent and Trademark Office, the Thesis was never disclosed to the patent examiner.

35. On information and belief, Mr. Tasler and/or others substantially involved in the prosecution of the application resulting in the '449 patent intentionally failed to disclose the Thesis with the intent to deceive or mislead the patent examiner, and/or acted in reckless disregard of their duty to disclose material information.

36. An actual and justiciable controversy exists between the parties hereto regarding the infringement, validity and enforceability of the '449 patent.

37. A judicial declaration is necessary and appropriate at this time. Papst's assertion of patent infringement will irreparably injure and will continue to injure Kodak. Kodak has no adequate remedy at law.

### **KODAK'S PRAYER FOR RELIEF**

WHEREFORE, Kodak respectfully requests that:

A. Papst take nothing by virtue of the Complaint;

B. the relief requested by Papst in the Complaint be denied;

C. the Complaint be dismissed with prejudice;

D. the Court enter a judgment declaring that Kodak has not infringed, and is not infringing, any claim of the '399 and '449 patents;

E. the Court enter a judgment that the claims of the '399 and '449 patents are invalid;

F. the Court enter a judgment that the '399 and '449 patents are unenforceable;

G. the Court declare this case exceptional and award Kodak its costs, expenses and attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

H. the Court award Kodak such other and further relief as the Court may deem just and proper.

Dated: August 18, 2008

Respectfully submitted,

*/s/ Eric S. Namrow*

Eric S. Namrow
DC Bar No. 467235
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone: 202-879-3939
Fax: 202-626-1700
esnamrow@jonesday.com

**Of Counsel:**
James L. Wamsley, III
Jones Day
901 Lakeside Avenue
Cleveland, OH 44114-1190
Phone: 216-586-3939
Fax: 216-579-0212
jlwamsleyiii@jonesday.com

Mark Campagna
Jones Day
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053
Phone: 404-581-3939
Fax: 404-581-8330
mcampagna@jonesday.com

**ATTORNEYS FOR DEFENDANT
EASTMAN KODAK COMPANY**

**CERTIFICATE OF SERVICE**

       I hereby certify that on August 18, 2008, I served by electronic filing a copy of Kodak's Certificate Required by LCvR 7.1 of the Local Rules of the United States District Court for the District of Columbia on the following counsel:

***For Papst Licensing GmbH & Co. KG*** (via e-mail):
Robert F. Muse
STEIN, MITCHELL & MEZINES LLP
1100 Connecticut Avenue, NW
Suite 1100
Washington, DC  20036-4195
Phone:  (202) 737-7777
Fax:  (202) 296-8312
E-mail:  rmuse@steinmitchell.com

Jerold B. Schnayer
HUSCH BLACKWELL SANDERS LLP
120 South Riverside Plaza
22nd Floor
Chicago, IL  60606
Phone:  (312) 655-1500
Fax:  (312) 655-1501
Email:  jbschnayer@huschblackwell.com

***For The Victor Company of Japan Parties*** (via e-mail):
Rachel M. Capoccia
HOGAN & HARTSON LLP
1900 Avenue of the Stars
Suite 1400
Los Angeles, CA  90067
Phone:  (310) 785-4744
Fax:  (310) 785-4601
E-mail:  rmcapoccia@hhlaw.com

***For The Matsushita Electric Industrial Co., Ltd. Parties*** (via e-mail):
Richard de Bodo
HOGAN & HARTSON LLP
1900 Avenue of the Stars
Suite 1400
Los Angeles, CA  90067
Phone:  (310) 785-4694
Fax:  (310) 785-4601
E-mail:  rdebodo@hhlaw.com

*For The Casio Parties* (via e-mail):
J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004
E-mail:  jkfee@morganlewis.com

*For The Samsung Parties* (via e-mail):
Patrick J. Kelleher
DRINKER BIDDLE & REATH LLP
191 North Wacker Drive
Suite 3700
Chicago, IL  60606-1698
Phone:  (312) 569-1375
Fax:  (312) 569-3375
E-mail:  patrick.kelleher@dbr.com

*For The Fujifilm Parties* (via e-mail)**:**
Steven J. Routh
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street, NW
Washington, DC  20005
Phone:  (202) 339-8400
Fax:  (202) 339-8500
E-mail:  srouth@orrick.com

*For the Olympus Parties* (via e-mail):
Richard de Bodo
HOGAN & HARTSON, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA  90067
Phone:  (310) 785-4694
Fax:  (310) 785-4601
E-mail:  rdebodo@hhlaw.com

*For Ricoh Americas Corp.* (via e-mail):
Paul Devinsky
McDERMOTT WILL & EMERY LLP
600 13th Street, NW
Washington, DC  20005-3096
Phone:  (202) 756-8000 (Main)
Fax:  (202) 756-8087
Mobile:  (301) 512-0060
E-mail:  pdevinsky@mwe.com

*For the Nikon Parties* (via e-mail):
Marc S. Blackman
JONES DAY
77 W. Wacker Drive
Chicago, IL 60601
Direct: (312) 269-4369
Fax: (312) 782-8585
E-mail: msblackman@jonesday.com

*For Hewlett-Packard Company* (via e-mail):
Heather N. Mewes
FENWICK & WEST LLP
555 California Street, Suite 1200
San Francisco, CA 94104
Phone: (415) 875-2300
Fax: (415) 281-1350
E-mail: hmewes@fenwick.com

*For the Canon Parties* (via e-mail):
Calvin P. Griffith
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114
Direct: (216) 586-7050
Fax: (216) 579-0212
E-mail: cpgriffith@jonesday.com

*For the Sanyo Parties* (via e-mail):
Mark Ungerman
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006-3693
Direct: (202) 887-1535
Fax: (202) 785-7597
E-mail: MUngerman@mofo.com

Eric S. Namrow
DC Bar No. 467235