**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **IN RE PAPST LICENSING GMBH & CO. KG LITIGATION** | **Misc. Action No. 07-493 (RMC)** **MDL Docket No. 1880** |
| **This Document Relates To:** **1:08-cv-01406** | |

**PAPST'S REPLY TO COUNTERCLAIMS OF DEFENDANTS**
**CANON, INC. AND CANON U.S.A., INC.**

Plaintiff Papst Licensing GmbH & Co. KG ("Papst") replies to the Counterclaims of

Defendants Canon, Inc. and Canon U.S.A., Inc.'s (collectively, "Canon") filed on August 7, 2008

[Docket No. 21 in underlying Civil Action No. 1:08-cv-01406] as follows:

**THE PARTIES**

1.   Canon, Inc. is a Japanese corporation and maintains an office at 30-2, Shimomaruko

3-chome, Ohta-ku Tokyo 146-8501 Japan.  Canon U.S.A. is a corporation incorporated under the

laws of the state of New York having its principal place of business at One Canon Plaza, Lake

Success, New York.

REPLY:  Papst admits that, upon information and belief, Canon, Inc. is a Japanese

corporation and maintains an office at 30-2, Shimomaruko 3-chome, Ohta-ku Tokyo 146-8501 Japan.

Papst admits that, upon information and belief, Canon U.S.A. is a corporation incorporated under the

laws of the state of New York having its principal place of business at One Canon Plaza, Lake

Success, New York.

2.    According to paragraph 3 of its Complaint, Papst purports to be a company existing under the laws of The Federal Republic of Germany having its principal place of business at Bahnofstrasse 33, 78112 St. Georgen, Germany.

REPLY:    Admit.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

REPLY:    Admit.

4.    This Court has personal jurisdiction over Papst by virtue of its having consented to the jurisdiction of this Court by filing its Complaint.

REPLY:    Admit.

5.    Venue is proper in this District under 28 U.S.C. § 1391.

REPLY:    Admit.

COUNTERCLAIM COUNT I
DECLARATORY JUDGMENT FOR INVALIDITY, ENFORCEABILITY
AND NON-INFRINGEMENT OF U.S. PATENT NO. 6,470,399

6.    Canon realleges and incorporates by reference paragraphs 1 through 5 of these Counterclaims.

REPLY:    Papst incorporates by reference its answer to paragraphs 1 through 5 above as if fully set forth herein.

7.    United States Patent No. 6,470,399 ("the '399 patent") is entitled "Flexible Interface For Commission Between A Host And An Analog I/O Device Connected To The Interface Regardless The Type Of  The I/O Device" and issued on October 22, 2002.  Papst claims that it owns the '399 patent.

REPLY:    Admit.

8.  Papst has asserted that Canon has infringed and is infringing the '399 patent.

REPLY:  Admit.

9.  Canon has not directly infringed, contributorily infringed or induced infringement of and does not directly infringe, contributorily infringe or induce infringement of any claim of the '399 patent.

REPLY:  Deny.

10. One or more claims of the '399 patent are invalid for failing to comply with the conditions for patentability set forth in Title 35, United States Code § 101 *et. Seq.,* including, without limitation, §§ 101, 102, 103 and/or 112.

REPLY:  Deny.

11. Papst contends that the '399 patent is enforceable.

REPLY:  Admit.

12. Canon denies Papst's contention and alleges that the '399 patent is unenforceable by reason of the patent having been procured through inequitable conduct and fraud.

REPLY:  Papst admits that Canon states that it denies Papst's contention and alleges that the '399 patent is unenforceable by reason of the patent having been procured through inequitable conduct and fraud, but Papst denies that Canon has any valid grounds to support such claims.

13. In or about 1996, Michael Tasler, the sole named inventor of the '399 patent, authored a thesis entitled *Design and Construction of a Universal Data Acquisition and Control System for Scanning Probe Microscopy* (the "Thesis"). The Thesis was in partial fulfillment of the requirements for Mr. Tasler's Master of Arts degree at the University of Texas at Austin.

