**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. KG LITIGATION<br><br>_____<br><br>This Document Relates To:<br><br>Cases Transferred and Consolidated in August 2008 (hereinafter "Second Wave Cases")<br><br>Papst Licensing GmbH & Co. KG v. Sanyo Electric Co., Ltd. et al. (N.D. Ill. Case No. 1:08-cv-3608)<br><br>Papst Licensing GmbH & Co. KG v. Eastman Kodak Company (N.D. Ill. Case No. 1:08-cv-3627)<br><br>Papst Licensing GmbH & Co. KG v. Canon, Inc. et al. (N.D. Ill. Case No. 1:08-cv-3609)<br><br>Papst Licensing GmbH & Co. KG v. Konica Minolta Holdings et al. (N.D. Ill. Case No. 1:08-cv-3606)<br><br>Konica Minolta Photo Imaging, Inc. v. Papst Licensing GmbH & Co. KG (D.D.C. Case No. 1:08-cv-1433) | Misc. Action No. 07-493 (RMC)<br>MDL Docket No. 1880 |

**COMBINED STATEMENT OF POINTS AND AUTHORITIES AND MOTION OF
DEFENDANTS IN SECOND WAVE CASES FOR A
SCHEDULING CONFERENCE AND ENTRY OR MODIFICATION OF
A SCHEDULING ORDER TO GOVERN THOSE CASES**

Sanyo North America Corp. ("SNA"), Eastman Kodak Company ("Kodak"), Canon Inc. and Canon USA, Inc. ("Canon") and Konica Minolta Business Solutions USA, Inc. ("KMBUS") (collectively "Served Second Wave Defendants"), by and through the undersigned counsel, hereby move the Court to set a scheduling conference for the tag-along actions referenced above (hereinafter the "Second Wave Cases"). As the Court is aware, many of the deadlines

established in the Second Practice & Procedure Order entered by the Court in this MDL proceeding already have passed, including for example the dates for infringement and invalidity contentions. As a result, it will be necessary for the Court to set a new Scheduling Order, and/or to modify the existing Order in a number of respects, for the Second Wave Cases. We respectfully submit that the most efficient way to address issues relating to scheduling of the Second Wave Cases would be at a conference with the Court after the Court issues its *Markman* ruling in the First Wave Cases.

Because Papst elected to wait for many months before filing the Second Wave Cases, those cases are still at a very early stage, as summarized below:

**Sanyo:** Defendant Sanyo North America Corp. has until September 15, 2008 to respond to the complaint. Sanyo Electric Co., Ltd. has not been served.

**Canon:** Defendant Canon filed and served its Answer and Counterclaims on August 7, 2008. Papst has not filed a Reply to Canon's Counterclaims.

**Kodak:** Defendant Kodak filed and served its Answer and Counterclaims on August 18, 2008. Papst has not yet filed its Reply to Kodak's Counterclaims.

**Konica Minolta:** Defendant KMBUS filed an Answer to the Papst complaint on August 8, 2008. Defendant Konica Minolta Holdings, Inc. ("KMHD") has not yet responded to the complaint. Because neither KMBUS nor KMHD are appropriate defendants to Papst's complaint – since neither manufactured or sold the accused digital camera products – a third Konica Minolta entity, Konica Minolta Photo Imaging, Inc., has filed a declaratory judgment action in this Court so that a proper party can litigate issues relating to non-infringement, invalidity, and unenforceability with respect to the patents-in-suit. KMPI has asked Papst to

accept service of the declaratory judgment complaint, but Papst's counsel has not yet responded to that request.

The first group of cases consolidated into the In Re Papst Licensing GmbH & Co. KG ("Papst") Litigation Misc. Action No. 07-493 (RMC); MDL Docket No. 1880 prior to August 2008, (the "First Wave Cases") are far advanced in discovery and proceeding with a tutorial hearing scheduled for September 3, 2008 and a *Markman* hearing scheduled for September 22-24, 2008.  In contrast, as indicated above, the newly added cases are only in the earliest stages.  A number of the defendants have yet to be served, and still other defendants have not yet responded to the Papst complaints.

In view of the advanced stage of the First Wave Cases, the Served Defendants in the Second Wave Cases ask that the Court set a scheduling conference under Fed. R. Civ. P. 16(b) at a sufficient time after the issuance of the *Markman* ruling in the First Wave Cases to permit the parties to the Second Wave Cases to design a rational schedule for submission to the court.  With the *Markman* hearing now only a few weeks away, it will promote judicial economy and efficiency to postpone briefly the scheduling of the Second Wave Cases until after the Court has ruled on the claim construction issues.  The *Markman* ruling unquestionably will be useful in shaping and narrowing the proceedings for the Second Wave Cases.  The Served Second Wave Defendants believe that, in light of the advanced posture of the First Wave Cases, the Court's ruling on the *Markman* issues will permit the design of an efficient and effective schedule which will avoid wasting the Court's and parties' resources to the greatest extent possible.  Moreover, in light of the extensive litigation activities that Papst will need to address in the First Wave Cases over the coming months, and in light of the fact that it was Papst's delay that resulted in

the relatively late nature of the Second Wave Cases, deferring a Rule 16 conference until after the upcoming *Markman* hearing and ruling will not unfairly prejudice Papst.

