UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. KG LITIGATION<br><br>This Document Relates To:<br><br>Papst Licensing GmbH & Co. KG v. Sanyo Electric Co., Ltd. et al. (N.D. Ill. Case No. 1:08-cv-3608) | Misc. Action No. 07-493 (RMC)<br>MDL Docket No. 1880 |

**DEFENDANTS SANYO ELECTRIC CO., LTD. AND SANYO NORTH AMERICA CORPORATION'S RULE 12 MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure ("Federal Rules")12(b) and (h), Sanyo Electric Co. Ltd., and Sanyo North America Corporation ("Sanyo"), respectfully request the Court to dismiss Papst Licensing GmbH & Co. KG.'s ("Papst") lawsuit against Sanyo for: (i) failure to state a claim, (ii) for lack of subject-matter jurisdiction on the ground that Papst has failed to allege an injury-in-fact as required by the doctrine of standing and (iii) failure to establish that it has a claim that is ripe for adjudication.

Papst has failed to plead a cognizable cause of action or claim for relief since it alleges only that it seeks "[a] reasonable opportunity for further investigation or discovery." A complaint that pleads as its purported "cause of action" "a reasonable opportunity for further investigation" pleads no valid claim for relief. Further, Papst fails to plead any facts whatsoever that would support any allegation of any injury-in-fact. Because Papst has pled no facts that establish a claim for relief or injury that has occurred or is occurring at this time, or when the Complaint was filed, such allegations destroy the existence of any subject-matter jurisdiction for this Court. Papst has failed to plead the requisite Article III case or controversy "injury-in-fact"

required by the doctrine of standing, and failed to establish that it has a claim that is ripe for adjudication.  A failure to so plead requires a mandatory dismissal.  Therefore, because Papst's Complaint fails to satisfy the Federal Rules' threshold notice pleading standard, and because it fails to set forth facts demonstrating an actual case or controversy, Sanyo respectfully requests that the Complaint be dismissed without leave to amend.

WHEREFORE, because Papst has failed to adequately plead any claim for relief, and has failed to plead facts showing it has suffered an injury-in-fact, or that its claim is ripe for adjudication, Sanyo respectfully request that the Court dismiss Plaintiff's lawsuit without leave to amend.

Dated: September 15, 2008

Respectfully submitted,

By: /s/ Mark E. Ungerman
Mark E. Ungerman

*For Sanyo Electric Co., Ltd. and Sanyo North America Corporation*
Mark E. Ungerman (DC Bar No. 422830)
Barry E. Bretschneider (DC Bar No. 208587)
Cynthia Lopez Beverage (DC Bar No. 978077)
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, N.W.
Suite 5500
Washington, D.C. 20006-1888
Telephone: (202) 887-1535
Facsimile:  (202) 887-0763
E-Mail: mungerman@mofo.com

dc-535715

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Defendants' Sanyo Electric Co. Ltd. and Sanyo North America Corporation's Rule 12 Motion to Dismiss was electronically filed on September 15, 2008 with the Clerk of Court using CM/ECF system and served upon all parties of record.

                 /s/ Mark E. Ungerman
                 Mark E. Ungerman

dc-535715