**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE PAPST LICENSING GMBH & CO. KG LITIGATION**<br>______________________________<br>This Document Relates To:<br><br>Papst Licensing GmbH & Co. KG v. Sanyo Electric Co., Ltd. et al. (N.D. Ill. Case No. 1:08-cv-3608) | Misc. Action No. 07-493 (RMC)<br>MDL Docket No. 1880 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS SANYO ELECTRIC CO., LTD. AND SANYO NORTH AMERICA CORPORATION'S RULE 12 MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure ("Federal Rules")12(b) and (h), Sanyo Electric Co. Ltd., and Sanyo North America Corporation ("Sanyo"), respectfully request the Court to dismiss Papst Licensing GmbH & Co. KG.'s ("Papst") complaint against Sanyo for: (i) failure to state a claim, (ii) for lack of subject-matter jurisdiction on the ground that Papst has failed to allege an injury-in-fact as required by the doctrine of standing and (iii) failure to establish that it has a claim that is ripe for adjudication. Because Papst's Complaint fails to satisfy the Federal Rules' threshold notice pleading standard, and because it has failed to set forth facts demonstrating an actual case or controversy, Sanyo respectfully requests that the Complaint should be dismissed without leave to amend.

## I. Background

1. Papst filed a Complaint against Sanyo that conclusorily asserts that the Court has subject-matter jurisdiction under the patent laws of the United States.

2. Papst asserts that it is the owner of two U.S. patents.

3. Papst conclusorily alleges that the "Sanyo Defendants have been and still are committing the *said infringement*." Complaint at 3, ¶ 14 (emphasis added).

4. However, the phrase "said infringement" is referring back to paragraphs which do not state a claim for relief or evince an allegation of injury-in-fact:

> 10. *A reasonable opportunity for further investigation or discovery* is likely to provide evidentiary support (sic) the Sanyo Defendants have made, used, sold or offered to sell to numerous customers in the United States or have imported into the United States digital cameras which infringe the Patents in Suit.
>
> 11. *A reasonable opportunity for further investigation or discovery* is likely to provide evidentiary support that the Sanyo Defendants have actively induced others and/or contributed to the infringement of the Patents in Suit.
>
> 12. *A reasonable opportunity for further investigation or discovery* is likely to provide evidentiary support that the Sanyo Defendants committed said infringements willfully.

Complaint at 3-4, ¶¶ 10-12 (emphasis added).

## II. Taking Papst's Allegations As True, Papst's Complaint Insufficiently Alleges Only a Suspicion of a Claim for Relief That Fails to Meet Rule 8 Standards

Papst's Complaint not only fails to state an adequate claim for relief, but its allegations also make it factually impossible for any set of facts consistent with those allegations to support a statement for a claim to relief. The Supreme Court has explained what is necessary for a claimant to state a claim:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 167 L. Ed. 2d 929, 940-941 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).[1] Thus, once a claim has been stated

[1] In its Bell Atlantic opinion, the Court discussed and clarified a phrase from its earlier opinion in Conley v. Gibson, noting that the language "no set of facts" contained in Conley could be read "as saying that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from

adequately, "it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic, 127 S. Ct. at 1968-69. Applying this law to Papst's Complaint, Papst fails to both (1) adequately state a claim; and (2) set forth any set of facts consistent with its allegations as pleaded that might support any claim for relief. Papst's allegation that a "reasonable opportunity for further investigation or discovery" might provide evidence of a cause of action clearly fails to state a claim for relief beyond advising the Court that in the future it might, maybe, uncover facts that show it is entitled to assert a claim for relief. Likewise, this allegation extinguishes any possibility that Papst might provide the requisite facts to support its claim for relief since a claim for a "reasonable opportunity for further investigation" is not a legitimate cause of action or claim for relief. Papst has not asserted a legitimate claim against Sanyo, and there are no additionally pleaded facts, as opposed to conclusory allegations, that would provide the requisite and necessary support for Papst to state a claim against Sanyo.

