**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE PAPST LICENSING GMBH & CO. KG LITIGATION** _____ This Document Relates To: Papst Licensing GmbH & Co. KG v. Sanyo Electric Co., Ltd. et al. (N.D. Ill. Case No. 1:08-cv-3608) | Misc. Action No. 07-493 (RMC) MDL Docket No. 1880 |

**DEFENDANTS SANYO ELECTRIC CO., LTD.'S AND SANYO NORTH AMERICA CORPORATION'S BRIEF IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' RULE 12 MOTION TO DISMISS**

Pursuant to Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Sanyo Electric Co. Ltd., and Sanyo North America Corporation (collectively "Sanyo") submit this Brief in Reply to Plaintiff Papst Licensing GmbH & Co. KG.'s ("Papst") Opposition to Sanyo's Rule 12 Motion to Dismiss (the "Opposition").

**I.    Introduction**

Despite being given the opportunity to identify circumstances, occurrences, and events involving Sanyo that were or are unlawful, Papst does not do so. Instead, Papst gives the Court anemic legal argument about why it *has* met the procedural and jurisdiction standards of federal law, and an Amended Complaint to which it has made a trivial revision. However, Papst's legal argument confuses the Federal Rule of Civil Procedure ("Rule") 8 and 11 pleading and sanctions standard for the Rule 12 dismissal standard that a court must apply to a complaint challenged by a motion to dismiss for failure to state a claim. In addition, Papst misunderstands that Sanyo's dispute with Papst is not that Papst failed to plead *sufficient facts*, but instead that under Rule 8

dc-537276

Papst failed to plead *any facts* that state a valid claim *for which a court can grant relief*. Furthermore, if this Court allows Papst's Amended Complaint, it will do so in contravention of 35 U.S.C. § 286. Assuming Papst can establish any infringement, allowing the Amended Complaint will enable Papst to avoid the Patent Act's explicit limitation on damages because of Rule 15's relation-back doctrine. As a result, because Papst's Complaint and its Opposition still fail to raise a valid claim for relief, and its proffered Amended Complaint is no more than Papst's attempt to evade the limitations on damages set forth in the Patent Act, this Court should dismiss.

**II.     Papst's Opposition Confuses the Rule 12 Standard with the Rule 8 Standard.**

    **A.     Papst Does Not Plead Any Facts to Show It Has A Valid Claim for Relief to Overcome a Motion to Dismiss**

Papst incorrectly attempts to characterize Sanyo's Motion to Dismiss (the "Motion") as urging some new or heightened pleading standard because Papst confuses the Rule 8 pleading standard for the standard that must be applied to a complaint after challenged by a Rule 12(b)(6) motion. Even though Sanyo clearly recited the applicable standard set forth in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. ___, 127 S. Ct. 1955, 167 L. Ed. 2d 929, 940-941 (2007), Papst attempts to divert the Court's attention from its deficient Complaint, by misleadingly arguing that Sanyo is urging a new standard. However, as is clear in Sanyo's Motion and <u>Bell Atlantic</u>, neither advocate a heightened pleading standard. Both merely reiterate that to overcome a motion to dismiss, a complaint must recite sufficient factual allegations to raise a right to relief above the speculative level:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted], a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" *requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do*, [citation omitted]. <u>*Factual allegations*</u> *must be enough to raise a right to relief above the speculative level,* see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004) (hereinafter Wright & Miller)

> ("*[T]he pleading must contain something <u>more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action</u>*"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact) [citations omitted].

127 S. Ct. at 1964-65 (emphases added); <u>Covad Communs. Co. v. Revonet, Inc.</u>, 250 F.R.D. 14, 18 (D.D.C. 2008). As previously pointed out in Sanyo's Motion, the facts pleaded by Papst do not set forth a *valid claim for relief*. The facts pleaded by Papst only put the Court on notice that Papst is going to investigate whether it actually has a claim against Sanyo. Giving the Court notice that Papst is going to investigate is not the pleading of a valid claim for which relief may be granted, and it demonstrates that Papst's allegations are based on mere suspicion or wish.

Indeed, once a defendant has filed a motion to dismiss, the plaintiff then has an opportunity to develop his claim further by filing an opposition to the Rule 12(b)(6) motion, <u>Henthorn v. Department of Navy</u>, 29 F.3d 682, 687-88 (D.C. Cir. 1994), yet Papst has refused to take advantage of this opportunity. One would think that if Papst had a present factual basis to support a claim for relief from patent infringement, it would have stated that factual basis in its Opposition. Instead, Papst makes only legal argument in its Opposition, offers an "Amended Complaint" that changes only a few words in the first line of paragraph 10 of its Complaint, and offers no insight into what conduct Sanyo may have engaged in that might rise to actionable patent infringement.

