**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**IN RE PAPST LICENSING GMBH & CO.**
**KG LITIGATION**

---

This Document Relates To:

**Papst v. Konica-Minolta Photo Imaging,**
**Inc., 08-cv-1433 (D.D.C.)**

**Misc. Action No.  07-493 (RMC);**
**MDL Docket No. 1880**

---

**MEMORANDUM OPINION**

Konica Minolta Photo Imaging, Inc. ("KMPI") brought suit in this district against

Papst Licensing GMBH & Co. KG ("Papst") seeking a declaratory judgment of noninfringement,

invalidity, and unenforceability of two patents owned by Papst.  Papst moves to dismiss for lack of

personal jurisdiction because it is a German licensing company that does not do business in

Washington, D.C.   In the alternative, Papst seeks to transfer the case to Illinois where it has

consented to personal jurisdiction.  KMPI opposes, claiming that Papst is actually in the business

of litigation and that the exercise of personal jurisdiction is proper here.  As explained below, while

Papst engages in litigation at times to enforce its patents, its business is patent licensing, and it is not

subject to personal jurisdiction here.  Papst's motion to dismiss will be denied, but its motion to

transfer will be granted.

**I.  FACTS**

KMPI filed a complaint in U.S. District Court for the District of Columbia seeking

a declaratory judgment that it has not infringed two patents owned by Papst, U.S. Patent Nos.

6,470,399 and 6,895,449 (the "Patents in Suit") and that the Patents in Suit are invalid and unenforceable.  The case was consolidated with others as part of multidistrict litigation involving Papst's claim that numerous manufacturers of digital cameras have infringed the Patents in Suit.[1]

Papst is a German company headquartered in St. Georgen, Germany.  Papst's Mot. to Dismiss [Dkt. # 234], Ex. E ("Kessler Decl.") ¶ 2.  Papst does not manufacture or sell any consumer products.  As KMPI's Complaint alleges, Papst's "sole business is to acquire and enforce intellectual property rights."  Compl. ¶ 4.  Papst's contacts with the District of Columbia have been through litigation and patent enforcement matters.  Kessler Decl. ¶ 3.  Papst has not transacted business in the District that is relevant to this case, has not contracted to supply services here, has not regularly done or solicited business here, and has not derived substantial revenue from goods or services here.  *Id.*  ¶¶ 4-8.

## II.  LEGAL STANDARDS

On a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing a factual basis for the court's exercise of personal jurisdiction over the defendant.  *Murphy v. PriceWaterhouseCoopers LLP*, 357 F. Supp. 2d 230, 242 (D.D.C. 2004) (citing *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990)).  The plaintiff must allege specific acts connecting the defendant with the forum.  *Second*

---

[1] This suit is one of the "Second Wave Cases" in this multidistrict litigation.  The Second Wave Cases include:

*Papst Licensing GMBH & Co. KG v. Konica-Minolta Holdings Inc.*, 08-cv-1404;
*Papst  Licensing GMBH & Co. KG v. Sanyo Electric Co.*, 08-cv-1405;
*Papst  Licensing GMBH & Co. KG v. Canon Inc.*, 08-cv-1406;
*Papst  Licensing GMBH & Co. KG v. Eastman Kodak Co.*, 08-cv-1407; and
*Konica-Minolta Photo Imaging, Inc. v. Papst Licensing GMBH & Co. KG*, 08-cv-1433.

*Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001).   Bare allegations and conclusory statements are insufficient.   *Id.*; *see also First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378-79 (D.C. Cir. 1988) (the bare allegation of conspiracy or agency is insufficient to establish personal jurisdiction).   In determining whether a factual basis for personal jurisdiction exists, the court should resolve factual discrepancies in favor of the plaintiff.   *Crane*, 894 F.2d at 456.   The court need not treat all of the plaintiff's allegations as true, however.   *United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000).   Instead, the court "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *Id.*

## III.   ANALYSIS

In multidistrict litigation such as this, a court must apply the law of the forum where the case was filed to determine personal jurisdiction.   *In re Sterling Foster & Co., Inc. Sec. Litig.*, 222 F. Supp. 2d 289, 300 (E.D.N.Y. 2002); *see also In re Vitamins Antitrust Litig.*, 270 F. Supp. 2d 15, 33-35 (D.D.C. 2003) (applying the long arm statute of the transferor forum in multidistrict litigation).   And in patent infringement cases, personal jurisdiction is governed by the law of the Federal Circuit.   *Beverly Hills Fin. Co. v. Royal Sovereign Co.*, 21 F.3d 1558, 1564-65 (Fed. Cir. 1994).   To establish personal jurisdiction over a non-resident, a court must undertake a two-step inquiry:   it must first determine whether jurisdiction exists under the applicable state's long-arm statute and then determine whether a finding of jurisdiction satisfies due process.   *See id*. at 1566-70.

