UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE PAPST LICENSING GMBH & CO.
KG LITIGATION

This Document Relates To:
Papst v. Sanyo Elec. Co., Ltd., 08-cv-1405
(N.D. Ill. No. 08-cv-3608)

Misc. Action No. 07-493 (RMC);
MDL Docket No. 1880

**MEMORANDUM OPINION**

Papst Licensing GMBH & Co. KG ("Papst") filed a bare-bones Complaint against Sanyo Electric Co., Ltd. and Sanyo North America Corp. (collectively "Sanyo"), alleging that Sanyo infringed two patents owned by Papst, U.S. Patent Nos. 6,470,399 and 6,895,449 (the "Patents"). Sanyo moved to dismiss for failure to state a claim. Because the Complaint was insufficient to assert a right to relief above the speculative level, the Court granted the motion on November 12, 2008. Papst filed a motion to reconsider. As explained below, the Court will amend its Order dismissing the Complaint to note that the dismissal was without prejudice.

**I. FACTS**

Papst's original Complaint for infringement against Sanyo alleged:

> 10. *A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support* the Sanyo Defendants have made, used, sold or offered to sell to numerous customers in the United States or have imported into the United States digital cameras which infringe the Patents in Suit.

Compl. ¶ 10 (emphasis added).  When Sanyo moved to dismiss, Papst requested leave to file an amended complaint that would allege:

> 10. *Upon information and belief*, the Sanyo Defendants have made, used, sold or offered to sell to numerous customers in the United States or have imported into the United States digital cameras which infringe the Patents in Suit.

Papst's Opp'n, Ex. A  (emphasis added).  The Court found that Papst failed to state a claim because it failed to include any information about the circumstances giving rise to the claim.  *Papst v. Sanyo Elec. Co., Ltd. (In re Papst Licensing GMBH & Co. KG)*, 585 F. Supp. 2d 32, 35 (D.D.C. 2008) [Dkt. # 254 in 07-ms-493 and Dkt. # 30 in 08-cv-1405].

Papst now indicates that in fact it had compared Sanyo camera models to each element of at least one claim in the Patents and that Papst was convinced that Sanyo's cameras infringed.  Papst's Mot. to Alter, Amend, or Vacate J. ("Papst's Mot. to Alter J.") [Dkt. # 258] at 2-5.  Papst asks that the Court reconsider its dismissal, requesting one of three alternative remedies: (1) that the Court vacate the November 12, 2008 dismissal as improvidently decided; (2) that the Court allow Papst to file an amended complaint, which complaint would allege that "the Sanyo Defendants have each infringed and are still infringing the patents" without any qualifying language such as "a reasonable opportunity for further investigation" or "upon information and belief;" or (3) that the Court amend its dismissal to reflect that it was without prejudice.

## II.  LEGAL STANDARDS

### A.  Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim.

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  A complaint must be sufficient "to give a defendant fair notice of the claims against him." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007).  Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (internal citations omitted).  Rule 8(a) requires a "showing" and not just a blanket assertion of a right to relief.  *Id.* at 1965 n.3.

A court must treat the complaint's factual allegations as true, "even if doubtful in fact," *id*. at 1965, and must draw all reasonable inferences in the plaintiff's favor.  *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003).  Even so, the facts alleged "must be enough to raise a right to relief above the speculative level," *Twombly*, 127 S. Ct. at 1965, and the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  "[A] complaint needs *some* information about the circumstances giving rise to the claims." *Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (emphasis in original).

In deciding a Rule 12(b)(6) motion, the Court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted).  Once a claim has been stated adequately, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S. Ct. at 1968-69.

### B. Motion for Reconsideration

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  A Rule 59(e) motion is not "simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995).

### III. ANALYSIS

In its prior Memorandum Opinion dismissing Papst's Complaint against Sanyo for failure to state a claim, the Court held:

> The allegation that "[a] reasonable opportunity for further investigation or discovery is likely to provide evidentiary support" that Sanyo has infringed and is infringing the Patents in Suit does not state a claim for infringement. The Complaint merely speculates that Sanyo might have infringed or be infringing and notifies Sanyo and the Court that Papst intends to investigate whether Papst has an infringement claim against Sanyo. Thus, the Complaint fails to state a claim as required by Rule 8 — it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief" sufficient "to give a defendant fair notice" of the claims. Fed. R. Civ. P. 8. The Complaint must be dismissed for failure to state a claim.
>
> Papst's proposed amendment, alleging that "upon information and belief" Sanyo has infringed the Patents in Suit, does not suffice to remedy the failure to state a claim. The amendment fails the standard set forth in *Twombly* because it does not "raise a right to relief above the speculative level." 127 S. Ct. at 1965. A complaint must include "*some* information" about the circumstances giving rise to the claims, *Fame Jeans*, 525 F.3d at 16 n.4, and yet the proposed amended complaint fails to include any such information. Where Papst first asserts a need to investigate whether Sanyo has infringed the Patents in Suit, and then seeks to amend the complaint only to state that "upon information and belief" Sanyo has infringed, the

>Court can only presume that Papst cannot point to any actual facts giving rise to a valid claim for relief.

