UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. KG LITIGATION <br><br> This Document Relates To: <br><br> Papst v. Konica Minolta Holdings, Inc. and Konica Minolta Business Solutions USA, D.D.C. 08-cv-1404 (N.D. Ill. No. 08-cv-3606) | Misc. Action No.  07-493 (RMC); <br> MDL Docket No. 1880 |

**MEMORANDUM OPINION**

Papst Licensing GMBH & Co. KG ("Papst") filed a complaint against Konica Minolta Business Solutions U.S.A., Inc. ("KMBUS") alleging that KMBUS infringed two patents owned by Papst, U.S. Patent Nos. 6,470,399 and 6,895,449 (the "Patents") by selling or importing digital cameras in the United States.  KMBUS moves for judgment on the pleadings. Because KMBUS is not in the business of manufacturing or selling digital still cameras, Papst's Complaint will be dismissed

**I.  FACTS**

Papst filed a Complaint against KMBUS alleging in pertinent part:

> 10.  Upon information and belief the Konica-Minolta Defendants[1]
> have made, used, sold, or offered to sell to numerous customers in

---

[1] The Complaint named as defendants KMBUS and Konica Minolta Holdings, Inc. ("KMHD").  KMHD was dismissed for lack of personal jurisdiction via Memorandum Opinion and Order filed March 5, 2009 [Dkts. ## 271 & 272 in Misc. No. 07-493 and Dkts. ## 24 & 25 in Civ. No. 08-1404].

>the United States or have imported into the United States digital
>cameras which infringe the Patents in Suit.
>
>11.  A reasonable opportunity for further investigation or discovery
>is likely to provide evidentiary support that the Konica-Minolta
>Defendants have actively induced others and/or contributed to the
>infringement of the Patents in Suit.

Compl. ¶¶ 10 & 11.  The Complaint is bare bones; it does not alleges any facts in support of these allegations.

Contrary to Papst's allegation that KMBUS manufactured, sold, or imported digital cameras, KMBUS indicates that it has not *ever* made, sold, or imported digital still cameras; it sells business equipment.  Jonathan M. Remshak, Senior Corporate Counsel of KMBUS, indicated in his Declaration:

>2.  KMBUS is in the business of selling business equipment, such
>as printers, copiers, fax machines, and software solutions.
>
>3.  KMBUS is not now, nor has it ever been, involved in the digital
>still camera ("DSC") business.  KMBUS has never made, sold, or
>imported DSCs.  KMBUS did not have control over or association
>with Konica Minolta's now-discontinued DSC business.

Decl. of Jonathan M. Remshak (Remshak Decl.) [Dkt. # 278] ¶¶ 2 & 3.  Two different Konica corporate entities were responsible for manufacturing digital cameras and selling them in the United States:  Konica Minolta Photo Imaging, Inc. ("KMPI") manufactured digital cameras and Konica Minolta Photo Imaging U.S.A., Inc. ("KMPUS") sold digital cameras in the United States.  *See* KMHD's Reply [Dkt. # 236] at 1 n.1.  Both KMPI and KMPUS left the digital camera business in April 2006.  *Id*.

## II.  LEGAL STANDARD

KMBUS seeks dismissal pursuant to a motion for judgment on the pleadings

under Federal Rule of Civil Procedure 12(c).  Rule 12(c) provides, "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings."  A motion for judgment on the pleadings is treated as one for summary judgment, however, where the moving party asks the court to take into consideration matters outside the pleadings.  *See* Fed. R. Civ. P. 12(d) (on a 12(c) motion, if matters outside the pleadings are presented and not excluded, a court must treat the motion as one for summary judgment under Rule 56); *see also McGovern v. Martz*, 182 F. Supp 343, 349 n.19 (D.D.C. 1960).  Here, KMBUS relies on the facts set forth in the Remshak Declaration.  Accordingly, the Court treats the motion as one for summary judgment.

        Summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *see also Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  Moreover, summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true.  *Anderson*, 477 U.S. at 255.  A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position.  *Id.* at 252.  In addition, the nonmoving party may not rely solely on allegations or conclusory statements.

*Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).  Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor.  *Id.* at 675.  If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted).

## III.  ANALYSIS

KMBUS argues that (1) it has never manufactured, sold, or imported digital still cameras and thus could not have infringed the Patents as alleged in the Complaint; and (2) the Complaint fails to allege facts sufficient "to raise a right to relief above the speculative level" as required under *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  In response, Papst focuses on KMBUS's second argument, ignoring the first.  Papst states that it is willing to amend the Complaint to delete the "upon information and belief" and the "reasonable opportunity for further discovery" language.  Papst's Opp'n at 1.  Papst argues:

> Papst has reviewed its investigation and negotiations with the infringers in this matter, including an infringing camera and the claim charts it provided to the infringers.  On that basis, Papst has concluded that it has sufficient evidentiary basis to plead patent infringement without invoking the language authorized and permitted by Rule 11(b). . . .  Papst respectfully requests an opportunity to cure any perceived defects in pleadings by filing an amended complaint after the court has identified what it perceives those defects to be.

*Id*. at 4.  Papst does not contest KMBUS's assertion that it is not in the digital still camera business and never has been.  Having failed to contest this critical fact, it is deemed conceded.  *See* LCvR 7(h) (facts set forth in a motion for summary judgment are admitted if not controverted in response); *accord Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151 (D.C. Cir. 1996); *cf. Greene*, 164 F.3d at 675 (the nonmoving party

must present specific facts that would enable a reasonable jury to find in its favor).[2]  Because the Complaint rests on the allegation that KMBUS manufactured, sold, or imported digital cameras and the uncontested fact is that KMBUS has never been in the digital still camera business, KMBUS is entitled to a judgment as a matter of law.

### IV.  CONCLUSION

For the foregoing reasons, the motion for judgment on the pleadings filed by Konica Minolta Business Solutions U.S.A., Inc. ("KMBUS") [Dkt. # 256 in Misc. No. 07-493], which the Court treats as a motion for summary judgment, will be granted.  *Papst v. Konica Minolta Holdings and Konica Minolta Business Solutions USA*, D.D.C. 08-cv-1404 (originally N.D. Ill. No. 08-cv-3606), will be dismissed and closed.  A memorializing order accompanies this Memorandum Opinion.

Dated: March 26, 2009                             /s/
                                         ROSEMARY M. COLLYER
                                         United States District Judge

---

[2] Even if the Court had treated KMBUS's motion for judgment on the pleadings as a motion to dismiss instead of a motion for summary judgment, the Court would have to conclude that Papst conceded the issue.  "It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."  *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) (citing *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997)).