IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. KG LITIGATION<br><br>This Document Relates To:<br>Papst Licensing GmbH & Co. KG v. Sanyo Electric et al. (Case No. 09-cv-00530) | Misc. Action No. 07-493 (RMC)<br>MDL Docket No. 1880 |

**PAPST LICENSING'S RULE 12 MOTION TO
DISMISS COUNTERCLAIMS AND STRIKE DEFENSES
OF DEFENDANTS SANYO ELECTRIC CO. LTD. ET AL.**

Defendant, Papst Licensing GmbH & Co. KG ("Papst") hereby moves to dismiss the counterclaims of Sanyo Electric Co. Ltd. ("SEC") and Sanyo North America Corporation ("SNA") (collectively "Sanyo") for failing to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Additionally, Papst moves to strike the insufficiently-pled affirmative defenses of Sanyo pursuant to Rule 12(f)(2) of the Federal Rules of Civil Procedure.

**I.     Sanyo's Pleading Fails To Make The "Showing" Required By FRCP 8(a).**

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading which states a claim for relief, such as a counterclaim, **must** include a showing that the pleader is entitled to relief:

> (a) Claim for Relief.   A pleading that states a claim for relief must contain:
> . . .
> (2)  a short and plain statement of the claim showing that the pleader is entitled to relief;
> . . .

Fed. R. Civ. P. 8(a)(2).

On March 5, 2009, the Court, at Sanyo's urging, addressed the sufficiency of Papst's First Amended Complaint pursuant to Rule 8(a). The Court ruled that the "short and plain statement" requirement of Rule 8(a) requires more than a mere "blanket assertion of a right to relief":

> A complaint must be sufficient "to give a defendant fair notice of the claims against him." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)*. Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id. at 1964-65* (internal citations omitted). *Rule 8(a)* requires a "showing" and not just a blanket assertion of a right to relief. *Id. at 1965 n.3*.

*In re Papst Licensing GmbH & Co. KG Litigation*, 602 F. Supp. 2d 17, 18-19 (D. D.C. 2009) (Collyer, J.). Subsequent to this decision, the Supreme Court decided *Ashcroft v. Iqbal*, ___U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and applied the "plausibility" standard articulated in the *Twombly* decision (involving antitrust claims) to a *Bivens* action.

On July 20, 2009, Sanyo filed its Answer and Counterclaim. (Misc. Action No. 07-493, Dkt. No. 322). Sanyo's first declaratory judgment counterclaim, contrary to its own arguments concerning the requirements of Rule 8(a), is a bare-bones allegation of non-infringement:

> 4.   Sanyo did not and does not directly infringe, indirectly infringe, contribute to or induce the infringement of any valid and enforceable claim of the Asserted Patent, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

Dkt. No. 322, p. 15. According to the pleading requirements articulated in this case, Sanyo's mere blanket assertion of a right to relief, bereft of any factual allegations, is not sufficient to raise its claim above the speculative level. *In re Papst Licensing*, 602 F. Supp. 2d at 19. Accordingly, the counterclaim should be dismissed pursuant to Rule 12(b)(6). *Id*. at 21 (dismissing claim for infringement without prejudice, and with leave to amend).

CHI-875-4

Sanyo may argue that its counterclaims incorporate by reference preceding paragraphs of Sanyo's Answer and Counterclaims.  However, the earlier paragraphs are of no help to Sanyo because Sanyo *repeatedly* contended that it lacked the information that it would need to allege facts to support a counterclaim for non-infringement.  For example in its First Amended Complaint For Patent Infringement (09-cv-530, Dkt. #3), Papst alleged:

> 17.  Claim 1 of the '399 patent and Claim 1 of the '449 patent recite, "a processor."  The Sanyo Devices include a processor.

Sanyo denied the allegation, but further contended that it lacked information to even form a *belief* as to whether processors were present in its devices:

> Sanyo **lacks information sufficient to form a belief** as to the intent, meaning and truth of the allegations and therefore denies the allegations as to the specified devices and as to "Sanyo Devices."

Dkt. No. 322, p. 4 (emphasis added).  Sanyo similarly stated that it lacked information sufficient to form even a belief as to whether *any other* claim element raised in the First Amended Complaint is found in the Sanyo Devices.  See Dkt. No. 322, p. 4 (asserting a lack of information as to whether Sanyo Devices have "a memory" or "a first connecting device"); pp 4-5 (asserting a lack of information as to whether Sanyo Devices have "a second connecting device"); pp. 5-6 (asserting a lack of information as to whether Sanyo Devices have an "interface device configured by the processor and the memory"); pp. 6-9 (asserting a lack of information as to whether the Sanyo Devices have "a first command interpreter" or "a second command interpreter"); p. 9 (asserting a lack of information as to whether the Sanyo Devices are "arranged for simulating a virtual file system").

