# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**IN RE PAPST LICENSING GMBH & CO. KG LITIGATION**

**This Document Relates To:**
**The First Wave Cases --**
Fujifilm Corp. v. Papst, 07-cv-1118;
Matsushita Elec. Indus. Co., Ltd. v. Papst, 07-cv-1222;
Papst v. Olympus Corp., 07-cv-2086;
Papst v. Samsung Techwin Co., 07-cv-2088;
Papst v. Ricoh Co. Ltd., 07-cv-612;
Hewlett Packard Co. v. Papst, 08-cv-865; and
Papst v. Nikon Corp., 08-cv-985.[1]

Misc. Action No.  07-493 (RMC)

MDL Docket No. 1880

## ORDER

Papst Licensing GMBH & Co. ("Papst") acquired U.S. Patent Nos. 6,470,399 and 6,895,449 from inventor Michael Tasler and in this multidistrict litigation has alleged that digital camera manufacturers have infringed its patents. Pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996), the Court construed numerous contested claims of the Patents in a Memorandum Opinion and Order filed on June 12, 2009. *See* Dkt. ## 312 & 313. Papst filed a motion for reconsideration, seeking partial reconsideration. *See* Dkt. # 321. The Court granted

---

[1] This Order relates to the First Wave Cases listed in the caption. The Camera Manufacturers who are parties in the First Wave Cases include: Fujifilm Corporation; Fujifilm U.S.A., Inc.; Fujifilm Japan; Matsushita Electric Industrial Co., Ltd.; Victor Company of Japan, Ltd.; Olympus Corporation; Olympus Imaging America Inc.; Samsung Techwin Co.; Samsung Opto-Electronics America, Inc., Panasonic Corporation of North America; JVC Company of America; Ricoh Corporation; Ricoh Company Ltd.; Ricoh Americas Corporation; Hewlett-Packard Company; Nikon Corporation; and Nikon, Inc.

Papst's motion and issued a Modified Opinion and Order vacating the June 12 Memorandum Opinion and Order and revising its construction of the following terms: "data transmit/receive device," "for communication between," and "second command interpreter." *See* Am. Mem. Op. & Am. Order [Dkt. ## 336 & 337].

Papst now seeks leave to file another motion for reconsideration, requesting reconsideration of the construction of the terms "second connecting device," "interface device," and "first connecting device." *See* Papst's Mot. for Leave [Dkt. # 339]. As explained below, the motion for leave to file will be granted, but reconsideration itself will be denied.

Because the Modified Opinion and Order constitute an interlocutory and not a final ruling, Federal Rule of Civil Procedure 54(b) applies. *See Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005). Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Revision may be permitted when the Court has "'patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court.'" *Singh*, 383 F. Supp. 2d at 101 (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)). The burden is on the movant to show that some harm would accompany a denial of the motion to reconsider. "In order for justice to require reconsideration, logically, it must be the case that, some sort of 'injustice' will result if reconsideration is refused. That is, the movant must demonstrate that some harm, legal or at least tangible, would flow from a denial of reconsideration." *Cobell v. Norton*, 355 F. Supp. 2d 531, 540 (D.D.C. 2005).

A district court's discretion to reconsider a non-final ruling is "subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Singh*, 383 F. Supp. 2d at 101; *see also Michilin Prosperity Co. v. Fellowes Mfg. Co.,* Civ. No. 04-1025, 2006 WL 3208668, at *1 n.1 (D.D.C. Nov. 7, 2006) (patent holder's "rehashed arguments concerning claim construction provide no justification for reconsidering the [court's prior claim construction opinion]"); *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) (a motion for reconsideration is not "simply an opportunity to reargue facts and theories upon which a court has already ruled") (construing Fed. R. Civ. P. 59(e)).

Papst does not argue that the Court patently misunderstood a party, made a decision outside the adversarial issues presented, or made an error of apprehension. Nor does Papst point to a change in controlling or significant law or facts. Instead, Papst asserts that the Court made an error of reasoning — *i.e.*, the Court incorrectly construed the "interface device" to be a "stand-alone device" by improperly importing such limitation from the specification. Papst argues that finding the interface device to be a stand-alone device also caused the Court to incorrectly construe the "first connecting device" and the "second connecting device" to have plugs or sockets to enable the interface device to be readily detachable from the data transmit/receive device. Papst's objection to the Court's reasoning does not constitute a valid basis for reconsideration under Rule 54(b). *See Singh*, 383 F. Supp. 2d at 101. Further, Papst is not prejudiced by the Court's denial of this, its second motion to reconsider. Papst failed to seek reconsideration of these terms in its prior motion to reconsider, and there is simply no justification for Papst's piecemeal approach to this litigation. Finally, the issues that Papst raises now were briefed, argued, and considered by the Court in its prior claim construction ruling. A motion for reconsideration is not an opportunity to rehash arguments

upon which a court already has ruled. *See Singh*, 383 F. Supp. 2d at 101; *Michilin*, 2006 WL 3208668, at *1 n.1.

Papst attempts to bolster its argument for reinterpretation of the patent claim terms by submitting the affidavit of technical expert, C. Douglass Locke, Ph.D. The Court has disregarded prior declarations of Dr. Locke because they constitute unnecessary extrinsic evidence. "Because the intrinsic evidence — the claims, the specification, and the prosecution history — provide the full record necessary for claims construction, the Court did not admit expert testimony at the *Markman* hearing. To the extent that Papst relies on the Locke Declaration for the definition of the claims in the Patents, *see* Papst's *Markman* Br. at 21-24, the Court will disregard the Declaration." Am. Mem. Op. [Dkt. # 336] at 13-14. There is no basis for now accepting such extrinsic evidence.

Accordingly, it is hereby

**ORDERED** that Papst's motion for leave to file motion for reconsideration [Dkt. # 339] is **GRANTED** and Papst's second motion for reconsideration shall be deemed filed; and it is

**FURTHER ORDERED** that Papst's motion for reconsideration [Dkt. # 339-1] is **DENIED**; and it is

**FURTHER ORDERED** that Papst's motion for extension of time to file a motion for reconsideration [Dkt. # 338] is **DENIED** as moot.

**SO ORDERED.**

Date:   January 29, 2010                 _____/s/_____
                                         ROSEMARY M. COLLYER
                                         United States District Judge