**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**IN RE PAPST LICENSING GMBH & CO.
KG LITIGATION**

_____

**This Document Relates To:
ALL CASES**

**Misc. Action No. 07-493 (RMC)
MDL Docket No. 1880**

**CAMERA MANUFACTURERS'[1] OPPOSITION TO HEWLETT-PACKARD AND
PAPST'S JOINT MOTION FOR ENTRY OF JUDGMENT AND PAPST'S MOTION
FOR A STAY**

Papst and HP's joint motion for entry of judgment should be denied because it does not

comply with jurisdictional requirements of the Federal Circuit and, thus, any appeal of the

judgment would be dismissed by the Federal Circuit.  First, under controlling Federal Circuit

law, Papst may not appeal only a part of this consolidated action without first obtaining Rule

54(b) certification.  Second, Papst and HP's proposed judgment fails to provide the factual

context necessary for the Federal Circuit to review the judgment.  Because the requested

judgment is improper, Papst's motion to stay this action pending its appeal of the proposed HP

judgment is premature and also should be denied.

**I.      Under Federal Circuit Law, Papst May Not Appeal the HP Judgment in This
        Consolidated Action Without First Obtaining Rule 54(b) Certification.**

Papst and HP rely upon D.C. Circuit law to argue that, despite the consolidated nature of

this action, Papst may appeal the proposed HP judgment without Rule 54(b) certification.  Joint

---

[1]     The Opposition to the joint motion for entry of judgment is submitted on behalf of all of the First
and Second Wave Camera Manufacturers, except for Hewlett-Packard Company ("HP"), whereas
the Opposition to the motion for a stay is submitted on behalf of only the First Wave Camera
Manufacturers, except for HP.  The Second Wave Camera Manufacturers take no position on
Papst's motion for a stay.

Motion, Dkt. #346, at 3.  But because this issue concerns the jurisdiction of the Federal Circuit, the law of the Federal Circuit, not D.C. Circuit, applies.  *Spraytex, Inc. v. DJS&T*, 96 F.3d 1377, 1379 (Fed. Cir. 1996).  Significantly, there is a circuit split regarding whether a judgment that disposes of fewer than all consolidated actions may be separately appealed without 54(b) certification.  *Id.* at 1380.  While the D.C. Circuit considers this issue on a case-by-case basis, the Federal Circuit applies a bright-line rule:  "absent Rule 54(b) certification, there may be no appeal of a judgment disposing of fewer than all aspects of a consolidated case."  *Id.* at 1380-82.

Because the Federal Circuit has adopted a bright-line rule, it is irrelevant that the present action has been consolidated for only pre-trial purposes.  Indeed, the Federal Circuit has held that if cases are consolidated, "even if only for limited purposes, absent entry of a proper Fed. R. Civ. P. 54(b) judgment we would not have jurisdiction in any appeal . . . until entry of a final judgment deciding the entire consolidated matter."  *Boston Edison Co. v. United States*, 299 Fed. Appx. 956, 957 (Fed. Cir. 2008); *Thomson Licensing SA v. Beery*, 154 Fed. Appx. 206, 206-07 (Fed. Cir. 2005) (applying bright-line rule and declining to consider the extent and nature of the consolidation), *vacated pursuant to settlement by*, 180 Fed. Appx. 931 (Fed. Cir. 2006).  The Federal Circuit stated that although the case-by-case approach, which often considers the extent of consolidation, has some merit, it applies the bright-line rule for consistency, to prevent uncertainty, to avoid unnecessary piecemeal appeals, and for appellate efficiency.  *Spraytex,* 96 F.3d at 1382 ("since consolidated cases tend to be based on the same factual circumstances, appellate review of the total consolidated case serves the purposes of appellate efficiency").

If Papst and HP believe that a partial appeal of this consolidated action is warranted, they may move for Rule 54(b) certification and seek to demonstrate that there is "no just reason for

2

delay." But by resorting to arguing that Rule 54(b) certification is not necessary, instead of making the requisite showing, their motion for judgment must be denied.[2]

## II.     The Motion For Judgment Also Should Be Denied Because the Proposed Judgment Fails to Provide the Context Necessary For Federal Circuit Review.

Papst and HP's proposed judgment also should be rejected because it does not provide the requisite context for the Federal Circuit to assess the infringement issue. Where, as here, a judgment lacks a proper factual context for an accurate claim construction, the Federal Circuit has held that it is "necessary and appropriate" to remand the ambiguous judgment for clarification. *Jang v. Boston Scientific Corp.*, 532 F.3d 1330, 1338 (Fed. Cir. 2008).

