UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE PAPST LICENSING GMBH & CO. KG
LITIGATION

This Document Relates To:

Papst Licensing GmbH & Co. KG v. Samsung
Techwin Co., *et al.*, Civ. No. 07-2088 (D.D.C.)

Misc. Action No. 07-493 (RMC)

MDL Docket No. 1880

**MEMORANDUM OPINION DENYING PAPST'S MOTION TO AMEND COMPLAINT**

In this Multi District Litigation ("MDL"), Papst Licensing GmbH & Co. ("Papst") has alleged that digital camera manufacturers that sell products in the United States have infringed U.S. Patent Nos. 6,470,399 and 6,895,449 (collectively the "Patents"). In opposition, the camera manufacturers seek a declaratory judgment of non-infringement and/or patent invalidity.[1]

---

[1] This litigation currently consists of First and Second Wave Cases. The "First Wave Cases" currently are: Fujifilm Corp. v. Papst, 07-cv-1118; Matsushita Elec. Indus. Co., Ltd. v. Papst, 07-cv-1222; Papst v. Olympus Corp., 07-cv-2086; Papst v. Samsung Techwin Co., 07-cv-2088; Hewlett Packard Co. v. Papst, 08-cv-865; and Papst v. Nikon Corp., 08-cv-985. The "First Wave Camera Manufacturers" include: Fujifilm Corporation; Fujifilm U.S.A., Inc.; Fujifilm Japan; Matsushita Electric Industrial Co., Ltd.; Victor Company of Japan, Ltd.; Olympus Corporation; Olympus Imaging America Inc.; Samsung Techwin Co.; Samsung Opto-Electronics America, Inc.; Panasonic Corporation of North America; JVC Company of America; Hewlett-Packard Company; Nikon Corporation; and Nikon, Inc. The "Second Wave Cases" are: Papst v. Canon, 08-cv-1406; Papst v. Eastman Kodak, 08-cv-1407; Papst v. Sanyo, 09-cv-530. The "Second Wave Camera Manufacturers" include: Canon, Inc.; Canon USA, Inc.; Eastman Kodak Company; Sanyo Electric Co., Ltd; and Sanyo North America Corporation. At the time this Court gained jurisdiction over the Second Wave Cases, the First Wave Cases were on the eve of the September 2008 claims construction hearing. Because no discovery had been conducted in the Second Wave Cases, those cases could not be addressed in the claims construction hearing. Rather than put the First Wave Cases on hold for an extended period while the Second Wave Cases conducted discovery and caught

One of the underlying lawsuits that was transferred to this MDL is *Papst Licensing GmbH & Co. KG v. Samsung Techwin Co.*, Civ. No. 07-2088 (D.D.C.) ("*Papst v. Samsung Techwin*"). In that case, Papst brought suit against Samsung Techwin Co. and Samsung Opto-Electronics America, Inc. alleging that they made, used, or sold digital cameras that infringed the Patents. Papst now moves to amend the complaint in *Papst v. Samsung Techwin* to add three additional parties: Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC. Papst also seeks to amend the complaint to allege that additional products infringe the Patents, namely camcorders, camera phones, and MP3 players/voice recorders. As explained below, the proposed amendment would greatly prejudice the opposing parties and thus the motion to amend will be denied.

## I. FACTS

In June of 2007, Papst brought suit against Korea-based Samsung Techwin Co. ("Techwin") and its U.S. subsidiary, Samsung Opto-Electronics America, Inc. ("Opto-Electronics") in the Central District of California. *See Papst Licensing GmbH & Co. KG v. Samsung Techwin Co.*, No. 07-4249 (C.D. Calif.). Venue was transferred to the District of New Jersey. *See Papst Licensing GmbH & Co. KG v. Samsung Techwin Co.*, 07-4940 (D.N.J.). The MDL Panel transferred the case into this MDL on November 5, 2007. *See Papst Licensing GmbH & Co. KG v. Samsung Techwin Co.*, 07-2088 (D.D.C.), MDL Transfer Order [Dkt. #1]. Papst alleged that the Techwin and Opto-Electronics infringed the Patents by "making, using, offering to sell or selling within the United States and/or importing into the United States, including this judicial district, digital cameras" covered by the Patents. *See id.*, Compl. [Dkt. #3-1].

---

up, the Court stayed the Second Wave Cases. The Second Wave Cases currently remain stayed. *See* Seventh Practice and Procedure Order [Dkt. # 391].

Early in this litigation, on April 8, 2008, the Court entered a scheduling order requiring that motions to join third parties or to amend the pleadings be filed by June 25, 2008. *See* Second Practice & Pro. Order [Dkt. # 36 ] ¶ 19. In November of 2008, the Court stayed discovery. *See* Minute Order filed Nov. 13, 2008.

