# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**IN RE PAPST LICENSING GMBH & CO. KG LITIGATION**

**This Document Relates To:**

**Hewlett Packard Co. v. Papst Licensing GmbH & Co. KG, 08-865 (D.D.C.)**

Misc. Action No. 07-493 (RMC)

MDL Docket No. 1880

## MEMORANDUM OPINION ON HP'S MOTION TO STRIKE

In this Multi District Litigation ("MDL"), Papst Licensing GmbH & Co. ("Papst") has alleged that digital camera manufacturers that sell products in the United States have infringed U.S. Patent Nos. 6,470,399 ("'399 Patent") and 6,895,449 ("'449 Patent") (collectively the "Patents"). In opposition, the camera manufacturers seek a declaratory judgment of non-infringement and/or patent invalidity.[1]

---

[1] This litigation currently consists of First and Second Wave Cases. The "First Wave Cases," currently are: Fujifilm Corp. v. Papst, 07-cv-1118; Matsushita Elec. Indus. Co., Ltd. v. Papst, 07-cv-1222; Papst v. Olympus Corp., 07-cv-2086; Papst v. Samsung Techwin Co., 07-cv-2088; Hewlett Packard Co. v. Papst, 08-cv-865; and Papst v. Nikon Corp., 08-cv-985. The "First Wave Camera Manufacturers" include: Fujifilm Corporation; Fujifilm U.S.A., Inc.; Fujifilm Japan; Matsushita Electric Industrial Co., Ltd.; Victor Company of Japan, Ltd.; Olympus Corporation; Olympus Imaging America Inc.; Samsung Techwin Co.; Samsung Opto-Electronics America, Inc.; Panasonic Corporation of North America; JVC Company of America; Hewlett-Packard Company; Nikon Corporation; and Nikon, Inc. The "Second Wave Cases" are: Papst v. Canon, 08-cv-1406; Papst v. Eastman Kodak, 08-cv-1407; Papst v. Sanyo, 09-cv-530. The "Second Wave Camera Manufacturers" include: Canon, Inc.; Canon USA, Inc.; Eastman Kodak Company; Sanyo Electric Co., Ltd; and Sanyo North America Corporation. At the time this Court gained jurisdiction over the Second Wave Cases, the First Wave Cases were on the eve of the September 2008 claims construction hearing. Because no discovery had been conducted in the Second Wave Cases, those cases could not be addressed in the claims construction hearing. Rather than put the First Wave

Papst filed its Final Asserted Claims and Infringement Contentions pursuant to the Court's order. *See* Revised Final Asserted Claims and Contentions [Dkt. # 416] (revising prior version at [Dkt. # 379]). Hewlett Packard Company ("HP") moves to strike all of those claims and contentions that are asserted against HP because (1) they contravene Papst's admission and representation to the Court that HP's accused devices do not infringe and (2) they improperly add new accused products to this litigation. The motion will be granted in part and denied in part. The claims and contentions against HP's digital cameras and against Palm products will be stricken. The claims and contentions against HP as a seller of digital cameras manufactured by other companies will be stayed as against HP.

## I. FACTS

On May 28, 2008, Papst filed its Asserted Claims and Infringement Contentions pursuant to the Second Practice and Procedure Order [Dkt. # 36]. *See* Claims and Infringement Contentions [Dkt. # 110]. The Court held a claims construction hearing September 22 through 24, 2008, and rendered its final claims construction opinion and order on November 24, 2009. *See* Modified Claims Construction Op. [Dkt. # 336]; Modified Order [Dkt. # 337].[2]

Subsequently, Papst and HP filed a joint motion for entry of judgment in *Hewlett Packard Co. v. Papst Licensing GmbH & Co. KG*, 08-865 (D.D.C.). *See* Joint Mot. for J. [Dkt. # 346]. The judgment that they proposed to be entered stated:

---

Cases on hold for an extended period while the Second Wave Cases conducted discovery and caught up, the Court stayed the Second Wave Cases. The Second Wave Cases currently remain stayed. *See* Seventh Practice and Procedure Order [Dkt. # 391].

