# UNITED STATES DISTRICT COURT
## for the District of Columbia

| | |
|---|---|
| In re Papst Licensing GmbH & Co. KG Litigation _____ This Document Relates To: *Papst Licensing GmbH & Co. KG v. Samsung Techwin Co., Ltd. and Samsung Opto-Electronics America, Inc.* No. 2:07-cv-4940 (D.N.J.) (KSH) | **Misc. Action No. 07-493 (RMC) MDL Docket No. 1880** Hon. Rosemary M. Collyer |

## Samsung Techwin and Samsung Opto-electronics America's Motion for Summary Judgment of Non-infringement as to Wrongfully Accused Products

Samsung Techwin Co., Ltd. ("STW") and Samsung Opto-Electronics America, Inc. ("SOA") (collectively, "STW/SOA") respectfully move for summary judgment of non-infringement as to certain accused products.

As further explained in the accompanying Memorandum of Points and Authorities in Support of this Motion, STW and SOA respectfully request that the Court grant summary judgment that neither STW nor SOA has infringed U.S. Patent Nos. 6,470,399 or 6,895,449 based on the following 47 products because STW/SOA has never made, used, sold, offered to sell, or imported in/into the United States any of these products:

| AQ100 | HZ50W | SL30 | SL620 | TL210 |
|---|---|---|---|---|
| CL65 | i80 | SL35 | SL630 | TL220 |
| CL80 | NX10 | SL40 | SL720 | TL225 |
| HZ10W | PL200 | SL420 | SL820 | TL240 |
| HZ15W | PL90 | SL50 | TL100 | TL320 |
| HZ25W | SL102 | SL502 | TL105 | TL350 |
| HZ30W | SL105 | SL600 | TL110 | TL500 |
| HZ35W | SL202 | SL605 | TL205 | TL90 |
| DigimaxA4 | DigimaxA40 | DigimaxA403 | DigimaxD85 | L83T |
| S1030 | S830 | | | |

Dated:  16 May 2011          Respectfully submitted,

                             */s/ Patrick J. Kelleher*

                             Patrick J. Kelleher
                             **DRINKER BIDDLE & REATH LLP**
                             191 N.  Wacker Dr.  #3700
                             Chicago, IL  60606
                             312.569.1000
                             *patrick.kelleher@dbr.com*

                             ***Attorneys for Samsung Techwin and***
                             ***Samsung Opto-Electronics America***

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE PAPST LICENSING GMBH & CO. KG
LITIGATION

_____

This Document Relates To:

*Papst Licensing GmbH & Co. KG*
*v.*
*Samsung Techwin Co., Ltd. and*
*Samsung Opto-Electronics America, Inc.*
No. 2:07-cv-4940 (D.N.J.) (KSH)

**Misc. Action No. 07-493 (RMC)**
**MDL Docket No. 1880**

Hon. Rosemary M. Collyer

---

## SAMSUNG TECHWIN AND SAMSUNG OPTO-ELECTRONICS AMERICA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT AS TO WRONGFULLY ACCUSED PRODUCTS

---

Dated: 16 May 2011

**Counsel for Samsung Techwin Co., Ltd. and Samsung Opto-electronics America, Inc.**

# TABLE OF CONTENTS

INTRODUCTION ...................................................................... 1

ARGUMENT .......................................................................... 3

I.   Standards on a Motion for Summary Judgment of Non-
     infringement. .............................................................. 3

II.  STW/SOA Has Not Infringed Papst's Patents Based on the
     Wrongfully Accused Non-STW Products. ............................... 4

III. STW/SOA Has Not Infringed Papst's Patents Based on the
     Wrongfully Accused Non-U.S. Products. ............................... 6

CONCLUSION ........................................................................ 8

# TABLE OF AUTHORITIES

## CASELAW

*Anderson v. Liberty Lobby, Inc.*
     477 U.S. 242 (1986) ................................................... 3

*Celotex Corp. v. Catrett*
     477 U.S. 317 (1986) ................................................... 3

*C.R. Bard Inc. v. Advanced Cardiovascular Inc.*
     911 F.2d 670 (Fed.Cir. 1990) ....................................... 3

*Cybor Corp. v. FAS Techs. Inc.*
     138 F.3d 1448 (Fed.Cir. 1998) (*en banc*) ......................... 4

