UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE PAPST LICENSING GMBH & CO. KG
LITIGATION

This Document Relates To:

Hewlett Packard Co. v. Papst Licensing GmbH &
Co. KG, 08-865 (D.D.C.)

Misc. Action No. 07-493 (RMC)

MDL Docket No. 1880

MEMORANDUM OPINION ON PAPST'S MOTION FOR PARTIAL
RECONSIDERATION OF THE COURT'S ORDER ON HP'S MOTION TO STRIKE

In this Multi District Litigation ("MDL"), Papst Licensing GmbH & Co. ("Papst") has alleged that digital camera manufacturers that sell products in the United States have infringed U.S. Patent Nos. 6,470,399 ("'399 Patent") and 6,895,449 ("'449 Patent") (collectively the "Patents"). The Camera Manufacturers ("CMs") seek a declaratory judgment of non-infringement and/or patent invalidity.[1]

---

[1] This litigation currently consists of First and Second Wave Cases. The "First Wave Cases," currently include: Fujifilm Corp. v. Papst, 07-cv-1118; Matsushita Elec. Indus. Co., Ltd. v. Papst, 07-cv-1222; Papst v. Olympus Corp., 07-cv-2086; Papst v. Samsung Techwin Co., 07-cv-2088; Hewlett Packard Co. v. Papst, 08-cv-865; and Papst v. Nikon Corp., 08-cv-985. The "First Wave Camera Manufacturers" include: Fujifilm Corporation; Fujifilm U.S.A., Inc.; Fujifilm Japan; Matsushita Electric Industrial Co., Ltd.; Victor Company of Japan, Ltd.; Olympus Corporation; Olympus Imaging America Inc.; Samsung Techwin Co.; Samsung Opto-Electronics America, Inc.; Panasonic Corporation of North America; JVC Company of America; Hewlett-Packard Company; Nikon Corporation; and Nikon, Inc. The "Second Wave Cases" are: Papst v. Canon, 08-cv-1406; Papst v. Eastman Kodak, 08-cv-1407; Papst v. Sanyo, 09-cv-530. The "Second Wave Camera Manufacturers" include: Canon, Inc.; Canon USA, Inc.; Eastman Kodak Company; Sanyo Electric Co., Ltd; and Sanyo North America Corporation. The Second Wave Cases are currently stayed. *See* Seventh Practice and Procedure Order [Dkt. # 391]. Filings in all cases are in the master docket, 07-mc-493.

Papst filed its Final Asserted Claims and Infringement Contentions, and then revised them pursuant to the consent of the parties and leave of Court on January 21, 2011. *See* Final Asserted Claims and Contentions [Dkt. # 416] (revising and replacing prior version at [Dkt. # 379]) (hereinafter "Final Asserted Claims and Infringement Contentions"). Hewlett Packard Company ("HP") moved to strike all of those claims and contentions that were asserted against HP because (1) they contravened Papst's admissions and representations to the Court that HP's accused devices do not infringe the Patents and (2) they improperly added new accused products to this litigation. The Court granted in part and denied in part the motion, striking the claims and contentions against HP's digital cameras and against Palm products and staying the claims and contentions against HP as a seller of digital cameras manufactured by other companies. Papst now moves for partial reconsideration, seeking reconsideration of the order striking the claims and contentions against HP's digital cameras. Papst does not seek reconsideration of the order as it relates to the Palm products or the stay of the claims against HP as a seller of digital cameras manufactured by others. In opposition, HP moves for sanctions, alleging that by filing the motion for reconsideration Papst and its counsel have unreasonably multiplied these proceedings. Both motions will be denied.

