UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
IN RE PAPST LICENSING GMBH & CO. KG )
LITIGATION                          )
                                    )   Misc. Action No. 07-493 (RMC)
**This document relates to**        )
                                    )   MDL No. 1880
Hewlett-Packard v. Papst 08-cv-865[1] )
                                    )
                                    )
_____ )

**MEMORANDUM OPINION RE: HEWLETT-PACKARD'S MOTION FOR SUMMARY JUDGMENT**

Papst Licensing GmbH & Co. KG, a German company, sues multiple manufacturers of digital cameras for alleged infringement of two patents owned by Papst: U.S. Patent Number 6,470,399 (399 Patent) and U.S. Patent Number 6,895,449 (449 Patent). Generally, Papst contends that digital cameras are "interface devices" that infringe the Patents.

Hewlett-Packard Company (HP), one of the Camera Manufacturers who is a party to a First Wave Case in this Multi District Litigation,[2] moves for summary judgment of

---

[1] *Hewlett-Packard v. Papst*, 08-cv-865 (D.D.C.) was transferred here from the Northern District of California, where it was assigned case number 5:08-cv-1732-JW.

[2] This Multi District Litigation currently consists of First and Second Wave Cases. The "First Wave Cases" are: *Fujifilm Corp. v. Papst*, 07-cv-1118; *Matsushita Elec. Indus. Co., Ltd. v. Papst*, 07-cv-1222; *Papst v. Olympus Corp.*, 07-cv-2086; *Papst v. Samsung Techwin Co.*, 07-cv-2088; *Hewlett-Packard Co. v. Papst*, 08-cv-865; and *Papst v. Nikon Corp.*, 08-cv-985. The "Second Wave Cases" currently are: *Papst v. Canon*, 08-cv-1406 and *Papst v. Sanyo*, 09-cv-530. The Camera Manufacturers who are parties to the First Wave Cases (sometimes referred to as the First Wave Camera Manufacturers) are: Fujifilm Corporation; Fujifilm U.S.A., Inc.; Fujifilm Japan; Panasonic Corporation (f/k/a as Matsushita Electric Industrial Co., Ltd.); Victor Company of Japan, Ltd.; Olympus Corporation; Olympus Imaging America Inc.; Samsung Techwin Co., Ltd.; Samsung Opto-Electronics America, Inc.; Panasonic Corporation of North America; JVC Company of America; Hewlett-Packard Company (HP); Nikon Corporation; and Nikon, Inc. The Second Wave Camera Manufacturers are Canon, Inc. and Canon USA, Inc.

1

noninfringement because, among other reasons, the Court already struck all of Papst's infringement contentions against products manufactured by HP. The motion for summary judgment will be granted.

# I. FACTS[3]

## A. The Invention

The invention at issue is a "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless of the Type of the I/O Device." 399 Patent, Title; 449 Patent, Title. Michael Tasler invented and patented the "interface device" and later sold the Patents to Papst. The invention was never produced or used.

The "interface device" is designed to provide data transfer between a data transmit/receive device and a computer without the need for special software; this is accomplished by telling the computer that the interface device is a transmit/receive device already known to the computer (and for which the computer already has drivers, i.e., software), regardless of what kind of data transmit/receive device actually is attached to the interface device. 399 Patent, Abstract; 449 Patent, Abstract; *see also* 399 Patent 5:67 & 6:1-22; 449 Patent 4:66-67 & 5:1-22.[4]

> The interface device according to the present invention therefore simulates, both in terms of hardware and software, the way in which a conventional input/output device functions, preferably that of a hard disk drive. As support for hard disks is implemented as

---

(collectively Canon) and Sanyo Electric Co., Ltd. and Sanyo North America Corporation (collectively Sanyo).

[3] This motion is one of eight filed by the Camera Manufacturers. In the interest of timely disposition, the Court does not recite the full background and assumes familiarity with its prior rulings. *See, e.g.,* Claims Construction Op. (Claims Constr. Op.) [Dkt. 336]; Sanctions Op. [Dkt. 429].

[4] The Patents are cited by column number, then a colon, then the line number.

