|  |  |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. KG LITIGATION<br><br>This document relates to<br><br>ALL CASES | )<br>)<br>)<br>)  Misc. Action No. 07-493 (RMC)<br>)<br>)  MDL No. 1880<br>)<br>)<br>)<br>) |

**OPINION RE: CAMERA MANUFACTURERS' MOTION FOR SUMMARY
JUDGMENT ON "SECOND CONNECTING DEVICE"**

Papst Licensing GmbH & Co. KG, a German company, sues multiple

manufacturers of digital cameras for alleged infringement of two patents owned by Papst: the

U.S. Patent Number 6,470,399 (399 Patent) and U.S. Patent Number 6,895,449 (449 Patent).

The Camera Manufacturers[1] have moved for summary judgment of noninfringement of the 399

---

[1] This Multi District Litigation (MDL) currently consists of First and Second Wave Cases. The "First Wave Cases" are: *Fujifilm Corp. v. Papst*, 07-cv-1118; *Matsushita Elec. Indus. Co., Ltd. v. Papst*, 07-cv-1222; *Papst v. Olympus Corp.*, 07-cv-2086; *Papst v. Samsung Techwin Co.*, 07-cv-2088; *Hewlett-Packard Co. v. Papst*, 08-cv-865; and *Papst v. Nikon Corp.*, 08-cv-985. The "Second Wave Cases" currently are: *Papst v. Canon*, 08-cv-1406; and *Papst v. Sanyo*, 09-cv-530. The Camera Manufacturers (CMs) seeking summary judgment here are parties in the First Wave Cases; they are: Fujifilm Corporation; Fujifilm U.S.A., Inc.; Fujifilm Japan; Panasonic Corporation (f/k/a as Matsushita Electric Industrial Co., Ltd.); Victor Company of Japan, Ltd.; Olympus Corporation; Olympus Imaging America Inc.; Samsung Techwin Co., Ltd.; Samsung Opto-Electronics America, Inc.; Panasonic Corporation of North America; JVC Company of America; Hewlett-Packard Company (HP); Nikon Corporation; and Nikon, Inc.

and 449 Patents with regard to "second connecting device" claim limitation.[2] The motion will be denied without prejudice.

The Camera Manufacturers assert that many of the devices accused of infringement do not meet the "second connecting device" limitation of the 399 or 449 Patents.[3] *See* Mot. for Summ. J. Re Second Connecting Device [Dkt. 450]; Reply [Dkt. 502]. Papst opposes.[4] *See* Opp'n [Dkt. 478]. It is not necessary for the Court to address the arguments presented by the parties because, due to the combined effect of the Court's rulings on motions for summary judgment filed by First Wave Camera Manufacturers, *all* products accused of infringement that were manufactured by First Wave Camera Manufacturers have been held not to infringe. *See* Papst Reply in Support of its Mot. to Withdraw [Dkt. 543] at 3; Op. Re Samsung MSJ [Dkt. 520]; Order Re Samsung MSJ [Dkt. 521]; Op. Re CM MSJ Re Memory Cards [Dkt. 524]; Order Re CM MSJ Re Memory Cards [Dkt. 525]; Op. Re CM MSJ Re Data

---

[2] This motion is one of eight filed by the Camera Manufacturers. In the interest of timely disposition, the Court does not recite the full background and assumes familiarity with its prior rulings. *See, e.g.*, Claims Constr. Op. [Dkt. 336]; Sanctions Op. [Dkt. 429].

[3] The Court construed "second connecting device" in the 399 Patent to mean "a physical plug or socket for permitting a user readily to attach and detach the interface device with a plurality of dissimilar data transmit/receive devices, including a sampling circuit for sampling the analog data provided by the data transmit/receive device and an analog-to-digital converter for converting data sampled by the sampling circuit into digital data," and in the 449 Patent to mean "a physical plug or socket for permitting a user readily to attach and detach the interface device with a plurality of dissimilar data transmit/receive devices." *See* Claims Constr. Op. [Dkt. 336] at 40.

[4] Papst agrees, however, that some products do not infringe the 399 Patent because they do not meet the "analog data" requirement. *See* Opp'n [Dkt. 478] at 2 ("[A]ccessories which in fact produce signals that are digital only would not by themselves lead to infringement of the 399 patent"); *id.* at 4 ("Papst agrees that if in fact an accused product does not receive analog data from any external accessory, then it does not infringe the 399 patent under the Court's claims construction."); *id.* at 15 ("cameras that receive only digital data from the [data transmit/receive devices] do not infringe the 399 Patent . . . ."); *see also* Opp'n to HP's Mot. Summ. J. [Dkt. 470] at 25 (accused cameras that receive digital data, and not analog data, from memory cards and USB connectors do not infringe the 399 Patent).

2

Transmit/Receive Device Claim Limitation [Dkt. 528]; Order Re CM MSJ Re Data Transmit/Receive Device Claim Limitation [Dkt. 529]; Op. Re CM MSJ Re Input/Output Device Customary In a Host Device [Dkt. 534]; Order Re CM MSJ Re Input/Output Device Customary In a Host Device [Dkt. 535]; Op. Re CM MSJ Re Table 15 Devices [Dkt. 536]; Order Re CM MSJ Re Table 15 Devices [Dkt. 537] Op. Re CM MSJ Re Simulating a Virtual File System [Dkt. 545]; Order Re CM MSJ Re Simulating a Virtual File System [546]; Op. Re HP MSJ [Dkt. 547]; Order Re HP MSJ [Dkt. 548].

Accordingly, the Camera Manufacturers' motion for summary judgment of noninfringement regarding the "second connecting device" claim limitation [Dkt. 450] will be denied without prejudice. Because the Court denies the motion at issue here without prejudice, the portion of Papst's motion for additional discovery [Dkt. 479] regarding the "second connecting device" claim limitation will be denied without prejudice.[5] Papst's motion for leave to file a surreply regarding "second connecting device" [Dkt. 517] will be denied.[6] A memorializing Order accompanies this Memorandum Opinion.


Date: October 23, 2013
/s/
ROSEMARY M. COLLYER
United States District Judge

---

[5] Because Papst's motion for additional discovery [Dkt. 479] was addressed in each of the summary judgment rulings cited in this Opinion, the motion now has been adjudicated in full.

[6] Papst moved to file a surreply, as it has with every motion for summary judgment. *See* Mot. for Leave to File Surreply [Dkt. 517]. Because the Camera Manufacturers' reply brief did not raise new issues and because surreplies are disfavored in this district, the motion to file a surreply will be denied. *See Crummey v. Social Sec. Admin.*, 794 F. Supp. 2d 46, 62 (D.D.C. 2011).