UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. KG LITIGATION ) ) ) ) ) ) ) ) ) ) ) | Misc. Action No. 07-493 (RMC) Multi District Litig. No. 1880 |
| This document relates to ALL CASES | |

**OPINION RE: FINAL JUDGMENT OF NONINFRINGEMENT IN FIRST WAVE CASES AND RULE 54(b) CERTIFICATION**

Papst Licensing GmbH & Co. KG, a German company, brought suit against multiple manufacturers of digital cameras for alleged infringement of two patents owned by Papst: the U.S. Patent Number 6,470,399 (399 Patent) and U.S. Patent Number 6,895,449 (449 Patent). The parties agree that the Court should enter final judgment of noninfringement in the First Wave Cases and certify the judgment for appeal under Federal Rule of Civil Procedure 54(b) in order to permit immediate appeal of the First Wave Cases without waiting for a final ruling with regard to the Second Wave Cases.[1]

---

[1] This Multi District Litigation currently consists of First and Second Wave Cases. The First Wave Cases are: *Fujifilm Corp. v. Papst*, 07-cv-1118; *Matsushita Elec. Indus. Co., Ltd. v. Papst*, 07-cv-1222; *Papst v. Olympus Corp.*, 07-cv-2086; *Papst v. Samsung Techwin Co.*, 07-cv-2088; *Hewlett-Packard Co. v. Papst*, 08-cv-865; and *Papst v. Nikon Corp.*, 08-cv-985. The Second Wave Cases currently are: *Papst v. Canon*, 08-cv-1406 and *Papst v. Sanyo*, 09-cv-530.

1

## I. FACTS

Due to the combined effect of the Court's rulings on motions for summary judgment filed by First Wave Camera Manufacturers,[2] *all* products accused of infringement have been held not to infringe. *See* Papst Reply in Support of its Mot. to Withdraw [Dkt. 543] at 3; Op. Re Samsung MSJ [Dkt. 520]; Order Re Samsung MSJ [Dkt. 521]; Op. Re CM MSJ Re Memory Cards [Dkt. 524]; Order Re CM MSJ Re Memory Cards [Dkt. 525]; Op. Re CM MSJ Re Data Transmit/Receive Device Claim Limitation [Dkt. 528]; Order Re CM MSJ Re Data Transmit/Receive Device Claim Limitation [Dkt. 529]; Op. Re CM MSJ Re Input/Output Device Customary In a Host Device [Dkt. 534]; Order Re CM MSJ Re Input/Output Device Customary In a Host Device [Dkt. 535]; Op. Re CM MSJ Re Table 15 Devices [Dkt. 536]; Order Re CM MSJ Re Table 15 Devices [Dkt. 537]; Op. Re CM MSJ Re Simulating a Virtual File System [Dkt. 545]; Order Re CM MSJ Re Simulating a Virtual File System [546]; Op. Re HP MSJ [Dkt. 547]; Order Re HP MSJ [Dkt. 548]; Op. Re Second Connecting Device [Dkt. 551]; Order Re Second Connecting Device [Dkt. 552].

Papst and the First Wave Camera Manufacturers agree that a Rule 54(b) certification of final judgment of noninfringement should be issued in the First Wave Cases. *See* Papst Position on Rule 54(b) Certification [Dkt. 555]; CMs Brief Re J. in First Wave Cases [Dkt. 556]. The Second Wave Camera Manufacturers previously stated their consent to Rule 54(b) certification of final judgment in the First Wave Cases. *See* 2d Wave CMs Reply Re 6th Practice & Pro. Order [Dkt. 378] (2d Wave Reply).

---

[2] The First Wave Camera Manufacturers, in citations referred to as "CMs," are: Fujifilm Corporation; Fujifilm U.S.A., Inc.; Fujifilm Japan; Panasonic Corporation (f/k/a as Matsushita Electric Industrial Co., Ltd.); Victor Company of Japan, Ltd.; Olympus Corporation; Olympus Imaging America Inc.; Samsung Techwin Co., Ltd.; Samsung Opto-Electronics America, Inc.; Panasonic Corporation of North America; JVC Company of America; Hewlett-Packard Company; Nikon Corporation; and Nikon, Inc.

## II. LEGAL STANDARD

A party may appeal to the Federal Circuit as of right from a final judgment in a patent case, *see Nystrom v. Trex Co. Inc.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003), and the Federal Circuit has jurisdiction to hear such appeals, *see* 28 U.S.C. § 1295(a)(1). Further, under Federal Rule of Civil Procedure 54(b), a district court dealing with multiple claims or multiple parties may direct the entry of final judgment as to fewer than all of the claims or parties. Fed. R. Civ. P. 54(b). To do so, the court must make an express finding that there is no just reason for delay. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 3 (1980). "Absent Rule 54(b) certification, there may be no appeal of a judgment disposing of fewer than all aspects of a consolidated case." *Spraytex, Inc. v. DJS&T*, 96 F.3d 1377, 1382 (Fed. Cir. 1996).

