**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE PAPST LICENSING GMBH & CO. KG PATENT LITIGATION** | **Misc. Action No. 07-493 (RMC)** |
| | **MDL No. 1880** |
| **The Document Relates To:** **ALL CASES** | |

## JOINT PROPOSED SCHEDULING ORDER

In accordance with this Court's order, the parties hereby submit this joint proposed schedule. As a threshold issue, the parties address whether the Court should adopt in full, the Local Patent Rules for the Northern District of California for the purpose of applying such rules to this case.

For the purpose of this multi-district litigation, Papst Licensing GmbH & Co. KG ("Papst") will be treated as the plaintiff and all other parties (the "Camera Manufacturers" or "CMs") will be treated as the defendants.

**Amendment of Pleadings**

Papst's Position:  Papst respectfully submits that it will seek to amend the complaint to include infringement claims based on United States Patent Nos. 8,504,746 and 8,966,144. These patents issued on August 6, 2013, and February 24, 2015, respectively. They are continuation patents substantially identical to the Patents-in-Suit.  Papst does not intend to add any parties to this proceeding through this amendment. Papst proposes that it will file its amended complaint by June 29, 2015.

<u>Camera Manufacturers' Position</u>:  The Camera Manufactures respectfully submit that the amendment of pleadings in this matter should be resolved before the case schedule is finalized.  In addition, because the deadline to amend pleadings was June 25, 2008, any amendment of pleadings shall only be made by stipulation of all parties or by leave of Court, granted on a properly noticed motion.  Dkt. 36, ¶ 19 (Second Practice & Procedure Order).

Despite the fact that the deadline to amend pleadings passed before this Court even issued a *Markman* ruling and long before the case went to the Federal Circuit, Papst asks to reopen the amendment of pleadings so that Papst can add counts for infringement of two additional patents and possibly further amend the pleadings.  Contrary to Papst's stated position, the patents Papst seeks to add to this case, U.S. Patent Nos. 8,504,746 and 8,966,144, are not "substantially identical" to the Patents-in-Suit.  The '746 and '144 Patents have 35 and 87 claims, respectively, and numerous new claim terms, which may need to be adjudicated for claim construction, non-infringement, and invalidity.  These patents also have over 12,000 pages of file history, covering more than a decade of prosecution in the Patent Office, that would need to be evaluated and addressed during claim construction proceedings.  If the case is expanded to add these new patents – or if the scope of the case is expanded by, for example, adding new accused products – this would increase the scope of the case significantly, and the Camera Manufacturers would propose a different case schedule, with different patent-related limits (such as claim terms, etc.), and different discovery limits as needed.

The Camera Manufacturers respectfully submit that Papst's open-ended request to reopen the amendment of pleadings should be denied.  In the event that the Court is willing, however, to entertain Papst's request, any amendment should occur only through a noticed motion.  The

Camera Manufacturers also respectfully suggest that if Papst files such a motion, the case be stayed, with a status conference held following the motion to address the case schedule.

The Camera Manufacturers' proposals below are premised on the case having the same scope as prior to the appeal, in that Papst is not permitted to expand the scope of the case by adding parties, claims, patents or accused products, and that the only modifications to the scope of Papst's infringement contentions will be those necessary in light of the partial reversals by the Federal Circuit of this Court's claim construction, and no more.

**Use of the Patent Local Rules of the Northern District of California**

Agreed Position:  The parties agree that the Local Patent Rules for the Northern District of California shall apply with some modifications.

Papst's Position:  Papst respectfully submits that the Local Patent Rules for the Northern District of California provide a useful framework. But given the procedural posture of this case and the extensive work done by the Court to date, as well as the further rulings and clarifications by the Federal Circuit, the schedule should be tailored accordingly. For example, the rules contemplate the parties conducting a full round of claim construction and all the tasks related thereto. But this Court has already extensively analyzed and construed more than 20 claim terms of the patents-in-suit and the Federal Circuit has now further clarified several other terms. Accordingly, any additional claim construction or clarification can primarily be addressed as part of dispositive motions practice. Papst has thus used the Northern District of California Local Patent Rules, as well as this Court's prior scheduling orders, as a framework in its schedule proposal.

