UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE PAPST LICENSING GMBH & CO. KG PATENT LITIGATION** | **Misc. Action No. 07-493 (RMC)** |
| | **MDL No. 1880** |
| **The Document Relates To:** ALL CASES | |

**EIGHTH PRACTICE AND PROCEDURE ORDER**

For the purpose of this multi-district litigation, Papst Licensing GmbH & Co. KG (Papst) will be treated as the plaintiff and all other parties (the Camera Manufacturers or CMs) will be treated as the defendants.

**1. Use of the Patent Local Rules of the Northern District of California**

The parties agree that the Local Patent Rules for the Northern District of California (Local Patent Rules) shall apply with time period modifications or other modifications as ordered by this Court.[1]

**2. Amendment of Pleadings**

Any amendment of pleadings shall only be made by stipulation of all parties or by leave of Court, granted on a properly noticed motion. *See* Second Practice & Procedure Order (2d PPO) [Dkt. 36] ¶ 19. Papst shall file a motion to amend the complaint, with an attached

---

[1] The parties' agreements set forth here are derived from their Joint Proposed Scheduling Order [Dkt. 585] and from the parties' representations made at the status conference held on May 15, 2015.

proposed amended complaint, no later than June 15, 2015. CMs shall file a response by July 13, 2015, and Papst may reply by July 29, 2015.

Following the Court's decision on the motion to amend, a further schedule will be set.

### 3. Stay of the Second Wave Camera Manufacturers

The cases against the Second Wave manufacturers remain **STAYED**.[2]

### 4. Stay of Fact Discovery and Bifurcation

Given the complexity of this case, including the number of parties and wide range of products at issue, the issues of liability and damages will remain **BIFURCATED** for discovery and for trial, and thus discovery on the issues of damages and willfulness remains **STAYED** pending a determination of liability. *See* 2d PPO ¶ 22.

Only discovery relating to claim construction shall take place prior to the claim construction hearing (and after the Court's ruling on Papst's motion to amend the complaint). After the claim construction ruling, a schedule will be set regarding discovery on liability.

### 5. Interrogatories, Requests for Production, and Requests for Admission

When discovery commences, each party will continue to be limited to a maximum of twenty-five interrogatories, twenty-five requests for production, and twenty-five requests for

---

[2] This Multi District Litigation currently consists of First and Second Wave Cases. The First Wave Cases are: *Fujifilm Corp. v. Papst*, 07-cv-1118; *Matsushita Elec. Indus. Co., Ltd. v. Papst*, 07-cv-1222; *Papst v. Olympus Corp.*, 07-cv-2086; *Papst v. Samsung Techwin Co.*, 07-cv-2088; *Hewlett-Packard Co. v. Papst*, 08-cv-865; and *Papst v. Nikon Corp.*, 08-cv-985. The Second Wave Cases currently are: *Papst v. Canon*, 08-cv-1406 and *Papst v. Sanyo*, 09-cv-530. The Camera Manufacturers who are parties to the First Wave Cases (sometimes referred to as the First Wave Camera Manufacturers) are: Fujifilm Corporation; Fujifilm U.S.A., Inc.; Fujifilm Japan; Panasonic Corporation (f/k/a as Matsushita Electric Industrial Co., Ltd.); Victor Company of Japan, Ltd.; Olympus Corporation; Olympus Imaging America Inc.; Samsung Techwin Co., Ltd.; Samsung Opto-Electronics America, Inc.; Panasonic Corporation of North America; JVC Company of America; Hewlett-Packard Company (HP); Nikon Corporation; and Nikon, Inc. The Second Wave Camera Manufacturers are Canon, Inc. and Canon USA, Inc. and Sanyo Electric Co., Ltd. and Sanyo North America Corporation.

admission against an opposing party, including discrete subparts.[3] Responses to all interrogatories shall be made thirty (30) days after service. The Camera Manufacturers shall serve joint requests upon Papst to the extent possible and each of those joint requests shall count against each of the Camera Manufacturers' limits. Papst also shall serve joint requests upon the Camera Manufacturers to the extent possible, and each of those shall count against Papst's request limit for each individual Camera Manufacturer.

### 6. Depositions

Papst is limited to a maximum of five depositions of each Camera Manufacturer and their officers, directors, and employees. For the purpose of this limitation on depositions, a foreign corporation Camera Manufacturer together with its U.S. subsidiary is deemed to be a single entity (such as Panasonic Corporation and Panasonic Corporation of North America).

Unless agreed to by the parties or ordered by the Court, no individual or entity shall be deposed in this action more than one time (except for Michael Tasler, as noted below). The Camera Manufacturers shall appoint a lead counsel for each deposition. Counsel for each Camera Manufacturer may participate in the deposition, but shall not duplicate questions already asked of the deponent.

