UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. KG PATENT LITIGATION | Misc. Action No. 07-493 (RMC) |
| | MDL No. 1880 |
| The Document Relates To:<br><br>ALL CASES | |

**PAPST'S OPPOSITION TO CAMERA MANUFACTURERS' MOTION TO RESCHEDULE STATUS CONFERENCE SET FOR SEPTEMBER 11, 2015**

Plaintiff Papst Licensing GmbH & Co. KG ("Papst") respectfully requests that the Court deny Camera Manufacturers' Motion to Reschedule Status Conference Set For September 11, 2015 (D.I. 602). The September 11, 2015 status conference will facilitate resolving Papst's infringement claims concerning U.S. Patent Nos. 6,470,399 (the "'399 patent") and 6,895,449 (the "'449 patent"). This centralized action has been pending for several years and there is no cause to delay it further because (1) the pending motion practice before the JPML Panel will have *no effect* on the current action that concerns the '399 and '449 patents and (2) the camera manufacturers underestimate the amount of time it will take the Panel to resolve the centralization issues before it, and thus the potential for undue, prejudicial delay.

**BACKGROUND**

On June 15, 2015, in consideration of this Court's direction at the May 15, 2015 status conference and to quickly and efficiently resolve Papst's infringement claims concerning the '399 and '449 patents. Papst declined to move to amend its complaints in this Court against the

1

Camera Manufacturers to assert U.S. Patent Nos. 8,504,746 (the "'746 patent") and 8,966,144 (the "'144 patent"). (D.I. 596.) Instead, Papst opted to proceed with the '746 and '144 patents in separate actions in the District of Delaware. Notwithstanding that Papst's complaints in Delaware named different products[1] as infringing different patents than in this case, the moving Camera Manufacturers filed notices of potential tag-along actions with the Joint Panel On Multidistrict Litigation ("JPML" or "the Panel"). (D.I. 598)  As a result, the Panel entered a conditional transfer order (CTO-6) transferring Papst's Delaware cases to this Court. (D.I. 602, Ex. 1.)  The moving Camera Manufacturers oppose Papst's motion to vacate that Conditional Transfer Order.

## ARGUMENT

### I.  The Delaware and DC Actions Should Proceed In Parallel

There is no cause to reschedule the September 11, 2015, status conference.  The moving Camera Manufacturers assert that rescheduling would promote judicial economy because "the addition of the Delaware actions … will likely affect the parties' respective positions on the scheduling of further proceedings in this MDL and will require the Court to consider additional scheduling issues that cannot be fully addressed in advance of the JPML's resolution of Papst's motion." (D.I. 602 at 3.)  But the Court was clear at the May 15, 2015, status conference that the first order of business will be re-construing the claims of the '399 and '449 patents in view of the Federal Circuit's opinion.  (5/15/2015 Hr'g. Tr. at 10:13-15.)  And any JPML decision on the Delaware cases will not affect the Court's schedule (or Papst's scheduling proposal) as to the current '399 and '449 patent actions.

---

[1] Nikon's D3X camera is the sole product specifically named in both Papst's infringement contentions in this Court and in Papst's Delaware complaints.

For example, the possible transfer of the '144 and '746 patents will have no effect on the *Markman* briefing for the '399 and '449 patents. The Court and the parties have already spent considerable effort in construing claim terms in the '399 and '449 patents. Any additional claim construction briefing and hearing on those patents may proceed immediately and need not involve the '144 and '746 patents, which have different claims and must be construed independently in any event. *See AK Steel Corp. v. Sollac*, 344 F.3d 1234, 1243 (Fed. Cir. 2003) ("we have interpreted differently two similar claims supported by the same specification"). If the Panel centralizes Papst's Delaware cases in this Court, proceedings concerning the '399 and '449 patents can proceed in parallel and on a separate schedule from discovery and claim construction for the '144 and '746 patents. *See In re Pfizer Inc. Secs., Derivative & ERISA Litig.*, 374 F. Supp. 2d 1348, 1350 (J.P.M.L. 2005) (noting that the transferee judge in an MDL "remains free to establish separate tracks for discovery and motion practice in any constituent MDL–1688 action or actions, whenever he concludes that such an approach is appropriate"); *In re: Bank of Am. Corp. Secs., Derivative & Emp. Ret. Income. Sec. Act. (ERISA) Litig.*, 626 F. Supp. 2d 1327, 1327 (J.P.M.L. 2009) ("[W]e leave the degree of any coordination or consolidation to the discretion of the transferee judge."). And if the Panel does not centralize Papst's Delaware cases, then the Court will have avoided unnecessary delay of its own docket by going forward with the actions it already has.

**II.     Waiting For A JPML Decision Will Unjustifiably Delay This Case**

As the moving Camera Manufacturers note, (D.I. 602 at 2 n.3), the JPML has also recently entered a separate conditional transfer order (CTO-7) relating to the cases pending between Papst and Hewlett-Packard Company ("HP"). Papst filed a case in Delaware concerning HP's infringement of the '144 patent; HP filed a declaratory judgment action in

Northern California concerning the '746 and '144 patents.  (*Id.* Ex. 3.)  Both Papst and Hewlett-Packard oppose centralization of those cases and have filed Notices of Opposition with the Panel.  (Ex. A, B)  Papst's motion to vacate CTO-7 is not due until September 8, 2015, HP's motion is due on September 11, and any oppositions are due on October 2, 2015 — after the Panel's October 1 session.  (Ex. C, D.)  It is thus possible (if not likely) that the Panel will take up and decide all the pending motions—for both CTO-6 and CTO-7—at the same time, not in October, but at its December 3, 2015, session.  Thus, the Camera Manufacturers underestimate the delay incurred in waiting for the Panel to decide whether to centralize the Delaware Actions.  And, as discussed above, there is no need to wait for any such decision to schedule claim construction, discovery, and trial on the '399 and '449 patents.

      In sum, there is no cause to further delay this case, and the Court's September 11, 2015, status conference should go forward.

Date:  August 28, 2015                                    Respectfully submitted,

/s/ Jonas R. McDavit
John M. Desmarais
Jonas R. McDavit (admitted *pro hac vice*)
jmcdavit@desmaraisllp.com
Richard M. Cowell (admitted *pro hac vice*)
rcowell@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, New York 10169
(212) 351-3400

*Attorneys for Papst Licensing GmbH & Co. KG.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the Clerk of the Court for the District of Columbia and served on all counsel of record via the CM/ECF system on August 28, 2015.

By: /s/ Jonas R. McDavit