REPLY:  Papst is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

14. On information and belief, the Thesis was published and made publicly available in or about 1996, before the filing of the application for the '399 patent, and is prior art to the '399 patent. Mr. Tasler, the author of the Thesis, was aware of the publication of the Thesis.

REPLY: Papst is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

15. The Thesis is material because a reasonable examiner would have considered the information contained in the Thesis important in deciding whether to allow the application to issue into the '399 patent.

REPLY: Deny.

16. The Thesis is directed toward an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port. The Thesis is directed to solving the same problems as the '399 patent, *i.e.,* PCs are not fast enough to handle the large amount of data using a direct connection to the scanning electron microscope, and the printer port provides compatibility with many different hosts because it is standard on most PCs. The Thesis describes "a Universal Data Acquisition and Control System for Scanning Probe Microscopy" that interfaces with a PC through the standard printer port. The Thesis further describes the system as comprising a DSP Motherboard with memory, a first connecting device for interfacing with the PC through the standard printer port, a second connecting device, the TLC320AC01, for interfacing the STM scanner with the DSP Motherboard, where the DSP Motherboard is configured to communicate with the PC via the printer port and includes software that communicates with the PC via the standard printer port.

REPLY: The averments in this paragraph are Canon's incomplete characterization and interpretation of the document Canon refers to herein as The Thesis, but insofar as an answer is required, denied.

17. Mr. Tasler and, on information and belief, others substantially involved in the prosecution of the application resulting in the '399 patent were aware or should have been aware of

the Thesis and its contents during the time that the application resulting in the '399 patent was pending in the Patent and Trademark Office.

REPLY: Papst is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

18. During the time that that the application resulting in the '399 patent was pending in the Patent and Trademark Office, the Thesis was never disclosed to the patent examiner.

REPLY: Papst is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

19. On information and belief, Mr. Tasler and/or others substantially involved in the prosecution of the application resulting in the '399 patent intentionally failed to disclose the Thesis with the intent to deceive or mislead the patent examiner, and/or acted in reckless disregard of their duty to disclose material information.

REPLY: Papst is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

20. An actual and justiciable controversy exists between the parties hereto regarding the infringement, validity and enforceability of the '399 patent.

REPLY: Admit.

21. A judicial declaration is necessary and appropriate at this time. Papst's assertion of patent infringement will irreparably injure and will continue to injure Canon. Canon has no adequate remedy at law.

REPLY: Deny.

**COUNTERCLAIM COUNT II**
**DECLARATORY JUDGMENT FOR INVALIDITY, UNENFORCEABILITY**
**AND NON-INFRINGEMENT OF U.S. PATENT NO. 6,895,449**

22. Canon realleges and incorporates by reference paragraphs 1 through 21 of these Counterclaims.

<u>REPLY:</u>  Papst incorporates by reference its answer to paragraphs 1 through 21 above as if fully set forth herein.

23. United States Patent No. 6,895,449 ("the '449 patent") is entitled "Flexible Interface For Communication Between A Host And An Analog I/O Device Connected To The Interface Regardless The Type Of The I/O Device" and issued on May 17, 2005.  Papst claims that it owns the '449 patent.

<u>REPLY:</u>  Admit.

24. Papst has asserted that Canon has infringed and is infringing the '449 patent.

<u>REPLY:</u>  Admit.

25. Canon has not directly infringed, contributorily infringed or induced infringement of and does not directly infringe, contributorily infringe or induce infringement of any claim of the '449 patent.

<u>REPLY:</u>  Deny.

26. One or more claims of the '449 patent are invalid for failing to comply with the conditions for patentability set forth in Title 35, United States Code § 101 *et. seq.,* including, without limitation, §§ 101, 102, 103 and/or 112.

<u>REPLY:</u>  Deny.

27. Papst contends that the '449 patent is enforceable.

<u>REPLY:</u>  Admit.

28. Canon denies Papst's contention and alleges that the '449 patent is unenforceable by reason of the patent having been procured through inequitable conduct and fraud.

<u>REPLY:</u>  Papst admits that Canon states that it denies Papst's contention and alleges that the '449 patent is unenforceable by reason of the patent having been procured through

inequitable conduct and fraud, but Papst denies that Canon has any valid grounds to support such claims.