For these reasons, the Served Second Wave Defendants[*] respectfully request that the Court modify the current schedule and set a Rule 16(b) conference for the Second Wave Cases a reasonable period after the Court has issued its *Markman* determination.


Dated: August 29, 2008                                  Respectfully Submitted,

                                                        By:  /s/ Mark E. Ungerman
                                                             Mark E. Ungerman, with authorization

                                                        ***For Sanyo North America Corporation***
                                                        Mark E. Ungerman (DC Bar No. 422830)
                                                        Barry E. Bretschneider (DC Bar No. 208587)
                                                        MORRISON & FOERSTER LLP
                                                        2000 Pennsylvania Avenue, N.W.
                                                        Suite 5500
                                                        Washington, D.C. 20006-1888
                                                        Telephone:  (202) 887-1535
                                                        Facsimile:  (202) 887-0763
                                                        E-Mail: mungerman@mofo.com

                                                        ***For Konica Minolta Business Solutions USA, Inc. and Konica Minolta Photo Imaging, Inc.***
                                                        Steven J. Routh (DC Bar No. 376068)
                                                        Sten Jensen (DC Bar No. 443300)
                                                        ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                        Columbia Center
                                                        1152 15th Street N.W.
                                                        Washington, DC 20005
                                                        Telephone: (202) 339-8400
                                                        Telecopier: (202) 339-8500
                                                        E-Mail: srouth@orrick.com

---

[*] Named defendants in the Second Wave Cases that have not been served are not yet before this Court.

*For Canon Inc. and Canon U.S.A., Inc.*
Calvin P. Griffith
JONES DAY
901 Lakeside Avenue
Cleveland, OH  44114
Telephone:  (216) 586-7050
Facsimile:  (216) 579-0212
E-Mail: cpgriffith@jonesday.com

*For Eastman Kodak Company*
James L. Wamsley, III
JONES DAY
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone: (216) 586-7251
Facsimile:  (216) 579-0212
E-Mail: jlwamsleyiii@jonesday.com

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2008, I served a true and correct copy of the foregoing **Combined Statement of Points and Authorities and Motion of Defendants in Second Wave Cases for a Scheduling Conference and Entry or Modification of a Scheduling Order to Govern Those Cases** and **Proposed Order** on all counsel of record by filing it through the United States District Court for the District of Columbia Electronic Case Filing System.

                                                       /s/
                                        Mark E. Ungerman

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. KG LITIGATION  _____  This Document Relates To:  Cases Transferred and Consolidated in August 2008 (hereinafter "Second Wave Cases")  Papst Licensing GmbH & Co. KG v. Sanyo Electric Co., Ltd. et al. (N.D. Ill. Case No. 1:08-cv-3608)  Papst Licensing GmbH & Co. KG v. Eastman Kodak Company (N.D. Ill. Case No. 1:08-cv-3627)  Papst Licensing GmbH & Co. KG v. Canon, Inc. et al. (N.D. Ill. Case No. 1:08-cv-3609)  Papst Licensing GmbH & Co. KG v. Konica Minolta Holdings et al. (N.D. Ill. Case No. 1:08-cv-3606)  Konica Minolta Photo Imaging, Inc. v. Papst Licensing GmbH & Co. KG (D.D.C. Case No. 1:08-cv-1433) | Misc. Action No. 07-493 (RMC)  MDL Docket No. 1880 |

**[PROPOSED] PRACTICE AND PROCEDURE ORDER FOR SECOND WAVE CASES**

This Order shall, unless superseded by subsequent orders, govern the practice and procedure in the Second Wave Cases transferred to this Court by the Judicial Panel on Multidistrict Litigation in August 2008. The Second Wave Cases are:

      Papst Licensing GmbH & Co. KG v. Sanyo Electric Co., Ltd. et al.
      (N.D. Ill. Case No. 1:08-cv-3608)

      Papst Licensing GmbH & Co. KG v. Eastman Kodak Company
      (N.D. Ill. Case No. 1:08-cv-3627)

      Papst Licensing GmbH & Co. KG v. Canon, Inc. et al.
      (N.D. Ill. Case No. 1:08-cv-3609)

      Papst Licensing GmbH & Co. KG v. Konica Minolta Holdings et al.
      (N.D. Ill. Case No. 1:08-cv-3606)

      Konica Minolta Photo Imaging, Inc. v. Papst Licensing GmbH & Co. KG
      (D.D.C. Case No. 1:08-cv-1433)

The Court hereby **ORDERS** as follows:

1. The Court shall set a scheduling conference under Fed. R. Civ. P. 16(b) for the Second Wave Cases once the Court has issued its ruling on *Markman* claims construction issues.

2. The schedule established in this MDL proceeding is hereby modified, by its suspension only for the Second Wave Cases and a new schedule will be established upon consideration of the parties' submission in connection with the scheduling conference in the Second Wave Cases. This suspension shall have no effect on scheduling of the First Wave Cases.

    **SO ORDERED**.

Dated: _____

                                        _____
                                        ROSEMARY M. COLLYER
                                        United States District Judge