Even taking all of Papst's allegations as true, alleging that "a reasonable opportunity for further investigation or discovery" might uncover evidence of infringement means that Papst does not actually know whether there are any facts existing at present to support a claim against Sanyo for patent infringement and that such a claim is purely speculative. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true. Bell Atlantic, 127 S. Ct. at 1965 (citing 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, pp 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."). And since it is not proper to assume that the plaintiff can prove facts that it has not alleged, Bell Atlantic, 127 S. Ct. at 1969 n.8, Papst's Complaint

---

the face of the pleadings," was a "phrase . . . best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic, 127 S. Ct. at 1968-69.

contains only allegations that merely create a suspicion of a legally cognizable right of action. See also Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

### A. Papst's Affirmative Claim for Infringement Against Another MDL Defendant Establishes that It Merely Suspects It May Have a Claim Against Sanyo

That Papst only suspects that it might have a cause of action against Sanyo at this time is obvious when comparing its allegations against Sanyo to its allegations against another MDL[2] defendant. In Papst's suit against Nikon Corporation, Nikon Americas, Inc., and Nikon, Inc. (collectively "the Nikon Defendants"), Papst affirmatively asserts infringement, alleging: "the Nikon Defendants *have made, used, sold or offered to sell* to numerous customers in the United States or have imported into the United States digital cameras which infringe the Patents in Suit." Complaint at 3, ¶ 11, Papst Licensing GmbH & Co. KG v. Nikon Corporation, No. 08-02510, MDL No. 1880 (N.D. Ill., May 2, 2008) (emphasis added) (the "Nikon Complaint"). By contrast, against Sanyo, Papst merely alleges that a "reasonable opportunity for further investigation or discovery" might give Papst evidence that Sanyo infringes. And though some of the MDL defendants have elected to answer and assert counterclaims in response to the variously formulated complaints filed by Papst, it is their right and choice to have their cases litigated. Sanyo cannot be forced to litigate a non-existent cause of action against it until Papst can make a good faith allegation of infringement against Sanyo. Clearly, since Papst was able to make allegations against the Nikon Defendants in its Nikon Complaint, it could have likewise done so against Sanyo *if* it actually had evidence to support any such causes of action. It did not.

[2] "MDL" refers to the Multi-District Litigation involving Papst that has been consolidated under MDL Docket No. 1880 in the District Court for the District of Columbia.

**B. Papst's Inability to Plead In Accordance with the Illustrative Patent Infringement Form Establishes it Filed Suit Without A Claim for Relief**

Papst's Complaint against Sanyo does not even meet the illustrative notice pleading standards endorsed by the United States Supreme Court. As stated by the Court in Conley, "[the] illustrative forms appended to the [Federal] Rules plainly demonstrate [the pleading requirements]." 355 U.S. at 47.[3] Papst has even failed to plead the requirements set forth in Form 18 of the Federal Rules, which would have required Papst to have pleaded, at least, the following minimum elements in its Complaint against Sanyo: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; and, most pertinently, (3) a statement that defendant has infringed and still is infringing the patent *by "making, selling, and using [the devices] that embody the patented invention;"* along with 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages. FED. R. CIV. P. FORM 18 (2007)(emphasis added). "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Bell Atlantic, 127 S. Ct. at 1968-69. Thus, tracking Form 18, though a plaintiff in a patent infringement suit is not required specifically to include each element of the claims of the asserted patent, it must at least identify the accused infringing device, and state that the accused defendant is actually making, selling, or using a device or devices that actually infringe at the time suit is filed. Papst has failed to do even this.

[3] As stated in Fed. R. Civ. P. 84, "The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."