    **B.**    **Papst's New Allegations are only Legal Conclusion Cast As Factual Allegations That Cannot Overcome a Motion to Dismiss**

Courts "need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations." <u>Lewis v. Bayh</u>, 2008 U.S. Dist. LEXIS 68011, at *17 (D.C. Cir. 2008) (citing <u>Warren v. District of Columbia</u>, 353 F.3d 36, 40 (D.C. Cir. 2004); <u>Browning v. Clinton</u>, 292 F.3d 235, 242 (D.C. Cir. 2002)); <u>Maljack Prods. v. Motion Picture</u>

Ass'n of Am., 52 F.3d 373, 375 (D.C. Cir. 1995) (citing Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986))). "A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." Dow Jones & Co. v. Int'l Sec. Exch., Inc., 451 F.3d 295, 307-08 (2nd Cir. 2006); De Jesus v. Sears, Roebuck & Co., Inc., 87 F.3d 65, 70 (2d Cir. 1996); see also Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). Papst's original allegations and those in its proffered Amended Complaint are still only legal conclusions cast as factual allegations.

In fact, Papst's trivial substitution of several words in its Complaint, which changes its allegation in paragraph 10 from "[a] reasonable opportunity for further investigation or discovery is likely to provide evidentiary support" to "[u]pon information and belief," still does not satisfy Rule 12. Compare Papst's Complaint at ¶ 10, with Papst's Exhibit "A" to Opposition (the proposed Amended Complaint) at ¶ 10. Such a nominal change in the language of Papst's Complaint cannot assure the Court that Papst can actually point to "circumstances, occurrences, and events" giving rise to a valid claim for relief, particularly since Papst filed suit against Sanyo over three (3) months ago, yet it still cannot respond to a Rule 12 motion by identifying any "circumstances, occurrences, and events" that would give rise to a claim for patent infringement. Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 16 (D.C. Cir. 2008) ("a complaint should identify the 'circumstances, occurrences, and events' giving rise to the claim."). If Papst has not raised any facts in its Opposition or "Amended Complaint," then it must not have a claim. The "liberal construction accorded a pleading under Rule 8[] does not require the courts to fabricate a claim that a plaintiff has not spelled out in his pleadings."

dc-537276

Holman v. Indiana, 211 F.3d 399, 407 (7th Cir. 2000) (citing 5 Wright & Miller, Federal Practice and Procedure, § 1286 at 558 (2d ed. 1990)).

In addition, Papst's decision to submit an "Amended Complaint" is analogous to the plaintiff's fatal decision to submit an amended complaint in Equal Employment Opportunity Commission v. Concentra Health Services, Inc., 496 F.3d 773 (7th Cir. 2007). In Concentra, the court dismissed the plaintiff's amended complaint because, as amended, it only set forth conclusory allegations. After the defendant filed a motion to dismiss, the plaintiff filed an amended complaint almost identical to the first complaint, except that in the amended complaint the plaintiff omitted facts that had alerted the defendant to the fact that plaintiff did not actually have a cause of action. The amended complaint instead summarily asserted that the defendant had engaged in conduct that violated the law. Id. at 776. "[S]imply removing unfavorable facts does not save the plaintiff's claim." Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (7th Cir. 2008). The court's discussion in Concentra is instructive:

> In the present case the EEOC's lawyers failed to persuade the district court that the facts it originally pleaded stated a claim, so it deleted enough information to disguise the nature of its claim before the court. This gambit is not necessarily fatal to a claimant, but such obfuscation certainly does not intuitively comport with the purposes of notice pleading. A complaint should contain information that one can provide and that is clearly important. . . .

496 F.3d at 780. The Court of Appeals affirmed the dismissal in Concentra because the amended complaint offered only conclusory allegations. Likewise Papst has not pleaded any legal wrong, unlawful act, or actionable harm caused by Sanyo, and thus no facts to support a claim for relief.