Because this case was originally filed in the District of Columbia, the D.C. long-arm statute applies.   The law authorizes the exercise of personal jurisdiction based on a defendant's conduct in, or directed toward, the District of Columbia.   The statute provides that personal

jurisdiction exists over a person as to a claim for relief arising from the person's

> (1) transacting any business in the District of Columbia; (2) contracting to supply services in the District of Columbia; (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

D.C. Code § 13-423(a).  Subsection (b) qualifies the reach of the statute by noting that "[w]hen jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him." *Id*. § 13-423(b).  The D.C. long arm statute is coextensive with the limits of due process, *Helmer v. Doletskaya*, 393 F.3d 201, 205 (D.C. Cir. 2004), and so "the statutory and constitutional jurisdictional questions, which are usually distinct, merge into a single inquiry."  *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995). Accordingly, the Court must determine whether the exercise of jurisdiction over Papst comports with the requirements of due process.

 The Due Process Clause of the Fifth Amendment to the U.S. Constitution requires the plaintiff to demonstrate that the defendant has "purposely established minimum contacts with the forum State," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985), "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). These minimum contacts must be grounded in "some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 476.  In short, "the defendant's conduct and

connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Under the minimum contacts test, a defendant can be subject to general or specific jurisdiction. General jurisdiction arises when a defendant maintains "continuous and systematic" contacts with the forum state and thus personal jurisdiction exists even in cases where the cause of action is not related to those contacts. *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).[2] Specific jurisdiction, in contrast, exists when the cause of action arises out of or relates to the defendant's contacts with the forum. *Id.*; *see also* D.C. Code § 13-423(b).

KMPI alleges that general jurisdiction applies — that Papst has continuous and systematic contacts with the District of Columbia based on the conduct of litigation in various cases filed in federal district court here. KMPI does not allege that specific jurisdiction applies — that the underlying patent dispute between Papst and KMPI arises out of or relates to Papst's contacts with the District of Columbia. KMPI's Complaint arose from Papst's communications with KMPI demanding that KMPI obtain a license from Papst or face litigation with Papst. *See* Compl. ¶¶ 8-9. KMPI is a Japanese company, *id.* ¶ 1, and Papst's communications with it were directed to Japan.

KMPI has not met its burden to show that Papst has minimum contacts with the District of Columbia. Papst has shown, via the Declaration of its in-house counsel Tobias Kessler, that it does not conduct business in the District of Columbia. Its contacts with the District of

---

[2] The D.C. Code permits a court to exercise general personal jurisdiction over "a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia." D.C. Code § 13-422. Because Papst is a German company with is headquarters located in that country, general jurisdiction under § 13-422 does not apply.

Columbia have been limited to litigation and patent enforcement matters.

KMPI exaggerates when it asserts that Papst's real business is litigation. Papst's business is patent licensing — acquiring patents and negotiating licensing agreements. As part of this business, Papst sues to enforce its patents or license agreements or is sued in declaratory actions. Nonetheless, as Papst avers: "Litigation is not an objective but rather is something to be avoided if possible. Litigation is either imposed on one by someone else, or is an expensive last resort when other attempts to protect one's property have been unsuccessful." Papst's Reply [Dkt. # 248] at 2.

In arguing that Papst's real business is litigation and not patent licensing, KMPI erroneously relies on the Court's previous comment that "the business of Papst is litigation." *See* Second Memo Op. Regarding Casio/Papst Disc. [Dkt. # 82]. KMPI has taken the Court's comment out of context. The Court wrote:

> Papst is a German company that produces no products; it acquires patents on products or methods allegedly invented by others and then searches the world for patents it might challenge for infringement. . . . [T]he business of Papst is *litigation*, not invention or production. Litigation is the business model whereby Papst, when successful, achieves royalty payments from others. As is clear from this record, the threat of litigation alone often achieves royalty payments. Papst is not represented by counsel from Germany who may be unfamiliar with the federal rules. Its U.S. counsel are from Chicago and regularly represent Papst in patent litigation across the country. These counsel are highly experienced in U.S. patent law and in district court litigation.