*Papst v. Sanyo*, 585 F. Supp. 2d at 35.

Papst now references facts that support its allegation that Sanyo infringed the Patents. Papst asserts, "During a course of discussions before bringing suit, Papst gave Sanyo claim charts showing, element-by-element, how the claims of the Patents-in-Suit read on Sanyo digital camera models. (Ex. A, Norton Decl., [filed under seal pursuant to protective order])." Papst's Mot. to Alter J. at 3. "As illustrative examples of Sanyo's infringing cameras, Papst identified Sanyo's digital camera models VPC-E60EX, VPX-S6 XACTIO [sic], and VPC-E6EX." *Id*. Further, Papst asserts that its counsel met with officials representing Sanyo on July 7, 2006, and at that meeting provided detailed claim charts showing how the Sanyo VPC-56 XACTI Digital Still Camera allegedly infringed Claim One of U.S. Patent Number 6,895,449. *Id*. at 4.

Because Sanyo was on notice of Papst's more detailed allegations regarding Sanyo's alleged infringement, Papst asserts that its bare-bones Complaint was sufficient to state a claim. However, there were no such facts in Papst's original Complaint or in Papst's proposed amended complaint. The original Complaint was dismissed because, in deciding a Rule 12(b)(6) motion, the Court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt*, 226 F. Supp. 2d at 196. The facts alleged in the Complaint were grossly insufficient.

Papst proposes to amend the Complaint to allege that "the Sanyo Defendants have each infringed and are still infringing the patents" without any qualifying language. However, the

latest proposed amended complaint still fails to include any facts in support of this bald allegation. The allegations that Papst makes in its motion to alter or amend judgment are not found in the new proposed amended complaint, despite the Supreme Court's clear instruction that the facts alleged in a complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965.  The D.C. Circuit has further explained that "a complaint needs *some* information about the circumstances giving rise to the claims." *Fame Jeans, Inc.*, 525 F.3d at 16 n.4 (emphasis in original).  While neither detailed nor specific facts are necessary to meet the notice pleading standard, a complaint should identify the "circumstances, occurrences, and events" giving rise to the claim. *Id*. at 16.  As this Court explained previously, some facts must be alleged in cases such as this one, involving expensive and time-consuming multidistrict patent litigtion:

> The Supreme Court in *Twombly* further recognized the practical significance of the requirements of Rule 8 — something beyond the mere possibility of entitlement to relief must be alleged "lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of settlement value." 127 S. Ct. at 1966 (quotation marks and citation omitted).  Because suits such as patent antitrust cases are quite expensive to litigate, a complaint that fails to raise a claim should be exposed early, at the point of minimum expenditure of time and money by the parties and the court. *Id.*  "[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase." *Id*. (quoting *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003)).  The very purpose of the notice pleading requirement is to permit the court "to determine at the outset of the litigation, before costly discovery is undertaken, whether the plaintiff has any tenable theory or basis of suit, so that if he does not the case can be got rid of immediately without clogging the court's docket and imposing needless expense on the defendant." *Ryan v. May Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999).  These concepts are particularly applicable to multidistrict patent litigation, an expensive and time-consuming process.

*Papst v. Sanyo*, 585 F. Supp. 2d at 36. Papst's latest proposed amended complaint still fails to identify any facts giving rise to the claim and thus is insufficient to state a claim under *Twombly* or this Court's November 12, 2008 Order. Papst is well past the *Markman*[1] hearing in this multidistrict litigation and either does or does not know sufficient facts to allege patent infringement by Sanyo (under Papst's theories of infringement as detailed to other camera manufacturers and the Court, some of which were presented only *at* the *Markman* hearing itself). This Court will not allow Papst to continue its hide-the-ball routine. Federal Rule of Civil Procedure 8 means what it says. Under these circumstances, Papst has no reasonable basis for its double failures to file an appropriate complaint. Nevertheless, because Papst indicates that it can allege some facts in support of its allegation of infringement against Sanyo, the Court will amend its prior Order to clarify that the dismissal was without prejudice in order to permit Papst to file a new complaint against Sanyo should it choose to do so.

## IV.  CONCLUSION

Accordingly, Papst's motion to alter, amend, or vacate judgment [Dkt. # 258] will be granted in part and denied in part. The Order dated November 12, 2008 [Dkt. # 255 in 07-ms-493 and Dkt. # 31 in 08-cv-1405] will be amended to provide that Papst's Complaint against Sanyo is dismissed without prejudice. Papst may file a new complaint against Sanyo Electric Co., Ltd. and Sanyo North America Corp. in conformity with this Memorandum Opinion no later than March 16, 2009. Should Papst fail to do so, this case then will be dismissed with prejudice. A memorializing

---

[1] Pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996), the Court is required to construe the contested claims of the patents before a jury can determine whether the accused products infringe. A *Markman* hearing was held in this multidistrict litigation on September 22, 23, and 24, 2008

order accompanies this Memorandum Opinion.


Dated: March 5, 2009                                  /s/
                                          ROSEMARY M. COLLYER
                                          United States District Judge