Additionally, it is inconsequential that Sanyo is a defendant in this action.  The requirements of Rule 8(a) apply to <u>all</u> pleadings that state a claim for relief, including Sanyo's counterclaims.  Sanyo, as the pleader of counterclaims which purport to state claim for relief,

3

CHI-875-4

must satisfy the same burden as would be assigned to a plaintiff.  As set forth above, Sanyo's bare-bones allegations fail to state a claim for relief under the pleading requirements of Rule 8(a), as articulated by this Court on March 5, 2009.  Accordingly, Sanyo's counterclaim for non-infringement should be dismissed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

Sanyo's second declaratory judgment counterclaim, asserting that the patents in suit are invalid, is similarly flawed.  Sanyo makes the following bare-bones allegations:

> 5.   The Asserted Patents are invalid and/or unenforceable for failing to meet the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112, engaging in patent misuse and/or failing to satisfy other statutory or judicially created requirements for patentability and enforceability.

Dkt. No. 322, p. 15.  Even incorporating the previous allegations of Sanyo's Answer, this counterclaim does not allege facts adequate to support a counterclaim for invalidity under any of the sections of Title 35, U.S.C.   For example, Sanyo fails to show that the claims are directed to anything other than a "process" or a "machine [or] manufacture," or "useful improvements thereon," in accordance with 35 U.S.C. §101.  Sanyo fails to allege facts to support counterclaims under 35 U.S.C. §102 (novelty) or §103 (non-obvious subject matter).  For example, Sanyo fails to read the claims of the patents in suit on any prior art.  Finally, Sanyo fails to show in any way that the specification or claims are defective under 35 U.S.C. §112.  Accordingly, Sanyo's counterclaim, to the extent it relies on these statutory provisions (the allegation concerning unenforceability is addressed in Section III, below), should be dismissed for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6), as applied by this Court in this case.

## II.     Sanyo's Defenses Fail For The Same Reasons As Sanyo's Counterclaims.

Affirmative defenses are pleadings, and therefore are subject to the same "plausibility" requirements as Sanyo's counterclaims.  See, e.g., *Bluewater Trading LLC v. Willmar USA, Inc.*,

2008 U.S. Dist. LEXIS 108191 (S.D. Fla. Sept. 9, 2008) (holding affirmative defenses to the standards of *Twombly* and Rule 8(a)); see also, Fed. R. Civ. P. 8(b)(1)(A) (requiring parties that plead defenses to "state in short and plain terms its defenses to each claim asserted against it"). Accordingly, to the extent that Sanyo's counterclaims are dismissed for failing to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), Sanyo's corresponding defenses (Dkt. No. 322, p. 11, ¶¶2-3) should be stricken as insufficiently-pled defenses pursuant to Fed. R. Civ. P. 12(f)(2) ("The court may strike from a pleading an insufficient defense . . . on motion made by a party [] before responding to the pleading . . ."); *Unique Indus., Inc. v. Alberta, Ltd.*, 2009 U.S. Dist. LEXIS 63158, *10 (D. D.C. July 22, 2009) (granting motion to strike inadequate defense). Accordingly, the Court should strike Sanyo's defenses concerning infringement and validity as insufficiently pled defenses under Rule 12(f)(2). Additionally, Sanyo's other defenses are inadequately pleaded as well.

**III.   Sanyo's Pleading Fails To Plead Inequitable Conduct With Particularity As Required By Rule 9(b).**

Sanyo's second counterclaim alleges that the "Asserted Patents are invalid and/or unenforceable," thereby incorporating its allegations of inequitable conduct into the counterclaims.   See, Dkt. No. 322, pp. 11-13.  Therein, Sanyo alleges that the patents in suit are unenforceable because Mr. Tasler's graduate school thesis was not disclosed to the U.S. Patent Office.  Sanyo's affirmative defense and counterclaim are defective for the following reasons.

A defense or counterclaim that a patent is unenforceable due to alleged inequitable conduct must be pled in with particularity under Rule 9(b), Federal Rules of Civil Procedure. *Exergen Corp. v. Wal-Mart Stores, Inc.*, No. 2006-1491, slip op. at 21 (Fed. Cir. August 4, 2009) (attached as Exhibit A hereto for the Court's convenience).  Sanyo's allegations fall short of

5

CHI-875-4

what is required to plead inequitable conduct as a defense or as a counterclaim. For example, Sanyo alleges:

> On information and belief, individuals associated with the filing or prosecution of the Asserted Patent, including, without limitation, the patent applications that led to the Asserted Patents, violated [the duty of candor].

Dkt. No. 322, p. 11. The Federal Circuit has expressly held such allegations to be inadequate under Rule 9(b). *Exergen*, slip op. at 25 (identifying classes of persons "fails to identify the 'who'" of the alleged conduct). Sanyo subsequently identifies Mr. Tasler, but persists in also improperly pleading unknown "others substantially involved in the prosecution of the application . . ." Dkt. No. 322, p. 13.

Next Sanyo fails to adequately plead how Mr. Tasler's thesis relates to the claims of the patents in suit. The Federal Circuit's finding in Exergen is equally applicable here as it was in the recent decision:

> Second, the pleading fails to identify which claims, and which limitations in those claims, the withheld references are relevant to, and where in those references the material information is found – i.e., the "what" and "where" of the material omissions.

*Exergen*, slip op. at 26. Sanyo's Answer and Complaint, like the pleading in *Exergen*, fails to specifically identify claims, or which limitations in those claims, the thesis is purportedly relevant to, or point out where material information may be found in Mr. Tasler's thesis.

Sanyo also fails to adequately plead materiality. Once again, the ruling of the Federal Circuit in *Exergen* is directly applicable to this case:

> Third, the pleading states generally that the withheld references are "material" and "not cumulative to the information already of record," [], but does not identify the particular claim limitations, or combination of claim limitations, that are supposedly absent from the information of record.

*Exergen*, slip op. at 26. Sanyo's Answer and Counterclaims fail to even *allege* that Mr. Tasler's thesis is not cumulative; much less compare the thesis to the prior art already of record during

6

the prosecution of the patents in suit. Sanyo simply does not show what the thesis would have added above and beyond the information that was already available to the patent examiner. As such, Sanyo has failed to plead that Mr. Tasler's thesis is non-cumulative or material.

Finally, Sanyo, like the defendant in *Exergen*, fails to adequately allege the scienter element of inequitable conduct, that is, that an individual acted with an intent to deceive the U.S. Patent Office. Intent may be alleged generally. Fed. R. Civ. P. 9(b). However, Sanyo alleged intent "[o]n information and belief," which requires Sanyo to set forth specific facts upon which the belief is reasonably based. *Exergen*, slip op. at 21-23, 28-29. No such facts are set forth. Simply being "aware of the Thesis and its contents" is insufficient to support an allegation of intent to deceive made on information and belief. *Exergen*, slip op. p. 29 (the alleged circumstances, "even if true, do not plausibly suggest any 'deliberate decision to withhold a known material reference' or to make a knowingly false representation—a necessary predicate for inferring deceptive intent.").

In summary, Sanyo fails to allege any of the elements of inequitable conduct with sufficient particularity under Rule 9(b). Accordingly, Sanyo's unenforceability defense should be stricken pursuant to Rule 12(f)(2) and Sanyo's unenforceability counterclaim should be dismissed pursuant to Rule 12(b)(6).

CHI-875-4

For the reasons above, Papst respectfully requests that Sanyo's counterclaims be dismissed and Sanyo's defenses to be stricken.

| | | |
|---|---|---|
| Dated: August 10, 2009 | By: | /s/  J. Aron Carnahan |
| | | James P. White |
| | | Jerold B. Schnayer |
| | | Walter J. Kawula, Jr. |
| | | J. Aron Carnahan |
| | | Husch, Blackwell Sanders LLP |
| | | Welsh & Katz |
| | | 120 South Riverside Plaza, 22nd Floor |
| | | Chicago, IL 60606 |
| | | (312) 655-1500 |
| | | (312) 655-1501 (fax) |

**Attorneys for Papst Licensing GmbH & Co. KG**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing PAPST LICENSING'S RULE 12 MOTION TO DISMISS COUNTERCLAIMS AND STRIKE DEFENSES OF DEFENDANTS SANYO ELECTRIC CO. LTD. ET AL., as well as Exhibit A and a Proposed Order relating thereto, was electronically filed on this the 10th day of August, 2009 with the Clerk of Court using the CM/ECF system of the United States District Court for the District of Columbia, and thereby served upon all parties of record by CM/ECF, including the attorneys for the Camera Manufacturers.

/s/ J. Aron Carnahan
Attorney for Papst Licensing GmH & Co. KG

CHI-875-4