In *Jang*, the parties stipulated to a judgment of non-infringement based on the court's claim construction. *Id.* at 1331. The stipulation stated that "under the Court's existing Claim Construction Order, Dr. Jang cannot prove that the [accused product] is covered by any claims of [the asserted patents]." *Id.* at 1332-33. In analyzing this stipulation, the Federal Circuit emphasized the importance of being provided with the factual context of the accused products so that the Court can assess the infringement judgment under review, and the problems presented by construing claims in the absence of such context:

> Without knowledge of the accused products, this court cannot assess the accuracy of the infringement judgment under review and lacks a proper context for an accurate claim construction . . . . Without the vital contextual knowledge of the accused products or processes, this appeal takes on the attributes of something akin to an advisory opinion on the scope of the [asserted] patent. The problems with such an appeal, even if within the court's jurisdiction, have been noted in many of the court's prior cases.

---

[2]     While the Camera Manufacturers do not object to Papst and HP entering into a stipulation of non-infringement, the Camera Manufacturers object to the entry of a final judgment that is immediately appealable without the required showing for a Rule 54(b) certification. If and when Papst and HP seek a Rule 54(b) certification, the Camera Manufacturers reserve the right to oppose it.

*Id.* at 1337 (quoting *Lava Trading, Inc. v. Sonic Trading Management, LLC*, 445 F.3d 1348,

1350 (Fed. Cir. 2006)).  Because there was no context allowing the Federal Circuit to determine

why the accused products do not infringe under the district court's claim construction or why

they would infringe under the alternative claim construction, the Federal Circuit found the

stipulation ambiguous and necessarily remanded for clarification.  *Id.* at 1338.

      Similar to the *Jang* judgment, Papst and HP's proposed judgment fails to describe the

accused products.  Instead, the judgment merely identifies the "Accused Devices" as "all digital

cameras made, used, sold, offered for sale or imported into the United States by HP through the

date of this Judgment as well as all other products accused of infringement (direct or indirect) by

Papst in its infringement contentions, other pleadings (Fed. R. Civ. Pro. 7(a)), or in motion

papers filed with the Court or in answers to interrogatories or in responses to requests to admit."

Not only does this description fail to identify the features of each of the Accused Devices that

provide the basis for the non-infringement judgment, but it does not even identify each of the

different types of accused products (either by model number or product category), and whether

the non-infringement judgment is based on identical features of all such products.

      Also like the *Jang* judgment, Papst and HP's proposed judgment merely states that the

accused products do not practice a claim limitation without explaining why.  Although the

proposed judgment states that the "basis" for the stipulation of non-infringement is that "each of

the Accused Devices lacks an interface device having a plug or socket that permits a user readily

to physically attach/detach the interface device to/from a data transmit/receive device outside the

Accused Device," this is essentially a recitation of the Court's claim construction for the term

"second connecting device"[3] without a description of the accused products.  Indeed, while this language identifies many aspects of the claim construction (*e.g.*, "interface device," "plug or socket," "permits a user," "readily," "data transmit/receive device"), the judgment is vague and ambiguous because it does not describe which of these aspects are not met by the accused products.  The stated "basis" adds further ambiguity to the proposed judgment by reciting various claim terms, such as "interface device" and "data transmit/receive device," without explaining why the accused products do not meet these limitations.[4]  The proposed judgment, thus, fails to provide the Federal Circuit with the context necessary for it to assess infringement.

Tellingly, if the Federal Circuit were to change even a single word of the Court's construction for the term "second connecting device" (or even "interface device" or "data transmit/receive device"), the Federal Circuit would need to remand the judgment because it would not have the context to determine whether each of the HP accused products infringed the patent claims under the modified construction.  Like the stipulation in *Jang*, the proposed judgment here is an ambiguous judgment, for which it is "necessary" to obtain clarification.

## III.    Papst's Motion to Stay is Premature.

Papst's stay motion is predicated on the assumption that the motion for entry of judgment will be granted.  Papst's Motion For A Stay, Dkt. #347, at 1.  Because, as explained above, the motion for judgment should be denied, Papst's stay motion should be denied as premature.

---

[3]     "The term 'second connecting device' in the '399 Patent means 'a physical plug or socket for permitting a user readily to attach and detach the interface device with a plurality of dissimilar data transmit/receive devices, including a sampling circuit for sampling the analog data provided by the data transmit/receive device and an analog-to-digital converter for converting data sampled by the sampling circuit into digital data.'  In the '449 Patent, the term 'second connecting device' means 'a physical plug or socket for permitting a user readily to attach and detach the interface device with a plurality of dissimilar data transmit/receive devices.'"  Modified Order Regarding Claims Construction, Dkt. #337, at ¶ 8.

[4]     Because Papst has not supplemented its Infringement Contentions since the Court issued the Claims Construction Order, any reference by Papst to an accused product by the mere recitation of a claim term that has been construed by the Court differently than proposed by Papst (such as "interface device") is, by its very nature, ambiguous.

5

While Papst's motion attempts to justify a stay by alleging that the appeal of the HP judgment will have a "profound impact" on the other cases (*Id.*), Papst failed to explain what, if any, impact the appeal will have on this case if the judgment is affirmed.  During a March 4 telephone conference, the Camera Manufacturers asked Papst this very question.  But Papst would not explain how an affirmance of the HP judgment would affect this case.  Not until the March 10 hearing did Papst inform the Court that some unspecified products would be removed from the case should the judgment be affirmed.  But the Camera Manufacturers asked Papst whether it would stipulate that any products, including any that are similar to the products in the HP proposed judgment, do not infringe the '399 and '449 patents based on the Court's claim construction of the term "second connecting device."  Papst refused, belying its assertion that an appeal will have a "profound impact" on this case.

**Conclusion**

For the foregoing reasons, HP and Papst's joint motion for entry of judgment and Papst's motion for a stay should be denied.

DATED: March 22, 2010

Respectfully submitted,

By: /s/ Marc S. Blackman

***For the Nikon Parties***
David L. Witcoff
Marc S. Blackman
Jones Day
77 W. Wacker Drive
Chicago, Illinois 60601
E-mail:  dlwitcoff@jonesday.com
E-mail:  msblackman@jonesday.com
Phone:  (312) 782-3939
Fax:  (312) 782-8585

6

***For The Victor Company of Japan Parties***
Rachel M. Capoccia, Esq.
HOGAN & HARTSON LLP
1900 Avenue of the Stars
Suite 1400
Los Angeles, California 90067
E-mail:  rmcapoccia@hhlaw.com
Phone:  (310) 785-4744
Fax:  (310) 785-4601

***For The Panasonic Corporation (formerly
Matsushita Electric Industrial Co., Ltd.)
Parties***
Richard de Bodo
HOGAN & HARTSON LLP
1900 Avenue of the Stars
Suite 1400
Los Angeles, California 90067
Email:  rdebodo@hhlaw.com
Phone:  (310) 785-4694
Fax:  (310) 785-4601

***For The Samsung Parties***
Patrick J. Kelleher
Drinker Biddle & Reath LLP
191 North Wacker Drive
Suite 3700
Chicago, IL 60606-1698
E-mail:  patrick.kelleher@dbr.com
Phone: (312) 569-1375
Fax: (312) 569-3375

***For the Fujifilm Parties***
Steven J. Routh
Sten A. Jensen
Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th St, NW
Washington DC 20005
E-mail:  srouth@orrick.com
E-mail:  sjensen@orrick.com
Phone: (202) 339-8400
Fax: (202) 339-8500

7

***For the Olympus Parties***
Richard de Bodo
David Ben-Meir
Hogan & Hartson, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
E-mail: rdebodo@hhlaw.com
Phone: (310) 785-4694
Fax: (310) 785-4601

***For Eastman Kodak Company***
James L. Wamsley, III
Jones Day
901 Lakeside Avenue
Cleveland, Ohio 44114
E-Mail: jlwamsleyiii@jonesday.com
Phone: (216) 586-7251
Fax: (216) 579-0212

***For the Canon Parties***
Calvin P. Griffith
Jones Day
901 Lakeside Avenue
Cleveland, Ohio 44114
E-Mail: cpgriffith@jonesday.com
Phone: (216) 586-7050
Fax: (216) 579-0212

***For the Sanyo Parties***
Mark E. Ungerman
Morrison & Foerster LLP
2000 Pennsylvania Avenue, N.W.
Suite 5500
Washington, D.C. 20006
E-Mail: mungerman@mofo.com
Phone: (202) 887-1535
Fax: (202) 887-0763

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **CAMERA**

**MANUFACTURERS' OPPOSITION TO HEWLETT-PACKARD AND PAPST'S  JOINT**

**MOTION FOR ENTRY OF JUDGMENT AND PAPST'S MOTION FOR A STAY** was

electronically filed on this 22nd day of March, 2010 with the Clerk of the Court using the

CM/ECF system of the United States District Court for the District of Columbia, and thereby

served upon all parties of record by CM/ECF.

_____/s/ Marc S. Blackman_____