Subsequently, in February of 2009, Techwin transferred its digital camera business to Samsung Digital Imaging Co., which in turn merged its digital camera business into Korea-based Samsung Electronics Co. Ltd. on April 1, 2010. Samsung Digital Imaging Co. then ceased to exist as a separate entity. On October 4, 2010, Papst moved for leave to file a first amended complaint. Papst seeks to add three parties to the *Papst v. Samsung Techwin* case: Samsung Electronics Co. Ltd. and its U.S. subsidiaries, Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC. (all three collectively "the Samsung Electronics entities"). Papst also moves to amend the complaint to allege that, in addition to digital cameras, the following products infringe the Patents: camera phones, camcorders, and digital voice recorders/MP3 players. Techwin, Opto-Electronics, and the First Wave Camera Manufacturers oppose.

## II. LEGAL STANDARD

Papst erroneously contends that this matter is governed by Federal Rule of Civil Procedure 15(a), which provides that a leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a). Under this standard, a court may deny a motion to amend if it finds "undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Because Papst seeks leave to amend which deviates from a court-ordered deadline, the more stringent good cause standard imposed by Federal Rule of Civil Procedure 16(b) applies.

The good cause standard under Rule 16(b) applies after the deadlines set forth in a scheduling order have passed. *Lurie v. Mid-Atlantic Permanente Medical Grp.*, P.C., 589 F. Supp. 2d 21, 23 (D.D.C. 2008) (relying on numerous circuit courts). "To hold otherwise would allow Rule 16's standards to be 'short circuited' by those of Rule 15 and would allow for parties to disregard scheduling orders, which would 'undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.'" *Id*. at 23 (quoting *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)). Rule 16(b) provides that a court may enter a scheduling order that limits the time to amend the pleadings and that such schedule may be modified only for good cause *and* with the judge's consent. Fed. R. Civ. P. 16(b)(4) (emphasis added). The Second Practice and Procedure Order that set the June 25, 2008 deadline for joining third parties and amending the pleadings recited this rule. *See* Second Practice & Pro. Order [Dkt. # 36] ("This schedule shall not be modified, even where all parties consent, except upon a showing of good cause and by leave of the Court."). To show good cause under this Rule, the moving party must show both diligence and a lack of prejudice to the opposing parties. *See Robinson v. Detroit News, Inc*., 211 F. Supp. 2d 101, 114 (D.D.C. 2002) (motion to amend denied due to undue delay); *Leary*, 349 F.3d at 906 (to determine whether good cause has been shown, a court must consider the issue of prejudice).

### IV. ANALYSIS

#### A. Diligence

Papst was not diligent in moving to amend the complaint in *Papst v. Samsung Techwin*. The Techwin spin off of its digital camera business in February 2009 was a matter of public knowledge. Papst knew about it and mentioned the fact in a hearing before the Court on July 14, 2009. However, Papst did not file its motion to amend until October 2010, more than a year later. *See, e.g, Monolithic Power Sys., Inc. v. 02 Micro Internat'l Ltd*., Civ. No. 08-4567, 2009 WL

3353306, *2 (N.D. Cal. Oct. 16, 2009) (finding that 02 Micro was not diligent because it had the new information on the proposed accused products three months before it filed its motion to amend its infringement contentions); *Realtime Data, LLC v. Packeteer, Inc.*, Civ. No. 08-144, 2009 WL 2590101, *5 (E.D. Tex. Aug. 18, 2009) (waiting nine months after serving the original infringement contentions to seek leave to amend is not a reasonable period of time). "With a lawsuit of great complexity, it is all the more imperative to avoid springing new claims on Defendants at a late stage." *Realtime Data,* 2009 WL 2590101 at *6.

### B. Prejudice

#### 1. Addition of New Parties

Even if Papst were timely, the Court must consider the prejudice to other parties and its obligation to manage its docket. Techwin and Opto-Electronics would be greatly prejudiced by the addition of three additional parties this late in the case. The Samsung Electronics entities are entities separate and apart from Techwin and Opto-Electronics. They have separate management and separate product lines. Any alleged liability of Techwin and Opto-Electronics stopped accruing in February of 2009 when Techwin transferred its digital camera business to Samsung Digital Imaging Co. The actions of the three Samsung Electronics entities have no bearing on the claims and defenses in *Papst v. Samsung Techwin*. If three new parties were added to the case, they would need sufficient time to review the last three years of litigation. Even if the Court were to add them to the Second Wave cases, the presence of the new parties in *Papst v. Samsung Techwin* would prevent an early appealable disposition with regard to Techwin and Opto-Electronics because a disposition with regard to only some of the parties to a case is not appealable without a certification under Federal Rule of Civil Procedure 54(b). "Absent Rule 54(b) certification, there may be no appeal of a judgment disposing of fewer than all aspects of a consolidated case." *Spraytex, Inc. v.*

*DJS&T*, 96 F.3d 1377, 1382 (Fed. Cir. 1996) (citing Fed. R. Civ. P. 54(b)).

Moreover, *Papst v. Samsung Techwin* appears close to a final disposition. That case is confined to 95 camera models. Some of those models are SLR cameras, which were manufactured and sold by Techwin and Opto-Electronics under an agreement with Papst's licensee, Pentax. Techwin and Opto-Electronics allege that those SLR cameras cannot infringe the Patents because they are licensed. Also, Techwin and Opto-Electronics allege that the remainder of their cameras lack a "second connecting device" as construed by the Court in the Modified Markman Opinion, and thus they do not infringe the Patents. *See* Modified Claims Construction Op. [Dkt. # 336]; Modified Order [Dkt. # 337]. At this juncture, it appears that the disposition of *Papst v. Samsung Techwin* could be imminent. To permit the addition of new parties at this late stage would prevent a final ruling and the delay would prejudice Techwin and Opto-Electronics.

### B. Addition of New Product Categories

Techwin, Opto-Electronics, and the First Wave Camera Manufacturers have shown prejudice regarding the request to amend to add product categories. This MDL has been pending since November 5, 2007, *i.e.*, over three years. When the MDL Panel transferred this litigation to this Court, the suit included the following five cases:

1. Casio, Inc. v. Papst Licensing GmbH & Co. KG, D.D.C. No. 06-1751;

2. Fujifilm Corp. v. Papst Licensing GmbH & Co. KG, D.D.C. No. 07-1118;

3. Papst Licensing GmbH & Co. KG v. Olympus Corp., D. Del. No. 07-415 (07-2086 (D.D.C.));

4. Papst Licensing GmbH & Co. KG v. Fujifilm Corp., N.D. Ill. No. 07-3401 (07-2087 D.D.C.) ; and

5. Papst Licensing GmbH & Co. KG v. Samsung Techwin Co., D.N.J. No. 07-4940

(previously C.D. Calif. No. 07-4249) (07-2088 D.D.C.).

*See* MDL Transfer Order [Dkt. # 1]. The MDL Panel determined that "[t]he actions involve common factual allegations regarding *digital cameras* made by certain manufacturers, which Papst claims infringe two of its patents; the validity and enforceability of these patents is at issue in all five actions." *Id.* (emphasis added). The MDL Panel titled the litigation "In re Papst Licensing Digital Camera Patent Litigation." In sum, venue for these cases was transferred here because these cases all involved the question of whether *digital cameras* infringe the Patents.

Since the inception of this MDL, the Court and the parties have proceeded believing that the products at issue were digital cameras. Specifically, Papst's complaint against Techwin and Opto-Electronics alleges that they infringed the Patents by "making, using, offering to sell or selling within the United States and/or importing into the United States, including this judicial district, digital cameras . . . ." *See, e.g.*, Civ. No. 07-2088 (D.D.C.), Compl. [Dkt. #3-1] ¶¶ 9 & 17. Further, the September 3, 2008 tutorial hearing, held in preparation for claims construction, was focused exclusively on digital cameras. The parties chose the terms for claims construction with an eye toward how such claims terms would apply to digital cameras. The Court held a claims construction hearing September 22 through 24, 2008, and rendered its final claims construction opinion and order on November 24, 2009. *See* Modified Claims Construction Op. [Dkt. # 336]; Modified Order [Dkt. # 337].[2] A great deal of discovery has been completed with a focus on digital cameras. When discovery was stayed in November 2008, there were fewer than six weeks remaining for fact discovery on liability.

---

[2] The Modified Claims Construction Opinion and Order were issued upon reconsideration and replaced the original opinion and order filed on June 12, 2009. *See* Op. [Dkt. # 312]; Order [Dkt. # 313].

Adding new product categories — camera phones, camcorders, and digital voice recorders/MP3 players — this late in the case would significantly expand and delay the litigation against Techwin and Opto-Electronics, especially since these product categories are not manufactured or sold by Techwin or Opto-Electronics, but are only produced and sold by the Samsung Electronics entities.

It should also be noted the new product categories that Papst wishes to add are product categories that were made or sold by the Samsung Electronics entities long before the June 2008 deadline for adding new parties or amending the pleadings in this MDL. Papst could have brought suit against the Samsung Electronics entities well before the deadline imposed by this Court. The fact that Papst did not do so demonstrates that even Papst understood that this MDL was centered on digital cameras and not on other products.[3]

Techwin and Opto-Electronics would be greatly prejudiced by the addition of new parties and products to Papst's suit against them. Even if litigation efficiencies promote the addition of new cases to this MDL, *Papst v. Samsung Techwin* should be permitted to move forward unencumbered by new parties who sell new product categories.

## IV. CONCLUSION

As explained above, Papst's motion for leave to file a first amended complaint in the Samsung case [Dkt. # 377] will be denied. A memorializing Order accompanies this Memorandum Opinion.

---

[3] This point also goes to the issue of diligence. Because Papst could have brought suit against the Samsung Electronics entities even before the June 2008 deadline for adding third parties and amending pleadings, its attempt to bring new parties and new claims into the suit against Techwin and Opto-Electronics two and a half years later does not constitute diligence.

Date: February 1, 2011                           /s/
                                        ROSEMARY M. COLLYER
                                        United States District Judge