[2] The Modified Claims Construction Opinion and Order were issued upon reconsideration and replaced the original opinion and order filed on June 12, 2009. *See* Op. [Dkt. # 312]; Order [Dkt. # 313]. Papst filed a second motion for reconsideration, but that motion was denied on January 29, 2010. *See* Order [Dkt. # 343].

> The Court has construed the term "second connecting device." (Doc. No. 337 at ¶ 8.). Solely for the purposes of this case no. 08-cv-865 and pursuant to the other conditions of this Judgment, Papst stipulates that under the Court's construction of that term, as further elaborated upon by the court in Doc. No. 336, the Accused Devices do not infringe any claim of either the '399 patent or the '449 patent. The basis for this stipulation of noninfringement is that each of the Accused Devices lacks an interface device having a plug or socket that permits a user readily to physically attach/detach the interface device to/from a data transmit/receive device outside the Accused Device. Nothing herein is a stipulation or admission by HP that any part of this language reads on any structure in any Accused Device. Papst disputes the aforementioned claim construction and submits that the Accused Devices do infringe the claims if they were correctly construed. HP disagrees. Papst reserves all rights to appeal all issues pertaining to the aforementioned claim construction and any finding of noninfringement based thereon. No stipulation is made by Papst regarding the effect of the Court's construction of other terms.

Joint Mot. for J. [Dkt. # 346], Ex. A (Proposed Judgment) ¶ 9. Papst also sought a stay of all proceedings in this MDL pending disposition of Papst's appeal arising from the entry of judgment in favor of HP. *See* Papst's Mot. to Stay All Other Proceedings [Dkt. # 347]. That motion explained, "Whatever happens in the appeal in the HP case would have a profound impact on the other cases [in this MDL]. Accordingly, it makes sense to await the result in the appeal of the HP case before undertaking further proceedings in the other cases." *Id*. at 1.

The other Camera Manufacturers pointed out that because entry of judgment in the HP case would dispose of fewer than all of the parties and issues in this consolidated MDL, Papst would not be able to appeal a decision in the HP case without a certification under Federal Rule of Civil Procedure 54(b). *See* CM's Opp'n [Dkt. # 348] (citing *Spraytex, Inc. v. DJS&T*, 96 F.3d 1377, 1382 (Fed. Cir. 1996) ("Absent Rule 54(b) certification, there may be no appeal of a judgment disposing of fewer than all aspects of a consolidated case.")). Moreover, while the appeal of the HP judgment would have a profound impact on this MDL, only Papst and HP would be represented in

that appeal. The Camera Manufacturers would have had no right to be heard in that litigation. The possibility that they could file an amicus brief was insufficient to protect their rights. Accordingly, the Court denied the joint motion for entry of judgment and Papst's motion to stay. *See* Minute Order entered July 30, 2010. Because the Court denied the motion, Papst and HP's stipulation never went into legal effect. Even so, in the process of seeking entry of judgment, Papst repeatedly represented to the Court that the accused HP products do not infringe because they lack a "second connecting device" as defined by the Court. Those representations are detailed below.

In addition to denying the motions for entry of judgment and stay, the Minute Order of July 30, 2010, required the parties to "meet and confer and jointly submit a focused discovery proposal and deadlines." *See id*. The parties each filed their own proposal, although they put them in one document. *See* Proposal [Dkt. # 367]. The Court and the parties discussed the proposals at a status conference on August 31, 2010. At that conference, the Court directed Papst to bring its asserted claims and infringement contentions up-to-date, stating "[p]eople have to know what they're litigating about. And only when you do can you then say okay, this is the discovery we need for these reasons." CMs' Mot. for Sanctions [Dkt. # 388], Ex. A (Tr. of Aug. 31, 2010 Hearing) at 32. The Court expressly told Papst that its asserted claims and infringement contentions needed to be specific:

> First you have to decide what your infringement contentions are. Only when you know what, what camera you're asserting [infringes] what claim and for what reason[,] can you possibly figure out what discovery you might need that you don't already have.

*Id*. at 33-34.

As a result of the August 31, 2010 status conference, the Court issued its Sixth Practice and Procedure Order. *See* Sixth Practice & Procedure Order [Dkt. # 372]. That Order

defined the specificity required for the Final Asserted Claims and Infringement Contentions as follows:

> 2. No later than <u>October 13, 2010</u>, Papst shall file its Final Disclosure of Asserted Claims and Infringement Contentions. Separately for each opposing party, this Final Disclosure shall contain the following information:
>
> a. Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;
>
> b. Separately for each asserted claim, each accused apparatus, product, device, process, method, act or other instrumentality ("Accused Instrumentality") of each opposing party of which Papst is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known or by any product, device or apparatus which, when used, allegedly results in the practice of the claimed method or process;
>
> c. A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.
>
> d. For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.
>
> e. Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality; and
>
> f. For any patent that claims priority to an earlier application, the

priority date to which each asserted claim allegedly is entitled.[3]

*Id*. ¶ 2.

Pursuant to the Sixth Practice and Procedure Order, on October 13, 2010, Papst filed its Final Asserted Claims and Infringement Contentions, and then revised them pursuant to the consent of the parties and leave of Court on January 21, 2011. *See* Revised Final Asserted Claims and Contentions [Dkt. # 416] (revising prior version at [Dkt. # 379]) ("Final Asserted Claims and Infringement Contentions"). HP contends that the Final Asserted Claims and Infringement Contentions against HP and its products should be stricken because (1) they contravene Papst's admission that HP's accused devices do not infringe pursuant to the Court's construction of the term "second connecting device" and (2) because Papst improperly added new accused products to this litigation.

### III. ANALYSIS

**A. Papst's Factual Statements to the Court**

HP seeks to hold Papst to its own factual statements that the accused HP devices do not infringe the Patents because they lack a "second connecting device." Papst argues that it should not be held to its prior statements because the stipulation proffered by Papst and HP in their motion for entry of judgment was never formally entered and, therefore, judicial estoppel does not prevent Papst from asserting new infringement contentions against HP.

Papst correctly notes that its stipulation of non-infringement with HP was not adopted by the Court and that judicial estoppel does not prevent a party from changing its position when the position was never ruled on. *See Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1249 (2010)

---

[3] *See* Rule 3-1 of the Local Rules of Practice for Patent Cases before the U.S. District Court for the Northern District of California ("N.D. Calif. Local Patent Rules").

(petitioner could change argument on appeal because its initial position was rejected by the district court and there was no danger of inconsistent court determinations); *see also Lava Trading, Inc. v. Sonic Trading Management, LLC*, 445 F.3d 1348, 1353 (Fed. Cir. 2006) ("[J]udicial estoppel does not normally apply on appeal to prevent a party from altering an unsuccessful position before the trial court. . . . [E]stoppel would not bar Lava from departing from a claim construction theory unsuccessfully advocated before the trial court."); *Konstantinidis v. Chen*, 626 F.2d 933, 939 (D.C. Cir. 1980) (noting that "success in the prior proceeding is clearly an essential element of judicial estoppel").

But HP does not rely on the doctrine of judicial estoppel. Instead, HP contends that Papst should be held to the affirmative statements of fact that it made to the Court. The Court agrees. Papst represented numerous times that the accused HP devices do not infringe because they do not include a "second connecting device" under the Court's claims construction. Papst proclaimed, "After the Court's rulings on claims construction, Papst studied the effect of the Court's rulings. Papst was able to determine that none of Hewlett-Packard's ("HP") accused devices met the Court's definition of 'second connecting device.'" *See* Papst's Reply in Support of Joint Motion for Entry of Judgment [Dkt. # 349] at 1. Papst elaborated, stating that "[f]rom this record the Federal Circuit can readily understand what it is that makes the HP devices noninfringing, namely, they lack ways for attaching external data transmit/receive devices." *Id.* at 8. In addition to declaring this fact in support of its motion for entry of judgment, Papst made the same assertion in its request for a stay of the MDL against the other Camera Manufacturers pending Papst's appeal of the HP matter. Papst's motion to stay averred, "Papst can stipulate to non-infringement in that case because each accused HP device 'lacks an interface device having a plug or socket that permits a user readily to physically attach/detach the interface device to/from a data transmit/receive device outside the' accused HP

device." Papst's Mot. to Stay All Other Proceedings [Dkt. # 347] at 2. Papst again confirmed the fact that the HP devices do not infringe in its Opposition to the Camera Manufacturers' Proposal Regarding Resolution of This Case on Summary Judgment. *See* CMs' Proposal Regarding Resolution on Summ. J. [Dkt. # 353]. There, Papst stated, "HP and Papst were able to determine and agree that HP's accused products do not infringe the Court's construction of the term 'second connecting device.'" Papst's Opp'n to CMs' Proposal [Dkt. # 355] at 12; *see also* Papst's Surreply regarding CMs' Proposal [Dkt. # 366] at 1 ("HP happens to sell only cameras that everyone agrees do not infringe under the current construction of 'second connecting device.'"); *id.* at 7 ("If [the Court's claim construction is] affirmed, that eliminates HP's liability.").

Facts, stipulated into the record, are binding and conclusive and not subject to subsequent variation. *Christian Legal Soc'y Chapter of the Univ. of Cal.*, 130 S. Ct. 2971 (2010). Papst contends that its stipulation was not formally entered because it was conditioned on the entry of judgment and a stay of the case and the Court did not grant the motion for entry of judgment or for stay. But Papst cannot avoid the fact that by submitting the joint stipulation, Papst undertook to be bound by the factual statement contained in the stipulation. Papst repeatedly admitted that the HP products did not infringe, not only in its motions for entry of judgment and stay, but also in opposition to the Camera Manufacturers' proposal to resolve the case on summary judgment. The Supreme Court long ago recognized the binding nature of counsel admissions in the context of a trial. "The power of the court to act in the disposition of a trial upon facts conceded by counsel is as plain as its power to act upon the evidence produced." *Oscanyan v. Arms Co.*, 103 U.S. 261, 263 (1880). The Court further explained:

> In the trial of a cause the admissions of counsel, as to matters to be proved, are constantly received and acted upon. They may dispense with proof of facts for which witnesses would otherwise be called.

> They may limit the demand made or the set-off claimed. Indeed, any fact, bearing upon the issues involved, admitted by counsel, may be the ground of the court's procedure equally as if established by the clearest proof.

*Id*. While Papst's affirmative statements of fact were not made in the course of a trial, the statements still constitute an admission in the unique circumstances presented here. To be clear, Papst is bound by its statement that HP's accused products do not infringe the Patents because they lack a "second connecting device" as such term has been construed by the Court in the Modified Claims Construction Opinion and Order. *See* Modified Claims Construction Op. [Dkt. # 336]; Modified Order [Dkt. # 337].

Papst made multiple representations of fact to this Court which it does not actually now disavow. It has merely asserted that it has a new theory or theories of infringement against HP's accused devices, which cannot carry the weight it would impose. The only new theory that Papst explains in any detail is its theory that HP cameras have sockets for the insertion of memory cards, including Eye-Fi memory cards which are capable of wireless communication. Papst contends that Eye-Fi cards are data transmit/receive devices that are connectable to HP's accused interface devices. The proposition that an HP product that did not infringe when it was sold can be transformed into an infringing device by a third party's sale of a compatible transmit/receive device is dubious. *See, e.g., Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310–11 (Fed Cir. 2005) (a device does not infringe merely because it can be converted into an infringing device); *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551, 1555 (Fed. Cir. 1995) ("The question is not what [a device] might have been made to do, but what it was intended to do and did do . . . . [T]hat a device could have been made to do something else does not of itself establish infringement.") (quoting *Hap Corp. v. Heyman Mfg. Co.*, 311 F.2d 839, 843 (1st Cir. 1962)).

Because the Court finds that Papst must be held to the truth of its assertion that the HP devices lack a "second connecting device," it is not necessary to reach this issue. Papst's Final Asserted Claims and Infringement Contentions regarding HP digital cameras will be stricken.

### B. New Products and New Product Categories

#### 1. Palm Products

Having agreed that HP's products do not infringe under the Court's claim construction, Papst now tries to bring new HP non-camera product lines into the case. In its Final Asserted Claims and Infringement Contentions, Papst asserts that it can properly enlarge this suit to include alleged infringement based on HP's sales of Palm smartphones as well as HP's sales of Canon and Samsung digital cameras.

Papst's Final Asserted Claims and Infringement Contentions were required to meet the standards set forth by the Court at the August 31, 2010 hearing and in the Sixth Practice and Procedure Order. The Court directed that Papst file its Final Asserted Claims and Infringement Contentions, understanding that Papst had filed its original claims and contentions on May 28, 2008, before claims construction, and that Papst needed to amend them to conform with the November 24, 2009 Modified Claims Construction Opinion and Order. The Court did not give Papst carte blanche to start this litigation anew, with new claims against new categories of devices. Papst's Final Asserted Claims and Infringement Contentions directly contravene the Court's direct order. They include claims and contentions against HP regarding Palm smartphones — the Palm Pixi, Palm Pixi Plus, Palm Pre, and Palm Pre Plus. Papst also claims that it "reserves the right" to accuse more devices. Papst's Final Asserted Claims and Infringement Contentions [Dkt. # 379] at 306-312. Not so. Papst can only amend its claims and contentions by first obtaining leave of Court.

The good cause standard under Federal Rule of Civil Procedure 16(b) applies to a request to amend asserted claims and infringement contentions. Rule 16(b) provides that a court may enter a scheduling order that limits the time to amend the pleadings and that such schedule may be modified only for good cause *and* with the judge's consent. Fed. R. Civ. P. 16(b)(4) (emphasis added). To show good cause under this Rule, the moving party must show both diligence and a lack of prejudice to the opposing parties. *See Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002) (motion to amend denied due to undue delay); *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (to determine whether good cause has been shown, a court must consider the issue of prejudice).

> With regard to HP specifically, Papst's Counterclaim against it states:
>
> HP has alleged that it has been and is engaged in making, using, offering for sale and selling *products, including digital cameras* to customers in the United States, or imported into the United States, and upon information and belief, that such products embody the elements of one or more claims of the '449 and '399 patents, and therefore, infringe those patents under the U.S. patent laws, 35 U.S.C. § 271.

*See* Counterclaim [Dkt. # 170] ¶ 65 (emphasis added). Papst points to this language, noting that it is not explicitly limited to digital cameras, but alleges instead that "products, including digital cameras" infringe. Papst argues that because its Counterclaim is worded in this vague manner, Papst was not required to move to amend its Counterclaim or to amend its Asserted Claims and Infringement Contentions against HP. Papst is wrong.

This MDL has been pending since November 5, 2007, *i.e.*, over three years. When the MDL Panel transferred this litigation to this Court, the suit included the following five cases:

1. Casio, Inc. v. Papst Licensing GmbH & Co. KG, D.D.C. No. 06-1751;

2. Fujifilm Corp. v. Papst Licensing GmbH & Co. KG, D.D.C. No. 07-1118;

3. Papst Licensing GmbH & Co. KG v. Olympus Corp., D. Del. No. 07-415 (07-2086 (D.D.C.));

4. Papst Licensing GmbH & Co. KG v. Fujifilm Corp., N.D. Ill. No. 07-3401 (07-2087 D.D.C.) ; and

5. Papst Licensing GmbH & Co. KG v. Samsung Techwin Co., D.N.J. No. 07-4940 (07-2088 D.D.C.).

*See* MDL Transfer Order [Dkt. # 1]. The MDL Panel determined that "[t]he actions involve common factual allegations regarding *digital cameras* made by certain manufacturers, which Papst claims infringe two of its patents; the validity and enforceability of these patents is at issue in all five actions." *Id.* (emphasis added). The MDL Panel titled the litigation "In re Papst Licensing Digital Camera Patent Litigation." In sum, venue for these cases was transferred here because these cases all involved the question of whether *digital cameras* infringe the Patents.

Since the inception of this MDL, the Court and the parties have proceeded believing that the products at issue were digital cameras. The September 3, 2008 tutorial hearing, held in preparation for claims construction, was focused exclusively on digital cameras. The parties chose the terms for claims construction with an eye toward how such claims terms would apply to digital cameras. The Court held a claims construction hearing September 22 through 24, 2008, and rendered its final claims construction opinion and order on November 24, 2009. *See* Modified Claims Construction Op. [Dkt. # 336]; Modified Order [Dkt. # 337].[4] Further, a great deal of discovery has been completed with a focus on digital cameras. When discovery was stayed in November 2008, there were fewer than six weeks remaining for fact discovery on liability. Adding product categories

---

[4] The Modified Claims Construction Opinion and Order were issued upon reconsideration and replaced the original opinion and order filed on June 12, 2009. *See* Mem. Op. [Dkt. # 312]; Order [Dkt. # 313].

this late in the case would significantly expand and delay this litigation, thereby causing great prejudice to HP. *See, e.g., Realtime Data, LLC v. Packeteer, Inc.*, Civ. No. 08-144, 2009 WL 2590101, at *9 (E.D. Tex. Aug. 18, 2009) (prohibiting plaintiff from modifying its infringement contentions which would require defendants to continue litigating while starting discovery anew on new patents, claims and accused products); *Monolithic Power Sys., Inc. v. O2 Micro Internat'l Ltd.*, Civ. No. 08-4567 (N.D. Cal. Oct. 16, 2009) (denying plaintiff's request to add fifteen new products to patent infringement litigation because plaintiff had information regarding the products three months earlier but waited until after discovery was closed before moving to amend).

It should also be noted that HP recently acquired Palm Inc. as its subsidiary, but Palm remains a separate corporate entity. The matter of Papst's potential claims against Palm was raised at the August 31, 2010, status conference. The Court did not approve Papst's suggestion that it could bring its claims against Palm products into its suit against HP. Instead, the Court suggested that if Papst wanted to assert claims against Palm, it would have to file another suit. CMs' Mot. for Sanctions [Dkt. # 388], Ex. A (Tr. of Aug. 31, 2010 Hearing) at 46 (Court: "So there you have it. Now you know you would have to sue [Palm].")

Papst claims that camera phones are not really a new category of product — that they are merely digital cameras that also have the capability of making telephone calls. The Court rejects this rationale, noting again that the Court and the parties proceeded through years of discovery and claims construction with the sole focus on digital cameras. The addition of cell phones would require that discovery start from scratch on those accused products.

Papst argues that cell phones are already part of this MDL because in its suit against Sanyo, it alleged infringement by Sanyo products including cell phones with digital camera functions,

and it named specifically the Sanyo SCP-8500 camera phone as an infringing product. *Papst Licensing GmgH & Co. KG v. Sanyo Electric Co. Ltd.*, Civ. No. 09-530 (D.D.C.), First Am. Compl. [Dkt. # 8] ¶¶ 12 & 14. Notably, Papst's Final Asserted Claims and Infringement Contentions do not list the Sanyo cell phone SCP-8500 as an accused product. The Sanyo SCP-8500 cell phone is not part of this MDL.

In sum, Papst's Final Asserted Claims and Infringement Contentions regarding Palm products will be stricken.

### 2. Canon and Samsung Digital Cameras Sold by HP

In its Final Asserted Claims and Infringement Contentions, Papst also asserts that HP infringes the Patents via its sales of Canon and Samsung digital cameras. Under the "customer suit" doctrine, courts stay infringement suits against product sellers while litigation proceeds against the manufacturer who produced the infringing product. "[L]itigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). Underlying the customer suit doctrine is the preference that infringement determinations should be made in suits involving the true defendant, the party that controls the product's design, rather than suits involving secondary parties such as customers of the manufacturer. Accordingly, the Court will stay Papst's claims against HP as a seller of Canon and Samsung digital cameras.

### IV. CONCLUSION

Thus, the fact remains that the HP cameras do not infringe, as Papst has admitted, because they have no "second connecting device" as this Court has construed that term. That Papst disagrees with the Court's construction is of no moment at this juncture. The facts are clear. Papst

will not be allowed to entangle HP in expensive discovery on a whim or a bad legal theory to expand HP's potential liability. Papst's efforts come close to abuse of litigation and will not be countenanced by this Court. HP's motion to strike [Dkt. # 389] will be granted in part and denied in part as follows: Papst's Final Asserted Claims and Infringement Contentions [Dkt. # 416] will be stricken to the extent that they make claims against HP digital cameras and Palm products. Papst's Final Asserted Claims and Infringement Contentions against HP as a seller of Canon and Samsung digital cameras will be stayed until further order of the Court. As a result, all discovery as to HP, including discovery on invalidity, will be stayed until further order of the Court.

Date: February 2, 2011                                /s/
                                       ROSEMARY M. COLLYER
                                       United States District Judge