*Intellectual Property Dev't Inc. v. UA-Columbia Cablevision of Westchester Inc.*
     336 F.2d 1308 (Fed.Cir. 2003) ..................................... 3

*Markman v. Westview Instruments Inc.*
     52 F.3d 967 (Fed.Cir. 1995) (*en banc*),
     aff'd, 517 U.S. 370 (1996) .......................................... 4

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*
     475 U.S. 574 (1986) ................................................... 3

*Tao v. Freeh*, 27 F.3d 635 (D.Cir. 1994) ........................... 3

### STATUTES

35 U.S.C. § 271(a) ...................................................................................4-5

### FEDERAL AND LOCAL RULES

Fed. R. Civ. P. 56(a) ................................................................................ 3

### TABLE OF EXHIBITS

| Ex. | DESCRIPTION |
| --- | --- |
| **1** | Summary of Accused "Samsung" Products Listed in Papst's Final Infringement Contentions |
| **2** | Declaration of Sang-Yoon Lee in Support of Joint Motion for Summary Judgment of Non-infringement |
| **Lee Decl. 3** | S830 User Manual (excerpt) |
| **SMF 4** | March 9, 2011 Letter from Jerold B. Schnayer, counsel for Papst, to Steven J. Routh, counsel on behalf of First Wave Camera Manufacturers |
| **SMF 5** | March 21, 2011 Letter from Brian C. Rupp, counsel for STW/SOA, to Jerold B. Schnayer, counsel for Papst |
| **SMF 6** | March 24, 2011 Letter from Jerold B. Schnayer, counsel for Papst, to Brian C. Rupp, counsel for STW/SOA |

## TABLE OF ABBREVIATIONS

| ABBREVIATION | TERM |
|---|---|
| "'399 patent" | U.S. Patent No. 6,470,399 |
| "'449 patent" | U.S. Patent No. 6,895,449 |
| "Accused Non-STW Products" | The following 40 alleged "Samsung" products identified in Papst's Final Infringement Contentions, which are also listed in **Table 3** of **Ex. 1**:<br><br>AQ100, HZ50W, SL30, SL620, TL210, CL65, i80, SL35, SL630, TL220, CL80, NX10, SL40, SL720, TL225, HZ10W, PL200, SL420, SL820, TL240, HZ15W, PL90, SL50, TL100, TL320, HZ25W, SL102, SL502, TL105, TL350, HZ30W, SL105, SL600, TL110, TL500, HZ35W, SL202, SL605, TL205, and TL90. |
| "Accused Non-U.S. Products" | The following 7 alleged "Samsung" products identified in Papst's Final Infringement Contentions, which are also listed in **Table 4** of **Ex. 1**:<br><br>DigimaxA4, DigimaxA40, DigimaxA403, DigimaxD85, L83T, S1030,  and S830. |
| "Final Infringement Contentions" | Papst's Revised Asserted Claims and Infringement Contentions [Dkt. No. 416] |
| "Lee Decl." | **Ex. 2**, Declaration of Sang-Yoon Lee in Support of Joint Motion for Summary Judgment of Non-infringement |
| "Papst's patents" | Collectively, U.S. Patent Nos. 6,470,399 and 6,895,449 |
| "SMF" | STW and SOA's Statement of Material Facts in Support of Motion for Summary Judgment of Non-infringement as to Wrongfully Accused Products |
| "Wrongfully Accused Products" | Collectively, the 40 Accused Non-STW Products and the 7 Accused Non-U.S. Products |

## Introduction

In its Revised Asserted Claims and Infringement Contentions ("Final Infringement Contentions"), Papst identifies over 350 alleged "Samsung" products, and accuses Samsung Techwin Co., Ltd. ("STW"), Samsung Opto-Electronics America, Inc. ("SOA") (STW and SOA, collectively, "STW/SOA"), Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Telecommunications America, LLC ("STA") of infringement based on such products. [SMF ¶ 1]. However, three of these accused infringers, SEC, SEA and STA, have never been parties to this litigation. [SMF ¶ 3]. On February 1, 2011, the Court entered an Order denying Papst's tardy attempt to add SEC, SEA and STA to the litigation. [Dkt. No. 425; SMF ¶ 4].

Because STW and SOA are the only "Samsung" entities that are parties to the litigation, STW and SOA asked Papst to withdraw its contentions regarding the alleged "Samsung" products that were not STW's or SOA's products.[1] Papst later withdrew its contentions with respect to some, but not all, of these products. However, Papst continues to accuse STW/SOA of

---

[1] For the Court's reference, Exhibit 1 is a complete summary of the accused "Samsung" products listed in Papst's Final Infringement Contentions. The summary breaks the accused products into five categories: 1) products *that Papst contends* are not part of these proceedings pursuant to various Court orders; 2) products withdrawn by Papst; 3) wrongfully Accused Non-STW Products that are the subject of this Motion; 4) wrongfully Accused Non-U.S. Products that are also the subject of this Motion; and 5) the remaining accused products.

infringement based on 47 products that STW/SOA never made, used, sold, offered to sell, or imported in/into the United States ("Wrongfully Accused Products"). [SMF ¶¶ 11-23]. This Motion is directed at the 47 Wrongfully Accused Products.[2]

Papst accuses the 47 Wrongfully Accused Products of infringement even though STW and/or SOA never made, used, sold, offered to sell, or imported them in/into the United States. [SMF ¶¶ 11-16, 18-23; *see also* Papst's Final Infringement Contentions, Part III titled "Identification of infringing devices and claims infringed," pp. 82-84, 89-91, 111-17, 133-37, 158-63, 170-72, 187-94, 205-06, 214-17 (Dkt. No. 416)]. Although STW/SOA has asked Papst to provide any documents or other information showing the basis for its allegations against STW/SOA concerning the Wrongfully Accused Products, Papst has failed to provide any such information. Instead, Papst has forced STW/SOA to waste both the parties' resources, as well as this Court's resources, to resolve a basic matter: STW/SOA cannot be liable for infringement for products that STW/SOA never made, used, sold, offered for sale, or imported in/into the United States.

---

[2]    Although Papst's Final Infringement Contentions identify hundreds of alleged "Samsung" products, the STW/SOA products that are the subject of the First Wave Camera Manufacturers' joint summary judgment motions filed on May 16, 2011 are limited to STW/SOA products and do not include the wrongfully Accused Non-STW Products.

<u>**ARGUMENT**</u>

**I.   <u>STANDARDS ON A MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT.</u>**

Summary judgment is as appropriate in patent cases as in other cases if the requirements of Rule 56(a) are satisfied.   *C.R. Bard Inc. v. Advanced Cardiovascular Inc.*, 911 F.2d 670, 672 (Fed.Cir. 1990); s*ee also Intellectual Property Dev't Inc. v. UA-Columbia Cablevision of Westchester Inc.*, 336 F.2d 1308, 1317 (Fed.Cir. 2003) (affirming summary judgment of non-infringement).

Summary judgment should be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed.R.Civ.P. 56(a).   The moving party must demonstrate, through portions of the record or affidavits, the absence of any genuine dispute of material fact.   *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

If the moving party meets its burden, the non-moving party then must present specific facts demonstrating a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In determining whether a genuine dispute of material fact exists, the Court must view all facts and reasonable inferences in the light most favorable to the non-moving party.   *Matsushita*, 475 U.S. at 587 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C.Cir. 1994).   To be "material" and "genuine," a factual dispute must be capable of affecting the substantive outcome of the case — that is, that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

The typical motion for summary judgment of non-infringement in a patent case follows a two step infringement analysis. First, the Court construes the claims as a matter of law. *See Markman v. Westview Instruments Inc.*, 52 F.3d 967, 976 (Fed.Cir. 1995) (*en banc*), *aff'd,* 517 U.S. 370 (1996). Second, the construed claims are compared to the accused instrumentality. *Id.*; *Cybor Corp. v. FAS Techs. Inc.*, 138 F.3d 1448, 1453 (Fed.Cir. 1998) (*en banc*).

Such an analysis is predicated, however, upon the accused party having made, used, sold, offered for sale in the United States, or imported into the United States, the accused instrumentality. Section 271(a) of the United States Patent Act allows a patentee to exclude others from making, using, selling, offering to sell, or importing in/into the United States a patented invention. 35 U.S.C. § 271(a). It follows that a party that does not perform any of these acts cannot be held liable for infringement. For the 47 Wrongfully Accused Products, STW/SOA has performed no such acts.

## II.   STW/SOA HAS NOT INFRINGED PAPST'S PATENTS BASED ON THE WRONGFULLY ACCUSED NON-STW PRODUCTS.

In June of 2007, Papst brought suit against STW/SOA alleging infringement of Papst's patents by "making, using, offering to sell or selling within the United States and/or importing into the United States . . . digital cameras" covered by Papst's patents. [Complaint, *Papst Licensing GmbH & Co. KG v. Samsung Techwin Co. and Samsung Opto-electronics America, Inc.*, No. 2:07-cv-4940 (D.N.J.) (KSH), p. 2 [Dkt. 32-3]]. Although Papst later attempted to add other entities to this litigation (over three years later), this Court denied

Papst's tardy efforts.   [Mem. Opinion Denying Papst's Motion to Amend Complaint, p. 2 [Dkt. No. 424]; SMF ¶ 4].   Accordingly, the only entities that are parties to Civil Action No. 2:07-cv-4940 (D.N.J.) (KSH) are STW and SOA. [SMF ¶ 5].

It is black letter law that to infringe another's patent, a party must make, use, offer to sell, or sell a patented invention within the United States, or import into the United States a patented invention.   35 U.S.C. § 271(a).   A party that does not make, use, offer to sell, or sell a patented invention within the United States, or import into the United States a patented invention, cannot be liable for infringement.   35 U.S.C. § 271(a).

Papst has accused STW/SOA of infringement based on various products, including the following 40 products (the "Accused Non-STW Products"):

| AQ100 | HZ50W | SL30  | SL620 | TL210 |
|-------|-------|-------|-------|-------|
| CL65  | i80   | SL35  | SL630 | TL220 |
| CL80  | NX10  | SL40  | SL720 | TL225 |
| HZ10W | PL200 | SL420 | SL820 | TL240 |
| HZ15W | PL90  | SL50  | TL100 | TL320 |
| HZ25W | SL102 | SL502 | TL105 | TL350 |
| HZ30W | SL105 | SL600 | TL110 | TL500 |
| HZ35W | SL202 | SL605 | TL205 | TL90  |

[Papst's Final Infringement Contentions, Part III titled "Identification of infringing devices and claims infringed," pp. 82-84, 89-91, 111-17, 133-37, 158-63, 170-72, 187-94, 205-06, 214-17 (excerpt) [Docket No. 424]; SMF ¶¶ 10-11].   However, none of the products listed above are STW or SOA products. [SMF ¶¶ 12-16].

STW/SOA never made, used, sold, offered to sell, or imported in/into the United States products bearing the model numbers/names identified as the Accused Non-STW Products.  [SMF ¶¶ 12-16].  Papst has failed to provide any documents or other information showing any good faith basis for its allegations that STW/SOA made, used, offered to sell, sold, or imported the Accused Non-STW Products, let alone raise any genuine dispute of material fact regarding the Accused Non-STW Products.  The reason Papst is unable to do so is simple—STW/SOA never made, used, sold, offered to sell, or imported in/into the United States the Accused Non-STW Products.  [SMF ¶¶ 12-16].  Papst's bare accusations of infringement relating to the wrongfully Accused Non-STW Products does not create a genuine dispute of fact that would preclude summary judgment in favor of STW/SOA.

## III.  STW/SOA HAS NOT INFRINGED PAPST'S PATENTS BASED ON THE WRONGFULLY ACCUSED NON-U.S. PRODUCTS.

Papst has also accused STW/SOA of infringement based on the following 7 products (the "Accused Non-U.S. Products"):

| DigimaxA4 |
|---|
| DigimaxA40 |
| DigimaxA403 |
| DigimaxD85 |
| L83T |
| S1030 |
| S830 |

[Papst's Final Infringement Contentions, Part III titled "Identification of infringing devices and claims infringed," pp. 82-84, 89-91, 111-17, 133-37,

158-63, 170-72, 187-94, 205-06, 214-17 (excerpt) [Docket No. 424]; SMF ¶¶ 17-18].  Despite Papst's accusations, STW/SOA never made, used, sold, offered to sell, or imported in/into the United States products bearing the model names/numbers identified as the Accused Non-U.S. Products.  [SMF ¶¶ 19-23].

Again, Papst is unable to provide any credible support for its allegations that STW/SOA infringe Papst's patents on the basis of the Accused Non-U.S. Products.  For example, Papst is unable to cite to a single website or physical store where the Accused Non-U.S. Products are offered for sale in the United States.

Instead, Papst points to some user manuals for the Accused Non-U.S. Products that identify SOA by name and suggests that is evidence that the Accused Non-U.S. Products were sold in the United States.  However, Papst's suggestion is wrong.  The department responsible for publishing STW's user manuals creates some user manuals without knowledge of where the products will be sold.  [SMF ¶¶ 24-25].  Accordingly, the user manuals for the Accused Non-U.S. Products list multiple STW affiliates from around the world, regardless of the countries in which the Accused Non-U.S. Products are actually later sold.  *Id.*  Papst's bare allegations of infringement relating to the wrongfully Accused Non-U.S. Products does not create a genuine dispute of fact that would preclude summary judgment in favor of STW/SOA.

## Conclusion

For STW/SOA to infringe Papst's patents, STW/SOA must either make, use, sell, offer for sale, or import in/into the United States the products covered by Papst's patents.   Here, STW/SOA has not committed any of the foregoing acts in connection with the Accused Non-STW Products and Accused Non-U.S. Products.   [SMF ¶¶ 12-16, 19-23].   Specifically, STW/SOA has never made, used, sold, offered for sale, or imported the Accused Non-STW Products at all, and STW/SOA has never made, used, sold, offered for sale, or imported in/into the United States the Accused Non-U.S. Products.   *Id.*

Despite the fact that STW/SOA has provided Papst with confidential sales information evidencing these facts, and although Papst is unable to produce any evidence to the contrary, Papst continues to assert that STW/SOA infringed Papst's patents based on the Accused Non-STW Products and Accused Non-U.S. Products.   Papst's assertions are without merit and are completely contradicted by the evidence presented in this case.   Accordingly, STW/SOA is entitled to judgment as a matter of law.

Dated:  16 May 2011                    Respectfully submitted,

/s/ Patrick J. Kelleher

**For Samsung Techwin Co., Ltd. and
Samsung Opto-Electronics America, Inc.**
Patrick J. Kelleher
Drinker Biddle & Reath LLP
191 North Wacker Drive
Suite 3700
Chicago, IL 60606-1698
E-mail:  patrick.kelleher@dbr.com
Phone: (312) 569-1375
Fax: (312) 569-3375

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on 16 May 2011 a copy of the following:

- *Samsung Techwin and Samsung Opto-Electronics America's Motion for Summary Judgment of Non-infringement as to Wrongfully Accused Products*

- *Samsung Techwin and Samsung Opto-Electronics America's Memorandum of Points and Authorities in Support of Motion for Summary Judgment of Non-infringement as to Wrongfully Accused Products*

was served via ECF on all counsel of record by filing through the United States District Court for the District of Columbia's Electronic Case Filing System.

Dated:  16 May 2011

*/s/ Patrick J. Kelleher*
Patrick J. Kelleher
**DRINKER BIDDLE & REATH LLP**
191 N.  Wacker Dr.  #3700
Chicago, IL  60606
312.569.1000
*patrick.kelleher@dbr.com*

***Attorneys for Samsung Techwin Co., Ltd. and Samsung Opto-Electronics America, Inc.***

- 1 -

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE PAPST LICENSING GMBH & CO.
KG LITIGATION

———————————————————

**This Document Relates To:**

  *Papst Licensing GmbH & Co. KG*
        *v.*
  *Samsung Techwin Co., Ltd. and*
  *Samsung Opto-Electronics America, Inc.*
  No. 2:07-cv-4940 (D.N.J.) (KSH)

**Misc. Action No. 07-493 (RMC)**
**MDL Docket No. 1880**

---

## SAMSUNG TECHWIN AND SAMSUNG OPTO-ELECTRONICS AMERICA'S STATEMENT OF MATERIAL FACTS ("SMF") IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT AS TO WRONGFULLY ACCUSED PRODUCTS

---

Dated: 16 May 2011            **Counsel for Samsung Techwin Co., Ltd. and Samsung Opto-electronics America, Inc.**

# TABLE OF CONTENTS

I.      Papst's Final Infringement Contentions Against "Samsung." .................. 1

II.     Court Order Denying Papst's Tardy Attempt to Add SEC, SEA, and
        STA to Papst's Lawsuit Against STW/SOA............................................. 2

III.    Papst's Withdrawal of Products From its Infringement Contentions....... 3

IV.     Papst's Continued Allegations With Respect to the Accused Non-
        STW Products. ....................................................................................... 4

V.      Papst's Continued Allegations With Respect to Accused Non-U.S.
        Products. ................................................................................................ 5

# TABLE OF EXHIBITS

| Ex. | DESCRIPTION |
|---|---|
| **1** | Summary of Accused "Samsung" Products Listed in Papst's Final Infringement Contentions |
| **2** | Declaration of Sang-Yoon Lee in Support of Joint Motion for Summary Judgment of Non-infringement |
| **Lee Decl. 3** | S830 User Manual (excerpt) |
| **SMF 4** | March 9, 2011 Letter from Jerold B. Schnayer, counsel for Papst, to Steven J. Routh, counsel on behalf of First Wave Camera Manufacturers |
| **SMF 5** | March 21, 2011 Letter from Brian C. Rupp, counsel for STW/SOA, to Jerold B. Schnayer, counsel for Papst |
| **SMF 6** | March 24, 2011 Letter from Jerold B. Schnayer, counsel for Papst, to Brian C. Rupp, counsel for STW/SOA |

## TABLE OF ABBREVIATIONS

| ABBREVIATION | TERM |
|---|---|
| "'399 patent" | U.S. Patent No. 6,470,399 |
| "'449 patent" | U.S. Patent No. 6,895,449 |
| "Final Infringement Contentions" | Papst's Revised Asserted Claims and Infringement Contentions [Dkt. No. 416] |
| "Lee Decl." | **Ex. 2**, Declaration of Sang-Yoon Lee in Support of Joint Motion for Summary Judgment of Non-infringement, Exhibit 2 to Motion for Summary Judgment |
| "Mar. 9, 2011 Letter" | **Ex. 4**, March 9, 2011 Letter from Jerold B. Schnayer, counsel for Papst, to Steven J. Routh, counsel on behalf of First Wave Camera Manufacturers |
| "Mar. 21, 2011 Letter" | **Ex. 5**, March 21, 2011 Letter from Brian C. Rupp, counsel for STW/SOA, to Jerold B. Schnayer, counsel for Papst |
| "Mar. 24, 2011 Letter" | **Ex. 6**, March 24, 2011 Letter from Jerold B. Schnayer, counsel for Papst, to Brian C. Rupp, counsel for STW/SOA |
| "Motion for Summary Judgment" | STW/SOA's Motion for Summary Judgment of Non-infringement as to Wrongfully Accused Products |
| "Papst's patents" | Collectively, U.S. Patent Nos. 6,470,399 and 6,895,449 |
| "SMF" | STW and SOA's Statement of Material Facts in Support of Motion for Summary Judgment of Non-infringement as to Wrongfully Accused Products |

Samsung Techwin Co., Ltd. ("STW") and Samsung Opto-Electronics America, Inc. ("SOA") (collectively "STW/SOA"), by counsel, pursuant to D.D.C. LCvR 7(h)(1) respectfully submit this Statement of Material Facts ("SMF") in support of their Motion for Summary Judgment of Non-infringement as to Wrongfully Accused Products.

## I.   PAPST'S FINAL INFRINGEMENT CONTENTIONS AGAINST "SAMSUNG."

**1.**  In Papst's Final Infringement Contentions, Papst identifies over 350 alleged "Samsung" products and accuses five "Samsung" entities, Samsung Techwin Co., Ltd. ("STW"), Samsung Opto-Electronics America, Inc. ("SOA") (STW and SOA, collectively "STW/SOA"), Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Telecommunications America,  LLC ("STA"), of infringement based on such products.

**Citation**:  Papst's Final Infringement Contentions,  pp. **3-4**, **82-84**, **89-91**, **111-17**, **133-37**, **158-63**, **170-72**, **187-94**, **205-06**, **214-17**.

**2.**  Papst's Final Infringement Contentions do not indicate whether Papst is accusing STW/SOA, SEC, SEA, or STA, or a combination of the foregoing entities, of infringement based on each of the alleged "Samsung" products identified in the Final Infringement Contentions.

**Citation**:  Papst's Final Infringement Contentions,  pp. **3-4**, **82-84**, **89-91**, **111-17**, **133-37**, **158-63**, **170-72**, **187-94**, **205-06**, **214-17**.

**3.**     Three of the five "Samsung" entities identified in Papst's Final Infringement Contentions, SEC, SEA and STA, are not and have never been parties to any litigation involved in this MDL proceeding (Docket No. 1880) (RMC).

**Citation**:  Papst's Final Infringement Contentions,  pp. **3-4;** Mem. Op. Denying Papst's Motion to Amend its Complaint to Add SEC, SEA and STA, **p. 2-3** [Dkt. No. 424]; Order Denying Papst's Motion to Amend its Complaint to Add SEC, SEA and STA [Dkt. No. 425] .

II.    **Court Order Denying Papst's Tardy Attempt to Add SEC, SEA, and STA to Papst's Lawsuit Against STW/SOA.**

**4.**     On February 1, 2011, the Court denied Papst's Motion to Amend Complaint to add SEC, SEA, and STA, and to add additional types of products, including camcorders, camera phones, and MP3 players/voice recorders to Papst's lawsuit against STW/SOA, Civil Action No. 2:07-cv-4940 (D.N.J.) (KSH).

**Citation**:  Mem. Op. Denying Papst's Motion to Amend its Complaint to Add SEC, SEA and STA, **p. 2-3** [Dkt. No. 424]; Order Denying Papst's Motion to Amend its Complaint to Add SEC, SEA and STA [Dkt. No. 425] .

**5.**     The only "Samsung" parties to any litigation involved in this MDL proceeding (Docket No. 1880) (RMC) are STW and SOA.

**Citation**:  Mem. Op. Denying Papst's Motion to Amend its Complaint to Add SEC, SEA and STA, **p. 2-3** [Dkt. No. 424]; Order Denying Papst's Motion to Amend its Complaint to Add SEC, SEA and STA [Dkt. No. 425] .

### III.   PAPST'S WITHDRAWAL OF PRODUCTS FROM ITS INFRINGEMENT CONTENTIONS.

**6.**     To date, Papst has withdrawn 189 alleged "Samsung" products from its Final Infringement Contentions, as evidenced by the Mar. 9, 2011 and Mar. 24, 2011 Letters whereby Papst states that these 189 products "are not currently part of these proceedings" pursuant to various Court orders.

**Citation**:   **Ex. 4**, Mar. 9, 2011 Letter, **pp. 1-4**; **Ex. 5**, Mar. 21, 2011 Letter, **p. 1**; **Ex. 6**, Mar. 24, 2011 Letter, **pp. 1-3**.

**7.**     **Table 1** of **Ex. 1** identifies the 189 alleged "Samsung" products Papst has withdrawn from its Final Infringement Contentions as a result of various Court orders.

**Citation**:   **Ex. 4**, Mar. 9, 2011 Letter, **pp. 1-4**; **Ex. 5**, Mar. 21, 2011 Letter, **p. 1**; **Ex. 6**, Mar. 24, 2011 Letter, **pp. 1-3**.

**8.**     On March 24, 2011, Papst withdrew an additional 26 alleged "Samsung" products from its Final Infringement Contentions because these 26 products were actually Sanyo products or were products already covered by a patent license from Papst.

**Citation**:   **Ex. 5**, Mar. 21, 2011 Letter, **p. 1**; **Ex. 6**, Mar. 24, 2011 Letter, **p. 1**.

**9.**     **Table 2** of **Ex. 1** identifies the 26 accused "Samsung" products Papst withdrew from its Final Infringement Contentions because the products were either Sanyo products or products licensed by Papst.

**Citation**: **Ex. 5**, Mar. 21, 2011 Letter, **p. 1**; **Ex. 6**, Mar. 24, 2011 Letter, **p. 1**.

## IV.   PAPST'S CONTINUED ALLEGATIONS WITH RESPECT TO THE ACCUSED NON-STW PRODUCTS.

10.   Papst has not withdrawn its contentions with respect to the 40 products listed in **Table 3** of **Ex. 1**.

**Citation**: **Ex. 6**, Mar. 24, 2011 Letter, **pp. 2-3**.

11.   Papst accuses STW/SOA of infringement of the '399 and/or '449 patents based on the 40 products listed in **Table 3** of **Ex. 1**.

**Citation**:   Papst's Final Infringement Contentions,   pp. **3-4**, **82-84**, **89-91**, **111-17**, **133-37**, **158-63**, **170-72**, **187-94**, **205-06**, **214-17**.

12.   STW never made any of the 40 products listed in **Table 3** of **Ex. 1**.
**Citation**: **Ex. 2**, Lee Decl. ¶ 7.

13.   STW never used any of the 40 products listed in **Table 3** of **Ex. 1**.
**Citation**: **Ex. 2**, Lee Decl. ¶ 8.

14.   STW never sold any of the 40 products listed in **Table 3** of **Ex. 1**.
**Citation**: **Ex. 2**, Lee Decl. ¶ 9.

15.   STW never offered for sale any of the 40 products listed in **Table 3** of **Ex. 1**.

**Citation**: **Ex. 2**, Lee Decl. ¶ 10.

**16.**   STW never imported into the United States any of the 40 products listed in **Table 3** of **Ex. 1**.

**Citation**:  **Ex. 2**, Lee Decl. ¶ 11.

**V.   PAPST'S CONTINUED ALLEGATIONS WITH RESPECT TO ACCUSED NON-U.S. PRODUCTS.**

**17.**   Papst has not withdrawn its contentions with respect to the 7 products listed in **Table 4** of **Ex. 1**.

**Citation**:  **Ex. 6**, Mar. 24, 2011 Letter, **pp. 2-3**.

**18.**   Papst accuses STW/SOA of infringement of the '399 and/or '449 patents based on the 7 products listed in **Table 4** of **Ex. 1**.

**Citation**:   Papst's Final Infringement Contentions,  pp. **3-4**, **82-84**, **89-91**, **111-17**, **133-37**, **158-63**, **170-72**, **187-94**, **205-06**, **214-17**.

**19.**   STW never made in the United States any of the 7 products listed in **Table 4** of **Ex. 1**.

**Citation**:  **Ex. 2**, Lee Decl. ¶ 13.

**20.**   STW never used in the United States any of the 7 products listed in **Table 4** of **Ex. 1**.

**Citation**:  **Ex. 2**, Lee Decl. ¶ 14.

**21.**   STW never sold in the United States any of the 7 products listed in **Table 4** of **Ex. 1**.

**Citation**:  **Ex. 2**, Lee Decl. ¶ 15.

**22.**    STW never offered for sale in the United States any of the 7 products listed in **Table 4** of **Ex. 1**.

<u>**Citation**</u>:  **Ex. 2**, Lee Decl. ¶ 16.

**23.**    STW never imported into the United States any of the 7 products listed in **Table 4** of **Ex. 1**.

<u>**Citation**</u>:  **Ex. 2**, Lee Decl. ¶ 17.

**24.**    The user manuals for the 7 products bearing the model names/numbers identified in **Table 4** of **Ex. 1** list multiple STW affiliates from around the world, including SOA, regardless of the countries in which the products are actually later sold.

<u>**Citation**</u>:  **Ex. 3**, S830 User Manual (excerpt); **Ex. 2**, Lee Decl. ¶¶ 18-20.

**25.**    The reason SOA is listed in the user manuals for the 7 products bearing the model names/numbers identified in **Table 4** of **Ex. 1** is because the department responsible for publishing STW's user manuals creates some user manuals without knowledge of where the products will be sold.

<u>**Citation**</u>:  **Ex. 2**, Lee Decl. ¶¶ 18-20.

Dated:  16 May 2011          Respectfully submitted,

*/s/ Patrick J. Kelleher*

**For Samsung Techwin Co. and
Samsung Opto-Electronics America, Inc.**
Patrick J. Kelleher
Drinker Biddle & Reath LLP
191 North Wacker Drive
Suite 3700
Chicago, IL 60606-1698
E-mail:  patrick.kelleher@dbr.com
Phone: (312) 569-1375
Fax: (312) 569-3375

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on 16 May 2011 a copy of the following:

- *Samsung Techwin Co., Ltd. And Samsung Opto-electronics America, Inc.'s Statement of Material Facts in Support of Motion for Summary Judgment of Non-infringement as to Wrongfully Accused Products*

was served via ECF on all counsel of record by filing it through the United States District Court for the District of Columbia's Electronic Case Filing System.

Dated:  16 May 2011

*/s/ Patrick J. Kelleher*
Patrick J. Kelleher
**DRINKER BIDDLE & REATH LLP**
191 N. Wacker Dr. #3700
Chicago, IL 60606
312.569.1000
*patrick.kelleher@dbr.com*

***Attorneys for Samsung Techwin Co., Ltd. and Samsung Opto-Electronics America, Inc.***

CH01/ 25727805