## I. FACTS

On May 28, 2008, Papst filed its Asserted Claims and Infringement Contentions pursuant to the Second Practice and Procedure Order [Dkt. # 36]. *See* Claims and Infringement Contentions [Dkt. # 110]. The Court held a claims construction hearing September 22 through 24, 2008, and rendered its final claims construction opinion and order on November 24, 2009. *See* Modified Claims Construction Op. [Dkt. # 336]; Modified Order [Dkt. # 337].[2]

---

[2] The Modified Claims Construction Opinion and Order were issued upon reconsideration and replaced the original opinion and order filed on June 12, 2009. *See* Op. [Dkt. # 312]; Order

Subsequently, Papst and HP filed a joint motion for entry of judgment in *Hewlett Packard Co. v. Papst Licensing GmbH & Co. KG*, 08-865 (D.D.C.). *See* Joint Mot. for J. [Dkt. # 346]. The judgment that Papst and HP proposed to be entered stated that HP's products do not infringe the Patents because they do not include a "second connecting device" as defined by the Court in the claims construction opinion. The judgment proposed stated:

> The Court has construed the term "second connecting device." (Doc. No. 337 at ¶ 8.). Solely for the purposes of this case no. 08-cv-865 and pursuant to the other conditions of this Judgment, Papst stipulates that under the Court's construction of that term, as further elaborated upon by the court in Doc. No. 336, the Accused Devices do not infringe any claim of either the '399 patent or the '449 patent. The basis for this stipulation of noninfringement is that each of the Accused Devices lacks an interface device having a plug or socket that permits a user readily to physically attach/detach the interface device to/from a data transmit/receive device outside the Accused Device. Nothing herein is a stipulation or admission by HP that any part of this language reads on any structure in any Accused Device. Papst disputes the aforementioned claim construction and submits that the Accused Devices do infringe the claims if they were correctly construed. HP disagrees. Papst reserves all rights to appeal all issues pertaining to the aforementioned claim construction and any finding of noninfringement based thereon. No stipulation is made by Papst regarding the effect of the Court's construction of other terms.

Joint Mot. for J. [Dkt. # 346], Ex. A (Proposed Judgment) ¶ 9. Papst also sought a stay of all proceedings in this MDL pending disposition of Papst's planned appeal of the entry of judgment in favor of HP. *See* Papst's Mot. to Stay All Other Proceedings [Dkt. # 347]. That motion explained, "Whatever happens in the appeal in the HP case would have a profound impact on the other cases [in this MDL]. Accordingly, it makes sense to await the result in the appeal of the HP case before undertaking further proceedings in the other cases." *Id*. at 1.

---

[Dkt. # 313]. Papst filed a second motion for reconsideration, but that motion was denied on January 29, 2010. *See* Order [Dkt. # 343].

The other Camera Manufacturers pointed out that because entry of judgment in the HP case would dispose of fewer than all of the parties and issues in this consolidated MDL, Papst would not be able to appeal judgment in the HP case without a certification under Federal Rule of Civil Procedure 54(b). *See* CM's Opp'n [Dkt. # 348] (citing *Spraytex, Inc. v. DJS&T*, 96 F.3d 1377, 1382 (Fed. Cir. 1996) ("Absent Rule 54(b) certification, there may be no appeal of a judgment disposing of fewer than all aspects of a consolidated case.")). Moreover, while the appeal of the HP judgment would have a profound impact on this MDL, only Papst and HP would be represented in that appeal. The Camera Manufacturers would have had no right to be heard in that appeal. The possibility that they could file an amicus brief was insufficient to protect their rights. Accordingly, the Court denied the joint motion for entry of judgment and Papst's motion to stay. *See* Minute Order entered July 30, 2010. Because the Court denied the motion, the stipulation between Papst and HP never went into legal effect. Even so, in the process of seeking entry of judgment, Papst repeatedly represented to the Court that the accused HP products do not infringe the Patents because they lack a "second connecting device" as defined by the Court. Those representations are detailed below.

In addition to denying the motions for entry of judgment and a stay, the Minute Order of July 30, 2010, required Papst and the Camera Manufacturers to "meet and confer and jointly submit a focused discovery proposal and deadlines." *See id*. Each party submitted its own proposal. *See* Proposal [Dkt. # 367].[3] The Court and the parties discussed the proposals at a status conference on August 31, 2010. At that conference, the Court directed Papst to bring its asserted claims and infringement contentions up-to-date, stating "[p]eople have to know what they're litigating about.

---

[3] The parties' separate proposals are included in the single filing at Docket # 367.

And only when you do [state your contentions] can you then say okay, this is the discovery we need for these reasons." CMs' Mot. for Sanctions [Dkt. # 388], Ex. A (Tr. of Aug. 31, 2010 Hearing) at 32. The Court expressly directed Papst to be specific in its asserted claims and infringement contentions:

> First you have to decide what your infringement contentions are. Only when you know what, what camera you're asserting [infringes] what claim and for what reason[,] can you possibly figure out what discovery you might need that you don't already have.

*Id*. at 33-34.

As a result of the August 31, 2010 status conference, the Court issued its Sixth Practice and Procedure Order. *See* Sixth Practice & Procedure Order [Dkt. # 372]. That Order defined the specificity required for the Final Asserted Claims and Infringement Contentions as follows:

> 2. No later than October 13, 2010, Papst shall file its Final Disclosure of Asserted Claims and Infringement Contentions. Separately for each opposing party, this Final Disclosure shall contain the following information:
>
> a. Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;
>
> b. Separately for each asserted claim, each accused apparatus, product, device, process, method, act or other instrumentality ("Accused Instrumentality") of each opposing party of which Papst is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known or by any product, device or apparatus which, when used, allegedly results in the practice of the claimed method or process;
>
> c. A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality,

including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.

d. For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

e. Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality; and

f. For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled.

*Id.* ¶ 2.[4]

Pursuant to the Sixth Practice and Procedure Order, on October 13, 2010, Papst filed its Final Asserted Claims and Infringement Contentions, and then revised them pursuant to the consent of the parties and leave of Court on January 21, 2011. *See* Final Asserted Claims and Contentions [Dkt. # 416] (revising and replacing prior version at [Dkt. # 379]).

The Court struck the Final Asserted Claims and Contentions against HP and its products because they contravened Papst's admissions — its affirmative statements of fact — that HP's accused devices do not infringe pursuant to the Court's construction of the term "second connecting device." *See* Mem. Op. [Dkt. # 426]. The Court explained its ruling as follows:

HP contends that Papst should be held to the affirmative statements of fact that it made to the Court. The Court agrees. Papst represented numerous times that the accused HP devices do not infringe because they do not include a "second connecting

---

[4] *See* Rule 3-1 of the Local Rules of Practice for Patent Cases before the U.S. District Court for the Northern District of California ("N.D. Calif. Local Patent Rules").

device" under the Court's claims construction. Papst proclaimed, "After the Court's rulings on claims construction, Papst studied the effect of the Court's rulings. Papst was able to determine that none of Hewlett-Packard's ("HP") accused devices met the Court's definition of 'second connecting device.'" *See* Papst's Reply in Support of Joint Motion for Entry of Judgment [Dkt. # 349] at 1. Papst elaborated, stating that "[f]rom this record the Federal Circuit can readily understand what it is that makes the HP devices noninfringing, namely, they lack ways for attaching external data transmit/receive devices." *Id.* at 8. In addition to declaring this fact in support of its motion for entry of judgment, Papst made the same assertion in its request for a stay of the MDL against the other Camera Manufacturers pending Papst's appeal of the HP matter. Papst's motion to stay averred, "Papst can stipulate to non-infringement in that case because each accused HP device 'lacks an interface device having a plug or socket that permits a user readily to physically attach/detach the interface device to/from a data transmit/receive device outside the' accused HP device." Papst's Mot. to Stay All Other Proceedings [Dkt. # 347] at 2. Papst again confirmed the fact that the HP devices do not infringe in its Opposition to the Camera Manufacturers' Proposal Regarding Resolution of This Case on Summary Judgment. *See* CMs' Proposal Regarding Resolution on Summ. J. [Dkt. # 353]. There, Papst stated, "HP and Papst were able to determine and agree that HP's accused products do not infringe the Court's construction of the term 'second connecting device.'" Papst's Opp'n to CMs' Proposal [Dkt. # 355] at 12; *see also* Papst's Surreply regarding CMs' Proposal [Dkt. # 366] at 1 ("HP happens to sell only cameras that everyone agrees do not infringe under the current construction of 'second connecting device.'"); *id.* at 7 ("If [the Court's claim construction is] affirmed, that eliminates HP's liability.").

Facts, stipulated into the record, are binding and conclusive and not subject to subsequent variation. *Christian Legal Soc'y Chapter of the Univ. of Cal.*, 130 S. Ct. 2971 (2010). Papst contends that its stipulation was not formally entered because it was conditioned on the entry of judgment and a stay of the case and the Court did not grant the motion for entry of judgment or for stay. But Papst cannot avoid the fact that by submitting the joint stipulation, Papst undertook to be bound by the factual statement[s] contained in the stipulation. Papst repeatedly admitted that the HP products [do] not infringe, not only in its motions for entry of judgment and stay, but also in opposition to the Camera Manufacturers' proposal to resolve the case on summary judgment. The Supreme Court long ago recognized the binding nature of counsel admissions in the context of a trial. "The power of the court to act in the disposition of a trial upon facts conceded by counsel is as plain as its power to act upon the evidence produced." *Oscanyan v. Arms Co.*, 103 U.S. 261, 263 (1880). The Court further explained:

> In the trial of a cause the admissions of counsel, as to matters to be proved, are constantly received and acted upon. They may dispense with proof of facts for which witnesses would otherwise be called. They may limit the demand made or the set-off claimed. Indeed, any

> fact, bearing upon the issues involved, admitted by counsel, may be the ground of the court's procedure equally as if established by the clearest proof.

*Id*. While Papst's affirmative statements of fact were not made in the course of a trial, the statements still constitute an admission in the unique circumstances presented here. To be clear, Papst is bound by its statement that HP's accused products do not infringe the Patents because they lack a "second connecting device" as such term has been construed by the Court in the Modified Claims Construction Opinion and Order. *See* Modified Claims Construction Op. [Dkt. # 336]; Modified Order [Dkt. # 337].

*Id*. at 7-9. The Court concluded:

> Thus, the fact remains that the HP cameras do not infringe, as Papst has admitted, because they have no "second connecting device" as this Court has construed that term. That Papst disagrees with the Court's construction is of no moment at this juncture. The facts are clear. Papst will not be allowed to entangle HP in expensive discovery on a whim or a bad legal theory to expand HP's potential liability. Papst's efforts come close to abuse of litigation and will not be countenanced by this Court. . . . Papst's Final Asserted Claims and Infringement Contentions [Dkt. # 416] will be stricken to the extent that they make claims against HP digital cameras . . . .

*Id*. at 14-15. Papst moves to reconsider.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(b) provides a procedural mechanism for courts to reconsider prior orders that do not constitute final judgments in a case. *DL v. Dist. of Columbia*, Civ. No. 05-1437(RCL), 2011 WL 1770468, *3 (D.D.C. May 9, 2011); *Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005). Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Relief under Rule 54(b) is available "as justice requires." *DL*, 2011 WL 1770468 at *3. "[A]sking 'what justice requires' amounts to determining, within the court's discretion, whether reconsideration is necessary under the relevant

circumstances." *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005). Circumstances that may be relevant include whether the court has "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court.'" *Ficken v. Golden*, 696 F. Supp. 2d 21, 35 (D.D.C. 2010). The burden is on the movant to show that some harm would accompany a denial of the motion to reconsider. "In order for justice to require reconsideration, logically, it must be the case that, some sort of 'injustice' will result if reconsideration is refused. That is, the movant must demonstrate that some harm, legal or at least tangible, would flow from a denial of reconsideration." *Cobell*, 355 F. Supp. 2d at 540.

### III. ANALYSIS

#### A. Papst's Motion for Reconsideration

Papst contends that reconsideration is warranted because the Court misunderstood its arguments, but Papst only repeats and elaborates upon arguments previously made. Notably, Papst does not seek to reinstate its claims and contentions that allege infringement based on connectors that are located inside HP cameras. Instead, Papst seeks to reinstate claims and contentions against HP based on HP's point-and-shoot cameras having a USB/printer connector or a memory card/Eye-Fi connector, or both. The Court addressed these new theories in its prior Opinion as follows:

> Papst made multiple representations of fact to this Court which it does not actually now disavow. It has merely asserted that it has a new theory or theories of infringement against HP's accused devices, which cannot carry the weight it would impose. The only new theory that Papst explains in any detail is its theory that HP cameras have sockets for the insertion of memory cards, including Eye-Fi memory cards which are capable of wireless communication. Papst contends that Eye-Fi cards are data transmit/receive devices that are connectable to HP's accused interface devices. The proposition that an HP product

that did not infringe when it was sold can be transformed into an infringing device by a third party's sale of a compatible transmit/receive device is dubious. *See, e.g., Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310–11 (Fed Cir. 2005) (a device does not infringe merely because it can be converted into an infringing device); *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551,1555 (Fed. Cir. 1995) ("The question is not what [a device] might have been made to do, but what it was intended to do and did do . . . . [T]hat a device could have been made to do something else does not of itself establish infringement.") (quoting *Hap Corp. v. Heyman Mfg. Co.*, 311 F.2d 839, 843 (1st Cir. 1962)). *Because the Court finds that Papst must be held to the truth of its assertion that the HP devices lack a "second connecting device," it is not necessary to reach this issue.* Papst's Final Asserted Claims and Infringement Contentions regarding HP digital cameras will be stricken.

Mem. Op. [Dkt. # 426] at 9-10 (emphasis added). As the Court explained, an analysis of Papst's new theories was not required. The Court found that Papst "must be held to the truth of its assertion that the HP devices lack a 'second connecting device.'" *Id*. at 10.[5]

Papst also contends that its statements that the HP cameras did not include a "second connecting device" are not binding because the statements were conditioned on the entry of a stipulation, the stipulation was never entered, and Papst withdrew the statements. The Court already considered Papst's claim that the statements were withdrawn and the stipulation that Papst and HP proposed was never entered. The Court found that Papst was bound by its statements of fact nonetheless:

> Papst cannot avoid the fact that by submitting the joint stipulation, Papst undertook to be bound by the factual statement contained in the stipulation. Papst repeatedly admitted that the HP products did not infringe, not only in its motions for entry of judgment and stay, but also in opposition to the Camera Manufacturers' proposal to resolve

---

[5] Papst also argues that it did not waive its new theories of infringement because at the time it filed the proposed entry of judgment in February of 2010 it had not thought of the new theories yet. This argument goes nowhere, as the Court's ruling was not based on waiver.

> the case on summary judgment. The Supreme Court long ago recognized the binding nature of counsel admissions in the context of a trial. [See] . . . *Oscanyan v. Arms Co.*, 103 U.S. 261, 263 (1880). . . . To be clear, Papst is bound by its statement that HP's accused products do not infringe the Patents because they lack a "second connecting device" as such term has been construed by the Court in the Modified Claims Construction Opinion and Order.

*Id*. at 8-9.

The Court also already rejected Papst's argument that the circumstances of this case can only be analyzed under a judicial estoppel theory. As the Court explained: "Papst correctly notes that its stipulation of non-infringement with HP was not adopted by the Court and that judicial estoppel does not prevent a party from changing its position when the position was never ruled on. . . . But HP does not rely on the doctrine of judicial estoppel. Instead, HP contends that Papst should be held to the affirmative statements of fact that it made to the Court. The Court agrees." *Id*. at 6-7.

Finally, Papst posits that its noninfringement statements cannot constitute binding admissions because they were mixed statements of law and fact and not simply statements of fact. This proposition is based on the faulty premise that the admissions included statements of law; they did not. Papst's statements were that HP's devices do not infringe because they do not include the requisite second connecting device. The Court construed the term "second connecting device" as a matter of law. *See* Modified Claims Construction Op. [Dkt. # 336]; Modified Order [Dkt. # 337]. While Papst proposed a different construction than the one adopted by the Court, it is the Court's statement of law that governs. In making its admissions, Papst accepted the Court's construction of the phrase — *i.e.*, Papst's statements that HP did not infringe were based on the Court's definition of the term "second connecting device." For example, when Papst and HP filed their joint motion for entry of judgment, the judgment that they proposed to be entered stated:

> The Court has construed the term "second connecting device." (Doc.

> No. 337 at ¶ 8.). *Solely for the purposes of this case no. 08-cv-865 and pursuant to the other conditions of this Judgment, Papst stipulates that under the Court's construction of that term, as further elaborated upon by the court in Doc. No. 336, the Accused Devices do not infringe any claim of either the '399 patent or the '449 patent.* The basis for this stipulation of noninfringement is that each of the Accused Devices lacks an interface device having a plug or socket that permits a user readily to physically attach/detach the interface device to/from a data transmit/receive device outside the Accused Device. Nothing herein is a stipulation or admission by HP that any part of this language reads on any structure in any Accused Device. *Papst disputes the aforementioned claim construction and submits that the Accused Devices do infringe the claims if they were correctly construed.* HP disagrees. *Papst reserves all rights to appeal all issues pertaining to the aforementioned claim construction and any finding of noninfringement based thereon.* No stipulation is made by Papst regarding the effect of the Court's construction of other terms.

Joint Mot. for J. [Dkt. # 346], Ex. A (Proposed Judgment) ¶ 9 (emphasis added). Papst's admissions that HP's products do not infringe were statements of fact based on the Court's statement of law. They were factual admissions and Papst is bound by them.

### B. HP's Motion for Sanctions

HP asks the Court to sanction Papst and its counsel (1) due to vexatious litigation sanctionable under 28 U.S.C. § 1927 or (2) due to litigation misconduct sanctionable pursuant to the inherent power vested in a court. HP views Papst's motion for reconsideration as improper and vexatious, accusing Papst of unreasonably and unnecessarily multiplying these proceedings. HP points out that a "Rule 59(e) motion for reconsideration is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Because there has been no change in controlling law or new evidence, HP

insists that reconsideration is improper.

But Papst did not move for reconsideration of a final judgment under Rule 59(e); instead, Papst sought reconsideration of a non-final order under Rule 54(b). As explained above, relief under Rule 54(b) is available "as justice requires," *DL*, 2011 WL 1770468 at *3, and whether "justice requires" involves an evaluation of all the circumstances, including whether a court misunderstood a party or made an error of apprehension. *Ficken*, 696 F. Supp. 2d at 35. Papst argued that the Court misunderstood the facts and its argument, and that the order striking its claims and contentions against HP was manifestly unjust. Further, while a court may order sanctions pursuant to § 1927 or pursuant to its inherent power, such sanctions require a finding of vexatiousness or misconduct supported by clear and convincing evidence. *Alexander v. FBI*, 541 F. Supp. 2d 274, 303 (D.D.C. 2008). HP has not met this standard. While the Court will deny Papst's motion for reconsideration, Papst's filing of the motion is not sanctionable.

## IV. CONCLUSION

As explained above, reconsideration is not warranted. Papst has not demonstrated that the Court misunderstood or misapprehended the relevant facts or Papst's position on the issue. Papst merely reiterates arguments already made and considered. Accordingly, Papst's motion for partial reconsideration [Dkt. # 433] will be denied. The motion itself does not give rise to sanctions. Thus, HP's motion to sanction Papst and its counsel [Dkt. # 437] will be denied. A memorializing Order accompanies this Memorandum Opinion.


Date: June 15, 2011                      /s/
                                    ROSEMARY M. COLLYER
                                    United States District Judge