> standard in all commercially available host systems, the simulation of a hard disk, for example, can provide host device-independent use. The interface device according to the present invention therefore no longer communicates with the host device or computer by means of a specially designed driver but by means of a program which is present in the BIOS system (Basic Input/Output System) and is normally precisely matched to the specific computer system on which it is installed, or by means of a specific program for the multi-purpose interface.

399 Patent 5:5-20; 449 Patent 4:9-24 (same). By directing the computer to communicate using customary software already in the computer, the interface device fulfills its purpose—to provide "communication between a host device and a data transmit/receive device whose use is host device-independent and which delivers a high data transfer rate." 399 Patent 3:24-27; 449 Patent 3:20-23 (same). In other words, the invention seeks to capitalize on software customarily found in a computer to allow communication with various data transmit/receive devices.

The 449 Patent is a continuation or divisional patent that is quite similar to the 399 Patent. The Patents share the same block diagram drawings, Figures 1 and 2. *See, e.g.*, 399 Patent 9:15-16 ("Figure 2 shows a detailed block diagram of an interface device, according to the present invention"); 449 Patent 8:15-16 (same). The 399 and 449 Patents also share much of the same specification. Even so, the 449 Patent covers other aspects of the invention; for example, the 449 Patent omits references to analog-to-digital data conversion. *Compare* 399 Patent 12:54-60 *with* 449 Patent 11:57-58.

Pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996), the Court construed the contested claims of the 399 and 449 Patents.[5] *See* Claims Constr. Op. [Dkt.

---

[5] *Markman* requires a district court to construe the contested claims of the patents before a jury can determine whether the accused products infringe. In claims construction, a court must interpret the words of each contested claim from the perspective of one skilled in the art at the time of invention, in light of the patent documents and the prosecution history. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005).

3

336]; Order [Dkt. 337]. As relevant here, the Court interpreted the "second connecting device" limitation in the 399 Patent to mean "a physical plug or socket for permitting a user readily to attach and detach the interface device with a plurality of dissimilar data transmit/receive devices, including a sampling circuit for sampling the analog data provided by the data transmit/receive device and an analog-to-digital converter for converting data sampled by the sampling circuit into digital data." Claims Constr. Op. [Dkt. 336] at 38-40. In the 449 Patent, the Court held that "second connecting device" means "a physical plug or socket for permitting a user readily to attach and detach the interface device with a plurality of dissimilar data transmit/receive devices." *Id*.

### B. HP and the HP Accused Cameras

In its Final Infringement Contentions, Papst accused the First and Second Wave Camera Manufacturers of infringement. *See generally* Final Infringement Contentions [Dkt. 416] (FICs).[6] The Final Infringement Contentions specify the products that are accused of infringement by manufacturer and model number. *See* FICs (Tables) (listing all of the Accused Products). The Accused Products include 59 point-and-shoot digital cameras that were manufactured by HP, the "HP Accused Cameras."

HP exited the digital camera business in 2007. HP Mot. for Summ. J. (HP MSJ) [Dkt. 454], Ex. 48 (Mewes Decl.). When it was in that business, it manufactured and sold basic point-and-shoot digital cameras with limited functionality. *Id.* Papst agrees that the HP Accused Cameras do not have the features many of the other Accused Products have, such the ability to attach/detach external devices like flash units and lenses. Papst Opp'n [Dkt. 470] at 6-7.

---

[6] The Final Infringement Contentions filed at docket 416 are a revised version of final contentions originally filed at docket 379.

### C. Procedural History

Pursuant to the Court's ruling on claims construction, Papst and HP agreed that all the HP Accused Cameras did not infringe the Patents and asked the Court to enter final judgment and to certify an immediate appeal. *See* Papst and HP Joint Mot. for J. [Dkt. 346]. The Court denied their request for certification for appeal under Federal Rule of Civil Procedure 54(b) because of its prejudice to the other Camera Manufacturers. *See* July 30, 2010 Minute Order; Op. on HP Mot. to Strike [Dkt. 426] at 3-4. This MDL has now reached the point where the First Wave Camera Manufacturers have filed motions for summary judgment, and the Court has ruled on most of them.

HP moves for summary judgment[7] of noninfringement of the 399 and 449 Patents on the grounds that (1) the Court already struck all of Papst's infringement contentions against the HP Accused Cameras; and (2) prior summary judgment rulings in the First Wave Cases, in combination, have determined that *all* Accused Products made by First Wave Camera Manufacturers (including HP) are noninfringing.[8] *See* HP MSJ [454]; HP Reply [506]. Papst opposes. *See* Papst Opp'n [Dkt. 470].

#### 1. Infringement Contentions Against HP Cameras Were Stricken

Due to Papst's admission and representation to the Court that the HP Accused Devices do not infringe because they do not include a "second connecting device" under the Court's claims construction, the Court struck the Final Infringement Contentions against HP

---

[7] In the alternative, HP renews its earlier motion for entry of final judgment. *See* Papst and HP Joint Mot. for J. [Dkt. 346]. Because summary judgment will be granted in favor of HP, HP's renewed motion for entry of final judgment will be rendered moot.

[8] HP also seeks summary judgment of noninfringement because the HP Accused Cameras do not meet all of the claims limitations. Because the Court grants summary judgment for reasons detailed here, it is not necessary to reach other issues.

Accused Cameras. *See* Op. on HP Mot. Strike [Dkt. 426] at 7-9, 15 (citing Papst Reply in Support of Joint Mot. for Entry of J. [Dkt. 349] at 1 ("After the Court's rulings on claims construction, Papst studied the effect of the Court's rulings. Papst was able to determine that none of Hewlett-Packard's . . . accused devices met the Court's definition of 'second connecting device.'")); Papst Mot. to Stay All Other Proceedings [Dkt. 347] at 2 ("Papst can stipulate to non-infringement in [the HP] case because each accused HP device lacks an interface device having a plug or socket that permits a user readily to physically attach/detach the interface device to/from a data transmit/receive device outside the accused HP device.") (internal quotation marks omitted). The Court determined that Papst was bound by its factual statements and thus Papst's infringement claims against HP digital cameras were stricken. Op. on HP Mot. to Strike [Dkt. 426] at 15. Papst moved for reconsideration, but its motion was denied. *See* Op. on Papst Mot. Recons. [Dkt. 458].

### 2. Infringement Allegations Against Palm Products Were Stricken

Having represented to the Court that HP cameras do not infringe under the Court's claim construction, Papst tried to bring new HP non-camera product lines into the case. Specifically, shortly after HP acquired Palm Inc. as its subsidiary, Papst filed its Final Infringement Contentions and included allegations of infringement against HP based on its sales of smartphones Palm Pixi, Palm Pixi Plus, Palm Pre, and Palm Pre Plus. *See* FICs, Table 12 at 222-223 & Table 13 at 254. The Court did not allow Papst to add the Palm products to this MDL and struck the Final Infringement Contentions against smartphones Palm Pixi, Palm Pixi Plus, Palm Pre, and Palm Pre Plus for the following reasons: (1) since this MDL began in 2007, the Court and the parties understood that the products at issue were digital cameras; (2) a great deal of discovery had been taken with a focus on digital cameras; and (3) adding product

categories so late in the litigation would significantly expand and delay the case, causing great prejudice to HP. *See* Op. on HP Mot. Strike [Dkt. 426] at 10-15.[9] Because the contentions against the Palm products were stricken, they were never part of this litigation.

### 3. Infringement Allegations Against HP as Seller Were Stayed

In response to HP's motion to strike infringement contentions, Papst for the first time alleged that HP infringed the Patents based on HP sales of digital cameras made by Canon and Samsung.[10] *See* Papst Opp'n to HP Mot. to Strike [Dkt. 394] at 6. Selling can be an act of infringement even if the seller is not also the manufacturer. 35 U.S.C. § 271(a). The Court stayed the claims against HP as a seller of Canon and Samsung products under the "customer suit" doctrine, whereby courts stay infringement suits against product sellers while litigation proceeds against the manufacturer who produced the infringing product, in the interest of litigating infringement against the party that controls the product design. Op. on HP Mot. Strike [Dkt. 426] at 14 (citing *Katz v. Lear Siegler*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) ("[L]itigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer.")). Accordingly, the Court stayed Papst's claims against HP as a seller of Canon and Samsung Products.

### 4. Prior Summary Judgment Rulings

Thereafter, the First Wave Camera Manufacturers filed eight summary judgment motions, and the Court granted summary judgment on various issues. The Second Wave Cases,

---

[9] In another ruling, the Court denied Papst leave to add cell phones and MP3 players to this litigation. *See* Sanctions Op. [Dkt. 388] at 12.

[10] While the Final Infringement Contentions allege broadly that all the Camera Manufacturers are liable for infringement due to the manufacture and sale of the Accused Devices, *see* FICs at 3, they do not specifically name HP as a seller of Canon or Samsung products. "Samsung products" are those accused products identified in the Final Infringement Contentions where Samsung is identified as the maker. *See* FICs (Tables).

in contrast, have been stayed since 2008.  The Second Wave Cases were added to this Multi District Litigation on the eve of claims construction.  The Courts stayed Papst's infringement claims against the Second Wave Camera Manufacturers to allow claims construction to move forward in the First Wave Cases.  *See* 4th Practice & Procedure Order [Dkt. 218].  The Court then continued to stay the Second Wave Cases because, after claims construction, the First Wave Cases were ready for summary judgment.  *See* 7th Practice & Procedure Order [Dkt. 391].  The Court noted that "[t]he resolution of the First Wave Cases may well serve to resolve the Second Wave Cases, as the majority of the issues are likely to be the same.  In the event that final judgment is entered in the First Wave Cases, the parties in the First Wave Cases can request a [Federal Rule of Civil Procedure] 54(b) certification for appeal."  *Id*. at 6.

As a result of the Court's summary judgment rulings in the First Wave Cases, "all the parties agree that, as a result of the combined effect of the Court's summary judgment rulings, all of the accused products have been determined by the Court to be noninfringing." Papst Reply in Support of its Mot. to Withdraw [Dkt. 543] at 3.  This statement refers to the following summary judgment rulings:  Op. Re Samsung MSJ [Dkt. 520]; Order Re Samsung MSJ [Dkt. 521]; Op. Re CM MSJ Re Memory Cards [Dkt. 524]; Order Re CM MSJ Re Memory Cards [Dkt. 525]; Op. Re CM MSJ re Data Transmit/Receive Device Claim Limitation [Dkt. 528]; Order Re CM MSJ re Data Transmit/Receive Device Claim Limitation [Dkt. 529]; Op. Re CM MSJ Re Input/Output Devise Customary In a Host Device [Dkt. 534]; Order Re CM MSJ Re Input/Output Devise Customary In a Host Device [Dkt. 535]; Op. Re CM MSJ re Table 15 Devices [Dkt. 536]; Order Re CM MSJ re Table 15 Devices [Dkt. 537].

## II. LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). On summary judgment, the burden on a moving party who does not bear the ultimate burden of proof in the case may be satisfied by making an initial showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.*

The burden then shifts to the nonmovant to demonstrate the existence of a genuine issue of material fact. The nonmovant may not rest on mere allegations or denials, but must instead by affidavit or otherwise, present specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324; *see also Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) (nonmovant must present specific facts that would enable a reasonable jury to find in its favor).

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "[t]he mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. In addition, if the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Summary judgment can be granted in a patent case if there is no dispute over the structure of the accused products, at which point the question of infringement "collapses" into the question of claim construction and may be resolved by the court. *Desper Prods., Inc. v. QSound Labs, Inc.*, 157 F.3d 1325, 1332-33 (Fed. Cir. 1998). The burden of proving infringement rests on the patent holder. *Welker Bearing Co. v. PHD, Inc.*, 550 F.3d 1090, 1095 (Fed. Cir. 2008). Thus, on summary judgment the Camera Manufacturers bear the burden of making an initial showing that there is an absence of evidence to support Papst's claim of infringement, and Papst bears the burden of presenting specific facts showing that there is a genuine issue for trial.

### III. ANALYSIS

**A. 399 Patent**

Papst withdrew its claim that the HP Accused Cameras infringe the 399 Patent because the HP Accused Cameras only have memory card connectors and PictBridge/USB connectors that receive *digital* data, while the 399 Patent calls for the interface device to receive *analog* data from a data transmit/receive device. "HP's 59 simple point-and-shoot cameras do not infringe the 399 patent under the Court's claim construction." Papst Opp'n to HP MSJ [Dkt. 470] at 25. The 59 cameras to which Papst refers are the HP Accused Cameras, as defined in this Opinion.[11] *See also* Papst Opp'n Re Memory Cards [Dkt. 480] at 3 n.2 (memory cards

---

[11] Papst refers to the 59 HP cameras listed by model number in Exhibit 1 [Dkt. 454-2] to the Mewes Decl. [Dkt. 454-1]. These 59 cameras are listed in the Final Infringement Contentions in Tables 12, 13, and 14. Excluding the Palm products (which are not part of this MDL), the only accused products listed in Tables 12, 13, and 14 that were manufactured by HP are these same 59 cameras.

10

cannot meet the "data transmit/receive device" limitation under the 399 Patent because memory cards provide digital data and the 399 Patent calls for the data transmit/receive device to provide analog data); Papst Opp'n to Mot. Re Second Connecting Device [Dkt. 478] at 2 ("[A]ccessories which in fact produce signals that are digital only would not by themselves lead to infringement of the 399 patent."); *cf.* Claims Constr. Op. at 40 (the "second connecting device" in the 399 Patent receives analog data from the data transmit/receive device). Because the HP Accused Cameras do not infringe the 399 Patent, summary judgment of noninfringement will be granted to HP on the 399 Patent.

### B. 449 Patent

HP's motion for summary judgment also will be granted with regard to the 449 Patent. First, as described above, the Court has stricken all of Papst's Final Infringement Contentions against the HP Accused Cameras, i.e., all Accused Products that were manufactured by HP. *See* Op. on HP Mot. to Strike [Dkt. 426]. Second, due to the combined effect of the Court's rulings on motions for summary judgment filed by First Wave Camera Manufacturers, *all* Accused Products made by First Wave Camera Manufacturers have been held not to infringe. *See* Papst Reply in Support of its Mot. to Withdraw [Dkt. 543] at 3;[12] Op. Re Samsung MSJ [Dkt. 520]; Order Re Samsung MSJ [Dkt. 521]; Op. Re CM MSJ Re Memory Cards [Dkt. 524]; Order Re CM MSJ Re Memory Cards [Dkt. 525]; Op. Re CM MSJ re Data Transmit/Receive Device Claim Limitation [Dkt. 528]; Order Re CM MSJ re Data Transmit/Receive Device Claim Limitation [Dkt. 529]; Op. Re CM MSJ Re Input/Output Devise Customary In a Host Device

---

[12] After Papst filed its Reply in Support of its Mot. to Withdraw [Dkt. 543], the Court also granted the Camera Manufacturers' motion for summary judgment of noninfringement of the 449 Patent regarding the "simulating a virtual file system" claim limitation. *See* Op. Re CM MSJ Re Simulating a Virtual File System [Dkt. 545]; Order Re CM MSJ Re Simulating a Virtual File System [546].

[Dkt. 534]; Order Re CM MSJ Re Input/Output Devise Customary In a Host Device [Dkt. 535]; Op. Re CM MSJ re Table 15 Devices [Dkt. 536]; Order Re CM MSJ re Table 15 Devices [Dkt. 537]. Specifically, the products found not to infringe the 399 and the 449 Patents include all of the HP Accused Cameras as well as all of the Accused Products manufactured by Samsung. Thus, even though Papst's infringement claim against HP as a seller of Samsung products was stayed, the claim against HP as a seller of Samsung products has become moot because the summary judgment rulings determined that the Accused Products manufactured by Samsung do not infringe. Summary judgment will be granted in favor of HP with regard to the claim that HP infringed the Patents as a maker of the HP Accused Cameras and with regard to the claim that HP infringed as a seller of Samsung products.

The claim remaining against HP, then, is Papst's claim that HP infringed when it sold Canon products. This claim was stayed pending adjudication of the Second Wave Cases; the Second Wave Cases include Papst's suit against Canon as a manufacturer. *See* 7th Practice & Procedure Order [Dkt. 391]. In the interest of obtaining a final appealable ruling with regard to Papst's claims against HP as manufacturer of the HP Accused Cameras and as seller of the Samsung products, HP seeks an order severing the claim against HP as a seller of Canon products. Federal Rule of Civil Procedure 21 authorizes a district court to "sever any claim against a party." Severance of claims is within a court's discretion. *Disparte v. Corporate Exec. Bd.*, 223 F.R.D. 7, 12 (D.D.C. 2004). Where claims arise from distinct sets of facts, they may be severed even though they rely on the same legal theory. *See, e.g.*, *Byrd v. District of Columbia*, Civ. No. 06-522(RCL), 2011 WL 3583243, at *30 (D.D.C. Aug. 16, 2011) (severing plaintiffs' claims for sexual harassment against same defendant because the claims arose from different sets of fact). Once a claim has been severed, it "proceeds as a discrete unit with its own final

judgment from which an appeal may be taken." *Disparte*, 223 F.R.D. at 12 (citation omitted).
Here, Papst's infringement claim against HP as a seller of Canon products is based on different facts than its infringement claims against HP as a manufacturer of HP Accused Cameras and as a seller of Samsung products. Papst notes that "the Canon-made cameras that are now being sold by HP are not like the simple point-and-shoot cameras because at least some of those Canon-made cameras have connectors for receiving interchangeable lenses and accessory shoe connectors for receiving external flash units." Papst Opp'n [Dkt. 470] at 5]. In the interest of efficiency and economy for the Court and the parties, the claim against HP as a seller of Canon products will be severed from the other Papst claims against HP and will be litigated with the cases against the Second Wave Camera Manufacturers, which include Canon.

A judgment of noninfringement of the 449 Patent will be entered in favor of HP (1) with regard to the HP Accused Cameras and (2) with regard to the allegation that HP infringed the Patents as a seller of Samsung products. Papst's claim against HP as a seller of Canon products will be severed from the First Wave Cases and will be litigated with the Second Wave Cases.

### C. Motion for More Discovery

Papst seeks additional discovery under Federal Rule of Civil Procedure 56(d). Mot. for Rule 56(d) Discovery [Dkt. 479]. Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). A party making a request for more discovery under Rule 56 must state concretely why additional discovery is needed. *Messina v. Krakower*, 439 F.3d 755, 762 (D.C. Cir. 2006). A conclusory assertion is insufficient. *Id*. A request for more discovery must show that "further *specific* discovery will defeat a summary judgment motion." *Maduforo v. Urban Serv. Sys. Corp.*, Civ. No. 09-0287, 2009 WL 2378743, at *1 (D.D.C. July 31, 2009). In light of Papst's concessions that the HP Accused Cameras do not infringe the 399 or the 449 Patents and in light of the Court's prior summary judgment rulings, Papst's request for more discovery regarding HP is moot and will be denied on that ground.

### D. Motion to File Surreply

Papst moved to file a surreply in opposition to HP's motion for summary judgment, as it has with every motion for summary judgment. *See* Mot. for Leave to File Surreply [Dkt. 510]. Because HP's reply brief did not raise new issues and because surreplies are disfavored in this district, the motion to file a surreply will be denied. *See Crummey v. Social Security Admin.*, 794 F. Supp. 2d 46, 62 (D.D.C. 2011).

## IV. CONCLUSION

HP's motion for summary judgment of noninfringement [Dkt. 454] will be granted and its alternative request, for entry of judgment, will be denied as moot. Summary judgment of noninfringement of the 399 and 449 Patents will be granted in favor of HP with regard to (1) the HP Accused Cameras and (2) the allegation that HP infringed the Patents as a seller of Samsung products. Papst's claim against HP as a seller of Canon products will be severed from the First Wave Cases and will be litigated with the Second Wave Cases.

Papst's motion for additional discovery [Dkt. 479] will be denied as moot with regard to that portion of the motion dealing with HP. Further, Papst's motion to file a surreply [Dkt. 510] will be denied. A memorializing Order accompanies this Opinion.

Date: October 8, 2013

/s/
ROSEMARY M. COLLYER
United States District Judge