In determining whether to grant a 54(b) motion, a court must first determine whether the judgment to be certified for appeal was "final," *i.e.* whether it was the ultimate disposition of an individual claim. *Curtiss-Wright*, 446 U.S. at 7. Second, the court must determine whether there is no just reason for delay, taking into account the federal policy against piecemeal litigation, the need for judicial efficiency, and whether an immediate appeal would be equitable. *Id.* at 8. A district court also must consider "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issue more than once even if there were subsequent appeals." *Id.* District courts have "substantial discretion" in determining whether there is no just reason for delay. *Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001). "Rule 54(b) allows a district court to act as a dispatcher and determine, in the first instance, the appropriate time when each final decision upon one or more but less than all of the claims in a multiple claims action is ready for appeal."

*Lava Trading, Inc. v. Sonic Trading Mgmt., LLC*, 445 F.3d 1348, 1350-51 (Fed. Cir. 2006) (internal quotation marks and citation omitted).

Notably, the Federal Circuit has heard appeals of Rule 54(b) certified judgments where the judgments concerned some, but not all, of the parties in Multi District Litigation. *See, e.g.*, *In re Gabapentin Patent Litig.*, 503 F.3d 1254, 1257 n.1 (Fed. Cir. 2007) (Federal Circuit accepted appeal of summary judgment of noninfringement in favor of first wave defendants; other groups of defendants were not part of appeal); *Apotex, Inc. v. Thompson*, 347 F.3d 1335, 1341 (Fed. Cir. 2003) (Federal Circuit heard appeal of Rule 54(b) certified judgment with respect to one set of defendants in consolidated case).

### III. ANALYSIS

The question of infringement of the 399 and 449 Patents has been finally adjudicated as to the First Wave Camera Manufacturers. The many Opinions and Orders issued on summary judgment, cited above, variously determined that all products accused of infringement do not infringe the Patents. Further, Papst and the First Wave Camera Manufacturers agree that a final judgment of noninfringement should be entered and the case should be certified for immediate appeal under Rule 54(b).[3] Mindful of the policy against piecemeal litigation as well as the need for judicial efficiency and equity, the Court finds no just reason for delay. Further, the First Wave Cases to be appealed are separable from the Second

---

[3] The parties disagree regarding the timing of such Rule 54(b) certification. Papst seeks certification now, while the First Wave Camera Manufacturers want to delay certification until after their proposed motion for attorney fees and sanctions is briefed and decided. Delay is not required. *See* Fed. R. Civ. P. 58, Advisory Committee Note Re 1993 Amendment (Rule 58 permits, but does not require, the court to delay final judgment until after an attorney fee dispute is resolved). Moreover, the delay that would be caused by such litigation is contrary to the efficient resolution of the merits.

Wave Cases, and the Federal Circuit will not be required to decide the same issue more than once even if there are subsequent appeals. *See Curtiss-Wright*, 446 U.S. at 8.

The remaining claims in the First Wave Cases that have not been adjudicated are invalidity and enforceability claims and counterclaims against Papst. The Court has found noninfringement and, consequently, it will dismiss as moot all other claims and counterclaims in the First Wave Cases. *See Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 355 F.3d 1361, 1371 (Fed. Cir. 2004) (district court has discretion to dismiss invalidity claims and counterclaims as moot when it has found noninfringement).

That the Second Wave Cases have not been adjudicated yet should not bar entry of final judgment in the First Wave Cases. The Second Wave Cases were added to this Multi District Litigation on the eve of claims construction in the First Wave Cases, and the Court stayed the Second Wave Cases to allow claims construction to move forward in the First Wave Cases. *See* 4th Practice & Pro. [Dkt. 218]. The stay was continued to enable the First Wave Cases to be adjudicated through summary judgment. *See* 7th Practice & Pro. Order [Dkt. 391] at 6 ("The resolution of the First Wave Cases may well serve to resolve the Second Wave Cases, as the majority of the issues are likely to be the same."). Thus, the Second Wave Cases have not progressed past the pleading stage. The Second Wave Camera Manufacturers agree that Rule 54(b) certification is appropriate upon entry of final judgment of noninfringement in the First Wave Cases:

> [T]his Court should allow the first wave Camera Manufacturers to pursue summary judgment of non-infringement without lifting the stay in the Second Wave Cases. Upon the conclusion of those proceedings, the Court should properly certify the judgment as final pursuant to Rule 54(b). There will be no just reason for delay because the Second Wave defendants have not participated substantively in the litigation, Federal Circuit review is likely to narrow the issues as to both the First Wave and Second Wave

defendants, and the resolution of Papst's infringement claims as to the First Wave [Camera Manufacturers] may facilitate settlement between both the First Wave and Second Wave [Camera Manufacturers] and Papst.

2d Wave Reply at 4.

## IV.  CONCLUSION

Accordingly, final judgment of noninfringement of the 399 and 449 Patents will be entered in the First Wave Cases in favor of the First Wave Camera Manufacturers, and all other claims or counterclaims in those cases will be dismissed as moot.  This final judgment of noninfringement will be certified for immediate appeal to the U.S. Court of Appeals for the Federal Circuit under Rule 54(b), as there is no just reason for delay.  A memorializing Order accompanies this Memorandum Opinion.


Date:  November 14, 2013                       /s/
                                        ROSEMARY M. COLLYER
                                        United States District Judge