Camera Manufacturers' Position:  The Camera Manufacturers submit that the Local Patent Rules for the Northern District of California offer procedures to efficiently manage the patent disclosures and claim construction process.  The Camera Manufacturers propose that the Patent

Local Rules apply, but have modified the time periods between certain events to accommodate the number of parties and products at issue.

**Stay of the Second Wave Camera Manufacturers**

Agreed Position:   The parties propose that the cases against the Second Wave manufacturers remain stayed.

**Stay of Fact Discovery and Bifurcation**

Papst's Position:  Papst respectfully submits that discovery in this First Wave case should resume, for both liability and damages.  The initial cases in this MDL were first filed in 2006-2007 and consolidated in 2008.   Since then, there have been only three fact depositions and no resolutions with any of the remaining defendants.  The absence of an amicable resolution is in-part due to the absence of concrete information from which Papst can base an appropriate settlement position.  Allowing the parties to take discovery, on both liability and damages, will allow the parties to have the information needed to properly evaluate their case.  Papst intends to seek only the discovery that is permitted under the Federal Rules of Civil Procedure and consistent with the discovery and depositions routinely provided in patent cases.

Camera Manufacturers' Position:  Given the complexity of this case, including the number of parties in this matter and wide range of products at issue, the Camera Manufacturers propose that the Court should continue the bifurcation of liability and damages as the most efficient means to proceed with this case.   *See* Dkt. 36, ¶ 22 ("Liability and damages shall be bifurcated for discovery and for trial.   *See* Fed. R. Civ. P. 42(b) (to expedite and economize, the court may order bifurcation).  Accordingly, discovery on the issue of damages and willfulness is STAYED pending a determination of liability.").  In addition, the Camera Manufacturers propose that only discovery relating to claim construction take place between now and the *Markman* hearing, and that to most

efficiently complete discovery on relevant issues, the Court set deadlines for open and close of fact and expert discovery at a status conference following the *Markman* ruling.

Contrary to Papst's assertion, substantial discovery has occurred.  What has not taken place is damages discovery.  That discovery, however, may never need to proceed, or it may be narrowed substantially by the elimination of certain categories of products from the case.  Given the wide range of products at issue and the fact that claim construction may very well be dispositive, as it was previously, the Camera Manufacturers submit that the fair and judicious approach is to stay the burden and expense associated with such discovery until it is clear that it will actually be necessary.

Moreover, as the Court is aware, Papst has a track record of attempting to impose overly broad and burdensome discovery on the Camera Manufacturers.  *See*, *e.g.*, Dkt. 545 at 18 (the Court criticizing Papst for submitting "extraordinarily broad discovery").  Papst does not need to engage in such discovery for the purpose of evaluating settlement with Camera Manufacturers.  In light of Papst's history of misuse of discovery, the Camera Manufacturers respectfully submit that discovery should not proceed until such time the issues in the case are crystallized in such a manner that the parties can agree on a narrowly tailored set of discovery necessary for Papst to evaluate and prosecute its claims.

The Camera Manufacturers also note that Papst resolved their cases against numerous parties without the need for damages discovery.  Specifically, Papst's cases against Casio, Kodak, Konica-Minolta, and Ricoh all have been resolved without damages discovery.

Although, as noted by Papst, some of the cases in this MDL were filed in 2006 and 2007, many were filed in 2008, including the cases involving Nikon, HP, Konica-Minolta, Ricoh, Sanyo, and Canon.

**Interrogatories, Requests for Production, and Requests for Admission**

Agreed Position:   Each party continues to be limited to a maximum of twenty-five interrogatories, twenty-five requests for production, and twenty-five requests for admission against an opposing party, including discrete subparts.[1]  Responses to all interrogatories shall be made thirty (30) days after service.  The Camera Manufacturers shall serve joint requests upon Papst to the extent possible and each of those joint requests shall count against each of the Camera Manufacturers' limits.  Papst also shall serve joint requests upon the Camera Manufacturers to the extent possible, and each of those shall count against Papst's request limit for each individual Camera Manufacturer.

**Depositions**

Agreed Position:   Papst is limited to a maximum of five depositions of each Camera Manufacturer and their officers, directors, and employees.  For the purpose of this limitation on depositions, a foreign corporation Camera Manufacturer together with its U.S. subsidiary is deemed to be a single entity (such as Panasonic Corporation and Panasonic Corporation of North America).

Unless agreed to by the parties or ordered by the Court, no individual or entity shall be deposed in this action more than one time.  The Camera Manufacturers shall appoint a lead counsel for each deposition.  Counsel for each Camera Manufacturer may participate in the deposition, but shall not duplicate questions already asked of the deponent.

Unless agreed to by the parties or ordered by the Court, depositions of party representatives shall take place in Washington, D.C., except that representatives of corporations located in Japan or

_____

[1] For clarification, the parties' previously served discovery count towards these discovery limits. The duty to supplement shall be applicable to those previously served discovery requests.

Korea who are traveling to the U.S. for depositions may be deposed in Washington, D.C., on the West Coast, or in Chicago, Illinois, at their option. For all depositions, the court reporter of the taking party's choosing will administer the oath to the witness. For depositions using an interpreter, time will be measured using a 1.5x multiplier. For example, the 7 hour time limit will be increased to 10.5 hours for depositions with an interpreter.

Papst's Position: Papst respectfully submits that the Camera Manufacturers shall be limited to a maximum seven depositions of Papst and its officers, directors, and employees and ten depositions total. If a deposition is held outside of the United States, there is not a requirement that the deposition be held at the United States Embassy or any other governmental location. Unless stated differently herein, all depositions should proceed under the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Columbia. In response to the CMs' effort to secure two additional depositions of the inventor Mr. Tasler, Papst notes the CMs have already taken Mr. Tasler's deposition. That said, if discovery is allowed to proceed via this proposed new schedule and case-management plan, Papst will agree to make Mr. Tasler available for one more deposition in Washington, D.C., at Defendants' cost.

Camera Manufacturers' Position: The Camera Manufacturers submit there is not a valid basis to depart from the Court's earlier Second Practice and Procedure Order specifying that the Camera Manufacturers shall be entitled to take 10 depositions of Papst and its officers, directors, and employees. Papst seeks to limit Camera Manufacturers to a total of ten (10) depositions, including third party depositions, yet leaves itself with an unlimited number of third-party depositions. Nor do the Camera Manufacturers agree to methods of taking foreign depositions that do not comply with U.S. treaties on foreign discovery or other requirements of foreign law.

The Camera Manufacturers request that Papst shall make Michael Tasler available in the United States for further deposition on claim construction during the claim construction discovery period and make him available for a deposition on infringement and invalidity issues during the fact discovery period on non-claim construction issues.  The Camera Manufacturers also request that Papst be ordered to bear the costs of the claim construction deposition.  Papst states that it will make Mr. Tasler available for deposition only if its proposed discovery plan is adopted and the Camera Manufacturers pay for the cost of the deposition.  But Papst disregards that it previously agreed to make Mr. Tasler available for multiple days of deposition including one on claim construction and additional days during fact discovery.  *See* Attachment A (email dated June 18, 2008; counsel for the Camera Manufacturers informing Papst's counsel that the Camera Manufacturers agreed to Papst's proposal whereby the Camera Manufacturers agreed to pay for reasonable airfare for Mr. Tasler for his travel to the United States for the days of deposition beyond the initial deposition).  Moreover, Papst improperly cut off Mr. Tasler's claim construction deposition because its counsel had scheduled "an appointment."  *See* Attachment B, Deposition of Michael Tasler, July 12, 2008, at 137:14-18 (Mr. Schnayer:  "I'm not going beyond 5 o'clock.  I have an appointment tonight anyway."); 137:25-138:2 (Mr. Schnayer: "I'm just telling you it's now 5 o'clock and I have an appointment that I need to go to and it's the end of the day.").   In doing so, Papst's counsel affirmatively acknowledged that Mr. Tasler would be made available at a later date for another deposition.  *Id*. at 137:16-18 (Mr. Schnayer:  "So I'm sorry but, you know, you'll have more time with this witness.  You'll just have to do it then."); 138:5-8 (Mr. Schnayer: "Since we have more time with the witness, you can take the time at the next occasion.  So I would like to break and go off the record at this point.").  Papst's attempt to recant on its prior agreement should be rejected, and given that the second claim construction deposition results from Papst's

improper cut off of the Tasler deposition, Papst should be required to bear the costs for that deposition.

**Document Production**

Agreed Position:  The parties shall produce or serve, as applicable, documents, excluding large appendices, on each other by email.  Documents will be produced or served in searchable PDF format except for any discovery documents requiring a response (for example, but not limited to, discovery requests) which will be served in both PDF and word format.  Any large appendices will be sent overnight for next day delivery.  Computation of time will be governed by Federal Rules of Civil Procedure 5 and 6.

Discovery of electronically stored information shall be governed by the Federal Rules of Civil Procedure and this Court's Local Rules.  If additional procedures are needed or employed, then the parties can meet and confer to establish appropriate procedures.   If the parties are unable to agree to the particulars, the parties shall address the issue to the Court by scheduling a telephone conference.

The parties shall produce electronically stored information as it is kept in the usual course of business, or as otherwise agreed between the parties.    To the extent that either party wishes to bear the financial burdens associated with the production in a particular format (such as, for example, TIFF) the producing party shall produce its electronically stored information in the format requested by the requesting party upon receipt of payment of the estimated costs  of production in the requested format.

**Initial Disclosures**

Agreed Position:  To the extent the parties have discovered information necessitating the supplementation of initial disclosures, they shall submit supplemental initial disclosures pursuant

to Fed. R. Civ. P. 26(a)(1) no later than <u>July 2, 2015</u>.  Federal Rule of Civil Procedure 26 shall govern the parties' obligation to further supplement their initial disclosures.

**Infringement and Invalidity Contentions**

<u>Agreed Position:</u>   Papst shall serve its amended asserted claims and infringement contentions no later than <u>August 17, 2015</u>, in accord with Local Patent Rule 3-1 and 3-2.[2]  Any further amendment of the asserted claims and infringement contentions may be made pursuant to Local Patent Rule 3-6.

The Camera Manufacturers shall disclose their amended invalidity contentions no later than <u>October 16, 2015</u>, in accord with Local Patent Rule 3-3.  Any further amendment of the invalidity contentions may be made pursuant to Local Patent Rule 3-6.

<u>Papst's Position</u>:  Papst respectfully submits that the Northern District of California Local Patent Rules do not require a status conference following service of infringement contentions, and there is no need for one here.  The schedule proposed by Papst sets out guidance and reasonable deadlines for the litigation tasks that arise in most every federal patent case following the disclosure of infringement contentions.

The Camera Manufacturers shall produce the documents required by Local Patent Rule 3-4 by <u>October 16, 2015</u>.

<u>Camera Manufacturers' Position</u>:  Papst shall be limited to making only those amendments to its infringement contentions necessitated by the Federal Circuit's ruling in this case.

A status conference shall be held on <u>August 27, 2015, or another date at the Court's convenience,</u> to address any issues the parties may have regarding how to proceed in light of the

---

[2] All references to Local Patent Rules are to the Local Patent Rules for the Northern District of California.

amended infringement contentions.   The Camera Manufacturers request this status conference due to Papst's demonstrated practice of refusing to comply with its obligations to provide adequate infringement contentions.

To the extent that the Camera Manufacturers have not already produced copies of prior art relied upon in their invalidity contentions, the Camera Manufacturers shall produce copies of such prior art pursuant to Local Patent Rule 3-4(b).   The requirements of Local Patent Rule 3-4(a) are stayed as part of the stay of discovery.

**Disputed Claim Construction Issues**

Papst's Position: Papst respectfully submits that the parties shall identify no more than six disputed terms for construction for the Patents-in-Suit.   If the two sides cannot agree on the six disputed terms for construction, they shall identify the terms which they agree require construction or for which there is otherwise a dispute requiring the Court's resolution, and in that instance they may then evenly divide the total number of disputed terms, up to a total of three terms each. Likewise, to the extent the two new Papst patents are added via amendment to the suit, the parties shall identify no more than ten terms total (five terms each) for construction of those patents. *See, e.g.,* Local Patent Rule 4-3.

Contrary to the CMs' proposal, there is no need for a sur-reply on claim construction.   The Federal Rules and this Court's Local Rules do not ordinarily permit such a filing.   Likewise, the Patent Local Rules for the Northern District of California provide for only an opening claim-construction brief by the patent plaintiff, a responsive brief, and a reply brief.   Local Patent Rule 4-5(a)-(c).   And there is no other need for a sur-reply here, particularly when this Court and the Federal Circuit have already extensively addressed the scope and meaning of the Patents.

Camera Manufacturers' Position:  Provided that Papst is not permitted to expand the scope the case, the Camera Manufacturers make the following proposals.  If the Court entertains Papst's motion to amend the pleadings to expand the scope of the case, the Camera Manufacturers submit that the Court should hold a status conference following resolution of that motion to address claim construction proceedings.

Regarding the limits on claim terms, the Camera Manufacturers propose that the Court follow Patent Local Rule 4.  The Camera Manufacturers do not believe good cause exists to depart from the limits and procedures set forth in that rule.

Regarding briefing, the Court will recall that Papst's practice is to assert that the claim terms be given the "plain and ordinary meaning," only to offer proposed constructions for the first time on reply.  To provide an adequate opportunity to address Papst's positions, if Papst files a reply brief, the Camera Manufacturers respectfully submit that they shall be given a sur-reply claim construction brief, if necessary.

**Agreed Claim Construction Schedule**[3]

The parties shall exchange proposed terms for construction on November 6, 2015, in accord with Local Patent Rule 4-1.

The parties shall exchange preliminary claim constructions and extrinsic evidence no later than December 4, 2015, in accordance with Local Patent Rule 4-2.

The parties shall file a joint claim construction and prehearing statement no later than December 22, 2015, in accordance with Local Patent Rule 4-3, with the exception of any expert

---

[3] The Camera Manufacturers agree to this schedule only in the event that Papst is not permitted to expand the scope of the case.  If the Court entertains Papst's request to do so, the Camera Manufacturers propose a status conference following resolution of Papst's motion to amend to address the case schedule, including claim construction.

testimony that a party may proffer, which testimony shall be disclosed with each party's claim construction brief as set forth below.  In that statement, the parties shall identify the construction of those terms on which they agree.

Papst shall file its opening claim construction brief no later than February 2, 2016, in accordance with Local Patent Rule 4-5, together with any expert opinions on which it intends to rely.  If Papst relies on any expert opinions, it shall make its expert(s) available for deposition by February 16, 2016.  The Camera Manufacturers shall file their responsive claim construction brief no later than March 1, 2016, together with any expert opinions on which they intend to rely.  If the Camera Manufacturers rely on any expert opinions, they shall make their expert(s) available for deposition by March 15, 2016.  Papst shall file any reply brief, if necessary, by March 22, 2016.  In the event the Court allows a sur-reply, the Camera Manufacturers shall file their sur-reply claim construction brief no later than April 12, 2016.  The Court may hold a claim construction hearing at an available date in April or May 2016 or thereafter subject to the Court's convenience.

**Privilege Logs**

Agreed Position:  The parties need not log attorney work product and attorney client privileged materials created after the complaints were filed in their respective district court actions.  If any party's production continues after initial privilege logs were produced, then a supplemental log shall be produced within fourteen days of any additional production.  The information placed on those logs, and the procedures for challenging assertions of privilege by opposing parties shall be as set forth in the Federal Rules of Civil Procedure and this Court's Local Rules.  The deadline to disclose reliance on advice of counsel and any related disclosures shall be set at a status conference following the *Markman* ruling.

**Discovery**

Papst's Position:  Papst respectfully submits that all fact discovery shall be completed no later than May 27, 2016.  Discovery material shall not be filed with the Court unless so ordered.

Camera Manufacturers' Position:  The Camera Manufacturers propose that the Court hold a status conference following the issue of a *Markman* ruling to set deadlines for fact discovery.

**Expert Discovery**

Papst's Position:  Papst respectfully submits that Principal experts shall be designated and their reports pursuant to Fed. R. Civ. P. 26(a)(2) must be served no later than July 1, 2016; and rebuttal experts shall be designated and reports must be served no later than August 12, 2016.  The parties agree that there will be no discovery of draft expert reports.  All expert discovery shall be completed no later than September 30, 2016.

Camera Manufacturers' Position:  The Camera Manufacturers propose that the Court hold a status conference following the issue of a *Markman* ruling to set deadlines for fact and expert discovery.

**Dispositive Motions**

Papst's Position:  Papst respectfully submits that dispositive motions and/or other such motions that may require a hearing, including *Daubert* motions, shall be filed by October 7, 2016.  Responses to Dispositive Motions and any other motions that may require a hearing (including *Daubert* motions) shall be filed by November 4, 2016.  Replies to those motions shall be filed by December 2, 2016.

Camera Manufacturers' Position:  The Camera Manufacturers propose that the Court hold a status conference following the issue of a *Markman* ruling to set deadlines for dispositive motions.

**Miscellaneous**

<u>Agreed Position</u>:  Counsel are expected to conduct themselves in a civil, polite, and professional manner at all times, particularly during discovery.  Counsel are referred to LCvR 26.2 and expected to conform fully with its directives.  Moreover, counsel are required, under both Fed. R. Civ. P. 26(f) and LCvR 7.1(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention.  In the event that counsel are unable to resolve a dispute, counsel shall contact chambers to arrange for a telephone conference with the Court. Counsel shall not file discovery motions without a prior telephone conference with the Court and opposing counsel.

Counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, e.g., mediation or neutral evaluation, is encouraged and available by request of the Court at any time, as is a settlement conference before a Magistrate Judge.  If the case settles, in whole or in part, Plaintiff's counsel shall advise this Court by promptly filing a stipulation.

This schedule shall not be modified, even where all parties consent, except upon a showing of good cause and by leave of the Court. See Fed. R. Civ. P. 16(b); LCvR 16.4(b).

Date: May 1, 2015                     Respectfully submitted,


/s/ Alan M. Fisch
Alan M. Fisch (DC-453068)
*alan.fisch@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Eighth Floor
Washington, DC  20015
Telephone: (202) 362-3500
Facsimile: (202) 362-3501

*Attorney for Papst Licensing GmbH & Co. KG.*

/s/ Rachel M. Capoccia
Rachel M. Capoccia
ALSTON & BIRD LLP
333 South Hope Street
16th Floor
Los Angeles, California 90071
(213) 576-1037

*Attorneys for Panasonic Corporation (formerly known as Matsushita Electric Industrial Co., Ltd.), Victor Company of Japan, Ltd., Panasonic Corporation of North America, and JVC Company of America*


/s/ Steven J. Routh
Steven J. Routh
Sten A. Jensen
John R. Inge
T. Vann Pearce, Jr.
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, DC 20005
(202) 339-8400

*Attorneys for Appellees FUJIFILM Corporation and FUJIFILM North America Corporation*

/s/ Patrick J. Kelleher
Patrick J. Kelleher
DRINKER BIDDLE & REATH LLP
191 North Wacker Drive
Suite 3700
Chicago, IL 60606-1698
(312) 569-1375

*Attorneys for Samsung Techwin Co., Ltd. And Samsung Opto-Electronics America, Inc.*

/s/ David L. Witcoff
David L. Witcoff
Marc S. Blackman
JONES DAY
77 W. Wacker Drive
Chicago, Illinois 60601
(312) 782-3939

*Attorneys for Nikon Corporation and Nikon Inc.*

/s/ Richard de Bodo
Richard de Bodo
Andrew V. Devkar
MORGAN, LEWIS & BOCKIUS LLP
The Water Garden
Suite 2050 North
1601 Cloverfield Boulevard
Santa Monica, CA 90404-4082
(310) 255-9070

*Attorneys for Olympus Corporation and Olympus Imaging America Inc.*

/s/ Charlene M. Morrow
Charlene M. Morrow
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
cmorrow@fenwick.com
(650) 988-8500

Attorneys for Hewlett-Packard Company

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Clerk of the Court for the District of Columbia and served on all counsel of record via the CM/ECF system on May 1, 2015.

By: */s/ Alan M. Fisch*