Unless agreed to by the parties or ordered by the Court, depositions of party representatives shall take place in Washington, D.C., except that representatives of corporations located in Japan or Korea who are traveling to the U.S. for depositions may be deposed in Washington, D.C., on the West Coast, or in Chicago, Illinois, at their option. For all depositions, the court reporter of the taking party's choosing will administer the oath to the witness. For depositions using an

---

[3] For clarification, the parties' previously served discovery count towards these discovery limits. The duty to supplement shall be applicable to those previously served discovery requests.

interpreter, time will be measured using a 1.5x multiplier. For example, the 7 hour time limit will be increased to 10.5 hours for depositions with an interpreter.

The Camera Manufacturers shall be entitled to take 10 depositions of Papst and its officers, directors, and employees. 2d PPO ¶ 5. Methods of taking foreign depositions shall comply with U.S. treaties on foreign discovery and other requirements of foreign law.

Papst shall make Michael Tasler available in the United States for further deposition on claim construction during the claim construction discovery period and shall make him available for a deposition on infringement and invalidity issues during the fact discovery period on non-claim construction issues. Papst shall bear the cost of producing Mr. Tasler for the claim construction deposition, but the Camera Manufacturers shall bear the cost of the reporter.

**7. Document Production**

The parties shall produce or serve, as applicable, documents, excluding large appendices, on each other by email. Documents will be produced or served in searchable PDF format except for any discovery documents requiring a response (for example, but not limited to, discovery requests) which will be served in both PDF and word format. Any large appendices will be sent overnight for next day delivery. Computation of time will be governed by Federal Rules of Civil Procedure 5 and 6.

Discovery of electronically stored information shall be governed by the Federal Rules of Civil Procedure and this Court's Local Rules. If additional procedures are needed or employed, then the parties can meet and confer to establish appropriate procedures. If the parties are unable to agree to the particulars, the parties shall address the issue to the Court by scheduling a telephone conference.

The parties shall produce electronically stored information as it is kept in the usual

course of business, or as otherwise agreed between the parties.   To the extent that either party wishes to bear the financial burdens associated with the production in a particular format (such as, for example, TIFF) the producing party shall produce its electronically stored information in the format requested by the requesting party upon receipt of payment of the estimated costs of production in the requested format.

**8. Other Dates**

No later than June 1, 2015, the parties shall file a joint proposed schedule for concise briefing on the issue of whether the requirements of Local Patent Rule 3-4(a) should be stayed.[4]

A status conference will be held on September 11, 2015 at 10:00 a.m. and at that time deadlines may be set for:

a. supplemental initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1);

b. Papst's amended asserted claims and infringement contentions, in accord with Local Patent Rule 3-1 and 3-2;

c. The Camera Manufacturers' amended invalidity contentions, in accord with Local Patent Rule 3-3;[5]

d. The Camera Manufacturers' production of documents required by Local Patent Rule 3-4(a) & (b), unless the Court determines that the requirements of Local Patent Rule 3-4(a) are stayed as part of the stay of discovery.

---

[4] Local Patent Rule 3-4(a) provides that a party opposing a claim of infringement shall produce or make available for inspection and copying "[s]ource code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements" of an accused product.

[5] Any further amendment of the asserted claims and infringement contentions and of the invalidity contentions may be made pursuant to Local Patent Rule 3-6.

**9. Disputed Claim Construction Issues**

A status conference will be scheduled to determine the disputed terms for claim construction and to set a schedule for fact and expert discovery for claim construction.

The Court will permit a surreply in claim construction briefing.

**10. Privilege Logs**

The parties need not log attorney work product and attorney client privileged materials created after the complaints were filed in their respective district court actions. If any party's production continues after initial privilege logs were produced, then a supplemental log shall be produced within fourteen days of any additional production.  The information placed on those logs and the procedures for challenging assertions of privilege by opposing parties shall be as set forth in the Federal Rules of Civil Procedure and this Court's Local Rules.

The deadline to disclose reliance on advice of counsel and any related disclosures shall be set at a status conference following the *Markman* ruling.

**11. Discovery**

A status conference will be held after claim construction for the purpose of setting deadlines for fact and expert discovery on liability and for dispositive motions.

**12. Miscellaneous**

Counsel are expected to conduct themselves in a civil, polite, and professional manner at all times, particularly during discovery.  Counsel are referred to LCvR 26.2 and expected to conform fully with its directives.  Moreover, counsel are required, under both Fed. R. Civ. P. 26(f) and LCvR 7.1(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention.  In the event that counsel are unable to resolve a dispute, counsel shall contact chambers to arrange for a telephone conference with the Court.

Counsel shall not file discovery motions without a prior telephone conference with the Court and opposing counsel.

Counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, e.g., mediation or neutral evaluation, is encouraged and available by request of the Court at any time, as is a settlement conference before a Magistrate Judge. If the case settles, in whole or in part, Plaintiff's counsel shall advise this Court by promptly filing a stipulation.

The schedule shall not be modified, even where all parties consent, except upon a showing of good cause and by leave of the Court. *See* Fed. R. Civ. P. 16(b); LCvR 16.4(b).


Date:  May 18, 2015                                           /s/
                                                                  ROSEMARY M. COLLYER
                                                                  United States District Judge