29. In or about 1996, Michael Tasler, the sole named inventor of the '399 patent, authored a thesis entitled *Design and Construction of a Universal Data Acquisition and Control System for Scanning Probe Microscopy* (the "Thesis"). The Thesis was in partial fulfillment of the requirements for Mr. Tasler's Master of Arts degree at the University of Texas at Austin.

REPLY:  Papst is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

30. On information and belief, the Thesis was published and made publicly available in or about 1996, before the filing of the application for the '449 patent, and is prior art to the '449 patent.  Mr. Tasler, the author of the Thesis, was aware of the publication of the Thesis.

REPLY:  Papst is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

31. The Thesis is material because a reasonable examiner would have considered the information contained in the Thesis important in deciding whether to allow the applications to issue into the '399 and '449 patents.

REPLY:  Deny.

32. The Thesis is directed toward an interface device to interface a scanning electron microscope with a PC using an industry-standard printer port.  The Thesis is directed to solving the same problems as the '449 patent, *i.e.,* PCs are not fast enough to handle the large amount of data using a direct connection to the scanning electron microscope, and the printer port provides compatibility with many different hosts because it is standard on most PCs.  The Thesis describes "a Universal Data Acquisition and Control System for Scanning Probe Microscopy" that interfaces with a PC through the standard printer port. The Thesis further describes the system as comprising a DSP Motherboard with memory, a first connecting device for interfacing with the PC through the standard

7

printer port, a second connecting device, the TLC320AC01, for interfacing the STM scanner with the DSP Motherboard, where the DSP Motherboard is configured to communicate with the PC via the printer port and includes software that communicates with the PC via the standard printer port.

REPLY:    The averments in this paragraph are Canon's incomplete characterization and interpretation of the document Canon refers to herein as The Thesis, but insofar as an answer is required, denied.

33. Mr. Tasler and, on information and belief, others substantially involved in the prosecution of the application resulting in the '449 patent were aware or should have been aware of the Thesis and its contents during the time that the application resulting in the '449 patent was pending in the Patent and Trademark Office.

REPLY: Papst is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

34. During the time that that the application resulting in the '449 patent was pending in the Patent and Trademark Office, the Thesis was never disclosed to the patent examiner.

REPLY:    Papst is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

35. On information and belief, Mr. Tasler and/or others substantially involved in the prosecution of the application resulting in the '449 patent intentionally failed to disclose the Thesis with the intent to deceive or mislead the patent examiner, and/or acted in reckless disregard of their duty to disclose material information.

REPLY:    Papst is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

36. An actual and justiciable controversy exists between the parties hereto regarding the infringement, validity and enforceability of the '449 patent.

REPLY:    Admit.

37. A judicial declaration is necessary and appropriate at this time.  Papst's assertion of patent infringement will irreparably injure and will continue to injure Canon.  Canon has no adequate remedy at law.

<u>REPLY:</u>  Deny.


*Unless specifically admitted above, Papst denies each and every allegation set forth in Canon's counterclaims and Papst denies that Canon  is entitled to any relief in this action either as requested or otherwise.*

Papst's Defenses

1.  The counterclaims fail to state a claim upon which relief can be granted.

2.  Canon does infringe the '399 patent and '499 patents directly and or indirectly.

3.  The claims of the '399 patent and the '449 patents are valid and enforceable.

**<u>DEMAND FOR JURY TRIAL</u>**

Papst respectfully requests a trial by jury of all issues so triable.


Dated:  August 27, 2008

By:  /s/ Robert S. Muse
Robert F. Muse (Bar No. 166868)
STEIN, MITCHELL & MEZINES LLP
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036
(202) 737-7777
(202) 296-8312 (Fax)

James P. White
Jerold B. Schnayer
Joseph E. Cwik
HUSCH BLACKWELL SANDERS
   WELSH & KATZ
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606
(312) 655-1500
(312) 655-1501 (fax)
**Attorneys for Papst Licensing GmbH & Co. KG**

## <u>CERTIFICATE OF SERVICE</u>

   The undersigned hereby certifies that a copy of the foregoing PAPST'S REPLY TO COUNTERCLAIMS OF DEFENDANTS CANON, INC. AND CANON U.S.A., INC. was served on this the 27th day of August, 2008 upon the following as indicated:


***<u>For The Casio Parties</u>*** (via e-mail)***:***
Laura Krawczyk
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Phone:  (212) 309-6000
Fax:  (212) 309-6001
lkrawczyk@morganlewis.com


J. Kevin Fee
Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
jkfee@morganlewis.com


Scott D. Stimpson
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
stimpsonlaw@gmail.com


***<u>For The Samsung Parties</u>*** (via e-mail)***:***
Patrick J. Kelleher
Drinker Biddle Gardner Carton
191 North Wacker Drive
Suite 3700
Chicago, IL 60606-1698
Phone:  (312) 569-1375
Fax:  (312) 569-3375
Patrick.kelleher@dbr.com


***<u>Camera Manufacturers' Administrative Counsel and</u>***
***<u>For The Fujifilm Parties</u>*** (via e-mail)***:***
Steven J. Routh
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Phone:  (202) 637-5600

Fax:  (202) 637-5910
sjrouth@hhlaw.com

Sten Jensen
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Phone:  (202) 637-6465
Fax:  (202) 637-5910
sajensen@hhlaw.com


***For the Olympus Parties*** (via e-mail)***:***
Richard deBodo
Rachel M. Capoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone:  (310) 785-4694
Fax:  (310) 785-4601
rdebodo@hhlaw.com
rmcapoccia@hhlaw.com

***For The Matsushita and Victory Company of Japan Parties*** (via e-mail):
Richard deBodo
Rachel M. Capoccia
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Phone: (310) 785-4694
Fax: (310) 785-4601
rdebodo@hhlaw.com
rmcapoccia@hhlaw.com

Adam K. Levin, Esq.
Hogan & Hartson LLP
555 13th Street, NW
Washington, DC 20004
aklevin@hhlaw.com

***For the Ricoh Parties*** (via e-mail):
Michael Switzer
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606-5096

Phone:  (312) 984-3666
Fax:  (312) 984-7700
mswitzer@mwe.com

Richard L. Horwitz
Potter Anderson & Corroon, LLP
1313 North Market Street, 6th Floor
PO Box 951
Wilmington, DE 19899
Phone:  (302) 984-6000
Fax:  (302) 658-1192
rhorwitz@potteranderson.com

***For Hewlett-Packard Company*** (via email):
Charlene M. Morrow
Heather N. Mewes
Fenwick & West LLP
555 California Street, Suite 1200
San Francisco, CA 94104
Phone:  (415) 875-2300
Fax:  (415) 281-1350
cmorrow@fenwick.com
hmewes@fenwick.com

***For the Nikon Parties*** (via e-mail):
David L. Witcoff
Marc S. Blackman
Jones Day
77 West Wacker Drive
Chicago, IL 60601
Phone:  (312) 782-3939
Fax:  (312) 782-8585
dlwitcoff@jonesday.com
msblackman@jonesday.com

***For Kodak*** (via e-mail)
John A. Marlott, Esq.
Jones Day
77 West Wacker Drive
Suite 3500
Chicago, IL 60601
jamarlott@jonesday.com

***For the Canon Parties:*** (via email)
Scott Wesley Burt, Esq.
Jones Day
77 West Wacker Drive
Chicago, IL 60606
swburt@jonesday.com

***For the Sanyo Parties:*** (via e-mail)
Michael Adam Dorfman, Esq.
Katten Muchin Rosenmann LLP
525 West Monroe Street
Chicago, IL 60661
Michael.dorfman@kattenlaw.com

***For the Konica-Minolta Parties:*** (via e-mail))
Steven J. Routh, Esq.
Orrick, Herrington & Sutcliffe, LLP
Columbia Center
1152 15th St. N.W.
Washington, DC 20005
srouth@orrick.com

/s/ John L. Ambrogi
Attorney for Papst Licensing GmbH
& Co. KG