### C. Papst's Desire to Avoid Rule 11 Sanctions Establishes Papst's Desire to Avoid Alleging an Affirmative Claim for Relief

Furthermore, a review of case law on Rule 11 reveals that Papst's choice of wording in its Complaint against Sanyo likely stems from Papst's desire to avoid Rule 11 sanctions for the filing of a frivolous lawsuit. The Federal Circuit has interpreted Rule 11 to require, at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement. See Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295 (Fed. Cir. 2004); Antonious v. Spalding & Evenflo Cos., 275 F.3d 1066, 1072 (Fed. Cir. 2002); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 208 F.3d 981, 986 (Fed. Cir. 2000); Judin v. United States, 110 F.3d 780, 784 (Fed. Cir. 1997); S. Bravo Sys., Inc. v. Containment Techs. Corp., 96 F.3d 1372, 1375 (Fed. Cir. 1996).

More specifically, in Judin v. United States, the Federal Circuit determined that sanctions should be awarded against a patentee for failing to conduct an adequate pre-filing investigation of the devices he accused of infringement. 110 F.3d at 785. In Judin, the Federal Circuit specifically observed that compared with the cost of litigation it would have been relatively inexpensive for the patentee to have purchased the device accused of infringement *before* filing suit. Id. at 783. The court made these observations recognizing that Judin was a private person and not a sophisticated patent litigant like Papst, so Papst has even less of an excuse than Judin did for its inadequate pleading. The Federal Circuit also noted that the patentee's pre-suit viewing of accused devices "from a distance" was only sufficient to put the patentee on notice of *further inquiry* of whether the defendant was actually using a device that infringed the patent. Id. at 784. After noting the lack of an adequate pre-filing investigation, the Federal Circuit stated:

> But Rule 11 requires more. It requires that the inquiry be undertaken *before the suit is filed, not after*. Defendants have no choice when served with a complaint if they wish to avoid a default. They must undertake a defense, and that necessarily

> involves costs. Rule 11 prohibits imposing those costs upon a defendant absent a basis, well-grounded in fact, for bringing the suit.

110 F.3d at 784. Thus, Federal Circuit case law makes clear that the key factor in determining whether a patentee performed a reasonable pre-filing inquiry is the presence of an infringement analysis. Q-Pharma, 360 F.3d at 1302 (and cases cited therein). Indeed, "an infringement analysis can simply consist of a good faith, informed comparison of the claims of a patent against the accused subject matter." Id. Papst's Complaint fails to show that there has been a good faith, informed comparison of the claims of the asserted patents against any Sanyo product. Instead, Papst's Complaint only expresses Papst's *hope* that discovery will in the future reveal that some Sanyo product might possibly infringe the asserted patents.

Rule 11, the law of the Seventh Circuit (where this action was originally filed against Sanyo), and federal common law generally place a duty upon Papst to investigate whether any of Sanyo's actions or products actually infringe. Rule 11 places an affirmative duty on attorneys and litigants to make a reasonable investigation of the facts and the law before signing and submitting any pleading, motion, or other paper. See generally Brown v. Fed'n of State Medical Bds., 830 F.2d 1429 (7th Cir. 1987). The signature of counsel on a pleading certifies *that a reasonable investigation of the facts* and a normally competent level of legal research support the presentation. Lieb v. Topstone Indus., Inc., 788 F.2d 151, 157 (3d Cir. 1986). Rule 11, therefore, is intended to discourage pleadings that are "frivolous, legally unreasonable, or *without factual foundation,* even though the paper was not filed in subjective bad faith." Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986) (emphasis added); see also Eavenson, Auchmuty & Greenwald v. Holtzman, 775 F.2d 535 (3d Cir. 1985). "[S]ubjective good faith no longer provides the safe harbor it once did." Eastway Const. Corp. v. City of New York, 762 F.2d 243, 253 (2d Cir. 1985). Rather, "the test is now an objective one of

reasonableness." Eavenson, 775 F.2d at 540; see also In re TCI Ltd., 769 F.2d 441, 445 (7th Cir. 1985). A review of Papst's Complaint under an objective reasonableness standard shows no factual foundation was, or could have been, alleged, since Papst pleads for "[*a*] *reasonable opportunity for further investigation or discovery*." Complaint at 2-3, ¶¶ 10-12 (emphasis added). Yet attorneys may not file suit hoping that discovery will later show that a claim was proper, Southern Leasing Partners, Ltd. v. McMullan, 801 F.2d 783, 786 (5th Cir. 1986), or "drop papers into the hopper and insist that the court or opposing counsel undertake bothersome factual and legal investigation," Land v. Chicago Truck Drivers Union, 25 F.3d 509, 517-518 (7th Cir. 1994). Papst has filed suit hoping that discovery will later show that its claim against Sanyo is proper. Such a filing is highly improper.

Indeed, during a hearing held before this Court in the *Casio* case, Papst admitted to the Court what it believed was the requisite level of factual investigation necessary to avoid violation of Rule 11:

> THE COURT: How much – what's the level of evidence or information, maybe I'll use that term, that a company has to have before it can bring a patent infringement action in good faith?
>
> MR. SCHNAYER: If we know that they have *one product that infringes one claim, then we have the right to bring the cause of action against them*. Any claim that's infringed, they infringe the patent. But in order to present our rights fully, we have the right to know which ones of the other claims.

Transcript of Oral Argument at 27-28, Papst Licensing Digital Camera Patent Litigation v. Casio America, Inc., No. 07-493, MDL No. 1880 (D.D.C., Mar. 25, 2008) (emphasis added). Papst agreed that to file a complaint it must have a good faith belief that a patent claim is infringed:

> THE COURT: So what you're saying is that you have a good faith belief that Claim No. 1 is infringed and therefore you can bring the complaint.
>
> MR. SCHNAYER: Yes.

Transcript of Oral Argument at 47, Papst Licensing Digital Camera Patent Litigation, No. 07-493, MDL No. 1880 (emphasis added). Thus, Papst has violated its own good faith belief of the requisite level of factual investigation and allegations necessary to file a complaint that does not violate Rule 11.

**III. Papst's Complaint Must Be Dismissed Under FRCP 12(b)(6)**

Therefore, because a complaint may not survive a motion to dismiss without some factual context sufficient to state a claim to relief that is "plausible on its face," Papst's action against Sanyo must be dismissed. Bell Atlantic,127 S. Ct. at 1973 (plaintiffs' allegations of conspiracy were not "plausible" so that complaint was properly dismissed for failure to state claim). And while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, Conley v. Gibson, 355 U.S. 41, 47 (1957), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, Bell Atlantic, 127 S. Ct. at 1964-65. As stated by the Court:

> *Factual allegations must be enough to raise a right to relief above the speculative level*, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must *contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action*"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Bell Atlantic, 127 S. Ct. at 1965 (emphases added); see also Equal Employment Opportunity Comm'n v. Concentra Health Servs., Inc., 496 F.3d 773, 777 (7th Cir. 2007) (under Bell Atlantic, it is not enough for complaint to avoid foreclosing possible bases for relief; it must

actually suggest that plaintiff has right to relief by providing allegations that raise the right to relief above a speculative level). The need at the pleading stage for allegations plausibly suggesting a cause of action reflects the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief." Id. at 1966. As the Seventh Circuit has recognized, the task of applying Bell Atlantic to the different types of cases continues, requiring courts to take the pleading requirement in context in order to determine what allegations are necessary to show that recovery is "plausible." Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008)(citing Limestone Dev. Corp. v. Vill. of Lemont, Ill., 520 F.3d 797 (7th Cir. 2008)(noting that specific requirements "will depend on the type of case").) The Seventh Circuit recognizes that "for complaints involving complex litigation--for example, antitrust or RICO claims--a fuller set of factual allegations may be necessary to show that relief is plausible." Id. There cannot be any question that patent litigation is also costly complex litigation[4] that should, likewise, require a fuller set of factual allegations like antitrust or RICO claims.

In addition, the Seventh Circuit also recognized that the Supreme Court in Bell Atlantic wished to avoid the "in terrorem" effect of allowing a plaintiff with a "largely groundless claim" to force defendants into either costly discovery or an increased settlement value. 127 S. Ct. at 1965-66; see also Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741 (1975). Thus, the Seventh Circuit has explained that "[i]f discovery is likely to be more than usually costly, the complaint must include as much factual detail and argument as may be required to show that the plaintiff has a plausible claim." Tamayo, 526 F.3d at 1083 (citing Limestone, 520 F.3d at 797).

---

[4] "If patent litigation does take place, it typically costs millions of dollars and takes years to resolve. . . .Litigation generally is extremely costly and lengthy . . . . A biotechnology case, for example, can cost between five and seven million dollars and take two or three years to litigate." TO PROMOTE INNOVATION: THE PROPER BALANCE OF COMPETITION AND PATENT LAW AND POLICY, A REPORT BY THE FEDERAL TRADE COMM'N, 6-8 (2003).

Papst's Complaint is an example of the type of largely groundless claim filed to force defendants such as Sanyo into costly discovery before Papst can determine if it actually has a valid claim for relief to assert against Sanyo. The requisite factual detail and argument are completely absent from Papst's Complaint.

**IV. Papst's Complaint Fails to Allege Facts to Support Subject-Matter Jurisdiction**

Furthermore, a frivolous suit does not engage the jurisdiction of a district court. Buntrock v. Securities & Exch. Comm'n, 347 F.3d 995, 997 (7th Cir. 2003); Crowley Cutlery Co. v. United States, 849 F.2d 273, 276-78 (7th Cir. 1988). "[I]f frivolous suits do not invoke federal jurisdiction, dismissal is mandatory." 849 F.2d at 277; see also United Food & Commercial Workers Union, Local 919 v. CenterMark Prop. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994). Jurisdiction is based on what the pleadings show while sanctions under Rule 11 may be imposed for a failure to conduct an adequate factual inquiry before filing suit. Id. Thus, a suit that fails to invoke federal jurisdiction by reason of being frivolous is measured by the face of the complaint when filed. Id. A claim must have a minimum plausibility to support jurisdiction, even if it asserts a basis that ordinarily furnishes jurisdiction. Dozier v. Loop College, City of Chicago, 776 F.2d 752, 753 (7th Cir. 1985).

An original plaintiff invoking federal court authority by commencing a civil action must always plead the basis for jurisdiction. Fed. R. Civ. P. 8(a)(1). Jurisdiction under Rule 8 refers to subject matter jurisdiction. Subject matter jurisdiction is required because federal district courts are courts of limited jurisdiction under Article III of the Constitution. Article III grants judicial power to district courts to hear "cases or controversies." The doctrines of "standing" and "ripeness" focus on aspect of justiciability at the time the action is commenced. 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶101.50 (3d ed. 1999); see generally People

Organized for Welfare & Employment Rights v. Thompson, 727 F.2d 167 (7th Cir. 1984); Lehn v. Holmes, 364 F.3d 862 (7th Cir. 2004).

### A. Papst Has Not Pleaded a Concrete or Particularized Actual or Threatened Injury Sufficient to Show Standing

Standing addresses who may bring the suit, and refers, in part, to proof of an injury-in-fact, which Papst has not pleaded. Presbytery of N.J. Orthodox Presbyterian Church v. Florio, 40 F.3d 1454, 1469-70 (3d Cir. 1994). The standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted. Allen v. Wright, 468 U.S. 737, 752 (1984), *reh'g denied*, 468 U.S. 1250 (1984). The party invoking jurisdiction has the burden of establishing the elements of standing by clearly and specifically setting forth facts sufficient to satisfy those Article III requirements for each claim and the form of relief sought. Whitmore v. Arkansas, 495 U.S. 149, 155-56 (1990); Family & Children's Ctr., Inc. v. School City of Mishawaka, 13 F.3d 1052, 1058 (7th Cir. 1994), *cert denied*, 513 U.S. 961 (1994). Standing to seek redress is typically determined on the pleadings as of the time that the suit is filed. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); Norfolk S. Ry. Co. v. Guthrie, 233 F.3d 532, 534-35 (7th Cir. 2000). The first of three prongs of the constitutional test for standing is the injury-in-fact requirement, which at an "irreducible minimum" requires Papst to show that it has suffered some actual or threatened injury that is "concrete and particularized" as a result of the putatively illegal conduct of Sanyo. Defenders of Wildlife, 504 U.S. 560 n.1. Papst must have pleaded an injury that is "distinct and palpable" as opposed to merely abstract. Whitmore, 495 U.S. at 155.

Papst has pleaded neither an actual nor threatened injury that is "concrete or particularized," or "distinct or palpable." Papst has pleaded only that it is entitled to "[a]

reasonable opportunity for further investigation or discovery" to find out if it can develop facts sufficient to plead a patent infringement suit against Sanyo. Complaint at 2-3, ¶¶ 10-12. Filing a suit alleging that discovery might show that Papst has been injured has no basis in law. It is merely hypothetical. The alleged injury may not be merely hypothetical. Love Church v. Evanston, 896 F.2d 1082, 1085 (7th Cir. 1990); Coral Constru. Co. v. King County, 941 F.2d 910, 929 (9th Cir. 1991), *cert. denied*, 502 U.S. 1033 (1992). Papst has only pleaded a hypothetical injury, which removes the Article III jurisdictional basis.

### B. Papst Has Only Pleaded an Unripe Claim, if at all, for a Contingent Future Event That May or May Not Occur

In addition, the question of whether a future injury constitutes a sufficient actual injury for purposes of standing may sometimes be considered in the context of the doctrine of ripeness. MOORE ET AL., ¶101.40(7)(d). The ripeness doctrine is based in part of the Article III requirement that courts decide only cases or controversies. Regional Rail Reorganization Act Cases, 419 U.S. 102, 140 (1974). The ripeness doctrine concerns the timing of the suit. Anderson v. Green, 513 U.S. 557, 559 (1995). A claim is not ripe for adjudication if it rests upon "'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Texas v. United States, 523 U.S. 296, 300 (1998). As expressly pleaded, whether Papst has a cause of action against Sanyo for patent infringement will depend on the contingent future discovery Papst wishes to conduct at significant cost to Sanyo, only possibly to discover that it does not have a case against Sanyo. Thus, the allegations of Papst's Complaint against Sanyo also demonstrate a lack of ripeness due to Papst's filing of the Complaint before it has actually determined that any of Sanyo's products infringe its patents in any way whatsoever.

## V. Conclusion

Because Papst has failed adequately to plead any claim for relief, and has failed to plead facts showing it has suffered an injury-in-fact, or that its claim is ripe for adjudication, Sanyo respectfully requests that the Court dismiss Plaintiff's Complaint without leave to amend.

Dated: September 15, 2008

Respectfully submitted,

By: /s/ Mark E. Ungerman
Mark E. Ungerman

***For Sanyo Electric Co., Ltd. and Sanyo North America Corporation***
Mark E. Ungerman (DC Bar No. 422830)
Barry E. Bretschneider (DC Bar No. 208587)
Cynthia Lopez Beverage (DC Bar No. 978077)
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, N.W.
Suite 5500
Washington, D.C. 20006-1888
Telephone: (202) 887-1535
Facsimile: (202) 887-0763
E-Mail: mungerman@mofo.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Memorandum of Law in Support of Defendants Sanyo Electric Co. Ltd. and Sanyo North America Corporation's Rule 12 Motion to Dismiss was electronically filed on September 15, 2008 with the Clerk of Court using CM/ECF system and served upon all parties of record.

/s/ Mark E. Ungerman
Mark E. Ungerman