**III.   As Required by Rule 8, Papst Failed to Plead Facts That State a Valid Claim for Relief**

In addition, Papst's Opposition demonstrates that it misunderstands Sanyo's Motion as accusing Papst of failing to plead *sufficient facts* under Rule 8, when Sanyo actually charges

Papst of failing to plead *any facts* that state *a claim for relief*.  Papst spends pages of its Opposition supporting its incorrect assertion that it "is simply not true" "that a sufficiently pleaded claim for relief requires facts supporting the claim."  See Opposition at 2, Section I.  However, Sanyo does not contend that Papst failed to plead "sufficient" facts.  Sanyo contends that Papst's Complaint is entirely devoid of any legitimate claim for relief, and thus any facts that would support a legitimate claim for relief.

### A. A Complaint Should Identify the Circumstances, Occurrences, and Events Giving Rise to A Claim

The very case on which Papst so heavily relies in its Opposition clearly states that "a complaint should identify the '*circumstances, occurrences, and events*' giving rise to the claim."  Aktieselskabet, 525 F.3d at 16 (emphasis added).  Circumstances are facts.  Occurrences are facts, and events are facts.  Papst's Complaint alleges no circumstances, occurrence or events that could give rise to a claim for patent infringement against Sanyo.  Indeed, Aktieselskabet notes that Form 18, the pleading form for patent infringement, "recites the number of patent(sic) allegedly infringed and explains *what product of the defendants infringes*."  525 F.3d at 17 (emphasis added).  Furthermore, in a recent opinion of the United States District Court for the District of Columbia, Judge Urbina cited Aktieselskabet for the proposition that "a complaint needs *some* information about the *circumstances* giving rise to the claims."  Lewis v. Bayh, 2008 U.S. Dist. LEXIS 68011, at *16 (D.D.C. Sept. 9, 2008) (emphasis added).  Thus, the holding of Aktieselskabet is certainly not as urged by Papst that no facts need be alleged to support a claim.  The holding is that neither "detailed" nor "specific" facts are necessary, 525 F3d. at 16, and not that *no facts* are necessary.  However, Papst alleges no facts.

### B.  Rule 8(a)(2) Requires the Allegation of Facts That Support a Valid Claim for Relief

As Sanyo previously quoted in its Motion, Rule 8(a)(2) requires a pleader to allege facts "showing that the pleader is *entitled to relief*." FED.R.CIV.P. 8(a)(2) (emphasis added). Papst's Complaint does not plead that Papst is entitled to a valid or available remedy: Papst does not, and cannot, deny that its pleaded "claim for relief" is a notice to the Court and Sanyo that it will be taking time to engage in "a reasonable opportunity for further investigation or discovery" that *may or may not* uncover sufficient facts to support a claim for patent infringement against Sanyo. However, as already pointed out, allegations in a complaint must plausibly suggest that the defendant has a right to relief, raising that possibility above a "speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965, 1973 n.14 (2007). If the allegations do not rise above the speculative level, i.e., a reasonable opportunity for further investigation or discovery might provide Papst with a claim for patent infringement against Sanyo, then the plaintiff pleads itself out of court. Id.

### C.  Rule 8's Pleaded Facts Requirement is To Protect The Court

To be sure, the purpose for requiring the plaintiff to give sufficient notice of its claim is less for the defendant than it is for the court. Ryan v. Mary Immaculate Queen Ctr., 188 F.3d 857, 860 (7th Cir. 1999). The purpose of this requirement is to allow *the court* "to determine at the outset of the litigation, before costly discovery is undertaken, whether the plaintiff has any tenable theory or basis of suit, so that if he does not the case can be got rid of immediately without clogging the court's docket and imposing needless expense on the defendant." Id. (citing DM Research, Inc. v. College of American Pathologists, 170 F.3d 53, 56 (1st Cir. 1999); Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 775-76 (7th Cir. 1994); Chaveriat v. Williams Pipe Line Co., 11 F.3d 1420, 1430 (7th Cir. 1993)). Papst's complaint

alleging "a reasonable opportunity for further investigation or discovery" that *may or may not* provide evidence to support a claim for patent infringement against Sanyo is exactly what Rule 8 was meant to prevent.

**IV.     Papst Misapplies Rule 11, Governing Sanctions, to Whether Pleadings Meet the Rule 8 Standard and thus Overcome Rule 12 Dismissal**

Unlike Papst's mischaracterization of Sanyo's point regarding Rule 11, Sanyo's actual position was that a plaintiff's honesty can still lead to it pleading itself out of court.  Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir. 1995) (a party "can plead himself out of court by . . . alleging facts which . . . demonstrate that he has no legal claim.")  By pleading that it needed "a reasonable opportunity for further investigation or discovery," Papst honestly pleaded that it could not allege "*circumstances, occurrences, and events*" giving rise to the claim, Aktieselskabet, 525 F.3d at 16.

Papst's argument that relies on the last clause of Rule 11(b)(3) is disingenuous because Rule 11 governs whether a party will be sanctioned, and not whether a case will be dismissed.  Furthermore, it fails to take into account the additional requirements of Rule 8, and the standard for dismissal under Rule 12(b)(6).  Thus, though Papst points to the language of Rule 11(b)(3), which states "will likely have evidentiary support after a reasonable opportunity for further investigation and discovery," that language is irrelevant because it is inapplicable to whether dismissal is appropriate.  A failure to plead facts sufficient to support a claim for relief does not get around the requirements of Rules 8 and 12(b)(6).  Papst has never presented any factual contentions against Sanyo that show the existence of a case or controversy.

## V.      Papst's Allegations State No Facts to Establish an Injury-in-Fact

Finally, as admitted by Papst, the case or controversy requirement requires Papst to plead an actual injury, which is a "concrete and particularized" injury. Merely changing the words of its Complaint does not convert a purely hypothetical injury into one that is concrete and particularized. Papst's statement that it "submits that [its] allegation is sufficient . . ." without an allegation of a concrete and particularized injury-in-fact is insufficient. Papst conclusorily asserts that "acts of infringement have already occurred," yet it fails to identify a single circumstance, occurrence, or event that rises to the level of *actual* patent infringement by Sanyo. Thus, Papst still fails to support its conclusory allegations by setting forth required facts sufficient to satisfy the Article III case or controversy requirements for each claim and the form of relief sought. See Whitmore v. Arkansas, 495 U.S. 149, 155-56 (1990).

## VI.     A Failure to Dismiss Papst's Complaint Would Contravene 35 U.S.C. § 286

This Court must also reject Papst's Amended Complaint because Papst's decision to file suit before it could identify "circumstances, occurrences, and events" is clearly an attempt to avoid the Patent Act's time limitation on damages. Section 286 of Title 35 states that "no recovery shall be had for any infringement committed *more than six years prior to the filing of the complaint* for infringement in the action." 35 U.S.C. § 286 (emphasis added). If this Court does not dismiss Papst's Complaint, it will enable Papst to extend the time period for which it can recover damages by relating back its claim to an earlier filing date. Even if Papst were to eventually identify any unlawful conduct on the part of Sanyo, a failure to dismiss would expose Sanyo to greater damages in violation of section 286 of the Patent Act.

9

## VII. Conclusion

In conclusion, Sanyo requests the Court to dismiss Papst's Complaint (i) for failure to state a claim, (ii) for lack of subject-matter jurisdiction on the ground that Papst has failed to allege an injury-in-fact as required by the doctrine of standing and (iii) failure to establish that it has a claim that is ripe for adjudication. Papst still cannot point this Court or Sanyo to any allegations in its Complaint of circumstances, occurrences, and events that would give rise to a valid claim for relief against Sanyo, or to any allegations of unlawful conduct in which Sanyo has engaged. Instead, Papst attaches to its Opposition an equally deficient Amended Complaint that likewise fails to satisfy the Federal Rules' threshold notice pleading standard, the "case or controversy" requirement, or to overcome Sanyo's Rule 12 Motion. Papst's Amended Complaint is an attempt to avoid application of the limitations of the Patent Act. As a result, Sanyo respectfully requests that the Complaint should be dismissed without leave to amend.

Dated: October 3, 2008

Respectfully submitted,

By: /s/ Mark E. Ungerman
Mark E. Ungerman

***For Sanyo Electric Co., Ltd. and Sanyo North America Corporation***
Mark E. Ungerman (DC Bar No. 422830)
Barry E. Bretschneider (DC Bar No. 208587)
Cynthia Lopez Beverage (DC Bar No. 978077)
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, N.W.
Suite 5500
Washington, D.C. 20006-1888
Telephone: (202) 887-1535
Facsimile: (202) 887-0763
E-Mail: mungerman@mofo.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Defendants Sanyo Electric Co. Ltd. and Sanyo North America Corporation's Brief in Reply to Plaintiff's Opposition to Defendants' Rule 12 Motion to Dismiss was electronically filed on October 3, 2008 with the Clerk of Court using the CM/ECF system and served upon all parties of record.

/s/ Mark E. Ungerman<br>Mark E. Ungerman