*Id*. The issue at hand previously was whether the Magistrate Judge properly sanctioned Papst for failing to respond to discovery after the Court had ordered discovery "to proceed." And the point of the above paragraph was to provide context for the Court's finding that Papst's assertion that it "misunderstood" the Court's direction was not credible.

KMPI also reasons that Papst has been sued in this jurisdiction before, that personal

jurisdiction existed in those cases, and thus that personal jurisdiction must exist here. *See Minebea Co. Ltd. v. Papst Licensing, GMBH*, Civ. No. 97-590 (D.D.C.); *Casio America, Inc. v. Papst Licensing GMBH & Co. KG*, Civ. No. 06-1751 (D.D.C.). KMPI's reasoning is faulty. When Minebea and Casio brought suit, Papst was subject to personal jurisdiction in this Court because it had failed to name a U.S. resident as an agent for service of process under 35 U.S.C. § 293, which provides:

> Every patentee not residing in the United States may file in the Patent and Trademark Office a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent or rights thereunder. If the person designated cannot be found at the address given in the last designation, or if no person has been designated, the United States District Court for the District of Columbia shall have jurisdiction . . . . The court shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court.

35 U.S.C. § 293. However, on June 27, 2007, Papst named a U.S. resident as its agent. The agent resides in the Northern District of Illinois. Papst now has consented to personal jurisdiction in the Northern District of Illinois, and § 293 no longer provides a basis for personal jurisdiction in the District of Columbia.

KMPI also proposes that because Papst waived the issue of personal jurisdiction in *Matsushita Electric Industrial Co., Ltd. v. Papst Licensing GMBH & Co. KG*, Civ. No. 07-1222 (D.D.C.),[3] Papst should be deemed to have waived the issue here. KMPI's proposition must be

---

[3] In *Matsushita*, Papst filed a motion to dismiss alleging lack of personal jurisdiction. *See Matsushita Elec. Indus. Co., Ltd. v. Papst Licensing GMBH & Co. KG*, Civ. No. 07-1222 (D.D.C.), Papst's Mot. to Dismiss [Dkt. # 7]. However, Papst abandoned the motion to dismiss by failing to renew it when the case was consolidated as part of this multidistrict litigation. *See* Second Prac. and Pro. Order [Dkt. #36] ¶ 15 (noting termination of motions without prejudice and requiring all

rejected because consent to personal jurisdiction in one case does not provide personal jurisdiction in another. *Klinghofer v. S.N.C. Achille Lauro*, 937 F.2d 44, 50 n.5 (2d Cir. 1991).

As an alternative to dismissal for lack of jurisdiction, KMPI requests limited discovery to determine the extent of Papst's contacts with the District of Columbia and the income Papst has derived from its business activities in this jurisdiction. Whether to permit jurisdictional discovery rests in the discretion of the district court. *Bass Metal Trading, Ltd. v. OJSC Novokuznetsky Aluminum Factory*, 282 F.3d 208, 215 n.3 (4th Cir. 2002). Jurisdictional discovery need not be permitted where a plaintiff "simply wants to conduct a fishing expedition in the hopes of discovering some basis of jurisdiction." *Id*. KMPI makes no allegation that Papst has continuous and systematic contacts with the District of Columbia that are not related to litigation. Nor does KMPI allege that its cause of action arises out of or relates to Papst's contacts with the District of Columbia. Without even a colorable allegation of such contacts, KMPI has made no showing to support a need for jurisdictional discovery.

While this case is currently before the Court as part of multidistrict litigation, under 28 U.S.C. § 1631 the cases will be remanded to their home districts for trial when the multidistrict proceedings conclude. The District of Columbia is not an available home district for this case since the Court cannot exercise personal jurisdiction over Papst here. Papst has consented, however, to personal jurisdiction in the Northern District of Illinois and requests that this case be transferred there when the multidistrict proceedings conclude. Thus, Papst has consented to personal jurisdiction here solely for the purpose of multidistrict proceedings. Accordingly, if this case is not otherwise resolved during the course of the multidistrict proceedings, it will be transferred and

_____

motions to be refiled if parties wished to pursue them).

remanded to the Northern District of Illinois when the multidistrict proceedings conclude.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Papst's motion [Dkt. # 234].  The motion to dismiss will be denied, but the motion to transfer will be granted.  Thus, *Papst Licensing GMBH & Co. KG  v. Konica-Minolta Photo Imaging, Inc.*, 08-cv-1433 (D.D.C.), will be transferred and remanded to the Northern District of Illinois when the multidistrict proceedings conclude.  A memorializing order accompanies this Memorandum Opinion.

Dated: December 11, 2008

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge